1  Peter M. Gilhuly (CA Bar No. 151516)
   peter.gilhuly@lw.com
2  Kimberly A. Posin (CA Bar No. 223091)
   kim.posin@lw.com
3  Ted A. Dillman (CA Bar No. 258499)
   ted.dillman@lw.com
4  LATHAM & WATKINS LLP
   355 South Grand Avenue
5  Los Angeles, CA 91107-1560
   Telephone: (213) 485-1234
6  Facsimile: (213) 891-8763

7  Counsel to Howrey LLP

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>Howrey LLP,<br><br>            Debtor. | Case No. 11-31376-DM<br><br>(Involuntary Chapter 7)<br><br>**DECLARATION OF ROBERT RUYAK IN SUPPORT OF HOWREY LLP'S MOTION TO DISMISS INVOLUNTARY PETITION OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**<br><br>Hearing Date:  June 8, 2011<br>Time:  9:30 a.m.<br>Place:  Courtroom 22<br>      235 Pine Street, 19th Floor<br>      San Francisco, CA 94104<br>Judge:  Hon. Dennis Montali |

I, Robert Ruyak, declare as follows:

      1.    I am one of five members of the Dissolution Committee of Howrey LLP. I have been employed by Howrey since 1976. Prior to Howrey's dissolution on March 15, 2011, I was Howrey's Managing Partner and served in that role since January 1, 2000. I am familiar with Howrey's day-to-day operations, financial condition, business affairs and books and records.

2. I submit this Declaration in support of *Howrey LLP's Motion to Dismiss Involuntary Petition Or, In the Alternative, To Transfer Venue* (the "Motion").

3. Except as otherwise set forth herein, all statements in this Declaration are based on my personal knowledge, my familiarity with Howrey's books and records, my review of relevant documents, and/or information provided to me by other Howrey employees. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

4. Howrey is a limited liability partnership organized under the laws of the District of Columbia. A substantial amount of Howrey's electronic data has historically been kept and maintained in its District of Columbia office and at adjacent facilities in Falls Church and Ashburn, Virginia and its books and records have historically been maintained at its District of Columbia office.

5. In 1956, Howrey opened an office in the District of Columbia for the purpose of practicing law. At inception, the District of Columbia office employed four attorneys plus support staff. Over subsequent years, Howrey opened legal and support offices in Chicago, Illinois; Houston, Texas; Irvine, San Francisco, and Los Angeles, California; Silicon Valley in California; Falls Church, Virginia; New York, New York; Salt Lake City, Utah; and eight international offices in Amsterdam, Brussels, Dusseldorf, London, Madrid, Munich, Paris, and Taiwan.

6. During the 180 days prior to April 11, 2011, the number of employees and partners that were employed in Howrey's District of Columbia office, including employees of Howrey's subsidiary, CapAnalysis Group, LLC, was approximately 550 (almost 42% of the total number of worldwide employees and partners) and included Howrey's Managing Partner, Chief Executive Officer, Chief Human Resources Officer, Chief Financial Officer, Chief Administrative Officer, and Chief Information Officer. Howrey's adjacent Northern Virginia office, at its peak during this period, employed 62 employees and housed Howrey's Capital Litigation Support division, which, at one time, employed 130 staff attorneys, timekeepers and administrative staff and as many as 300 contract attorneys operating one of the largest legal document review centers in the United States. In total, Howrey and CapAnalysis employed

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

approximately 1,312 employees and partners worldwide during this time period.

7. CapAnalysis, which also maintained its principal office in the District of Columbia, consisted of recognized professionals in their fields who provided in-depth financial, accounting, economic, environmental, and litigation consulting services to Howrey's attorneys and clients.

8. The most employees and partners employed during the period 180 days prior to April 11 at Howrey's San Francisco office peaked at 89 and the Palo Alto office at 82. Although approximately 43 Howrey partners were resident in these offices, no major firm business decisions were made in Northern California nor was any significant firm operational or management related documentation maintained there.

