1  WILLIAM MCGRANE [057761]
   CHRISTOPHER D. SULLIVAN [148083]
2  MAUREEN A. HARRINGTON [194606]
   KENNETH A. BRUNETTI [156164]
3  TREPEL McGRANE GREENFIELD LLP
   150 California Street, Suite 2200
4  San Francisco CA 94111
   Telephone:  (415) 283-1776
5  Facsimile:  (415) 283-1777
   Email:      wmcgrane@tmcglaw.com
6
   Attorneys for Petitioning Creditors Give
7  Something Back Inc., Jan Brown & Associates,
   Matura Farrington Staffing Services, Inc., Western
8  Messenger Service, Inc., L.A. Best Photocopies, Inc.,
   Kent Daniels and Associates, Inc. and
9  Advanced Discovery LLC

10              UNITED STATES BANKRUPTCY COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 11-31376 |
| HOWREY LLP, aka HOWREY SIMON ARNOLD & WHITE LLP, | Chapter 7 |
| Debtor. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONING CREDITORS' MOTION FOR SUMMARY JUDGMENT AGAINST HOWREY LLP |
| | Date: Wednesday, June 8, 2011<br>Time: 9:30 PM<br>Place: Honorable Dennis Montali<br>235 Pine Street, 22nd Floor<br>San Francisco, CA 94104 |

Memorandum of Points and Authorities in Support of Petitioning Creditors' Motion for Summary Judgment Against Howrey LLP

Case: 11-31376   Doc# 22   Filed: 05/06/11   Entered: 05/06/11 18:31:07   Page 1 of 11

QUICK REVIEW

Give Something Back Inc., Jan Brown & Associates, and Matura Farrington Staffing Services, Inc., filed an Involuntary Petition on April 11, 2011 against Howrey LLP (Howrey). These original petitioning creditors were later joined by creditors Western Messenger Service, Inc., L.A. Best Photocopies, Inc., Kent Daniels and Associates, Inc. and Advanced Discovery LLC.[1]

On May 3, 2011, Howrey filed Docket No. 15. Docket No. 15 consists of Howrey's Motion to Dismiss Involuntary Petition or, In the Alternative, to Transfer Venue. The grounds for dismissal asserted by Howrey in Docket No. 15 are that the Northern District of California is an entirely improper district as that term is used in Rule 1014(a)(2), Federal Rules of Bankruptcy Procedure (Rule1014(a)(2)). This is in contrast to the situation which would have obtained had Howrey conceded the Northern District of California was a proper district and then moved for a change of venue based on a claim that the Northern District of California constitutes a forum non conveniens under Rule 1014(a)(1), Federal Rules of Bankruptcy Procedure (Rule1014(a)(1)). That alternative procedural option is one Howrey chose not to take advantage of.[2]

---

[1] Give Something Back Inc., Jan Brown & Associates, Matura Farrington Staffing Services, Inc., Western Messenger Service, Inc., L.A. Best Photocopies, Inc., Kent Daniels and Associates, Inc. and Advanced Discovery LLC are all hereafter collectively referred to as the Petitioning Creditors.

[2] Petitioning Creditors note that, other than seeking dismissal under Rule 1014(a)(2), Howrey in no way otherwise contests any of the allegations of the Involuntary Petition (Docket No. 1). By separate motion (Docket Nos. 16-17), the Petitioning Creditors have sought a continuance of the June 8, 2011 hearing on Docket No. 15 in order to conduct discovery on any forum non conveniens

1
Memorandum of Points and Authorities in Support of Petitioning Creditors' Motion for Partial Summary Judgment Against Howrey LLP

Case: 11-31376   Doc# 22   Filed: 05/06/11   Entered: 05/06/11 18:31:07   Page 2 of 11

Since, as a matter of law under 28 United States Code section 1408, a debtor's so-called principal assets can be located in more than one district—such that the Northern District of California is indisputably a proper district under Rule 1014(a)(1)—the Petitioning Creditors hereby request a summary judgment in the form of an immediate entry of an order for relief so as to cut short the gap period and thereby bring this bankrupt debtor under the full supervision of the Bankruptcy Court.

## FACTUAL BACKGROUND

Petitioning creditors adopt the following facts as stated in Docket No. 15:

Howrey is a limited liability partnership organized under the laws of the District of Columbia. (Docket No. 15 at 2.) On April 11, 2011 (Petition Date), Howrey was made the subject of an involuntary Chapter 7 bankruptcy petition. (Docket No. 15 at 5.) In the years prior to the Petition Date, Howrey operated its business out of various law offices worldwide, including the District of Columbia, Chicago, Houston, Irvine, San Francisco, Los Angeles, East Palo Alto, Cupertino, Falls Church, New York City, Salt Lake City, Amsterdam, Brussels, Dusseldorf, London, Madrid, Munich, Paris and Taipei. (Docket No. 15 at 1-3.)

