DAVID D. PIPER, CASB No. 179889
*david.piper@kyl.com*
JAMES F. ALEXANDER, CASB No. 258111
*james.alexander@kyl.com*
KEESAL, YOUNG & LOGAN
A Professional Corporation
450 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 398-6000;
Facsimile: (415) 981-0136

Attorneys for
CITIBANK, N.A.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>Howrey LLP,<br><br>Debtor. | Case No. 11-31376-DM<br><br>(Involuntary Chapter 7)<br><br>**MOTION OF CITIBANK, N.A. FOR ENTRY OF AN ORDER (A) CONDITIONING THE USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION WITH RESPECT THERETO AND (B) GRANTING CERTAIN RELATED RELIEF**<br><br>Date: May 12, 2011<br>Time: 2:30 p.m.<br>Place: Courtroom 22<br>235 Pine Street, 19th Floor<br>San Francisco, CA 94101<br>Judge: Hon. Dennis Montali |

TO: THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; ALL CREDITORS AND OTHER PARTIES IN INTEREST; AND THE UNITED STATES TRUSTEE

Citibank, N.A. ("Citibank"), as a secured creditor, hereby moves, by and through its undersigned counsel, this Court on an emergency basis (the "Motion") for entry of an order (the "Order"),[1] on an interim and final basis, substantially in the form attached hereto asExhibit

---

[1] Capitalized terms used and not defined herein shall have the meaning ascribed to them in the Order.

MOTION OF CITIBANK, N.A. FOR ENTRY OF AN ORDER (A) CONDITIONING THE USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION WITH RESPECT THERETO AND (B) GRANTING CERTAIN RELATED RELIEF/Case No. 11-31376-DM

Case: 11-31376  Doc# 25  Filed: 05/10/11  Entered: 05/10/11 15:37:07  Page 1 of 10

A, pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"), (i) conditioning the use by Howrey LLP, the above-captioned debtor ("Howrey" or the "Debtor"), of Cash Collateral and other Pre-Petition Collateral in which Citibank has an interest; (ii) providing adequate protection to Citibank for, among other things, Howrey's use of Cash Collateral; (iii) vacating and modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the Order; and (iv) scheduling a final hearing (the "Final Hearing") to consider the relief requested in the Motion on a final basis. In support of this Motion, Citibank respectfully represents as follows.

## JURISDICTION

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory bases for the relief requested herein are sections 105(a), 361, 362 and 363 of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELIEF REQUESTED

2. Citibank requests entry of interim and final orders:

    a. conditioning the Debtor's use of Cash Collateral and other Pre-Petition Collateral strictly to the Budget (subject to the Permitted Variance) and the terms of the Order;

    b. granting replacement liens in the Post-Petition Collateral, including the Debtor's Foreign Cash and any Excess Cash, and allowed superpriority administrative expense claims to Citibank as adequate protection against any diminution in the value of the Pre-Petition Collateral, including Cash Collateral, as result of the Debtor's use thereof and the imposition of the automatic stay, but, in each case, subject to existing liens having priority over the Pre-Petition Liens, certain foreign liquidation or receivership proceedings and a professional fee carve out (see *Interim Order* at paragraphs 4 & 8)[2];

---

[2] Citibank reserves the rights to seek replacement liens on avoidance actions at the Final Hearing on the Motion.

      c.      allowing for the payment of post-petition interest and fees and expenses of attorneys, accountants, financial advisors and other professionals to Citibank, subject in all respects to the recharacterization of such payments as principal payments under Section 506(b) of the Bankruptcy Code in the event it is determined by final order that Citibank is undersecured (see *Interim Order* at para. 5);

      d.      authorizing Citibank to apply funds in the Operating and Suspense Accounts towards the repayment of the principal amount of the Pre-Petition Debt in amounts agreed to by the Debtor as well as to make the L/C Reimbursement Payment (see *Interim Order* at paragraphs 2, 5 & 7) ;

      e.      vacating and modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the Order (see *Interim Order* at para. 7*)*;

      f.      scheduling a Final Hearing to consider entry of the Order granting the relief requested herein on a final basis and approving the form of notice with respect to the Final Hearing;

      g.      providing for the immediate effectiveness of the Interim Order; and

      h.      granting to Citibank such further relief as is just and proper.

