WILLIAM MCGRANE [057761]
CHRISTOPHER D. SULLIVAN [148083]
MAUREEN A. HARRINGTON [194606]
KENNETH A. BRUNETTI [156164]
TREPEL McGRANE GREENFIELD LLP
150 California Street, Suite 2200
San Francisco CA 94111
Telephone: (415) 283-1776
Facsimile: (415) 283-1777
Email: wmcgrane@tmcglaw.com

Attorneys for Petitioning Creditors Give Something Back Inc., Jan Brown & Associates, Matura Farrington Staffing Services, Inc., Western Messenger Service, Inc., L.A. Best Photocopies, Inc., Kent Daniels and Associates, Inc. and Advanced Discovery LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HOWREY LLP, aka HOWREY SIMON ARNOLD & WHITE LLP,<br><br>Debtor. | Case No.11-31376<br><br>Chapter 7<br><br>OPPOSITION TO MOTION OF CITIBANK, N.A. FOR ENTRY OF CASH COLLATERAL ORDER; REQUEST FOR APPOINTMENT OF AN INTERIM CHAPTER 7 TRUSTEE<br><br>Date: Thursday, May 12, 2011<br>Time: 2:30 PM<br>Place: Honorable Dennis Montali<br>235 Pine Street, 22nd Floor<br>San Francisco, CA 94104 |

Opposition to Motion of Citibank, N.A. for Entry of Cash Collateral Order; Request for Appointment of an Interim Chapter 7 Trustee

Case: 11-31376 Doc# 30 Filed: 05/11/11 Entered: 05/11/11 22:52:28 Page 1 of 8

## INTRODUCTION

On less than forty-eight hours notice, and apparently hoping to take advantage of an absence of proper oversight and adversarial testing, moving parties Citibank and Howrey seek an unprecedented and extreme Cash Collateral Order. The proposed relief violates this Court's own local rules; vastly overreaches; is factually unsupported; and has not been subject to proper creditor examination.

The problems with the proposed relief are especially acute because what few facts are presented show that Howrey is more than $57 million underwater to Citibank alone – apparently due to $80 million in extraordinary loans made by Citibank to Howrey on December 20, 2010. Citibank seeks to grab for its own protection complete control of all the assets of the case by seizing replacement lien rights or super-priority rights that are the functional equivalent of a replacement lien on all possible estate assets, including avoidance actions.

The moving parties make no showing of any threat of immediate harm to justify emergency relief. Yet the scope of the requested relief sweeps broadly. For example: (1) they seek to insulate the order from any subsequent modifications and to make the Order binding on any future trustee or estate representative, yet Citibank reserves for itself the right to revoke its consent to the use of cash collateral (Docket #26, ["Proposed Order"] ¶15); (2) the moving parties ask for binding findings regarding the validity of Citibank's debts and its lien positions (Proposed Order, ¶A); (3) the terms of the Order bind the estate with respect to the priorities of Citibank's liens (Proposed Order, ¶8), grant a section 506(c) waiver (Id.), and (4) the Order includes an open-ended set-aside of the

1

Opposition to Motion of Citibank, N.A. for Entry of Cash Collateral Order; Request for Appointment of an Interim Chapter 7 Trustee

automatic stay for "any action authorized or contemplated by this Order" (Proposed Order, ¶7). The moving parties seek protection for spending the creditors' money through approval of Budget without providing for any opportunity for the creditors to vet Howrey's financial position with proper professionals.

What the motion best illustrates is that an interim Chapter 7 Trustee should be appointed on a temporary basis under 11 U.S.C. section 303(g). Every indication available shows that Howrey is in much worse shape than other bankrupt law firms. Proper and informed supervision of Howrey and its secured lender is desperately needed. Howrey should not be allowed to wind-down with no control over the money it spends in a manner that will benefit only its senior secured creditor and the firm's former equity partners.

