

1 | H. Jason Gold (pro hac vice pending)
Valerie P. Morrison (pro hac vice pending)
Dylan G. Trache (pro hac vice pending)
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049

**Signed and Filed: May 21, 2011**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

Kimberly A. Posin (CA Bar No. 223091)
kim.posin@lw.com
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, CA 91107-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

Attorneys for Howrey LLP

*Additional parties listed below*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| In re | Case No. 11-31376-DM |
|---|---|
| Howrey LLP, | (Involuntary Chapter 7) |
| Debtor. | **STIPULATED PROTECTIVE ORDER** |

Howrey LLP ("Howrey"), the debtor in the above-captioned involuntary bankruptcy proceeding, and the Petitioning Creditors ("Petitioning Creditors") in the above-captioned involuntary bankruptcy proceeding hereby agree as follows with respect to discovery in connection with Howrey's Motion to Dismiss Involuntary Petition or, in the Alternative, to Transfer Venue; Memorandum of Points and Authorities in Support Thereof (Doc. No. 13) ("Venue Motion") currently scheduled for hearing on June 29, 2011 at 1:00 p.m.:

1. Any information, document, or thing produced or created in connection with the Venue Motion that is reasonably believed by a Producing Party (as hereafter defined) to any discovery request to contain proprietary or confidential information may be designated as

"Confidential Material." As used herein, Confidential Material may include (a) all papers, tapes, documents (including answers to interrogatories or requests for admission), CD-ROMs, diskettes, and other tangible things produced by or obtained from a Producing Party; (b) transcripts of depositions herein and exhibits thereto; and (c) all copies, extracts, and complete or partial summaries prepared from such papers, documents, or things ((a), (b), and (c) collectively "Information" or "Material"). As used herein, "Producing Party" shall refer to any person or entity producing information, documents, discovery responses or testimony in connection with the Venue Motion. As used herein, "Party" refers to Howrey and each of the Petitioning Creditors.

2. A Producing Party may designate Material as Confidential Material by stamping or otherwise marking the Material with the following legend:

**CONFIDENTIAL**

or a substantively similar legend.

3. If a Producing Party inadvertently fails to stamp certain documents upon their production, it may designate such documents as Confidential Material by giving written notice to the other Party within 30 days of production of the Material that the Material is to be so designated. All Parties shall then stamp or otherwise mark the designated Material as Confidential Material.

4. All Information and Material produced in connection with the Venue Motion shall be used solely in connection with the Venue Motion and not for any other purpose. Confidential Material and information derived therefrom shall not be disclosed except as set forth in Paragraphs 5 and/or 6 below.

5. Confidential Material may be disclosed only to the following persons:

(a) Counsel of record for the Petitioning Creditors or Howrey, including partners, associates, deputies, and assistants of such counsel;

(b) Paralegal, stenographic, clerical and secretarial personnel employed by counsel described in (a);

(c) The Court and any person employed by the Court whose duties require

access to the Confidential Materials, subject to the duty to protect the confidentiality by filing documents under seal; and

    (d) Any court reporter or other person involved in recording deposition testimony in this litigation by any means and acting in that capacity.

6. The list of persons to whom Confidential Material may be disclosed (as set forth in Paragraph 5) may be expanded by mutual agreement of counsel of record. Any Party may propose such an expansion by serving a letter on all counsel of record, and on counsel for the Producing Party of such Material, specifically identifying, and describing the role and function of, the person(s) intended to be added to the list. Person(s) so designated shall be automatically added to the persons listed in Paragraph 5 upon the expiration of 3 (three) business days after receipt of the letter to counsel of record, unless counsel for the Producing Party objects and, within three (3) business days thereafter, provides a written statement of the basis for such objections. If counsel for the Producing Party objects to any proposed expansion, no Confidential Material produced by the objecting Producing Party may be disclosed to such person unless the Court so orders.

