H. JASON GOLD (Pro Hac Vice)
VALERIE P. MORRISON (Pro Hac Vice)
DYLAN G. TRACHE (Pro Hac Vice)
WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
Email: jgold@wileyrein.com
Email: vmorrison@wileyrein.com
Email: dtrache@wileyrein.com

ROBERT A. FRANKLIN (091653)
CRAIG M. PRIM (077820)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone: (650) 852-9000; (408) 907-9200
Facsimile: (650) 852-9244
Email: rfranklin@murraylaw.com
Email: cprim@murraylaw.com

Counsel to Howrey LLP

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 11-31376-DM |
| HOWREY LLP, | Chapter 11 |
| A District of Columbia Limited Liability Partnership, | *[No Hearing Required]* |
| Debtor(s). | |
| 1299 Pennsylvania Avenue Washington D.C., 20004 | |
| Employer's Tax I.D. No: 53-0231650 | |

**EX PARTE MOTION OF THE DEBTOR FOR ORDER EXTENDING TIME WITHIN WHICH THE DEBTOR MUST FILE ITS SCHEDULES AND STATEMENT OF AFFAIRS**

TO: THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR'S TWENTY LARGEST UNSECURED CREDITORS, THE DEBTOR'S SECURED LENDER, THE PETITIONING CREDITORS AND OTHER PARTIES IN INTEREST:

Howrey LLP, the debtor and debtor-in-possession in the above-captioned case (the "Debtor") hereby moves (the "Motion") this Court for entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit "A"**, pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") extending the time for the Debtor to file its SCHEDULES OF ASSETS AND LIABILITIES and STATEMENT OF FINANCIAL AFFAIRS ("Schedules and Statements") through and including July 21, 2001 (forty-five (45) days after the filing of this Motion). The Motion is based on the DECLARATION OF ROBERT RUYAK IN SUPPORT OF FIRST DAY MOTIONS (the "First Day Declaration"), filed concurrently herewith, which is fully incorporated herein by reference.[1]

On June 6, 2011 the Debtor filed its CONDITIONAL CONSENT TO ENTRY OF ORDER FOR RELIEF AND MOTION TO CONVERT DEBTOR'S CASE TO CHAPTER 11. Absent the relief requested in this Motion, upon entry of the Order for Relief, the Debtor would be required to file its Schedules and Statements within 14 days of that date. As explained in the First Day Declaration, the Debtor's substantially reduced workforce is currently focused on myriad matters, including without limitation: pursuing the collection of approximately $63 million in outstanding accounts receivable, overseeing the handling of significant contingent fee cases, engaging in negotiations with the Debtor's secured lender Citibank and other key creditor constituencies, managing the Debtor's remaining assets, transferring client files and information, and performing a number of bookkeeping, office and administrative services. Given the size of this case and the substantial matters being attended to by the Debtor's professionals and reduced workforce, cause exists to grant the requested extension.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). The Debtor has filed a motion seeking to transfer the venue of this case, which is currently pending before the Court. By filing this Motion, the Debtor is not consenting to venue in this Court and expressly reserves its arguments that venue in this Court is both improper and inconvenient. No request for the appointment of a trustee or examiner has been made in this case, and no statutory official committees have been appointed or

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

designated by the Office of the United States Trustee.

2. The statutory bases for the relief requested herein are Section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Bankruptcy Rule 1007(c).

## BACKGROUND

3. On April 11, 2011 (the "<u>Petition Date</u>"), certain alleged creditors of the Debtor filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code. Following the Petition Date, through the date of entry of an Order for Relief, the Debtor continued to operate its business in accordance with § 303(f) of the Bankruptcy Code.

4. The Debtor is a limited liability partnership organized under the laws of the District of Columbia, and was founded in 1956. A further description of the Debtor's business, and certain facts supporting the relief sought through this Motion are set forth in the First Day Declaration.

## BASIS FOR RELIEF

5. Bankruptcy Rule 1007(c) requires a debtor file its Schedules and Statements within fourteen days after entry of the Order for Relief in an involuntary case. Bankruptcy Rule 1007(c) provides a bankruptcy court with the ability to further extend a debtor's time to file its Schedules and Statements "for cause." Completing the Schedules and Statements requires the Debtor to collect, review and assemble a substantial amount of information. The Debtor estimates that it has hundreds if not thousands of creditors and other parties in interest that would be included in the Schedules and Statements and the conduct and operation of the Debtor's business operations requires the Debtor to maintain extensive books, records and accounting systems. Given the size and complexity of its business, the number of creditors and other parties in interest, the limited number of employees available to collect information, the competing demands upon such employees and the extensive efforts that the Debtor's management and other professionals devoted to preparing for the conversion of this case to chapter 11, the Debtor has been unable to compile all of the information required to complete the Schedules and Statements.

6. Moreover, given the numerous operational matters that the Debtor's professionals and personnel must address in the early days of the case, the Debtor will not be in a position to complete the Schedules and Statements within the time specified in Bankruptcy Rule 1007(c). Nevertheless, recognizing the importance of the Schedules and Statements, the Debtor intends to complete the Schedules and Statements as quickly as possible under the circumstances.

7. Accordingly, the Debtor respectfully requests that the Court extend the deadline for filing the Schedules and Statements to July 21, 2011 (an additional thirty-one days) without prejudice to the Debtor's right to seek further extensions of such period upon a showing of cause pursuant to Bankruptcy Rule 1007. In light of the size, scope and complexity of this case and the volume of material that must be compiled and reviewed by the Debtor's staff and professionals in order to complete the Schedules and Statements for the Debtor during the hectic early days of the chapter 11 case, there is ample "cause" justifying the requested extension.

8. The additional time requested herein also should help ensure that the Schedules and Statements are as accurate as possible. Rushing to complete the Schedules and Statements so soon after the entry of the Order for Relief would likely compromise the completeness and accuracy of the documents.

## NOTICE

9. The Debtor has provided notice of this Motion to: (a) the Office of the United States Trustee, (b) the creditors listed on the Debtor's list of 20 largest unsecured creditors, (c) counsel to the administrative agent for the lenders under the Debtor's prepetition credit facility, (d) the Internal Revenue Service, (e) the Department of Justice, (f) counsel to the petitioning creditors and (g) all parties that have filed a Request For Notice in this case. In light of the nature of the relief requested, the Debtor submits that no further notice is required or needed under the circumstances.

## NO PRIOR REQUEST

10. No previous request for the relief sought herein has been made to this Court or any other court.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that this Court grant this Motion and enter the proposed Order,

1. Setting a deadline of July 21, 2011 by which the Debtor must file its Schedules and Statements; and,

2. Granting such other and further relief as this Court deems appropriate.

Dated: June 6, 2011

WILEY REIN LLP
H. Jason Gold
Valerie P. Morrison
Dylan G. Trache

and

MURRAY & MURRAY

By: */s/ Robert A. Franklin*
Robert A. Franklin
Counsel to Howrey LLP