H. JASON GOLD (Pro Hac Vice)
VALERIE P. MORRISON (Pro Hac Vice)
DYLAN G. TRACHE (Pro Hac Vice)
WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C. 20006
Telephone:   (202) 719-7000
Facsimile:   (202) 719-7049
Email: jgold@wileyrein.com
Email: vmorrison@wileyrein.com
Email: dtrache@wileyrein.com

ROBERT A. FRANKLIN (091653)
CRAIG M. PRIM (077820)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone: (650) 852-9000; (408) 907-9200
Facsimile:  (650) 852-9244
Email: rfranklin@murraylaw.com
Email: cprim@murraylaw.com

Counsel to Howrey LLP

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 11-31376-DM |
| HOWREY LLP, | Chapter 11 |
| A District of Columbia Limited Liability Partnership, | Date:  July 15, 2011<br>Time: 10:00 a.m. |
| Debtor(s). | Dept: U.S. Bankruptcy Court<br>235 Pine Street, 22nd Floor<br>San Francisco, CA |
| 1299 Pennsylvania Avenue<br>Washington D.C., 20004 | Judge: Honorable Dennis Montali |
| Employer's Tax I.D. No: 53-0231650 | |

**MOTION OF THE DEBTOR FOR ORDER APPROVING**
**NON-INSIDER EMPLOYEE INCENTIVE AND RETENTION PLAN**

TO:   THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR'S TWENTY LARGEST UNSECURED CREDITORS, THE DEBTOR'S SECURED LENDER, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND OTHER PARTIES AFFECTED BY THIS MOTION AND OTHER PARTIES IN INTEREST:

Howrey LLP, the debtor and debtor-in-possession in the above-captioned case (the "Debtor") hereby moves (the "Motion") this Court for entry of an order (the "Order"), in substantially the form attached hereto as **Exhibit "A"**, pursuant to Sections 105(a), 363, 503(b)(1) and 503(c)(3) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to implement a certain Employee Incentive and Retention Plan ("Plan"). The facts and circumstances supporting this Motion are set forth in the DECLARATION OF GUY A. DAVIS IN SUPPORT OF MOTION OF THE DEBTOR FOR ORDER APPROVING NON-INSIDER EMPLOYEE INCENTIVE AND RETENTION PLAN (the "Declaration"), filed concurrently herewith, which is fully incorporated herein by reference.

As the Debtor completes its wind-down and cessation of operations, the Debtor seeks to establish an economic incentive for employees to remain with the company through the chapter 11 process. The Plan identifies 20 employees ("Plan Participants") that hold essential knowledge regarding the Debtor's business and wind-down efforts. Most of the Plan Participants hold positions which lack back-up personnel due to ongoing staff reductions and voluntary reductions. The Plan Participants are not insiders of the Debtor. The Debtor respectfully requests that the Court approve the Plan and authorize the payments to the Plan Participants Employees contemplated therein.

In support of the Motion, the Debtor respectfully represents the following.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). The Debtor has filed a Motion seeking to transfer the venue of this case, which is currently pending before the Court. By filing this Motion, the Debtor is not consenting to venue in this Court and expressly reserves its arguments that venue in this Court is both improper and inconvenient. On June 14, 2011, an Official Committee of Unsecured Creditors ("Committee") was appointed by the Office of the United States Trustee. No request for the appointment of a trustee or examiner has been made in this case.

2. The statutory bases for the relief requested herein are Sections 105(a), 363, 503(b)(1), 503(c)(3) of the Bankruptcy Code and Bankruptcy Rule 6004.

2 MOTION OF THE DEBTOR FOR ORDER APPROVING NON-INSIDER EMPLOYEE INCENTIVE AND RETENTION PLAN

Case: 11-31376  Doc# 121  Filed: 06/24/11  Entered: 06/24/11 16:48:16  Page 2 of 6

## BACKGROUND

3. On April 11, 2011 (the "Petition Date"), certain alleged creditors of the Debtor filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code. On June 6, 2011, the Court entered the Order for Relief and Converting Case to One Under Chapter 11 ("Order for Relief"). Following the Petition Date, through the date of entry of the Order for Relief ("Gap Period"), the Debtor continued to operate its business in accordance with § 303(f) of the Bankruptcy Code.

4. The Debtor is a limited liability partnership organized under the laws of the District of Columbia, and was founded in 1956. A further description of the Debtor's business, the reasons for commencing the Chapter 11 case, and certain facts supporting the relief sought through this Motion are set forth in the DECLARATION OF ROBERT RUYAK IN SUPPORT OF FIRST DAY MOTIONS filed on June 6, 2011.

## EMPLOYEE INCENTIVE AND RETENTION PLAN

5. As of June 25, 2011, the Debtor will have 46 full-time employees participating in the wind-down efforts. The number of employees has been reduced substantially over the past several months, and the current cash collateral budget contemplates additional reductions over the coming months. The Debtor and its financial advisor have developed the Plan in order to ensure that the Participating Employees remain employees during their remaining term of employment with the Debtor. Contemporaneously with the filing of this Motion, the Debtor has filed a motion seeking to file the Plan with the Court under seal. Prior to the filing of this Motion, the Debtor provided a copy of the Plan to counsel to the Committee and counsel to Citibank, N.A.

