Michael A. Isaacs, State Bar No. 99782
Gregg S. Kleiner, State Bar No. 141311
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.3896
Email: misaacs@luce.com
       gkleiner@luce.com

Counsel for Warner Investments, L.P.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HOWREY LLP,<br><br>A District of Columbia Limited Liability Partnership,<br><br>    Debtors.<br><br>1299 Pennsylvania Avenue<br>Washington, D.C. 20004<br><br>Employer's Tax I.D. No.: 53-0231650 | Case No. 11-31376 DM<br>Chapter 11<br>Hon. Dennis Montali<br><br>**OBJECTION OF WARNER INVESTMENTS, L.P. TO DEBTOR'S MOTION TO USE CASH COLLATERAL**<br><br>Date:   August 1, 2011<br>Time:  9:00 a.m.<br>Place:  235 Pine St., 23rd Floor<br>           San Francisco, CA 94104<br>Judge:  Honorable Dennis Montali |

      Warner Investments, L.P. ("Warner"), by and through its undersigned counsel, files this objection to Howrey LLP's ("Debtor") continued Motion to Use Cash Collateral. The Court should deny the Debtor authority to use cash collateral absent (i) Debtor's prompt deliver to Warner of all Post-Petition Rent (defined below), in the approximate amount of $2,839,606.18[1] and (ii) Warner receiving adequate assurance that the Debtor will remain current on all future rental obligations under the Lease (defined below).

---

[1] By this reference, Warner reserves the right to increase the amount of its administrative claim in order to include fees and costs that have yet to be billed and/or fully calculated, including, but not limited to, the amount of Debtor's post-Relief Date (defined below) for tax obligations and attorneys fees and costs (collectively, "Unliquidated Administrative Fees/Costs").

As set forth in greater detail below: (A) Warner, Debtor's landlord for 1299 Pennsylvania Avenue, Washington, D.C. 20004 ("Premises"), has not been paid **any** rent owed to it since before the filing of the involuntary petition (April 11, 2011) **or** any administrative rent since the Order for Relief was entered on June 6, 2011 ("Relief Date"); (ii) since the Relief Date, Warner is owed the approximate amount of $2,839,606.18, plus Unliquidated Administrative Fees/Costs; and (iii) the cash collateral budget [Docket 64-2] does not appear to make a any provision for payment of the administrative rent owed to Warner now or in the future.

**Preliminary Statement**

1. On March 3, 1992, Warner, as landlord, and Debtor, as tenant, entered into that certain lease for non-residential real property entitled "Office Lease Agreement" ("Office Lease"), as amended, for that certain real property commonly referred to as 1299 Pennsylvania Avenue, Washington, D.C. 20004 ("Premises"). On February 19, 2008, Warner and the Debtor, with regard to a portion of the Premises, entered into that certain agreement entitled "Storage Space Lease Agreement" ("Storage Agreement" together with the Office Lease, collectively, the "Lease"). Declaration of Mei Cheng in Support of Motion to Compel Payment of Administrative Rent, ¶2 ("Cheng Declaration"). Under the terms of the Lease, the Debtor is obligated to pay fixed monthly base rent and certain other additional and related fees and expenses (collectively, "Rent"). Cheng Declaration ¶2.

2. Since the Relief Date, the Debtor has operated as a debtor-in-possession and no chapter 11 trustee has been appointed. According to the Declaration of Robert Ruyak in Support of First Day Motions [Doc. 64] the Debtor continues to uses the Premises as its primary business location:

> 8. Howrey presently represents clients in a number of ongoing matters ("Pending Matters"). As part of the wind-down of operations, these Pending Matters are being handled and/or managed out of Howrey's Washington, D.C. office.

3. Notwithstanding the Debtor's admitted use of and need for the Premises, the Debtor has not paid Warner **any** Rent for the use of the Premises since February 2011 and its

present aggregate obligation to Warner is approximately $7,740,874.72.[2] Cheng Declaration ¶4. Based on the sums set forth in the budget, the Debtor derives significant revenue from its use of the Premises. Warner is informed and believes that pursuant to the terms of the Interim Cash Collateral budget approved by the Court, many of the Debtor's post-petition creditors, including the Debtor's remaining attorneys and staff and Debtor's pre-petition secured creditor, Citibank, are being paid significant sums post-petition ("Post-Petition Payments"). [Docket 98].

4. Since the Relief Date, the Debtor has failed to remit any Rent to Warner as required by the Lease. Cheng Declaration ¶5. For the period June 6, 2011 through June 30, 2011, the Debtor's arrears under the Lease are approximately $1,303,650.95 ("Partial June Rent"). In addition, the Debtor has failed to deliver Rent due under the Lease for July 2011 in the approximate aggregate amount of $1,535,955.23 ("July 2011 Rent"). Cheng Declaration ¶5. The Partial June Rent and July 2011 Rent aggregate approximately $2,839,606.18 and shall be collectively referred to as "Post-Petition Rent." Post-Petition Rent does not include Unliquidated Administrative Fees/Costs.

**The Debtor is Obligated to Timely Pay Warner Post-Petition Rent**

5. Section 365(d)(3) obligates the Debtor to "timely perform all the obligations… arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3). The Debtor cannot dispute that the obligations contemplated by Section 365(d)(3) include the timely payment of Rent. Notwithstanding this obligation, the Debtor appears to has set up its budget to only pay insiders and Citibank. Debtor's continuing failure to pay Warner any Rent is forcing Warner to finance the Debtor's post-petition operations by compelling it to become an involuntarily interest free post-petition lender, financing the Debtor's reorganization efforts, while other administrative creditors enjoy regular Post-Petition Payments under the Court approved cash collateral budget.

6. This Court should not authorize the Debtor's continued use of cash collateral

---

[2] Prior to the Relief Date, Warner drew down on the security deposit (letter(s) of credit) posted by the Debtor and applied it against the Debtor's obligation under the Lease.

absent (i) the Debtor's prompt deliver to Warner of all Post-Petition Rent and (ii) Warner receiving adequate assurance that the Debtor will remain current on all future rental obligations under the Lease.

**WHEREFORE**, Warner prays for an order denying the Debtor authority to use cash collateral absent Debtor (i) promptly delivering to Warner of all Post-Petition Rent and (ii) remaining current on all future Rent obligations under the Lease.

DATED: July 20, 2011  LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: /s/ Gregg S. Kleiner
GREGG S. KLEINER, ATTORNEYS FOR WARNER INVESTMENTS, L.P.