H. JASON GOLD (Pro Hac Vice)
VALERIE P. MORRISON (Pro Hac Vice)
DYLAN G. TRACHE (Pro Hac Vice)
WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
Email: jgold@wileyrein.com
Email: vmorrison@wileyrein.com
Email: dtrache@wileyrein.com

ROBERT A. FRANKLIN (091653)
CRAIG M. PRIM (077820)
JENNY LYNN FOUNTAIN (226241)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone: (650) 852-9000; (408) 907-9200
Facsimile: (650) 852-9244
Email: rfranklin@murraylaw.com
Email: cprim@murraylaw.com
Email: jlfountain@murraylaw.com

Counsel to Howrey LLP

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| HOWREY LLP, ) | Case No. 11-31376-DM |
| ) | |
| A District of Columbia Limited Liability ) | Chapter 11 |
| Partnership, ) | |
| ) | *[Hearing Date and Time to Be Determined]* |
| Debtor(s). ) | |
| ) | |
| 1201 Pennsylvania Avenue, Suite 300 ) | |
| Washington D.C., 20004 ) | |
| ) | |
| Employer's Tax I.D. No: 53-0231650 ) | |

**DEBTOR'S MOTION TO EXTEND EXCLUSIVE PERIODS FOR FILING
A CHAPTER 11 PLAN AND SOLICITING ACCEPTANCES**

TO: THE HON. DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND OTHER PARTIES IN INTEREST:

JLF:mw
S:\Howrey\Pldgs\Mtn Ext Exclusivity Motionv3.doc
13348438.2

1

DEBTOR'S MOTION TO EXTEND EXCLUSIVE PERIODS FOR FILING A
CHAPTER 11 PLAN AND SOLICITING ACCEPTANCES

Case: 11-31376  Doc# 311  Filed: 09/15/11  Entered: 09/15/11 16:42:55  Page 1 of 7

Howrey LLP, the Debtor and Debtor-in-possession in the above-captioned case (the "Debtor") hereby moves (the "Motion") this Court for entry of an order (the "Order"), in substantially the form attached hereto as **Exhibit "A"**, pursuant to Section 1121(d) of the United States Bankruptcy Code, extending, for a period of 120 days the exclusive periods during which the Debtor may file a Chapter 11 plan (through February 1, 2012) and during which the Debtor may solicit acceptances thereof (through April 2, 2012). The facts and circumstances supporting this Motion are set forth in the DECLARATION OF ROBERT RUYAK IN SUPPORT OF DEBTOR'S MOTION TO EXTEND EXCLUSIVE PERIODS FOR FILING A CHAPTER 11 PLAN AND SOLICITING ACCEPTANCES (the "Declaration"), filed concurrently herewith, which is fully incorporated herein by reference.

In support of the Motion, the Debtor respectfully represents the following.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). The Debtor has filed a motion seeking to transfer the venue of this case, which is currently pending before the Court. By filing this Motion, the Debtor is not consenting to venue in this Court and expressly reserves its arguments that venue in this Court is both improper and inconvenient. On June 14, 2011, an Official Committee of Unsecured Creditors ("Committee") was appointed by the Office of the United States Trustee. No request for the appointment of a trustee or examiner has been made in this case.

2. The statutory basis for the relief requested herein is Section 1121(d) of the Bankruptcy Code.

## BACKGROUND

3. On April 11, 2011 (the "Petition Date"), certain alleged creditors of the Debtor filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code. On June 6, 2011, the Court entered the ORDER FOR RELIEF AND CONVERTING CASE TO ONE UNDER CHAPTER 11 ("Order for Relief"). Following the Petition Date, through the date of entry of the Order for Relief ("Gap Period"), the Debtor continued to operate its business in accordance with § 303(f) of the Bankruptcy Code.

4. The Debtor is a limited liability partnership organized under the laws of the District

of Columbia, and was founded in 1956. A further description of the Debtor's business, the reasons for commencing the Chapter 11 case, and certain additional facts supporting the relief requested in this Motion are set forth in the DECLARATION OF ROBERT RUYAK IN SUPPORT OF FIRST DAY MOTIONS filed on June 6, 2011, which is incorporated herein by reference.

