PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Kelley A. Cornish (Admitted Pro Hac Vice)
*kcornish@paulweiss.com*
Diane Meyers (Admitted Pro Hac Vice)
*dmeyers@paulweiss.com*
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

PEITZMAN, WEG & KEMPINSKY LLP
Lawrence Peitzman (State Bar No. 62379)
*lpeitzman@pwkllp.com*
2029 Century Park East, Suite 3100
Los Angeles, California 90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

Attorneys for Citibank, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>Howrey LLP,<br><br>Debtor | CASE NO. 11-31376-DM<br><br>Chapter 11 Case<br><br>**CITIBANK, N.A.'S MOTION FOR ENTRY OF AN ORDER CONVERTING THE DEBTOR'S CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE, OR, IN THE ALTERNATIVE, APPOINTING A CHAPTER 11 TRUSTEE**<br><br>Hearing Date: September 21, 2011<br>[Requested]<br>Time: 9:30 a.m.<br>Place: Courtroom 22<br>      235 Pine Street, 19th Floor<br>      San Francisco, CA 94104<br>Judge: Honorable Dennis Montali |

Citibank, N.A. ("Citibank"), a secured creditor in the case of the above-captioned debtor (the "Debtor"), hereby moves this Court, by and through its undersigned counsel, pursuant to sections 105(a), 1104(a) and 1112(b) of Title 11 of the United States Code (the

Doc#: US1:7349593v4

- 1 — Motion for an Order Converting the Debtor's Chapter 11 Case to a Case under Chapter 7 of the Bankruptcy Code, or in the Alternative, Appointing a Chapter 11 Trustee

Case: 11-31376    Doc# 315    Filed: 09/15/11    Entered: 09/15/11 17:41:10    Page 1 of 4

"Bankruptcy Code") and Rule 1017(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order converting the above-captioned case (the "Chapter 11 Case") to a case under chapter 7 of the Bankruptcy Code, or alternatively, appointing a chapter 11 trustee.

As set forth in detail in the Memorandum of Points and Authorities in Support of the Motion of Citibank, N.A. for Entry of an Order Converting the Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code, Or, in the Alternative, Appointing a Chapter 11 Trustee (the "Memorandum"),[1] cause exists to convert the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, or alternatively, to appoint a chapter 11 trustee,[2] pursuant to section 1112(b)(4)(A) of the Bankruptcy Code. Section 1112(b)(4)(A) provides, in relevant part, that "cause" for conversion of a chapter 11 case includes, among other things, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). It is beyond dispute that "cause" for conversion exists here. The Debtor has incurred approximately $5.8 million in administrative costs since the commencement of the case. However, this is a liquidating case and the Debtor is essentially no longer operating or generating any new accounts receivable to fund these substantial costs. Accordingly, all of the Debtor's administrative costs are being funded from Citibank's cash

---

[1] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Memorandum.

[2] Section 1104(a) of the Bankruptcy Code provides, in relevant part, that the Court "shall order the appointment of a trustee – . . . (3) if grounds exist to convert . . . the case under section 1112, but the court determines that the appointment of a [chapter 11] trustee . . . is in the best interests of creditors and the estate." 11 U.S.C. § 1104(a)(3). As set forth herein and in the Memorandum, "cause" exists under section 1112 to convert the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code. If, however, the Court finds that the appointment of a chapter 11 trustee would instead be in the best interests of creditors and the estate, Citibank hereby alternatively requests such relief.

Doc#: US1:7349593v4

- 2 -  Motion for an Order Converting the Debtor's Chapter 11 Case to a Case under Chapter 7 of the Bankruptcy Code, or, in the Alternative, Appointing a Chapter 11 Trustee

Case: 11-31376   Doc# 315   Filed: 09/15/11   Entered: 09/15/11 17:41:10   Page 2 of 4

collateral – cash and ongoing collections of accounts receivable – which means there has <u>necessarily</u> been a substantial and continuing diminution in the value of the Debtor's estate.

In addition, the Debtor has consistently failed to meet its projected estimates of future collections of accounts receivable in Hourly Cases, and the rate of such collections has precipitously declined since commencement of the Chapter 11 Case. This is most likely because the Debtor was able to successfully monetize its higher-quality accounts receivable early in the case, which has now left it with receivables that will likely be more difficult to monetize. Indeed, $32.7 million of the Debtor's $33.3 million in total outstanding U.S. accounts receivable, or approximately 98.2%, are more than 91 days old. Finally, and as discussed in greater detail in the Memorandum, the timing and amount of the Debtor's recovery on the Contingent Cases remains speculative at this juncture. Moreover, since the Petition Date, the prospect of any substantial and immediate recovery from the Contingent Cases has diminished due to certain recent adverse rulings and procedural delays that could potentially impair the Debtor's ultimate recoveries in such cases.

Conversion is also warranted because Citibank will not consent to the Debtor's use of its cash collateral beyond September 23, 2011, and therefore the Debtor will not be able to administer its estate after that date. Over the past several months since the commencement of the Chapter 11 Case, the Debtor, Citibank and the Creditors' Committee have engaged in extensive, good faith negotiations regarding the terms of a consensual plan to wind-down the Debtor's estate in chapter 11. Throughout these negotiations, Citibank has endeavored to work cooperatively with the Debtor to maximize the value of its estate, and, to that end, approximately $5.8 million of Citibank's cash collateral has to date been used by the Debtor to fund administration of the Chapter 11 Case. Unfortunately, despite the parties' good faith efforts,

Doc#: US1:7349593v4

- 3 - Motion for an Order Converting the Debtor's Chapter 11 Case to a Case under Chapter 7 of the Bankruptcy Code, or, in the Alternative, Appointing a Chapter 11 Trustee

they have been unable to agree on the terms of a long-term budget that would govern the Debtor's use of Citibank's cash collateral for such wind-down efforts.

With the parties at an impasse, Citibank will not agree to the continued use of its cash collateral beyond the expiration of the Supplemental Cash Collateral Order, which expires by its own terms on September 23, 2011. Accordingly, after September 23, 2011, the Debtor will not be authorized to use Citibank's cash collateral unless it can demonstrate that Citibank's interests are adequately protected. For the reasons set forth in Memorandum, the Debtor cannot make such a showing.

WHEREFORE, Citibank respectfully requests that the Court enter an order, substantially in the form attached as Exhibit A to the Memorandum, converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, or alternatively, appointing a chapter 11 trustee, and granting such other and further relief as may be necessary.

Respectfully submitted,

Dated: September 15, 2011

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Kelley A. Cornish
Diane Meyers

and

PEITZMAN, WEG & KEMPINSKY LLP
Lawrence Peitzman

By: /s/ Lawrence Peitzman
Counsel to Citibank, N.A.

Doc#: US1:7349593v4

- 4 - Motion for an Order Converting the Debtor's Chapter 11 Case to a Case under Chapter 7 of the Bankruptcy Code, or, in the Alternative, Appointing a Chapter 11 Trustee

Case: 11-31376    Doc# 315    Filed: 09/15/11    Entered: 09/15/11 17:41:10    Page 4 of 4