1

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Kelley A. Cornish (Admitted Pro Hac Vice)
*kcornish@paulweiss.com*
Diane Meyers (Admitted Pro Hac Vice)
*dmeyers@paulweiss.com*
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

2

3

4

5

**Signed and Filed: September 22, 2011**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

6

PEITZMAN, WEG & KEMPINSKY LLP
Lawrence Peitzman (State Bar No. 62379)
*lpeitzman@pwkllp.com*
2029 Century Park East, Suite 3100
Los Angeles, California 90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

7

8

9

10

Attorneys for Citibank, N.A.

11

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

12

13

14

| | |
|---|---|
| In re | ) CASE NO. 11-31376-DM |
| | ) |
| | ) **ORDER APPROVING CITIBANK, N.A.'S** |
| Howrey LLP, | ) **MOTION TO APPOINT A CHAPTER 11** |
| | ) **TRUSTEE** |
| | ) |
| Debtor | ) Hearing Date: September 21, 2011 |
| | ) Time: 9:30 a.m. |
| | ) Place: Courtroom 22 |
| | ) 235 Pine Street, 19th Floor |
| | ) San Francisco, CA 94101 |
| | ) Judge: Honorable Dennis Montali |
| | ) |
| _____ | ) |

15

16

17

18

19

20

21

22

Upon consideration of the Motion[1] of Citibank for among other things entry of an

23

order, pursuant to sections 105(a) and 1104(a) of the Bankruptcy Code and Bankruptcy Rule

24

1017(f), appointing a chapter 11 trustee ("Chapter 11 Trustee"); and the Court having considered

25

the Motion, the Memorandum and the Verdisco Declaration; and the Court having held a hearing

26

27

28

---

[1] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Memorandum of Points and Authorities in Support of the Motion of Citibank, N.A. for Entry of an Order Converting the Debtor's Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code, or in the Alternative, Appointing a Chapter 11 Trustee (the "Memorandum").

with respect to the Motion; and it appearing that the Debtor and the Official Committee of Unsecured Creditors ("Committee") consent to the appointment of a Chapter 11 Trustee, subject to the terms and conditions set forth in this Order; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon, and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED AND DECREED** that:

1. The Motion to appoint a Chapter 11 Trustee is GRANTED as provided herein, and the request of Citibank to convert the case to a case under chapter 7 is withdrawn.

2. Pursuant to 11 U.S.C. section 1104(d) of the Bankruptcy Code, the Office of the United States Trustee shall consult with counsel to Citibank, the Debtor and the Committee to promptly select and appoint a qualified individual to serve as Chapter 11 Trustee.

3. The Chapter 11 Trustee and Citibank shall confer on a budget governing the use of cash collateral and, unless otherwise ordered by the Court, the Chapter 11 Trustee shall be permitted to use cash collateral only to the extent such use is previously agreed to in writing by Citibank.

4. Until the Chapter 11 Trustee has been appointed and qualified in this case, the Debtor may continue to use Citibank's cash collateral on the terms and conditions set forth in the Interim Cash Collateral Order solely in accordance with the supplemental two-week budget (the "Supplemental Budget") attached (as the same may be extended upon the agreement of Citibank and the Debtor) as follows: to pay the expenses set forth therein in the amounts stated, including (i) employee wages and benefits for those employees still employed by the Debtor as of the date hereof for services performed through no later than October 7, 2011 (except for those employees whose services will terminate effective on or before October 5, 2011, then only through that date); (ii) to reimburse the members of the Howrey Dissolution Committee for services performed through September 23, 2011 up to a maximum of $92,000 for the month of September 2011; and (iii) to pay up to $1.9 million (the "CIGNA Payment") for Howrey employee medical and healthcare claims ("Medical Claims") to be processed and paid through

Case 11-31376    Doc# 335    Filed: 09/22/11    Entered: 09/22/11 15:42:27    Page 2 of 7

Connecticut General Life Insurance Company, trading as CIGNA ("CIGNA"), on the terms and conditions described in the paragraph 9 below.

5. The liens and claims granted to Citibank pursuant to the Court's INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION AND RELATED RELIEF; AND (C) SCHEDULING FINAL HEARING [Docket No. 98] as amended or supplemented through the date hereof ("Interim Cash Collateral Order") shall continue in full force and effect notwithstanding the appointment of the Chapter 11 Trustee, and any use of cash collateral permitted by this Order shall be governed in all respects by the Interim Cash Collateral Order, as further modified hereby.

6. Until the Chapter 11Trustee has been appointed and qualified in this case, the Dissolution Committee may continue to serve on behalf of the Debtor, without compensation after September 23, 2011. Thereafter, the members of the Dissolution Committee may serve at the request of the Trustee and upon such terms as may be mutually agreed to between the members, the Chapter 11 Trustee and Citibank.

