H. JASON GOLD (Pro Hac Vice)
VALERIE P. MORRISON (Pro Hac Vice)
DYLAN G. TRACHE (Pro Hac Vice)
WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C. 20006
Telephone:    (202) 719-7000
Facsimile:    (202) 719-7049
Email: jgold@wileyrein.com
Email: vmorrison@wileyrein.com
Email: dtrache@wileyrein.com

ROBERT A. FRANKLIN (091653)
CRAIG M. PRIM (077820)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone:  (650) 852-9000; (408) 907-9200
Facsimile:  (650) 852-9244
Email:  rfranklin@murraylaw.com
Email:  cprim@murraylaw.com

Counsel to Howrey LLP

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 11-31376-DM |
| HOWREY LLP, | Chapter 11 |
| A District of Columbia Limited Liability Partnership, | Date:    November 15, 2011<br>Time:    9:30 a.m. |
| Debtor(s). | Dept:    U.S. Bankruptcy Court<br>235 Pine Street, 22nd Floor<br>San Francisco, CA |
| 1201 Pennsylvania Avenue, Suite 300<br>Washington D.C., 20004 | Judge:    Honorable Dennis Montali |
| Employer's Tax I.D. No: 53-0231650 | |

## FIRST AND FINAL APPLICATION OF WILEY REIN LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

K:\Howrey\Pldgs\FeeApp\Wiley\App Final v3.doc

**TO:**    **THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, THE CHAPTER 11 TRUSTEE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR'S SECURED LENDER, COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND OTHER PARTIES IN INTEREST:**

Wiley Rein LLP ("Wiley Rein") hereby submits its First and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses ("Application") in connection with its representation of Howrey LLP, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"). Wiley Rein seeks final approval of compensation totaling $1,029,752.82 which sum represents compensation for services rendered in the amount of $1,001,656.00 and reimbursement for expenses incurred in the amount of $28,096.82.[1] In support of the Application, the Debtor respectfully represents the following:

## I. Introduction and Background.

1. On April 11, 2011 (the "Petition Date"), certain alleged creditors of the Debtor filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code. On June 6, 2011, the Court entered the Order for Relief and Converting Case to One Under Chapter 11 ("Order for Relief"). Following the Petition Date, through the date of entry of the Order for Relief ("Gap Period"), the Debtor continued to operate its business in accordance with § 303(f) of the Bankruptcy Code.

2. On June 14, 2011, an Official Committee of Unsecured Creditors ("Committee") was appointed by the Office of the United States Trustee.

3. On September 15, 2011, Citibank, N.A. filed a Motion for Entry of an Order Converting Debtor's Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code, or, in the Alternative, Appointing a Chapter 11 Trustee. On September 22, 2011, the Court entered its Order Approving Citibank, N.A.'s Motion to Appoint a Chapter 11 Trustee ("Trustee Order"). Wiley Rein

---

[1] These amounts cover the period of June 6, 2011 through October 14, 2011. As explained below, the Trustee Order (hereafter defined) provides for compensation for services associated with, among other things, the preparation and presentation of this Application and services related to the transition of the case to the Trustee. Accordingly, Wiley Rein intends to file a supplement to this Application in advance of the hearing.

intends to supplement this request to include any additional amounts incurred prior to and in connection with the hearing on this Application.

4. On October 7, 2011, the Office of the United States Trustee filed an Application to Appoint Alan Diamond as Chapter 11 Trustee. On October 13, 2011, this Court entered an order appointing Mr. Diamond as Chapter 11 Trustee.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for relief sought herein are 11 U.S.C. §§ 105(a), 330, 331, and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 2016.

## II. Notice.

6. Notice of the hearing on this Application has been provided to the Debtor, the Office of the United States Trustee, the Chapter 11 Trustee, the Debtor's Secured Lender, Counsel for the Official Committee of Unsecured Creditors, and all other parties required by the Court's Order Limiting Notice entered on August 13, 2011.

## III. Employment Authorization.

7. By Order entered on July 30, 2011, the Debtor was authorized to employ and retain Wiley Rein as its counsel in this case, effective as of June 6, 2011. A copy of this order is attached hereto as Exhibit "A". In the Employment Application, Wiley Rein identified various categories of services that it could be required to render to the Debtor. The services performed by Wiley Rein are all within the ambit of the categories identified in the employment application. Wiley Rein has been employed pursuant to its generally applicable hourly rates.

## IV. Applicant's Attorneys' Fees and Expenses.

8. By Order entered on July 21, 2011, this Court established procedures for interim monthly compensation and reimbursement of expenses by professionals ("Fee Procedures Order").

/ / /

/ / /

/ / /

9.     In accordance with the Fee Procedures Order, on August 1, 2011, Wiley Rein submitted its First Monthly Statement of Services Rendered and Expenses Incurred for the Period June 6, 2011 through June 30, 2011.

10.     On August 17, 2011, Wiley Rein submitted its Second Monthly Statement of Services Rendered and Expenses Incurred for the Period July 1, 2011 through July 31, 2011.

