ALLAN B. DIAMOND, ESQ.
Diamond McCarthy LLP
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: 713-333-5100
Facsimile: 713-333-5199
*Chapter 11 Trustee for Howrey LLP*

**DIAMOND MCCARTHY LLP**
Howard D. Ressler
Jason M. Rudd
Stephen T. Loden
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: 713-333-5100
Facsimile: 713-333-5199
*Proposed Counsel for Allan B. Diamond,
Chapter 11 Trustee for Howrey LLP*

**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669
*Proposed Local Counsel for Allan B. Diamond,
Chapter 11 Trustee for Howrey LLP*

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>HOWREY LLP,<br><br>Debtor. | Case No. 11-31376 DM<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S PRELIMINARY LIMITED OBJECTION TO FINAL APPLICATIONS FOR COMPENSATION BY PRE-TRUSTEE ESTATE PROFESSIONALS** |

Date: November 29, 2011
Time: 9:30 a.m.
Ctrm: 22nd Floor
U.S. Bankruptcy Court
235 Pine Street
San Francisco, CA 94104

Allan B. Diamond, chapter 11 trustee for the estate of Howrey LLP (the "Trustee"), files this Preliminary Limited Objection to Final Applications For Compensation By Pre-Trustee Estate Professionals (the "Preliminary Limited Objection") and, in support thereof, respectfully represents as follows:

## BACKGROUND

1. On April 11, 2011 (the "Commencement Date"), a chapter 7 involuntary petition was filed against Howrey LLP by L.A. Best Photocopies, Inc., Kent Daniels and Associates, Inc., and Advanced Discovery LLC.

2. On June 6, 2011, Howrey LLP (the "Debtor") filed its *Ex Parte Consent to Entry of Order for Relief and Motion to Convert Debtor's Case to Chapter 11* and the Court entered its *Order for Relief and Converting Case to One Under Chapter 11* (the "Order for Relief") on the same date.

3. Following entry of the Order for Relief, the Debtor operated its business and managed its assets as a debtor in possession.

4. On September 15, 2011, Citibank, N.A. ("Citibank") filed its *Motion for Entry of an Order Converting the Debtor's Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code, or, In the Alternative, Appointing a Chapter 11 Trustee* (the "Motion to Appoint Trustee").

5. On September 22, 2011, the Court entered its *Order Approving Citibank, N.A.'s Motion to Appoint a Chapter 11 Trustee* (the "Trustee Order"). The Trustee Order directed the

Debtor's pre-Trustee estate professionals to file final applications for compensation and reimbursement of expenses within 30 days after appointment and qualification of the Trustee.

6. On October 7, 2011, the United States Trustee for the Northern District of California (the "U.S. Trustee") appointed the Trustee as the chapter 11 trustee for the estate of Howrey LLP, which appointment was approved by an order of this Court dated October 12, 2011 (the "Trustee Appointment Date"). Thereafter, the Trustee satisfied all of the conditions set forth in Bankruptcy Code § 322, and the Trustee is now serving as chapter 11 Trustee for the Debtor's chapter 11 estate pursuant to § 1104 of the Bankruptcy Code.

7. On October 25, 2011, Wiley Ryan LLP, Murray & Murray, P.C., Protiviti Inc., the Burdge Law Firm PC, and Salter & Company, LLC each filed final fee applications (collectively, the "October 25 Fee Applications"). On October 31, 2011, Felderstein Fitzgerald Willoughby & Pascuzzi LLP filed its final fee application (the "October 31 Fee Application" and, collectively with the October 25 Fee Applications, the "Final Fee Applications"). The Final Fee Applications seek final approval of $3,116,663.00 in fees and reimbursement of $141,307.92 in expenses incurred by the estate's pre-Trustee estate professionals.

## JURISDICTION

8. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C.§ 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

9. The Trustee seeks an adjournment of the Final Fee Applications until such time as he has had an opportunity to fully analyze the events leading to his appointment, and until it becomes evident that there are sufficient assets in this estate to satisfy all administrative expense

3

claims in full. Until these conditions are satisfied, it is respectfully submitted that it would be both premature and potentially detrimental to this estate to allow final compensation to the pre-Trustee estate professionals. For all these reasons, and as discussed in more detail below, the Trustee requests an adjournment of consideration of the Final Fee Applications until the earlier of (i) the date on which it becomes evident that this estate is administratively solvent, or (ii) the confirmation of a liquidating plan.

