**DIAMOND MCCARTHY LLP**
Howard D. Ressler (*pro hac vice pending*)
Stephen T. Loden, Esq. (*pro hac vice pending*)
Jason M. Rudd, Esq. (*pro hac vice pending*)
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: 713-333-5100
Facsimile: 713-333-5199

**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669

*PROPOSED COUNSEL FOR*
*ALLAN B. DIAMOND, CHAPTER 11 TRUSTEE*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HOWREY LLP,<br><br>Debtor. | Case No. 11-31376 DM<br><br>Chapter 11<br><br>**DECLARATION AND DISCLOSURE STATEMENT OF JASON M. RUDD PURSUANT TO BANKRUPTCY CODE SECTIONS 327 AND 504 AND F.R.B.P. 2014(A) IN SUPPORT OF CHAPTER 11 TRUSTEE'S APPLICATION PURSUANT TO SECTION 327 OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO EMPLOY DIAMOND MCCARTHY LLP AS COUNSEL, *NUNC PRO TUNC*, TO OCTOBER 12, 2011** |

Jason M. Rudd makes this declaration under 28 U.S.C. § 1746, and states:

## I. BACKGROUND AND QUALIFICATIONS

1. I am a member of Diamond McCarthy LLP ("Diamond McCarthy" or the "Firm"), a law firm with offices at 909 Fannin Street, Suite 1500, Houston, Texas 77010 and in Dallas, Austin, and New York. I am an attorney licensed by and in good standing with the State of Texas. I make this declaration pursuant to sections 327 and 504 of title 11 of the United States Code (the "Bankruptcy Code") and to provide disclosure required under Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the *Chapter 11 Trustee's Application Pursuant to Section 327 of the Bankruptcy Code for Authorization to Employ Diamond McCarthy LLP as Counsel,* Nunc Pro Tunc*, to October 12, 2011* (the "Application") to the Trustee in connection with the chapter 11 case of Howrey LLP (the "Debtor"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon Diamond McCarthy's completion of further review or as additional party-in-interest information becomes available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

## II. GENERAL STATEMENT OF DISINTERESTEDNESS

2. Other than as set forth herein, neither I nor the Firm nor any of its members, or associates, or counsel, to the best of my knowledge, has any connection, other than in connection with this chapter 11 case, with the Trustee, the Debtor, the Debtor's creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee. Consequently, it is my belief that the Firm

is a "disinterested person" within the meaning of 11 U.S.C. § 101(14) in that Diamond McCarthy, its partners, counsel, and associates:

(a) are not creditors, equity security holders or insiders of the Debtor;

(b) are not and were not, within two years before the date of this Application, a director, officer or employee of the Debtor; and

(c) do not hold an interest materially adverse to the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

### III. SEARCH METHOD

3. Diamond McCarthy has conducted a conflict inquiry based on a list comprised of (i) the Debtor, (ii) the Debtor's known creditors, including all creditors scheduled on Schedules D, E, F, and G, all creditors that have filed proofs of claim in this case, and the twenty largest unsecured creditors as filed by the Debtor, (iii) the members of the official committee of unsecured creditors in this chapter 11 case, (iv) the equity security holders in the Debtor, and (v) the law firms that are successors to the Debtor in completing unfinished legal work on behalf of the Debtor's prepetition clients (collectively, the "Known Parties in Interest"). Diamond McCarthy has not identified any actual conflicts and/or connections with any of the Known Parties in Interest which would disqualify it from serving as counsel for the chapter 11 trustee in the Debtor's chapter 11 case.

4. Diamond McCarthy has used its conflicts database management system to analyze whether it has any connections to any of the Known Parties in Interest. The conflicts database management system identifies potential conflicts and/or connections when we conduct our term search using the names of the Known Parties in Interest. If there are any potential conflicts and/or connections, the results are returned to determine if any conflict and/or connection exists.

5. In addition to the foregoing, an email was sent to all users in the Firm requesting that if any Firm user is aware of any potential conflict which would preclude the Firm from acting as counsel to the Trustee, such user was required to notify the Firm's conflicts department identifying any and all relevant information. Finally, an email was sent to every user in the Firm expressly requesting that if anyone was aware of any connection or contact, in addition to any potential conflict, with the Known Parties in Interest, such user was to contact Firm management, with a complete listing of any and all connections and/or contacts. I have personally reviewed and/or discussed with Firm management and certain other partners, all responses from each and every user that has responded with information to the email request. Upon review of the potential relevant responses on our computer database system and all responses to email requests for potential conflicts and connections, I am not aware of any connections with any of the Known Parties in Interest, other than as set forth below, none of which would disqualify Diamond McCarthy as counsel to the chapter 11 trustee in this matter.

