PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Kelley A. Cornish (Admitted Pro Hac Vice)
*kcornish@paulweiss.com*
Diane Meyers (Admitted Pro Hac Vice)
*dmeyers@paulweiss.com*
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

PEITZMAN WEG LLP
Lawrence Peitzman (State Bar No. 62379)
*lpeitzman@peitzmanweg.com*
2029 Century Park East, Suite 3100
Los Angeles, California 90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

Attorneys for Citibank, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>Howrey LLP,<br><br>          Debtor | CASE NO. 11-31376-DM<br><br>Chapter 11<br><br>Hearing Date: January 11, 2013<br>Time: 10:00 a.m.<br>Place: Courtroom 22<br>235 Pine Street, 19th Floor<br>San Francisco, CA 94104<br>Judge: Honorable Dennis Montali |

**JOINDER OF CITIBANK, N.A. TO THE CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER ENFORCING THE AUTOMATIC STAY**

Citibank, N.A. ("Citibank"), a secured and super-priority creditor in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby files this joinder (the "Joinder") to the Chapter 11 Trustee's (the "Trustee") motion for an order enforcing the automatic stay (the "Stay Motion") [Dkt Nos. 862-864; 885]. The Stay Motion seeks entry of an order declaring, *inter alia*, that the class action complaint (the "Complaint") filed by an entity called "Howrey Claims LLC" that was recently created by attorney William McGrane violates the automatic stay. Citibank hereby joins in the Trustee's Stay Motion; among other things, the Complaint is an attempt to subvert the absolute priority rule and other bedrock bankruptcy principles, and threatens to severely impair the Trustee's ability to obtain and distribute litigation recoveries for the benefit of *all* Howrey creditors in accordance with the Bankruptcy Code. In support of this Joinder, Citibank respectfully states as follows:

## JOINDER

On April 11, 2011 (the "Filing Date"), Mr. McGrane, on behalf of three putative Howrey creditors with alleged claims totaling $36,608.89, including a $994.25 claim by Jan Brown & Associates (the "Alleged Jan Brown Claim"),[1] filed an involuntary petition (the "Involuntary Case") against the Debtor for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the Northern District of California (the "Court"). On June 6, 2011, the Court entered an order converting the Involuntary Case to a voluntary case under chapter 11 of the Bankruptcy Code. As of the Filing Date, Citibank was owed approximately $57 million based on the principal amount of loans outstanding under its

---

[1] According to the invoice attached to the proof of claim filed by Mr. McGrane as counsel with respect to the Alleged Jan Brown Claim, Howrey's alleged obligations were barely 30 days past due on the Filing Date. The Trustee has filed an objection to the Alleged Jan Brown Claim on the grounds that the Debtor's books and records do not indicate that any such amount was due as of the Filing Date [Dkt. No. 917]. Mr. McGrane appears to have purchased the Alleged Jan Brown Claim through "Howrey Claims LLC" for the sole purpose of bringing the Complaint.

loan agreement with Howrey. As of the date hereof, Citibank is owed approximately $38 million, which claim is secured by substantially all of the Debtor's assets.

On June 15, 2011, the Bankruptcy Court entered that certain *Interim Order (A) Authorizing Use of Cash Collateral; (B) Granting Adequate Protection to Pre-Petition Secured Creditor Citibank, N.A.; and (C) Scheduling a Final Hearing* [Dkt. No. 98] (as subsequently amended, the "Cash Collateral Order"). Pursuant to the Cash Collateral Order, and subject to certain budgets periodically agreed to by Citibank and the Trustee, Citibank has consented to the Trustee's continued use of Citibank's cash collateral to fund the administration of this Chapter 11 Case, and was granted a super-priority administrative expense claim to the extent of any diminution in the value of its collateral (the "Super-Priority Diminution Claim"). See Cash Collateral Order § 4(b). These disbursements have been substantial to date – in excess of $16 million since the Petition Date. Accordingly, in addition to being the largest secured creditor in this Chapter 11 Case, Citibank currently has a Super-Priority Diminution Claim in excess of $16 million that is senior to, among other claims, all prepetition unsecured claims.

