BLUM | COLLINS LLP
  Steven A. Blum (Bar No. 133208)
  Craig M. Collins (Bar No. 151582)
  Douglas L. Thorpe (Bar No. 43479)
  Gary Ho (Bar No. 229995)
707 Wilshire Blvd., 48th Floor
Los Angeles, California 90017
Telephone: 213.572.0400
Facsimile: 213.572.0401
blum@blumcollins.com
collins@blumcollins.com
dthorpe@thorpelink.com
ho@blumcollins.com

BLASBERG & ASSOCIATES
Teresa Blasberg (Bar No. 105473)
526 N. Juanita Ave.
Los Angeles, CA 90004
Phone: 323.515.3578
Facsimile: 323.661.2940

Attorneys for Putative Creditors
Gail Adams and Rami Dalal

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>HOWREY LLP,<br><br>Debtor. | Case No. 11-31376-DM<br>(Chapter 11)<br><br>**NOTICE OF MOTION AND MOTION FOR CERTIFICATION OF CLASS CLAIM AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**<br><br>Place: Courtroom 22<br>Judge: Hon. Dennis Montali |

# NOTICE OF HEARING AND NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that Putative Creditors Gail Adams and Rami Dalal (collectively, the "Creditors"), on behalf of themselves and all similarly situated persons, will and hereby move the Court for an Order providing for the following (the Court has indicated that it will rule on this motion without oral argument):

(1) the application of Federal Rules of Bankruptcy Procedure 9014 and 7023;

(2) certifying that this action is maintainable as a class action under Federal Rule of Bankruptcy Procedure 7023 and Federal Rule of Civil Procedure 23(a), 23(b)(1) and 23(b)(3);

(3) certifying the following classes:

> Federal WARN Class: All persons employed at any of Debtor Howrey LLP's facilities that employed at least 50 people who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5) and who (1) were involuntarily terminated without cause on their part from a facility at which Debtor ordered a mass layoff or plant closing (as those terms are defined in the Federal WARN Act) on or about March 31, 2011; or (2) were involuntarily terminated without cause on their part as the reasonably foreseeable consequence of a mass layoff or plant closing (as those terms are defined in the Federal WARN Act) ordered by Debtor on or about March 15, 2011. Excluded from this Class are all individuals who, 60 or more days prior to their date of termination, received notice that their employment would terminate.
>
> California WARN Class: All employees who worked at or reported to one of Debtor's qualifying facilities in California and who were subject to a mass layoff, relocation, or termination ordered by Debtor on or after March 15, 2011.
>
> District of Columbia Accrued Compensation and Benefit Subclass: All former employees of Debtor in the District of Columbia whose employment with Debtor ended (1) on or about March 31, 2011 or (2) as the reasonably foreseeable consequence of a mass layoff or plant closing ordered by Debtor on or about March 15, 2011, and who had accrued compensation, accrued but unused vacation time and accrued retirement plan benefits at the time of their termination for which Debtor did not fully compensate such employees.

<u>Virginia Accrued Compensation and Benefit Subclass</u>: All former employees of Debtor in the State of Virginia whose employment with Debtor ended (1) on or about March 31, 2011 or (2) as the reasonably foreseeable consequence of a mass layoff or plant closing ordered by Debtor on or about March 15, 2011, and who had accrued compensation, accrued but unused vacation time and accrued retirement plan benefits at the time of their termination for which Debtor did not fully compensate such employees.

<u>California Accrued Compensation and Benefit Subclass</u>: All former employees of Debtor in the State of California whose employment with Debtor ended (1) on or about March 31, 2011 or (2) as the reasonably foreseeable consequence of a mass layoff or plant closing ordered by Debtor on or about March 15, 2011, and who had accrued compensation, accrued but unused vacation time and accrued retirement plan benefits at the time of their termination for which Debtor did not fully compensate such employees.

<u>Illinois Accrued Compensation and Benefit Subclass</u>: All former employees of Debtor in the State of Illinois whose employment with Debtor ended (1) on or about March 31, 2011 or (2) as the reasonably foreseeable consequence of a mass layoff or plant closing ordered by Debtor on or about March 15, 2011, and who had accrued compensation, accrued but unused vacation time and accrued retirement plan benefits at the time of their termination for which Debtor did not fully compensate such employees.

<u>New York Accrued Compensation and Benefit Subclass</u>: All former employees of Debtor in the State of New York whose employment with Debtor ended (1) on or about March 31, 2011 or (2) as the reasonably foreseeable consequence of a mass layoff or plant closing ordered by Debtor on or about March 15, 2011, and who had accrued compensation, accrued but unused vacation time and accrued retirement plan benefits at the time of their termination for which Debtor did not fully compensate such employees.

<u>Utah Accrued Compensation and Benefit Subclass</u>: All former employees of Debtor in the State of Utah whose employment with Debtor ended (1) on or about March 31, 2011 or (2) as the reasonably foreseeable consequence of a mass layoff or plant closing ordered by Debtor on or about March 15, 2011, and who had accrued compensation, accrued but unused vacation time and accrued retirement plan benefits at the time of their termination for which Debtor did not fully compensate such employees.

<u>Texas Accrued Compensation and Benefit Subclass:</u> All former employees of Debtor in the State of Texas whose employment with Debtor ended (1) on or about March 31, 2011 or (2) as the reasonably foreseeable consequence of a mass layoff or plant closing ordered by Debtor on or about March 15, 2011, and who had accrued compensation, accrued but unused vacation time and accrued retirement plan benefits at the time of their termination for which Debtor did not fully compensate such employees.

(4) appointing Gail Adams and Rami Dalal as the class representatives of the class and subclasses; and

(5) appointing Steven A. Blum, Craig M. Collins, Douglas L. Thorpe, Teresa Blasberg, and Gary Ho as class counsel.

Pursuant to Fed. R. Civ. P. 23(a), this motion will be made on the grounds that: (1) the members of the proposed classes are so numerous that joinder of all members individually is impracticable; (2) there are questions of fact or law common to the classes; (3) the claims and defenses of the class representatives are typical of the classes; and (4) the class representatives will fairly and adequately protect the interests of the classes. (*See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).) Claimants also bring this motion on the grounds that the classes are maintainable under Fed. R. Civ. P. 23(b)(1) and (b)(3) because the risk of inconsistent or varying adjudications with respect to individual class members would arise if the class members were required to prosecute dozens or hundreds of separate actions, the questions of law and fact common to the members of the proposed classes predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

This motion is based on this notice of motion and motion for class certification; the memorandum of points and authorities filed concurrently herewith; the Declarations of Craig M. Collins, Gail Adams, and Rami Dalal filed concurrently herewith; the pleadings and papers on file in this action, and such other matters as may be presented to the Court at the time of the hearing on this motion.

Dated: December 14, 2012

BLUM | COLLINS LLP
Steven A. Blum
Craig M. Collins
Douglas L. Thorpe
Teresa Blasberg
Gary Ho

Craig M. Collins
Attorneys for Putative Creditors
Gail Adams and Rami Dalal

4