BLUM | COLLINS LLP
Steven A. Blum (Bar No. 133208)
Craig M. Collins (Bar No. 151582)
Douglas L. Thorpe (Bar No. 43479)
Gary Ho (Bar No. 229995)
707 Wilshire Blvd., 48th Floor
Los Angeles, California 90017
Telephone: 213.572.0400
Facsimile: 213.572.0401
blum@blumcollins.com
collins@blumcollins.com
dthorpe@thorpelink.com
ho@blumcollins.com

BLASBERG & ASSOCIATES
Teresa A. Blasberg (Bar No. 105473)
tablasberg@earthlink.net
526 N. Juanita Ave.
Los Angeles, CA 90004
Phone: 323.515.3578
Fascimile: 323.661.2940

Attorneys for Putative Creditors
Gail Adams and Rami Dalal

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>HOWREY LLP,<br><br>　　Debtor. | Case No. 11-31376-DM<br>(Involuntary Chapter 7)<br><br>**DECLARATION OF CRAIG M. COLLINS IN SUPPORT OF MOTION FOR CERTIFICATION OF CLASS CLAIM AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**<br><br>Place: Courtroom 22<br>Judge: Hon. Dennis Montali |

# DECLARATION OF CRAIG M. COLLINS

Craig M. Collins declares:

1. I am one of the attorneys for the Putative Creditors Gail Adams and Rami Dalal (collectively, the "Creditors") in this action.

2. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I would and could testify competently to those facts.

3. I have no known conflicts with the Putative Creditors or the members of the proposed classes or subclasses.

4. About 100 of Howrey's former employees (members of the proposed classes and subclasses) have each individually retained me and my colleagues at Blum Collins, LLP (Steven A. Blum, Douglas Thorpe, Teresa Blasberg, and Gary Ho) to represent him or her in this case. I have filed individual proofs of claim for each one of my approximately 100 clients, who come from every one of Howrey's domestic offices except small offices in Utah and Illinois. This group of 100 is a large and cohesive collaboration of sophisticated law firm employees capable of supervising the proposed class counsel.

5. On April 8, 2011, I filed a Class Action Complaint in the U.S. District Court for the Northern District of California against Debtor, on behalf of the Creditors, as well as numerous other former Howrey employees. (Case No. 11-CV-01729-EMC.)

6. On April 11, 2011, a petition for involuntary relief under Chapter 7 of the Bankruptcy Code was filed against Debtor with the U.S. Bankruptcy Court for the Northern District of California. Gail Adams, one of the Creditors, on behalf of herself and the putative class, filed a class proof of claim on October 11, 2011 (Claim No. 162-3).

7. I am aware of only one other lawsuit pending between one of the class members and the Debtor (*Langley v. Howrey*, filed as adversary in this Court, Ad. No. 11-03065).

8. From interviewing former employees of the Debtor and reviewing the schedules filed in this Court by the Debtor, I know that more than 100 (and possibly hundreds of) persons satisfy the definition of one or more of the proposed classes and subclasses, which include many of the hundreds of employees around the country terminated by Debtor upon its dissolution.

1

9. Further, these class members are readily ascertainable. The proposed classes and subclasses consist of Debtor's former employees who worked at specific locations within a definite time period and who were all terminated around the same time. Thus, the proposed class definitions are based on an objective determination that can be identified through Debtor's employment records. Debtor has in its possession a current or last known address and/or telephone number for each member of the proposed classes and subclasses.

10. The expense and time that each former employee of Debtor would need to individually spend in order to pursue his or her individual claim would be substantial and burdensome. Many of Debtor's former employees may lack the ability to conduct such investigation or legal research, or may lack the resources to retain counsel because their individual claims are relatively small. For many of the former employees, they will obtain their deserved payments by means of a class action proceeding or not at all.

