DIAMOND MCCARTHY LLP
Stephen T. Loden, Esq. *(pro hac vice)*
J. Benjamin King, Esq. *(pro hac vice)*
Andrew B. Ryan, Esq. *(pro hac vice)*
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: 713-333-5100
Facsimile: 713-333-5199
sloden@diamondmccarthy.com
bking@diamondmccarthy.com
aryan@diamondmccarthy.com
*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

KORNFIELD, NYBERG, BENDES & KUHNER, P.C.
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669
e.nyberg@kornfieldlaw.com
c.kuhner@dornfieldlaw.com
*Local Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 11-31376 DM |
| HOWREY LLP, | Chapter 11 |
| | Date: January 11, 2013 |
| | Time: 10:00 a.m. |
| | Ctrm: U.S. Bankruptcy Court |
| | 230 Pine Street |
| | San Francisco, CA |
| | Judge: Dennis J. Montali |
| Debtor. | |

## CHAPTER 11 TRUSTEE'S SURREPLY TO
## WILLIAM MCGRANE'S SURREBUTTAL TO STAY MOTION

**Table of Contents**

Page

INTRODUCTION ..................................................................................................................1

ARGUMENT.......................................................................................................................3

I.    *Ahcom* Did Not Interpret Section 541 To Exclude *Alter Ego* Rights ...................................3

II.    HC's Alleged Substantive Claim Is Property Of The Howrey Estate..................................................................................................................................5

III.    Relevant *Alter Ego* Law Supports The Motion To Enforce ................................................6

IV.    *In Pari Delicto* Is Irrelevant To Who Has Standing To Bring *Alter Ego* Claims, And In Any Event It Would Not Bar The Trustee From Asserting Those Claims Against The Former Partners...............................................8

V.    No Creditor Has Come To HC's Defense Of Its Attempts To Independently Assert The Trustee's *Alter Ego* Claims......................................................10

CONCLUSION...................................................................................................................11

ii

**<u>Table of Authorities</u>**

Page

**Cases**

*Ahcom, Ltd. v. Smeding,*
    623 F.3d 1248 (9th Cir. 2010) ................................................................ *passim*

*ANR Ltd., Inc. v. Chattin,*
    89 B.R. 898 (D. Utah 1988) ........................................................................7

*Bd. of Directors of the Chestnut Grove Condominium Unit Owners' Assoc.*
    *v. Resolution Trust Co.,* 161 B.R. 860 (D.D.C. 1993) ........................................7

*CarrAmerica Realty Corp. v. Nvidia Corp.,*
    302 Fed. Appx. 514 (9th Cir. 2008) ..........................................................9

*Donell v. Nixon Peabody LLP,*
    2012 WL 3839402 (C.D. Cal. Sept. 5, 2012) ....................................................9

*Drabkin v. L&L Constr. Associates, Inc. (In re Latin Inv. Corp.),*
    168 B.R. 1 (Bankr. D.C. 1993) ..................................................................8

*Estate of Raleigh v. Mitchell,*
    947 A.2d 464 (D.C. 2008) ...............................................................7, 10

*Goldin v. Primavera Familienstiftung, TAG Assocs. (In re Granite*
    *Partners, L.P.),* 194 B.R. 318 (Bankr. S.D.N.Y. 1996) ......................................9

*Gutierrez v. Girardi,*
    194 Cal. App. 4th 925 (Cal. App. 2011) ......................................................6

*Highland Capital Mgmt. LP v. Chesapeake Energy Corp. (In re Seven*
    *Seas Petroleum, Inc.),* 522 F.3d 575 (5th Cir. 2008) ........................................8

*Holt v. Kormann,*
    2012 WL 2150070 (C.D. Cal. June 12, 2012) ..................................................6

*In re Buildings by Jamie, Inc.,*
    230 B.R. 36 (Bankr. D.N.J. 1998) ............................................................8

*In re Greater Southeast Comm. Hosp. Corp. I,*
    353 B.R. 324 (Bankr. D.D.C. 2006) ..........................................................9

*In re Oakwood Homes Corp.,*
    356 Fed. Appx. 622 (3d Cir. 2009) ..........................................................9

Case: 11-31376   Doc# 961   Filed: 01/04/13   Entered: 01/04/13 14:07:10   Page 3 of 23

*In re OODC, LLC,*
    321 B.R. 128 (Bankr. D. Del. 2005) ................................................................8

*In re S.I. Acquisition, Inc.,*
    817 F.2d 1142 (5th Cir. 1987) ....................................................................7

*Mixon v. Anderson (In re Ozark Rest. Equip. Co., Inc.),*
    816 F.2d 1222 (8th Cir. 1987) ....................................................................8

*Peterson v. McGladrey & Pullen, LLP (In re Lancelot Investors Fund, L.P.),* 676 F.3d 594 (7th Cir. 2012) ....................................................9

*Quinn v. Butz,*
    510 F.2d 743 (D.C. Cir. 1975) ..................................................................10

*Raytheon Co. v. Boccard USA Corp.,*
    369 S.W.3d 626 (Tex. App.—Houston
    [1st Dist.] 2012, pet. denied)......................................................................7

*Rondberg v. McCoy,*
    2009 WL 3017611 (S.D. Cal. Sept. 21, 2009)...........................................6

*Samson v. Rocky Mtn. Rec. Communities, LLC (In re Rocky Mtn. Rec. Communities, LLC),* 2012 WL 5248480 (Bankr. D. Mont. Oct. 23, 2012)........................4

*Shearson Lehman Hutton, Inc. v Wagoner,*
    944 F.2d 114 (2d Cir. 1991).......................................................................9

