**LAW OFFICES OF JAMES D. WOOD**
James D. Wood (Cal. St. Bar. No. 106936)
*jdw@jdwoodlaw.com*
1300 Clay Street, Ste. 600
Oakland, CA 94612
Telephone: (510) 292-4280
Facsimile: (925) 283-9663

**OUTTEN & GOLDEN LLP**
Jack A. Raisner (Admitted Pro Hac Vice )
*jar@outtengolden.com*
Rene S. Roupinian (Admitted Pro Hac Vice)
*rsr@outtengolden.com*
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

*Attorneys for Stephanie Langley,
and all others similarly situated*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>HOWREY LLP,<br><br>Debtor. | Case No. 11-31376 DM<br>Chapter 11<br>Hon. Dennis Montali |
| STEPHANIE LANGLEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>HOWREY LLP,<br><br>Defendant. | Adv. No. 11-03065 |

**PLAINTIFF'S OPPOSITION TO ADAMS' MOTION FOR CERTIFICATION OF CLASS CLAIM AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL AND IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

# **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ........................................................................................1

II. ARGUMENT ....................................................................................................................2

    A. Under the Rule 23(g) Rubric, Adams Counsel Should Not be Designated Class Counsel ...........................................................................................................2

    B. Adams Counsel is Not the Best Able to Represent the Class ................................2

        1. Adams Counsel Has Not Shown that it Has Done Extensive Work Identifying or Investigating Potential Claims in the Action. .......................2

        2. Adams Counsel has Minimal Experience Handling WARN Class Actions ........................................................................................................5

            a. *Thelen LLP* ................................................................................5

            b. *Heller Ehrman* ..........................................................................6

        3. Adams Counsel Has Not Demonstrated Considerable Knowledge of the Applicable Law ....................................................................................8

            a. Adams Counsel's Arguments to Disqualify Langley Confuse Basic Concepts. ........................................................................8

            b. Adams Counsel's Work in this Case and in *Heller* Show Missteps. .................................................................................10

                (i) Certification of the Subclasses is Problematic ................. 10

                (ii) Adams Counsel Submitted an Unreasonable Fee Request in Heller .......................................................................... 11

        4. Langley Counsel has Greater Resources to Commit to Representing the Class. ..........................................................................13

III. CONCLUSION ...............................................................................................................14

# Table of Authorities

**Page(s)**

**CASES**

*Bergman et al. v. Thelen LLP*,
  08-cv-5322-EDL (N.D. Cal.) .................................................................... 5, 6, 13

*Biggers et al. v. Heller Ehrman*,
  Adv. Pro. No. 09- 03058-DM (Bankr. N.D. Cal.) ............................................ passim

*Conn v. Dewey & LeBoeuf*,
  Adv. Pro. No. 12-01672-MG (Bankr. S.D.N.Y) ...................................................... 5

*Craft v. County of San Bernardino*,
  624 F. Supp. 2d 1113 (C.D. Cal. 2008) ............................................................... 11

*In re First Magnus Capital, Inc.*,
  08-bk-01494-GBN (Bankr. Ariz.) ......................................................................... 12

*In re Joint Eastern and Southern Dist. Asbestos Litig*,
  982 F.2d 721 (2d Cir. 1992) *opinion modified on reh'g*, 993 F.2d 7 (2d Cir. 1993) ............... 10

*In re Heller Ehrman*,
  08-bk-32514-DM (Bankr. N.D. Cal.) ............................................................... 7, 12

*Molski v. Gleich*,
  318 F.3d 937 (9th Cir. 2003) *overruled on other grounds by Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010) ............................................................... 10

*Officers for Justice v. Civil Serv. Comm'n*,
  688 F.2d 615 (9th Cir. 1982) ............................................................................... 11

*Patterson et al v O'Neal et al.*,
  09-cv-03031-SC (N.D. Cal.) ................................................................................ 6

*Pierce v. Novastar Mortgage, Inc.*,
  05-cv-5835-RJB, 2007 WL 1847216 (W.D. Wash. June 27, 2007) ............................ 9

*Schramm v. JPMorgan Chase Bank*,
  09-cv-9442-JAK (FFMx) (C.D. Cal.) ................................................................ 13

