Entered on Docket
January 18, 2013
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: January 18, 2013**



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                              ) Bankruptcy Case
                                   ) No. 11-31376DM
HOWREY LLP,                        )
                                   )
                    Debtor.        ) Chapter 11
_____)

ORDER ON MOTION FOR CERTIFICATION
OF CLASS CLAIM AND APPOINTMENT OF
CLASS REPRESENTATIVES AND CLASS COUNSEL

Pursuant to my Order Concerning Class Certification and Related Matters (the "Order") signed on December 5, 2012, and entered on December 7, 2012, in <u>Langley v. Howrey LLP</u> (Adversary Proceeding No. 11-03065, Dkt. No. 28), a schedule was established whereby Gail Adams ("Adams") would set forth legal and factual bases supporting her assertion that she should be appointed class representative for the pursuit of WARN Act claims (the "WARN claims") against Howrey LLP ("Debtor") and that she should be appointed class representative and her counsel, Blum Collins LLP ("Blum") should be appointed class counsel. In the Order Stephanie Langley ("Langley") was directed to supplement her similar motion filed in the adversary proceeding, setting forth her legal and factual bases that she should be appointed class

representative for the WARN claims and that her counsel, Outten & Golden LLP ("Outten") should be appointed as class counsel.

Blum and Outten have filed various memoranda and declarations on behalf of their respective positions and I have reviewed them carefully. I also note that Allan Diamond, the Chapter 11 Trustee, has not opposed that class certification and has not taken a position in favor of Adams and her counsel Blum or Langley and her counsel Outten.

What remains for me to decide at this point is who should be the WARN class representative and who should be the class counsel. I am satisfied that under Fed.R.Civ.P. 23(a)(4), incorporated by Fed.R.Bankr.P. 7023, that both Langley and Adams (joined by fellow claimant Rami Dalal ("Dalal")) "will fairly and adequately protect the interests of the class." I select Adams and Dalal primarily because I select Blum as class counsel.

I have considered the factors under Fed.R.Civ.P. 23(g) and am satisfied that both Blum and Outten have adequately identified and investigated potential claims; both have experience in handling class actions, other complex litigation and the types of claims asserted here; both have adequate knowledge of the applicable law; and both possess the resources that counsel will commit to representing the class.

I am instructed further by Fed.R.Civ.P. 23(g)(1)(B) that I should consider other matters pertinent to counsel's ability to fairly and adequately represent the members of the class. Here a factor in Outten's favor is that Langley has served and continues to serve on the Official Creditors' Committee in Debtor's Chapter 11 case. I believe that is a positive factor, and in no way

presents a conflict for Langley to serve or Outten to act as her counsel. On the other hand, I also have considered that Adams and Delal are two of nearly one hundred members of the class represented by Blum. That strikes me as the factor that tips the balance slightly in Blum's favor and merits my choice of Adams and Dalal as the class representatives and Blum as class counsel.

I consider it appropriate to consider the fact that several claimants' decisions to be represented by Blum should be given deference and they should not be presented with Outten, counsel they have not selected. I say this specifically rejecting the Blum argument that if Langley is selected class representative and Outten her counsel, those one hundred or so claimants will some how opt out of the WARN claims class. This case is presently in a very undesireable financial situation, with post-petition financing expenses and administrative claims well into eight figures and although the trustee is optimistic that contingency fees will be recovered and threatened or actual adversary proceedings will result in substantial recoveries, the plain fact is that at present there is no reason to have great confidence that there will be funds to pay members of the WARN class. Thus, I perceive that representation of that class at this point may be more of a curse than a benefit, but I am also satisfied that Adams and Dalal and their counsel (like Langley and her counsel) are fully informed of the facts and I am not going to second guess their decision to press forward on the certification and the selection of the class representatives and the class counsel. Accordingly, the WARN class is certified, Adams and Dalal are designated class representatives, and Blum is designated as class

Case: 11-31376    Doc# 992    Filed: 01/18/13    Entered: 01/18/13 16:07:35    Page 3 of 4

counsel.

In conclusion, under my Order, the decision has now been made so within five days from the date of issuance of this order, Outten should file a dismissal with prejudice of the complaint in the <u>Langley v. Howrey</u> adversary proceeding.

**END OF ORDER**