Signed and Filed: May 11, 2013



_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                          ) Bankruptcy Case
                               ) No. 11-31376DM
HOWREY LLP,                    )
                               )
                   Debtor.     ) Chapter 11
_____)
```

MEMORANDUM DECISION ON MOTION FOR RELIEF FROM STAY

I. INTRODUCTION

Haynes and Boone, LLP ("H&B") filed a Motion For Order Confirming That The Automatic Stay Is Inapplicable, Or In The Alternative, Granting Relief From The Automatic Stay (the "Motion") on April 2, 2013.  The Motion was prompted by a threatened lawsuit against H&B by Allan B. Diamond, chapter 11 trustee ("Trustee"), to recover profits earned by H&B on matters brought to it by a former member of Howrey LLP ("Debtor").

Trustee made good on his threat three days later and filed an adversary proceeding (Diamond v. Haynes and Boone, LLP, A.P. No 13-03056) (the "Adversary Proceeding") in this court.  As predicted, the Trustee alleges, *inter alia*, that Debtor's waiver of the duty of departing partners to account for unfinished hourly business was a fraudulent transfer under § 548, and that H&B is

-1-

liable under § 550[1]. Paragraph 1 of the complaint states:

> The Trustee files this lawsuit to recover a valuable asset of the Debtor's estate. After or prior to Howrey's dissolution, H&B, by virtue of hiring a former Howrey partner from Howrey's Washington, D.C. office, has received the benefit of the revenues and profits from completing Howrey's unfinished business. The Trustee is entitled to recover the profits H&B has obtained from Howrey's unfinished business.

Trustee contends that H&B is liable for profits earned on Debtor's unfinished business as the entity for whose benefit the transfers were made and/or the immediate or mediate transferee of the initial transferees of such transfers.[2] More specifically, he seeks to recover profits earned on two hourly matters that Richard Ripley, a former partner of Debtor, brought to H&B.

H&B contends in its Motion that the law of the District of Columbia, applicable to Debtor's partnership agreement, establishes a fundamental legal principle on which the Adversary Proceeding turns. That is, that Debtor's partners had no duty to account to the firm for unfinished business on hourly rate matters, so a partner of Debtor who joined H&B would not have a duty to account for hourly rate matters handled prior to dissolution.[3] Thus, absent a duty to account, the waiver by

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedures, Rules 1001-9037.

[2] For a fuller explanation of the theory of Trustee's case, see Greenspan v. Orrick, Herrington & Sutcliff LLP (In re Brobeck, Phleger & Harrison, LLP), 408 B.R. 318 (Bankr. N.D. Cal. 2009) and Heller Ehrman LLP v. Jones Day (In re Heller Ehrman LLP), 2013 WL 951706 (Bankr. N.D. Cal. Mar. 11, 2013).

[3] Much of the literature, case law and briefing about the unfinished business rule divide the legal fee universe into hourly rate and contingency cases. Curiously few, if any, appear to address alternative billing arrangements such as fixed price legal

Case: 11-31376   Doc# 1176   Filed: 05/11/13   Entered: 05/13/13 11:43:55   Page 2 of 11

Debtor and its partners of such a duty could not be attacked as a fraudulent transfer because nothing of value was transferred. H&B calls this a "threshold" issue that has not been addressed by the District of Columbia courts.

H&B wants to file a declaratory relief action against the Trustee in the Superior Court of the District of Columbia (the "Dec Relief Action"). It contends that the automatic stay of § 362(a) does not prevent it doing so. If the automatic stay does apply, H&B seeks relief from stay to file and prosecute the Dec Relief Action for cause, citing judicial economy and the specialized knowledge and expertise of the District of Columbia courts.

Trustee's position is that District of Columbia law applies; the law there is well-settled; this court can apply that law; the automatic stay applies; and relief from stay is not warranted.

For the reasons set forth below, the court concludes that the Trustee's claims, first threatened and now asserted in the Adversary Proceeding, are property of the estate protected by the automatic stay. H&B's prosecution of the Dec Relief Action would essentially be a defense more properly asserted and adjudicated in the Adversary Proceeding. Such prosecution elsewhere would be the exercise of control over property of the estate. Accordingly the automatic stay applies. Further, H&B has not persuaded the court that cause exists to grant relief from stay. Thus the Motion will

---

work, project based fees, success fees, blended hourly rate and contingency fee engagements or other creative methods for compensating attorneys. If contingency cases on one end of the spectrum are subject to the rule and hourly rate matters at the other end are not, where the dividing line is for alternative arrangements is food for much future thought.

-3-

be DENIED in all respects, eliminating the need for the court to consider Trustee's alternative, namely to seek injunctive relief in the Adversary Proceeding prohibiting H&B from filing and prosecuting the Dec Relief Action.

