**DIAMOND MCCARTHY LLP**
Stephen T. Loden, Esq. *(pro hac vice)*
Jason M. Rudd, Esq. *(pro hac vice)*
Andrew B. Ryan, Esq. *(pro hac vice)*
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: 713-333-5100
Facsimile: 713-333-5199
sloden@diamondmccarthy.com
jrudd@diamondmccarthy.com
aryan@diamondmccarthy.com
*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

- and –

**WHITEFORD, TAYLOR AND PRESTON LLP**
Bradford F. Englander (Ca. Bar # 122108)
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9081
(703) 280-3370 (facsimile)
E-mail: benglander@wtplaw.com
*Attorneys for the Official Committee of*
*Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| In re: | * | Case No.: 11-31376 |
| HOWREY LLP, | * | Chapter 11 |
| Debtor. | * | Date: TBD |
| | | Time: TBD |
| | * | Ctrm: U.S. Bankruptcy Court |
| | | 230 Pine Street |
| | * | San Francisco, CA |
| * * * * * * * | | Judge: Dennis J. Montali |

**SECOND JOINT MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND ALLAN B. DIAMOND, CHAPTER 11 TRUSTEE, PURSUANT TO 11 U.S.C. §§ 105(a), 1103(c), AND 1109(b) FOR ENTRY OF AN ORDER GRANTING**

Case: 11-31376   Doc# 1195   Filed: 05/20/13   Entered: 05/20/13 12:01:37   Page 1 of 22

**LEAVE, STANDING, AND AUTHORITY TO COMMITTEE TO PROSECUTE AND SETTLE CERTAIN CAUSES OF ACTION ON BEHALF OF THE DEBTOR'S ESTATE**

TO THE HONORABLE DENNIS J. MONTALI:

The Official Committee of Unsecured Creditors of Howrey, LLP (the "Committee") and Allan B. Diamond, Chapter 11 Trustee (the "Trustee") respectfully file this Second Joint Motion of the Official Committee Of Unsecured Creditors and Allan B. Diamond, Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 105(a), 1103(c), and 1109(b) for Entry of an Order Granting Leave, Standing, and Authority to Committee to Prosecute and Settle Certain Causes of Action on Behalf of the Debtor's Estate (the "Motion"), and in support thereof, state as follows:

**JURISDICTION AND VENUE**

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 105(a), 1103(c), and 1109(b) of title 11 of the United States Code (the "Bankruptcy Code").

**BACKGROUND AND BASIS FOR REQUESTED RELIEF**

1.      On April 11, 2011, an involuntary petition under chapter 7 was filed against Howrey LLP (the "Debtor"). On June 6, 2011, the Debtor filed its Conditional Consent to Entry of Order for Relief and Motion to Convert Debtor's Case to Chapter 11.

2.      On or about June 14, 2011, the Office of the United States Trustee appointed the following creditors of the Debtor to serve on the Committee:

        a.      Hines REIT 321 North Clark Street LLC;[1]

        b.      LexisNexis, Inc.;[1]

---

[1] Hines REIT, LexisNexis, Dewey & LeBoeuf LLP and Matura Farrington Staffing Services, Inc. subsequently resigned from the Committee.

c.   Dewey & LeBoeuf LLP[1];

d.   Dun & Bradstreet;

e.   EMC Corporation;

f.   Matura Farrington Staffing Services, Inc.; and

g.   Stephanie Y. Langley.

3.   On September 15, 2011, the Debtor's pre-petition secured lender, Citibank, N.A. filed its Motion For Entry of an Order Converting the Debtors Chapter 11 Case to a Case under Chapter 7 of the Bankruptcy Code, or, in the Alternative, Appointing a Chapter 11 Trustee [Dkt. No. 315] (the "Trustee Motion").  On September 22, 2011, the Court entered an order granting the Trustee Motion, and ordering the appointment of a chapter 11 trustee.  [Dkt. No. 335].

4.   On October 7, 2011, the Office of the U.S. Trustee filed a motion to appoint Allan B. Diamond as Chapter 11 Trustee [Dkt. No. 369], which was granted on October 12, 2011.  [Dkt No. 376].

