DIAMOND McCARTHY LLP
Stephen T. Loden (*pro hac vice*)
Andrew B. Ryan (*pro hac vice*)
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: 713-333-5100
Facsimile: 713-333-5199
sloden@diamondmccarthy.com
aryan@diamondmccarthy.com
*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

KORNFIELD, NYBERG, BENDES & KUHNER, P.C.
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669
*Local Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HOWREY LLP,<br><br>Debtor. | Case No: 11-31376 DM<br>Chapter 11<br>Hon. Dennis Montali<br><br>**STIPULATION TO TOLL CLAIMS**<br>**WITH MORRISON & FOERSTER LLP** |

This *Stipulation to Toll Claims* (the "Stipulation") is entered into by and between Allan B. Diamond, in his capacity as the Chapter 11 Trustee (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey") and Morrison & Foerster LLP ("MoFo", together with the Trustee, the "Parties"), as of the date signed below.

A.   WHEREAS, on April 11, 2011, certain creditors of Howrey LLP ("Howrey" or the "Debtor") filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy

437439.1

Code initializing Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California, (the "Bankruptcy Court").

B. WHEREAS, on June 6, 2011, the Court entered an order converting the Bankruptcy Case to one under chapter 11 of the Bankruptcy Code.

C. WHEREAS, on October 12, 2011, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Bankruptcy Court approved the Trustee as the Chapter 11 Trustee in the Bankruptcy Case.

D. WHEREAS, the Trustee has determined that he may possess "Claims" (as that term is defined by 11 U.S.C. § 101(5)) against MoFo pursuant to the Bankruptcy Code and applicable state law;

E. WHEREAS MoFo has denied that the Trustee has any viable Claims;

F. WHEREAS, pursuant to applicable sections of the Bankruptcy Code, the Trustee has concluded that he must commence litigation on the Claims on or before June 6, 2013 (the "Filing Deadline");

G. WHEREAS, the Parties desire to enter into this Stipulation to toll the Filing Deadline for the period specified herein to permit the Parties to seek to amicably resolve any potential Claims prior to the commencement of litigation;

H. WHEREAS, to afford the Parties the opportunity, and additional time if necessary, to resolve their disputes, the Parties have agreed that any applicable statutes of limitations, statutes of repose, laches periods, or other time-based defenses (including, without limitation, the limitations periods set forth in 11 U.S.C. §§ 108, 546, 549, and 550, as well as any limitations periods under state law that may apply to any Claims) (collectively, the "Limitations Periods") and defenses to the Claims (including permissive and compulsory counterclaims) that have not expired as of the date an order approving this Stipulation is entered by the Bankruptcy Court should be

Case: 11-31376   Doc# 1198   Filed: 05/20/13   Entered: 05/20/13 12:43:17   Page 2 of 6

tolled as set forth below. The time during which the Limitations Periods are tolled hereunder is referred to herein as the "Tolling Period."

## STIPULATION

NOW THEREFORE, in exchange for the consideration set forth herein, the sufficiency of which each Party acknowledges, the Parties agree as follows:

1. The running of any and all Limitations Periods that would apply to any Claims and defenses to the Claims (including permissive and compulsory counterclaims) between the Trustee and MoFo shall be tolled until either the Trustee or MoFo terminates the Tolling Period by written notice according to the provisions set forth below (the "Termination Notice"). In case of such event, MoFo shall deliver his or her Termination Notice to Diamond McCarthy LLP, Attn: Andrew Ryan, 1201 Elm Street, Suite 3400, Dallas, Texas 75270; and the Trustee shall deliver his Termination Notice as to MoFo by written notice delivered to MoFo at the email address set forth below (or as specified in a subsequent notice delivered to the Trustee). Any Termination Notice delivered hereunder shall be effective – and thereby end the Tolling Period – on the twentieth calendar day following delivery of such notice unless the twentieth calendar day is a Saturday, Sunday, legal holiday or a day on which the Bankruptcy Court is not open for business (a "Non-business Day"), in which event the Tolling Period shall end at 11:59 p.m. Pacific Time on the first business day following such Non-business Day.

