Bradford F. Englander (Ca. Bar # 122108)
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9081
(703) 280-3370 (facsimile)
E-mail: benglander@wtplaw.com

Attorneys for the Official Committee of
Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| In re: | * | Case No.: 11-31376 |
| HOWREY LLP, | * | Chapter 11 |
| Debtor. | * | Date:<br>Time: |
| | * | Place: U.S. Bankruptcy Court<br>230 Pine Street |
| | * | San Francisco, CA |
| *  *  *  *  *  *  * | | Judge: Dennis J. Montali |

**EX PARTE APPLICATION PURSUANT TO BANKRUPTCY RULE
2004 FOR AN ORDER AUTHORIZING EXAMINATION OF ARNOLD & PORTER LLP**

The Official Committee of Unsecured Creditors (the "Committee"), pursuant to its

authority under the Court's December 24, 2012, *Order Granting Joint Motion of the Official

Committee Of Unsecured Creditors and Allan B. Diamond, Chapter 11 Trustee, Pursuant to 11

U.S.C. §§ 105(a), 1103(c), and 1109(b) for Entry of an Order Granting Leave, Standing, and

Authority to Committee to Prosecute and Settle Causes of Action on Behalf of the Debtor's Estate*,

hereby submits this *Ex Parte Application Pursuant to Bankruptcy Rule 2004 for an Order

Authorizing Examination of Arnold & Porter LLP* (the "Application") to secure an order requiring

1

Arnold & Porter LLP ("Arnold & Porter") to produce documents and appear for examination, as set forth in the form subpoena attached hereto as Exhibit A.

## I. Relief Requested

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"), and Bankruptcy Local Rule 2004-1(a), the Committee requests authority to subpoena Arnold & Porter to produce documents and appear for depositions so that it may better understand the value of certain estate assets. The Committee specifically seeks discovery from Arnold & Porter concerning the transfer of Howrey clients and client matters to Arnold & Porter and the compensation paid to Arnold & Porter for the work that Arnold & Porter performed for Howrey's former clients.

As a first phase, the Committee will request that Arnold & Porter produce the documents in the form "Document Request" attached hereto as Exhibit A, which would accompany a subpoena to Arnold & Porter. As a second phase, the Committee will request that the custodian of records of Arnold & Porter appear for examination by oral deposition with respect to the subject matter of the writings described in the Document Request.

## II. Factual Background

The attorneys listed in Exhibit B (the "Former Partners") were formerly partners at Howrey. According to Howrey's books and records, the Former Partners were the originating or relationship partners with regard to certain Howrey clients. The Former Partners now practice law at Arnold & Porter. These Former Partners were working on active matters on behalf of clients of Howrey at the time the Former Partners left Howrey and transitioned to Arnold & Porter. Some of the former Howrey clients directed Howrey to transfer their files to Arnold & Porter after the Former Partners left Howrey. Some of these matters were hourly fee engagements.

For these reasons, the Committee has a good faith basis for believing that Arnold & Porter is providing and has provided legal services to these former Howrey clients on matters originated while the Former Partners were at Howrey, and for believing that Arnold & Porter has been compensated for those services.

### III. The Committee is Entitled to the Requested Relief

The Committee seeks information concerning pre-petition Howrey client engagements and matters that were transferred to Arnold & Porter to assist the Committee in analyzing the property of Howrey and in the administration of this chapter 11 estate. The requested information is well within the scope of examination permitted under Rule 2004, which provides for discovery relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. . . ." Fed. R. Bankr. P. 2004(b). Rule 2004(c) further provides that "[t]he attendance of an entity for examination and the production of documentary evidence may be compelled [by subpoena pursuant to Bankruptcy Rule 9016]." The scope of a Rule 2004 examination is "unfettered and broad" and has been termed "a quick 'fishing expedition.'" *In re Dinublio*, 177 B.R. 932, 939-40 (E.D. Cal. 1993). A Rule 2004 examination may properly extend to creditors and third parties "who have had dealings with the debtor." *In re Financial Corp. of Am.*, 119 B.R. 728, 733 (Bankr. C.D. Cal. 1990); *In re GHR Companies, Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984); *In re JohnsManville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984) (stating that Rule 2004 examinations may "cut a broad swath through the debtor's affairs, those associated with him, and those who might have had business dealings with him") (citation omitted).

