# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), dated as of **15 August** is entered into by and among Allan B. Diamond, in his capacity as the chapter 11 trustee (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey"), Baker & Hostetler LLP ("B&H"), Robert G. Abrams, Gregory L. Baker, Robert J. Brookhiser, Jr., John F. Bruce, Gregory J. Commins, Jr., Gilbert S. Keltelas, Joanne Lichtman, Christopher H. Mararro, Elizabeth B. McCallum, Terry L. Sullivan, Joanne E. Caruso-Zaccaro (the forgoing individuals being hereinafter collectively referred to as the "B&H Former Howrey Partners"; and, together with the Trustee and B&H, the "Parties").

## RECITALS

A.  On July 5, 2007, one or more of the B&H Former Howrey Partners, while partners of Howrey, filed two class action antitrust lawsuits, one styled *Sweetwater Valley Farm, Inc., et al. v. Dean Foods Co., et al.*, C.A. No. 1:07-5 in the United States District Court for the Middle District of Tennessee (the "Sweetwater Case") and another styled *James D. Baisley, et al. v. Dean Foods Co., et al.*, C.A. No. 1:07-52 in the United States District Court for the Middle District of Tennessee (the "Baisley Case");

B.  On January 10, 2008, the Sweetwater Case and the Baisley Case were transferred from the Middle District of Tennessee to the United States District Court for the Eastern District of Tennessee and consolidated with two similar cases, initiating Case No. 2:08-md-01000 in the United States District Court for the Eastern District of Tennessee (hereinafter "SE Milk");

C.  On January 2, 2009, one or more of the B&H Former Howrey Partners, while partners at Howrey, filed a class action antitrust lawsuit styled *Andrea Resnick, et al. v. Walmart.com USA LLC, et al.* C.A. No. 4:09-cv-00002, in the United States District Court for the Northern District of California ("Walmart Case");

D.  On April 13, 2009, the Walmart Case was consolidated with eleven similar cases by the United States Panel on Multidistrict Litigation, initiating Case No. 4:09-md-02029 in the United States District Court for the Northern District of California (hereinafter "Online DVD");

E.  On January 21, 2010, one or more of the B&H Former Howrey Partners, while partners at Howrey, joined a class action antitrust lawsuit styled *Alice H. Allen, et al. v. Dairy Farmers of America, Inc., et al.* in the United States District Court for the District of Vermont (hereinafter "NE Milk");

F.  In NE Milk, plaintiffs and defendant Dean Foods Company entered into a settlement on December 7, 2010, that was approved by the District Court on August 3, 2011 (hereinafter "NE Milk/Dean Foods"). In NE Milk/Dean Foods, the District Court approved an award of attorneys' fees and expenses to plaintiffs' counsel on August 3, 2011. The NE Milk case against Dairy Farmers of America, Inc. is ongoing (hereinafter "NE Milk/DFA");

**Page 1 of 10**

G. On March 9, 2011, the requisite number of Howrey's partners voted to dissolve the partnership effective March 15, 2011 (the "Dissolution Date");

H. On or about March 28, 2011, Howrey and B&H entered into the Case Transfer and Allocation of Hours Agreement (the "Transfer Agreement"). The Transfer Agreement specified, among other things, the terms on which B&H and Howrey would allocate any recoveries on SE Milk and NE Milk;

I. Shortly before or after Howrey's Dissolution Date and the execution of the Transfer Agreement, the B&H Former Howrey Partners dissociated from Howrey and became partners at B&H;

J. On April 11, 2011, certain creditors of Howrey filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code initializing Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court");

K. On June 6, 2011, the Bankruptcy Court entered an Order for Relief and Converting the Bankruptcy Case to one under chapter 11, and on June 14, 2011, an Official Committee of Unsecured Creditors (the "Creditors' Committee") was appointed;

L. In SE Milk, plaintiffs and defendants Southern Marketing Agency, James Baird and Gary Hanman entered into a settlement on July 27, 2011, and plaintiffs and defendant Dean Foods Company entered into a settlement on July 12, 2011, with both receiving court approval on June 15, 2012 (hereinafter collectively "SE Milk/Dean Foods"). In SE Milk/Dean Foods, the court awarded attorneys' fees and expenses to plaintiffs' counsel on July 11, 2012;

