**DIAMOND MCCARTHY LLP**
Andrew B. Ryan, Esq. *(pro hac vice)*
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: 713-333-5100
Facsimile: 713-333-5199
sloden@diamondmccarthy.com
aryan@diamondmccarthy.com

*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669
e.nyberg@kornfieldlaw.com
c.kuhner@kornfieldlaw.com

*Local Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | ) Case No. 11-31376 DM |
| | ) Chapter 11 |
| | ) Hon. Dennis Montali |
| HOWREY LLP, | ) |
| | ) |
| Debtor. | ) CHAPTER 11 TRUSTEE'S MOTION |
| | ) FOR ENTRY OF ORDER APPROVING |
| | ) SETTLEMENT AGREEMENT WITH |
| | ) MORGAN, LEWIS & BOCKIUS LLP |
| | ) |
| | ) |

461351 v.3

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE:

Allan B. Diamond, the chapter 11 trustee ("Trustee") for Howrey LLP ("Howrey" or "Debtor"), hereby submits this motion ("Motion") pursuant to Federal Rule of Bankruptcy Procedure 9019(a) for entry of an order approving an unfinished business settlement between the Debtor and Morgan, Lewis & Bockius LLP ("Morgan Lewis"). This settlement (if approved) will resolve any and all claims between the Trustee and Morgan Lewis without the need for litigation, provides a payment of more than $1 million to the estate, and is well within the Trustee's business judgment. In support of this Motion, the Trustee represents as follows:

## JURISDICTION

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and (b). This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2).

## BACKGROUND

***Howrey Bankruptcy and Claims Investigation.***

2. On April 11, 2011, certain creditors of Howrey filed a chapter 7 involuntary petition against the Debtor. On June 6, 2011, the Court entered an order converting the above captioned case to a case under chapter 11 of the Bankruptcy Code.

3. On September 22, 2011, the Court entered an order granting a motion to appoint a chapter 11 trustee. On October 7, 2011, the U.S. Trustee for the Northern District of California appointed the Trustee as chapter 11 trustee for the estate of Howrey. On October 12, 2011, the Court entered an order approving the appointment of the Trustee.

4. Since his appointment, the Trustee and his counsel have analyzed potential claims to recover valuable assets of Howrey's estate. *See* Diamond Decl. ¶ 3. The Trustee has identified claims against certain former Howrey partners and their successor law firms relating to

Case: 11-31376   Doc# 1444   Filed: 09/04/13   Entered: 09/04/13 13:37:44   Page 2 of 31

"unfinished business" of Howrey and also known as *Jewel v. Boxer* claims. *Id.* In Adversary Complaints filed in this Court, the Trustee has alleged that Howrey's former partners attempted to shield themselves and their successor law firms from unfinished business claims by executing a so-called Jewel Waiver on the eve of Howrey's dissolution. In alleging that the Jewel Waiver provided no benefit to Howrey (or its creditors), the Trustee is seeking to avoid the Jewel Waiver as a fraudulent transfer under applicable bankruptcy and state laws and to require the successor law firms to return the profits received from Howrey's unfinished business.

5.     On July 18, 2012, this Court entered an Order authorizing the Trustee to issue a Rule 2004 subpoena to certain successor law firms (including Morgan Lewis) that included a document request seeking, among other things, discovery related to the transfer of Howrey clients and client matters to the successor law firms and the compensation paid to the former Howrey partners. *See* Case No. 11-31376, Docket No. 754. In seeking the Rule 2004 subpoenas, the Trustee explained to this Court that "[b]y obtaining the information [regarding the former Howrey matters], the Trustee hopes to be able to initiate discussions with the Firms for the purpose of reaching resolution with respect to any potential claims regarding the Firms' receipt of fees from Howrey's former clients, and/or to initiate any appropriate legal proceedings. *See id.* Docket No. 753.

6.     Before filing adversary complaints to avoid the Jewel Waiver and recover the unfinished business profits, the Trustee and certain successor law firms have engaged in negotiations to achieve a pre-suit resolution that would avoid the time and expense of litigation.

***Negotiations With Morgan Lewis and the Proposed Settlement***

7.     On August 2, 2012, the Trustee served Morgan Lewis with a Rule 2004 subpoena for information regarding unfinished business claims (the "Unfinished Business Subpoena"),

3

relating to legal matters that originated at Howery and were transferred to Morgan Lewis in connection with the departure of the Former Howrey Partners (defined below) from Howrey to Morgan Lewis (the "Unfinished Business Claims")..

8.     On October 22, 2012, Morgan Lewis responded to the Unfinished Business Subpoena by providing certain information and calculations on approximately 96 different hourly client matters transferred from Howrey to Morgan Lewis ("Hourly Matters") by former Howrey partner David Clough, Scott Garner, Robert Gooding, Kenneth Kliebard, Scott Schutte, Jason White, or Romeo Quinto (collectively, the "MLB Former Howrey Partners," and each, a "MLB Former Howrey Partner").

9.     In addition to the chart of Hourly Matters (the "MLB Data"), Morgan Lewis provided information regarding one contingency fee matter that originated at Howrey, transferred to Morgan Lewis, and which continued to be litigated by Morgan Lewis through June 2013.  *See* Diamond Decl. ¶¶ 3-5.

10.     After the Trustee's counsel and financial advisors analyzed the MLB Data (including, without limitation, amounts paid to the former Howrey partners now employed by Morgan Lewis), the Trustee made a formal demand upon Morgan Lewis in a letter dated March 13, 2013.

11.     Between March 13, 2013, and August 15, 2013, the Trustee and Morgan Lewis engaged in arms-length negotiations regarding the settlement of Unfinished Business Claims that Howrey may have against Morgan Lewis.  The negotiations with Morgan Lewis also resulted in a settlement conference in New York, NY on August 15, 2013 between the Trustee, his counsel, and Morgan Lewis.  *See* Diamond Decl. ¶¶ 6-11.

4

12.     From October 22, 2013, and continuing through August 15, 2013, the Trustee has discussed, analyzed, and reviewed confidential memoranda prepared by his counsel to fully consider the factual circumstances and legal issues relating to the unfinished business transferred from Howrey to Morgan Lewis.  During this time, Morgan Lewis has raised several legal and factual defenses to the Trustee's claims, focusing primarily on the departure date of almost all of the MLB Former Howrey Partners that had left the firm in either January 2011 or February 2011, before Howrey's dissolution.  In addition, Morgan Lewis raised a factual argument that some of the matters listed in the MLB Data may have originated at Morgan Lewis as opposed to Howrey.

