**DIAMOND MCCARTHY LLP**
Andrew B. Ryan, Esq. *(pro hac vice)*
1201 Elm Street, Suite 3400
Dallas, TX 75209
Telephone: 214-389-5300
Facsimile: 214-389-5399
aryan@diamondmccarthy.com

*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669
e.nyberg@kornfieldlaw.com
c.kuhner@kornfieldlaw.com

*Local Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HOWREY LLP,<br><br>          Debtor. | Case No. 11-31376 DM<br>Chapter 11<br>Hon. Dennis Montali<br><br>**CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT WITH THE DCMB PARTNERS** |

461352 v.3

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE:

Allan B. Diamond, the chapter 11 trustee ("Trustee") of the Estate of Howrey LLP ("Howrey" or "Debtor"), hereby submits this motion ("Motion") pursuant to Federal Rule of Bankruptcy Procedure 9019(a) for entry of an order approving a settlement between the Debtor and Lloyd R. Day, Jr., James R. Batchelder, Robert M. Galvin, Paul S. Grewal, Renee DuBord Brown, and Jackie N. Nakamura, (the "DCMB Partners"). This settlement (if approved) will resolve the Clawback Claims and the Tax Claims between the Trustee and the DCMB Partners through two paths: litigation and payment and is well within the Trustee's business judgment. In support of this Motion, the Trustee represents as follows:

## JURISDICTION

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and (b). This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2).

## BACKGROUND

2. In the fall of 2009, Howrey merged with a California law firm known as Day Casebeer Madrid & Batchelder LLP ("DCMB") under the terms of a Business Combination Agreement ("BCA"). Pursuant to the BCA, the DCMB Partners joined Howrey. Of the DCMB Partners, seven joined as Level II partners at Howrey; only two joined Howrey as Level I partners.

3. On April 11, 2011, certain creditors of Howrey filed a chapter 7 involuntary petition against the Debtor. On June 6, 2011, the Court entered an order converting the above captioned case to a case under chapter 11 of the Bankruptcy Code.

4. On September 22, 2011, the Court entered an order granting a motion to appoint a chapter 11 trustee. On October 7, 2011, the U.S. Trustee for the Northern District of California

1 appointed the Trustee as chapter 11 trustee for the Estate of Howrey. On October 12, 2011, the Court entered an order approving the appointment of the Trustee.

5. Since his appointment, the Trustee and his counsel have identified claims against various former Howrey partners (including the DCMB Partners) to recoup compensation each had received while Howrey was insolvent and/or unprofitable under various causes of action such as fraudulent transfers under the Bankruptcy Code and breach of contract (the "<u>Clawback Claims</u>").

6. In the summer of 2013, some of the DCMB Partners raised with the Trustee's counsel an issue unique to them: whether, under the BCA, the DCMB Partners are a special class of fixed income partners at Howrey. If true, this contention would have two practical effects. <u>First</u>, the DCMB Partners would likely owe the Estate very little (if anything) on the Clawback Claims because any compensation they received would have been guaranteed by contract. <u>Second</u>, the DCMB Partners would be exempt from allocations of Howrey's income – particularly the contingent fee income it obtained after dissolution – on the firm's federal income tax returns (the "<u>Tax Claims</u>").

7. Certain of the DCMB Partners filed a request for status conference on this issue, and the Trustee filed a limited opposition. The Court granted the DCMB Partners' request for status conference and appointed Judge Thomas A. Carlson (Bankr. N.D. Cal.) to serve as mediator between the parties.

8. The Parties mediated their dispute in August 2013, at which time an agreement was reached in principle. Since the mediation, the Parties have worked to memorialize the terms of the settlement in a written agreement. The terms of the agreement became final in mid-December 2013 and a true and correct copy of the settlement agreement (the "<u>DCMB</u>

3

Settlement") is attached hereto as **Exhibit A**. As discussed below and in his Declaration attached as **Exhibit B**, the Trustee has determined that the proposed settlement is well within the range of reasonableness and in the best interests of the Estate. *See* Diamond Decl. ¶¶ 1-17. By this Motion, the Trustee, therefore, requests that the Court approve the DCMB Settlement and grant the other requested relief so the bankruptcy Estate can reap the benefits of this compromise