9. Howrey's offices in the District of Columbia contained more of Howrey's physical assets, including furniture, artwork, computers, hardware, software, peripherals, client files and library materials, than any other office location. Howrey's main domestic data center and many of its servers, which contained Howrey's operational and certain client/case information, including the SAP financial system, e-mail, Capital Litigation Support, file shares and Sharepoint, historically has been located in facilities in adjacent Northern Virginia.

10. During the 180 days prior to April 11, Howrey's offices and facilities in the Washington Metropolitan Area served as Howrey's headquarters. All global IT, global records management and global purchasing and sourcing functions were performed there and Howrey's key administrative functions, including accounting, human resources and benefits, technology, knowledge services, client services, practice operations, professional development and training, associate evaluations and compensation, secretarial administration, the paralegal program, docketing, marketing communications, records management, recruiting, word processing, conflicts and public relations, were carried on in the District of Columbia office.

11. The District of Columbia office was also the location where Executive Committee meetings were held and Howrey's major firm business decisions were made regarding strategic planning, lateral growth and mergers, business development, conflicts and attorney programs.

12. I believe that many if not most of Howrey's significant trade creditors maintain offices in or around the Washington Metropolitan Area or on the East Coast, including its secured creditor, Citibank, N.A. ("Citibank"), which is located in New York.

13. As the result of a significant decline in profits beginning in 2009 and the departure of approximately 30% of Howrey's partners in 2010, Howrey's remaining partners voted to dissolve the partnership effective March 15, 2011. Since that time, a Dissolution Committee has formed and all of Howrey's employees have left to pursue other employment opportunities or were terminated with the exception of approximately 68 employees who have remained to assist in the wind down of Howrey's operations. The Dissolution Committee and the remaining employees have been focused on the winding up of Howrey's affairs, including engaging in negotiations with Citibank, which is owed approximately $50 million, managing Howrey's remaining assets, transferring client files and information, and collecting accounts receivable. The Dissolution Committee, with the support of Citibank, made the considered decision to proceed with an out-of-court wind down of its operations in the short term so as to preserve as much value as possible for all of its creditors.

14. However, on April 11, 2011, an involuntary chapter 7 petition was filed against Howrey. Although the Dissolution Committee previously determined that an out-of-court dissolution process was in the best interests of all of its creditors and stakeholders in the short term while Howrey efficiently paid down its secured debt, in light of the filing of the involuntary petition, Howrey intends to file a voluntary chapter 11 petition in the Washington Metropolitan Area, where venue is proper, within the next few weeks.

15. Today, Howrey maintains a single office in the District of Columbia where most of its remaining personal property and other major assets, other than its servers, which remain in nearby Northern Virginia, are located. In addition, Howrey anticipates that significant contingency fees may arise out of litigation and other matters, which are being coordinated from Howrey's District of Columbia office. Howrey's only assets in Northern California, prior to March 15, 2011, were fixtures, furniture and equipment required to facilitate

///

1    the provision of legal services from Howrey's Northern California offices. Howrey currently
2    maintains no assets and no employees in Northern California.

3          16.    As of the filing of this Motion, attorneys' fees and costs expended in
4 researching and preparing this Motion totaled in excess of $40,000. Howrey requests that, if its
5 request for dismissal of the involuntary petition is granted, it be granted judgment against the
6 petitioners in this amount plus any additional attorneys' fees and costs incurred by Howrey
7 related to the involuntary petition up to the date that a final order dismissing the case is granted.

8          I declare under penalty of perjury under the laws of the United States that the
9 foregoing is true and correct.

10          Executed this 3rd day of May, 2011 in Washington, D.C.

                                 *[signature]*
                                 Robert Ruyak

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES
LA\2250894.6

5

DECLARATION OF ROBERT RUYAK ISO MOTION TO DISMISS INVOLUNTARY PETITION OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Case: 11-31376    Doc# 14    Filed: 05/03/11    Entered: 05/03/11 12:39:43    Page 5 of 5