Petitioning Creditors submit the following additional facts:

Howrey advertised itself over the internet as a premier anti-trust and intellectual property litigation firm. (Exhibit 1 to Declaration of Gavin McGrane [McGrane Decl.] filed herewith.) A study derived from (i) a Lexis Report concerning Howrey's participation as counsel in litigation pending in various

---

arguments that the Bankruptcy Court then chooses to entertain following its entry of an order for relief.

2
Memorandum of Points and Authorities in Support of Petitioning Creditors' Motion for Partial Summary Judgment Against Howrey LLP

Case: 11-31376   Doc# 22   Filed: 05/06/11   Entered: 05/06/11 18:31:07   Page 3 of 11

federal courts between January 1, 2009 and March 15, 2011 (the date Howrey formally dissolved) (Exhibit 2 to McGrane Decl.); (ii) the 2010 Martindale Hubbell listings for Howrey (Exhibit 3 to McGrane Decl.); and (iii) an "Attorney Search" website maintained by the California State Bar (Exhibit 4 to McGrane Decl.); (iv) shows that 33.11% of all Howrey partners were Members of the State Bar of California; and (v) further shows that 34.18% of all Howrey lawyers were Members of the State Bar of California. (See Exhibit 5 to McGrane Decl.)

A separate study derived from the same data base as is contained at Exhibit 2 to McGrane Decl. shows fully 19% of Howrey's litigation clients have their headquarters in the Northern District of California. This is by far the highest Howrey book of litigation business percentage of any federal district in the United States, with the Central District of California at 7% coming in second and the Eastern District of Virginia (3.5%) plus the District of Columbia (3%), even considered collectively, only coming in a distant third at 6.5%. (See Exhibit 6 to McGrane Decl.)

## STANDARD FOR SUMMARY JUDGMENT

Rule 56, Federal Rules of Civil Procedure (made applicable herein under Rule 7056, Federal Rules of Bankruptcy Procedure) provides:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56

3
Memorandum of Points and Authorities in Support of Petitioning Creditors' Motion for Partial Summary Judgment Against Howrey LLP

Case: 11-31376   Doc# 22   Filed: 05/06/11   Entered: 05/06/11 18:31:07   Page 4 of 11

The language of Rule 56 cited above is relatively new. It is based on the 2010 Summary Judgment Amendments and became effective on December 1, 2010. The amendments constitute the "most extensive revision since [the rule] was first adopted in 1938." S. Baicker-McKee, FEDERAL CIVIL RULES HANDBOOK 2011, 1090 (West 2010). However, while the change in the language of the statute are extensive, the standards for granting summary judgment have not changed. As the Author's Commentary explains:

> Rule 56 is revised to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movants be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases. . . . Subdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word – genuine "issue" becomes genuine "dispute." "Dispute" better reflects the focus of a summary judgment determination.

Fed. R. Civ. P. 56 Notes of Advisory Committee on 2010 amendments.

There is no genuine "dispute" as to any material fact "if the party opposing the motion 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *In re Brobeck, Phleger & Harrison LLP*, 408 B.R. 318, 331 (Bankr. N.D. Cal. 2009) (*quoting Celotex Corp. Catrett*, 477 U.S. 317, 322 (1986)).

4

Memorandum of Points and Authorities in Support of Petitioning Creditors' Motion for Partial Summary Judgment Against Howrey LLP

Case: 11-31376   Doc# 22   Filed: 05/06/11   Entered: 05/06/11 18:31:07   Page 5 of 11

The 2010 amendments also make clear that partial summary judgment as to a particular claim or portion of a claim is permitted. "The first sentence is added to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim or defense or part of a claim or defense." *Id.*

## ARGUMENT

### A. Summary Judgment Is Appropriate Here.

Summary judgment is appropriate in the context of proceedings contesting the filing of an involuntary bankruptcy petition. Fed. R. Bankr. P. 1018 (incorporating Rule 7056). *Crown Heights Jewish Community Council v. Fischer (In re Fischer)*, 202 B.R. 341, 345 (E.D.N.Y. 1996).

### B. As a Matter of Law, Venue Under 28 U.S.C. § 1408 May Lie in More than One District Generally.

The venue provisions for bankruptcy cases are found at 28 U.S.C. § 1408, which provides, in pertinent part:

> [A] case under title 11 may be commenced in the district court [meaning Bankruptcy Court] for the district:
> in which the [i] ***domicile***, [ii] ***residence***, [iii] ***principal place of business in the United States***, or [iv] ***principal assets in the United States***, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement . . . [28 USC 1408 (emphasis added)].