## **BACKGROUND**

3. The Debtor is a limited liability partnership organized under the laws of the District of Columbia. On April 11, 2011, certain putative creditors (the "Petitioning Creditors") of the Debtor filed an involuntary petition against the Debtor under chapter 7 of the Bankruptcy Code (the "Involuntary Case") in the Bankruptcy Court for the Northern District of California, San Francisco Division (the "Court"). On May 3, 2011, the Debtor filed a motion to dismiss the Involuntary Case, or alternatively, to transfer venue of the Involuntary Case (the "Motion to Dismiss").[3] The hearing on the Motion to Dismiss, however, is not scheduled for a

---

[3] Citibank submits that the Court should enter the Order notwithstanding the pending Motion to Dismiss because it is essential that Citibank's interests in the Pre-Petition Collateral, including Cash Collateral, are adequately protected pending the Court's determination of the Motion to Dismiss. In the event the Court dismisses the Involuntary Case or transfers venue to another district, Citibank intends to seek similar relief in any such future proceeding.

3

MOTION OF CITIBANK, N.A. FOR ENTRY OF AN ORDER (A) CONDITIONING THE USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION WITH RESPECT THERETO AND (B) GRANTING CERTAIN RELATED RELIEF Case No. 11-31376 DM

Case: 11-31376   Doc# 25   Filed: 05/10/11   Entered: 05/10/11 13:57:07   Page 3 of 10

hearing until June 8, 2011. The Debtor stated in the Motion to Dismiss that it intends to file a voluntary petition under chapter 11 of the Bankruptcy Code.

4. The Debtor is a party to: (a) the Fourth Amended and Restated Secured Loan Agreement dated as of October 19, 2010 by and between Howrey and Citibank, as Lender, as amended by a First Amendment thereto dated as of December 3, 2010, and as further amended by a Second Amendment thereto dated as of December 20, 2010 (as so amended, the "Pre-Petition Financing Agreement"); (b) the Fourth Amended and Restated Security Agreement dated as of October 19, 2010 made by and among Howrey, The CapAnalysis Group, LLC ("CAG"), and Maxiam, LLC ("Maxiam"), as Grantors, in favor of Citibank; (c) the Continuing Guaranty of Firm Affiliate (General Indebtedness) dated as of October 19, 2010 made by CAG in favor of Citibank (the "CAG Continuing Guaranty"); (d) the Continuing Guaranty of Firm Affiliate (General Indebtedness) dated as of October 19, 2010 made by Maxiam in favor of Citibank (the "Maxiam Continuing Guaranty", and together with the CAG Continuing Guaranty, collectively, the "Guaranties"); (e) the New $20,000,000 Note dated as of December 20, 2010 for $20,000,000 executed by Howrey in favor of Citibank; (f) the 364-Day Note dated as of December 20, 2010 for $60,000,000 executed by Howrey in favor of Citibank; (g) each other "Note" (as defined in the Pre-Petition Financing Agreement) from time to time issued by Howrey in favor of Citibank; and (h) each other "Loan Document" as defined in the Pre-Petition Financing Agreement (collectively, the "Pre-Petition Financing Documents").

5. Under the Pre-Petition Financing Documents, certain loans, advances and other extensions of credit were made by Citibank to Howrey (including the issuance of Letters of Credit for the account of Howrey). As of the Filing Date, the principal amount of loans outstanding under the Pre-Petition Financing Documents is estimated to be approximately $57,427,506.78, together with all interest, fees, undrawn Letters of Credit, reimbursement obligations in respect of drawn Letters of Credit, swap obligations and other amounts owing under the Pre-Petition Financing Documents (the "Pre-Petition Debt").