## ARGUMENT

### I. ADEQUATE NOTICE HAS NOT BEEN PROVIDED.

1. Less than forty-eight hours notice has been provided and no genuinely adverse party has been allowed access to any meaningful financial or other material factual information to test the assertions of the moving parties through the adversary process. Due process has not been provided. *In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448-49 (9th Cir. 1985) (cash collateral order entered on one day notice void because violated due process).

2. Citibank in its motion papers says it has given notice to the 20 largest unsecured creditors notice and to creditors who have requested notice. No proof of service is on file, however, and unlike the typical chapter 11 case from which it prepared its cut-and-paste motion, there is no list of creditors (or list of 20

2

Opposition to Motion of Citibank, N.A. for Entry of Cash Collateral Order; Request for Appointment of an Interim Chapter 7 Trustee

largest creditors) on file with the Court. Even if Howrey has provided the insider Citibank with a list of its largest unsecured creditors, and Citibank served those parties, notice would not be adequate because there has been no showing that those creditors were previously aware of the case, have access to sufficient information, or have had an adequate chance to respond. Moreover, there is no showing that other unsecured creditors who might wish to participate in the case and who might be expected to file requests for notice even know about the existence of the case.

3. Howrey has represented that it intends to file its own voluntary chapter 11 case (Docket No. 14, ¶14), but apparently intends to wait as long as possible to file for bankruptcy in order to avoid having to operate in the light of day -- as it will be required to do once an order for relief is entered.

## II. THERE IS NO SHOWING JUSTIFYING THE RELIEF REQUESTED, MUCH LESS EMERGENCY RELIEF.

4. Citibank has made no showing that justifies either emergency relief or the sweeping relief it asks for here. Citibank cannot dispute that no order is required under section 303(f). Howrey expressly acknowledges that no order is required. Docket No. 27, Howrey LLP Statement of Position, at 2:12-14. Citibank merely argues, without factual citation, that it "believes that entry of the Order is necessary" and "every expenditure poses the risk of diminishing Pre-Petition Collateral." Docket No. 25, Motion, ¶14.

5. Citibank makes no showing that the balance in Howrey's Operating Account of $4,755,694 is not unencumbered cash or is subject to a perfected security interest that cannot be avoided as a preference. There is no showing that

unsecured creditors would not be benefitted by simply abandoning all assets to the secured creditor and pursuing avoidance actions to provide the highest return to unsecured creditors.

6. Citibank does not provide factual back-up or any financial details to show that it is not, in fact, adequately protected.

7. As Howrey has already ceased operations and is already being liquidated, in the absence of evidence to the contrary there is no reason to believe that its wind-down is reducing the amount of collateral available to Citibank.

8. There is no evidence that Citibank's collateral is diminishing in value.

9. There is no evidence at all regarding the value of existing collateral.

10. The moving parties make no effort to demonstrate that Howrey and its unsecured creditors will receive any immediate benefit by granting emergency relief because the section 363 limitations on the sale use or lease of property of the estate including cash collateral do not apply in involuntary cases prior to the entry of an order for relief. 11 U.S.C. §303(f). Citibank completely glosses over this key point in its motion. Normally, of course, in chapter 11 cases Howrey is over a barrel at the beginning of the case because section 363 prohibits the use of “cash collateral” absent the consent of the lender or court.

11. Such a voluntary debtor is under the gun to agree to the secured lender's terms or else face a court battle at the very beginning of the case before it can even cut checks for payroll. Howrey is not in this position in an involuntary case prior to entry of the order for relief.

4

Opposition to Motion of Citibank, N.A. for Entry of Cash Collateral Order; Request for Appointment of an Interim Chapter 7 Trustee

**III. THERE ARE STRONG GROUNDS TO DENY RELIEF.**

12. The "Budget" proposed by Howrey and Citibank should not be approved, especially since the creditors have been provided virtually no underlying financial information and have no way to provide informed financial professional opinion to the Court as a check on the reasonableness.

13. The "Budget" raises obvious red flags. For example, the five member dissolution committee (Docket No. 14, ¶1) has a two week "budget" of $358,800. Docket No. 26, Motion, Exhibit A. Apparently, each of the five members is paid $35,800 per week to serve. (Yet they are unable to decide where in the Washington Metropolitan Area to file a voluntary petition.)