7. The placing of any confidentiality designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document.

8. Nothing in this Order shall be construed to limit in any way the ability of the Producing Party to use, disclose, or be shown his, her or its own Confidential Material or in any manner whatsoever. Nor shall this Order be construed to prevent any Party, its counsel, or its legal team from making use as they see fit of Material that was available to the public or lawfully in the possession of the Party, its counsel, or its legal team, or that properly came into the possession of the Party, its counsel, or its legal team independent of discovery in connection with the Venue Motion.

9. If any Party claims that any matter designated hereunder is not entitled to the protections of this Order, that Party shall make a good faith effort to resolve the matter with the Producing Party, and if unsuccessful may seek relief from the Court. A Party that elects to press

a challenge to a confidentiality designation after considering the justification offered may file and serve a motion under Civil Local Rule 7 or seek resolution of the issue in a manner consistent with this Court's practice for hearing discovery motions (see e.g., "Practices and Procedures in Judge Montali's Court", at p. 7).

10. The foregoing is without prejudice to the right of any Party or non-party: (a) to apply to the Court for a further protective order relating to any Confidential Material, or relating to any discovery in connection with the Venue Motion; (b) to object to the production of documents it considers not subject to discovery; or (c) to apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of Confidential Material beyond the terms of this Order.

11. Deposition transcripts, and exhibits thereto, may be designated as Confidential Material pursuant to the terms of this Order by notifying all counsel of record in writing. Any Party or deponent may also designate specific testimony or transcript pages as Confidential Material by notice on the record at the deposition. The portions of the transcripts of all testimony designated as Confidential Material shall be separately bound by the reporter in booklets bearing the appropriate designation. It shall be the sole responsibility of the designating party to direct the court reporter to prepare the separately-bound booklets, and to provide the party taking the deposition with a copy of the separately bound booklets within 3 (three) business days of receipt of such booklets from the court reporter. If any document or information designated as Confidential Material pursuant to this Order is used during the course of a deposition herein, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access thereto shall be limited pursuant to the terms of this Order.

12. Any Party that desires to include any Confidential Material in any motion, memorandum, opposition, brief or other filing that exhibits any documents or discloses information obtained from Confidential Material shall first seek authority from the Court to file such motion, memorandum, opposition, brief or other filing under seal.

13. If any Party that possesses another entity's Confidential Material under the terms

- 4 -

STIPULATED AND [PROPOSED] PROTECTIVE ORDER
Case: 11-31376    Doc# 43    Filed: 05/21/11    Entered: 05/23/11 15:13:56    Page 4 of 6

WILEY REIN LLP
ATTORNEYS AT LAW
WASHINGTON

of this Order receives a subpoena, a request under a Freedom of Information or Freedom of Access law, or other legal process commanding the production of any such documents (the "subpoena"), such party shall within two business days notify counsel for the Producing Party of the service of the subpoena. The Producing Party then shall have the earlier of the five business days before the return date of the subpoena and ten business days, in which to petition an appropriate court for a protective order relieving the subpoenaed party from having to produce such Confidential Material. The Party receiving the subpoena shall not produce such Confidential Material in response to the subpoena unless (1) the Producing Party has failed to petition for a protective order on or before the return date on the subpoena, or (2) a court has issued an order denying the Producing Party's request for protective order.

14. The provisions of this Order shall not terminate upon the resolution of the Venue Motion. Within 60 days of the conclusion of the hearing on the Venue Motion, all Confidential Material received under the provisions of this Order, and all documents containing or describing Confidential Material, shall either be returned to the Producing Party or destroyed.

Dated: May 20, 2011

WILEY REIN LLP
H. Jason Gold
Valerie P. Morrison
Dylan G. Trache

and

LATHAM & WATKINS LLP
Kimberly A. Posin

By: /s/ Kimberly A. Posin
Counsel to Howrey LLP

Dated: May 20, 2011

TREPEL MCGRANE GREENFIELD LLP
Christopher D. Sullivan

By: _____

Counsel for Petitioning Creditors

PURSUANT TO STIPULATION, IT IS HEREBY ORDERED THAT:

The Stipulation is approved in its entirety.

//

13302265.1