6. The Plan divides the Plan Participants into two "Tiers." Tier 1 Plan Participants receive payment based upon performing incentive tasks by specified dates. Each Tier 1 Plan Participant is targeted to earn from 20 to 50% of their total projected salary through his or her scheduled termination date. Payments to Tier 2 Plan Participants are based on those employees remaining with Howrey until their scheduled termination dates. The Tier 2 Plan Participants would receive 20 - 45% of their remaining pay. The total potential compensation under the Plan is $455,781. The Plan further provides that the Debtor may reallocate incentives to the Plan

Participants or other employees based upon resignations or other unanticipated staffing reductions so long as the total compensation under the Plan remains the same.

**BASIS FOR RELIEF**

7. By this Motion, the Debtor seeks entry of an order approving the Plan and authorizing the payments to the Plan Participants contemplated by the Plan.

A. <u>The Plan is Supported by the Debtor's Business Judgment.</u>

8. Section 363(b) authorizes a debtor-in-possession to use property of the estate outside the ordinary course of business after notice and a hearing. The debtor's use of property outside the ordinary course of business must be supported by sound business judgment. <u>See</u> <u>Fulton State Bank v. Schipper</u>, 933 F.2d 513, 515 (7th Cir. 1991) (a debtor's decision to use property outside of the ordinary course of business must be supported by "some articulated business justification."). Courts typically use the business judgment standard in evaluating a proposed retention plan. <u>See</u> <u>In re The Brooklyn Hospital Center</u>, 341 B.R. 405, 410 (Bankr. E.D.N.Y. 2006).

9. Once a debtor has set forth a valid business purpose or justification for the use of property, it is presumed that the debtor's decision is informed, and made in a good faith belief that the action is in the debtor's best interest. <u>See</u> <u>In re Integrated Resources, Inc.</u>, 147 B.R. 650, 656 (S.D.N.Y. 1992).

10. The Plan supports a valid business purpose and the Debtor's decision to seek authority to implement the Plan is supported by sound business judgment. The Plan Participants have been carefully selected and the Plan is limited to those employees whose support is absolutely critical during the wind-down. Indeed, only 20 of the 46 remaining employees are Plan Participants. If these employees were to resign, it would be extremely difficult if not impossible to obtain suitable replacements for short-term employment during the wind-down. The Plan has been carefully designed to create a modest but critical incentive to ensure that skilled personnel remain on the job throughout the wind-down.

B. <u>The Plan Complies with Section 503 of the Bankruptcy Code.</u>

11. Section 503(c) places certain limitations on the ability of debtors to provide retention payments to employees. Specifically, § 503(c)(1) and (2) limits the types of retention and

JLF
K:\Howrey\Pldgs\Retention\Mot v3.doc

4  MOTION OF THE DEBTOR FOR ORDER APPROVING NON-INSIDER EMPLOYEE INCENTIVE AND RETENTION PLAN

Case: 11-31376   Doc# 121   Filed: 06/24/11   Entered: 06/24/11 16:48:10   Page 4 of 6

severance payments that can be made to "insiders" of the Debtor. The Debtor submits that only the members of the Dissolution Committee (none of whom are Plan Participants) are likely to be considered insiders of the Debtor. Therefore, the limitations imposed by §503(c)(1) and (2) are not applicable.[1]

12. Section 503(c)(3) limits payments "that are outside the ordinary course of business and not justified by the facts and circumstances of the case, including transfers made to, or obligations incurred for the benefit of, officers, managers, or consultants hired after the date of the filing of the petition." 11 U.S.C. § 503(c)(3). As an initial matter, few of the Plan Participants could arguably be considered "officers" or "managers" of the Debtor. The relevant legal standard under § 503(c)(3) is also the business judgment test. See Borders Group, 2011 WL 1563633 at *10. As set forth above, the Debtor has satisfied the business judgment test with respect to the Plan. The Plan Participants are being called upon to provide additional services yet have no assurance of employment beyond just a few weeks. The Debtor believes that many of the Plan Participants have elected to remain with the Debtor in reliance upon approval of the Plan. Approval of the Plan will allow the Debtor to retain these critical employees while essential tasks are competed.[2]

### NOTICE

13. The Debtor has provided notice of this Motion to: (a) the Office of the United States Trustee, (b) the creditors listed on the Debtor's list of 20 largest unsecured creditors, (c) counsel to Citibank, N.A, (d) the Internal Revenue Service, (e) the Department of Justice, (f) counsel to the Official Committee of Unsecured Creditors, and (g) all parties that have filed a Request for Notice in this case. In light of the nature of the relief requested, the Debtor submits that no further notice is required or needed under the circumstances.

### CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court grant this Motion and enter

---

[1] To the extent the Court determines that certain Tier 1 employees are "insiders," the Plan may nevertheless be approved because with respect to Tier 1 Plan Participants, the Plan is incentivizing and not primarily retentive. See In re Borders Group, Inc., __ B.R. __, 2011 WL 1563633 at * 8 (Bankr. S.D.N.Y. April 27, 2011).

[2] The Plan is also similar in scope to the plan approved in the case In re Heller Ehrman LLP, Case No. 08-32514 (Bankr. N.D. Cal. March 3, 2009) (Order Approving Revised Non-Insider Employee Retention and Incentive Bonus Plan).

the proposed Order, substantially in the form attached hereto as **Exhibit "A"**,

1. Authorizing the Debtor to implement the Plan and make all required payments thereunder; and,

2. Granting such other and further relief as this Court deems appropriate.

Dated: June 24, 2011

WILEY REIN LLP
H. Jason Gold
Valerie P. Morrison
Dylan G. Trache

and

MURRAY & MURRAY

By: /s/ *Jenny Lynn Fountain*
Jenny Lynn Fountain
Counsel to Howrey LLP

13313629.2