## RELIEF REQUESTED

5. Through this Motion, the Debtor requests that the Court (i) extend the time under § 1121(b) of the Bankruptcy Code during which only the Debtor may file a chapter 11 plan through and including February 1, 2012 and (ii) extend the time period during which only the Debtor may solicit acceptances of any such plan(s) through April 2, 2012.

## BASIS FOR RELIEF

6. Pursuant to § 1121(b) of the Bankruptcy Code, only the Debtor may file a plan until after 120 days following the Petition Date ("Plan Filing Exclusivity Period"). In this case, the Plan Filing Exclusivity Period currently expires on October 4, 2011. In the event the Debtor files a Chapter 11 plan within the Plan Filing Exclusivity Period, § 1121(c)(3) provides an additional 60 days for the Debtor to obtain acceptances of such a plan ("Solicitation Exclusivity Period" and collectively, with the Plan Filing Exclusivity Period, the "Exclusivity Periods").

7. Section 1121(d) of the Bankruptcy Code explicitly contemplates extensions of the Exclusivity Periods: "[o]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d). Moreover, the decision of whether to extend the Exclusivity Periods is within the sound discretion of the Court given the facts and circumstances of each case. *See In re Texaco*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987). Courts have typically found guidance in and derived certain relevant factors from the legislative history of § 1121. *See, e.g., Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.)*, 292 B.R. 639, 643 (B.A.P. 8th Cir. 2003). As explained in the legislative history, Congress intended to provide the bankruptcy court with maximum flexibility in determining whether or not to extend exclusivity. *See In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996).

8. Among the factors typically considered by courts in ruling on requests to extend exclusivity are the following:

      a. The size and complexity of the case(s).

      b. The necessity for sufficient time to negotiate and prepare adequate information.

      c. The existence of good faith progress toward a Chapter 11 plan.

      d. Whether creditors will be prejudiced by the requested extension.

*See In re Freidman's, Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). Other courts have identified additional potentially relevant factors. *See In re Adelphia Communications Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006). Moreover, the BAP in this Circuit has noted that "a transcendent consideration is whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolution." *In re Henry Mayo Newhall Memorial Hospital*, 282 B.R. 444, 453 (9th Cir. BAP 2002). In this case, an analysis of the relevant facts and circumstances clearly establishes cause to extend the Exclusivity Periods.

<u>Size and Complexity/Sufficient Time.</u>

9. This case is among the largest pending in this division under virtually any metric. The Debtor's schedules list assets and liabilities of more than $100 million. In addition to its Washington, D.C. office, Howrey, at its peak, operated legal and support offices in Chicago, Illinois; Houston, Texas; Irvine, San Francisco and Los Angeles, California; Silicon Valley in California; Falls Church, Virginia, New York, New York; Salt Lake City, Utah; as well as international offices in Amsterdam, Brussels, Dusseldorf and Munich, and had affiliated with international offices in London[1], Madrid, Paris and Taiwan. The claims bar date has not yet passed, but the Debtor estimates that it has thousands creditors. Indeed, more than 350 claims have already been filed and the Court's docket contains more than 300 entries. Moreover, the case presents a number of complex issues, including: (a) the Debtor's motion to transfer venue, (b) the dispute with CIGNA

---

[1] A separate limited liability partnership also named "Howrey LLP" ("Howrey UK") was formed under the laws of the United Kingdom and operated affiliated offices in London and Paris. The relationship between Howrey UK and Howrey was governed by contract.

regarding the processing of medical claims; (c) an adversary proceeding related to claims under the Worker Adjustment and Retraining Notification Act ("WARN Act"), (d) an insolvency proceeding filed in Germany related to the Debtor's assets and liabilities in that country, (e) the disposition of client files, (f) the wind down and preservation of the Debtor's information and technology assets, (g) the Debtor's lawsuit against its former landlord, and (h) various other matters. The Order for Relief was entered on June 6, 2011. Given the size and complexity of the case, the Debtor simply has not had sufficient time to prepare a confirmable Chapter 11 plan. *See, e.g., In re CPM Energy Systems, Inc.*, 103 B.R. 508, 509 (Bankr. D. Del. 1989) (noting that five months is not a long period of time in the context of a Chapter 11 proceeding). Some courts have held that the size and complexity of a case alone can justify an extension of the Exclusivity Periods. *See McLean Industries*, 87 B.R. at 385. Here, the size and complexity of the case in comparison to the time the Debtor has been in Chapter 11, at the very least weighs in favor of extending the Exclusivity Periods.