7. The Chapter 11 Trustee is hereby authorized to complete the indexing, return and authorized destruction of client files (whether electronic or hard copy) (the "Box Project") on a reasonable and appropriate time line and budget acceptable to Citibank in good faith, and shall be entitled to use cash collateral to complete the Box Project at a cost not to exceed $1,500,000 absent the further agreement of Citibank.

8. Nothing herein shall preclude the Debtor, with the consent of Citibank, or the Chapter 11 Trustee from retaining (or offering employment to) any Howrey employees for periods after October 7, 2011, subject to a budget reasonably acceptable to Citibank or further order of this Court.

9. Subject in all respects to an agreement with CIGNA reasonably satisfactory to Citibank, the Debtor, Citibank, and the Committee have agreed to the following terms and conditions regarding the CIGNA Payment and the use of the amounts already held in an imprest account (collectively, the "CIGNA Funds") for CIGNA to pay and process Medical Claims:

Case 11-31376   Doc# 335   Filed: 09/22/11   Entered: 09/22/11 15:42:27   Page 3 of 7

a.    CIGNA will complete the processing and payment of all Medical Claims forthwith;

b.    Citibank's cash collateral will not be used to fund amounts in excess of the CIGNA Funds for CIGNA to pay or process the Medical Claims or for any other services provided by it under its Administrative Services Only Agreement with the Debtor in connection with the Debtor's self-insured employee healthcare benefits plan ("Medical Plan");

c.    CIGNA will have an administrative expense claim for any Medical Claims it pays in excess of the CIGNA Funds;

d.    To the extent feasible, CIGNA will use reasonable efforts (i) to avoid paying any Medical Claims submitted on behalf of any Howrey partner or any dependent of a Howrey partner (the "Partner Claims"); (ii) to obtain the benefits of any medical provider discounts available to it and (iii) to provide Citibank with an accounting of any such Partner Claims, whether paid or unpaid;

e.    After the processing and payment of all Medical Claims, CIGNA will promptly return any unused portion of the CIGNA Funds directly to Citibank;

f.    In the event that any Partner Claims are paid with CIGNA Funds, the Debtor on behalf of the estate and the Chapter 11 Trustee reserves the right to seek reimbursement therefor from the Howrey partners;

g.    Upon the agreement of CIGNA, which agreement shall be reasonably satisfactory to Citibank, the Debtor shall promptly file a motion on such notice as shall be fixed by the Court, to approve these terms and any other terms as may be agreed upon by CIGNA, the Debtor, Citibank and the Committee concerning the processing and payment of Medical Claims. The CIGNA Payment will be made promptly upon such court approval.

10.    The Debtor's professionals shall file final applications for compensation and reimbursement of expenses (including, without limitation, fees and expenses that are not the subject of any previous application, and any "holdback" retained in accordance with procedures previously approved by this Court), which final applications shall be filed with the Court and served in accordance with the notification and service procedures set forth in the Order

- 4 -

approving interim compensation, within thirty (30) days after the appointment and qualification of the Chapter 11 Trustee; and

11.    The Debtor's professionals shall apply the unused portion of their retainers, if any, to pay approved final fees and expenses for services rendered through the date of the appointment and qualification of the Chapter 11 Trustee (and any services performed thereafter at the request of the Chapter 11 Trustee or in preparing and presenting their final fee applications). To the extent such retainers are insufficient to fully pay approved fees, such professionals shall be paid out of cash collateral or other cash of the estate in accordance with the Carve Out provision set forth in the Court's Interim Cash Collateral Order, which provision shall survive the appointment of the Chapter 11 Trustee and any termination of the Debtor's use of cash collateral until all approved final fees and expenses of the Debtor's professionals have been paid in full. To the extent there are any amounts remaining as retainers after satisfaction of the Debtor's professional fees such amounts will be paid to the estate forthwith.

12.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Approved as to Form

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Kelley A. Cornish
and

PEITZMAN, WEG & KEMPINSKY LLP

By: /s/ Lawrence Peitzman
    Lawrence Peitzman
    Attorneys for Citibank, N.A.

FELDERSTEIN FITZGERALD WILLOUGHBY & PASCUZZI LLP

- 5 -

1

2          By:  /s/ Thomas A. Willoughby
3               Thomas A. Willoughby
                Attorneys for Official Committee Of
4               Unsecured Creditors
5

6          WILEY REIN LLP
7

8

9          By:
10              Dylan Trache
                Attorneys for Debtor
11

12

13                    **END OF ORDER**
14

15

16

17
    13352414.3
18

19

20

21

22

23

24

25

26

27

28

                              - 6 -

By: _____
     Thomas A. Willoughby
     Attorneys for Official Committee Of
     Unsecured Creditors


WILEY REIN LLP

By: _____
     Dylan Trache
     Attorneys for Debtor


**END OF ORDER**

13352414.3

- 6 -