11.     On September 8, 2011, Wiley Rein submitted its Third Monthly Statement of Services Rendered and Expenses Incurred for the Period August 1, 2011 through August 31, 2011.

12.     With this Application and subject to the right to file a supplement to the Application, Wiley Rein seeks final approval and allowance of compensation for services rendered to the Debtor and expenses incurred.     Specifically, Wiley Rein seeks final approval and allowance of compensation for fees in the amount of $1,001,656.00 and reimbursement of costs for actual, necessary expenses in the amount of $28,096.82.

13.     In accordance with the Fee Procedures Order, Wiley Rein has received payments totaling $665,963.09, leaving a total of $363,789.73 in fees and costs unpaid as of the date of this Application.  Wiley Rein currently holds a retainer in the amount of $500,000.  Wiley Rein proposes to apply its retainer to all unpaid amounts awarded in this case.

## V.     Assets of the Estate.

The assets of the estate consist primarily of cash, accounts receivable, artwork and antiques, causes of action, the Debtor's interest in its errors and omissions insurer, and interests in certain pending contingent fee litigation.  Currently, the Debtor has approximately $3 million in cash exclusive of amounts held in Europe and in the imprest CIGNA account.   The face amount of the Debtor's accounts receivable is approximately $36.5 million exclusive of the Debtor's investment in contingent fee cases.

## VI.     Estimated Accrued Expenses of Administration.

The administration of the estate is ongoing.  Pursuant to the Trustee Order, the Debtor's professionals are filing Final Fee Applications at this time.  While certain parties have filed requests

1  for allowance of administrative expenses, no unpaid allowed administrative expenses exist at this

2  time.  Moreover, to the best of the Applicant's knowledge, the Debtor is current with respect to all

3  material undisputed costs of administration arising in the ordinary course of business.

4  **VII.    History and Description of Debtor's Business.**

5       The Debtor is a law firm and a limited liability partnership organized under the laws of the

6  District of Columbia, and was founded in 1956.  Over subsequent years, Howrey opened legal and

7  support offices in Chicago, Illinois; Houston, Texas; Irvine, San Francisco and Los Angeles,

8  California; Silicon Valley in California; Falls Church, Virginia, New York, New York; Salt Lake

9  City, Utah; as well as international offices in Amsterdam, Brussels, Dusseldorf and Munich, and had

10 affiliated with international offices in London[2], Madrid, Paris and Taiwan.  At its peak, more than

11 750 attorneys practiced at Howrey and its affiliated offices, and Howrey had more than 900

12 additional employees.

13      As the result of a significant decline in profits beginning in 2009 and the departure of

14 approximately 30% of Howrey's partners in 2010, on March 9, 2011, Howrey's remaining partners

15 voted to dissolve the partnership effective March 15, 2011.  Howrey adopted a Plan of Dissolution to

16 govern the wind-down of operations and appointed a five member Dissolution Committee to oversee

17 the wind-down of the firm's affairs.

18      The Debtor and Citibank, N.A. ("Citibank") are parties to certain pre-petition financing

19 documents through which the Debtor granted Citibank liens on substantially all of its domestic

20 assets.  Between March 15, 2011 and the Petition Date, Howrey worked diligently with CitiBank to

21 reduce its operations, collect outstanding receivables, monetize assets, compromise claims of

22 landlords and other creditors and otherwise wind-down its operations.  These efforts continued post-

23 petition.  As of the filing of this Application, the Debtor's obligation to Citibank is approximately

24 $42.7 million.

25      A further description of the Debtor's business, the reasons for commencing the Chapter 11

26 case, and certain additional facts supporting the relief requested in this Motion are set forth in the

27 ───────────────
     [2] A separate limited liability partnership also named "Howrey LLP" ("Howrey UK") was formed under the
28 laws of the United Kingdom and operated affiliated offices in London and Paris.  The relationship between Howrey UK
   and Howrey was governed by contract.

K:\Howrey\Pldgs\FeeApp\Wiley\App Final v3.doc                    5    FIRST AND FINAL APPLICATION OF WILEY REIN LLP FOR
                                                                        ALLOWANCE AND PAYMENT OF COMPENSATION AND
                                                                        REIMBURSEMENT OF EXPENSES

Case: 11-31376    Doc# 392    Filed: 10/25/11    Entered: 10/25/11 14:17:30    Page 5 of
                                      22

DECLARATION OF ROBERT RUYAK IN SUPPORT OF FIRST DAY MOTIONS filed on June 6, 2011, which is incorporated herein by reference.

## VIII.  Overview of Chapter 11 Case; Present Posture of the Case

The Trustee will complete the administration of the case. Howrey currently has approximately 16 employees working on the wind-down of the estate. Among the tasks that require completion are the collection of accounts receivable, collection of the Debtor's interest in contingent fee litigation, prosecution of causes of action, claims reconciliation, transition of current litigation to successor law firms, sale of artwork and antiques, completion of the disposition of client files, wind-down of the Debtor's information technology systems, and wind-down of European operations. In addition, the Trustee will likely desire to negotiate a Chapter 11 plan with the Committee and Citibank.