*The Trustee Has Had Insufficient Time To Analyze The Final Fee Applications*

10. The Trustee was appointed one month ago, and qualified to serve as Trustee approximately three weeks ago. Since then, his time has been devoted to familiarizing himself with the Debtor's operations, obtaining additional cash collateral authority, and identifying high priority tasks that must be addressed immediately. While it will obviously take additional time to complete these tasks, since his appointment the Trustee has, among other things:

- Regularly met with Citibank, N.A. to obtain additional cash collateral authority to continue the Debtor's wind down operations;
- Met with the Debtor's remaining attorneys and staff, developed a plan for an orderly reduction in staff in the future and began implementation of such plan;
- Negotiated and engaged consulting specialists to collect the Debtor's remaining accounts receivable;
- Identified issues arising from the need to dispose of over 300,000 boxes of client files stored in multiple locations across the country;
- Addressed electronic data storage issues and reduction of associated costs involving the U.S. and European data centers;
- Conducted a preliminary analysis of the Debtor's contingency fee cases that have not been transitioned to other law firms;
- Conducted multiple meetings with representatives of the Creditors' Committee;
- Met with the Debtor's dissolution committee, and financial advisors for the Debtor, Creditors' Committee and Citibank, Protiviti, Development Specialists Inc and Gulf Atlantic, respectively, to get up to speed on the Debtor's operations and accounting systems;

4

- Analyzed issues related to the wind down of the Debtor's foreign operations;
- Identified issues related to termination of the Debtor's professional liability insurance; and
- Identified issues and engaged in discussions/meetings with representatives of the Debtor's landlord.

In addition to these tasks, the Trustee interviewed local law firms that might serve as local counsel and met with other constituencies, including counsel to landlord administrative claimants, to introduce himself and better understand the interests of the various parties in interest in this case.

11. Simply stated, neither the Trustee nor his staff has had time since the Final Fee Applications were filed to analyze the reasonableness of the fees and expenses charged and the benefits conferred by the pre-Trustee estate professionals. Moreover, were the Court to grant the Final Fee Applications, the ability of the Trustee to bring claims against the pre-Trustee estate professionals might be compromised.[1] For that reason alone, it is submitted that it would be premature to allow final compensation to the pre-Trustee professionals at this juncture.

*No Administrative Claim Should Be Finally Paid In Full Until It Is Shown That The Estate Is Administratively Solvent*

12. It would be premature to allow one class of administrative expense claims to receive full and final payment on their claims before it becomes evident that there are, or will be, sufficient assets in this estate to accord the same treatment to all administrative expense claims. The estate presently holds approximately $3 million in cash, and faces administrative expense claims in excess of $10 million over and above the amounts sought in the Final Fee Applications.

---

[1] To be clear, the Trustee is not presently aware of any claims against the pre-Trustee estate professionals, and he has no present intention to bring such claims.. Nevertheless, it is possible that such claims may exist, and thus, it would be premature to allow the Final Fee Applications until such potential claims have been fully analyzed.

While those other administrative expense claims may be in dispute,[2] if allowed, they would be entitled to the same priority as any other claims allowed under Bankruptcy Code § 503(b), including claims for professional fees. *See* 11 U.S.C. § 1123(a)(4) (providing for the same treatment for each claim or interest of a particular class in a plan.). In that event, there are currently insufficient assets to satisfy all of those administrative expense claims in full.

13. While the Trustee is relatively certain that there will ultimately be sufficient estate assets to satisfy all administrative claims in full, that result cannot be obtained until the remainder of the Debtor's assets are liquidated, accounts receivable collection efforts are substantially concluded, and the Debtor's litigation assets are adjudicated or resolved. In the short time since his appointment, the Trustee has been diligently getting up to speed and developing a strategy to generate the largest possible estate for satisfaction of all claims, including those of the Debtor's pre-Trustee estate professionals, and the Trustee believes that he will be ultimately successful in achieving that result. Nevertheless, until that result is obtained, it would be premature to allow full and final compensation to the pre-Trustee estate professionals to the possible detriment and prejudice of other administrative creditors.

## CONCLUSION

14. For the reasons stated, it is respectfully submitted that it would be premature to consider allowing full and final payment of the pre-Trustee professional's administrative expense claims. The Trustee thus seeks entry of an order adjourning consideration of the Final Fee Applications until the earlier of (i) the date on which it becomes evident that this estate is administratively solvent, or (ii) the confirmation of a liquidating plan.