### IV. SEARCH RESULTS

6. The chapter 11 Trustee, Allan Diamond, (the "Trustee"), is currently a partner in Diamond McCarthy, and has held that position since the Firm was formed in March 2000. Employment of the Trustee's law firm is authorized by section 327(d) of the Bankruptcy Code. Diamond McCarthy is qualified to handle the legal matters associated with this case in the most efficient, cost effective manner possible. The fact that the Trustee is a member of the Firm means that he will be able to perform both his Trustee duties and legal duties most efficiently without the delays that would be involved were the Trustee to retain outside counsel. Diamond McCarthy is a nationally and internationally recognized law firm with substantial expertise and experience in (i) handling complex liquidations and restructurings under chapters 7 and 11 of the

Bankruptcy Code; and (ii) investigating and litigating the legal issues and affirmative claims that typically arise in insolvency matters cases. Diamond McCarthy and its professionals also have specific experience in representing chapter 11 trustees in the liquidation of law firms and in prosecuting the specific litigation claims that commonly arise in law firm bankruptcies.

7. Due to the nature of Diamond McCarthy's business and the events leading to commencement of this chapter 11 case, the Firm undoubtedly has connections with several of the Known Parties in Interest. Nevertheless, none of those connections present a conflict of interest, nor do they disqualify Diamond McCarthy from representing the Trustee in this chapter 11 case. Out of an abundance of caution, however, Diamond McCarthy identifies the connections with the Known Parties in Interest of which it is presently aware, as follows:

(a) The Firm currently is handling active litigation and bankruptcy contested matters in which the following law firms are opposing counsel:

  a. Arnold & Porter LLP;
  b. Dewey LeBoeuf LLP;
  c. Jones Day LLP;
  d. Mayer Brown LLP; and
  e. Winston & Strawn LLP.

(b) The Firm represents clients in matters in which the Debtor's lawyers previously served as opposing counsel or currently serve as opposing counsel.

(c) A client of the Firm is currently adverse to the law firm of Greenberg Traurig LLP.

(d) The wife of one of the Firm's associates is scheduled to start work as an associate in the real estate section of Baker Botts LLP in January 2012.

(e) Two of the Firm's current employees formerly worked for the Debtor more than three years ago as follows.

  a. Kevin Simmons, a current employee in Diamond McCarthy's administrative staff and its facilities coordinator, worked as a paralegal from 2003 through 2005 at Clements, O'Neill, Pierce, Wilson & Fulkerson LLC, a firm that merged with the Debtor.

  b. Karen Jensen-Clark, a current employee in Diamond McCarthy's support staff as its litigation technology specialist, worked as a senior project manager in the Debtor's litigation support staff from 2003 until 2008.

(f) Wiley Rein LLP is representing one of the insurers that is adverse to one of the Firm's clients in active litigation.

(g) The Firm has former partners who are currently partners in certain of the law firms listed as Known Parties in Interest, including at least, Baker Botts LLP and Sedgewick LLP.

(h) The Firm is currently sub-leasing space from Covington & Burling LLP in New York City.

(i) Christopher Murray, an associate in Diamond McCarthy's Houston office, was formerly employed as an associate with Covington & Burling LLP.

(j) With respect to Citibank, N.A., a secured creditor of the Debtor, we have no active representations of the bank and have not represented Citibank in any matter in the past five years. One of the Firm's clients has been sued by a bank syndicate led by Bank of America, and we understand that Citibank is one of many bank participants in the syndicate. That litigation is pending in Dallas, Texas.

(k) The Firm and its professionals have worked with Hemming Morse, Inc., an unsecured creditor of the Debtor, and its professionals as experts in a variety of litigation matters all unrelated to the Debtor or this chapter 11 case.

(l) The Firm conducts business and has a service contract with LexisNexis, Inc.

(m) The Firm currently represents and has previously represented Geoffrey L. Berman, a professional and Vice-President with Development Specialists, Inc. ("DSI"), as a trustee, client and client representative in various litigation and bankruptcy matters all unrelated to the Debtor or this chapter 11 case.

(n) The Firm currently represents and has previously represented William A. Brandt, Jr., a professional with and President and CEO of DSI, as a trustee, client and client representative in various litigation and bankruptcy matters all unrelated to the Debtor or this chapter 11 case.

(o) The Firm currently works with and has previously worked with DSI and its professionals as experts and advisors in a variety of bankruptcy and litigation matters all unrelated to the Debtor or this chapter 11 case.

(p) The Firm currently represents MLIC Asset Holding, LLC, MetLife Agricultural Investments, and Metropolitan Life Insurance Company, in litigation matters unrelated to the Debtor or this chapter 11 case.