Since the Trustee's appointment in October 2011, millions of dollars of Citibank's cash collateral have been expended to investigate and formulate a variety of causes of action that the Trustee intends to prosecute for the benefit of the Debtor's estate and creditors, including potential causes of action against Howrey's former partners and their current law firms.[2] Citibank understands that the Trustee has substantially completed his analysis of such potential causes of action, and recently began the process of commencing settlement discussions with certain of such former Howrey partners and their current law firms.

---

[2] In January 2011, Mr. McGrane became co-counsel to the Howrey Official Committee of Unsecured Creditors (the "Committee"), and in that role undoubtedly obtained detailed, privileged knowledge of the Trustee's activities and litigation strategies. In September 2012, the Committee removed Mr. McGrane as co-counsel [Dkt. Nos. 796; 802].

It cannot be a coincidence that just as the Trustee is making material progress in pursuing causes of action that are expected to result in substantial recoveries for the Debtor's estate, Mr. McGrane purchased the Alleged Jan Brown Claim, formed "Howrey Claims LLC", and filed the putative class action Complaint asserting direct claims against the former Howrey partners under a so-called "alter ego" theory.

Citibank agrees with the Trustee that the automatic stay prohibits the prosecution of the Complaint, and joins in the arguments set forth in the Trustee's Stay Motion. As the Debtor's largest secured and super-priority administrative expense claimant, Citibank emphasizes that allowing the Complaint to proceed would violate fundamental bankruptcy law principles of distribution priority and fairness, turning the absolute priority rule on its head. As set forth in the Stay Motion, the Complaint's substantive claims against the former Howrey partners belong to the Debtor's estate. As a result, any recoveries on such claims should be for the benefit of *all* of the Debtor's creditors and distributed among them in strict compliance with the priority scheme set forth in the Bankruptcy Code. It would be manifestly unjust and improper to permit "Howrey Claims LLC" or any individual Howrey unsecured creditor (rather than an estate fiduciary on behalf of all constituents) to prosecute claims and recover amounts from the former Howrey partners that would otherwise be distributed, if prosecuted by the Trustee, in accordance with the priorities and procedures provided for under the Bankruptcy Code.[3]

The integrity of the bankruptcy process itself would be compromised if professionals were permitted to hijack bankruptcy proceedings by manufacturing standing

---

[3] In addition to Citibank's substantial secured claim and Super-Priority Diminution Claim, several Howrey creditors have asserted large priority and administrative expense claims that, if ultimately allowed, also would be senior to general unsecured claims, and would therefore be entitled to be paid in full prior to general unsecured creditors.

through the purchase of a nominal disputed claim for the sole purpose of commencing litigation to divert estate recoveries that should be distributed in accordance with the priority scheme set forth in the Bankruptcy Code. "Howrey Claims LLC" should not be permitted to subvert this Chapter 11 Case and usurp the Trustee's function through the artifice of the Complaint.

Not only would allowing the Complaint to proceed violate fundamental bankruptcy law principles, but it would also disrupt and prejudice the Trustee's ability to pursue these and other similar claims against the former Howrey partners and their current law firms. The mere filing of the Complaint already has diverted the Trustee's attention and resources over the past few weeks, not to mention the mounting costs to the estate (and continued consumption of Citibank's cash collateral) incurred in fighting the "Howrey Claims LLC" onslaught. If the Complaint is allowed to proceed, the Trustee likely will be hamstrung in his litigation efforts going forward, because litigants likely will be unwilling to settle with the Trustee while the specter of the Complaint looms. "Howrey Claims LLC's" efforts should be quickly and summarily halted so that the Howrey Chapter 11 Case can be efficiently and properly administered in this Court in accordance with the Bankruptcy Code.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| 1 | **CONCLUSION** |
| 2 | WHEREFORE, Citibank respectfully requests that the Court grant the relief |
| 3 | requested in the Stay Motion, and grant such other and further relief as it deems just and proper. |

Respectfully submitted,

Dated: December 14, 2012

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
    Kelley A. Cornish
    Diane Meyers

and

PEITZMAN WEG LLP
    Lawrence Peitzman

By:    /s/ Lawrence Peitzman
    Counsel to Citibank, N.A