11. Also, the Creditors' claims are typical of those of the other members of the proposed classes. The Creditors allege that they and the other class members were Debtor's employees and were terminated as a result of Debtor's mass layoffs that took place in the 30-day period starting on March 31, 2011. The Creditors allege that they and the other class members received insufficient prior written notice or subsequent wages and benefits from Debtor pursuant to the Federal WARN Act. Further, the Creditors allege that they and the other class members did not receive payments for accrued but unused vacation time and accrued benefits, as required by state labor laws and their employment contracts. Based on these allegations, the Creditors' claims are the same as those of the other members of the proposed classes. Their claims arise from the same course of conduct by Debtor and are based on the same legal theories.

**The Proposed Class Counsel**

12. The lawyers and professional staff of Blum Collins have extensive experience in class action and complex civil litigation matters. Because of its unparalleled track record in providing individualized attention to former employees of "AMLAW 100" firms in WARN Act class actions, and the votes of confidence it has garnered from a large contingent of former

Howrey employees, Blum Collins should be given the opportunity to serve as WARN Act class counsel in this case.

13. Due to the extensive resources it commits to each case, Blum Collins does not get involved in a large number of WARN Act class actions across the country and instead prefers to maximize recovery in a select few high-stakes cases in California. Thus, it is better prepared than a firm with a nationwide WARN Act practice to treat the claims of each individual former employee with the seriousness they deserve.

**Blum Collins' Experience in WARN Act Class Action Litigation Against the Thelen and Heller Law Firms**

14. The United States District Court for Northern California appointed me and my firm as class counsel for a certified WARN Act class in the case of *Bergman, et al. v. Thelen, LLP,* Case No. CV-08-5322-EDL. Moreover, this Court appointed me and my firm as class counsel for a certified WARN Act class in the case of *Biggers, et al. v. Heller Ehrman LLP,* Case No. 08-32514 (Ad. Pro. Case No. 09-ap-03058), in which we secured a $19 million potential recovery for the class and subclasses. Both cases involved the dissolution of large law firms in which I and my firm were retained by groups of former associate lawyers and staff members.

15. Attached hereto as Exhibit A is a true and correct copy of the Joint Stipulation and Court Order (Doc. No. 29, filed March 31, 2009) certifying classes and subclasses of former Thelen employees and appointing Blum Collins as class counsel in the *Bergman* case.

16. Attached hereto as Exhibit B is a true and correct copy of this Court's Order Granting Preliminary Approval of Settlement, Certifying Classes and Subclasses, and Appointing Class Representatives and Class Counsel, in the *Biggers* case (Doc. No. 58, filed April 5, 2010).

17. Blum Collins entered the Heller case after the class representatives had fired the renowned WARN Act lawyers at Nichols Kaster. As in this case, a large number of former Heller employees (a total of 50) each individually retained Blum Collins.

18. Throughout the litigation and settlement discussions, Blum Collins fielded hundreds of phone calls from class members and answered countless questions regarding the

3

meaning and impact of Heller's bankruptcy, their prospects for receiving compensation, and the claims filing process in bankruptcy. From the time of its engagement Blum Collins had frequent meetings with the class representatives and a core group of Heller employees at all levels to obtain information, strategize, and give advice.

19. Blum Collins also assisted 50 class members and others who had not individually retained the firm in filing proofs of claim before the claims filing deadline. This was an extremely time-consuming undertaking since it required Blum Collins to calculate individual claim amounts for each claimant.

20. Blum Collins has done the same for around 100 individual former Howrey employees it is representing in this case. Our firm has incurred over $90,000 in time in this case to date.

21. Blum Collins' attorneys spent much time negotiating with Heller's counsel and preparing a spreadsheet with over 20 individual categories of information for over 800 potential former employees. It did not receive compensation for a significant amount of this time-consuming work because Heller's counsel contended that many of these categories of information were not relevant to the WARN Act claims (they were related to class members' vacation pay and benefits). All told, Blum Collins spent in excess of 2,000 hours on the Heller case.