*Shaoxing County Huayue Imp. & Exp. v. Bhaumik,*
    191 Cal. App. 4th 1189 (Cal. App. 2011) .................................................4

*TAC-Critical Sys., Inc. v. Integrated Facility Sys., Inc.,*
    808 F. Supp. 2d 60 (D.D.C. 2011) ........................................................5, 8

*Tese-Milner v. Beeler (In re Hampton Hotel Investors, L.P.),*
    289 B.R. 563 (Bankr. S.D.N.Y. 2003)...................................................9-10

*USACM Liquidating Trust v. Deloitte & Touche LLP,*
    764 F. Supp. 2d 1210 (D. Nev. 2011) .......................................................9

**Statutes**

11 U.S.C. § 101.............................................................................................9

11 U.S.C. § 541......................................................................................2, 4, 5

# INTRODUCTION

HC's[1] counsel admits in his Surrebuttal[2] that HC's Complaint presents "somewhat novel legal ideas" and a "monumental issue." Surrebuttal at 2 n.3, 10:11. The Trustee agrees. Never before (to the Trustee's knowledge or, apparently, to HC's) has a creditor sought to bring an *alter ego* class action against a debtor's former owners to recover the same dollars the trustee is presently seeking to recover and for the express purpose of subverting the Bankruptcy Code's "absolute priority rule." HC Complaint at ¶ 316. Certainly, HC's Complaint is novel.

HC's approach is also monumental because it threatens the administration of not only the Howrey estate, but of every law firm bankruptcy. In every major law firm bankruptcy, recoveries from the former partners are one of the principal, if not the principal, sources of recoveries for the debtor. If a class of creditors may pursue the law firm's former partners, taking their assets and leaving fewer or none for the debtor, secured lenders will be reluctant to fund the administration of law firm estates. Trustees will still have causes of action against the former partners, but the value of those claims will be substantially diminished because the former partners' resources necessarily have limits. Litigation of the competing claims of the class and the trustee will be unworkable. Class members will opt out to pursue their own, individual *alter ego* claims, complicating matters even further. The former partners will be reluctant to settle with anyone because they can never have finality over their liability.

Fortunately, there is a good reason why HC's "novel" approach has never been allowed: it lacks legal basis. As demonstrated in the Trustee's prior briefing, only the Trustee has standing to recover from the Former Partners as *alter egos* of Howrey. In the **fourth** briefing by

---

[1] This Surreply adopts the abbreviations and capitalized terms used in the Trustee's prior briefs in support of his Motion to Enforce.

[2] Interested Party William McGrane's (i) Surrebuttal To Trustee's Amended Stay Motion And (ii) Initial Response To Joinders By Committee And Citibank Thereto (Doc. # 905) (the "Surrebuttal").

1

HC or its counsel in opposition to the Stay Motion, the Surrebuttal revisits several arguments this Court should reject:

**First,** the Surrebuttal argues that *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248 (9th Cir. 2010), holds that 11 U.S.C. § 541 excludes *alter ego* rights from "property of the estate" if *alter ego* is a "remedy" rather than a "claim." *See* Surrebuttal § I. HC's counsel very badly wants this Court bound to interpret D.C. law the way *Ahcom* interpreted California law, so the Surrebuttal argues that *Ahcom* was based on an interpretation of Section 541, which this Court is bound to follow. But *Ahcom* does not interpret Section 541 at all. Instead, *Ahcom* interprets California law, which does not apply here. *See infra* § I.

**Second,** the HC Complaint's money had and received claim does not complain about money taken from HC (or Jan Brown) and transferred to anyone. It complains about money taken from Howrey and transferred to the Former Partners. HC's sole claim for relief in its Complaint is for money had and received, but the only feasible money had and received claim alleged is Howrey's–based on money transferred from Howrey transferred to its Former Partners. HC and its counsel failed in their three prior attempts to explain how HC has stated a money had and received claim owned by HC, and they failed again in the Surrebuttal. *See infra* § II.

**Third,** the weight of authority holds that trustees, and only trustees, have standing to bring *alter ego* claims against the debtor's former owners or controllers. Nothing in the Surrebuttal demonstrates that this Court should find D.C. law at odds with the majority of jurisdictions reaching this reasonable conclusion. *See infra* § III.

**Fourth,** the longest section in the Surrebuttal addresses the least significant issue—*in pari delicto*. This defense will not apply to claims by the Trustee against the Former Partners, at least not to claims by the Trustee against the Former Partners who could conceivably be subject

2

to *alter ego* liability.  But even if the defense would apply to the Trustee's *alter ego* claims, that has nothing to do with who—the creditors or the debtor—owns the claims.  Simply stated, whether *in pari delicto* is a valid defense to claims the Trustee might bring is irrelevant to the question of who has standing to bring those claims.  *See infra* § IV.

**Fifth,** the Surrebuttal argues that denying the Motion to Enforce will allow for the fair resolution of the class's *alter ego* claims through a confirmed plan.  To the contrary, achieving a confirmed plan will be next to impossible if HC is allowed to pursue its ill-conceived *alter ego* claims against the Former Partners.  Moreover, the Surrebuttal's argument incorrectly assumes that HC and the class have any *alter ego* claims to resolve.  *See infra* § V.

For these reasons, and those set forth in the Trustee's prior briefing in support of the Motion to Enforce, this Court should grant the Motion to Enforce.