**STATUTES**

11 U.S.C. §503(b)(9). ................................................................................................ 9

WARN Act .................................................................................................... passim

**OTHER AUTHORITIES**

Fed.R.Civ.P. 11 ........................................................................................................ 6

Fed.R.Civ.P. 23 ................................................................................................................... passim

*Order on Request for Attorneys' Fees of Class Counsel,*
   August 31, 2010, Case No. 08-32514-DM ........................................................................12, 13

http://www.blumcollins.com/about-us.html ...............................................................................14

## I. PRELIMINARY STATEMENT

The self-portrait of Blum Collins LLP that emerges from the Adams motion for class certification is of a firm that has brought only one WARN case to conclusion. While it appears to be an otherwise capable firm, in this area it follows rather than leads and makes the gaffes that come with inexperience.

Adams counsel's papers show that it has not had the opportunity to gain significant WARN litigation experience beyond the complaint-filing stage. Instead, Adams counsel has focused on its clients' wage-and-hour and accrued vacation damages. That emphasis is questionable because efforts by counsel are not ordinarily required to obtain unpaid wage and vacation claims; they are often paid to ex-employees off of the debtors' better records without the need to pay attorneys. In any event, wage-related experience is no substitute for WARN litigation experience. Because WARN claims are always contested, settlements occur against a backdrop of actual or potential WARN litigation. In that context, defendants look hard at WARN counsels' litigation track record for likely consequences and benchmarks. They, and the class, rely on WARN counsel's experience to distill the case down to the narrowest issues of conflict and use means gained by experience to expeditiously resolve them.

Importantly, Adams counsel does not exhibit a firm grasp of class action basics. Adams counsel claims that its 100 or so retainers give it an edge because it can advise its clients to opt-out of a settlement. Adams counsel is mistaken. It also seeks to certify an opt-out class, but its filed papers say otherwise. Adams counsel seeks to certify nine subclasses but its papers do not support such certification. Adams counsel claims that Langley counsel is "caught" in an ethical "bind" due to Creditors' Committee participation, but does not persuasively explain why. Finally, in *Heller*, the parties agreed that fees to Adams counsel be paid ahead of class distributions. Those with little class action experience might not recognize that to be a problem, but this Court did, and modified that agreement.

Simply put, the Howrey class would not be well served by a firm starting out on its learning curve. Also, while no attorneys are perfect, counsel drives up the expenses of the estate when its actions and arguments are not "sanded" by experience. Langley counsel has gained experience that cannot be acquired other than by litigating and settling dozens of WARN class action matters in bankruptcy courts. Langley counsel is the firm best able to represent the class's interests.

## II. ARGUMENT

**A. Under the Rule 23(g) Rubric, Adams Counsel Should Not be Designated Class Counsel**

The selection of class counsel depends not on who debtors, committees, or certain class members may favor: it depends on who is best for the class. "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Federal Rule of Civil Procedure 23(g)(2) ("Rule 23(g)(2)"). Pl.'s Supp. Mem of Law in Supp. of Appointment of Class Counsel at 5-6. In appointing class counsel, the court *must* consider

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Under this standard, Adams counsel's record does not show that it is the best able to represent the interests of the Howrey class.

**B. Adams Counsel is Not the Best Able to Represent the Class**

**1. Adams Counsel Has Not Shown that it Has Done Extensive Work Identifying or Investigating Potential Claims in the Action.**

Adams counsel's only statement attesting to what it has done to identify or investigate claims is: "because of its experience with the *Heller* and *Thelen* cases, it has thoroughly

researched and analyzed legal defenses and issues of damage calculation that Howrey will likely (sic) raise in this case, such as: ...." Declaration of Craig M. Collins in Support of Motion for Certification of Class Claim ("Decl. of Collins") ¶ 28; Memorandum of Points and Authorities in Support of Motion for Certification of Class Claim ("Adams Mem.") pp. 19-20. Listed are basal questions that experienced WARN lawyers would not need to research anew, *i.e.*, "Can managers be personally liable under WARN?" (No) and "Are WARN claims entitled to the priority in bankruptcy for wages?" (Yes). Also listed are remote, hypothetical questions given the status of the Howrey case: "Is it possible for us to submit a plan of liquidation that calls for interim priority payments to employees?" and "What effect will the plan of liquidation have on the employees' claims against the corporations of the shareholders." It is unclear whether this list was created for some other case. It **is** also unclear how, without the benefit of discovery, Adams counsel could have meaningfully "researched and analyzed" the ultimate, highly fact-specific issues in the case, such as "whether the debtor was entitled to give less than sixty days' (60) notice because of reasonably unforeseeable business circumstances?" Adams counsel does not indicate what if anything it has done to uncover any facts.