## II. DISCUSSION

Debtor's partnership agreement recites, in part,

> "... that all clients for legal services served by any partners ... of the [Debtor] are clients of the Partnership, not of any partner or employee, and that the Partnership has a legitimate interest in preserving and maintaining all aspects of its business, including its economically valuable relationships with its clients, as well as with its partners and employees. It is further expressly acknowledged and agreed that all partners and employees of the [Debtor] have a fiduciary duty to assist the [Debtor] in preserving and protecting all aspects of its business, and no partner or employee shall act in any way contrary to the interest of the [Debtor] ... including the solicitation of [Debtor] clients, partners or employees contrary to the provisions of this Paragraph."

Partnership Agreement at ¶ 13.9.

That paragraph ends by stating it is deemed modified "to the extent required by any applicable Code of Professional Responsibility or other applicable professional disciplinary rules or other applicable laws binding on the [Debtor]."

On March 9, 2011, the partners of Debtor amended the Partnership Agreement to waive any rights Debtor may have to profits from any unfinished business (the "Jewel Waiver") and on the same date the Debtor elected to dissolve, effective March 15, 2011. The Jewel Waiver is the transfer Trustee contends was a fraudulent transfer that he can avoid as a necessary step in establishing H&B's liability under § 550.

The Dec Relief Action would seek to establish that the final sentence of ¶ 13.9 (and the law it imports) trumps the duties

-4-

imposed (as to hourly rate matters) earlier in that paragraph; if so, the Jewel Waiver waived nothing.

H&B argues that the Dec Relief Action could not have been brought prior to bankruptcy, and thus did not implicate § 362(a)(1). As to § 362(a)(3), H&B contends that such an action would not be one to obtain possession of property of the estate or to exercise control of the property of the estate. It suggests that no other provision of § 362 is implicated and Trustee does not contend otherwise.

The parties have devoted a portion of their written arguments for and against the applicability of § 362(a)(1). The court sees no purpose in trying to answer the somewhat philosophical question of whether H&B could have sued Debtor prior to bankruptcy to have a declaration that the unfinished business rule did not apply to hourly rate matters in the District of Columbia. By the time of Debtor's dissolution it is safe to presume that the attack on Jewel Waivers as fraudulent transfers in law firm bankruptcies was a well-known reality. What intelligent financially troubled law firm management would do anything but concede H&B's contentions?

The only automatic stay issue worth addressing here is whether forcing the Trustee or the Creditors Committee to defend the Dec Relief Action in the District of Columbia would amount to control over property of the estate. Stated otherwise, would it interfere with Trustee's prosecution of the Adversary Proceeding where the very same legal issue that can and no doubt will be raised by H&B (and perhaps other law firm defendants in similar adversary proceedings).

Property of the estate is a broadly defined term, and clearly

-5-

includes causes of action. <u>Sierra Switchboard Co. v. Washington Elec. Corp.</u>, 789 F. 2d 705 (9th Cir. 1986). Asserting what could be a case-dispositive defense to such a cause of action by taking the initiative in another forum improperly seeks to take control over an asset of this estate. The court agrees with the reasoning of the bankruptcy court in <u>Securities Investor Protection Corp. v. Bernard L. Madoff Inv. Securities, LLC</u> (Bankr. S.D.N.Y. 2011) 460 B.R. 106, 113 <u>aff'd,</u> (S.D.N.Y. 2012) 474 B.R. 76. While <u>Lovett v. Honeywell, Inc</u>. (<u>In re Transportation Systems International, Inc.</u>) 110 B.R. 888 (D. Minn. 1990), held that there were no § 362(a)(3) implications in an action brought before the Interstate Commerce Commission that would, if successful, undermine a trustee's cause of action, the <u>Madoff</u> decision was affirmed by the District Court just a year ago, without so much as a reference to <u>Lovett</u>. Neither district court decision is binding but <u>Madoff</u> if much more recent and far more persuasive.

If H&B is right, this court can apply District of Columbia law in its favor in the context of the full record that would be presented when the issue is raised, presumably by a motion to dismiss or a motion for summary judgment. Or maybe H&B would prevail in the Adversary Proceeding on some other ground. Whatever the ultimate outcome, splitting the Trustee's causes of action so that they are asserted here but defended elsewhere interferes with and amounts to control of those causes of action.

In determining that the Dec Relief Action would violate the automatic stay the court is not heading down a slippery slope to suggest that parties sued by bankruptcy trustees or debtors in possession (whether in the "home" bankruptcy court or elsewhere),

-6-

cannot raise their affirmative defenses.  The court expects H&B to do exactly that in the Adversary Proceeding.  Rather, taking an affirmative step to thwart the Trustee's claims in another forum is what amounts to the impermissible control.  The problem could be exacerbated by the fact that Trustee may be suing other law firms who acquired Debtor's former partners who practice in jurisdictions other than the District of Columbia, and those law firms may indeed seek to invoke the laws of the other jurisdictions where other rules apply.  This is the more threatening "slippery slope" that the Trustee is entitled to avoid by denial of the Motion.

From the foregoing the court concludes that § 362(a)(3) is implicated and that prosecution of the Dec Relief Action would violate that subsection and be void.