5.   The Trustee and the Committee have conducted an investigation of potential assets of the estate, such as litigation claims.  *See* First Interim Report of Chapter 11 Trustee Allan B. Diamond, pp. 23-25 [Dkt. No. 765], Second Interim Report of Chapter 11 Trustee Allan B. Diamond, pp. 23-27 [Dkt. No. 978].  The Trustee and the Committee believe that the estate has substantial litigation claims relating, among other things, to the Debtor's unfinished business, distributions to former partners and acts and omissions by members the Debtor's dissolution committee.

6.   On November 21, 2012, the Trustee and Committee filed their *Joint Motion of the Official Committee of Unsecured Creditors and Allan B. Diamond, Chapter 11 Trustee for Entry of an Order Granting Leave, Standing, and Authority to Committee to Prosecute and Settle*

Case: 11-31376    Doc# 1195    Filed: 05/20/13    Entered: 05/20/13 12:01:37    Page 3 of 22

*Certain Causes of Action on Behalf of the Debtor's Estate* (the "First Motion for Derivative Authority," Docket No. 873), seeking that the Court grant derivative authority to the Committee to, *inter alia*, pursue causes of action against Arnold & Porter LLP, Arent Fox LLP, and Snell & Wilmer LLP as well as former Howrey partners who became affiliated with those firms, and any subsequent transferees. On December 24, 2012, the Court entered an order granting the First Motion for Derivative Authority. Docket No. 943.

7.     As is disclosed in the Supplemental 2014 statement filed simultaneously with this Motion, Diamond McCarthy LLP, with the Trustee as lead counsel, recently has been engaged as special litigation counsel to Alan M. Jacobs, the trustee of the Dewey & LeBouef Liquidation Trust (the "DL Liquidation Trust").

8.     Dewey & LeBouef LLP ("Dewey") asserts claims against Howrey. Dewey is a former landlord of Howrey and a former member of the Committee. After it filed bankruptcy, Dewey resigned from the Committee.

9.     Howrey asserts claims against Dewey. Certain former partners of Howrey – including, without limitation, Henry Bunsow, Roxann Henry, Denise De Mory, Joseph Lavelle, Jacqueline Grise Lester, Marc Schildkraut, Brian Smith, and MaryJane Moltenbrey – joined Dewey after leaving Howrey.[2] Howrey may therefore have unfinished business claims, or similar causes of action, against Dewey and has filed a proof of claim to that effect in Dewey's bankruptcy.

10.     Further, both Howrey and Dewey have asserted unfinished business claims, partner claw backs, and similar causes of action against the law firms that its former partners joined after they left Dewey. Those law firms include Bunsow De Mory Smith & Allison LLP ("BDSA"),

---

[2] Another former partner, Cecil Key, joined Howrey after leaving Dewey.

Paul Hastings LLP ("Paul Hastings"); Morrison & Foerster LLP ("Morrison & Foerster"), Cooley LLP ("Cooley"), and Dickinson Wright, PLLC ("Dickinson Wright").

11.     Further, the Howrey estate has claims against other former partners who joined the law firms listed above without a connection to Dewey.  These former partners include Ezra Levine and Thomas McQuail, who joined Morrison & Foerster, Mark Schechter, who joined Cooley, and Clayton Scott Hataway, who joined Paul Hastings.

12.     Dewey has resolved some of its claims against some of these firms and the partners it hired (including, for example, BDSA and Paul Hastings).  Additionally, certain former Dewey partners, including Cecil E. Key, are prosecuting claims in Dewey's bankruptcy case.

13.     Because of the foregoing, Dewey, BDSA, Cooley, Dickinson Wright, Paul Hastings, and Morrison & Foerster, as well as any former Howrey partners who became, or have been, affiliated with the foregoing firms[3] (the "Connection Parties") have been identified as potential targets for (among other potential claims) unfinished business and/or partner overpayment claims owned by the Debtor's estate.  The Trustee believes that his connections with the Connection Parties may present a direct conflict of interest, and wishes to avoid even the appearance of any impropriety in developing and resolving the Estate's potential claims against the Connection Parties.