2. The Parties expressly stipulate, covenant, and agree that forbearance by the Trustee from commencing litigation on the Claims before the Filing Deadline is good and adequate consideration for the stipulations, covenants, and agreements of MoFo contained in this Tolling Agreement.

3

3. The Trustee shall not initiate any litigation against MoFo except on the earlier of: (i) any time after MoFo delivers Termination Notice to the Trustee, or (ii) fifteen days after the Trustee delivers a Termination Notice to MoFo.

4. If the Trustee brings an action against the MoFo after delivery of a Termination Notice but during the Tolling Period, no Party may put forward or rely on the time that elapses during the Tolling Period in any way to defend against any Claims or defenses to the Claims. Specifically, MoFo expressly stipulates, covenants, and agrees that it will not assert as a defense to any of the Claims that such Claims are barred, in whole or in part, by laches, waiver, estoppel, or by the expiration of the applicable Limitations Periods, except to the extent that such defense is based on time periods that exclude the Tolling Period in its entirety.

5. By entering into this Tolling Agreement, MoFo specifically reserves and does not waive: (i) the right to contest any Claims brought within the Tolling Period on grounds other than untimeliness, (ii) any defenses (other than untimeliness) that may be raised in response to any such Claim, or (iii) the right to assert that any Claims brought are not timely if they are brought following expiration of the Tolling Period.

6. Except to counter a defense based on the expiration of one or more of the Limitations Periods or to enforce the terms of this Stipulation, this Stipulation shall not be offered, received, or introduced as evidence or used for any purpose whatsoever, nor shall this Tolling Agreement toll any Limitations Periods that may have run before the Bankruptcy Court enters an order approving this Stipulation.

7. By entering into this Tolling Agreement, the Trustee specifically reserves and does not waive any of his rights, claims, and remedies against MoFo including, without limitation rights, claims and remedies in connection with the Claims against MoFo.

-4-

8. Each of the Parties mutually warrant and represent that, prior to the execution of this Tolling Agreement: (i) each of them has thoroughly read this Tolling Agreement and conducted an independent and thorough investigation of all pertinent facts; (ii) each of them has thoroughly informed himself or itself of the terms, consents, conditions and effects of this Tolling Agreement; (iii) each of them has obtained the advice and benefit of counsel of its own choosing; (iv) no representations of any kind have been made to it by or on behalf of any of the Parties other than as expressly set forth in this Tolling Agreement; and (v) each of them thereafter elected knowingly and voluntarily to execute and enter into this Tolling Agreement.

9. Each of the Parties stipulates, agrees and warrants that: (i) the terms, extent, and duration of this Tolling Agreement are reasonable; (ii) they will not challenge or contest in any way the capacity or the authority of any Party hereto to make the agreements, covenants, waivers, stipulations, and warranties herein set forth; (iii) the person or persons, including any attorney on behalf of a Party, executing this Tolling Agreement on behalf of each Party has the necessary and appropriate authority and capacity to execute this Tolling Agreement and to make this Tolling Agreement binding upon and enforceable against that Party; and (iv) the consideration for this Tolling Agreement is mutual and adequate.

10. This Tolling Agreement shall be binding upon and inure to the benefit of the undersigned Parties and their respective current, former, and future partners, members, lawyers, predecessors, shareholders, officers, directors, employees, agents, trustees, managers, representatives, successors, and assigns.

11. This Tolling Agreement constitutes the complete expression of the agreement of the Parties concerning the subjects covered herein, and no modification of, or amendment to, this Tolling Agreement shall be valid unless it is in writing and signed by the Parties.

5

12. This Tolling Agreement may be executed in any number of counterparts and by the Parties in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same document.

13. Each Party represents and warrants as to himself/itself that the Tolling Agreement has been duly authorized, and is a legal, valid and binding obligation of such Party.

STIPULATED AND AGREED TO AS OF: May 17, 2013

DIAMOND McCARTHY LLP

*(signature)*

Andrew B. Ryan, Esq. *(pro hac vice)*
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: 713-333-5100
Facsimile: 713-333-5199
aryan@diamondmccarthy.com
*Counsel for Allan B. Diamond,
Chapter 11 Trustee for Howrey LLP*

MORRISON & FOERSTER LLP

By: *Douglas L. Hendricks*
Notice Email: dhendricks@mofo.com

6