Moreover, Rule 2004 examinations are appropriate to assist the Committee in determining whether to initiate a cause of action against Arnold & Porter. *See, e.g., In re ECAM Publ'ns, Inc.*,

3

131 B.R. 556, 560 (Bankr. S.D.N.Y. 1991) (one purpose of a Rule 2004 examination is "to determine whether there are grounds to bring an action to recover property of the estate"); *In re Table Talk, Inc.*, 51 B.R. 143, 146 (Bankr. D. Mass. 1985) (party may use Rule 2004 to investigate potential claims). The standard for determining the propriety of a discovery request under Rule 2004 is "good cause." *See, e.g., In re Grabill Corp.*, 109 B.R. 329, 334 (Bankr. N.D. Ill. 1989).

The Committee has "good cause" for the requested Rule 2004 discovery. The Committee may have claims against Arnold & Porter for "unfinished business" under *Jewel v. Boxer*, 156 Cal. App. 3d 171 (1984). *See In re Brobeck, Phleger & Harrison LLP*, 408 B.R. 318 (Bankr. N.D. Cal. 2009); *Heller Ehrman LLP v. Arnold & Porter LLP (In re Heller Ehrman LLP)*, Adv. No. 10-3203DM, 2011 WL 1539796 (Bankr. N.D. Cal., April 22, 2011). Information regarding whether Arnold & Porter in fact completed unfinished business relating to cases handled by the Former Partners at Howrey, and whether Arnold & Porter received compensation for the work it performed, is within the knowledge of Arnold & Porter, and the present discovery requests are an expeditious and sensible way to investigate Arnold & Porter's liability to the Debtor.

No previous application for the relief sought herein has been made to this or any other Court.

By obtaining the information sought through the Rule 2004 process, the Committee hopes to resolve consensually any potential claims with Arnold & Porter for the purpose of reaching a resolution with respect to any potential claims regarding Arnold & Porter's receipt of fees from Howrey's former clients, and/or to initiate any appropriate legal proceedings.

### IV. Conclusion

As this Application is properly made on an *ex parte* basis under Local Rule 2004-1(a), the Committee respectfully requests this Court immediately take notice of the Application and enter

4

an order substantially in the form attached hereto as <u>Exhibit C</u>, granting the relief requested herein and such other and further relief as may be just.

Respectfully Submitted,

Dated: June 7, 2013

/s/ Bradford F. Englander
Bradford F. Englander (Ca. Bar # 122108)
Whiteford, Taylor & Preston, LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9081
(703) 280-3370 (facsimile)
E-mail: benglander@wtplaw.com

*Attorneys for the Official Committee of Unsecured Creditors*

*65543*

# Exhibit A

# DOCUMENT REQUEST

## I. Definitions

1. "Howrey" shall mean Howrey LLP and all of its agents, partners, members, employees, officers, affiliates, shareholders, representatives, or others acting or authorized to act on its behalf.

2. "Document" includes every manner by which information is recorded or transmitted, including electronically recorded or transmitted information.

3. "Engagement Agreements" refers to any written agreement setting forth the terms under which legal representation will be provided.

4. "Former Howrey Client" means all clients that were formerly clients of Howrey and who became Your clients at or around the time the Former Howrey Partners joined You.

5. "Former Howrey Partner" means [list attorneys].

6. "Invoices" means any periodic statements sent by You to a client requesting payment for services rendered, including the individual time entries made by attorneys and other professionals describing the services they provided.

7. "Former Howrey Matter" means any legal matter, case, litigation, or transaction on which You are providing or have provided legal services for a Former Howrey Client.

8. "You" and "Your" refer to Arnold & Porter, LLP, and all of its agents, partners, members, employees, officers, affiliates, shareholders, representatives, or others acting or authorized to act on its behalf.

## II. Instructions

1. The following document requests are to be responded to fully, by furnishing all information in your possession, custody or control. Your having possession, custody, or control of

a document includes your having a right, superior to other parties, to compel the production of such document from a third party, such as your agent, employee, representative, or, unless privileged, attorney.

   2.   If any document requested herein has been lost, discarded, or destroyed, the document so lost, discarded, or destroyed should be identified as completely as possible, including without limitation, the date the document was lost, discarded, or destroyed, the manner in which the document was lost, discarded, or destroyed, the reason(s) the document was lost, discarded, or destroyed, the person who authorized that the document be destroyed or discarded, and the person who lost, discarded, or destroyed the document.

   3.   If you cannot produce a document because it no longer exists or is no longer in your possession, custody, or control, please identify that document by: (a) its title; (b) its nature (for example, a "letter" or "e-mail"); (c) the date it was created or sent; (d) its author(s) and signator(y/ies); (e) any of its recipient(s); (f) the last place it was known to have been located; (g) the circumstances under which it ceased to exist or passed from your possession, custody, or control; and (h) the identity and last known residence and business address of any person who had knowledge of its existence and location.