M. In Online DVD, plaintiffs and Walmart entered into a settlement on July 15, 2011, that was approved by the court on March 29, 2012 (hereinafter "Online DVD/Walmart"). Certain parties have now appealed the order approving the Online DVD/Walmart settlement to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit"), and the appeals are styled: *Theodore H. Frank, et al. v. Netflix, Inc., et al.*, No. 12-15705; *Jon Zimmerman, et al. v. Netflix, Inc., et al.*, No. 12-15889; *Andrea Resnick, et al. v. Edmund Bandas, et al.*, 12-15957; *Andrea Resnick, et al. v. Maria Cope, et al.*, No. 12-15996; *Andrea Resnick, et al. v. John Sullivan, et al.*; No. 12-16010; and *Andrea Resnick, et al. v. Tracey Cox, et al.*, No. 12-16038. The Ninth Circuit consolidated the Online DVD/Walmart appeals under Case No. 12-15705 pursuant to an order entered on May 8, 2012;

N. In Online DVD, defendant Netflix, Inc. was granted final summary judgment at the trial court, and plaintiffs have appealed to the Ninth Circuit, in a pending appeal styled *Andrea Resnick, et al. v. Netflix, Inc.*, Case No. 11-18034 (hereinafter "Online DVD/Netflix");

O. On October 12, 2011, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Bankruptcy Court approved the Trustee as the Chapter 11 Trustee in the Bankruptcy Case;

Case: 11-31376   Doc# 1421-1   Filed: 08/16/13   Entered: 08/16/13 09:42:02   Page 3 of 23

P.    Soon after his appointment, the Trustee directed his counsel to investigate potential claims against B&H and the B&H Former Howrey Partners including, without limitation, unfinished business claims, partner clawback claims, fraudulent transfer claims to rescind the Transfer Agreement, and other claims under 11 U.S.C. §§ 547-550 (the "Potential Claims"). B&H cooperated voluntarily in the Trustee's investigation of the Potential Claims;

Q.    On July 27, 2012, the Trustee, B&H, and Citibank, N.A. ("Citibank") entered into an Account Agreement ("Account Agreement") whereby certain attorneys' fees and expenses awarded in NE Milk/Dean Foods were escrowed at Citibank pending resolution of the allocation of the funds between Howrey and B&H;

R.    In SE Milk, plaintiffs and defendant Dairy Farmers of America, Inc., entered into a settlement on January 17, 2013, that was approved by the District Court on May 17, 2013 (hereinafter "SE Milk/DFA"). In SE Milk/DFA, the District Court approved an award of attorneys' fees and expenses to plaintiffs' counsel on May 17, 2013;

S.    Since approximately November 16, 2012, and continuing through July 1, 2013, the Trustee and his counsel have: (i) discussed, analyzed, and reviewed Howrey's internal data regarding the Potential Claims; (ii) discussed, analyzed, and reviewed B&H's confidential data provided in response to the Trustee's requests; and (iii) engaged in telephonic and in-person settlement meetings with B&H, certain of the B&H Former Howrey Partners, counsel for the Creditors Committee, and counsel for Citibank;

T.    In order to compromise and settle all disputed matters, including the Potential Claims, and to avoid the expense and delay of litigation, without admitting the validity of any Potential Claims or the defenses raised to them, the Parties have agreed to enter into this Agreement.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby acknowledge and agree as follows:

1.    **Cash Payment to Howrey.** In exchange for the releases provided herein, B&H and the B&H Former Howrey Partners will pay Howrey a cash payment of $39,606,746.00 (the "Cash Payment"). The Cash Payment will be allocated as follows:

   a.    *SE Milk/Dean Foods.* B&H shall pay Howrey $19,792,115.

   b.    *SE Milk/DFA.* B&H shall pay Howrey $17,216,100.

   c.    *Unfinished Hourly Business.* B&H shall pay Howrey $2,303,531.

   d.    *Section 549 Claims.* B&H shall pay Howrey $20,000.

Case: 11-31376    Doc# 1421-1    Filed: 08/16/13    Entered: 08/16/13 09:42:02    Page 4 of 23

e. *Partner Clawback Claims.*  B&H shall advance on behalf of the B&H Former Howrey Partners $275,000, which B&H shall pay to Howrey.