13.     Regarding the "new matter" defense raised by Morgan Lewis, the Trustee and his counsel conducted a thorough review of Howrey records to locate relevant information (*i.e.* client engagement agreements, client matter numbers, billing invoices, internal correspondence, etc.) that allowed us to confirm that a large majority of the matters listed in the MLB Data did indeed originate at Howrey.  Based upon this review, the Trustee could agree with Morgan Lewis that a small number of matters included in the MLB Data were opened after May 1, 2011 and did not originate at Howrey.

14.     On August 15, 2013, the Parties reached the compromise that is the subject of this Motion.  For the reasons discussed below, the Trustee submits that the proposed settlement is well within the range of reasonableness and in the best interests of the estate.  By this Motion, the Trustee, therefore, requests that the Court approve the Settlement Agreement and grant the other requested relief so the estate and its creditors may obtain the benefits of this compromise.

## TERMS OF PROPOSED MLB SETTLEMENT AGREEMENT

15.     Following extensive arm's-length negotiations, the Trustee and Morgan Liews have reached a proposed resolution of the Trustee's Unfinished Business Claims against Morgan

5

Lewis. The proposed Settlement Agreement with Morgan Lewis (the "MLB Settlement Agreement"), for which approval is sought by this Motion, is attached hereto as **Exhibit "A."** The material terms of the MLB Settlement Agreement are as follows:

    a. **Payment**: Within fifteen business days of the Effective Date, Morgan Lewis shall pay $1,150,000 to the Trustee (the "Payment") via check or wire transfer. *See* MLB Settlement Agreement ¶¶ 1-2, 16.

    b. **Release by Trustee**: Upon the Effective Date of the MLB Settlement Agreement and receipt by Trustee of the Payment, the Trustee will agree to (i) release any and all claims against Morgan Lewis; and (ii) release any "unfinished business" claims against the MLB Former Howrey Partners. *See* MLB Settlement Agreement ¶¶ 1, 4-5.

    c. **Release by Morgan Lewis**: Upon the Effective Date of the MLB Settlement Agreement, Morgan Lewis will agree to release claims against Howrey and/or the Trustee (and their related parties) that Morgan Lewis has ever had, now has, or shall have against Howrey and/or the Trustee. *See* MLB Settlement Agreement ¶ 6.

### BASIS FOR RELIEF AND APPLICABLE AUTHORITY

16. By this Motion, the Trustee respectfully seeks the entry of an order pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a) approving the MLB Settlement Agreement, substantially in the form attached as **Exhibit A**. As discussed in further detail below, the MLB Settlement Agreement provides a fair and equitable resolution of the Parties' disputes and is in the best interests of the Howrey estate.

17. Bankruptcy Rule 9019(a) provides, in part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). The Rule empowers bankruptcy courts to approve compromises and settlements that are "fair and equitable" and "in the best interest of the estate." *Martin v. Kane* (*In re A & C Properties*), 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854 (1986). "The bankruptcy court has 'great latitude' in approving compromise

6

agreements." *Woodson v. Fireman's Insurance, Co.* (*In re Woodson*), 839 F.2d 610, 620 (9th Cir. 1988).

18.     To evaluate a compromise, a bankruptcy court considers "(a) [t]he probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *In re A & C Properties*, 784 F.3d at 1381.

19.     In addition to the four prong test set forth in *A &C Properties*, it is also well established that "the law favors compromise and not litigation for its own sake." *See Port O'Call Investment Co. v. Blair (In re Blair)*, 538 F.2d 849, 851 (9th Cir. 1976).

20.     Although the Trustee, as the proponent of the settlement, bears the burden of persuasion (*see id.*), "a court generally gives deference to a trustee's business judgment in deciding whether to settle a matter," *In re Mickey Thompson, Entertainment Group, Inc.*, 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003).

*21*.     As discussed below and in his Declaration, the Trustee has determined in the exercise of his reasonable business judgment that the proposed MLB Settlement Agreement is fair and reasonable within the standards discussed above, and that it is in the best interests of the Howrey estate. *See* Diamond Decl. ¶ 13.

22.     Here, there is no question that the MLB Settlement Agreement and Payment are in the best interests of the estate. <u>First</u>, the Payment from Morgan Lewis to the estate compares favorably to the range of settlements previously obtained in prior law firm bankruptcies, including some before this Court. <u>Second</u>, the Payment of $1,150,000 from Morgan Lewis is one of the largest unfinished business settlements received by the estate as of August 2013.

7

Third, the MLB Settlement Agreement was achieved without the cost, delay, and uncertainty of litigation that would likely include, among other things, a motion to dismiss, a motion for summary judgment, a trial in this Court, and potential appeals.

23. There is a certain litigation risk involved in pursuit of Unfinished Business Claims against Morgan Lewis that is heightened somewhat by factors and defenses unique to that firm. Importantly, Morgan Lewis raised a potentially dispositive legal issue about whether the firm had unfinished business liability because the MLB Former Howrey Partners left the firm before the dissolution date. Because the issue of pre-dissolution departing partners will be litigated in this Court over the next few months, the Trustee was willing to give a slight discount to Morgan Lewis given the time, expense, and uncertainty associated with this potentially dispositive legal issue. Yet the proposed MLB Settlement Agreement provides for a substantial amount of cash ($1,150,000) for the Howrey estate.

24. To date, the Trustee has incurred relatively low litigation costs in evaluating and pursuing these claims, however, that figure will undoubtedly increase dramatically as other successor law firms prepare to file motions to dismiss in September 2013. Had the Trustee filed a complaint against Morgan Lewis to recover the unfinished business profits, the Trustee would initially need to prevail against a motion to dismiss filed by Morgan Lewis. The Trustee has good reason to believe that any dismissal motion filed by Morgan Lewis would be denied. The proposed MLB Settlement Agreement, however, eliminates the time and expense of litigating the claims and defenses in a motion to dismiss, as well as the risk of a negative result after trial.