## TERMS OF PROPOSED DCMB SETTLEMENT

9. The DCMB Settlement aims to resolve the Clawback Claims and the Tax Claims through two paths: litigation and payment. If certain of the DCMB Partners do not wish to litigate the Tax Claims with the Estate, those partners must immediately pay the Estate. If some of the DCMB Partners do wish to litigate the Tax Claims with the Estate, the amount those partners pay the Estate is contingent upon the outcome of the Tax Claims litigation: If the DCMB Partners litigate and win, those partners pay nothing on the Clawback Claims, but if those partners lose, they pay the Estate 14% of the total value of the Clawback Claims (calculated as all monies received between the Second Quarter of 2010 and the First Quarter of 2011).

10. The DCMB Settlement also limits the scope of any litigation of the Tax Claims. The DCMB Partners will file a Complaint with the Bankruptcy Court seeking declaratory relief that is agreed upon by the DCMB Partners and the Trustee, the parties will take no discovery, and the parties will file summary judgment motions on the Complaint. Further, the parties have waived their right to appeal any final judgment and order entered by the Bankruptcy Court on the summary judgment motions. This outcome greatly benefits the Estate because it reduces the amount of money the Estate would have to spend to litigate the Tax Claims.

11. As for the terms of payment, the DCMB Partners who choose to litigate will pay the Trustee 14% of the Clawback Claims if they lose, which, while lower than many of the settlements the Estate has already obtained, is justified by the unique facts and circumstances related to the DCMB Partners and the non-monetary terms of the settlement reached with them – namely, that by agreeing to a streamlined process involving an agreed declaratory judgment complaint mandating no discovery, presentation of the issues to the Bankruptcy Court and no appeal, the Estate will be saving significant litigation related costs than if the issues were litigated in the more expansive, traditional setting applying all of the rules of evidence, civil and potentially appellate procedure.

12. Further, some of the DCMB Partners have adduced evidence of a hardship to pay the Estate, and have provided that information to the Trustee confidentially. For those hardship cases, the Trustee has accepted a lower payment in order to reflect the realities of the situation and difficulties of collecting more from these individuals.

## **BASIS FOR RELIEF AND APPLICABLE AUTHORITY**

13. By this Motion, the Trustee respectfully seeks the entry of an order pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a) approving the DCMB Settlement. As discussed in further detail below, the DCMB Settlement provides a fair and equitable resolution of the Parties' disputes and is in the best interests of the Howrey Estate.

14. Bankruptcy Rule 9019(a) provides, in part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). The Rule empowers bankruptcy courts to approve compromises and settlements that are "fair and equitable" and "in the best interest of the Estate." *Martin v. Kane* (*In re A & C Properties*), 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub nom. Martin v. Robinson*, 479

5

U.S. 854 (1986). "The bankruptcy court has 'great latitude' in approving compromise agreements." *Woodson v. Fireman's Insurance, Co.* (*In re Woodson*), 839 F.2d 610, 620 (9th Cir. 1988).

15. To evaluate a compromise, a bankruptcy court considers "(a) [t]he probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *In re A & C Properties*, 784 F.3d at 1381.

16. In addition to the four prong test set forth in *A & C Properties*, it is also well established that "the law favors compromise and not litigation for its own sake." *See Port O'Call Investment Co. v. Blair (In re Blair)*, 538 F.2d 849, 851 (9th Cir. 1976).

17. Although the Trustee, as the proponent of the settlement, bears the burden of persuasion (*see id.*), "a court generally gives deference to a trustee's business judgment in deciding whether to settle a matter," *In re Mickey Thompson, Entertainment Group, Inc.*, 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003).

18. As discussed below and in his Declaration, the Trustee has determined in the exercise of his reasonable business judgment that the proposed DCMB Settlement is fair and reasonable within the standards discussed above, and that it is in the best interests of the Howrey Estate. *See* Diamond Decl. ¶ 17.

19. Here, there is no question that the DCMB Settlement satisfies the *A&C Properties* factors.

20. **Factor #1: Probability of Success in the Litigation.** Although the Trustee is confident the Estate will prevail on the litigation of the Tax Claims, full-blown tax litigation

6

would be costly to the Estate with little to no benefit to creditors, and even prevailing on the Tax Claims would still require the Estate to litigate fully the Clawback Claims against the DCMB Partners. Given the risks of litigating the Clawback Claims (including, without limitation, the difficulties associated with proving Howrey's insolvency, lack of reasonably equivalent value, and other factors), the Trustee believes that settling with the DCMB Partners at a level somewhat lower than prior partner settlements is justified.