The various tests for venue are alternative in nature and only one must be satisfied in order to establish that venue is appropriate. See *In re Cole*, 2008 Bankr. LEXIS 2038, *4 (Bankr. N.D. Tex. 2008); *In re Shelton*, 2001 Bankr. LEXIS 2213, *12-13 (Bankr. D. Idaho 2001). Because the tests are in the alternative, "venue may properly lie in more than one district." *In re Washington,*

5
Memorandum of Points and Authorities in Support of Petitioning Creditors' Motion for Partial Summary Judgment Against Howrey LLP

Case: 11-31376   Doc# 22   Filed: 05/06/11   Entered: 05/06/11 18:31:07   Page 6 of 11

*Perito & Dubuc*, 154 B.R. 853, 859 (Bankr. S.D.N.Y. 1993).

### C. Venue Based on the Location of a Debtor's "Principal Assets" Is Not Confined to a Single Location.

The term "principal assets" is not defined in the Bankruptcy Code. *Shelton*, 2001 Bankr. LEXIS at 2213, at *19. In *Shelton*, the court noted that as defined by Black's Law Dictionary, the term "principal" means "[c]hief; leading; most important or considerable; primary …." *Id.* Based on that definition, the Bankruptcy Court in *Shelton* found certain individual debtors' "principal assets" were located where the "majority" of those individual debtors' assets were present. *Id.* The *Shelton* court rejected the notion that a particular asset, though not itself constituting the majority of an individual debtor's assets might still be considered a "principal asset." *Id.* at n.15.

Relying on *Shelton*, Howrey argues that the location of its "principal assets" can only be in what it calls the Washington Metropolitan Area because that is where Howrey says it "believes" a majority of the firm's assets are located. Docket No. 15 at 7-8.

The problem with the Bankruptcy Court's relying on the *Shelton* test, however, is that, if the Shelton "majority of assets" test is applied too stringently to the facts here then there is very likely not even one single federal district in which the majority of Howrey's assets may be said to be located.[3]

---

[3] Howrey appears to concede that its principal assets may exist in more than one federal district when it describes both the District of Columbia and the Eastern District of Virginia as each constituting proper venues on account of the location of principal assets in each of those places. Docket No. 15 at 7:12-13.

6

Memorandum of Points and Authorities in Support of Petitioning Creditors' Motion for Partial Summary Judgment Against Howrey LLP

Case: 11-31376   Doc# 22   Filed: 05/06/11   Entered: 05/06/11 18:31:07   Page 7 of 11

*Shelton*, however, was a minor bankruptcy case involving only individual debtors where it was easy to determine the amount and location of their small amount of assets. The *Shelton* "majority of assets" test, therefore, should not be be applied in a complicated business case where there are multiple law offices; hundreds of former law partners; and extensive assets, including hundreds of millions of dollars in accounts receivable that are still owed to Howrey by clients scattered all over the world.[4]

A different, more realistic test for determining the proper location of "principal assets" was developed in *In re Mid Atlantic Retail Group, Inc.*, 2008 Bankr. LEXIS 790 (Bankr. M.D. N.C. 2008). In that case, the debtor was a large men's retailer clothier, with stores located in eight different states. The debtor was incorporated in Virginia and its headquarters was located in Richmond, Virginia. After the debtor filed a voluntary petition in the Middle District of North Carolina, several of the debtor's creditors moved to transfer the case to the Eastern District of Virginia. 2008 Bankr. LEXIS 790, at *2-3. The court examined the debtor's assets (largely inventory) and determined that the assets were located in eight

---

[4] Howrey disingenuously limits its discussion of its assets as if its assets consisted solely of "personal property, including fixtures, client files, artwork, library materials, furniture, and technology equipment located in the District of Columbia and other major assets, including numerous servers, and its main domestic data center … in Northern Virginia." Leaving aside the fact that this same general type of personal property obviously must exist in Howrey's many former law office locations, it is entirely remarkable that Howrey makes no mention whatsoever of its accounts receivable or the personal assets of its individual California partners, which assets almost certainly account for a vast majority of Howrey's assets. This despite the fact Howrey's attention was drawn to the obvious importance of these asset types, and that at a time well before its counsel filed Docket No. 15. (See Exhibit 7 to McGrane Decl.)