6. Pursuant to the terms of the Pre-Petition Financing Documents, the Pre-Petition Debt is secured by, among other things, liens and security interests (the "Pre-Petition

4

MOTION OF CITIBANK, N.A. FOR ENTRY OF AN ORDER (A) CONDITIONING THE USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION WITH RESPECT THERETO AND (B) GRANTING CERTAIN RELATED RELIEF Case No. 11-31376 DM

Case 11-31376    Doc# 25    Filed: 05/10/11    Entered: 05/10/11 15:57:07    Page 4 of 10

Liens") granted by the Debtor and the other Obligors on substantially all of their personal property assets, including, without limitation, billed and unbilled accounts receivable and disbursements and all proceeds, products and/or property received on account of or in satisfaction thereof, all furniture, furnishings, fixtures, equipment and other tangible personal property, the Operating and Suspense Accounts maintained with Citibank and all funds held therein and all certificates and instruments, if any, representing or evidencing same (collectively, the "Pre-Petition Collateral"), but such Pre-Petition Collateral excludes the Debtor's Foreign Cash and the Excluded Foreign Assets. The Debtor estimates that, as of the Filing Date, the balance in the Operating Account was approximately $4,755,694.

7. Since the Filing Date, Citibank and the Debtor have actively engaged in negotiations regarding the wind-down of the Debtor's business, and in that regard, the Debtor has been using Cash Collateral and other Pre-Petition Collateral on a consensual basis to effectuate the wind-down. Citibank has approved numerous expenditures requested by the Debtor that have been funded from Cash Collateral, particularly where it was agreed between the Debtor and Citibank that such expenditures were necessary to preserve and/or maximize the value of the Debtor's estate. Nevertheless, in light of the pending Involuntary Case, the Motion to Dismiss and the fact that the Debtor is no longer an operating business, Citibank believes that it is imperative that certain controls and limitations be put in place with respect to the Debtor's use of Cash Collateral during the pendency of the Involuntary Case and also that adequate protection be provided to Citibank with respect to such use.

8. The attached Budget reflects discussions had between Citibank and the Debtor with respect to the Debtor's continued use of Cash Collateral, and Citibank believes that the Debtor is in agreement with respect to the Budget and the form of Order. In any event, Citibank believes that the relief requested in the Motion is fair, reasonable and appropriate, and therefore should be aproved, whether on a consensural or non-consensual basis.

## BASIS FOR RELIEF

9. By this Motion, Citibank requests, pursuant to sections 105, 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 2002, 4001 and 9014, that the Court allow the

5

MOTION OF CITIBANK, N.A. FOR ENTRY OF AN ORDER (A) CONDITIONING THE USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION WITH RESPECT THERETO AND (B) GRANTING CERTAIN RELATED RELIEF / Case No. 11-51376-GWZ

Case 11-51376    Doc# 25    Filed: 05/10/11    Entered: 05/10/11 15:37:07    Page 5 of 10

Debtor to use Cash Collateral during the Term, but subject in all respects to the Budget and the terms of the Order, including the Permitted Variance, and to grant adequate protection to Citibank *nunc pro tunc* to the Filing Date on account of such use in the form of replacement liens in the Post-Petition Collateral[4] and superpriority claims as provided in the Order.

10. Although the Debtor requires the use of Cash Collateral to fund its wind-down expenses, such use of Cash Collateral should be subject to reasonable limitations. Moreover, the Debtor's use of Pre-Petition Collateral, including Cash Collateral, in which Citibank has an interest should be conditioned upon the granting of adequate protection against any diminution in the value of such Pre-Petition Collateral as a result of the Debtor's use thereof. Citibank submits that the forms of adequate protection contemplated by the Order are fair and reasonable under the circumstances. Citibank further submits that the Budget should enable the Debtor to pay for services and expenses necessary to effectuate the wind-down in a manner calculated to maximize the value of its estate. Accordingly, allowing the Debtor to use Cash Collateral, subject to the Budget, and granting adequate protection with respect thereto, is in the best interests of the Debtor's estate and its creditors.

11. Section 363(e) of the Bankruptcy Code provides that "on request of an entity that has an interest in property . . . to be used, sold or leased, by the trustee, the court . . . shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). The purpose of adequate protection is to preserve the creditor's position and to protect the secured creditor from diminution of the value of its interest in collateral during the bankruptcy process. In re Worldcom, Inc., 304 B.R. 611, 618-19 (Bankr. S.D.N.Y. 2004); In re Ledgmere Land Corp., 116 B.R. 338, 343 (Bankr. D. Mass. 1990).