14. Approval of the relief requested in the Motion would create confusing and potential confounding priority and avoidability disputes. It does not anticipate or provide for problems arising from the differences between voluntary chapter 11 cases and involuntary gap-period (pre-order for relief) involuntary chapter 7 cases. Such as:

i. The order purports to create a potential section 507(b) super-priority claim. But such claims arise only when adequate protection provided by a trustee or Howrey in possession fails. Howrey is neither a trustee nor a DIP.

ii. The order does not properly allow for or anticipate the potential priority conflicts between sections 507(b) and 507(g) or the interaction of sections 503(f) and 549(a-b). The peculiar priority and avoidance rules that apply in involuntary cases and the interaction of these provisions is not well-thought out by the terms of the chapter 11-style proposed order.

5

Opposition to Motion of Citibank, N.A. for Entry of Cash Collateral Order; Request for Appointment of an Interim Chapter 7 Trustee

15. The Motion and Order do not comport with the requirements or spirit of the Northern District's well-thought out local rules and Guidelines for Cash Collateral and Financing Motions and Stipulations promulgated under B.L.R. 9029-1:

- There is no Introductory Statement under Guideline B, much less one signed by a certifying professional.
- There are not proper disclosures or meaningful explanations as required by Guideline C.
- The moving parties improperly include in the proposed Order findings that bind the estate with respect to the validity, perfection or amount of pre-petition secured party's lien or debt (Guideline E.2); provisions that bind the estate with respect to relative priorities of the secured party's liens (Guideline E.3); waivers or grants of lien on rights under 506(c) (Guideline E.4); provisions for a blanket automatic relief from the automatic stay upon appointment of a trustee (Guideline E.8) (Citibank may also terminate the order upon appointment of a trustee); and there is a lack of an adequate carve-out for a subsequently appointed trustee (Guideline E.13).

## IV. THE COURT SHOULD APPOINT AN INTERIM TRUSTEE.

16. Virtually on the eve of this bankruptcy, December 20, 2010, Howrey and Citibank (a) renegotiated its loan agreements and (b) entered into New Notes in favor of Citibank in the total amount of $80 million. Docket No. 25, Proposed Order, ¶B. Howrey has resisted bankruptcy supervision and even now refuses to file a voluntary bankruptcy petition while it refuses to provide information

6

Opposition to Motion of Citibank, N.A. for Entry of Cash Collateral Order; Request for Appointment of an Interim Chapter 7 Trustee

voluntarily to creditors. The moving parties seem determined to grab a tactical advantage from the gap period here to continue operating in the dark for the benefit of Howrey's former equity partners and the secured creditor. Unlike a chapter 11 case, where a creditors committee would be installed and provided with resources to genuinely act as a check on Howrey, without this Court's intervention the petitioning creditors here will simply be shut out.

17. The solution to the current complete lack of proper creditor oversight is to appoint an interim Chapter 7 trustee as is expressly provided by 11 U.S.C. section 303(g). An interim Chapter 7 trustee will obtain meaningful information as to how Howrey is being run, prevent waste or abuse, instill confidence in the process, protect the rights of creditors, and be able to obtain informed professional advice where necessary.

## CONCLUSION

For the above reasons, and any additional reasons offered at the hearing, the petitioning creditors respectfully request that the Court deny the motion and appoint an interim trustee.

DATED: May 11, 2011

TREPEL MCGRANE GREENFIELD LLP

By: /s/ Christopher D. Sullivan
Christopher D. Sullivan
Attorneys for Petitioning Creditors Give Something Back Inc., Jan Brown & Associates, Matura Farrington Staffing Services, Inc., Western Messenger Service, Inc., L.A. Best Photocopies, Inc., Kent Daniels And Associates, Inc. and Advanced Discovery LLC

7

Opposition to Motion of Citibank, N.A. for Entry of Cash Collateral Order; Request for Appointment of an Interim Chapter 7 Trustee