Good Faith Progress Toward a Plan.

10. The Debtor has made substantial progress towards a Chapter 11 plan. Shortly following the entry of the Order for Relief, the Debtor engaged the Committee in negotiations regarding the framework for a Chapter 11 plan. These negotiations resulted in a Memorandum of Understanding between the Committee and the Debtor, which sets forth an agreed framework for a Chapter 11 plan, which the parties continue to negotiate along with the Debtor's secured lender, Citibank. Moreover, the Debtor is in the process of analyzing the various claims filed and expected to be filed against the estate in an effort to classify those claims for the purpose of preparing a plan. In particular, the Debtor must ascertain the level of priority claims in each of the relevant categories in order to determine its requirements for plan funding. Once the claims bar date has passed, the Debtor will be better positioned to make additional progress with respect to a plan. Thus, the Debtor has made significant progress towards a confirmable plan.

No Prejudice to Creditors.

11. A short extension of the Exclusivity Periods would not prejudice or pressure any creditors. Rather, an extension may in fact benefit creditors by allowing the Debtor additional time

in which to quantify and perhaps realize the value of certain contingency cases in which it has an interest.[2] Indeed, over the next several weeks and months, the Debtor believes that progress will be made in a number of the contingency cases such that the Debtor will be better able to estimate the amounts it will receive on account of certain cases. Moreover, the Debtor looks forward to working with the Committee, Citibank and other parties in interest in its efforts to craft a plan. In addition, the Debtor is current on all material undisputed obligations arising following entry of the Order for Relief. The Bankruptcy Code now limits extensions of the Exclusivity Periods to 18 months after the petition date and 20 months after the petition date respectively. The requested extensions fall well within these limits established by Congress and are reasonable in light of the facts and circumstances of this case.

<u>Extending Exclusivity Will Facilitate a Fair and Equitable Resolution.</u>

12. As discussed above, this is a complex case with many types of claims and competing interests. The Debtor has made progress towards a plan that will be acceptable to many of these constituencies and is working with the Committee and Citibank towards a fair and equitable resolution of this case. The Debtor simply needs more time to accomplish this goal. This is the Debtor's first request to extend the Exclusivity Periods, and the current Plan Filing Exclusivity Period expires prior to the bar date in this case. Extending the Exclusivity Periods will allow the Debtor a measure of control over the process of putting together a plan that can be confirmed while protecting the rights of creditors and other interested parties. It follows that the Motion should be granted, and the Exclusivity Periods should be extended.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that this Court enter an Order substantially in the form attached hereto as **Exhibit "A"**:

1. Granting the Motion;

2. Extending to February 1, 2012 (or such other date as the Court hereafter may order) the time during which only the Debtor may file a plan;

---

[2] Unresolved contingencies, such as the Debtor's interest in these cases has also been considered by courts as a factor weighing in favor of extending the Exclusivity Periods. Many other unresolved contingencies also exist, including the Debtor's lawsuit against its former landlord and the WARN Act litigation.

3. In the event that the Debtor files a plan on or before February 1, 2012, extending to April 2, 2012 (or such other date as the Court hereafter may order) the time during which only the Debtor may solicit acceptance of the plan;

4. Ordering that the foregoing extensions shall be without prejudice to the rights of any party to seek to shorten or lengthen such periods for good cause shown; and

5. For such other and further relief as this Court determines to be just and proper.

Dated: September 15, 2011

**WILEY REIN LLP**
    H. Jason Gold
    Valerie P. Morrison
    Dylan G. Trache

and

**MURRAY & MURRAY**
A Professional Corporation

By: */s/ Jenny Lynn Fountain*
    Jenny Lynn Fountain
    Counsel to Howrey LLP