## IX.  Project Billing[3]

During the Billing Period, Wiley Rein rendered numerous professional services to the Trustee in various matters arising out of the cases. These services are explained below. Further, the time entries of Wiley Rein's professionals that evidence the services performed are attached hereto as Exhibit "B" and incorporated herein by reference.

### A.  Asset Analysis and Recovery.

Wiley Rein assisted the Debtor in connection with the recovery of accounts receivable and other assets. In particular, Wiley Rein sent letters to many of the Debtor's former clients requesting payment of outstanding invoices and communicated with these entities regarding the amounts owed. Wiley Rein also assisted the Debtor in connection with the recovery of contingent fees owed in the North Sea matter. In addition, Wiley Rein reviewed and analyzed other assets of the Debtor and advised the Debtor with respect to the engagement of a collection agent.

---

[3] Although Wiley Rein has endeavored to place time entries in the appropriate category, it recognizes that certain time entries could reasonably be placed in more than one category. Wiley Rein has attempted, however, to place each time entry in the category most applicable and appropriate. However, this process is not an exact science, and some time entries may appropriately fall within the ambit of more than one project billing category. As a result, similar task descriptions may have been placed within different categories. In no case will time entries appear under more than one category.

**Project Summary**

| Professional | Hours | Amount Requested |
|---|---|---|
| Pawandeep K. Chatha | 9.10 | $ 3,640.00 |
| Kara C. Morell | 0.60 | $ 312.00 |
| H. Jason Gold | 4.90 | $ 3,577.00 |
| Alexander M. Laughlin | 3.40 | $ 2,108.00 |
| Valerie P. Morrison | 3.30 | $ 2,178.00 |
| Robert W. Ours | 6.60 | $ 1,452.00 |
| Rebecca L. Saitta | 0.70 | $ 357.00 |
| Dylan G. Trache | 39.50 | $21,132.50 |
| Total | 68.10 | $34,756.50 |

### B.    Asset Disposition

Wiley Rein assisted the Debtor in connection with the disposition of many assets.  For example, Wiley Rein prepared and filed a motion to approve procedures for an auction of the Debtor's personal property located in its former Washington D.C. offices and worked with the Debtor, Protiviti, and other parties to ensure a successful auction.  In addition, Wiley Rein prepared the necessary documents to complete the sale of the Debtor's personal property in Irvine to its former landlord in that location.   In order to further facilitate sales of assets, Wiley Rein prepared and filed a motion to establish procedures for the disposition of *de minimis* assets. The Court approved these procedures, and Wiley Rein assisted the Debtor with respect to sales under the *de minimis* asset sale procedures.

**Project Summary**

| Professional | Hours | Amount Requested |
|---|---|---|
| Pawandeep K. Chatha | 3.40 | $ 1,360.00 |
| H. Jason Gold | 0.70 | $ 511.00 |
| Daniel Hassett | 0.50 | $ 295.00 |
| Kimberly Hertz | 1.00 | $ 150.00 |
| Alexander M. Laughlin | 40.50 | $25,110.00 |
| Valerie P. Morrison | 2.50 | $ 1,650.00 |
| Robert W. Ours | 2.80 | $ 616.00 |
| Rebecca L. Saitta | 3.00 | $ 1,530.00 |
| Dylan G. Trache | 43.70 | $23,379.50 |
| Total | 98.10 | $54,601.50 |

### C.    Business Operations

This project billing category includes services related to the operation of the Debtor's

business, including communication with employees, contracts, insurance and banking matters. In addition, this category includes services related to the negotiation and approval of the lease for the Debtor's new offices in Washington, D.C. and services related to that move. Communications and analysis regarding the Debtor's active client cases has also been included within the business operations task category. Finally, communications with the Debtor's employees regarding the status of the bankruptcy case, the appointment of the Trustee, and other matters have also been included in this category.

**Project Summary**

| **Professional** | **Hours** | **Amount Requested** |
|---|---|---|
| Pawandeep K. Chatha | 6.50 | $ 2,600.00 |
| H. Jason Gold | 3.40 | $ 2,482.00 |
| Dale E. Hausman | 3.90 | $ 2,086.50 |
| Alexander M. Laughlin | 29.90 | $18,538.00 |
| Kara C. Morell | 1.40 | $ 728.00 |
| Valerie P. Morrison | 9.80 | $ 6,468.00 |
| Robert W. Ours | 2.60 | $ 572.00 |
| Dylan G. Trache | 63.60 | $34,026.00 |
| Total | 121.10 | $67,500.50 |

### D. Case Administration

The case administration billing category includes various services performed by Wiley Rein to effectuate the orderly administration of the estate. Services in the case administration category include communications with management and other parties regarding various matters affecting the administration of the case. In addition, conferences among professionals that encompass multiple matters are often placed in the case administration billing category. Other aspects of case administration include services related to the transition of this case to the Trustee, telephonic meetings with the Howrey Dissolution Committee, review of monthly operating and other financial reports, communications with Howrey's former partners, and the preparation of a Motion to Limit Notice in this case. Finally, services related to tasks for which insufficient time has been billed to warrant the creation of a separate category have been categorized as case administration.