---

[2] The Debtor's principal landlord, Warner Investments, L.P., asserts administrative claims in excess of $10 million, and the Trustee has just begun the process of analyzing the legal and factual issues surrounding

6

Case: 11-31376   Doc# 414   Filed: 11/15/11   Entered: 11/15/11 16:58:47   Page 6 of 11

Dated: November 15, 2011

_____
Allan B. Diamond
DIAMOND MCCARTHY LLP
909 Fannin, 15th Floor
Houston, Texas 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199

*Chapter 11 Trustee for Howrey LLP*

Howard D. Ressler
Jason M. Rudd
Stephen T. Loden
DIAMOND MCCARTHY LLP
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199

*Proposed Counsel for Allan B. Diamond, Chapter 11 Trustee for Howrey LLP*

Dated: November 15, 2011

/s/ Eric A. Nyberg
Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669

*Proposed Local Counsel for Allan B. Diamond, Chapter 11 Trustee for Howrey LLP*

this landlord claim.

7

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 225, Oakland, California 94612.

On November 15, 2011, I served the following documents:

**CHAPTER 11 TRUSTEE'S PRELIMINARY LIMITED OBJECTION TO FINAL APPLICATIONS FOR COMPENSATION BY PRE-TRUSTEE ESTATE PROFESSIONALS**

on the following parties, as listed below:

| | | |
|---|---|---|
| 1 | Donna S. Tamanaha<br>Office of the U.S. Trustee | IKON Office Services<br>Attn: Olivia Moody |
| 2 | 235 Pine St. 7th Fl.<br>San Francisco, CA 94104 | Recovery & Bankruptcy Group<br>3920 Arkwright Road, Suite 400 |
| 3 | | Macon, GA 31210 |
| 4 | Oracle America, Inc.<br>c/o Shawn M. Christianson | Knickerbocker Properties, Inc. XXXIII |
| 5 | Buchalter Nemer A PC<br>Email: schristianson@buchalter.com | c/o Scott H. Olson<br>c/o Thomas J. Masenga |
| 6 | | Seyfarth Shaw LLP |
| 7 | Ronald Rowland Agent for EMC Corp.<br>c/o Receivable Management Services | Email: solson@seyfarth.com<br>Email: tmasenga@seyfarth.com |
| 8 | 307 International Circle, Suite 270<br>Hunt Valley, MD 21030 | Pension Benefit Guaranty Corporation |
| 9 | Banc of America Leasing & Capital LLC | c/o Lawrence Landgraff<br>Allen Matkins Leck Gamble et al. |
| 10 | c/o Mark A. Serlin<br>Serlin & Whiteford | Email: Landgraff.larry@pbgc.gov<br>Email: efile@pbgc.gov |
| 11 | Email: mserlin@globelaw.com | |
| 12 | U.S. Bank National Association, as Trustee<br>c/o David Gold | Attorney's Liability Assurance Society<br>c/o Alan D. Smith |
| 13 | Perkins Coie LLP<br>Email: dgold@perkinscoie.com | Perkins Coie LLP<br>Email: adsmith@perkinscoie.com |
| 14 | | The Irvine Company LLC |
| 15 | Ballard Spahr LLP<br>Attn: Matthew Moncur | c/o Michael S. Greger<br>c/o Ivan M. Gold |
| 16 | Email: moncurm@ballardspahr.com | William W. Huckins<br>Allen Matkins Leck Gamble et al. |
| 17 | Gregg S. Kleiner<br>Luce Forward | Email: mgreger@allenmatkins.com<br>Email: igold@allenmatkins.com |
| 18 | Email: gkleiner@luce.com | Email: whuckins@allenmatkins.com |
| 19 | EMC Corporation<br>c/o RMS Bankruptcy Recovery Services | Kent Daniels and Associates, Inc.<br>Attn: Mark O'Brien |
| 20 | Attn: President or General/Managing Agent<br>P.O. Box 5126 | Email: mobrien@obrienlawcorp.com |
| 21 | Timonium MD 21094-5126 | Ricoh Business Solutions<br>Attn: Shaundolyn Robertson |
| 22 | Advanced Discovery LLC | 3920 Arkwright Road, Suite 400 |
| 23 | Attn: Chad Hoffman<br>550 Kearny St., Suite 320 | Macon, GA 31210 |
| 24 | San Francisco, CA 94108 | S. Christian Mullgardt |
| 25 | John H. MacConaghy<br>Monique Jewett-Brewster | Senior Counsel<br>Olin Corporation |
| 26 | MacConaghy & Barnier, PLC<br>Email: macclaw@macbarlaw.com | 190 Carondelet Plaza, Suite 1530<br>Clayton, MO 63105<br>Email: scmullgardt@olin.com |