(q) The Firm currently serves as local counsel for Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, and its professionals in litigation matters all unrelated to the Debtor or this chapter 11 case.

(r) The Firm has worked with Compton & Wendler, PC, and its professionals as experts and advisors in a variety of bankruptcy and litigation matters all unrelated to the Debtor or this chapter 11 case.

(s) The Firm currently represents Jeffery A. Compton, a shareholder of Compton & Wendler, PC, as liquidating trustee of Crusader Energy Group, Inc.

(t) The Firm has worked with AlixPartners, LLP, and its professionals as experts and advisors in a variety of bankruptcy and litigation matters all unrelated to the Debtor or this chapter 11 case.

(u) The Firm has worked with and been involved with arbitrations with the American Arbitration Association, and its professionals in a variety of litigation matters all unrelated to the Debtor or this chapter 11 case.

(v) The Firm previously represented Berkeley Research Group LLC in a matter unrelated to the Debtor or this chapter 11 case.

(w) Mach 5, Couriers, Inc. is a current vendor of the Firm.

(x) The Firm also has good professional relationships with, and friends/colleagues at, a number of law firms with connections to the Debtor.

8. Other than the connections set forth above, Diamond McCarthy has not identified any other connections with any of the Known Parties in Interest. Due to the nature of this case, however, it is likely that the list of Known Parties in Interest may need to be supplemented or amended as the Trustee commences his investigation into the events that led to the Debtor's demise, including the identification of additional persons or entities who may have liability arising from the Debtor's pre-petition business. In the event that entities or parties are identified by that investigation, Diamond McCarthy will supplement its disclosure to identify any connections or conflicts that it may identify with respect to any such future-identified parties or entities.

DECLARATION IN SUPPORT OF
APPLICATION TO RETAIN DIAMOND MCCARTHY LLP    PAGE 7

Case: 11-31376    Doc# 419    Filed: 11/16/11    Entered: 11/16/11 16:58:03    Page 7 of 9

## V. COMPENSATION

9. The Trustee seeks to retain Diamond McCarthy on an hourly fee basis at the usual and customary rates that Diamond McCarthy charges for similar representations, plus reimbursement of actual and necessary expenses incurred by Diamond McCarthy in performing its duties.

10. Diamond McCarthy's rates range from $350 to $675 per hour for partners and senior counsel, $210 to $350 per hour for associates, and $150 to $180 per hour for paralegals. The primary attorneys and paralegals within Diamond McCarthy who are likely to represent the Trustee and their current hourly rates:

| | |
|---|---|
| Howard D. Ressler (Partner) | $625.00 |
| Jason M. Rudd (Partner) | $410.00 |
| Andrew B. Ryan (Associate) | $325.00 |
| Christopher R. Murray (Associate) | $285.00 |
| Catherine Burrow (Paralegal) | $180.00 |
| Tasia Pavalis (Paralegal) | $160.00 |

11. The hourly rates set forth above are subject to periodic adjustments, usually in the first month of a calendar year. From time to time, other attorneys and paralegals from Diamond McCarthy may serve the Trustee in connection with the matters for which Diamond McCarthy will be retained. It is anticipated that the compensation for such other attorneys and/or paralegals will also be at their current (or hereafter adjusted) standard hourly rates. The hourly rates set forth above are Diamond McCarthy's standard rates for work of this nature. Diamond McCarthy will also seek reimbursement of its expenses in accordance with the U.S. Trustee Guidelines.

12. Other than as set forth in this declaration, Diamond McCarthy has not received any promises from the Trustee or any other person to compensate or reimburse Diamond McCarthy in connection with this case.

13. Neither Diamond McCarthy nor any partners of Diamond McCarthy have divided, paid over or shared, or agreed to divide, pay over or share, (a) any compensation it or they has or have received or may receive for services rendered or expenses incurred in connection with this case with another party or person (except as among the partners, counsel and associates of Diamond McCarthy), or (b) any compensation another party or person has received or may receive for services rendered or expenses incurred in connection with this representation

## VI. CONCLUSION

14. In view of the foregoing, I believe that Diamond McCarthy: (i) does not hold or represent any interest adverse to the Debtor's estate on the matter for which it will be retained; (ii) is a disinterested person as that term is defined in 11 U.S.C. § 101(14). The Firm will supplement this disclosure should it become aware of any conflicts and/or connections during the pendency of the case. Accordingly, I reserve the right to supplement this disclosure if necessary and/or if information becomes available to us that requires additional disclosure. The foregoing constitutes the statement of Diamond McCarthy pursuant to 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct and this declaration is executed at Houston, Texas on November 15th, 2011.

By: /s/ Jason M. Rudd