22. In the Heller case, Blum Collins did not engage in any unproductive discovery or motion practice just to inflate its fees. For example, upon the request of Heller's bankruptcy lawyers, Blum Collins agreed to a stay in the action to prevent wasting Heller's assets in a discovery war, which freed up Heller's lawyers to litigate with Bank of America and Citibank in the preference action. Blum Collins negotiated the right to share in information disclosed between these parties, which reduced duplicative work.

23. After extensive litigation, negotiation, discovery and investigation, the Heller class entered into a settlement with Heller and non-debtor defendants. Pursuant to the terms of the settlement, Heller agreed to allow priority, general unsecured and subordinated general unsecured claims for the benefit of the Heller Class in the aggregate amount of $19,947,487.61.

4

Collins Decl. iso Motion for Class Certification

24. Attached hereto as Exhibit C is a true and correct copy of this Court's Order Granting Final Approval of the Heller Settlement (Doc. No. 73, entered July 19, 2010).

25. The Heller settlement provided 100% of the allowable claims of the class members based on damages for accrued, vested and unused vacation and contract wage damages, as well as a significant portion of their allowable claims based on alleged WARN Damages.

26. Support for the settlement was overwhelming from class members. Of the 800-plus Heller class members, only *seven* opted out of the class after being fully advised of its terms and conditions.

27. Even after the Court granted preliminary approval of the settlement, Blum Collins' attorneys continued to perform significant work to complete and carry out the terms of the settlement. In conjunction with the Claims Administrator, Blum Collins devoted large amounts of time addressing class member inquiries in connection with their claims, investigation and resolution of challenges to proof of claim forms, and related issues.

**Blum Collins Has Researched and Analyzed WARN Act Issues Unique to Cases Involving Law Firms in Bankruptcy**

28. Because of its experience with the Heller and Thelen cases, Blum Collins thoroughly researched and analyzed legal defenses and issues of damage calculation that Howrey will likely raise in this case, such as:

- whether the Debtor provided adequate notice of closure to the Plaintiff Class;
- whether such notice was defective;
- whether the Debtor was entitled to give less than sixty (60) days' notice because of reasonably unforeseeable business circumstances;
- whether the Debtor was entitled to give less than sixty (60) days' notice because, at the time notice would have otherwise been required, it was seeking new capital or business that it reasonably believed, if obtained, would have obviated or substantially postponed the plant closing or mass layoff;
- whether such search for new capital or business was commercially reasonable under the circumstances;

- whether the employment losses suffered by the aggrieved employees were caused by the Debtor's failure to obtain capital or business;
- whether the Debtor gave "as much notice as is practicable";
- whether the Debtor is entitled to a defense of "good faith";
- whether the Debtor's failure to pay accrued, vested and unused vacation was "willful" given the Debtor was not a "free agent" with control and authority over the payment to creditors;
- whether third parties other than the Debtor could be liable for wages, waiting time penalties, or statutory exemplary damages;
- whether the Debtor is entitled to set-offs against damages for sums paid pre-petition and post-petition to employees;
- whether the damages are entitled to administrative priority under § 503(b)(1)(A), wage or benefit priority under §§ 507(a)(4) or (5), or are to be treated as general unsecured claims;
- Are WARN claims reduced by mitigation (for example, wages earned by employees after termination from other employers)?
- When are WARN claims reduced by payments made by the employer after the WARN notice?
- May taxes be withheld from wages, WARN payments, or waiting time payments?
- Is email sufficient notice under WARN?
- Can managers be personally liable under WARN?
- Are the law firm's third party lenders in any way responsible for WARN violations?
- Is there a priority claim for vacation or other benefits that the employees would have earned but didn't only because the company prevented them from working to the vesting date?
- When there is a difference between when benefits are "earned" and when "vested" how is the priority calculated?
- Are WARN claims entitled to the priority in bankruptcy for wages?
- What is the priority in bankruptcy of waiting time penalties?
- Is it possible for us to submit a plan of liquidation that calls for interim priority payments to employees?
- What are the extent of the employees' potential claims against the individual corporations that the law firm sets up in each state, and against the shareholders in those corporations?
- What effect will the plan of liquidation have on the employees' claims against the corporations or the shareholders?
- Should WARN claims be asserted in bankruptcy through the claims process or through an adversary action?