## ARGUMENT

### I.  *Ahcom* Did Not Interpret Section 541 To Exclude *Alter Ego* Rights

The Ninth Circuit, in *Ahcom, Ltd. v. Smeding,* 623 F.3d 1248 (9th Cir. 2010), determined that, under California law, generalized *alter ego* claims do not exist.  *Ahcom*, 623 F.3d at 1252.  However, California law does not apply to the *alter ego* issues here, and *Ahcom* does not control.  *See* Tr. Am. Mem. ¶¶ 38-39; Tr. of Dec. 11, 2012 Status Conference at 28 (this Court recognizing that the *Ahcom* holding was based on an interpretation of California law).  In his prior briefing, the Trustee demonstrated that courts applying the laws of at least **twelve** states have held that *alter ego* claims (or remedies) against the former controllers of the debtor are property of the debtor.  *See* Tr. Am. Mem. ¶¶ 40-42; Tr. Reply at 9-10, 13-14.[3]  The Trustee further demonstrated that substantive *alter ego* law in D.C. is consistent with the law of those

---

[3] Chapter 11 Trustee's Amended Memorandum of Points and Authorities in Support of Motion for an Order Enforcing the Automatic Stay (Dkt. #885) ("Trustee's Amended Memorandum"); Chapter 11 Trustee's Reply to Oppositions to Stay Motion (Dkt. # 915) ("Trustee's Reply").

3

other states, and this Court should determine that the *alter ego* claims asserted by HC are property of the Howrey estate. *See* Tr. Am. Mem. ¶¶ 43-49; Tr. Reply at 11-13.

To avoid an argument regarding the appropriate interpretation of D.C. *alter ego* law, the Surrebuttal argues that, pursuant to *Ahcom*, if *alter ego* is a "remedy" rather than a "claim" under the relevant state law, then the *alter ego* remedy is not property of the bankruptcy estate under 11 U.S.C. § 541. Surrebuttal at § I. In other words, *Ahcom* supposedly holds that Section 541 "weeds out" the *alter ego* remedy from the debtor's estate. This reasoning is erroneous for at least three reasons.

**First**, *Ahcom* did not hold that bankruptcy estates lack all *alter ego* remedies. Rather, *Ahcom* determined that, under California law, **generalized** *alter ego* claims do not exist. *Ahcom*, 623 F.3d at 1252. In fact, courts have recognized that *Ahcom* allows for trustees to bring *alter ego* remedies where coupled with substantive claims. *See Shaoxing County Huayue Imp. & Exp. v. Bhaumik,* 191 Cal. App. 4th 1189, 1198-99 (Cal. App. 2011) ("The trustee of a bankrupt corporation can maintain an action against a defendant based on an alter ego theory if there is some allegation of injury to the corporation that gives the corporation a right of action against the defendant."); *Samson v. Rocky Mtn. Rec. Communities, LLC (In re Rocky Mtn. Rec. Communities, LLC),* 2012 WL 5248480, at *7 (Bankr. D. Mont. Oct. 23, 2012) (holding that a trustee had standing to bring an alter ego remedy, consistent with *Ahcom*, because the trustee had other substantive causes of action against the defendants, with *alter ego* serving as the trustee's remedy). Thus, bankruptcy estates clearly have some *alter ego* remedies under *Ahcom* and California law, so it cannot be that Section 541 excludes all *alter ego* remedies.

**Second,** the ruling in *Ahcom* was not based on an interpretation of Section 541. *Ahcom* did **not** hold that because, under California law, *alter ego* is a remedy rather than a claim, *alter ego* is not contained within the debtor's Section 541 bundle of rights. Nowhere does the Ninth

4

Circuit consider whether *alter ego* falls within the Section 541 definition of property of the estate. Nowhere does the Ninth Circuit consider whether Section 541 includes "remedies" as well as "claims." Rather, the Ninth Circuit analyzes California's *alter ego* law and reaches the following conclusion: "Thus, we conclude that California law does not recognize an alter ego claim or cause of action that will allow a corporation and its shareholders to be treated as alter egos for purposes of all the corporation's debts." *Ahcom,* 623 F.3d at 1252. *Ahcom* held that no entity has a generalized *alter ego* claim under California law. It did not hold that Section 541 somehow skims away the *alter ego* remedy that existed pre-bankruptcy.

**Third,** the Surrebuttal offers no logical explanation as to why a debtor's Section 541 property does not include "remedies." Damages and injunctive relief are types of remedies, yet no one doubts that a debtor generally has the same rights to those remedies post-bankruptcy as it had pre-bankruptcy. The Surrebuttal offers no basis for why Section 541 would discriminate against the *alter ego* remedy.

Because D.C. law (not California law) will govern whether the Former Partners were *alter egos* of Howrey, and because *Ahcom* was not based on an interpretation of Section 541, *Ahcom* is not binding precedent here.

## II. HC's Alleged Substantive Claim Is Property Of The Howrey Estate

To state an *alter ego* remedy against the Former Partners, HC must first establish a substantive claim against Howrey. *See, e.g., TAC-Critical Sys., Inc. v. Integrated Facility Sys., Inc.,* 808 F. Supp. 2d 60, 66-67 (D.D.C. 2011). The only substantive claim alleged in HC's Complaint is "money had and received." As the Trustee has previously argued, the only basis for a money had and received claim alleged in HC's Complaint is money transferred from Howrey to the Former Partners. *See* Am. Mem. at ¶¶ 28-33; Reply at 8-9. Such a claim is Howrey's property, not HC's.