Beyond this, Adams counsel indicated in the *Heller* case, it "assisted 50 class members and others" with the filing of proofs of claim. Adams Mem., p. 17. It simply adds that it "has done the same for around 100 individual former Howrey employees" here. *Id.* At a glance, those proofs of claim appear to be bare bones. Three randomly-chosen individual proofs of claim that Adams counsel filed for Howrey employees are attached as Exhibit A to the Decl. of Raisner filed concurrently herewith. Each asserts a lump sum figure for "services performed" with priority boxes checked. There is no explanation or documentation indicating whether these are for vacation, unpaid wages, or WARN claims. Adams counsel stated that it has "incurred over $90,000 in time in this case to date." Decl. of Collins at ¶ 20.

Adams counsel also filed the Amended Adams Class Proof of Claim (Claim 162-3 filed on October 11, 2011). Attached to this Claim is a draft adversary proceeding complaint styled "Thomas et al v. Howrey, LLP," which was never filed. It contains a federal WARN claim, plus six state statutory claims and two common law claims, each of which purports to cover employees in seven states. It is unclear to what extent Adams counsel researched the procedural issues raised by this wide-ranging complaint. As more fully explained below, Rule 23(a) requires that the complaint identify at least one representative plaintiff who has a claim typical of the claimants in each of the state subclasses, but Adams counsel's submission does not do so. The draft complaint also fails to allege that these subclasses can meet Rule 23(a)'s numerosity test.

Adams counsel's emphasis on investigating and preparing wage claims is misplaced. In many bankruptcy cases, the debtor has accurate records of unpaid wages and accrued vacation. It typically schedules and allows those claims without prompting. *Heller* counsel apparently contended that Adams counsel's expenditure of over 2,000 hours was not compensable because it was "not relevant to the WARN Act claims" but rather "[was] related to class members' vacation pay and benefits." Adams Mem., pp. 17-18. Adams counsel's *attorneys* apparently prepared spreadsheets with class member information rather than paralegals. *Heller*'s counsel questioned Adams counsel's billing judgment. "[Adams counsel] did not receive compensation for a significant amount of this time consuming work because *Heller*'s counsel contended that many of these categories of information were not relevant to the WARN Act claims." Decl. of Collins ¶ 21 The *Heller* debtor's own books and records apparently were the basis for the distribution, not Adams counsel's work product.

Adams counsel calls attention to its "tireless, individualized attention to class members" which purportedly puts it "apart from the pack" and makes it "better prepared than a firm with a nationwide WARN Act practice to treat the claims of each individual former employee with the

seriousness they deserve." Adams Mem., p. 15. But it does not assert that there are any disputed issues regarding unpaid compensation in Howrey that require such attention. Here, WARN *is* disputed which makes WARN experience the material issue.

**2. Adams Counsel has Minimal Experience Handling WARN Class Actions**

It does not appear that in *Heller* and *Thelen*, Adams counsel propounded requests for WARN discovery, performed WARN document review, took WARN depositions, or engaged in motion practice regarding dispositive WARN issues. (However, the *Thelen* dockets reveal Adams counsel did defend, although unsuccessfully, its WARN complaint against individual partners). Nor did Adams counsel handle the WARN class settlement mechanics of sending notice to the employees or collecting and verifying the opt-outs. As an aside, Adams counsel correctly notes that it has been involved in two of the three other "AMLAW 100" But in the third, *Dewey & LeBoeuf,* Langley counsel is representing the WARN putative class. *Conn v. Dewey & LeBoeuf*, Adv. Pro. No. 12-01672-MG (Bankr. S.D.N.Y). The *Dewey* WARN case is highly relevant. The partner contribution plan has been approved and plan confirmation is scheduled for next month. How WARN fits into the picture may have a real bearing here, if the Howrey case follows a similar track.