The remaining issue is whether H&B should have relief from the automatic stay to proceed with the Dec Relief Action.  The law is well settled that granting or denying relief from stay is a matter of the court's sound discretion, and frequently involves consideration of numerous factors.  In re Kronemeyer, 405 B.R. 915 (9th Cir. BAP 2009).  Those factors include the following:

1.  Will relief result in partial or complete resolution of the issues?

2.  Is there a lack of any connection with or interference with the bankruptcy case?

3.  Does the foreign proceeding involve the debtor as a fiduciary?

4.  Has a special tribunal been established to hear the particular cause of action and does that tribunal have the

-7-

Case: 11-31376    Doc# 1176    Filed: 05/11/13    Entered: 05/13/13 11:43:55    Page 7 of 11

expertise to hear such cases?

    5.  Has the debtor's insurance carrier has assumed financial responsibility?

    6.  Does the action involve third parties and the debtor functions only as a bailee or conduit?

    7.  Would litigation in the other forum prejudice the interests of other creditors, the creditors committee and other parties?

    8.  Would the judgment claim arising from the foreign action be subject to equitable subordination?

    9.  Would success in the nonbankruptcy forum result in a lien avoidable under the bankruptcy code?

    10.  Would the interests of judicial economy and expeditious and economical determination of litigation be achieved?

    11.  Have the foreign proceedings progressed to where the parties have prepared for trial?

    12. What is the impact of the stay on the parties and the "balance of hurt"?

<u>Truebro, Inc. v. Plumberex Specialties Products, Inc.</u> (<u>In re Plumberex Specialites Products, Inc.</u>), 311 B.R. 551 (Bankr. C.D. Cal. 2004), citing <u>In re Curtis</u>, 40 B.R. 795 (Bankr. D. Utah 1984).

Factors 5, 6, 8 and 9 have no relevance here and will not be considered. The court has considered the remaining eight factors and nearly all tip either heavily or somewhat in favor of the

-8-

Case: 11-31376   Doc# 1176   Filed: 05/11/13   Entered: 05/13/13 11:43:55   Page 8 of 11

Trustee.[4]

Factor 1 weighs slightly in favor of the Trustee. If H&B prevailed in the Dec Relief Action it would still have to defend the Adversary Proceeding, even though the defense may be significantly enhanced by such a favorable outcome. But if H&B lost the Dec Relief Action, the Adversary Proceeding would still have to be tried to completion.

Factor 2 weighs heavily in favor of the Trustee in that, for the reasons stated previously, prosecution would clearly have an impact on the bankruptcy case, the Adversary Proceeding and other adversary proceedings Trustee may file.

Factor 3 weighs slightly in favor of the Trustee because he is a fiduciary, prosecuting these claims against H&B and others for the benefit of the creditors of this bankruptcy estate.

Factor 4 weighs in favor of H&B because, although the District of Columbia Superior Court is not a specialized tribunal, it clearly has expertise to construe the laws of the District. But this factor weighs only slightly in favor of H&B because bankruptcy courts apply the law of other jurisdictions all the time and that system and the subsequent appellate scheme works. The fact that the issues presented here may deal with law

---

[4] Considering applicable factors is part of the exercise of discretion, not a simple tally. Here is what one court said about lists of factors (there relating to abstention):

Although the bankruptcy court should consider all twelve factors, one should not be beguiled into a false sense that a head count will yield the answer with mathematical certainty. Rather, the list serves to provide an intellectual matrix to guide the judge who considers abstention and to enable a reviewing court to ascertain whether there has been an abuse of discretion.

In re Franklin, 179 B.R. 913, 928 (Bankr. E.D. Cal. 1995).

Case: 11-31376   Doc# 1176   Filed: 05/11/13   Entered: 05/13/13 11:43:55   Page 9 of 11

professionals and their ethics does not change that obvious fact.

Factor 7 weighs in favor of the Trustee and the estate. Even though H&B has agreed that the Creditors Committee could participate in the Dec Relief Action, it would prejudice creditors of this estate to have to prosecute this action in two different ends of the country notwithstanding the fact that the creditors committee's counsel is physically located near the District of Columbia.

Factor 10 weighs in favor of the Trustee in that the Adversary Proceeding might very well be disposed of by a summary judgment in favor H&B if it is correct on the inapplicability of the unfinished business doctrine to hourly rate matters in the District of Columbia. Further, a disposition by this court could be the subject of a direct appeal to the Ninth Circuit under 28 U.S.C. § 158(d)(2) and while that may appear to be more cumbersome then the appellate process directly in the District of Columbia, the outcome there might implicate Factor 1 that this court has already determined weighs in favor of the Trustee.

Factor 11 weighs heavily in favor of the Trustee since the Dec Relief Action has not been filed.

Factor 12 weighs in favor of the Trustee for a variety of reasons already stated, but also because the Trustee's choice of forum is entitled to some deference.

From all the foregoing the court is satisfied that H&B has not presented adequate cause to entitle it to relief from stay. Accordingly, the Motion will be denied in all respects.

The court is entering an order to that effect concurrently with the issuance of this Memorandum Decision.

**END OF MEMORANDUM DECISION**