14.     In light of the connections described above, the Trustee has requested and the Committee has agreed to handle the investigation, development and pursuit of any claims or litigation between the Debtor's estate and the Connection Parties.

---

[3] Former Howrey partners who are now or were affiliated (or have been affiliated) with the above-referenced firms include Henry Bunsow, Denise De Mory, Brian Smith, Clayton Scott Hataway, Marc Schildkraut, Mark Schechter, Roxann E. Henry, Cecil E. Key, Joseph Lavelle, Jacqueline Grise Lester, Ezra C. Levine, Thomas McQuail, and MaryJane Moltenbrey.

Case: 11-31376   Doc# 1195   Filed: 05/20/13   Entered: 05/20/13 12:01:37   Page 5 of 22

## RELIEF REQUESTED

15.     The Committee and Trustee hereby request that this Court grant leave and standing to the Committee to commence, prosecute and, subject to further Court approval, settle claims of the bankruptcy estate against the Connection Parties.  Additionally, for the avoidance of doubt, the Committee seeks specific authority to enter into tolling agreements with the Connection Parties in order to toll applicable statutes of limitation.  Further, certain of the Connection Parties have filed proofs of claim in the Debtor's bankruptcy case, or have been scheduled as having, or may assert, potential claims or setoffs.  The Committee already has standing under Section 1109 of the Bankruptcy Code to file objections to creditor claims or setoffs.  Nevertheless, to avoid any doubt regarding the Committee's standing, the Trustee and the Committee seek specific authority for the Committee to prosecute objections to creditor claims or setoffs with respect to the Connection Parties.

## Basis for Relief

16.     The Bankruptcy Code establishes a creditors' committee for the express purpose of protecting the rights of its constituents and similarly situated creditors.  *See* H.R. Rep. No. 95-595, 95th Cong., 1st Sess. (1977), reprinted in U.S.C.C.A.N. 1978, p. 5787.  In furtherance of this purpose, section 1103(c) of the Bankruptcy Code, which enumerates the statutory functions of a creditors' committee, authorizes creditors' committees to "perform such other services as are in the interest of those represented."  11 U.S.C. § 1103(c)(5).

17.     To that end, section 1109(b) of the Bankruptcy Code provides, in pertinent part, that "[a] party in interest, including… a creditors' committee… may raise and may appear and be heard on any issue in a case under this chapter."  11 U.S.C. § 1109(b).  This general right to be heard would be rendered meaningless with respect to creditors' committees unless such

Case: 11-31376    Doc# 1195    Filed: 05/20/13    Entered: 05/20/13 12:01:37    Page 6 of 22

committees are also given the right to act on behalf of the estate in certain circumstances. *See In re iPCS, Inc.*, 297 B.R. 283, 290 (Bankr. N.D. Ga. 2003) ("[I]f a debtor has a cognizable claim, but refuses to pursue that claim, an important objective of the Code [the recovery and collection of estate property] would be impeded if the bankruptcy court has no power to authorize another party to proceed on behalf of the estate in the debtor's stead."); *see also Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3rd Cir. 2003) (en banc) (holding Sections 1101(c)(5) and 1109(b) of the Bankruptcy Code implicitly authorize a court to grant a creditors' committee derivative standing to prosecute an avoidance action when the trustee or debtor in possession cannot or will not do so, or is unlikely to act); *In re Joyanna Holitogs, Inc.*, 21 B.R. 323, 326 (Bankr. S.D.N.Y. 1982) (holding that general right to be heard would be an empty grant unless those who have such a right are also given the right to do something where the statutorily authorized parties can or will not).