   4.   Produce each requested document in its entirety, including all attachments and enclosures, even if only a portion of the document is responsive to the request.

   5.   If you withhold from production any document (or portion of any document) that is otherwise responsive to a request on the basis of a claim of privilege, work product, or other ground, you must provide sufficient information regarding the withheld document to permit the Court and the parties to evaluate the propriety of your objection. Specifically, you must identify: (a) the name and title of the author(s) of the document; (b) the name and title of each person to

whom the document was addressed; (c) the name and title of each person to whom the document was distributed; (d) the name and title of each person to whom the document was disclosed, in whole or in part; (e) the type of document (e.g., "memorandum" or "report"); (f) the subject matter of the document; (g) the purpose(s) of the document; (g) the date on the document and, if different, the date on which the document was created and/or sent; (h) the number of pages of the document; (i) the specific request herein to which the document is responsive; (j) the nature of the privilege(s) asserted as to the document; and (k) a detailed, specific explanation as to why the document is privileged or otherwise immune from discovery, including a presentation of all factual grounds and legal analyses.

    6.    If any requested document cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

    7.    This request is a continuing one that calls for the supplemental or additional production of documents if any defendant or its counsel obtains supplemental or additional documents.

    8.    In responding to the requests below: (a) the disjunctive shall also be read to include the conjunctive and vice versa; (b) "including" shall be read to mean "including without limitation;" (c) the singular shall also be read to include the plural and vice versa; (d) the present shall also be read as if the past tense and vice versa; (e) "any" shall be read to include "all" and vice versa; and (f) "and" shall be read to include "or" and vice versa.

### III. Documents to be Produced

    1.    All Engagement Agreements between You and each Former Howrey Client.

2. Documents sufficient to show all amounts You billed to each Former Howrey Client for Your work on each Former Howrey Matter, including, but not limited to, all Invoices You sent to any Former Howrey Client.

3. Documents sufficient to show all payments made to You by each Former Howrey Client for Your work on each Former Howrey Matter.

4. Documents sufficient to show all revenue received by You from work performed for any Former Howrey Client on any Former Howrey Matter.

5. Documents relating to Your receipt of contingency fee payments relating to each representation of each Former Howrey Client on each Former Howrey Matter.

6. Documents sufficient to show Your costs incurred in providing representation to each Former Howrey Client on each Former Howrey Matter.

# Exhibit B

**Former Howrey Partners**

Alexander, Paul

Nilsson, John E.

Sklenar, Jennifer A.

Wu, Wallace W.

Han, Edward

Wolf, Matthew M.

# Exhibit C

Bradford F. Englander (Ca. Bar # 122108)
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9081
(703) 280-3370 (facsimile)
E-mail: benglander@wtplaw.com

Attorneys for the Official Committee of
Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| In re: | * | Case No.: 11-31376 |
| HOWREY LLP, | * | Chapter 11 |
| Debtor. | * | |

\* \* \* \* \* \* \*

**ORDER GRANTING EX PARTE**
**APPLICATION PURSUANT TO BANKRUPTCY RULE 2004 FOR**
**AN ORDER AUTHORIZING EXAMINATION OF ARNOLD & PORTER LLP**

Upon the *Ex Parte Application Pursuant to Bankruptcy Rule 2004 for an Order Authorizing Examination of Arnold & Porter LLP* (the "Application") filed by the Official Committee of Unsecured Creditors (the "Committee"), and good cause appearing therefor:

IT IS HEREBY ORDERED that the Committee is authorized to issue a subpoena to Arnold & Porter LLP ("Arnold & Porter") for the production of documents, as described in Exhibit A to the Application; and

IT IS FURTHER ORDERED that Arnold & Porter must, within twenty-one days of the Committee's service of a subpoena requiring the production the documents described in Exhibit A to the Application, produce such documents and allow the Committee and its agents and attorneys the opportunity to inspect and copy any documents produced; and

14

IT IS FURTHER ORDERED that the Committee is authorized to issue a subpoena to Arnold & Porter for the oral examination of a custodian of records to testify concerning the documents described in <u>Exhibit A</u> to the Application; and

IT IS FURTHER ORDERED that Arnold & Porter must, within twenty-one days of the Committee's service of a subpoena for the examination of a custodian of records, or at such time as is agreed to by counsel, present a custodian of records to testify concerning the documents described in <u>Exhibit A</u> to the Application.

**\*\* END OF ORDER \*\***