2.    **Agreed Transfer of NE Milk/Dean Foods Funds Escrowed Under Account Agreement.**  In addition to the Cash Payment required by Paragraph 1 of this Agreement, and in accordance with Paragraphs 2 and 4 of the Account Agreement, B&H and Howrey shall arrange for the release to Howrey of $1,408,311 in NE Milk/Dean Foods funds escrowed at Citibank pursuant to the Account Agreement.  Contemporaneous with the $1,408,311 transfer to Howrey, and likewise in accordance with Paragraphs 2 and 4 of the Account Agreement, B&H and Howrey shall arrange for the release to B&H of the balance of the NE Milk/Dean Foods funds escrowed at Citibank.  B&H and Howrey shall arrange for these transfers by providing a Payment Instruction (as that term is defined in the Account Agreement) to Citibank in a form substantially similar or identical to **Exhibit A** to this Agreement within three (3) business days of the Effective Date of this Agreement.

3.    **Allocation of Potential Future Recoveries in Contingent Fee Matters.** Howrey and B&H agree to allocate any potential future recoveries in the NE Milk/DFA, Online DVD/Walmart, and Online DVD/Netflix contingent fee matters as follows:

a. *NE Milk/DFA.*  In the event that plaintiffs recover any amount through settlement or judgment in NE Milk/DFA that results in the recovery of attorneys' fees to Howrey and B&H, Howrey and B&H shall allocate any such recovery of attorneys' fees 75% to B&H and 25% to Howrey.  In the event that plaintiffs recover any amount through settlement or judgment in NE Milk/DFA that results in the recovery of reimbursable expenses and costs to Howrey and B&H, Howrey and B&H shall allocate any award based on the actual dollars that each has spent. For the avoidance of doubt, such allocation of fees, expenses, or costs shall not include fees, expenses, or costs awarded to co-counsel, liaison counsel, or local counsel, or to fees, expenses, or costs previously awarded in NE Milk/Dean.

b. *Online DVD/Walmart.*  If the Online DVD/Walmart matter results in any payment of attorneys' fees, reimbursable expenses, or costs recoverable to plaintiffs' counsel, B&H shall pursue any attorneys' fees, reimbursable expenses, and costs recoverable to Howrey and B&H.  Howrey and B&H shall allocate any joint recovery of attorneys' fees in Online DVD/Walmart on a *quantum meruit* basis as of the time B&H receives the Online DVD/Walmart payment, with the *quantum meruit* calculation based upon the time value of hours each firm has billed in the Online DVD matters at each firm's standard rates in effect as of the date the hours were billed.  If the Online DVD/Wal-Mart settlement results in the recovery of reimbursable expenses and costs to Howrey and B&H, Howrey and B&H shall allocate any award based on the actual dollars that each has spent.  For the avoidance of doubt, such allocation of fees, expenses and costs shall not include fees, expenses or costs awarded to co-counsel, liaison counsel, or local counsel. For its work in pursuing attorneys' fees, reimbursable expenses, and costs in the Online DVD/Walmart matter, the first $25,000 of any amounts allocated to Howrey shall be paid to B&H.

Case: 11-31376    Doc# 1421-1    Filed: 08/16/13    Entered: 08/16/13 09:42:02    Page 5 of 23

c. *Online DVD/Netflix*. In the event that plaintiffs recover any amount through settlement or judgment in Online DVD/Netflix that results in the recovery of attorneys' fees to Howrey and B&H within three (3) months of the date that the current appeal in Online DVD/Netflix is decided, Howrey and B&H shall allocate any joint recovery of attorneys' fees in Online DVD/Netflix on a *quantum meruit* basis as of the time B&H receives any Online DVD/Netflix payment, with the *quantum meruit* calculation based upon the time value of hours each firm has billed in the Online DVD matters at each firm's standard rates in effect as of the date the hours were billed. In the event that plaintiffs recover any amount through settlement or judgment in Online DVD/Netflix that results in the recovery of attorneys' fees to Howrey and B&H after three (3) months of the date that the current appeal in Online DVD/Netflix is decided, Howrey and B&H shall allocate any such recovery of attorneys' fees 70% to B&H and 30% to Howrey. In the event that plaintiffs recover any amount through settlement or judgment in Online DVD/Netflix that results in the recovery of reimbursable expenses and costs to Howrey and B&H, Howrey and B&H shall allocate any award based on the actual dollars that each has spent. For the avoidance of doubt, such allocation of fees, expenses, or costs shall not include fees, expenses, or costs awarded to co-counsel, liaison counsel, or local counsel, or to fees, expenses, or costs previously awarded in Online DVD/Walmart.