25. Given the time, expense, and uncertainty associated with litigation to recover from Morgan Lewis, the Trustee believes that the Payment is within the range of reasonableness and will provide a substantial monetary benefit to the estate. *See* Diamond Decl. ¶¶ 13-18. In

8

addition, as part of the settlement negotiations with Morgan Lewis, the Creditor's Committee has also agreed with the Trustee's decision to accept the settlement at a slight discount—but only in the narrow two-month window before argument on motions to dismiss—in order to generate a substantial cash payment for the Estate.

26.     In summary, because the proposed settlements satisfy all of the *A & C Properties* factors, the Trustee has concluded in his business judgment that the MLB Settlement Agreement is fair, equitable, and in the best interest of the estate, and should be approved by the Court. *See* Diamond Decl. ¶ 18.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court grant the Motion and enter and order approving the Debtor's compromise with Morgan Lewis as described above.

Dated:  September 4, 2013

_/s/ Andrew B. Ryan_
Andrew B. Ryan, Esq. *(pro hac vice)*
DIAMOND McCARTHY LLP
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: 713-333-5100
Facsimile: 713-333-5199
sloden@diamondmccarthy.com
aryan@diamondmccarthy.com

Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone:  510-763-1000
Facsimile:  510-273-8669

*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

## NOTICE OF SERVICE

__X__ (CM/ECF) The document was electronically served on the parties to this action via the mandatory United States Bankruptcy Court of California CM/ECF system upon filing of above described document:

### SEE ATTACHED SERVICE LIST

__X__ (ELECTRONIC MAIL SERVICE) By electronic mail (e-mail) the above listed document(s) without error to the email address(es) set forth below on this date:

### SEE ATTACHED SERVICE LIST

__X__ (UNITED STATES MAIL) By depositing a copy of the above-referenced documents for mailing in the United States Mail, first class postage prepaid, at Houston, Texas, to the parties listed, at their last known mailing addresses, on this date:

### SEE ATTACHED SERVICE LIST

_____ (OVERNIGHT COURIER) By depositing a true and correct copy of the above referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

_____ (COURIER SERVICE) By providing true and correct copies of the above referenced documents [with copies of the supporting detailed invoices/attorney time records for the Final Fee Application] via courier delivery, to the following on or about _____:

_____ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those people listed on the attached service list, on the date above written.

*/s/ Andrew B. Ryan* _____

Andrew B. Ryan

10

*VIA CM/ECF:*

**United States Trustee**
Minnie Loo, Esq.
Donna S. Tamanaha, Esq.
Office of the U.S. Trustee
235 Pine Street. 7th Floor
San Francisco, CA 94104-3484
*Email:* *Minnie.Loo@usdoj.gov*
*Email:* *Donna.S.Tamanaha@usdoj.gov*

**Chapter 11 Trustee**
Allan B. Diamond
**Diamond McCarthy, LLP**
Two Houston Center
909 Fannin Street, Suite 1500
Houston, Texas 77010
*Email: adiamond@diamondmccarthy.com*

**Counsel for the Chapter 11 Trustee**
**Diamond McCarthy, LLP**
Howard D. Ressler, Esq.
*Email: hressler@diamondmccarthy.com*
Stephen T. Loden, Esq.
*Email: sloden@diamondmccarthy.com*
Jason M. Rudd, Esq.
*Email: jrudd@diamondmccarthy.com*

**Kornfield Nyberg Bender & Kuhner P.C.**
Eric Nyberg
*Email: e.nyberg@kornfieldlaw.com*
Chris D. Kuhner
*Email: c.kuhner@kornfieldlaw.com*

**Debtor's Counsel**
**Wiley Rein LLP**
H. Jason Gold
Valerie P. Morison
Dylan G. Trache
*Email: jgold@wileyrein.com*
*Email: vmorrison@wileyrein.com*
*Email: dtrache@wileyrein.com*

**Murray & Murray**
Robert A. Franklin
Craig M. Prim
Jenny Lynn Fountain
*Email: rfranklin@murraylaw.com*
*Email: cprim@murraylaw.com*
*Email: jfountain@murraylaw.com*

**Duane Morris LLP**
Geoffrey A. Heaton, Esq.
*Email: gheaton@duanemorris.com*
Aron M. Oiner, Esq.
*Email: roliner@duanemorris.com*

11

| | |
|---|---|
| **Law Offices of Latham & Watkins** | Kimberly A. Posin, Esq.<br>*Email:* *kim.posin@lw.com* |
| **Murray & Murray** | Craig M. Prim, Esq.<br>*Email:* *cprim@murraylaw.com*<br>Robert A. Franklin, Esq.<br>*Email:* *rfranklin@murraylaw.com*<br>Jenny L. Fountain, Esq.<br>*Email:* *jlfountain@murraylaw.com* |
| **Official Committee of Unsecured Creditors** | **Whiteford, Taylor & Preston LLP**<br>Bradford F. Englander, Esq.<br>*Email:* *benglander@wtplaw.com*<br>John F. Carlton, Esq.<br>*Email:* *jcarlton@wtplaw.com*<br>Justin P. Fasano, Esq.<br>*Email:* *jfasano@wtplaw.com* |
| **Counsel for The Irvine Company, LLC** | **Allen Matkins, et al.**<br>*Email:* *mgreger@allenmatkins.com* |
| **Counsel for Creditor Citibank, N.A.** | **Paul, Weiss, Rifkind, Wharton & Garrison**<br>Kelley A. Cornish, Esq.<br>*Email:* *kcornish@paulweiss.com* |
| | **McNutt Law Group, LLP**<br>Scott H. McNutt, Esq.<br>*Email:* *smcnutt@ml-sf.com* |
| **Counsel for Creditor Protiviti, Inc.** | **Pachulski, Stang, Ziehl & Jones**<br>John D. Fiero, Esq.<br>*Email:* *jfiero@pszjlaw.com* |
| **Counsel for Creditor Oracle America, Inc.** | **Buchalter Nemer**<br>Shawn M. Christianson, Esq.<br>*Email:* *schristianson@buchalter.com* |
| **Counsel for Creditor U.S. Bank, N.A.,**<br>**as Trustee** | **Perkins Coie LLP**<br>David J. Gold, Esq.<br>*Email:* *dgold@perkinscoie.com*<br>Gabriel Liao, Esq.<br>*Email:* *gliao@perkinscoie.com* |
| **Counsel for Attorneys' Liability Assurance**<br>**Society, Inc.,** *A Risk Retention Group* | **Perkins Coie LLP**<br>Alan D. Smith, Esq.<br>*Email:* *adsmith@perkinscoie.com* |
| **Counsel for Creditors Advanced Discovery**<br>**LLc, Give Something Back, Inc., Jan Brown**<br>**& Associates, Kent Daniels & Associates, Inc.,** | **Trepel McGrane Greenfield LLP**<br>Maureen A. Harrington, Esq.<br>*Email:* *mharrington@tmcglaw.com* |