21. **Factor #2: The Difficulties to be Encountered in Collection**. Here, the collection issue is whether the Estate could collect on a clawback judgment against the DCMB Partners. As with any litigation against individuals, some partners may have sufficient assets to pay the judgment; others may not have assets that are subject to judgment under state law and sufficient to pay the full amount of the Clawback Claims. Moreover, as discussed above, certain of the DCMB Partners have a hardship (such as confidential medical issues, change in nature of employment, etc.) which would present a substantial difficulty in collecting a full judgment of the Clawback Claims from them. Thus, the Trustee believes the DCMB Settlement satisfies the second *A&C Properties* factor.

22. **Factor #3: The Complexity of the Litigation Involved and its Expense, Inconvenience and Delay**. This factor overwhelmingly supports the settlement. Not only would the clawback litigation be expensive and inconvenient, but the tax litigation would be the worst of all possible worlds. Protracted litigation, for which tax counsel would be necessary, would be costly with little to no benefit to the Estate. This, of course, is in addition to any cost related to litigating the Clawback Claims on their merits, which itself could be costly and lengthy. Lastly, this settlement embodies a litigation procedure that streamlines in a very substantial manner what otherwise would be a very costly litigation alternative. This procedure,

7

moreover, eliminates what otherwise could result in costly, protracted appeals enduring for years without final resolution for the Estate. The Trustee therefore believes it is beyond doubt that the DCMB Settlement satisfies the third *A&C Properties* factor.

23. **Factor #4: The Paramount Interest of the Creditors**. Finally, the DCMB Settlement is in the best interests of all creditors. In the short-term, the DCMB Settlement permits the Estate to collect some money and create framework to resolve tax issue without substantial costs to the Estate. Accordingly, the DCMB Settlement meets the fourth and final *A&C Properties* factor.

24. In summary, because the proposed settlements satisfy all of the *A & C Properties* factors, the Trustee has concluded in his business judgment that the DCMB Settlement is fair, equitable, and in the best interest of the Estate, and should be approved by the Court. *See* Diamond Decl. ¶ 17.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court grant the Motion and enter and order approving the Debtor's compromise with the DCMB Partners as described above.

Dated: January 14, 2014

    /s/ Andrew B. Ryan
Andrew B. Ryan, Esq. *(pro hac vice)*
**DIAMOND MCCARTHY LLP**
1201 Elm Street, Suite 3400
Dallas, TX 75209
Telephone: 214-389-5300
Facsimile: 214-389-5399
aryan@diamondmccarthy.com

Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669

*Counsel for Allan B. Diamond,
Chapter 11 Trustee for Howrey LLP*

9

# NOTICE OF SERVICE

__X__ (CM/ECF) The document was electronically served on the parties to this action via the mandatory United States Bankruptcy Court of California CM/ECF system upon filing of above described document:

**SEE ATTACHED SERVICE LIST**

__X__ (ELECTRONIC MAIL SERVICE) By electronic mail (e-mail) the above listed document(s) without error to the email address(es) set forth below on this date:

**SEE ATTACHED SERVICE LIST**

__X__ (UNITED STATES MAIL) By depositing a copy of the above-referenced documents for mailing in the United States Mail, first class postage prepaid, at Houston, Texas, to the parties listed, at their last known mailing addresses, on this date:

**SEE ATTACHED SERVICE LIST**

_____ (OVERNIGHT COURIER) By depositing a true and correct copy of the above referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

_____ (COURIER SERVICE) By providing true and correct copies of the above referenced documents [with copies of the supporting detailed invoices/attorney time records for the Final Fee Application] via courier delivery, to the following on or about _____:

_____ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those people listed on the attached service list, on the date above written.