7
Memorandum of Points and Authorities in Support of Petitioning Creditors' Motion for Partial Summary Judgment Against Howrey LLP

Case: 11-31376   Doc# 22   Filed: 05/06/11   Entered: 05/06/11 18:31:07   Page 8 of 11

states ranging in amounts from a low of 3.4% in Pennsylvania to a high of 25.2% in Louisiana. North Carolina (19.3%) and Virginia (16.3%) fell in between. In short, "the majority of Debtor's personal property assets are not located in any state in which it operates." *Id.* at *4.

The creditors seeking to transfer venue in *Mid Atlantic* had argued that because the debtor's assets were scattered across several states there was no one district where the "principal assets" were located. *Id.* at *8. The court disagreed:

> The court does not believe that the statute requires that assets be concentrated in one district for principal assets to be located in that district. Instead, the court believes that a debtor's principal assets can be located in several different districts because "[t]he venue statute does not require that only *the* principal asset may support venue; rather, venue may be proper in a district where principal assets are located. Thus, a debtor may have more than one appropriate venue based upon more than one principal asset."

*Id.* at *8-9 (quoting *In re Ross*, 312 B.R. 879, 889 (Bankr. W.D. Tenn. 2004) (Emphasis in original.) The court held that that amount of assets the debtor had in the Middle District of North Carolina (more than 19%) constituted "principal assets" within the meaning of the statute and thus refused to allow a change in venue. *Id.* at *9.

The *Mid Atlantic* test is particularly applicable here where Howrey's accounts receivable likely account for the vast majority of its assets. "[A]ccounts receivable can properly be considered as 'assets' in a venue determination." *In re J&L Plumbing & Heating*, 186 B.R. 388, 392 (Bankr. E.D. Pa. 1995). And— while one court determined that the location of accounts receivable was the debtor's place of business (in that case a single law office, with no branch offices),

8

Memorandum of Points and Authorities in Support of Petitioning Creditors' Motion for Partial Summary Judgment Against Howrey LLP

Case: 11-31376   Doc# 22   Filed: 05/06/11   Entered: 05/06/11 18:31:07   Page 9 of 11

*Washington,* 154 B.R. at 861—the overwhelming majority of cases that have addressed the issue have held that the location of accounts receivable is the location of the account debtor. *In re Mainline Contracting, Inc.*, 2009 Bankr. LEXIS 3644, at *5 (Bankr. E.D.N.C. 2009); *J&L Plumbing & Heating*, 186 B.R. at 391-92; *In re Hopewell Int'l Insurance Ltd.*, 238 B.R. 25, 48 (Bankr. S.D.N.Y. 1999).

Based on Exhibits 2-7 to the McGrane Declaration and the authority cited above, ***at least one proper situs*** of Howrey's principal assets should be considered the Northern District of California. Put another way, and while the assets described in Exhibits 2-7 to the McGrane Declaration may possibly not themselves constitute more than 50% of the dollar value of Howrey's assets, still, and as was the case in *Mid Atlantic*, there is unlikely to be any single federal district where the "majority of assets" are located given the world-wide scope of Howrey's business operations. But, as in *Mid Atlantic*, the Northern California assets are nonetheless still indisputably significant ones, and, as such, those assets should qualify as "principal assets" within the meaning of 28 United States Code section 1408. Therefore, venue should be considered proper in this Northern District of California and, no other defenses having been raised besides improper district under Rule 1014(a)(2), an order for relief should therefore immediately issue.

**CONCLUSION**

Based on the undisputed and indisputable fact that the Northern District of California is certainly not an improper district as that term is used in Rule 1014(a)(2), the Petitioners respectfully request that the Bankruptcy Court grant the

9

Memorandum of Points and Authorities in Support of Petitioning Creditors' Motion for Partial Summary Judgment Against Howrey LLP

Case: 11-31376  Doc# 22  Filed: 05/06/11  Entered: 05/06/11 18:31:07  Page 10 of 11

Petitioning Creditors summary judgment by entering an order for relief on an immediate basis.

DATED: May 6, 2011         TREPEL MCGRANE GREENFIELD LLP

By: /s/ William McGrane
    William McGrane

Attorneys for Petitioning Creditors Give Something Back Inc., Jan Brown & Associates, Matura Farrington Staffing Services, Inc., Western Messenger Service, Inc., L.A. Best Photocopies, Inc., Kent Daniels And Associates, Inc. and Advanced Discovery LLC

10

Memorandum of Points and Authorities in Support of Petitioning Creditors' Motion for Partial Summary Judgment Against Howrey LLP

Case: 11-31376   Doc# 22   Filed: 05/06/11   Entered: 05/06/11 18:31:07   Page 11 of 11