12. Courts determine adequate protection for purposes of the Bankruptcy Code on a flexible "case-by-case" basis. In re Swedeland Dev. Group, Inc., 16 F.3d 552, 564 (3d Cir. 1994); see also In re O'Connor, 808 F.2d 1393, 1397 (10th Cir. 1987) (stating that "courts

---

[4] As described in the Order, the Post-Petition Collateral includes the Debtor's Foreign Cash and any Excess Cash generated by the Debtor's foreign affiliates (the "Foreign Affiliates").

have considered 'adequate protection' a concept which is to be decided flexibly on the proverbial 'case-by-case' basis"); In re Martin, 761 F.2d 472, 476 (8th Cir. 1985) ("[T]o encourage reorganization, the courts must be flexible in applying the adequate protection standard."). The purpose of adequate protection "is to ensure that the creditor receives the value for which he bargained pre-bankruptcy." In re Swedeland Dev. Group, Inc., 16 F.3d at 564; see also In re Hubbard Power & Light, 202 B.R. 680, 685 (Bankr. E.D.N.Y. 1996) (quoting In re 495 Cent. Park Ave. Corp., 136 B.R. 626,631 (Bankr. S.D.N.Y. 1992) ("[t]he goal of adequate protection is to safeguard the secured creditor from diminution in the value of its interests."); In re Sharon Steel Corp., 159 B.R. 165, 169 (Bankr. W.D. Pa. 1993) ("The purpose of providing 'adequate protection' is to [e]nsure that a secured creditor receives in value essentially what he bargained for.").

13. As set forth in the Order, Citibank seeks to condition the Debtor's use of Cash Collateral to the extent set forth in the Budget (subject to the Permitted Variance) and seeks additional adequate protection as follows:

- The Debtor shall grant a valid, perfected and enforceable replacement lien upon all Post-Petition Collateral, including the Debtor's Foreign Cash and any Excess Cash, but subject to any existing liens having priority over the Pre-Petition Liens, to the rights afforded to any receiver or liquidator in respect of any foreign receivership or liquidation proceedings and a professional fee carve-out;

- Citibank shall also be granted a claim against the Debtor entitled to priority pursuant to Section 507(b) of the Bankruptcy Code to the extent the replacement liens are insufficient to cover the diminution;[5] and

- The Debtor shall pay, and Citibank shall also be entitled to receive (and may offset amounts in the Operating and Suspense Accounts to effectuate same), (a) post-petition interest at the

---

[5] Paragraph 8 of the Order provides for a section 506(c) waiver but only to the extent of the Diminution Amount occurring during the Term. Consequently, we believe the Order complies with clause (4) of paragraph E of the Guidelines for Cash Collateral & Financing Motions & Stipulations promulgated pursuant to B.L.R. 9029-1. We would also point out that the Order provides for a $50,000 carve-out for the fees and expenses of a chapter 7 trustee (see *Interim Order* at paragraphs 6 & 8).

applicable contract rate, (b) reasonable attorneys fees and expenses incurred in connection with the Involuntary Case, (c) the L/C Reimbursement Payment and (d) the principal amount of the Pre-Petition Debt as provided for in the Order or as otherwise agreed, subject in the case of clauses (a) and (b) to recharacterization under Section 506(b) of the Bankruptcy Code.

14.  Citibank believes that entry of the Order is necessary to ensure that Citibank's interest in the Pre-Petition Collateral, including Cash Collateral, is adequately protected during the pendency of this case. The Debtor has ceased operations and is liquidating its business. Thus, the Debtor will not generate any material incremental revenue during the pendency of the case. Accordingly, every expenditure by the Debtor poses the risk of diminishing the value of the Pre-Petition Collateral, including Cash Collateral, and Citibank's interest therein. Therefore, Citibank believes that it is reasonable and appropriate that expenditures be strictly limited to those necessary to preserve or enhance the Debtor's estate, either by minimizing liabilities or facilitating the recovery of assets and the collection of receivables. In effect, conditioning the Debtor's use of Cash Collateral to the amounts set forth in the Budget and on the terms of the proposed Order is essential to adequately protect Citibank's interest in the Pre-Petition Collateral, including Cash Collateral, along with the other forms of adequate protection sought to be provided herein. Moreover, Citibank believes that the amounts set forth in the Budget should provide the Debtor with sufficient funding to pursue its wind-down efforts in an orderly and efficient manner. Accordingly, Citibank submits that the Motion should be approved.