/ / /

/ / /

### Project Summary

| Professional | Hours | Amount Requested |
| --- | --- | --- |
| H. Jason Gold | 93.40 | $48,618.00 |
| Alexander M. Laughlin | 2.80 | $    930.00 |
| Lauren F. McKelvey | 0.10 | $      36.00 |
| Valerie P. Morrison | 28.30 | $12,342.00 |
| Robert W. Ours | 2.80 | $      66.00 |
| Dylan G. Trache | 55.10 | $15,194.00 |
| Total | 182.50 | $77,186.00 |

### E.    Claims Administration and Objections

This project billing category includes analysis and advice concerning two malpractice claims asserted in Europe by former clients of the Debtor.  Specifically, Wiley Rein communicated with counsel to the Debtor's insurer ALAS and counsel representing the Debtor in Europe regarding these matters and related issues including defense costs. These services included analyzing the possible liability that the Debtor had under its contract with Howrey LLP UK.  In addition, Wiley Rein reviewed certain claims filed in the case and communicated with special counsel regarding claims asserted under the WARN Act.

### Project Summary

| Professional | Hours | Amount Requested |
| --- | --- | --- |
| Kara C. Morell | 13.40 | $  6,968.00 |
| H. Jason Gold | 0.70 | $    511.00 |
| Alexander M. Laughlin | 43.10 | $26,722.00 |
| Valerie P. Morrison | 18.60 | $12,276.00 |
| Robert W. Ours | 3.60 | $    792.00 |
| Rebecca L. Saitta | 2.70 | $  1,377.00 |
| Dylan G. Trache | 14.30 | $  7,650.50 |
| Total | 96.40 | $56,296.50 |

### F.    Employee Benefits/Pensions

The Debtor provided its employees with a number of benefits and retirement plans.  Among these plans was a self insured medical plan administered by CIGNA.  Litigation between the Debtor

and CIGNA was handled by the Debtor's special counsel, Duane Morris. Wiley Rein communicated with Duane Morris regarding the various practical issues and obstacles to settlement and the impact of any settlement on the Debtor's budget, operations and related matters. Ultimately, the Debtor and CIGNA reached a settlement, which was approved by Citibank and the Court and resulted in the payment of medical claims of employees. In addition, Wiley Rein worked with Protiviti to ascertain the level of priority claims under § 507(a)(5) and the impact the same had on the claims waterfall analysis and budgeting.

### Project Summary

| Professional | Hours | Amount Requested |
|---|---|---|
| H. Jason Gold | 1.00 | $    730.00 |
| Alexander M. Laughlin | 0.50 | $    310.00 |
| Valerie P. Morrison | 10.70 | $ 7,062.00 |
| Robert W. Ours | 0.20 | $      44.00 |
| Rebecca L. Saitta | 18.00 | $ 9,180.00 |
| Dylan G. Trache | 8.50 | $ 4,547.50 |
| Total | 38.90 | $21,873.50 |

### G.    Professional Fee Applications

This project billing category includes preparation of Wiley Rein's fee applications, fee statements and related documents. In addition, Wiley Rein assisted other professionals in connection with their respective requests for compensation. Services in this category also include the preparation of a motion to establish procedures for professional compensation. Finally, Wiley Rein reviewed the fee statements of other professionals, including counsel and the financial advisors to the Committee.

### Project Summary

| Professional | Hours | Amount Requested |
|---|---|---|
| Alexander M. Laughlin | 1.60 | $    992.00 |
| Valerie P. Morrison | 0.30 | $    198.00 |
| Robert W. Ours | 23.60 | $ 5,192.00 |
| Dylan G. Trache | 23.90 | $12,786.50 |
| Total | 49.40 | $19,168.50 |

K:\Howrey\Pldgs\FeeApp\Wiley\App Final v3.doc

FIRST AND FINAL APPLICATION OF WILEY REIN LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

### H. Professional Employment Applications

This project billing category includes preparation of Wiley Rein's employment application in this case. In addition, Wiley Rein assisted other professionals in connection with their respective employment applications. Specifically, the following professionals were employed by the Debtor pursuant to orders of this Court: Wiley Rein LLP, Murray & Murray, Garden City Group, Inc., Protiviti, Inc., Schlanger, Silver, Barg & Paine, LLP, The Burdge Law Firm PC, Duane Morris LLP and Salter & Company, LLC. Wiley Rein also reviewed the employment applications of the Committee's professionals.