1  *Email: mjewett-brewster@macbarlaw.com*

2     The following is the procedure in which service of this document(s) was effected:

3 _**X**___ **By Mail**: I caused such envelope to be deposited in the mail at Oakland, California with postage thereon fully prepaid in the designated area for outgoing mail in accordance with this office's practice, whereby mail is deposited in a U.S. mailbox in Alameda County at the close of the business day.

_____ **By Facsimile**: I caused a copy of the above named documents to be transmitted via-facsimile to the facsimile number of the offices of the addressee(s) as indicated above.

_____ **By Overnight Delivery**: I caused such envelope to be transmitted by a overnight delivery service (i.e., Federal Express, UPS) to the offices of the addresses(s).

_____ **By Personal Service**: I caused such envelope to be hand delivered to the offices of the addressee(s) as indicated above.

_**X**___ **By Email**: By emailing said document to the persons listed above, to their email addresses also listed above, in Adobe Acrobat, Word, or WordPerfect.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 15 day of November, 2011 at Oakland, California.

                                                 /s/ Gail A. Michael

Bradford F. Englander, Esq.
Whiteford, Taylor and Preston, LLP
3190 Fairview Park Drive, #300
Falls Church, VA 22042

Robert A. Franklin
Murray & Murray, A Professional Corp.
19400 Stevens Creek Bl. #200
Cupertino, CA 95014-2548

Eve I. Klein
Law Offices of Duane Morris
1540 Broadway
New York, NY 10026-4086

Aron M. Oliner
Law Offices of Duane Morris
1 Market Spear Tower #2200
San Francisco, CA 94105-3104

Dylan G. Trache
Wiley Rein LLP
7925 Jones Branch Dr. #6200
McLean, VA 22102

George E. Shoup, III
Development Specialists, inc.
6375 Riverside Drive, Suite 200
Dublin, OH 43017-5373

Richard Burdge
The Burdge Law Firm PC
500 S Grand Ave Ste 1500
Los Angeles, CA 90071

Lawrence Peitzman
Peitzman, Weg and Kempinsky
2029 Century Park E #3100
Los Angeles, CA 90067

H. Jason Gold
Wiley Rein LLP
1776 K Strett, N.W.
Washington, DC 20006

Geoffrey A. Heaton
Duane Morris LLP
1 Market, Spear Tower #2200
San Francisco, CA 94105-1127

Alexander M. Laughlin
Wiley Rein LLP
7925 Jones Branch Dr.
McLean, VA 22102

Kimberly A. Posin
Law Offices of Latham and Watkins
355 South Grand Avenue, # 100
Los Angeles, CA 90071-1560

Joel M. Walker
Duane Morris LLP
600 Grant St. #5010
Pittsburgh, PA 15219-2802

Thomas A. Willoughby
Felderstein, Fitzgerald et al
400 Capitol Mall #1450
Sacramento, CA 95814-4434

Guy Davis
Protiviti Inc.
1051 East Cary Street, Suite 602
Richmond, VA 23219

Jenny L. Fountain
Murray & Murray, A Professional Corp.
19400 Stevens Creek Blvd. #200
Cupertino, CA 95014

James P. Hollihan
Duane Morris LLP
600 Grant St. #5010
Pittsburgh, PA 15219-2802

Valerie P. Morrison
Wiley Rein LLP
7925 Jones Branch Dr. #6200
McLean, VA 22102

Craig M. Prim
Murray & Murray, A Professional Corp.
19400 Stevens Creek Blvd #200
Cupertino, CA 95014-2548

Kyle Everett
Development Specialists, Inc.
235 Pine Street, Suite 1150
San Francisco, CA 94104

Salter & Company LLC
4600 East-West Highway, Suite 300
Bethesda, MD 20814

Kelley A. Cornish
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019