6

Collins Decl. iso Motion for Class Certification

- Does the bankruptcy stay block claims against managers or shareholders?
- Does the bankruptcy stay block potential claims against insurance policies?

**The Background and Qualifications of Blum Collins' Attorneys**

29. Because Blum Collins' resources are not stretched thin in hundreds of WARN Act cases, the firm is able to commit a team of five seasoned lawyers to this case, who collectively have more than a century of litigation experience. They all have worked at top nationally known law firms on complex class action, commercial litigation, and bankruptcy matters.

30. I am a founding partner of Blum Collins. I have been certified class counsel in the Heller and Thelen cases mentioned above, and the consumer fraud case of *Schramm v. JPMorgan Chase Bank* in the Central District of California (Case No. CV09-9442-JAK (FFMx)). I am a 1983 graduate of the Indiana University School of Law with a 1980 Bachelor of Arts degree in Economics from the University of Chicago. I am a member in good standing with the State Bar of California with first-chair trial experience in numerous large-scale complex lawsuits in California and the Federal Courts. I spent part of my career working for the Mayer Brown law firm.

31. I have worked for many years with my co-counsel in this case, Steven A. Blum, Douglas Thorpe, Teresa Blasberg, and Gary Ho.

32. Mr. Blum is also a founding partner of Blum Collins. He has worked on and led large complex commercial and class litigation matters, including consumer and wage and hour class action litigation matters. Mr. Blum has been lead counsel on approximately 20 certified class actions, including, among other cases, the Thelen, Heller, and Schramm cases referenced above. Mr. Blum is a 1987 graduate of Yale Law School with a Bachelor of Arts degree from the University of California, Los Angeles. He spent a significant part of his career working in the nationally renowned firms of Irell & Manella and Heller Ehrman.

33. Mr. Thorpe was formerly of counsel to and has associated with Blum Collins in numerous cases. He has managed large and complex cases for many corporate clients during his 40-year legal career. Mr. Thorpe graduated from the Southern Methodist University School of

Law (first in class) and the University of Nebraska (BS in Civil Engineering). Mr. Thorpe served on the Executive and Management Committees, and for many years was managing partner of the Los Angeles Office of the Perkins Coie law firm, which is an international law firm similar in size and reputation to Howrey. Mr. Thorpe also has served as an expert witness on law firm management issues. He has also worked at O'Melveny & Myers and Johnson, Manfredi & Thorpe (before it merged with Perkins Coie). He was certified class counsel in both the Heller and Thelen cases.

34. Ms. Blasberg has associated with Blum Collins in numerous cases. She has been a corporate bankruptcy specialist for over 25 years, and is a graduate of the University of California, Los Angeles School of Law and Stanford University. She practiced at the New York law firms of Milbank, Tweed, Hadley & McCoy and later White & Case. She was certified class counsel in both the Heller and Thelen cases.

35. Mr. Ho has been in practice for nearly 10 years. He holds a 2003 *Juris Doctorate* from UC Berkeley School of Law and a 1999 Bachelor of Arts degree (with honors) in Political Science from UCLA. Mr. Ho has acquired extensive litigation experience in complex employment and class action matters at O'Melveny & Myers (5 years) and Blum Collins LLP (4 years). He was certified class counsel in the Schramm case mentioned above.

36. Neither my co-counsel Mr. Blum, Mr. Thorpe, Ms. Blasberg and Mr. Ho, nor I and the Blum Collins law firm, have any known conflicts of interest with the individual Creditors or the members of the proposed classes or subclasses. None of us have attended any meeting of the Unsecured Creditors Committee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed December 14, 2012 at Los Angeles, California.



CRAIG M. COLLINS

8