5

The Surrebuttal claims that "a common law count for money had and received embraces the most general type of liability imaginable." Surrebuttal at 5:18-19. Broad though a money had and received claim may be, it does have some parameters, the principal one being that HC must allege some way in which Howrey improperly received HC's money. *See Gutierrez v. Girardi,* 194 Cal. App. 4th 925, 937 (Cal. App. 2011) (holding that the claim "lies wherever one person has received money which belongs to another, and which in equity and good conscience should be paid over to the latter") (citation omitted); *Holt v. Kormann,* 2012 WL 2150070, at *8 n.4 (C.D. Cal. June 12, 2012) (listing as an element of a money had and received claim that "the defendant received a sum of money from the plaintiff"); *Rondberg v. McCoy,* 2009 WL 3017611, at *6 (S.D. Cal. Sept. 21, 2009) (holding that, to state a money had and received claim, the plaintiff must show that "a definite sum, to which she is entitled, has been received by defendant") (citations omitted).

HC's "**SOLE CLAIM FOR RELIEF**" (HC Complaint at 28:5) is money had and received. The only possible money had and received claim described in HC's Complaint is one Howrey might bring against the Former Partners. There is not a single contention that Howrey received HC's or Jan Brown's money. HC's money had and received claim is plainly Howrey's claim.

III. **Relevant *Alter Ego* Law Supports The Motion To Enforce**

The Surrebuttal claims that "there is neither any DC law nor any federal common law supporting the bald claim by the Trustee that he has a 'general *alter ego* claim.'" Surrebuttal at 8:1-2. To the contrary, the Trustee has pointed out that courts applying the laws of at least the jurisdictions of **Texas, Virginia, Ohio, Illinois, Indiana, North Carolina, Nevada, New York, Utah, Georgia, Pennsylvania,** and **Delaware** have held that *alter ego* claims against the former controllers of the debtor are property of the debtor. Tr. Mem. at 18-19. Moreover, one of these

6

courts was a D.C. court. *See Bd. of Directors of the Chestnut Grove Condominium Unit Owners'*
*Assoc. v. Resolution Trust Co.,* 161 B.R. 860, 862-63 (D.D.C. 1993) (Virginia law). And the
Trustee demonstrated that the factors courts looked to in concluding that the *alter ego* claims
were property of the bankruptcy estate in those other jurisdictions applied equally under D.C.
law. Tr. Mem. at 19-22. In short, there is no reason why D.C. law should be interpreted any
differently from the laws of the many jurisdictions under which trustees have the right to assert
*alter ego* remedies.

The Surrebuttal focuses on the fact that D.C. law, like California law, characterizes *alter
ego* as a "remedy" and not a "claim," yet this fact is irrelevant. As noted in the Trustee's Reply
Brief, courts concluding that *alter ego* is a remedy also hold that bankruptcy trustees have
exclusive standing to assert that remedy.[4] Further, the Surrebuttal itself notes that describing
*alter ego* as a "remedy" rather than a "claim" is done "widely . . . throughout the United States."
Surrebuttal at 4 n.6. Yet it is also widely recognized throughout the United States that *alter ego*
claims are exclusively controlled by trustees in bankruptcy. The Surrebuttal's correlation
between "remedy" states and creditor-standing states simply does not hold up.

In response to the weight of authority, Mr. McGrane and HC cite the following few cases
for their position that D.C. law precludes the Trustee from recovering from the Former Partners
as *alter egos* of Howrey.

- *Estate of Raleigh v. Mitchell,* 947 A.2d 464 (D.C. 2008): This case has been
  discussed extensively by the parties, and the dicta in that case supports the
  Trustee's standing to bring *alter ego* claims against the Former Partners. *See* Tr.
  Reply at 11-12.

---

[4] *See* Tr. Reply at 13-14; *In re S.I. Acquisition, Inc.,* 817 F.2d 1142, 1152 (5th Cir. 1987) (Texas law); *ANR Ltd., Inc.
v. Chattin,* 89 B.R. 898, 902 n.4 (D. Utah 1988) (citing *S.I. Acquisition,* but case decided under Utah law); s*ee also
Raytheon Co. v. Boccard USA Corp.,* 369 S.W.3d 626, 638 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)
(recognizing that *alter ego* is a remedy and holding that "under Delaware and Pennsylvania law, a corporation,
particularly an insolvent one, has standing to pierce its own corporate veil under an alter ego theory to reach the
assets of its parent").

7

- *TAC-Critical Sys., Inc. v. Integrated Facility Sys., Inc.,* 808 F. Supp. 2d 60 (D.D.C. 2011): This case supports the Trustee's contention that D.C. *alter ego* law is consistent with the majority of jurisdictions that have held that *alter ego* claims/remedies are property of the bankruptcy estate. *See* Tr. Am. Mem. at ¶¶ 43-46.

- *Ahcom*: Even under *Ahcom* and California law, the Trustee has standing to pursue *alter ego* remedies against the Former Partners, so long as those remedies are coupled with substantive claims. *See* Trustee's Am. Mem. at 23 n.10.[5]

- *Mixon v. Anderson (In re Ozark Rest. Equip. Co., Inc.),* 816 F.2d 1222, 1228 (8th Cir. 1987): *Mixon* was decided under Arkansas law and, along with *Ahcom*, represents the minority approach to trustee standing to pursue *alter ego* claims. *See In re Buildings by Jamie, Inc.,* 230 B.R. 36, 43 (Bankr. D.N.J. 1998) (noting that *Mixon* is the minority approach; holding that the bankruptcy trustee has standing to bring *alter ego* claims under New Jersey law); *In re OODC, LLC,* 321 B.R. 128 (Bankr. D. Del. 2005) (noting that *Mixon* is the minority approach).

- *Highland Capital Mgmt. LP v. Chesapeake Energy Corp. (In re Seven Seas Petroleum, Inc.),* 522 F.3d 575 (5th Cir. 2008): Mr. McGrane cited this case in a special filing as evidence that the Trustee (a) was wrong on the law, and (b) tried to mislead the Court. Mr. McGrane just got it wrong. *Seven Seas* directly supports the Trustee's position. *See* Tr. Reply at 9-10.