**a.** *Thelen LLP*

Adams counsel stated that it "filed a class proof of claim on behalf of Thelen's former employees in the Chapter 11 [sic] case." (*Thelen* has always been a *Chapter 7* case.) It stated it is "continuing to pursue [the employees'] claims in the Bankruptcy Court" but does not say what, if anything, it has done in the past three years. Adams Mem., p. 16.

In *Thelen*, Adams counsel filed two WARN actions in district court. In the first, *Bergman et al. v. Thelen LLP*, 08-cv-5322-EDL (N.D. Cal.), class certification was entered by stipulation prior to Defendant answering or Plaintiff moving for certification. Doc. No. 29. A competing group of ex-Thelen employees had filed a similar WARN case in state court and

moved to intervene in *Bergman*. Doc. No. 33. Debtor's counsel stipulated to certify the *Bergman* class and promptly opposed the competing state court case as "mooted" by the certification. *Id*. There is no indication that Adams counsel filed a proposed class notice for court approval, as required under Rule 23(c)(2)(B), or that a notice was sent. (Nor has Adams counsel submitted a proposed Howrey class notice as part of its motion for certification here). The extent of the WARN activity in that case was, therefore, quite limited.

In the second *Thelen* action, Adams counsel sued several ex-Thelen partners who had moved to other firms, and five other law firms. *Patterson et al v O'Neal et al*., case No. 09-cv-03031-SC (N.D. Cal.). The Complaint alleged two causes of action: WARN and conspiracy. After the complaint was dismissed against all the defendants, (Doc. No. 70), one of the defendant firms moved under Federal Rule of Civil Procedure 11 for sanctions against Adams counsel. Doc. No. 67. Prior to the hearing on the motion, Adams counsel voluntarily dismissed the entire action. Doc. Nos. 77, 79.

The *Thelen* records reveals only a minimal amount of WARN experience that Adams counsel could have gained.

    **b.**    *Heller Ehrman*

In *Heller Ehrman*, Adv. Pro. Case No. 09-03058 (Bankr. N.D. Cal.), Adams counsel also filed claims and, as in *Thelen*, agreed to class certification prompted by the debtor. But it additionally negotiated a WARN settlement. Apart from these activities, the amount of time Adams counsel spent gaining WARN experience appears to have been negligible. Adams counsel states it spent 2,000 hours on the case but, as mentioned above, a large amount of time may have been spent attended to individual's accrued compensation claims. There was not much opportunity for litigation, according to the docket.

In *Heller Ehrman*, Adams counsel filed an amended adversary proceeding complaint on April 24, 2009 (Doc. No. 7) against the Heller law firm, several affiliates, and thirteen partners.

As it has here, it alleged a range of WARN unpaid wage and vacation claims, and common law breach of contract and promissory estoppel claims. The debtor never answered. Stipulations extended the debtor's time to answer into June 2009 (Doc. Nos. 10, 12). On June 25, 2009, a stipulation was granted staying the adversary until October 5, 2009. (Doc. Nos. 14, 16).

On September 22, 2009, Adams counsel filed a motion for class certification prompted by the debtor's making a settlement offer on August 27, 2009, which required 95 percent participation in the settlement. According to Adams counsel, certifying a class was "[t]he only effective way for the Plaintiffs and their counsel to negotiate and resolve this case by settlement . . . ." Mot. Class Certification, pp. 2-3 (Doc. No. 19). Two weeks later, on October 13, 2009, Adams counsel withdrew its motion, stating it had been "superceded" by Heller's filing of a joint motion for class certification and the preliminary approval of a WARN settlement agreement, as well as the plan. Doc. No. 31. The settlement was built in the proposed plan filed a week earlier. Case No. 08-32514 (Doc. No. 680-3). Debtor's counsel filed papers for approval of the settlement, certifying the WARN class and appointing Adams counsel class counsel, but reserving for financial advisor, Development Specialists Inc., tasks commonly performed by class counsel, such as the mailing of notice and receiving of opt-outs and objections. *In re Heller Ehrman*, Case No. 08-32514 (Bankr. N.D. Cal.), Doc. No. 1153-5.