18. The practice of conferring derivative standing to pursue actions on behalf of a bankruptcy estate is accepted in the Ninth Circuit. *See Avalanche Maritime, Ltd. v. Parekh (In re Parmetex, Inc.)*, 199 F.3d 1029, 1031 (9th Cir. 1999) (holding that creditors had standing to pursue avoidance action when bankruptcy court approved stipulation between trustee and creditor granting such standing); *Liberty Mut. Ins. Co. v. Official Unsecured Creditors' Comm. of Spaulding Composites Co. (In re Spaulding Composites Co.)*, 207 B.R. 899, 903 (B.A.P. 9th Cir. 1997) (holding that creditors committee was properly granted derivative standing and stating that"[i]t is well settled that in appropriate situations the bankruptcy court may allow a party other than the trustee or debtor-in-possession to pursue the estate's litigation."). A potential conflict for the Trustee is grounds for the Court to grant derivative standing to the Committee. *Catwil Corp. by & Through Official Comm. of Unsecured Creditors v. Derf II (In re Catwil Corp.)*, 175 B.R.

362, 365 (Bankr. E.D. Cal. 1994) (when debtor-in-possession's counsel admitted conflict of interest prevented him from pursuing causes of action of estate, it was appropriate to grant derivative standing to Committee).

19.     In granting derivative authority, Courts within this circuit consider whether "1) a demand has been made upon the statutorily authorized party to take action; 2) the demand is declined; 3) a colorable claim that would benefit the estate if successful exists, based on a cost-benefit analysis performed by the court, and 4) the inaction is an abuse of discretion ('unjustified') in light of the debtor-in-possession's duties in a Chapter 11 case." *In re Valley Park*, 217 B.R. 864, 866 (Bankr. D. Mont. 1998).

20.     With respect to the first, second and fourth requirements, as noted above, the Trustee has consented to and indeed requested that the Committee investigate, and if necessary, pursue and defend all claims as may exist between the Debtor's estate and the Connection Parties. The Trustee's consent renders demand futile, and thus, the first, second and fourth requirements have been satisfied. *See In re Valley Park*, 217 B.R. at 867 (consent from statutorily authorized party "obviates the need for strict application of the first, second, and fourth considerations"); *see also In re First Capital Holdings Corp.*, 146 B.R. 7, 13 (Bankr. C.D. Cal. 1992) (creditors' committee would be excused from making a demand on a debtor to pursue action against its officers, directors and controlling shareholders where such a demand would be futile).

21.     With respect to the third requirement, that the claims be "colorable," the threshold for establishing that a claim is "colorable" is low. *See, e.g.*, *In re Valley Park*, 217 B.R. 864, 869 n.4 (Bankr. D. Mont. 1998) (holding that the committee "does not have to satisfy the quantum of proof necessary for a judgment in order to show a colorable claim"); *In re Adelphia Commc'ns Corp.*, 330 B.R. 364, 376 (Bankr. S.D.N.Y. 2005) (holding that the requisite standard for

Case: 11-31376   Doc# 1195   Filed: 05/20/13   Entered: 05/20/13 12:01:37   Page 8 of 22

presenting a "colorable" claim is relatively easy to meet); *In re America's Hobby Ctr.*, 223 B.R. 275, 288 (Bankr. S.D.N.Y. 1998) (observing that only if the claim is "facially defective" should standing be denied); *In re iPCS, Inc.*, 297 B.R. at 291 (in determining whether a colorable claim exists, the court must engage in an inquiry "much the same as that undertaken when a defendant moves to dismiss a complaint for failure to state a claim."). Thus, the Trustee and Committee are only required to establish that the claims are plausible.

22.     The claims against the Connection Parties are colorable. The Trustee and the Committee have conducted, and are continuing to conduct, an extensive investigation of potential claims of the estate. The preliminary facts developed by the Trustee and the Committee demonstrate that causes of action exist against the Connection Parties and that the prosecution of those claims is necessary. The basic facts and reports demonstrate that the potential claims are colorable on their face, and could result in benefit to creditors.