4. **B&H's Obligation to Inform and Notice.** B&H agrees to timely advise the Trustee or his successors, representatives, or assigns of any appellate decisions, settlements, or judgments reached in the NE Milk/DFA, Online DVD/Walmart or Online DVD/Netflix matters. B&H shall give its notice to the Trustee through courier, by certified or registered mail (postage prepaid and return receipt requested), by a nationally-recognized overnight carrier, or via electronic mail at the addresses below.

| | |
|---|---|
| To the Trustee: | Allan B. Diamond, Esq. |
| | Chapter 11 Trustee of Howrey LLP |
| | c/o Diamond McCarthy LLP |
| | Two Houston Center |
| | 909 Fannin Street, 15th Floor |
| | Houston, Texas 77010 |
| | Tel. (713) 333-5100 |
| | E-mail: adiamond@diamondmccarthy.com |
| | |
| With a copy to: | Andrew B. Ryan, Esq. |
| | Diamond McCarthy LLP |
| | Renaissance Tower |
| | 1201 Elm Street, Suite 3400 |
| | Dallas, Texas 75270 |
| | Tel. (214) 389-5300 |
| | E-mail: aryan@diamondmccarthy.com |

Case: 11-31376   Doc# 1421-1   Filed: 08/16/13   Entered: 08/16/13 09:42:02   Page 6 of 23

5.    **Cash Payment Terms**.  B&H shall, within three (3) business days after the Effective Date of this Agreement, transfer the Cash Payment to the Trustee by wire transfer, to the following account:

> Allan B. Diamond, Chapter 11 Trustee of Howrey LLP
> Account No. 9250393741
> Citibank, N.A.
> ABA No. 254070116

6.    **Bankruptcy Court Approval of Settlement**.  Upon execution of this Agreement, the Trustee will seek Bankruptcy Court approval of this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").  B&H and the B&H Former Howrey Partners agree to cooperate, if required, in the request for approval of this Agreement from the Bankruptcy Court. This Agreement is expressly contingent upon the approval of the Bankruptcy Court.

7.    **Release of B&H and the B&H Former Howrey Partners**.  Upon the Effective Date of this Agreement, the Trustee on behalf of Howrey, for consideration as enumerated above, and with the exception of the terms of Paragraph 9 of this Agreement, hereby releases, acquits, satisfies, and forever discharges B&H and the B&H Former Howrey Partners, and their respective successors, predecessors, assigns, representatives, insurers, guarantors, as well as its past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners (with the exception of any former Howrey partner who (i) is not defined herein as a B&H Former Howrey Partner and (ii) may join B&H after the execution of this Agreement), parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, and agents, of and on account of all manner of action and actions, cause and causes of action, suits, debtors, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, or shall have against B&H and the B&H Former Howrey Partners.

8.    **Release of Howrey and the Trustee**.  Upon the Effective Date of this Agreement, B&H and the B&H Former Howrey Partners, in their own name and on behalf of their agents, administrators, successors, and assigns, for consideration as enumerated above, hereby release, acquit, satisfy, and forever discharge Howrey and the Trustee, their successors, predecessors, assigns, representatives, insurers, guarantors, as well as their past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, and agents, of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that B&H and the B&H Former Howrey Partners have ever had, now have, or shall have against Howrey or the Trustee.  Notwithstanding the forgoing releases in paragraphs 7 and 8, all parties reserve their respective rights related to the B&H

Case: 11-31376    Doc# 1421-1    Filed: 08/16/13    Entered: 08/16/13 09:42:02    Page 7 of 23

Former Howrey Partners' proofs of claim against Howrey for unpaid return of capital, and any objections thereto.