Case: 11-31376   Doc# 1444   Filed: 09/04/13   Entered: 09/04/13 13:37:44   Page 12 of 31

| | |
|---|---|
| **L.A. Best Photocopies, Inc., Western Messenger Service, Inc.** | Christopher D. Sullivan, Esq. *Email: csullivan@tgsdlaw.com* |
| **Counsel for BP/CGCENTER I, LLC** | **Allen, Matkins, Leck, Gamble and Mallory** William W. Huckins *Email: whuckins@allenmatkins.com* |
| **Counsel for Creditor Warner Investment, L.P.** | **McKenna Long and Aldridge LLP** Gregg S. Kleiner, Esq. *Email: gkleiner@mckennalong.com* |
| **Counsel for Creditor Dewey & LeBoeuf LLP** | **Dewey and LeBoeuf** Paul S. Jasper, Esq. *Email: pjasper@dl.com* |
| **Counsel for Creditor Iron Mountain Information Management Inc.** | **Bartlett, Hackett and Feinberg** Frank F. McGinn, Esq. *Email: ffm@bostonbusinesslaw.com* |
| **Counsel for Creditor Hines REIT 321 North Clark Street, LLC** | **DLA Piper LLP** Frank T. Pepler, Esq. *Email: frank.pepler@dlapiper.com* |
| **Counsel for Creditor Stephanie Langley** | **Outten and Golden LLP** Rene S. Roupinian, Esq. *Email: rst@outtengolden.com* |
| **Counsel for Creditor Stephanie Langley** | **Law Offices of James D. Wood** James D. Wood, Esq. *Email: jdw@jdwoodlaw.com* |
| **Counsel for Creditor Pension Benefit Guaranty Corp.** | **Office of the Chief Counsel** John Holland Ginsberg, Esq. *Email: ginsberg.john@pbgc.gov* |
| **Counsel for Interested Party Connecticut General Life Insurance Company** | **Schnader Harrison Segal and Lewis** Melissa Lor, Esq. *Email: MLor@Schnader.com* |
| **Counsel for Howrey Claims LLC** | **McGrane LLP** William McGrane, Esq. *Email: william.mcgrane@mcgranellp.com* |
| | **Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP** Christian D. Jinkerson, Esq. ijinkerson@kleinlaw.com |
| **Counsel for Interested Party Connecticut General Life Insurance Co.** | Melissa Lor *Email: mlor@schnader.com* |

| | | |
|---|---|---|
| 1 | **Counsel for Creditor Knickerbocker Properties, Inc. XXXIII** | **Seyfarth Shaw LLP**<br>Scott Olson, Esq.<br>***Email:*** *solson@seyfarth.com* |
| 3 | **Counsel for Creditor Banc of America Leasing & Capital, LLC** | **Law Offices of Serlin and Whiteford**<br>Mark A. Serlin, Esq.<br>***Email:*** *mserlin@globelaw.com* |
| 5 | **Counsel for Creditor Texas Comptroller of Public Accounts** | **Bankruptcy & Collections Division**<br>Kimberly Walsh, Esq.<br>***Email:*** *bk-kwalsh@oag.state.tx.us* |
| 7 | **Counsel for Creditor 200 S. Main Street Investors, LLC** | **Ballard Spahr Andrews and Ingersoll**<br>Rebecca J. Winthrop, Esq.<br>***Email:*** *WinthropR@ballardspahr.com*<br>Penny M. Costa, Esq.<br>***Email:*** *costap@ballardspahr.com* |
| 9 | **Counsel for Creditor Citibank, N.A.** | **Peitzman Weg LLP**<br>Larry Peitzman, Esq.<br>***Email:*** *lpeitzman@peitzmanweg.com* |
| 11 | **Counsel for Amy J. Fink** | **Jones Day**<br>Robert A. Trodella<br>***Email:*** *rtrodella@jonesday.com* |
| 13 | **Counsel for Harris County** | **Linebarger Goggan Blair & Sampson LLP**<br>John P. Dillman<br>***Email:*** *houston_bankruptcy@lgbs.com* |
| 15 | **Counsel for Informal Group of Certain Former Howrey Attorneys** | **Dumas & Clark LLP**<br>Cecily A. Dumas<br>***Email:*** *Cecily.dumas@dumasclark.com*<br>Robert E. Clark<br>***Email:*** *Robert.clark@dumasclark.com* |
| 17 | **Counsel for SAP America, Inc.** | **Cooper White & Cooper LLP**<br>Peter C. Califano<br>***Email:*** *pcalifano@cwclaw.com* |
| 19 | **Counsel for SAP America, Inc.** | **Brown & Connery LLP**<br>Donald K. Ludman, Esq.<br>***Email:*** *dludman@brownconnery.com* |
| 21 | **Counsel for McKenna Long and Aldridge** | Michael A. Isaacs, Esq.<br>***Email:*** *misaacs@mckennalong.com*<br>*aworthing@mckennalong.com* |

14

| | |
|---|---|
| **Counsel for Jeffrey M. Judd** | **Judd Law Group** |
| | Jeffrey M. Judd, Esq. |
| | ***Email***: *jeff@juddlawgroup.com* |
| | *melanie@juddlawgroup.com* |
| **Counsel for McGrane LLP** | William Joseph Walraven, Esq. |
| | ***Email***: *anna.song@mcgranellp.com* |
| **Counsel for Cooper US, Inc.** | **Cooper Industries, Inc.** |
| | Paula Beck Whitten, Esq. |
| | ***Email***: *paula.whitten@cooperindustries.com* |
| **Counsel for Neal Gerber & Eisenberg LLP** | **Hanson Bridgett LLP** |
| | Nancy J. Newman |
| | *Email*: *nnewman@hansonbridgett.com* |