*/s/ Andrew B. Ryan*
Andrew B. Ryan

*VIA CM/ECF:*

| | |
|---|---|
| **United States Trustee** | Minnie Loo, Esq. |
| | Donna S. Tamanaha, Esq. |
| | Office of the U.S. Trustee |
| | 235 Pine Street. 7th Floor |
| | San Francisco, CA 94104-3484 |
| | *Email:* Minnie.Loo@usdoj.gov |
| | *Email:* Donna.S.Tamanaha@usdoj.gov |
| | |
| **Chapter 11 Trustee** | Allan B. Diamond |
| | **Diamond McCarthy, LLP** |
| | Two Houston Center |
| | 909 Fannin Street, Suite 1500 |
| | Houston, Texas 77010 |
| | *Email*: adiamond@diamondmccarthy.com |
| | |
| **Counsel for the Chapter 11 Trustee** | **Diamond McCarthy, LLP** |
| | Howard D. Ressler, Esq. |
| | *Email:* hressler@diamondmccarthy.com |
| | Stephen T. Loden, Esq. |
| | *Email:* sloden@diamondmccarthy.com |
| | Jason M. Rudd, Esq. |
| | *Email:* jrudd@diamondmccarthy.com |
| | |
| | **Kornfield Nyberg Bender & Kuhner P.C.** |
| | Eric Nyberg |
| | *Email:* e.nyberg@kornfieldlaw.com |
| | Chris D. Kuhner |
| | *Email:* c.kuhner@kornfieldlaw.com |
| | |
| **Debtor's Counsel** | **Wiley Rein LLP** |
| | H. Jason Gold |
| | Valerie P. Morison |
| | Dylan G. Trache |
| | *Email*: jgold@wileyrein.com |
| | *Email*: vmorrison@wileyrein.com |
| | *Email*: dtrache@wileyrein.com |
| | |
| | **Murray & Murray** |
| | Robert A. Franklin |
| | Craig M. Prim |
| | Jenny Lynn Fountain |
| | *Email*: rfranklin@murraylaw.com |
| | *Email*: cprim@murraylaw.com |
| | *Email*: jfountain@murraylaw.com |
| | |
| **Duane Morris LLP** | Geoffrey A. Heaton, Esq. |
| | *Email:* gheaton@duanemorris.com |
| | Aron M. Oiner, Esq. |
| | *Email:* roliner@duanemorris.com |

| | |
|---|---|
| **Law Offices of Latham & Watkins** | Kimberly A. Posin, Esq.<br>*Email: kim.posin@lw.com* |
| **Murray & Murray** | Craig M. Prim, Esq.<br>*Email: cprim@murraylaw.com*<br>Robert A. Franklin, Esq.<br>*Email: rfranklin@murraylaw.com*<br>Jenny L. Fountain, Esq.<br>*Email: jlfountain@murraylaw.com* |
| **Official Committee of Unsecured Creditors** | **Whiteford, Taylor & Preston LLP**<br>Bradford F. Englander, Esq.<br>*Email: benglander@wtplaw.com*<br>John F. Carlton, Esq.<br>*Email: jcarlton@wtplaw.com*<br>Justin P. Fasano, Esq.<br>*Email: jfasano@wtplaw.com* |
| **Counsel for The Irvine Company, LLC** | **Allen Matkins, et al.**<br>*Email: mgreger@allenmatkins.com* |
| **Counsel for Creditor Citibank, N.A.** | **Paul, Weiss, Rifkind, Wharton & Garrison**<br>Kelley A. Cornish, Esq.<br>*Email: kcornish@paulweiss.com*<br><br>**McNutt Law Group, LLP**<br>Scott H. McNutt, Esq.<br>*Email: smcnutt@ml-sf.com* |
| **Counsel for Creditor Protiviti, Inc.** | **Pachulski, Stang, Ziehl & Jones**<br>John D. Fiero, Esq.<br>*Email: jfiero@pszjlaw.com* |
| **Counsel for Creditor Oracle America, Inc.** | **Buchalter Nemer**<br>Shawn M. Christianson, Esq.<br>*Email: schristianson@buchalter.com* |
| **Counsel for Creditor U.S. Bank, N.A.,<br>as Trustee** | **Perkins Coie LLP**<br>David J. Gold, Esq.<br>*Email: dgold@perkinscoie.com*<br>Gabriel Liao, Esq.<br>*Email: gliao@perkinscoie.com* |
| **Counsel for Attorneys' Liability Assurance<br>Society, Inc.,** *A Risk Retention Group* | **Perkins Coie LLP**<br>Alan D. Smith, Esq.<br>*Email: adsmith@perkinscoie.com* |
| **Counsel for Creditors Advanced Discovery<br>LLc, Give Something Back, Inc., Jan Brown<br>& Associates, Kent Daniels & Associates, Inc.,** | **Trepel McGrane Greenfield LLP**<br>Maureen A. Harrington, Esq.<br>*Email: mharrington@tmcglaw.com* |