15.  The Motion also requests that the automatic stay imposed by virtue of Section 362 of the Bankruptcy Code be vacated and modified insofar as necessary to permit the Debtor or Citibank to (a) apply to the principal amount of the Pre-Petition Debt all monies contained in the Suspense Account, (b) to pay all other amounts authorized to be paid to Citibank pursuant to the Order, including the payment of any Post-Petition Interest and Case Fees, (c) have made the L/C Reimbursement Payment and (d) take any action authorized or contemplated by this Order and to carry out the terms thereof, subject, however, to the satisfaction of any notice, procedural or other conditions contained in this Order. In addition to

8

MOTION OF CITIBANK, N.A. FOR ENTRY OF AN ORDER (A) CONDITIONING THE USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION WITH RESPECT THERETO AND (B) GRANTING CERTAIN RELATED RELIEF (Case No. 11-31376)

Case: 11-31376  Doc# 25  Filed: 05/10/11  Entered: 05/10/11 15:57:07  Page 8 of 10

the amounts set forth in the Order, if there are excess funds in the Operating Account that the Debtor and Citibank agree may be applied by Citibank to repay the Pre-Petition Debt, then Citibank shall be authorized hereunder to so apply such excess funds to reduce the principal amount of the Pre-Petition Debt.

### INTERIM RELIEF

16. Bankruptcy Rule 4001 provides that a final hearing on a motion with respect to cash collateral may not be commenced earlier than 14 days after service of the motion. If the motion so requests, however, the Court may conduct a preliminary hearing before such 14 day period expires and may authorize the conditional use of cash collateral and any related relief as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

17. There is an urgent need to permit the Debtor to use Cash Collateral in accordance with the Budget and to protect Citibank's interest in the Cash Collateral and other Pre-Petition Collateral as set forth in the Order. It is therefore imperative that the Order be entered on an interim basis pending a final hearing. Any delay could significantly impair the wind-down efforts and further erode Citibank's interest in the Cash Collateral and any other Pre-Petition Collateral.

### NOTICE

18. No trustee, examiner or statutory committee has been appointed in this Involuntary Case. Notice of this Motion and the interim hearing has been provided to the following parties, or, in lieu thereof, their counsel: (a) the Office of the United States Trustee for the Northern District of California; (b) the Debtor's twenty largest (20) unsecured creditors; (c) counsel to the Petitioning Creditors and (d) all parties that have filed a motion of appearance in this case. Notice of the Final Hearing shall be given as provided in the Order. Citibank submits that, in light of the nature of the relief requested, no other or further notice need be given.

### NO PRIOR REQUEST

19. No prior request for the relief sought herein has been made to this or any other court.

## WAIVER OF MEMORANDUM OF LAW

20. Citibank requests that this Court deem the contents of this Motion to be sufficient for purposes of satisfying the memorandum of law requirement in Rule 9014-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of California. The relief requested in the Motion raises no novel issues of law.

## CONCLUSION

WHEREFORE, Citibank respectfully request that this Court enter the Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein on an interim and final basis, and granting to Citibank such other and further relief as it deems just and proper.

Respectfully submitted,

Dated: May 10, 2011

David D. Piper
James F. Alexander
KEESAL, YOUNG & LOGAN

Attorneys for Citibank, N.A.

10

MOTION OF CITIBANK, N.A. FOR ENTRY OF AN ORDER (A) CONDITIONING THE USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION WITH RESPECT THERETO AND (B) GRANTING CERTAIN RELATED RELIEF - Case No. 11-31376-DM

Case: 11-31376    Doc# 25    Filed: 05/10/11    Entered: 05/10/11 15:57:07    Page 10 of 10