**Project Summary**

| Professional | Hours | Amount Requested |
|---|---|---|
| H. Jason Gold | 2.30 | $ 1,679.00 |
| Valerie P. Morrison | 3.00 | $ 1,980.00 |
| Robert W. Ours | 6.10 | $ 1,342.00 |
| Dylan G. Trache | 32.50 | $17,387.50 |
| Total | 43.90 | $22,388.50 |

### I. Financing

The Debtor's domestic cash was subject to a pre-petition security interest in favor of Citibank. Wiley Rein assisted the Debtor in the negotiation of a cash collateral order and budget. In addition, Wiley Rein represented the Debtor at the interim hearing to approve the use of case collateral held on June 8, 2011. On June 14, 2011, the Court entered the Interim Order (A) Authorizing Use of Cash Collateral; (B) Granting Adequate Protection and Related Relief; and (C) Scheduling Final Hearing which approved a cash collateral budget through August 1, 2011. Wiley Rein assisted the debtor in negotiating an extension of the budget through August 31, 2011. These services included review and discussion of a proposed budgets (both long and short term) prepared by Protiviti, communications with counsel to Citibank and the Committee regarding the budgets, and providing advice to the Howrey Dissolution Committee regarding the budgets. On September 1, 2011, the Court entered an Order approving an extension of the Interim Cash Collateral Order which approved the use of cash collateral through September 23, 2011. Thereafter, Wiley Rein assisted the Debtor in connection with the negotiating of a proposed long term budget. However, the Debtor,

K:\Howrey\Pldgs\FeeApp\Wiley\App Final v3.doc

11    FIRST AND FINAL APPLICATION OF WILEY REIN LLP FOR
ALLOWANCE AND PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES

Case: 11-31376   Doc# 392   Filed: 10/25/11   Entered: 10/25/11 15:57:30   Page 11 of 22

Citibank and the Committee were not able to reach an agreement on a long term budget.

**Project Summary**

| **Professional** | **Hours** | **Amount Requested** |
|---|---|---|
| H. Jason Gold | 23.40 | $17,082.00 |
| Alexander M. Laughlin | 1.30 | $   806.00 |
| Valerie P. Morrison | 40.80 | $26,928.00 |
| Dylan G. Trache | 35.90 | $19,206.50 |
| Total | 101.40 | $64,022.50 |

### J.     Litigation

The general litigation project billing category includes preparation and appearances at various hearings in the case. Wiley Rein represented the Debtor at the "First Day Hearings" held on June 8, 2011. These hearings required substantial preparation and follow up. In addition, Wiley Rein appeared at omnibus hearings on July 15, August 12, August 31 (telephonic), September 21 (telephonic) and September 28 (telephonic). Following the hearings, Wiley Rein prepared and revised orders for submission to the Court and coordinated with other parties regarding such revisions.

In addition, services in the general litigation category include those related to the Debtor's Motion to Dismiss Involuntary Petition or, in the Alternative, to Transfer Venue . These services included research regarding the various issues raised in defense of the Motion such as the location of the Debtor's assets, issues associated with *Jewel v. Boxer* liability and other matters which were expected to be raised at the hearing on this motion. In addition, Wiley Rein assisted the Debtor in responding to discovery and prepared and served discovery requests on the petitioning creditors. Wiley Rein also defended the deposition of Robert Ruyak which the petitioning creditors took on June 6, 2011. Wiley Rein also began preparing for the hearing on the motion.

/ / /

/ / /

/ / /

K:\Howrey\Pldgs\FeeApp\Wiley\App Final v3.doc

12    FIRST AND FINAL APPLICATION OF WILEY REIN LLP FOR
ALLOWANCE AND PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES

Case: 11-31376   Doc# 392   Filed: 10/25/11   Entered: 10/25/11 14:57:30   Page 12 of 22

**Project Summary**

| Professional | Hours | Amount Requested |
|---|---|---|
| H. Jason Gold | 67.20 | $49,056.00 |
| Thomas W. Kirby | 8.40 | $ 5,964.00 |
| Alexander M. Laughlin | 0.20 | $ 124.00 |
| Lauren F. McKelvey | 6.20 | $ 2,232.00 |
| Valerie P. Morrison | 62.00 | $40,920.00 |
| Robert W. Ours | 1.70 | $ 374.00 |
| James C. Slattery | 52.80 | $25,608.00 |
| Dylan G. Trache | 91.60 | $49,006.00 |
| Total | 290.10 | $173,284.00 |

### K.    Meeting of Creditors

Wiley Rein represented the Debtor at the § 341 meeting of creditors held on July 12, 2011. In addition, Wiley Rein advised the Debtor with respect to certain issues raised by the United States Trustee during the Initial Debtor Interview.

**Project Summary**

| Professional | Hours | Amount Requested |
|---|---|---|
| H. Jason Gold | 12.30 | $ 8,979.00 |
| Valerie P. Morrison | 0.30 | $ 198.00 |
| Dylan G. Trache | 2.00 | $ 1,070.00 |
| Total | 14.60 | $10,247.00 |

### L.    Plan and Disclosure Statement

This project billing category includes preliminary work with respect to a plan of liquidation to be proposed in accordance with the MOU (hereafter defined).  In addition, services related to the preparation of a Motion to Extend Exclusivity have been placed in this billing category.