- *Drabkin v. L&L Constr. Associates, Inc. (In re Latin Inv. Corp.),* 168 B.R. 1 (Bankr. D.C. 1993): As demonstrated in the Trustee's Reply, this case is irrelevant and was completely misrepresented by Mr. McGrane. Tr. Reply at 12-13.

In sum, neither HC nor its counsel have cited any authority compelling the conclusion that, under D.C. law, the Trustee cannot seek to recover from the Former Partners as *alter egos* of Howrey.

## IV. *In Pari Delicto* Is Irrelevant To Who Has Standing To Bring *Alter Ego* Claims, And In Any Event It Would Not Bar The Trustee From Asserting Those Claims Against The Former Partners

The Surrebuttal argues that if the Trustee were precluded by *in pari delicto* from recovering from the Former Partners as *alter egos,* then the *alter ego* cause of action does not become property of the estate. *See* Surrebuttal at 9:10-10:7. But that is not true, and the cases

---

[5] The Surrebuttal states that the standing question in *Ahcom* "turned on whether applicable state law provided a bankruptcy trustee with a 'general alter ego claim that it could assert on behalf of all creditors,' i.e., what we will call a Self Piercing remedy." Surrebuttal at 16:7-8. The Surrebuttal ignores the difference between two concepts: whether a state allows generalized *alter ego* claims, and whether state law allows self-piercing. *Ahcom* did not address self-piercing at all.

Case: 11-31376    Doc# 961    Filed: 01/04/13    Entered: 01/04/13 14:07:10    Page 12 of 23

the Surrebuttal cites say just the opposite. *Peterson* and *USACM* hold that whatever defenses to the debtor's causes of action existed prepetition continue to burden those causes of action post-petition. *See Peterson v. McGladrey & Pullen, LLP (In re Lancelot Investors Fund, L.P.),* 676 F.3d 594, 598-99 (7th Cir. 2012); *USACM Liquidating Trust v. Deloitte & Touche LLP,* 764 F. Supp. 2d 1210, 1229 (D. Nev. 2011). They do not hold that causes of action subject to an *in pari delicto* defense are excluded from the bankruptcy estate.[6]

Thus, the *in pari delicto* issue is red herring. It has nothing to do with who—the creditors or the Trustee—may seek to recover from Howrey's Former Partners as *alter egos*.

Moreover, the defense would not apply to any efforts by the Trustee to recover from the Former Partners as *alter egos.* The Trustee's Reply pointed out that *in pari delicto* likely would not apply against the Former Partners because *in pari delicto* does not normally apply to suits brought by a company against its own wrongdoing agents or partners. *See* Tr. Reply at 6-7. The Surrebuttal contends that the cases cited in the Trustee's Reply only stand for the proposition that *in pari delicto* does not apply against "'insiders,' as the term is non-exclusively defined at Section 101(31)(B)." Surrebuttal at 8:13-15. But that is not true. The exception to the *in pari delicto* defense that allows debtors to sue its former agents is not limited to or defined by "insiders," as defined at Section 101(31)(B). *See In re Oakwood Homes Corp.,* 356 Fed. Appx. 622, 628 (3d Cir. 2009). Section 101(31) does not have any bearing at all on the issue.[7]

---

[6] The Second Circuit, applying New York law, has held that a debtor does not have standing to sue a third party for defrauding a corporation with the cooperation of management. Such a claim accrues to creditors. *See Shearson Lehman Hutton, Inc. v Wagoner,* 944 F.2d 114, 120 (2d Cir. 1991). This elevation of *in pari delicto* to a standing issue has been rejected in an unpublished decision of the Ninth Circuit and by courts in the Ninth Circuit. *See CarrAmerica Realty Corp. v. Nvidia Corp.,* 302 Fed. Appx. 514, 517 (9th Cir. 2008); *Donell v. Nixon Peabody LLP,* 2012 WL 3839402, at *5 (C.D. Cal. Sept. 5, 2012). It is not followed under D.C. law, either. *See In re Greater Southeast Comm. Hosp. Corp. I,* 353 B.R. 324, 369 (Bankr. D.D.C. 2006) (treating *in pari delicto* as a defense, not an issue of standing).

[7] The Surrebuttal contends that none of the cases cited by the Trustee "involve limited liability partnerships." Surrebuttal at 15-17. True, but two involved limited partnerships. *See Goldin v. Primavera Familienstiftung, TAG Assocs. (In re Granite Partners, L.P.),* 194 B.R. 318 (Bankr. S.D.N.Y. 1996); *Tese-Milner v. Beeler (In re Hampton*

Case: 11-31376   Doc# 961   Filed: 01/04/13   Entered: 01/04/13 14:07:10   Page 13 of 23

Even if, as the Surrebuttal suggests, the "insider" exception to *in pari delicto* requires a showing of control over the debtor by the defendant (*see* Surrebuttal at 8:18-9:5), it is likely those Former Partners who controlled Howrey that would be subject to the *alter ego* remedy/claim. The Surrebuttal cites *Quinn v. Butz,* 510 F.2d 743, 757-58 (D.C. Cir. 1975), to describe the conditions under which the *alter ego* doctrine will be applied: "Here we speak not merely of single ownership, or of deliberate adoption and use of a corporate form in order to secure its legitimate advantages, but of such domination of a corporation as in reality to negate its separate personality." Surrebuttal at 9 n.10. Any Former Partners who so dominated Howrey as to give rise to *alter ego* liability would also surely exercise the same control over Howrey as would trigger the "insider" exception to *in pari delicto*.[8] Thus, *in pari delicto* would not prevent the Trustee from recovering from at least the Former Partners that could be subject to *alter ego* liability at all.