Despite the numerous extensions and stay of the adversary, Adams counsel states that "[a]fter extensive litigation, negotiation, discovery and investigation, the Heller class entered into settlement with Heller and non-debtor defendants." Adams Mem., p. 18. This statement is difficult to reconcile with the unbroken extension and stay period that stretched from the filing of the case to settlement. It suggests the absence of "extensive litigation . . . [and] . . . discovery."

Adams counsel tries to put a positive spin on its "long" hours spent on detailed client compensation spreadsheets by maligning more experienced WARN lawyers. Adams counsel states that it "entered the Heller case" after the class representatives "fired the renowned WARN

Act lawyers at Nichols Kaster." Decl. of Collins ¶ 17. These clients "demanded individualized attention for class members, which Nichols Kaster's nationwide practice simply could not provide with their resources stretched across hundreds of WARN Act cases around the country." But these clients "got [what] they wanted from Blum Collins." Adams Mem., p. 17. This hyperbole underscores Adams counsel's relative inexperience. First, it is inaccurate, for Nichols Kaster has never had more than a handful of WARN cases. See Decl. of Helland, filed concurrently herewith. To imply that Nichols Kaster could not provide adequate counsel because it was "stretched" too thin is baseless and derogatory. What the client "wanted," individualized attention to wage issues, apparently differed from the WARN representation Nichols Kaster believed was appropriate in its professional judgment and experience. Sometimes, the most valuable advice plaintiff's counsel can give a prospective litigant is "no." By acceding to these clients' demands, Adams counsel was drawn in into an "extremely time-consuming undertaking" regarding wage claims, to what gain is not clear. Decl. of Collins ¶ 19.

**3. Adams Counsel Has Not Demonstrated Considerable Knowledge of the Applicable Law.**

    **a.**    **Adams Counsel's Arguments to Disqualify Langley Confuse Basic Concepts.**

Adams counsel asserts that it "ought to be lead counsel" because it purports to have been retained by 100 class members. Adams Mem., p. 23. It warns that if another firm is named class counsel and negotiates a settlement for the class that Adams counsel thinks it is inadequate, it would be "duty bound" to advise its 100 clients to opt out. *Id*. Adams counsel adds that if "a different law firm from Blum Collins is negotiating a settlement but might not have the ability to deliver class approval of its terms" it would "create an awkward situation" . . . "that can be avoided by appointing Blum Collins as lead counsel." *Id*. In its hypothetical Adams counsel acts like a Chicago ward heeler using retainers like votes to advance itself into a desired position. Class actions do not work like this. First, Adams counsel cannot be sure of "delivering" anything; clients may at any time bolt or do as they like. More importantly, Adams counsel

mistakenly thinks its clients would have the right to opt out of a settlement. They do not. Class members only have the right to *object* to a settlement. Rule 23(e)(5). They are bound by any settlement that is approved, even if over their objections. *See Pierce v. Novastar Mortgage, Inc.*, 05-cv-5835-RJB, 2007 WL 1847216 (W.D. Wash. June 27, 2007). Adams counsel may have gotten the impression from its sole experience in *Heller* that class members can opt-out of a settlement. There, separate motions for preliminary approval and class certification were brought simultaneously. The *combined* notice provided ex-employees the opportunity to opt-out of the class or, if not, to object to the settlement. Here, class certification stands alone. If this Court approves a settlement down the road, after hearing any objections, the class members will be bound by it. While Adams counsel relies on it retainers, the Howrey class must rely on its counsel's solid knowledge of the relevant law.

Adams counsel also errs in trying to disqualify Langley counsel by charging her and her counsel with a potential conflict of interest with the class, based on their participation on the Creditors' Committee. Adams Mem., p. 23. Adams counsel states that Langley and her attorneys "are caught in a serious bind – they cannot keep details of the Committee meetings confidential while at the same time represent the class of Howrey employees to the best of their abilities." Adams counsel does not explain why Langley cannot do both. Adams counsel's belief is that there is a rule that precludes committee members from sharing what they learn in meetings with "parties whose interests do not align with those of the unsecured creditors – such as former employees with potential priority claims." *Id*. This is doubly wrong. First, committee members should not share committee confidences with anyone. Second, employees with priority and general unsecured claims are aligned with other creditors and committee members who themselves often have administrative (*i.e.*, 11 U.S.C. § 503(b)(9)), priority, and general unsecured claims. Whipping up unfounded ethical charges out of sour grapes is unbecoming. Adams counsel says it "carefully avoided any missteps in the convoluted bankruptcy process,

such as by creating a potential conflict of interest [by serving on the Howrey committee]." Adams Mem. p.15. Adams counsel applied to join the Howrey committee, and met with the U.S. Trustee but was not selected. Decl. of Raisner.