**The Committee Should Be Granted Authority to Propose Settlements of Causes of Action and Claims Objections**

23.     The Committee's ability to attempt to prosecute the causes of action described above would be hindered if the Trustee retained the exclusive right to propose a settlement because, among other things, the splitting of authority to prosecute claims from the authority to settle them could create a disincentive for defendants from entering into settlement negotiations with the Committee. Limiting the Committee to prosecution of claims would create an improper settlement dynamic that may be exploited by potential defendants to the detriment of all general unsecured creditors and the estate. Granting the Committee authority to propose settlements of claims against the Connection Parties and to prosecute and settle objections to the Connection Parties' claims or setoffs against the estate, subject to Court approval, will enhance the prospect of a prompt and favorable resolution of all claims.

Case: 11-31376   Doc# 1195   Filed: 05/20/13   Entered: 05/20/13 12:01:37   Page 9 of
22

WHEREFORE, the Committee requests that the Court enter an order: (a) granting the Committee leave, standing, and authority to commence and prosecute claims against the Connection Parties, on behalf of the Debtor's Estate; (b) granting and/or confirming the Committee's authority to enter into tolling agreements with potential defendants; (c) granting and/or confirming the Committee's authority to file and prosecute objections to claims or setoffs of the Connection Parties; (d) granting the Committee leave, standing, and authority to compromise and settle claims against the Connection Parties and objections to the Connection Parties' claims or setoffs against the estate, subject to Court approval; (e) determining that all communications among the Committee, the Trustee, and their respective attorneys and agents in connection with the prosecution of the claims and objections described above, shall remain subject to any applicable attorney-client or work-product privilege and shall be deemed to be in furtherance of a joint-litigation strategy; (f) authorizing the Committee to enter into confidentiality agreements with the Connection Parties; and (g) providing the Trustee and the Committee such other and further relief as the Court may deem just, proper and equitable.

Dated: May 20, 2013                Respectfully submitted,

WHITEFORD TAYLOR AND PRESTON, LLP

By: */s/ Bradford F. Englander*
Bradford F. Englander (Ca. Bar # 122108)
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9081
(703) 280-3370 (facsimile)
E-mail: benglander@wtplaw.com

*Attorneys for the Official Committee of Unsecured Creditors*

Case: 11-31376   Doc# 1195   Filed: 05/20/13   Entered: 05/20/13 12:01:37   Page 10 of 22

/s/      *Andrew B. Ryan*

Stephen T. Loden, Esq. *(pro hac vice)*
Jason M. Rudd, Esq. *(pro hac vice)*
Andrew B. Ryan, Esq. *(pro hac vice)*
DIAMOND MCCARTHY LLP
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: 713-333-5100
Facsimile: 713-333-5199
sloden@diamondmccarthy.com
jrudd@diamondmccarthy.com
aryan@diamondmccarthy.com

*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

Eric A. Nyberg, Esq. (Bar No. 131105)
KORNFIELD, NYBERG, BENDES & KUHNER, P.C.
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669
e.nyberg@kornfieldlaw.com
c.kuhner@dornfieldlaw.com

*Local Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

-11-

**PROOF OF SERVICE**

I, Rebekah R. Odom, declare:

I am a resident of the Commonwealth of Virginia and over the age of eighteen years, and not a party to the within action; my business address is 3190 Fairview Park Drive, Suite 300, Falls Church, Virginia 22042. On May 20, 2013, I served the foregoing *Second Joint Motion of the Official Committee Of Unsecured Creditors and Allan B. Diamond, Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 105(a), 1103(c), And 1109(b) for Entry of an Order Granting Leave, Standing, and Authority to Committee to Prosecute and Settle Causes of Action on Behalf of the Debtor's Estate* in the following manners.

**____x____ (CM/ECF) The document was electronically served on the parties to this action via the mandatory United States Bankruptcy Court of California CM/ECF system upon filing of above described document.**

**SEE ATTACHED SERVICE LIST**

**____x____ (ELECTRONIC MAIL SERVICE) By electronic mail (e-mail) the above listed document(s) without error to the email address(es) set forth below on this date.**

**SEE ATTACHED SERVICE LIST**

**____x____ (UNITED STATES MAIL) By depositing a copy of the above-referenced documents for mailing in the United State Mail, first class postage prepaid, at Falls Church, Virginia, to the parties listed on Exhibit A attached hereto, at their last known mailing addresses, on May 20, 2013.**

**SEE ATTACHED SERVICE LIST**

I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 20, 2013, at Falls Church, Virginia.