9. **Exception to Release to Preserve Claims Against Members of Howrey's Dissolution Committee Other than Gregory J. Commins, Jr.** NOTHING CONTAINED IN THIS AGREEMENT, NOR THE NEGOTIATION, EXECUTION OR DELIVERY HEREOF BY ANY PARTY, SHALL BE DEEMED TO CONSTITUTE A WAIVER OR RELEASE OF ANY CLAIMS, RIGHTS, DEFENSES, POSITIONS, OR ACTIONS THAT HOWREY, THE TRUSTEE, THE CREDITORS COMMITTEE, OR ANY OF ITS ASSIGNS, SHALL HAVE AGAINST MEMBERS OF HOWREY'S DISSOLUTION COMMITTEE OTHER THAN GREGORY J. COMMINS, JR. AND NOTHING IN THE RELEASE OF GREGORY J. COMMINS, JR. CONTAINED HEREIN SHALL BE CONSTRUED AS A RELEASE OF ANY CLAIMS, RIGHTS, DEFENSES, POSITIONS OR ACTIONS AGAINST FORMER MEMBERS OF HOWREY'S DISSOLUTION COMMITTEE OTHER THAN GREGORY J. COMMINS, JR.

10. **Waiver.** Except for the exception to release set forth in Paragraph 9, and with full knowledge of the significance of its consequences, each of the Trustee, Howrey, B&H, and the B&H Former Howrey partners irrevocably and unconditionally waives and relinquishes, to the maximum extent allowed by law, any and all rights they may have under any state or federal statute, rule or common law principle, in law or equity, relating to limitations on releases or general releases, including, without limitation, Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN TO HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

By executing this Agreement, the Parties expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

11. **Parties' Representations of Authority**. The signatory for B&H hereby represents that he or she has full power and authority to settle, limit or otherwise control the matters and claims which are the subject of this Agreement and has authority to execute this Agreement on behalf of B&H. The B&H Former Howrey Partners hereby represent that he or she has full power and authority to settle, limit or otherwise control the matters and claims which are the subject of this Agreement and has authority to execute this Agreement. The Trustee represents and warrants that he has the full power and authority to negotiate a final settlement of the matters and claims covered by this Agreement, subject to Bankruptcy Court approval.

12. **No Personal Liability for Trustee.** The Parties acknowledge that the Trustee is acting solely in his capacity as the Chapter 11 Trustee of Howrey in this matter and has no personal liability whatsoever with respect to this Agreement or the transactions described herein.

Case: 11-31376    Doc# 1421-1    Filed: 08/16/13    Entered: 08/16/13 09:42:02    Page 8 of 23

13. **Jurisdiction.** Each Party hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement which involves Howrey or the Trustee and agree that any such action, suit or proceeding shall be brought on in the Bankruptcy Court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to venue of any such action, suit or proceeding brought in such a court related solely to the Agreement and involving Howrey or the Trustee. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement as it relates to the Bankruptcy Case.

14. **No Admission of Liability.** Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith shall constitute or be construed as or be deemed to be evidence of an admission on the part of any party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

15. **Counterparts.** This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed, electronic and emailed signatures shall be deemed originals.

16. **Effective Date.** This Agreement shall be effective (the "Effective Date") after the later of: (a) the Bankruptcy Court has entered an order approving this Agreement under Bankruptcy Rule 9019 (the "Approval Order") and the time to appeal the Approval Order has expired; or (b) the Approval Order is upheld after any timely appeal of the Approval Order.

**AGREED:**

Dated: August 15, 2013

Howrey LLP, Debtor

By: _____ TRUSTEE
      Allan B. Diamond, Chapter 11 Trustee

Dated: August ___, 2013

Baker & Hostetler LLP LLP

By: _____
      John D. Parker, General Counsel

**Page 8 of 10**

Dated: August ___, 2013          Robert G. Abrams

_____

Dated: August ___, 2013          Gregory L. Baker

_____

Dated: August ___, 2013          Robert J. Brookhiser, Jr.

_____

Dated: August ___, 2013          John F. Bruce

_____

Dated: August ___, 2013          Gregory J. Commins, Jr.

_____

Dated: August ___, 2013          Gilbert S. Keteltas

_____

Dated: August ___, 2013          Joanne Lichtman

_____

Dated: August ___, 2013          Christopher H. Marraro

_____

Case: 11-31376   Doc# 1421-1   Filed: 08/16/13   Entered: 08/16/13 09:42:02   Page 10 of 23

Dated:  August ___, 2013          Elizabeth B. McCallum

                                  _____

Dated:  August ___, 2013          Terry L. Sullivan

                                  _____

Dated:  August ___, 2013          Joanne E. Caruso-Zaccaro

                                  _____

Case: 11-31376    Doc# 1421-1    Filed: 08/16/13    Entered: 08/16/13 09:42:02    Page 11 of 23

13.     **Jurisdiction.**  Each Party hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement which involves Howrey or the Trustee and agree that any such action, suit or proceeding shall be brought on in the Bankruptcy Court.  Each Party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to venue of any such action, suit or proceeding brought in such a court related solely to the Agreement and involving Howrey or the Trustee. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement as it relates to the Bankruptcy Case.