___***VIA EMAIL*:**___

| | |
|---|---|
| **Counsel for Creditor Citibank, N.A.** | **Paul, Weiss, Rifkind, Wharton & Garrison** |
| | Kelley A. Cornish, Esq. |
| | ***Email:*** *kcornish@paulweiss.com* |
| | Diane Meyers, Esq. |
| | ***Email:****dmeyers@paulweiss.com* |
| | Jacob J. Adlerstein, Esq. |
| | ***Email***: *jadlerstein@paulweiss.com* |
| | *ayoung@paulweiss*.com |
| | |
| | **Ballard Spahr LLP** |
| | Matthew Moncur, Esq. |
| | ***Email***: *moncurm@ballardspahr.com* |
| | |
| | **EMC Corporation** |
| | c/o Receivable Management Services |
| | Steven Sass, Esq. |
| | ***Email***: steven.sass@rmsna.com |
| | Ronald Rowland, Esq. |
| | ***Email***: Ronald.rowland@rmsna.com |
| | |
| | **Olin Corporation** |
| | S. Christian Mullgardt |
| | ***Email***: *scmullgardt@olin.com* |

15

1    *VIA U.S. MAIL:*

2    Richard Burdge, Esq.
The Burdge Law Firm PC
3    500 S Grand Ave Ste 1500
Los Angeles, CA 90071

4    Jeffrey C. Wisler, Esq.
Connolly Bove Lodge & Hutz LLP
5    1007 North Orange Street
Wilmington, DE 19899
6    *Attorneys for Interested Party Connecticut General Life Insurance Company*

7    IKON Office Solutions
Recovery & Bankruptcy Group
8    3920 Arkwright Road, Suite 400
Macon, GA 31210

9    EMC Corporation
c/o RMS Bankruptcy Recovery Services
10    Attn: President or General/Managing Agent
P.O. Box 5126
11    Timonium, MD 21094-5126

12    Salter & Company LLC
4600 East-West Highway, Suite 300
13    Bethesda, MD 20814

14    County of Loudoun Virginia
Belkys Escobar
15    1 Harrison St., S.E. 5th Fl.
Leesburg, VA 20175-3102

16    Matura Farrington Staffing Services, Inc.
700 So. Flower Street, Suite 2505
17    Los Angeles, CA 90017

18    Guy Davis
Protiviti Inc.
19    1051 East Cary Street, Suite 602
Richmond, VA 23219

20    George E. Shoup, III
Development Specialists, inc.
21    6375 Riverside Drive, Suite 200
Dublin, OH 43017-5373

22

23

24

25    16

26

Kyle Everett
Development Specialists, Inc.
235 Pine Street, Suite 1150
San Francisco, CA 94104

James W. Martin
DHR International
5425 Wisconsin Ave., 4th Floor
Chevy Chase, MD 20815

17

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Allan B. Diamond, in his capacity as the Chapter 11 Trustee (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey") and Morgan, Lewis & Bockius LLP ("Morgan Lewis," together with the Trustee, the "Parties"), as of the date signed below.

## RECITALS

A.     On April 11, 2011, certain creditors of Howrey filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code initiating Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court");

B.     On June 6, 2011, the Bankruptcy Court entered an Order for Relief and Converting the Bankruptcy Case to one under Chapter 11;

C.     On October 12, 2011, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Bankruptcy Court approved the Trustee as the Chapter 11 Trustee in the Bankruptcy Case;

D.     On August 2, 2012, the Trustee served Morgan Lewis with a Rule 2004 subpoena (the "Unfinished Business Subpoena") for information regarding claims arising from legal matters that allegedly originated at Howrey and were later transferred to Morgan Lewis in connection with the departure of the MLB Former Howrey Partners (as defined below) from Howrey to Morgan Lewis in early 2011 (the "Unfinished Business Claims").

E.     On October 22, 2012, Morgan Lewis responded to the Unfinished Business Subpoena by providing certain information and calculations relating to approximately 96 different hourly client matters transferred from Howrey to Morgan Lewis ("Hourly Matters") by former Howrey partner David Clough, Scott Garner, Robert Gooding, Kenneth Kliebard, Scott Schutte, Jason White, or Romeo Quinto (collectively, the "MLB Former Howrey Partners," and each, an "MLB Former Howrey Partner," and, collectively with any other former Howrey partner who may join Morgan Lewis after the execution of this Agreement, the "Former Howrey Partners," and each, a "Former Howrey Partner").

F.     In addition to the Hourly Matters, Morgan Lewis provided information regarding one contingency fee matter that originated at Howrey, transferred to Morgan Lewis in early 2011, and which continued to be litigated by Morgan Lewis through June 2013.

G.     Since October 22, 2012, and continuing through August 15, 2013, the Trustee has discussed, analyzed, and reviewed confidential memoranda prepared by his counsel to fully consider the factual circumstances and legal issues relating to unfinished business allegedly transferred from Howrey to Morgan Lewis.  Because Morgan Lewis indicated that its production may include "new matters" originated at their firm, the Trustee and his counsel conducted an extensive search of Howrey records and litigation dockets to determine whether the Hourly Matters originated at Howrey.

H.     Between March 13, 2013 and August 15, 2013, the Trustee and Morgan Lewis engaged in arms-length negotiations regarding the settlement of the Unfinished Business Claims that Howrey may have against Morgan Lewis and the MLB Former Howrey Partners.

I.     In compromise of disputed matters and to avoid the expense of litigation, without admitting the validity of any claims asserted by the Trustee, Morgan Lewis has accepted the Trustee's settlement offer to resolve all claims against Morgan Lewis and Unfinished Business Claims against the MLB Former Howrey Partners. Accordingly, the Trustee and Morgan Lewis hereby enter into this Agreement.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby acknowledge and agree as follows:

1.     The Parties have agreed that Morgan Lewis shall pay the Trustee the sum of $1,150,000 in a one-time payment to resolve any and all claims the Trustee and/or Howrey may have against Morgan Lewis, and to resolve the Unfinished Business Claims that the Trustee and/or Howrey has or may have against the MLB Former Howrey Partners (the "Payment").