| | | |
|---|---|---|
| 1 | L.A. Best Photocopies, Inc., Western Messenger Service, Inc. | Christopher D. Sullivan, Esq. Email: csullivan@tgsdlaw.com |
| 2 | | |
| 3 | Counsel for BP/CGCENTER I, LLC | Allen, Matkins, Leck, Gamble and Mallory William W. Huckins Email: whuckins@allenmatkins.com |
| 4 | Counsel for Creditor Warner Investment, L.P. | McKenna Long and Aldridge LLP Gregg S. Kleiner, Esq. Email: gkleiner@mckennalong.com |
| 5 | | |
| 6 | Counsel for Creditor Dewey & LeBoeuf LLP | Dewey and LeBoeuf Paul S. Jasper, Esq. Email: pjasper@dl.com |
| 7 | | |
| 8 | Counsel for Creditor Iron Mountain Information Management Inc. | Bartlett, Hackett and Feinberg Frank F. McGinn, Esq. Email: ffm@bostonbusinesslaw.com |
| 9 | | |
| 10 | Counsel for Creditor Hines REIT 321 North Clark Street, LLC | DLA Piper LLP Frank T. Pepler, Esq. Email: frank.pepler@dlapiper.com |
| 11 | | |
| 12 | Counsel for Creditor Stephanie Langley | Outten and Golden LLP Rene S. Roupinian, Esq. Email: rst@outtengolden.com |
| 13 | | |
| 14 | Counsel for Creditor Stephanie Langley | Law Offices of James D. Wood James D. Wood, Esq. Email: jdw@jdwoodlaw.com |
| 15 | Counsel for Creditor Pension Benefit Guaranty Corp. | Office of the Chief Counsel John Holland Ginsberg, Esq. Email: ginsberg.john@pbgc.gov |
| 16 | | |
| 17 | Counsel for Interested Party Connecticut General Life Insurance Company | Schnader Harrison Segal and Lewis Melissa Lor, Esq. Email: MLor@Schnader.com |
| 18 | | |
| 19 | Counsel for Howrey Claims LLC | McGrane LLP William McGrane, Esq. Email: william.mcgrane@mcgranellp.com |
| 20 | | |
| 21 | | Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP Christian D. Jinkerson, Esq. ijinkerson@kleinlaw.com |
| 22 | | |
| 23 | Counsel for Interested Party Connecticut General Life Insurance Co. | Melissa Lor Email: mlor@schnader.com |

| | | |
|---|---|---|
| | **Counsel for Creditor Knickerbocker Properties, Inc. XXXIII** | **Seyfarth Shaw LLP**<br>Scott Olson, Esq.<br>*Email*: solson@seyfarth.com |
| | **Counsel for Creditor Banc of America Leasing & Capital, LLC** | **Law Offices of Serlin and Whiteford**<br>Mark A. Serlin, Esq.<br>*Email:* mserlin@globelaw.com |
| | **Counsel for Creditor Texas Comptroller of Public Accounts** | **Bankruptcy & Collections Division**<br>Kimberly Walsh, Esq.<br>*Email:* bk-kwalsh@oag.state.tx.us |
| | **Counsel for Creditor 200 S. Main Street Investors, LLC** | **Ballard Spahr Andrews and Ingersoll**<br>Rebecca J. Winthrop, Esq.<br>*Email:* WinthropR@ballardspahr.com<br>Penny M. Costa, Esq.<br>*Email*: costap@ballardspahr.com |
| | **Counsel for Creditor Citibank, N.A.** | **Peitzman Weg LLP**<br>Larry Peitzman, Esq.<br>*Email:* lpeitzman@peitzmanweg.com |
| | **Counsel for Amy J. Fink** | **Jones Day**<br>Robert A. Trodella<br>*Email*: rtrodella@jonesday.com |
| | **Counsel for Harris County** | **Linebarger Goggan Blair & Sampson LLP**<br>John P. Dillman<br>*Email*: houston_bankruptcy@lgbs.com |
| | **Counsel for Informal Group of Certain Former Howrey Attorneys** | **Dumas & Clark LLP**<br>Cecily A. Dumas<br>*Email*: Cecily.dumas@dumasclark.com<br>Robert E. Clark<br>*Email:* Robert.clark@dumasclark.com |
| | **Counsel for SAP America, Inc.** | **Cooper White & Cooper LLP**<br>Peter C. Califano<br>*Email*: pcalifano@cwclaw.com |
| | **Counsel for SAP America, Inc.** | **Brown & Connery LLP**<br>Donald K. Ludman, Esq.<br>*Email:*  dludman@brownconnery.com |
| | **Counsel for McKenna Long and Aldridge** | Michael A. Isaacs, Esq.<br>*Email*: misaacs@mckennalong.com<br>         aworthing@mckennalong.com |