/ / /

/ / /

/ / /

/ / /

/ / /

K:\Howrey\Pldgs\FeeApp\Wiley\App Final v3.doc

13   FIRST AND FINAL APPLICATION OF WILEY REIN LLP FOR
ALLOWANCE AND PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES

Case: 11-31376   Doc# 392   Filed: 10/25/11   Entered: 10/25/11 14:57:30   Page 13 of
22

**Project Summary**

| Professional | Hours | Amount Requested |
|---|---|---|
| H. Jason Gold | 0.30 | $ 219.00 |
| Kimberly A. Hertz | 1.60 | $ 240.00 |
| Valerie P. Morrison | 13.70 | $ 9,042.00 |
| Robert W. Ours | 3.40 | $ 748.00 |
| Rebecca L. Saitta | 0.30 | $ 153.00 |
| Dylan G. Trache | 8.00 | $ 4,280.00 |
| Total | 27.30 | $14,682.00 |

### M.  Tax Issues

The Debtor received notices from various taxing authorities regarding assessments and audits. Wiley Rein assisted the Debtor in responding to these notifications and otherwise communicating with the taxing authorities regarding the bankruptcy case, the automatic stay and other matters.

**Project Summary**

| Professional | Hours | Amount Requested |
|---|---|---|
| Pawandeep K. Chatha | 2.70 | $ 1,080.00 |
| Alexander M. Laughlin | 1.90 | $ 1,178.00 |
| Valerie P. Morrison | 0.50 | $ 330.00 |
| Robert W. Ours | 3.10 | $ 682.00 |
| Rebecca L. Saitta | 3.40 | $ 1,734.00 |
| Total | 11.60 | $ 5,004.00 |

### N.  Creditor Committee Issues/Communications

This project billing category includes numerous and substantial communications with the Committee and its counsel regarding the conduct of the case and a framework for a consensual Chapter 11 Plan. Wiley Rein advised Howrey's Dissolution Committee regarding the various issues and challenges laid out by the Committee and put forth a number of proposals to allow for a prompt exit from Chapter 11. In July 2011, the Debtor and the Committee executed a Memorandum of Understanding ("MOU") which set forth a negotiated timeline and structure for a joint plan of liquidation. The MOU set forth detailed goals and distribution levels that had it been implemented

K:\Howrey\Pldgs\FeeApp\Wiley\App Final v3.doc

14  FIRST AND FINAL APPLICATION OF WILEY REIN LLP FOR
ALLOWANCE AND PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES

Case: 11-31376   Doc# 392   Filed: 10/25/11   Entered: 10/25/11 14:57:36   Page 14 of
22

would have allowed the estate to delay costly litigation and permit sufficient time to recover the estate's interest in contingent fee litigation. Ultimately, due to unforeseen delays and obstacles, the MOU was not implemented.

**Project Summary**

| Professional | Hours | Amount Requested |
|---|---|---|
| Pawandeep K. Chatha | 0.40 | $    160.00 |
| H. Jason Gold | 77.20 | $56,356.00 |
| Thomas W. Kirby | 5.80 | $  4,118.00 |
| Alexander M. Laughlin | 1.00 | $    620.00 |
| Lauren F. McKelvey | 13.00 | $  4,680.00 |
| Valerie P. Morrison | 53.50 | $35,310.00 |
| Robert W. Ours | 4.20 | $    924.00 |
| Dylan G. Trache | 67.00 | $35,845.00 |
| Total | 221.10 | $138,013.00 |

**O.    Lease Issues**

This project billing category includes issues related to rejection of the Debtor's leases of non-residential real property. Most leases were rejected in connection with the First Day Hearings. However, a lease that the Debtor was obligated under for property in London, United Kingdom was not rejected at that time while the Debtor continued to attempt to market that property. Once the Debtor determined that it would not be able to assume and assign that lease, Wiley Rein prepared a motion to reject which was granted by Order entered on August 17, 2011. In addition, Wiley Rein worked with the Debtor's former Washington, D.C. landlord to formally document a new lease for a portion of that premises.[4] Wiley Rein also communicated with other landlords regarding security deposits and other matters.

/ / /

/ / /

/ / /

/ / /

---

[4] Issues related to the Washington, D.C. landlord were placed in a separate task category once the issue escalated to a contested matter.

K:\Howrey\Pldgs\FeeApp\Wiley\App Final v3.doc

FIRST AND FINAL APPLICATION OF WILEY REIN LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

**Project Summary**

| Professional | Hours | Amount Requested |
|---|---|---|
| Pawandeep K. Chatha | 11.50 | $ 4,600.00 |
| H. Jason Gold | 0.90 | $ 657.00 |
| Alexander M. Laughlin | 12.00 | $ 7,440.00 |
| Robert W. Ours | 4.30 | $ 946.00 |
| Dylan G. Trache | 13.80 | $ 7,383.00 |
| Total | 42.50 | $21,026.00 |

### P.     Creditor Inquiries/Communications

This project billing category includes communications with a variety of creditors regarding the entry of the Order for Relief and automatic stay, case status and other matters.