For these reasons, the *in pari delicto* defense would not bar the Trustee's *alter ego* claims against the Former Partners, but even if it did, that would have no bearing on whether or not the *alter ego* claims asserted by HC are property of the Howrey estate.

## V. No Creditor Has Come To HC's Defense Of Its Attempts To Independently Assert The Trustee's *Alter Ego* Claims

The Surrebuttal argues that this Court should deny the Motion to Enforce so that the *alter ego* claims of the class members may be resolved in a confirmed plan. Surrebuttal at 12-1-8. But this argument assumes that the class members have *alter ego* claims to resolve. As the

---

*Hotel Investors, L.P.),* 289 B.R. 563, 577 n.23 (Bankr. S.D.N.Y. 2003). And none of the cases cited by HC or its counsel for the proposition that *in pari delicto* would apply to the Trustee's claims involved suits against the former partners of a limited liability partnership, or of any kind of partnership. *See* McGrane Opp. at 4. Those cases all involved suits against third parties that previously provided services to the debtor.

[8] The Surrebuttal footnotes *Estate of Raleigh* in its section addressing *in pari delicto*. Surrebuttal at 8 n.9. *In pari delicto* is mentioned nowhere in *Estate of Raleigh*. The other aspects of *Estate of Raleigh* raised in the Surrebuttal are addressed in the Trustee's Reply at pages 11-12.

Case: 11-31376   Doc# 961   Filed: 01/04/13   Entered: 01/04/13 14:07:10   Page 14 of 23

Trustee has demonstrated, they do not have any such claims.

Moreover, HC's vision of a multi-party negotiation leading to a confirmed plan that will involve the HC class and others is a mirage. As discussed in the Trustee's Amended Memorandum, the HC class is not certifiable. *See* Tr. Am. Mem. at 15:17-16:8. And even if it were, many creditors would likely opt out to urge their individual, alleged *alter ego* rights.

Finally, HC is apparently the only creditor in favor of HC's pursuing *alter ego* claims against the Former Partners. No creditor has filed any paper or appeared in support of HC's complaint or in opposition to the Motion to Enforce. Howrey's largest creditor—Citibank, N.A.—has filed a brief supporting the Motion to Enforce, as has the Official Committee of Unsecured Creditors. In fact, the Creditors' Committee has moved to have Mr. McGrane disqualified from representing HC. Apparently the only creditor that wants HC's class action to go forward is HC itself—an entity designed by Mr. McGrane to purchase a $994.25 claim for the purpose of bringing HC's *alter ego* action.

Far from promoting a "comprehensive resolution" of the Former Partners' liabilities, HC's actions have effectively eliminated the Trustee's ability to exercise his court-appointed duties to bring resolution with the Former Partners. Many Former Partners would be willing to settle, but not if the Trustee is unable to offer them total releases. It is for that precise reason that the Trustee was granted sole authority to negotiate a resolution of those claims on behalf of the estate, and it is for that precise reason that HC and its counsel violated the automatic stay by filing the complaint. For all these reasons, the Court should enforce the automatic stay and require HC and its counsel to immediately dismiss the complaint and cease their efforts to exercise control over Howrey estate property.

## CONCLUSION

For all the reasons stated above, and in the Trustee's prior briefing in support of the

Case: 11-31376   Doc# 961   Filed: 01/04/13   Entered: 01/04/13 14:07:10   Page 15 of 23

Motion to Enforce, this Court should grant the Motion to Enforce so that the Trustee can continue with the work of marshaling the assets of the Howrey estate.

Dated: January 4, 2013

Respectfully submitted,

_____/s/ Andrew B. Ryan_____
Stephen T. Loden (*pro hac vice*)
J. Benjamin King (*pro hac vice*)
Andrew B. Ryan (*pro hac vice*)
**DIAMOND MCCARTHY LLP**
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: 713-333-5100
Facsimile: 713-333-5199

Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669

*Counsel for Allan B. Diamond, Chapter 11 Trustee for Howrey LLP*

12

## <u>CERTIFICATE OF SERVICE</u>

__X__ (CM/ECF) The document was electronically served on the parties to this action via the mandatory United States Bankruptcy Court of California CM/ECF system upon filing of above described document:

### SEE ATTACHED SERVICE LIST

__X__ (ELECTRONIC MAIL SERVICE) By electronic mail (e-mail) the above listed document(s) without error to the email address(es) set forth below on this date:

### SEE ATTACHED SERVICE LIST

____ (UNITED STATES MAIL) By depositing a copy of the above-referenced documents for mailing in the United State Mail, first class postage prepaid, at Houston, Texas, to the parties listed at their last known mailing addresses, on this date:

### SEE ATTACHED SERVICE LIST

_____ (OVERNIGHT COURIER) By depositing a true and correct copy of the above referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

_____ (COURIER SERVICE) By providing true and correct copies of the above referenced documents [with copies of the supporting detailed invoices/attorney time records for the Final Fee Application] via courier delivery, to the following on or about _____:

_____(FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those people listed on the attached service list, on the date above written.