### b. Adams Counsel's Work in this Case and in *Heller* Show Missteps.

Adams counsel's efforts in the Howrey case do not reveal a significant knowledge of WARN class action practice in bankruptcy or experience in such litigation.

#### (i) Certification of the Subclasses is Problematic

Adams counsel has filed the motion for class certification in Howrey prompted by others. At a court conference held on November 16, 2012, Adams counsel was amenable to putting off the issue of class certification issue indefinitely. In a turnaround, Adams counsel states it is "imperative" that the employees be empowered to act collectively "*now*." Adams Mem., p. 1. (emphasis added). Clearly, class certification is being settled now because Langley felt it important to file her motion on October 1, 2012 to settle this issue and this process began.

Adams counsel's motion misstates the law and contradicts itself by stating that "[i]f there is a genuine settlement proposal . . . [those who do not favor it] will be able to opt-out." Adams Mem., p. 2. Its confusion about the opt-out rules is explained above. Ironically, however, Adams counsel has filed a motion to certify a "mandatory class" under the provision of Rule 23 that *precludes* opt-outs *ever*. Adams counsel seeks an order certifying the class under Rule 23(b)(1) and (b)(3). Adams Mem., p. 13. There is no right to "opt out" under Rule 23(b)(1). Molski v. Gleich, 318 F.3d 937, 947 (9th Cir. 2003) *overruled on other grounds by Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010). When a class is certified under Rule 23(b)(1) or (b)(2), class members have no mandatory "opt out" rights, which attach automatically only to Rule 23(b)(3) classes. *Id.* Rule 23 (b)(1)(B) class actions are disfavored in bankruptcy. *See In re Joint Eastern & S. Dist. Asbestos Litig.*, 982 F.2d 721, 735 (2d Cir. 1992) *opinion modified on reh'g*, 993 F.2d 7 (2d Cir. 1993).

Adams counsel's motion also seeks to certify six subclasses without any indication that it can meet the requirements of certification under Rule 23(a), which requires numerosity (usually at least 40 others with common claims) and an adequate class representative for each subclass whose claims are typical to those of the class. *See* Rule 23(c)(4); *Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 630 (9th Cir. 1982) (if the court divides the class into subclasses under Rule 23(c)(4)(B), then "each subclass must independently meet the requirements for the maintenance of a class action.") Putting aside both the merits and the issue of whether there are enough putative class members outside the District of Columbia and Virginia to establish these subclasses, it is clear the filing is deficient. The draft adversary complaint indicates Ms. Adams and Mr. Dalal worked in the District of Columbia. No person is named in the proof of claim nor in the draft adversary complaint who can serve as a representative with typical claims under the state laws of California, Illinois, New York, Texas, or Utah. Although proofs of claim can be amended, it is premature to seek certification of all nine subclasses now.

### (ii) Adams Counsel Submitted an Unreasonable Fee Request in *Heller*

It is not premature for the Court to consider the subject of counsels' fees. Rule 23(g)(1)(C) states that the court "may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs."

Langley counsel's WARN practice hews to the predominant practice of seeking fees as percentage of the common fund awarded to the class members. The percentage-of-common-fund method aligns the interests of counsel and the class by allowing class counsel to directly benefit from increasing the size of the class fund. *Craft v. County of San Bernardino*, 624 F. Supp. 2d 1113, 1123 (C.D. Cal. 2008). Moreover, Langley counsel further aligns itself with the class by routinely agreeing to receive its fees from the funds as they are distributed to class, not ahead of the class. Langley counsel thus incurs risk when distributions must come from contingent

collection proceeds. This alignment ensures that class counsel will strive for the best possible outcome for the class in all respects.

In *Heller*, however, the parties agreed to a plan in which Adams counsel was to receive a $950,000 fee as an administrative claim, while funding for portions of the class members' distribution were dependent on contingent proceeds. Thus, this Court reduced Adams counsel's administrative fee to $750,000 and made the $200,000 balance available only when distributions of $6,900,000 had been actually made to general unsecured creditors in Class 7 under the plan. Order on Request for Attorneys' Fees of Class Counsel, August 31, 2010, Case No. 08-32514-DM (Doc. No. 78).