*/s/ Rebekah R. Odom*_____
*Rebekah R. Odom*

-12-

*VIA CM/ECF:*

**United States Trustee**

Minnie Loo, Esq.
Donna S. Tamanaha, Esq.
Office of the U.S. Trustee
235 Pine Street. 7th Floor
San Francisco, CA 94104-3484
*Email: Minnie.Loo@usdoj.gov*
*Email: Donna.S.Tamanaha@usdoj.gov*

**Chapter 11 Trustee**

Allan B. Diamond
*Email: adiamond@diamondmccarthy.com*

**Counsel for the Chapter 11 Trustee**

**Diamond McCarthy, LLP**
Howard D. Ressler, Esq.
*Email: hressler@diamondmccarthy.com*
Stephen T. Loden, Esq.
*Email: sloden@diamondmccarthy.com*
Jason M. Rudd, Esq.
*Email: jrudd@diamondmccarthy.com*

**Kornfield Nyberg Bender & Kuhner P.C.**
Eric Nyberg
*Email: e.nyberg@kornfieldlaw.com*
Chris D. Kuhner
*Email: c.kuhner@kornfieldlaw.com*

-13-

**Debtor's Counsel**

**Wiley Rein LLP**
H. Jason Gold
Valerie P. Morison
Dylan G. Trache
*Email: jgold@wileyrein.com*
*Email: vmorrison@wileyrein.com*
*Email: dtrache@wileyrein.com*

**Murray & Murray**
Robert A. Franklin
Craig M. Prim
Jenny Lynn Fountain
*Email: rfranklin@murraylaw.com*
*Email: cprim@murraylaw.com*
*Email: jfountain@murraylaw.com*

**Duane Morris LLP** Geoffrey A. Heaton, Esq.
*Email: gheaton@duanemorris.com*
Aron M. Oiner, Esq.
*Email: roliner@duanemorris.com*

**Law Offices of Latham & Watkins**
Kimberly A. Posin, Esq.
*Email: kim.posin@lw.com*

**Counsel Official Committee of Unsecured Creditors**

**Whiteford, Taylor & Preston LLP**
Bradford F. Englander, Esq.
*Email: benglander@wtplaw.com*
John F. Carlton, Esq.
*Email: jcarlton@wtplaw.com*
Justin P. Fasano, Esq.
*Email: jfasano@wtplaw.com*

**Counsel for The Irvine Company, LLC**

**Allen, Matkins, Leck, Gamble and Mallory**
*Email: mgreger@allenmatkins.com*

Case: 11-31376   Doc# 1195   Filed: 05/20/13   Entered: 05/20/13 12:01:37   Page 14
of 22

**Counsel for Creditor Citibank, N.A.**

**Paul, Weiss, Rifkind, Wharton & Garrison**
Larry Peitzman, Esq.
*Email: lpeitzman@pwkllp.com*

**Counsel for Creditor Protiviti, Inc.**

**Pachulski, Stang, Ziehl & Jones**
John D. Fiero, Esq.
*Email: jfiero@pszjlaw.com*

**Counsel for Creditor Oracle America, Inc.**

**Buchalter Nemer**
Shawn M. Christianson, Esq.
*Email: schristianson@buchalter.com*

**Counsel for Creditor U.S. Bank, N.A.**

**Perkins Coie LLP**
David J. Gold, Esq.
*Email: dgold@perkinscoie.com*

**Counsel for Attorneys' Liability Assurance Society, Inc., *A Risk Retention Group***

**Perkins Coie LLP**
Alan D. Smith, Esq.
*Email: adsmith@perkinscoie.com*

**Counsel for Creditors Advanced Discovery LLC, Give Something Back, Inc., Jan Brown & Associates, Kent Daniels & Associates, Inc., L.A. Best Photocopies, Inc., Western Messenger Service, Inc.**