14.     **No Admission of Liability.**  Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith shall constitute or be construed as or be deemed to be evidence of an admission on the part of any party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

15.     **Counterparts.**  This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed, electronic and emailed signatures shall be deemed originals.

16.     **Effective Date.**  This Agreement shall be effective (the "Effective Date") after the later of: (a) the Bankruptcy Court has entered an order approving this Agreement under Bankruptcy Rule 9019 (the "Approval Order") and the time to appeal the Approval Order has expired; or (b) the Approval Order is upheld after any timely appeal of the Approval Order.

**AGREED:**

Dated: August ___, 2013                    Howrey LLP, Debtor


                                           By:_____
                                               Allan B. Diamond, Chapter 11 Trustee


Dated: August 12, 2013                     Baker & Hostetler LLP

                                           By:_____
                                               John D. Parker, General Counsel


**Page 8 of 10**

Dated: August _11_, 2013

Robert G. Abrams

_Rt f Adams_

Dated: August ___, 2013

Gregory L. Baker

_____

Dated: August _11_, 2013

Robert J. Brookhiser, Jr.

_Robert J. Brookhiser, Jr._
_by EBM with express_
_authorization_

Dated: August ___, 2013

John F. Bruce

_____

Dated: August _12_, 2013

Gregory J. Commins, Jr.

_Gregg Commins_

Dated: August ___, 2013

Gilbert S. Keteltas

_____

Dated: August ___, 2013

Joanne Lichtman

_____

Dated: August ___, 2013

Christopher H. Marraro

_____

**Page 9 of 10**

Dated:  August ___, 2013                    Robert G. Abrams

_____

Dated:  August ⁄2, 2013                    Gregory L. Baker

_____

Dated:  August ___, 2013                    Robert J. Brookhiser, Jr.

_____

Dated:  August ___, 2013                    John F. Bruce

_____

Dated:  August ___, 2013                    Gregory J. Commins, Jr.

_____

Dated:  August ___, 2013                    Gilbert S. Keteltas

_____

Dated:  August ___, 2013                    Joanne Lichtman

_____

Dated:  August ___, 2013                    Christopher H. Marraro

_____

**Page 9 of 10**

Dated: August ___, 2013                     Robert G. Abrams

                                            _____

Dated: August ___, 2013                     Gregory L. Baker

                                            _____

Dated: August ___, 2013                     Robert J. Brookhiser, Jr.

                                            _____

Dated: August _10_, 2013                     John F. Bruce

                                            _____John F. Bruce_____

Dated: August ___, 2013                     Gregory J. Commins, Jr.

                                            _____

Dated: August ___, 2013                     Gilbert S. Keteltas

                                            _____

Dated: August ___, 2013                     Joanne Lichtman

                                            _____

Dated: August ___, 2013                     Christopher H. Marraro

                                            _____

Case: 11-31376    Doc# 1421-1    Filed: 08/16/13    Entered: 08/16/13 09:42:02    Page 15 of 23

Dated: August ___, 2013          Robert G. Abrams

                                  _____

Dated: August ___, 2013          Gregory L. Baker

                                  _____

Dated: August ___, 2013          Robert J. Brookhiser, Jr.

                                  _____

Dated: August ___, 2013          John F. Bruce

                                  _____

Dated: August ___, 2013          Gregory J. Commins, Jr.

                                  _____

Dated: August _12_, 2013         Gilbert S. Keteltas

                                  _____

Dated: August ___, 2013          Joanne Lichtman

                                  _____

Dated: August ___, 2013          Christopher H. Marraro

                                  _____

Case: 11-31376    Doc# 1421-1    Filed: 08/16/13    Entered: 08/16/13 09:42:02    Page 16 of 23

Dated: August ___, 2013          Robert G. Abrams

_____

Dated: August ___, 2013          Gregory L. Baker

_____

Dated: August ___, 2013          Robert J. Brookhiser, Jr.

_____

Dated: August ___, 2013          John F. Bruce

_____

Dated: August ___, 2013          Gregory J. Commins, Jr.