2.     Morgan Lewis has agreed to provide the Payment according to this Agreement in exchange for the releases provided in this Agreement. Accordingly, within fifteen (15) business days after the Effective Date of this Agreement, as defined in Paragraph 16 below, Morgan Lewis shall transfer the Payment to the Trustee either by bank check or wire transfer, in the manner described below:

    a.  By bank check:

        Payable to: "Allan B. Diamond, Chapter 11 Trustee of Howrey LLP"
        Diamond McCarthy LLP
        Attention – Jason M. Rudd
        Two Houston Center
        909 Fannin Street, Suite 1500
        Houston, Texas 77010; or

    b.  By wire transfer:

        Allan B. Diamond, Chapter 11 Trustee of Howrey LLP
        Account No. 9250393741
        Citibank, N.A.
        ABA No. 254070116

3.     Upon execution of this Agreement, the Trustee will seek the approval of the Bankruptcy Court of this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Morgan Lewis agrees to reasonably cooperate,

Case: 11-31376    Doc# 1444    Filed: 09/04/13    Entered: 09/04/13 13:37:44    Page 20 of 31

if required, in the request for approval of this Agreement from the Bankruptcy Court. This Agreement is expressly contingent upon the approval of the Bankruptcy Court.

4.   Upon the Effective Date of this Agreement and receipt of the Payment, the Trustee on behalf of Howrey, for consideration as enumerated above, and subject to the terms of Paragraphs 5 and 7 of this Agreement, hereby releases, acquits, satisfies, and forever discharges Morgan Lewis, and its respective successors, predecessors, assigns, representatives, insurers, guarantors, as well as its past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, and agents, of and on account of all manner of action and actions, cause and causes of action, suits, debtors, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, shall have against Morgan Lewis; provided, however, the scope of this release does not include any claims or rights the Trustee might seek to assert in the future against Morgan Lewis as a result of any Former Howrey Partner not listed in Recital E who may in the future become employed at or become a partner of Morgan Lewis after the Effective Date of this Agreement.

5.   Upon the Effective Date of this Agreement and receipt of the Payment, the Trustee on behalf of Howrey, for the consideration enumerated above, and subject to the terms of paragraph 7 of this Agreement, hereby releases, acquits, satisfies, and forever discharges the MLB Former Howrey Partners and their current and/or former spouses of and on account of all manner of action and actions, cause and causes of action, suits, debtors, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, or shall have against the MLB Former Howrey Partners relating to the Unfinished Business Claims.

6.   Upon the Effective Date of this Agreement and after transfer of the Payment to the Trustee, Morgan Lewis, in its own name and on behalf of its administrators, successors, and assigns, for consideration as enumerated above, and subject to the terms of paragraph 7 of this Agreement, hereby releases, acquits, satisfies, and forever discharges Howrey and the Trustee, their successors, predecessors, assigns, representatives, insurers, guarantors, as well as their past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, and agents, of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Morgan Lewis has ever had, now has, or shall have against Howrey or the Trustee, provided, for the avoidance of doubt, that the foregoing shall not, and shall not be deemed to, constitute a waiver or release of any claims, rights or actions that any Former Howrey Partner or any of their assigns shall have against Howrey, the Trustee, the Creditors Committee, or any of their assigns, and each of the Trustee,

Case: 11-31376   Doc# 1444   Filed: 09/04/13   Entered: 09/04/13 13:37:44   Page 21 of 31

Howrey and Morgan Lewis hereby expressly agrees that each Former Howrey Partner or any of their assigns reserve and retain all rights, claims and causes of action that they may have, whether pursuant to the Bankruptcy Code, federal state statutory law or common law, or otherwise, against Howrey, the Trustee, the Creditors Committee or any of their assigns.

7.      OTHER THAN AS SET FORTH IN PARAGRAPH 5 RELATING TO THE UNFINISHED BUSINESS CLAIMS, NOTHING CONTAINED IN THIS AGREEMENT, NOR THE NEGOTIATION, EXECUTION OR DELIVERY HEREOF BY ANY PARTY, SHALL BE DEEMED TO CONSTITUTE A WAIVER OR RELEASE OF ANY CLAIMS, RIGHTS OR ACTIONS THAT HOWREY, THE TRUSTEE, THE CREDITORS COMMITTEE, OR ANY OF THEIR ASSIGNS, SHALL HAVE AGAINST: (A) ANY MLB FORMER HOWREY PARTNER LISTED ABOVE IN RECITAL E; (B) ANY FORMER HOWREY PARTNER NOT LISTED ABOVE IN RECITAL E WHO MAY IN THE FUTURE BE EMPLOYED AT OR A PARTNER OF MORGAN LEWIS AFTER THE EFFECTIVE DATE OF THIS AGREEMENT; OR (C) MORGAN LEWIS FOR CLAIMS ARISING FROM LEGAL MATTERS THAT ALLEGEDLY ORIGINATED AT HOWREY AND WERE LATER TRANSFERRED TO MORGAN LEWIS IN CONNECTION WITH ANY FORMER HOWREY PARTNER NOT LISTED ABOVE IN RECITAL E WHO MAY IN THE FUTURE BE EMPLOYED AT OR A PARTNER OF MORGAN LEWIS AFTER THE EFFECTIVE DATE OF THIS AGREEMENT. EACH OF THE TRUSTEE, HOWRY, AND MORGAN LEWIS HEREBY EXPRESSLY AGREES THAT HOWREY, THE TRUSTEE, THE CREDITORS COMMITTEE, OR ANY OF THEIR ASSIGNS, RESERVE AND RETAIN ALL RIGHTS, CLAIMS AND CAUSES OF ACTION, OTHER THAN AS SET FORTH IN PARAGRAPH 5 RELATING TO THE UNFINISHED BUSINESS CLAIMS, THAT THEY MAY HAVE, WHETHER PURSUANT TO THE BANKRUPTCY CODE, FEDERAL, STATE STATUTORY LAW OR COMMON LAW, OR OTHERWISE, AGAINST: (A) ANY MLB FORMER HOWREY PARTNER LISTED IN RECITAL E; (B) ANY FORMER HOWREY PARTNER NOT LISTED IN RECITAL E WHO MAY IN THE FUTURE BECOME EMPLOYED AT OR BECOME A PARTNER OF MORGAN LEWIS AFTER THE EFFECTIVE DATE OF THIS AGREEMENT; OR (C) MORGAN LEWIS FOR CLAIMS ARISING FROM LEGAL MATTERS THAT ALLEGEDLY ORIGINATED AT HOWREY AND WERE LATER TRANSFERRED TO MORGAN LEWIS IN CONNECTION WITH ANY FORMER HOWREY PARTNER NOT LISTED ABOVE IN RECITAL E WHO MAY IN THE FUTURE BE EMPLOYED AT OR A PARTNER OF MORGAN LEWIS AFTER THE EFFECTIVE DATE OF THIS AGREEMENT.