| | | |
|---|---|---|
| **Counsel for Jeffrey M. Judd** | | **Judd Law Group** |
| | | Jeffrey M. Judd, Esq. |
| | | *Email*: jeff@juddlawgroup.com |
| | | melanie@juddlawgroup.com |
| **Counsel for McGrane LLP** | | William Joseph Walraven, Esq. |
| | | *Email*: anna.song@mcgranellp.com |
| **Counsel for Cooper US, Inc.** | | **Cooper Industries, Inc.** |
| | | Paula Beck Whitten, Esq. |
| | | *Email*: paula.whitten@cooperindustries.com |
| **Counsel for Neal Gerber & Eisenberg LLP** | | **Hanson Bridgett LLP** |
| | | Nancy J. Newman |
| | | *Email*: nnewman@hansonbridgett.com |

*VIA EMAIL:*

**Counsel for Creditor Citibank, N.A.**    **Paul, Weiss, Rifkind, Wharton & Garrison**
Kelley A. Cornish, Esq.
*Email:* kcornish@paulweiss.com
Diane Meyers, Esq.
*Email:*dmeyers@paulweiss.com
Jacob J. Adlerstein, Esq.
*Email*: jadlerstein@paulweiss.com
ayoung@paulweiss.com

**Ballard Spahr LLP**
Matthew Moncur, Esq.
*Email*: moncurm@ballardspahr.com

EMC Corporation
c/o Receivable Management Services
Steven Sass, Esq.
*Email*: steven.sass@rmsna.com
Ronald Rowland, Esq.
*Email*: Ronald.rowland@rmsna.com

**Olin Corporation**
S. Christian Mullgardt
*Email*: scmullgardt@olin.com

15

*VIA U.S. MAIL:*

Richard Burdge, Esq.
The Burdge Law Firm PC
500 S Grand Ave Ste 1500
Los Angeles, CA 90071

Jeffrey C. Wisler, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19899
*Attorneys for Interested Party Connecticut General Life Insurance Company*

IKON Office Solutions
Recovery & Bankruptcy Group
3920 Arkwright Road, Suite 400
Macon, GA 31210

EMC Corporation
c/o RMS Bankruptcy Recovery Services
Attn: President or General/Managing Agent
P.O. Box 5126
Timonium, MD 21094-5126

Salter & Company LLC
4600 East-West Highway, Suite 300
Bethesda, MD 20814

County of Loudoun Virginia
Belkys Escobar
1 Harrison St., S.E. 5th Fl.
Leesburg, VA 20175-3102

Matura Farrington Staffing Services, Inc.
700 So. Flower Street, Suite 2505
Los Angeles, CA 90017

Guy Davis
Protiviti Inc.
1051 East Cary Street, Suite 602
Richmond, VA 23219

George E. Shoup, III
Development Specialists, inc.
6375 Riverside Drive, Suite 200
Dublin, OH 43017-5373

16

Kyle Everett
Development Specialists, Inc.
235 Pine Street, Suite 1150
San Francisco, CA 94104

James W. Martin
DHR International
5425 Wisconsin Ave., 4th Floor
Chevy Chase, MD 20815