**Project Summary**

| Professional | Hours | Amount Requested |
|---|---|---|
| Pawandeep K. Chatha | 4.90 | $ 1,960.00 |
| Alexander M. Laughlin | 0.10 | $ 62.00 |
| Lauren F. McKelvey | 1.40 | $ 504.00 |
| Valerie P. Morrison | 0.30 | $ 198.00 |
| Robert W. Ours | 1.70 | $ 374.00 |
| Dylan G. Trache | 4.40 | $ 2,354.00 |
| Total | 12.80 | $ 5,452.00 |

### Q.     Schedules/SOFAs

On June 13, 2011, the Court entered an Order extending the deadline for the Debtor to file its Schedules and Statements of Financial Affairs through July 6, 2011. Wiley Rein assisted the Debtor and its financial advisor with respect to the completion of these documents. These services included review of preliminary drafts, responding to legal inquiries regarding the status of certain parties in interest and other matters necessary to timely complete the Schedules and Statements of Financial Affairs which were filed on July 6, 2011.

/ / /

/ / /

**Project Summary**

| Professional | Hours | Amount Requested |
|---|---|---|
| H. Jason Gold | 5.70 | $ 4,161.00 |
| Alexander M. Laughlin | 5.80 | $ 3,596.00 |
| Valerie P. Morrison | 0.30 | $   198.00 |
| Robert W. Ours | 0.30 | $    66.00 |
| Dylan G. Trache | 11.10 | $ 5,938.50 |
| Total | 23.20 | $13,959.50 |

### R.    DC Lease Issues

On July 20, 2011, Warner Investments LP ("Warner") filed its Motion to Compel Payment of Post-Petition Administrative Rent for 1299 Pennsylvania Avenue, Washington D.C. 20004. The filing of this motion was a result of Warner's breach of its new lease agreement with the Debtor whereby the Debtor would lease only a portion of its prior premises in Washington, D.C. at a substantially reduced rent. Wiley Rein prepared and filed an opposition to this motion as well as a motion to reject the lease and appeared at an emergency hearing held on July 26, 2011. Following this hearing, the Court entered an Order requiring payment of the rent which the Debtor had agreed to pay under the new lease and set a schedule for the Debtor to commence an adversary proceeding against Warner. As the hearing on the Rent Motion had been schedule on an expedited basis, Wiley Rein completed research on the relevant issues and prepared a Complaint which was filed on August 19, 2011. Wiley Rein communicated with Warner regarding a discovery plan and had scheduled a call regarding possible settlement of the matter. Settlement talks were adjourned pending the appointment of the Trustee.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

FIRST AND FINAL APPLICATION OF WILEY REIN LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

**Project Summary**

| Professional | Hours | Amount Requested |
|---|---|---|
| Pawandeep K. Chatha | 20.60 | $ 8,240.00 |
| H. Jason Gold | 32.50 | $23,725.00 |
| Thomas W. Kirby | 12.70 | $ 9,017.00 |
| Alexander M. Laughlin | 21.80 | $13,516.00 |
| Valerie P. Morrison | 45.60 | $30,096.00 |
| Robert W. Ours | 12.30 | $ 2,706.00 |
| J. Elizabeth Poole | 2.70 | $ 1,080.00 |
| Rebecca L. Saitta | 40.40 | $20,604.00 |
| James C. Slattery | 6.00 | $ 2,910.00 |
| Dylan G. Trache | 47.40 | $25,359.00 |
| Total | 242.00 | $137,253.00 |

### S.    German Insolvency

On or about August 22, 2011, PriceWaterhouseCoopers initiated an insolvency proceeding against the Debtor in Germany. The German authorities appointed Ottmarr Hermann as preliminary insolvency administrator. Wiley Rein reviewed correspondence from Mr. Hermann's office and participated in a telephone call with his counsel.

**Project Summary**

| Professional | Hours | Amount Requested |
|---|---|---|
| H. Jason Gold | 1.40 | $ 1,022.00 |
| Valerie P. Morrison | 2.70 | $ 1,782.00 |
| Dylan G. Trache | 1.80 | $   963.00 |
| Total | 5.90 | $ 3,767.00 |

### X.    Project Billing Summary

A summary of all  project billing categories used by Wiley Rein in this case, including hours of professional time devoted to each category and the amount of attorneys' fees incurred therefor, is attached hereto as Exhibit "C".