*/s/ J. Benjamin King*_____
J. Benjamin King

13

*VIA CM/ECF:*

**United States Trustee**       Minnie Loo, Esq.
Donna S. Tamanaha, Esq.
Office of the U.S. Trustee
235 Pine Street. 7th Floor
San Francisco, CA 94104-3484
*Email: Minnie.Loo@usdoj.gov*
*Email: Donna.S.Tamanaha@usdoj.gov*

**Chapter 11 Trustee**       Allan B. Diamond
**Diamond McCarthy, LLP**
Two Houston Center
909 Fannin Street, Suite 1500
Houston, Texas 77010
*Email: adiamond@diamondmccarthy.com*

**Counsel for the Chapter 11 Trustee**  **Diamond McCarthy, LLP**
Howard D. Ressler, Esq.
*Email: hressler@diamondmccarthy.com*
Stephen T. Loden, Esq.
*Email: sloden@diamondmccarthy.com*
Jason M. Rudd, Esq.
*Email: jrudd@diamondmccarthy.com*

           **Kornfield Nyberg Bender & Kuhner P.C.**
Eric Nyberg
*Email:* e.nyberg@kornfieldlaw.com
Chris D. Kuhner
*Email:* c.kuhner@kornfieldlaw.com

**Debtor's Counsel**       **Wiley Rein LLP**
H. Jason Gold
Valerie P. Morison
Dylan G. Trache
*Email: jgold@wileyrein.com*
*Email: vmorrison@wileyrein.com*
*Email: dtrache@wileyrein.com*

           **Murray & Murray**
Robert A. Franklin
Craig M. Prim
Jenny Lynn Fountain
*Email: rfranklin@murraylaw.com*
*Email: cprim@murraylaw.com*
*Email: jfountain@murraylaw.com*

14

| | |
|---|---|
| **Duane Morris LLP** | Geoffrey A. Heaton, Esq. |
| | *Email:* gheaton@duanemorris.com |
| | Aron M. Oiner, Esq. |
| | *Email:* roliner@duanemorris.com |
| **Law Offices of Latham & Watkins** | Kimberly A. Posin, Esq. |
| | *Email:* kim.posin@lw.com |
| **Murray & Murray** | Craig M. Prim, Esq. |
| | *Email:* cprim@murraylaw.com |
| | Robert A. Franklin, Esq. |
| | *Email:* rfranklin@murraylaw.com |
| | Jenny L. Fountain, Esq. |
| | *Email:* jlfountain@murraylaw.com |
| **Official Committee of Unsecured Creditors** | **Whiteford, Taylor & Preston LLP** |
| | Bradford F. Englander, Esq. |
| | *Email:* benglander@wtplaw.com |
| | John F. Carlton, Esq. |
| | *Email:* jcarlton@wtplaw.com |
| | Justin P. Fasano, Esq. |
| | *Email:* jfasano@wtplaw.com |
| **Counsel for The Irvine Company, LLC** | **Allen Matkins, et al.** |
| | *Email:* mgreger@allenmatkins.com |
| **Counsel for Creditor Ctitbank, N.A.** | **Paul, Weiss, Rifkind, Wharton & Garrison** |
| | Larry Peitzman, Esq. |
| | *Email:* lpeitzman@pwkllp.com |
| **Counsel for Creditor Protiviti, Inc.** | **Pachulski, Stang, Ziehl & Jones** |
| | John D. Fiero, Esq. |
| | *Email:* jfiero@pszjlaw.com |
| **Counsel for Creditor Oracle America, Inc.** | **Buchalter Nemer** |
| | Shawn M. Christianson, Esq. |
| | *Email:* schristianson@buchalter.com |
| **Counsel for Creditor U.S. Bank, N.A., as Trustee** | **Perkins Coie LLP** |
| | David J. Gold, Esq. |
| | *Email:* dgold@perkinscoie.com |

Case: 11-31376   Doc# 961   Filed: 01/04/13   Entered: 01/04/13 14:07:10   Page 19 of 23

| | |
|---|---|
| | Gabriel Liao, Esq.<br>*Email:* gliao@perkinscoie.com |
| **Counsel for Attorneys' Liability Assurance Society, Inc.,** *A Risk Retention Group* | **Perkins Coie LLP**<br>Alan D. Smith, Esq.<br>*Email:* adsmith@perkinscoie.com |
| **Counsel for Creditors Advanced Discovery LLc, Give Something Back, Inc., Jan Brown & Associates, Kent Daniels & Associates, Inc., L.A. Best Photocopies, Inc., Western Messenger Service, Inc.** | **Trepel McGrane Greenfield LLP**<br>Maureen A. Harrington, Esq.<br>*Email:* mharrington@tmcglaw.com<br>Christopher D. Sullivan, Esq.<br>*Email:* csullivan@tgsdlaw.com |
| **Counsel for BP/CGCENTER I, LLC** | **Allen, Matkins, Leck, Gamble and Mallory**<br>William W. Huckins<br>*Email:* whuckins@allenmatkins.com |
| **Counsel for Creditor Warner Investment, L.P.** | **McKenna Long and Aldridge LLP**<br>Gregg S. Kleiner, Esq.<br>*Email:* gkleiner@mckennalong.com |
| **Counsel for Creditor Dewey & LeBoeuf LLP** | **Dewey and LeBoeuf**<br>Paul S. Jasper, Esq.<br>*Email*: pjasper@dl.com |
| **Counsel for Creditor Iron Mountain Information Management Inc.** | **Bartlett, Hackett and Feinberg**<br>Frank F. McGinn, Esq.<br>*Email:* ffm@bostonbusinesslaw.com |
| **Counsel for Creditor Hines REIT 321 North Clark Street, LLC** | **DLA Piper LLP**<br>Frank T. Pepler, Esq.<br>*Email:* frank.pepler@dlapiper.com |
| **Counsel for Creditor Stephanie Langley** | **Outten and Golden LLP**<br>Rene S. Roupinian, Esq.<br>*Email:* rst@outtengolden.com |
| **Counsel for Creditor Stephanie Langley** | **Law Offices of James D. Wood**<br>James D. Wood, Esq.<br>*Email*: jdw@jdwoodlaw.com |
| **Counsel for Creditor Pension Benefit Guaranty Corp.** | **Office of the Chief Counsel**<br>John Holland Ginsberg, Esq.<br>*Email:* ginsberg.john@pbgc.gov |
| **Counsel for Interested Party Connecticut** | **Schnader Harrison Segal and Lewis** |