Because of this deferral, Adams counsel asked the Court for a greater amount than its agreed-upon fee. In denying that bid, this Court stated that counsel's "absence of detailed time records, leaving the court with only its reasonable estimate of the number of hours claimed based on the relevant context of the litigation history, cannot be overlooked. While the court appreciates the efforts and the results achieved by Class Counsel, any additional award under these circumstances would be unreasonable, and thus inappropriate." *Id*.

By contrast, Langley counsel's request for increased fees was found reasonable in *In re First Magnus Capital, Inc.*, Case No. 08—bk-01494-GBN (Bankr. Ariz.) *See*, Tr. of Hr'g Before the Honorable George B. Nielsen, J., March 16, 2010. ("Tr.") and Final Order Approving Attorneys' Fees and Class Representative Incentive Payments of the Warn Settlement, March 18, 2010, annexed as Exhibit B and Exhibit C to Decl. of Raisner. The Phoenix Bankruptcy Court, in *First Magnus*, originally denied Langley counsel's requested fee of 33 percent of the settlement fund (which it has received in every case in which it has received fees). The court permitted Langley counsel to file supplemental papers. On reconsideration, the Court agreed that "this litigation was all uphill for the WARN Act claimants and counsel bore substantial risk." Tr. at 6:6-7. In the debtor's case before the bankruptcy court in Tucson, Langley counsel lost "thrice"

the class certification was denied, the adversary was dismissed, and the claim for administrative treatment was denied.  The district court affirmed on appeal, and Langley counsel was headed to the Ninth Circuit. "Undeterred" as the Phoenix Court found, Langley settled the *First Magnus* WARN case globally in the debtor's parent's Chapter 11 case in the Phoenix Court. *Id*. at 5-6. Of the $5.5 million settlement, $2.9 million was contingent (and much of which was never collected).  In supporting its 33 percent fee Langley counsel submitted time sheets showing loadstar fees of $952,337 and $30,000 in expenses. *Id*. at 6-7. The Phoenix Court reversed itself, holding: "In short, using the loadstar method as a cross check, the fees overall are reasonable compensation **for the extraordinary work that was done by counsel in this case and they are allowed**. *Id*. at 7:23-8:1 (emphasis added).

*First Magnus* is one of many of the WARN bankruptcy cases in which Langley counsel has taken on great risk and overcome daunting obstacles to confer meaningful benefits on the WARN class.

**4. Langley Counsel has Greater Resources to Commit to Representing the Class.**

Beyond Mr. Blum and Mr. Collins, it is not clear that any of the three or four attorneys associated with Adams counsel's firm have relevant class action or employment law experience. Adams counsel mentions only one case, other than *Thelen* and *Heller,* in which it served as class counsel, the consumer case *Schramm v. JPMorgan Chase Bank* (Case No. 09-cv-9442-JAK (FFMx) (C.D. Cal.).  Adams Mem., p. 21.  Adams counsel's website states that "Blum Collins LLP is a law firm exclusively practicing business and real property litigation." http://www.blumcollins.com/about-us.html (Dec. 31, 2012).  Beyond the three other lawyers Douglas Thorpe, Teresa Blasberg and Gary Ho, Adams counsel does not indicate what resources are at its disposal to handle the Howrey matter.  By contrast, Outten & Golden LLP is a firm of 30 employment lawyers, most of whom work on class actions.   It can commit resources steeped in class action experience representing employees that Adams counsel cannot.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court appoint Outten & Golden LLP and James Wood, counsel for Stephanie Langley, as class counsel, pursuant to Fed. R. Civ. P. 23(g), and designate Stephanie Langley as class representative.

DATED: January 4, 2013

Respectfully submitted,

By: /s/ Jack A. Raisner
Jack A. Raisner
René S. Roupinian
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
jar@outtengolden.com
rsr@outtengolden.com

James D. Wood, Cal. St. Bar. No. 106936
LAW OFFICES OF JAMES D. WOOD
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 292-4280
jdw@jdwoodlaw.com

*Attorneys for Plaintiff and the putative Class*