**Trepel McGrane Greenfield LLP**
Christopher D. Sullivan, Esq.
Maureen A. Harrington, Esq.
*Email: csullivan@tgsdlaw.com*
*Email: mharrington@tmcglaw.com*

**Counsel for BP/CGCENTER I, LLC**

**Allen, Matkins, Leck, Gamble and Mallory**
William W. Huckins
*Email: whuckins@allenmatkins.com*

**Counsel for Creditor Warner Investment, L.P.**

**McKenna Long & Aldridge LLP**
Michael A. Isaacs, Esq.
*Email: misaacs@mckennalong.com*
*Email: aworthing@mckennalong.com*

**Counsel for Creditor Iron Mountain Information Management Inc.**

**Bartlett, Hackett and Feinberg**
Frank F. McGinn, Esq.
*Email: ffm@bostonbusinesslaw.com*

**Counsel for Creditor Hines REIT 321North Clark Street, LLC**

**DLA Piper LLP**
Frank T. Pepler, Esq.
*Email: frank.pepler@dlapiper.com*

**Counsel for Creditor Stephanie Langley**

**Outten and Golden LLP**
Rene S. Roupinian, Esq.
*Email: rst@outtengolden.com*

**Law Offices of James D. Wood**
James D. Wood, Esq.
*Email: jdw@jdwoodlaw.com*

**Counsel for Creditor Pension Benefit Guaranty Corp.**

**Office of the Chief Counsel**
John Holland Ginsberg, Esq.
*Email:* ginsberg.john@pbgc.gov

**Counsel for Interested Party Connecticut General Life Insurance Company**

**Schnader Harrison Segal and Lewis**
Melissa Lor, Esq.
*Email:* MLor@Schnader.com

**Counsel for Interested Party Ad Hoc Committee of Certain Former Howrey Partners**

**MacConaghy and Barnier**
John H. MacConaghy, Esq.
*Email:* macclaw@macbarlaw.com
Monique Jewett-Brewster, Esq.
*Email:* mjewettbrewster@macbarlaw.com

**Counsel for Creditor Knickerbocker Properties, Inc. XXXIII**

**Seyfarth Shaw LLP**
Scott Olson, Esq.
*Email: solson@seyfarth.com*

**Counsel for Creditor Banc of America Leasing & Capital, LLC**

**Law Offices of Serlin and Whiteford**
Mark A. Serlin, Esq.
*Email: mserlin@globelaw.com*

**Counsel for Creditor Texas Comptroller of Public Accounts**

**Bankruptcy & Collections Division**
Kimberly Walsh, Esq.
*Email: bk-kwalsh@oag.state.tx.us*

**Counsel for Creditor 200 S. Main Street Investors, LLC**

**Ballard Spahr Andrews and Ingersoll**
Rebecca J. Winthrop, Esq.
*Email: WinthropR@ballardspahr.com*

**Counsel for Amy J. Fink**

**Jones Day**
Robert A. Trodella
*Email:* rtrodella@jonesday.com

**Counsel for Harris County**

**Linebarger Goggan Blair & Sampson LLP**
John P. Dillman
*Email:* houston_bankruptcy@lgbs.com

***VIA EMAIL:***

**Counsel for Creditor Citibank, N.A. Paul, Weiss, Rifkind, Wharton & Garrison**
Kelley A. Cornish, Esq.
*Email: kcornish@paulweiss.com*
Diane Meyers, Esq.
*Email:dmeyers@paulweiss.com*
Jacob J. Adlerstein, Esq.
*Email: jadlerstein@paulweiss.com*

**Ballard Spahr LLP**
Matthew Moncur, Esq.
*Email:* moncurm@ballardspahr.com

**EMC Corporation**
c/o Receivable Management Services
Steven Sass, Esq.
*Email:* steven.sass@rmsna.com
Ronald Rowland, Esq.
*Email:* Ronald.rowland@rmsna.com

**Olin Corporation**
S. Christian Mullgardt
*Email:* scmullgardt@olin.com

***VIA U.S. MAIL:***

Richard Burdge, Esq.
The Burdge Law Firm PC
500 S Grand Ave Ste 1500
Los Angeles, CA 90071