_____

Dated: August ___, 2013          Gilbert S. Keteltas

_____

Dated: August _11_, 2013          Joanne Lichtman

_____

Dated: August ___, 2013          Christopher H. Marraro

_____

Case: 11-31376   Doc# 1421-1   Filed: 08/16/13   Entered: 08/16/13 09:42:02   Page 17 of 23

Dated: August ___, 2013

Robert G. Abrams

_____

Dated: August ___, 2013

Gregory L. Baker

_____

Dated: August ___, 2013

Robert J. Brookhiser, Jr.

_____

Dated: August ___, 2013

John F. Bruce

_____

Dated: August ___, 2013

Gregory J. Commins, Jr.

_____

Dated: August ___, 2013

Gilbert S. Keteltas

_____

Dated: August ___, 2013

Joanne Lichtman

_____

Dated: August _12_, 2013

Christopher H. Marraro

_____

**Page 9 of 10**

Dated: August _11_, 2013                Elizabeth B. McCallum

_Elizabeth B. McCallum_

---

Dated: August ___, 2013              Terry L. Sullivan

_____

Dated: August ___, 2013              Joanne E. Caruso-Zaccaro

_____

Dated: August ___, 2013

Elizabeth B. McCallum

_____

Dated: August _10_, 2013

Terry L. Sullivan

_____

Dated: August ___, 2013

Joanne E. Caruso-Zaccaro

_____

Generated by CamScanner

Dated: August ____, 2013                    Elizabeth B. McCallum

_____

Dated: August ____, 2013                    Terry L. Sullivan

_____

Dated: August 11, 2013                    Joanne E. Caruso-Zaccaro

Case: 11-31376   Doc# 1421-1   Filed: 08/16/13   Entered: 08/16/13 09:42:02   Page 21 of 23

Writer's Direct Dial Number                                                    E-Mail Address
(214) 389-5303                                                                    ARyan@diamondmccarthy.com

August 16, 2013

VIA EMAIL

John P. Howard
Citibank, N.A.
Citi Private Bank
153 East 53rd Street, 21st Floor
john.p.howard@citi.com

WITH COPY TO

Kelley Cornish, Esq.
Paul Weiss Rifkind Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
kcornish@paulweiss.com

Re:     Payment Instruction Pursuant to Account Agreement

Dear Mr. Howard:

As you know, effective July 27, 2012, Baker & Hostetler LLP ("Baker"), Allan Diamond, solely in his capacity as the chapter 11 Trustee for (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey"), and Citibank, N.A. ("Citibank") entered into a written agreement (the "Account Agreement") concerning Account No. 25D084037768 (the "Account").  Shortly after the Account was opened pursuant to the Account Agreement, a wire transfer deposit was made and the Account's balance has earned interest (collectively, the "Subject Funds").

Pursuant to Paragraphs 2 and 4 of the Account Agreement, and in conjunction with Paragraph 2 of a separate Settlement Agreement entered into between Baker and the Trustee, Baker and the Trustee hereby provide Citibank with the following Payment Instruction:

**A)     Citibank shall transfer $1,408,311 of the Subject Funds to Howrey and into the following account:**

Allan B. Diamond, Chapter 11 Trustee of Howrey LLP
Account No. 9250393741
Citibank, N.A.



ABA No. 254070116

**B)     Citibank shall transfer the remaining balance of the Subject Funds to Baker and into the following account:**

        Baker & Hostetler LLP
        Account No. 1001516552
        Keybank (Brooklyn, Ohio)
        ABA No. 041-001-039

This Payment Instruction is confirmed by the signatures below of the Trustee on behalf of Howrey and John D. Parker on behalf of Baker.  Thus, pursuant to Paragraph 2 of the Account Agreement, Citibank shall disburse the Subject Funds as directed above within five (5) business days after the receipt of this Payment Instruction.

If Citibank has any questions, please contact Andy Ryan on behalf of the Trustee at (214) 389-5303 or John D. Parker on behalf of Baker at (216) 861-7610.  Baker and the Trustee appreciate Citibank's cooperation.

Yours sincerely,

Andy Ryan

**AGREED:**                                                                        **AGREED:**

_____                          _____

Baker & Hostetler LLP                                             Howrey LLP

By: John D. Parker                                                    By: Allan B. Diamond

Its: General Counsel                                                 Its: Trustee