8.      NOTHING CONTAINED IN THIS AGREEMENT, NOR THE NEGOTIATION, EXECUTION OR DELIVERY HEREOF BY ANY PARTY, SHALL BE DEEMED TO CONSTITUTE AN ADMISSION OF LIABILITY TO ANY CLAIMS OR DEFENSES THAT HOWREY, THE TRUSTEE, THE CREDITORS COMMITTEE, OR ANY OF ITS ASSIGNS, MAY ASSERT AGAINST: (A) ANY MLB FORMER HOWREY PARTNER LISTED ABOVE IN RECITAL E; OR (B) ANY FORMER HOWREY PARTNER NOT LISTED ABOVE IN RECITAL E WHO MAY IN THE FUTURE BECOME EMPLOYED AT OR BECOME A PARTNER OF MORGAN LEWIS AFTER THE EFFECTIVE DATE OF THIS AGREEMENT; OR (C) MORGAN LEWIS FOR CLAIMS ARISING FROM LEGAL MATTERS THAT ALLEGEDLY ORIGINATED AT HOWREY AND WERE LATER TRANSFERRED TO MORGAN LEWIS IN CONNECTION WITH ANY FORMER HOWREY PARTNER NOT

Case: 11-31376   Doc# 1444   Filed: 09/04/13   Entered: 09/04/13 13:37:44   Page 22 of 31

LISTED ABOVE IN RECITAL E WHO MAY IN THE FUTURE BE EMPLOYED AT OR A PARTNER OF MORGAN LEWIS AFTER THE EFFECTIVE DATE OF THIS AGREEMENT.

9.     In connection with the limited releases set forth in paragraphs 4, 5 and 6 above, and subject to the terms set forth in paragraph 6 with respect to the Former Howrey Partners, the Parties waive all rights they may have under section 1542 of the California Civil Code, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

By executing this Agreement, the Parties expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

10.     The signatory for Morgan Lewis hereby represents that he or she has full power and authority to settle, limit or otherwise control the matters and claims which are the subject of this Agreement and has the authority to execute this Agreement on behalf of Morgan Lewis.

11.     The Trustee represents and warrants that he has the full power and authority to negotiate a final settlement of the matters and claims covered by this Agreement, subject to Bankruptcy Court approval described herein. The Parties acknowledge that the Trustee is acting solely in his capacity as the Chapter 11 Trustee of Howrey in this matter and has no personal liability whatsoever with respect to this Agreement or the transactions described herein.

12.     Except as otherwise specifically provided for herein, nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any party of interest that is not a party to this Agreement.

13.     Each Party hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement which involves Howrey or the Trustee and agree that any such action, suit or proceeding shall be brought on in the Bankruptcy Court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to venue of any such action, suit or proceeding brought in such a court related solely to the Agreement and involving Howrey or the Trustee. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement as it relates to the Bankruptcy Case.

14.     Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith shall constitute or be construed as or be deemed to be evidence of an admission on the part of any party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

Page 5 of 6

15.    This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed, electronic and emailed signatures shall be deemed originals.

16.    This Agreement shall be effective (the "Effective Date") on the first business day after the order of the Bankruptcy Court approving this Agreement under Bankruptcy Rule 9019 becomes final and not subject to any appeal.

AGREED:

Dated: September 4, 2013

Howrey LLP, Debtor

By: _____
      Allan B. Diamond, Chapter 11 Trustee

Dated: September 4, 2013

Morgan, Lewis & Bockius LLP

By: _____
      Name: John C. Goodchild, III
      Title: Partner

Case: 11-31376    Doc# 1444    Filed: 09/04/13    Entered: 09/04/13 13:37:44    Page 24 of 31

EXHIBIT B

1  **DIAMOND MCCARTHY LLP**
   Andrew B. Ryan, Esq. *(pro hac vice)*
2  909 Fannin, 15th Floor
   Houston, TX 77010
3  Telephone: 713-333-5100
   Facsimile: 713-333-5199
4  *Counsel for Allan B. Diamond,*
   *Chapter 11 Trustee for Howrey LLP*
5
6  **KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
   Eric A. Nyberg, Esq. (Bar No. 131105)
7  Chris D. Kuhner, Esq. (Bar No. 173291)
   1970 Broadway, Suite 225
8  Oakland, CA 94612
   Telephone: 510-763-1000
9  Facsimile: 510-273-8669
   *Local Counsel for Allan B. Diamond,*
10 *Chapter 11 Trustee for Howrey LLP*

11                 UNITED STATES BANKRUPTCY COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 In re                              | Case No. 11-31376 DM

14 HOWREY LLP,                        | Chapter 11

15           Debtor.

16                                    | DECLARATION OF ALLAN B.
                                      | DIAMOND IN SUPPORT OF
17                                    | CHAPTER 11 TRUSTEE'S MOTION
                                      | FOR ORDER APPROVING
18                                    | SETTLEMENT AGREEMENT WITH
                                      | MORGAN, LEWIS & BOCKIUS LLP

19

20 Allan B. Diamond makes this declaration under 28 U.S.C. § 1746, and states:

21      1.     I am the chapter 11 trustee ("Trustee") for Howrey LLP ("Howrey" or "Debtor").

22 The Court approved my appointment on October 12, 2011.  I make this declaration in support of

23 my *Motion for Entry of Order Approving Settlement Agreement With Morgan, Lewis & Bockius*

24 *LLP* ("Motion").

25

26

461309 v.3

                                      1

2.     This declaration is based either on my personal knowledge or is based on the best of my knowledge derived from discussions with professionals employed by me as Trustee.

3.     Following my appointment in this case on October 12, 2011, I engaged in extensive investigation and analysis of claims that could be asserted on behalf of Howrey's estate against former Howrey partners and the successor law firms that hired the former Howrey partners.   As part of those efforts, I engaged in Rule 2004 discovery with a number of successor law firms, including Morgan, Lewis & Bockius LLP ("Morgan Lewis"), to obtain documents or other relevant information regarding the unfinished business of Howrey that might have been completed at the successor law firms.

4.     On October 22, 2012, Morgan Lewis provided my counsel and me with confidential information and a detailed chart of over 90 different hourly matters that could possibly constitute unfinished business transferred from Howrey to Morgan Lewis (the "MLB Data") by seven former Howrey partners (the "MLB Former Howrey Partners").   In addition, Morgan Lewis provided information about one contingency fee matter that was transferred from Howrey to Morgan Lewis and was still pending as of their initial production.