/ / /

/ / /

/ / /

K:\Howrey\Pldgs\FeeApp\Wiley\App Final v3.doc

18 FIRST AND FINAL APPLICATION OF WILEY REIN LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Case: 11-31376   Doc# 392   Filed: 10/25/11   Entered: 10/25/11 14:57:36   Page 18 of 22

## XI.  Expenses

In the course of its rendition of services to the Debtor during the Billing Period, Wiley Rein has incurred necessary and actual out-of-pocket expenses in the amount of $28,096.82 for which Wiley Rein seeks reimbursement.  A breakdown of these expenses is as follows:

| Nature of Expense | Amount |
|---|---|
| Database Research Services | $ 1,405.28 |
| Docket Searches | $    202.08 |
| Court Reporters | $ 1,060.91 |
| Office Copying | $ 1,287.75 |
| Local Transportation | $    230.28 |
| Local Courier | $      17.49 |
| Long Distance Telephone | $ 4,004.08 |
| Postage | $    215.75 |
| Overnight Delivery | $    147.09 |
| Search Fees | $ 1,104.96 |
| Business Meals | $    147.08 |
| Filing Fees | $ 2,601.48 |
| Travel Exp. Rm., Meals, etc. | $ 3,864.87 |
| Travel Exp. Plane Fare | $10,416.36 |
| Travel Exp. Rail Fare | $    974.00 |
| Travel – Hotel | $    373.43 |
| Depositions/Transcripts | $    234.45 |
| Credit for Lunches and other charges | ($    190.52) |
| Total Expenses | $28,096.82 |

## XII.  Total Request

Based upon the foregoing, and as set forth in its prior interim applications, Wiley Rein seeks final compensation in the amount of $1,001,656.00, plus reimbursement of its out-of-pocket expenses incurred on the Debtor's behalf in the amount of $28,096.82.

## XIII.  Authority

Pursuant to 11 U.S.C. § 330, the Court may award Wiley Rein reasonable compensation for actual and necessary services performed in these cases.  For the reasons articulated above, Wiley Rein believes that the services performed on the Debtor's behalf were necessary to the administration of this case, ere performed within a reasonable amount of time commensurate with the complexity, importance and nature of the issues involved, and were undertaken by professionals whose rates are reasonable based on the customary compensation charged by comparably skilled practitioners.

K:\Howrey\Pldgs\FeeApp\Wiley\App Final v3.doc

19  FIRST AND FINAL APPLICATION OF WILEY REIN LLP FOR
ALLOWANCE AND PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES

Case: 11-31376   Doc# 392   Filed: 10/25/11   Entered: 10/25/11 14:57:30   Page 19 of 22

**XIV. Conclusion**

WHEREFORE, Wiley Rein requests entry of an Order (i) allowing Wiley Rein fees in the amount of $1,001,656.00 on a final basis, and expenses in the amount of $28,096.82 on a final basis, for a total final award of $1,029,752.82; (ii) authorizing Wiley Rein to draw utilize its retainer to pay all amounts not previously paid; (iii) directing the Debtor to pay any amounts that have not paid following application of the retainer; and (iv) granting any further relief as is just and proper.

Dated: October 25, 2011

WILEY REIN LLP
H. Jason Gold
Valerie P. Morrison
Dylan G. Trache

By: */s/ Dylan G. Trache*
Dylan G. Trache

## CERTIFICATION RE COMPLIANCE WITH GUIDELINES FOR COMPENSATION AND EXPENSE REIMBURSEMENT OF PROFESSIONALS

I, Dylan G. Trache, am the professional designated by Wiley Rein LLP ("Wiley Rein") with the responsibility in this case for compliance with the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees (the "Guidelines") promulgated by this Court on July 8, 2004, and I hereby certify that:

(1) I have read the foregoing Application;

(2) To the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought herein is in conformity with the Guidelines, except as follows:

a. The Application includes many project billing categories that exceed $20,000. Wiley Rein has created additional project billing categories where possible. However, given the nature of some of the services, it was not feasible in every instance to create a project billing category of less than $20,000. Wiley Rein believes that the Application includes project billing categories that are appropriate to the size and complexity of this case and Wiley Rein's role as bankruptcy counsel; and

b. Wiley Rein has included all of its expenses on one exhibit to the Application (**Exhibit "D"**) rather than specifying expenses for each project billing category as it is not practical to separate the expenses by project billing category, as set forth in the Application, Wiley Rein has reduced its request by the sum of $190.52 to reflect lunches and other charges included in travel expense reports; and

c. A limited number of time entries may reflect lumping of tasks. Wiley Rein submits that these entries nevertheless reflect a sufficient description of the tasks involved to allow parties to ascertain the value of the services rendered; and

d. Consistent with Judge Montali's practices, Wiley Rein has charged up to 2 hours of non-working air travel time each way per trip.

(3) The compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by Wiley Rein and

K:\Howrey\Pldgs\FeeApp\Wiley\App Final v3.doc

21 FIRST AND FINAL APPLICATION OF WILEY REIN LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Case: 11-31376 Doc# 392 Filed: 10/25/11 Entered: 10/25/11 14:57:30 Page 21 of 22

generally accepted by Wiley Rein's clients;

        (4)     All of the time records attached to this Application are accurate and were recorded in the regular and ordinary course of business contemporaneously with the services provided; and

        (5)     This Application was transmitted to the Debtor with the cover letter required by the Guidelines, a copy of which is attached hereto as **Exhibit "E"** and by this reference incorporated herein.

        I hereby certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief formed after reasonable inquiry.


Dated: October 25, 2011                      */s/ Dylan G. Trache*
                                         Dylan G. Trache