Case: 11-31376   Doc# 961   Filed: 01/04/13   Entered: 01/04/13 14:07:10   Page 20 of 23

| | |
|---|---|
| General Life Insurance Company | Melissa Lor, Esq.<br>*Email:* MLor@Schnader.com |
| **Counsel for Interested Party Ad Hoc Committee of Certain Former Howrey Partners** | **MacConaghy and Barnier**<br>John H. MacConaghy, Esq.<br>*Email:* macclaw@macbarlaw.com<br>Monique Jewett-Brewster, Esq.<br>*Email:* mjewettbrewster@macbarlaw.com |
| **Counsel for Howrey Claims LLC** | **McGrane LLP**<br>William McGrane, Esq.<br>*Email:* william.mcgrane@mcgranellp.com |
| **Counsel for Interested Party Connecticut General Life Insurance Co.** | Melissa Lor<br>*Email*: mlor@schnader.com |
| **Counsel for Creditor Knickerbocker Properties, Inc. XXXIII** | **Seyfarth Shaw LLP**<br>Scott Olson, Esq.<br>*Email*: solson@seyfarth.com |
| **Counsel for Creditor Banc of America Whiteford Leasing & Capital, LLC** | **Law Offices of Serlin and**<br><br>Mark A. Serlin, Esq.<br>*Email:* mserlin@globelaw.com |
| **Counsel for Creditor Texas Comptroller of Public Accounts** | **Bankruptcy & Collections Division**<br>Kimberly Walsh, Esq.<br>*Email:* bk-kwalsh@oag.state.tx.us |
| **Counsel for Creditor 200 S. Main Street Investors, LLC** | **Ballard Spahr Andrews and Ingersoll**<br>Rebecca J. Winthrop, Esq.<br>*Email:* WinthropR@ballardspahr.com<br>Penny M. Costa, Esq.<br>*Email:* costap@ballardspahr.com |
| **Counsel for Creditor Citibank, N.A.** | **Peitzman Weg LLP**<br>Larry Peitzman, Esq.<br>*Email:* lpeitzman@peitzmanweg.com |
| **Counsel for Amy J. Fink** | **Jones Day**<br>Robert A. Trodella<br>*Email*: rtrodella@jonesday.com |
| **Counsel for Harris County** | **Linebarger Goggan Blair & Sampson LLP**<br>John P. Dillman<br>*Email*: houston_bankruptcy@lgbs.com |

Case: 11-31376   Doc# 961   Filed: 01/04/13   Entered: 01/04/13 14:07:10   Page 21 of 23

**Counsel for Informal Group of Certain**          **Dumas & Clark LLP**
**Former Howrey Attorneys**                        Cecily A. Dumas
                                                   *Email: Cecily.dumas@dumasclark.com*
                                                   Robert E. Clark
                                                   *Email: Robert.clark@dumasclark.com*

**Counsel for SAP America, Inc.**                  **Cooper White & Cooper LLP**
                                                   Peter C. Califano
                                                   *Email: pcalifano@cwclaw.com*

**Counsel for SAP America, Inc.**                  **Brown & Connery LLP**
                                                   Donald K. Ludman, Esq.
                                                   *Email: dludman@brownconnery.com*

**Counsel for McKenna Long and Aldridge**          Michael A. Isaacs, Esq.
                                                   *Email: misaacs@mckennalong.com*
                                                            *aworthing@mckennalong.com*

**Counsel for Jeffrey M. Judd**                    **Judd Law Group**
                                                   Jeffrey M. Judd, Esq.
                                                   *Email: jeff@juddlawgroup.com*
                                                            *melanie@juddlawgroup.com*

**Counsel for McGrane LLP**                        William Joseph Walraven, Esq.
                                                   *Email: anna.song@mcgranellp.com*

**Counsel for Cooper US, Inc.**                    **Cooper Industries, Inc.**
                                                   Paula Beck Whitten, Esq.
*paula.whitten@cooperindustries.com*               *Email:*

*VIA EMAIL:*

**Counsel for Creditor Citibank, N.A.**            **Paul, Weiss, Rifkind, Wharton &**
                                                   **Garrison**
                                                   Kelley A. Cornish, Esq.
                                                   *Email: kcornish@paulweiss.com*
                                                   Diane Meyers, Esq.
                                                   *Email:dmeyers@paulweiss.com*
                                                   Jacob J. Adlerstein, Esq.
                                                   *Email: jadlerstein@paulweiss.com*
                                                            *ayoung@paulweiss.com*

                                                   **Ballard Spahr LLP**
                                                   Matthew Moncur, Esq.
                                                   *Email: moncurm@ballardspahr.com*

18

EMC Corporation
c/o Receivable Management Services
Steven Sass, Esq.
*Email*: steven.sass@rmsna.com
Ronald Rowland, Esq.
*Email*: Ronald.rowland@rmsna.com

**Olin Corporation**
S. Christian Mullgardt
*Email*: *scmullgardt@olin.com*

**Counsel for Howrey Claims LLC**

**Klein Denatale Goldner Cooper Rosenlieb & Kimball LLP**
Christian D. Jinkerson, Esq.
*Email*: ijinkerson@kleinlaw.com

**Interested Party William McGrane**

*Email*:
william.mcgrane@mcgranellp.com

19