Jeffrey C. Wisler, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19899
*Attorneys for Interested Party Connecticut General Life Insurance Company*

IKON Office Solutions
Recovery & Bankruptcy Group
3920 Arkwright Road, Suite 400
Macon, GA 31210

EMC Corporation
c/o RMS Bankruptcy Recovery Services
Attn: President or General/Managing Agent
P.O. Box 5126
Timonium, MD 21094-5126

Salter & Company LLC
4600 East-West Highway, Suite 300
Bethesda, MD 20814
County of Loudoun Virginia

Belkys Escobar
1 Harrison St., S.E. 5th Fl.
Leesburg, VA 20175-3102
Matura Farrington Staffing Services, Inc.
700 So. Flower Street, Suite 2505
Los Angeles, CA 90017

Guy Davis
Protiviti Inc.
1051 East Cary Street, Suite 602
Richmond, VA 23219

Office of the U.S. Trustee
235 Pine Street
Suite 700
San Francisco, CA 94104

Paul Hastings LLP
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Paul Hastings LLP
c/o Lisa Popovich

Case: 11-31376   Doc# 1195   Filed: 05/20/13   Entered: 05/20/13 12:01:37   Page 19 of 22

515 S Flower St 17th Fl
Los Angeles, CA 90071

Morrison & Foerster LLP
c/o C T Corporation System
1015 15th Street NW, Suite 1000
Washington DC 20005

Morrison & Foerster LLP
c/o Larren Nashelsky, Esq.
Chair and Chief Executive Partner
1290 Avenue of the Americas
New York, NY  10104-0050

Morrison Foerster LLP
c/o Douglas L. Hendricks
425 Market Street
San Francisco, CA 94105-2482

Bunsow De Mory Smith & Allison LLP
c/o Henry Bunsow, Esq.
55 Francisco Street
Suite 600
San Francisco, CA 94133

Henry Bunsow, Esq.
Bunsow De Mory Smith & Allison LLP
55 Francisco Street
Suite 600
San Francisco, CA 94133

Dickinson Wright PLLC
c/o Scott M Janssen, Registered Agent
2600 West Big Beaver Road, Suite 300
Troy MI 48084

Dickinson Wright LLP
c/o James Plemmons
500 Woodward Ave., Suite 4000
Detroit, MI 48226-3425

Cooley LLP
c/o Ann Mooney

101 California Street  5th Floor
San Francisco, CA  94111-5800

Cecil E. Key
Law Offices of Cecil Key
1934 Old Gallows Rd., Ste. 350
Vienna, Virginia

Cecil Key
2303 Fourth Place
Dunn Loring, VA 22027

Denise M. DeMory
1690 Cordilleras Road
Redwood City, CA 94062

Brian A. Smith
57 Davis Road
Orinda, CA 94563

Marc G. Schildkraut
c/o Matthew C. Heyn
Klee Tuchin Bogdanoff & Stern LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067

Mark C. Schechter
c/o Matthew C. Heyn
Klee Tuchin Bogdanoff & Stern LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067


Clayton S. Hataway
c/o Cecily A. Dumas
Dumas & Clark LLP
150 California St., Suite 2200
San Francisco, CA 94111

Mary J. Moltenbrey
c/o Matthew C. Heyn
Klee Tuchin Bogdanoff & Stern LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067

Roxann E. Henry
c/o Matthew C. Heyn
Klee Tuchin Bogdanoff & Stern LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067

Ezra Levine
c/o Matthew C. Heyn
Klee Tuchin Bogdanoff & Stern LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067

Thomas McQuail
Rue de Tabellion 104
105 Brussels, Belgium 1050

Joseph P. Lavelle
9207 Forest Haven Dr.
Alexandria, VA 22309

Jacqueline Grise Lester
c/o Cecily A. Dumas
Dumas & Clark LLP
150 California St., Suite 2200
San Francisco, CA 94111

*66736*

Case: 11-31376    Doc# 1195    Filed: 05/20/13    Entered: 05/20/13 12:01:37    Page 22 of 22