5.     Based upon my and my counsel's review and analysis of the MLB Data (that was supplemented by a thorough review other Howrey documents and information), I believed that the Howrey estate likely had meritorious claims against Morgan Lewis for recovery of the profits earned on at least some of the Former Howrey Matters, both on fraudulent conveyance grounds and the "unfinished business" doctrine.   Among other things, I believed Howrey's former partners improperly attempted to shield themselves and their successor firms (including Morgan Lewis) from unfinished business claims by executing a so-called Jewel Waiver on the eve of Howrey's dissolution.  I also believed that Howrey's partners approved this eleventh-hour Jewel

Waiver knowing that similar waivers had been avoided as fraudulent transfers in prior law firm bankruptcies.

6. In February 2013, my counsel conducted a telephone conference with Morgan Lewis to discuss the MLB Data and the legal arguments raised in their October 2012 letter.

7. As a result, my counsel and I made a formal demand to Morgan Lewis on March 13, 2013 that sought to achieve a pre-suit resolution and to avoid time consuming and/or costly litigation. In their original October 2012 letter (and in subsequent correspondence), Morgan Lewis asserted legal defenses to the unfinished business claims, focusing primarily on the departure date of almost all of the MLB Former Howrey Partners that had left the firm in either January 2011 or February 2011, before the firm's dissolution. In addition, Morgan Lewis raised a factual argument that some of the matters listed in the MLB Data may have originated at Morgan Lewis as opposed to Howrey.

8. Regarding the "new matter" defense raised by Morgan Lewis, my counsel and I conducted a thorough review of Howrey records to locate relevant information (*i.e.* client engagement agreements, client matter numbers, billing invoices, internal correspondence, etc.) that allowed us to confirm that a large majority of the matters listed in the MLB Data did indeed originate at Howrey. However, we could agree with Morgan Lewis as to a small number of matters included in the MLB Data that were opened after May 1, 2011 and did not originate at Howrey.

9. After the initial demand letter in March 2013, Morgan Lewis and my counsel exchanged a series of letters throughout April and May 2013 detailing certain factual or legal issues that would include counter-offers and similar settlement proposals.

10. In discussing all of Morgan Lewis's alleged legal defense of pre-dissolution departing partners with my counsel, I had strong reasons to believe that Morgan Lewis's arguments on motion to dismiss would be denied; however, the proposed MLB Settlement Agreement eliminates the time and expense of litigating the claims and defenses in a motion to dismiss, as well as the risk of a negative result either in a dismissal order or after trial.

11. On August 15, 2013, my counsel and I participated in an in-person meeting in New York, NY with counsel (and representatives) for Morgan Lewis to discuss a potential resolution of the unfinished business claims. After the meeting, my counsel and I continued a dialogue with Morgan Lewis about some key settlement terms that eventually resulted in a resolution of the unfinished business claims according to the terms below.

12. On August 16, 2013, I authorized my counsel to accept a settlement with Morgan Lewis that resulted in a compromise embodied in the MLB Settlement Agreement. The MLB Settlement Agreement, a copy of which is attached as **Exhibit A** hereto, generally provides the Howrey estate with the following benefits:

   a. Within fifteen business days of the Effective Date, Morgan Lewis shall pay $1,150,000 to the Estate (the "Payment") via bank check or wire transfer. *See* MLB Settlement Agreement ¶¶ 1-2, 16.

   b. In the MLB Settlement Agreement, the Howrey estate will receive the Payment without the cost, delay, and uncertainty of litigation that would likely include, among other things, a motion to dismiss, a motion for summary judgment, and a trial in this Court.

   c. Upon the Effective Date of the MLB Settlement Agreement, Morgan Lewis will agree to release claims against Howrey and the Trustee (and their related parties) that Morgan Lewis has ever had, now has, or shall have against Howrey and/or the Trustee. *See* MLB Settlement Agreement ¶ 6.

Case: 11-31376    Doc# 1444    Filed: 09/04/13    Entered: 09/04/13 13:37:44    Page 29 of 31

13.     I believe that the compromise detailed in the MLB Settlement Agreement is in the best interest of the Howrey estate and its creditors.  All of these benefits were obtained without litigation, and instead through good faith and arms-length negotiations with Morgan Lewis and their counsel over the course of more than six months

14.     Here, the factors weigh in favor of the MLB Settlement Agreement.  <u>First</u>, the Payment of $1,150,000 from Morgan Lewis is one of the largest unfinished business settlements received by the estate as of August 2013.

15.     <u>Second</u>, Morgan Lewis raised a potentially dispositive legal issue about whether the firm had unfinished business liability because the MLB Former Howrey Partners left the firm before the dissolution date.  Because the issue of pre-dissolution departing partners will be litigated in this Court over the next few months, I was willing to give a slight discount to Morgan Lewis given the time, expense, and uncertainty associated with this potentially dispositive legal issue.  The discount would only apply, however, if the effective date of the MLB Settlement Agreement was before October 23, 2013.

16.     The Payment represents approximately 9% of the gross revenue received by Morgan Lewis on the Former Howrey Matters and reflects, in my view, a fair compromise between: (a) an appreciation for the litigation risk and (b) my continued confidence that departing partners of Howery had a fiduciary duty to account for profits under relevant partnership law.  But if I did not accept the 9% settlement discount (and subsequently a motion to dismiss were granted), then the value of my claim would be eliminated pending appeal—as would my ability to recover a seven-figure settlement payment immediately.  In other words, the MLB Settlement Agreement was achieved without the cost, delay, and uncertainty of litigation

that would likely include, among other things, a motion to dismiss, a motion for summary judgment, a trial in this Court, and potential appeals.

17.    _Third_, as part of the settlement negotiations with Morgan Lewis, the Creditor's Committee has also signed off on my decision to take a slightly lower settlement payment—but only in the narrow two-month window before argument on motions to dismiss—in order to generate a substantial cash payment for the Estate.

18.    For these reasons, I have concluded in my business judgment that the MLB Settlement Agreement is fair, equitable and in the best interest of the Estate and its creditors.

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge and belief.

Dated: September 4, 2013

By: _____
Allan B. Diamond, Chapter 11 Trustee of the
Bankruptcy Estate of Howrey LLP

461309 v.3

6