**DIAMOND MCCARTHY LLP**
Andrew B. Ryan, Esq. *(pro hac vice)*
James D. Sheppard, Esq. *(pro hac vice)*
1201 Elm Street, Suite 3400
Dallas, TX 75270
Telephone: 214-389-5300
Facsimile: 214-389-5399
aryan@diamondmccarthy.com
jsheppard@diamondmccarthy.com

*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669
e.nyberg@kornfieldlaw.com
c.kuhner@kornfieldlaw.com

*Local Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 11-31376 DM |
| | Chapter 11 |
| HOWREY LLP, | Hon. Dennis Montali |
| Debtor. | **CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF ORDER APPROVING A BUNDLED SETTLEMENT WITH STEPTOE & JOHNSON LLP AND JAMES HIBEY** |

502471 v.1

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE:

Allan B. Diamond, the chapter 11 trustee ("Trustee") of the estate of Howrey LLP ("Howrey" or "Debtor"), hereby submits this motion ("Motion") pursuant to Federal Rule of Bankruptcy Procedure 9019(a) for entry of an order approving a bundled settlement between the Debtor, Steptoe & Johnson LLP ("Steptoe") and James Hibey ("Hibey"). This bundled settlement (if approved) will resolve any and all claims between the Trustee and Steptoe and Hibey without the need for litigation, provides a substantial cash payment of $324,000 to the estate, and is well within the Trustee's business judgment. In support of this Motion, the Trustee represents as follows:

## JURISDICTION

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and (b). This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2).

## BACKGROUND

***Howrey Bankruptcy and Claims Investigation***.

2. On April 11, 2011, certain creditors of Howrey filed a chapter 7 involuntary petition against the Debtor. On June 6, 2011, the Court entered an order converting the above captioned case to a case under chapter 11 of the Bankruptcy Code.

3. On September 22, 2011, the Court entered an order granting a motion to appoint a chapter 11 trustee. On October 7, 2011, the U.S. Trustee for the Northern District of California appointed the Trustee as chapter 11 trustee for the estate of Howrey. On October 12, 2011, the Court entered an order approving the appointment of the Trustee.

4. Since his appointment, the Trustee and his counsel have analyzed potential claims to recover valuable assets of Howrey's estate. The Trustee has identified claims against certain

2

former Howrey partners and their successor law firms relating to "unfinished business" of Howrey and also known as *Jewel v. Boxer* claims. In Adversary Complaints filed in this Court, the Trustee has alleged that Howrey's former partners attempted to shield themselves and their successor law firms from unfinished business claims by executing a so-called Jewel Waiver on the eve of Howrey's dissolution. In alleging that the Jewel Waiver provided no benefit to Howrey (or its creditors), the Trustee is seeking to avoid the Jewel Waiver as a fraudulent transfer under applicable bankruptcy and state laws and to require the successor law firms to return the profits received from Howrey's unfinished business.

5.     On July 18, 2012, this Court entered an Order authorizing the Trustee to issue a Rule 2004 subpoena to certain successor law firms (including Steptoe) that included a document request seeking, among other things, discovery related to the transfer of Howrey clients and client matters to the successor law firms and the compensation paid to the former Howrey partners. *See* Case No. 11-31376, Docket No. 754. In seeking the Rule 2004 subpoenas, the Trustee explained to this Court that "[b]y obtaining the information [regarding the former Howrey matters], the Trustee hopes to be able to initiate discussions with the Firms for the purpose of reaching resolution with respect to any potential claims regarding the Firms' receipt of fees from Howrey's former clients, and/or to initiate any appropriate legal proceedings. *See id.* Docket No. 753.

6.     Before filing adversary complaints to avoid the Jewel Waiver and recover the unfinished business profits, the Trustee and certain successor law firms have engaged in negotiations to achieve a pre-suit resolution that would avoid the time and expense of litigation.

7.     The Trustee identified potential unfinished business claims against Steptoe through a review of the documents produced in informal discovery requests and confirmed that

Case: 11-31376    Doc# 1713    Filed: 05/05/14    Entered: 05/05/14 14:46:50    Page 3 of 34

Hibey, a former Level II partner at Howrey, had indeed transferred unfinished business of Howrey to Steptoe (the "Unfinished Business Claims"). In addition, the Trustee identified excess distributions that Howrey paid to Hibey in violation of the Howrey Partnership Agreement and/or at a time when Howrey was insolvent (the "Distribution Claims"). After extensive discovery and analysis of these claims discussed below, the Trustee, Steptoe, and Hibey have reached a compromise of all claims as outlined in the Settlement Agreement (the "Bundled Settlement"), a copy of which is attached as **Exhibit A**. As discussed below and in his Declaration attached as **Exhibit B**, the Trustee has determined in the exercise of his reasonable business judgment that the proposed Bundled Settlement is fair and reasonable within the standards discussed above, and that it is in the best interests of the Howrey estate. *See* Diamond Decl. ¶¶ 10-22.

***Negotiations With Steptoe and Hibey and the Proposed Bundled Settlement***

8.    In response to the Trustee's request for information, Steptoe provided information regarding the revenues collected on hourly matters for seven (7) different hourly client matters, as well as their status. This data revealed that Hibey transferred matters from Howrey to Steptoe and that resulted in over $1.3 million in gross revenue for Steptoe (the "Steptoe Data").

9.    After the Trustee's counsel and financial advisors analyzed the data discussed above, the Trustee made a settlement demand to Steptoe and Hibey on May 8, 2013. In response and in subsequent negotiations, Steptoe and Hibey stated that they would prefer to resolve the Distribution Claims and the Unfinished Business Claims in a Bundled Settlement. On or about April 14, 2014, after several months of arm's length negotiations (including face to face meetings with senior representatives of Steptoe), the Trustee, Steptoe and Hibey reached a bundled settlement that resolves both groups of claims for $324,000. *See* Diamond Decl. ¶ 9.

4

10. For the reasons discussed below, the Trustee submits that the proposed settlement is well within the range of reasonableness and in the best interests of the estate. By this Motion, the Trustee, therefore, requests that the Court approve the Bundled Settlement and grant the other requested relief so the bankruptcy estate can reap the benefits of this compromise.

## TERMS OF PROPOSED BUNDLED SETTLEMENT AGREEMENT

11. Following almost eleven months of arm's-length negotiations, the Parties have reached a proposed resolution of the Unfinished Business Claims and Distribution Claims. The material terms of the proposed settlement agreement with the Trustee, Steptoe, and Hibey for which approval is sought by this Motion are as follows:

    a. **Payment**: Within three business days of the Effective Date, Steptoe shall pay $324,000 to the Trustee (the "Payment") via check or wire transfer. *See* Bundled Settlement ¶¶ 1-2.

    b. **Release by Trustee**: Upon the Effective Date of the Bundled Settlement, the Trustee will agree to release claims against Hibey and Steptoe (and its related parties, with specific exception of former Howrey partners who may join Steptoe after the Settlement Agreement (excluding Hibey)) that Howrey or the Trustee has ever had, now has, or shall have against Steptoe and Hibey. *See* Bundled Settlement ¶¶ 4-5.

    c. **Release by Steptoe and Hibey**: Upon the Effective Date of the Bundled Settlement, Steptoe and Hibey will agree to release claims against Howrey and/or the Trustee (and their related parties) that either party ever had, now have, or shall have against Howrey and/or the Trustee. *See* Bundled Settlement ¶ 6.

## BASIS FOR RELIEF AND APPLICABLE AUTHORITY

12. By this Motion, the Trustee respectfully seeks the entry of an order pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a) approving the Bundled Settlement. As discussed in further detail below, the Bundled Settlement provides a fair, efficient, and equitable resolution of the Parties' disputes and is in the best interests of the Howrey estate.

5

13.     Bankruptcy Rule 9019(a) provides, in part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a).   The Rule empowers bankruptcy courts to approve compromises and settlements that are "fair and equitable" and "in the best interest of the estate." *Martin v. Kane* (*In re A & C Properties*), 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854 (1986).   "The bankruptcy court has 'great latitude' in approving compromise agreements." *Woodson v. Fireman's Insurance, Co.* (*In re Woodson*), 839 F.2d 610, 620 (9th Cir. 1988).

14.     To evaluate a compromise, a bankruptcy court considers "(a) [t]he probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *In re A & C Properties*, 784 F.3d at 1381.

15.     In addition to the four prong test set forth in *A & C Properties*, it is also well established that "the law favors compromise and not litigation for its own sake."   *See Port O'Call Investment Co. v. Blair (In re Blair)*, 538 F.2d 849, 851 (9th Cir. 1976).

16.     Although the Trustee, as the proponent of the settlement, bears the burden of persuasion, "a court generally gives deference to a trustee's business judgment in deciding whether to settle a matter," *In re Mickey Thompson, Entertainment Group, Inc.*, 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003).

17.     As discussed below, the Trustee has determined in the exercise of his reasonable business judgment that the proposed Bundled Settlement is fair and reasonable within the

6

standards discussed above, and that it is in the best interests of the Howrey estate.  *See* Diamond Decl. ¶¶ 10-22.

18.     Here, there is no question that the Bundled Settlement and Payment are in the best interests of the estate.  First, the Payment from Steptoe and Hibey to the estate is well within the range of reasonableness based on the range of settlements obtained in prior law firm bankruptcies, including before this Court.

19.     Second, the Bundled Settlement was achieved without the cost, delay, and uncertainty of litigation that would likely include, among other things, a motion to dismiss, a motion for summary judgment, and/or a trial in this Court.  To date, the Trustee has incurred relatively low litigation costs in evaluating and pursuing these claims.  Yet, the proposed Bundled Settlement provides for a substantial amount of cash ($324,000) for the Howrey estate.

20.     Had the Trustee filed a lawsuit against Steptoe to recover the unfinished business profits, the Trustee would initially need to prevail against any motion to dismiss filed by Steptoe. At the time of the Bundled Settlement, this Court ordered the Trustee to amend his complaints against the successor law firms—whom had already indicated that they would file a second round of motions to dismiss.  Given that additional motions to dismiss will be filed, there still is some litigation risk to pursue claims against Steptoe.  But still, the Trustee has good reason to believe that any dismissal motion filed by MLA would be denied.  But still, the Trustee has good reason to believe that any dismissal motion filed by Steptoe would be denied.  Indeed, the Trustee prevailed in defeating motions to dismiss filed by other successor law firms that hired Level II partners from Howrey.  *See Diamond v. Pillsbury Winthrop Shaw Pittman LLP (In re Howrey LLP)*, Adv. No. 13-3095DM, 2014 WL 507511 (Bankr. N.D. Cal. Feb. 7, 2014); *see*

7

*also Diamond v. Haynes and Boone LLP (In re Howrey LLP)*, Adv. No. 13-3056DM (Bankr. N.D. Cal.) (DE # 37).

**The Settlement of Distribution Claims**

21.     The Trustee's resolution of the Distribution Claims with Hibey is reasonable and will provide a substantial amount of cash for the Howrey estate.  Hibey is subject to Distribution Claims for payments made to him from the second quarter of 2010 through the first quarter of 2011, the time period during which the Trustee contends Howrey was insolvent, unable to pay its debts as they came due, or inadequately capitalized.  According to the Trustee's data, Hibey received approximately $570,000 in distributions, return of capital and/or bonus payments.

22.     The Trustee's settlement of $92,000 with Hibey represents approximately 16% of the total distributions paid to him when Howrey was likely insolvent.  Stated differently, the Trustee's settlement represents over 66% of the distributions paid to Hibey in the first quarter of 2011.

23.     To date, the Trustee has incurred litigation costs in compiling the partner distribution data and analyzing fraudulent transfer and/or breach of contract claims against the former partners of Howrey.  Although the breach of contract claims against Hibey (and other Level II partners) for distributions made in 2011 do not invite much litigation risk, the fraudulent transfer claims are more complex and will require the involvement of experts that will testify about the firm's insolvency.  *Id.* ¶¶ 18, 20.

24.     Given the time, expense, and uncertainty associated with litigation of a nearly $570,000 claim against Hibey, the Trustee believes that the Payment is within the range of reasonableness and will provide a substantial monetary benefit to the estate.  *See* Diamond Decl. ¶¶ 15-22.

8

**Efficiency of Bundled Settlement**

25.     Finally, in the Trustee's business judgment, the most effective manner to resolve all claims against a successor firm and their partners is to reach a compromise like the one here—in a bundled manner by a single payment that resolves all claims with the firm and partners.  Importantly, the Bundled Settlement allows the Trustee to include some discount on each of his claims that reflects the efficiency of a global resolution with both the successor firm and the former Howrey partner.  *Id.* ¶¶ 21-22.

26.     In summary, because the proposed settlements satisfy all of the *A & C Properties* factors, the Trustee has concluded in his business judgment that the Bundled Settlement is fair, equitable, and in the best interest of the estate, and should be approved by the Court.  *See* Diamond Decl. ¶¶ 10-12, 22.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court grant the Motion and enter and order approving the Debtor's compromise with Steptoe and Hibey as described above.

Dated:  May 5, 2014

_/s/ Andrew B. Ryan_
Andrew B. Ryan, Esq. *(pro hac vice)*
James D. Sheppard, Esq. (*pro hac vice*)
DIAMOND McCARTHY LLP
1201 Elm Street, Suite 3400
Dallas, TX 75270
Telephone: 214-389-5300
Facsimile: 214-389-5399
aryan@diamondmccarthy.com
jsheppard@diamondmccarthy.com

*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

9

1     Eric A. Nyberg, Esq. (Bar No. 131105)
    Chris D. Kuhner, Esq. (Bar No. 173291)
2     **KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
    1970 Broadway, Suite 225
3     Oakland, CA 94612
    Telephone: 510-763-1000
4     Facsimile: 510-273-8669

5     *Local Counsel for Allan B. Diamond,*
    *Chapter 11 Trustee for Howrey LLP*

10

## NOTICE OF SERVICE

  X   (CM/ECF) The document was electronically served on the parties to this action via the mandatory United States Bankruptcy Court of California CM/ECF system upon filing of above described document:

### SEE ATTACHED SERVICE LIST

  X   (ELECTRONIC MAIL SERVICE) By electronic mail (e-mail) the above listed document(s) without error to the email address(es) set forth below on this date:

### SEE ATTACHED SERVICE LIST

  X   (UNITED STATES MAIL) By depositing a copy of the above-referenced documents for mailing in the United States Mail, first class postage prepaid, at Houston, Texas, to the parties listed, at their last known mailing addresses, on this date:

### SEE ATTACHED SERVICE LIST

_____ (OVERNIGHT COURIER) By depositing a true and correct copy of the above referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

_____ (COURIER SERVICE) By providing true and correct copies of the above referenced documents [with copies of the supporting detailed invoices/attorney time records for the Final Fee Application] via courier delivery, to the following on or about _____:

_____ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those people listed on the attached service list, on the date above written.

*/s/ Andrew B. Ryan*_____
Andrew B. Ryan

11

*VIA CM/ECF:*

**United States Trustee**                     Minnie Loo, Esq.
                                              Donna S. Tamanaha, Esq.
                                              Office of the U.S. Trustee
                                              235 Pine Street. 7th Floor
                                              San Francisco, CA 94104-3484
                                              ***Email:*** *Minnie.Loo@usdoj.gov*
                                              ***Email:*** *Donna.S.Tamanaha@usdoj.gov*

**Chapter 11 Trustee**                        Allan B. Diamond
                                              **Diamond McCarthy, LLP**
                                              Two Houston Center
                                              909 Fannin Street, Suite 1500
                                              Houston, Texas 77010
                                              *Email:* *adiamond@diamondmccarthy.com*

**Counsel for the Chapter 11 Trustee**        **Diamond McCarthy, LLP**
                                              Howard D. Ressler, Esq.
                                              ***Email:*** *hressler@diamondmccarthy.com*
                                              Stephen T. Loden, Esq.
                                              ***Email:*** *sloden@diamondmccarthy.com*
                                              Jason M. Rudd, Esq.
                                              ***Email:*** *jrudd@diamondmccarthy.com*

                                              **Kornfield Nyberg Bender & Kuhner P.C.**
                                              Eric Nyberg
                                              ***Email:*** e.nyberg@kornfieldlaw.com
                                              Chris D. Kuhner
                                              ***Email:*** c.kuhner@kornfieldlaw.com

**Debtor's Counsel**                          **Wiley Rein LLP**
                                              H. Jason Gold
                                              Valerie P. Morison
                                              Dylan G. Trache
                                              *Email: jgold@wileyrein.com*
                                              *Email: vmorrison@wileyrein.com*
                                              *Email: dtrache@wileyrein.com*

                                              **Murray & Murray**
                                              Robert A. Franklin
                                              Craig M. Prim
                                              Jenny Lynn Fountain
                                              *Email: rfranklin@murraylaw.com*
                                              *Email: cprim@murraylaw.com*
                                              *Email: jfountain@murraylaw.com*

12

| | |
|---|---|
| **Duane Morris LLP** | Geoffrey A. Heaton, Esq.<br>*Email: gheaton@duanemorris.com*<br>Aron M. Oiner, Esq.<br>*Email: roliner@duanemorris.com* |
| **Law Offices of Latham & Watkins** | Kimberly A. Posin, Esq.<br>*Email: kim.posin@lw.com* |
| **Murray & Murray** | Craig M. Prim, Esq.<br>*Email: cprim@murraylaw.com*<br>Robert A. Franklin, Esq.<br>*Email: rfranklin@murraylaw.com*<br>Jenny L. Fountain, Esq.<br>*Email: jlfountain@murraylaw.com* |
| **Official Committee of Unsecured Creditors** | **Whiteford, Taylor & Preston LLP**<br>Bradford F. Englander, Esq.<br>*Email: benglander@wtplaw.com*<br>John F. Carlton, Esq.<br>*Email: jcarlton@wtplaw.com*<br>Justin P. Fasano, Esq.<br>*Email: jfasano@wtplaw.com* |
| **Counsel for The Irvine Company, LLC** | **Allen Matkins, et al.**<br>*Email: mgreger@allenmatkins.com* |
| **Counsel for Creditor Citibank, N.A.** | **Paul, Weiss, Rifkind, Wharton & Garrison**<br>Kelley A. Cornish, Esq.<br>*Email: kcornish@paulweiss.com* |
| | **McNutt Law Group, LLP**<br>Scott H. McNutt, Esq.<br>*Email: smcnutt@ml-sf.com* |
| **Counsel for Creditor Protiviti, Inc.** | **Pachulski, Stang, Ziehl & Jones**<br>John D. Fiero, Esq.<br>*Email: jfiero@pszjlaw.com* |
| **Counsel for Creditor Oracle America, Inc.** | **Buchalter Nemer**<br>Shawn M. Christianson, Esq.<br>*Email: schristianson@buchalter.com* |

13

| | | |
|---|---|---|
| 1 | **Counsel for Creditor U.S. Bank, N.A.,** | **Perkins Coie LLP** |
| | **as Trustee** | David J. Gold, Esq. |
| 2 | | *Email: dgold@perkinscoie.com* |
| | | Gabriel Liao, Esq. |
| 3 | | *Email: gliao@perkinscoie.com* |
| 4 | **Counsel for Attorneys' Liability Assurance** | **Perkins Coie LLP** |
| | **Society, Inc.,** *A Risk Retention Group* | Alan D. Smith, Esq. |
| 5 | | *Email: adsmith@perkinscoie.com* |
| 6 | **Counsel for Creditors Advanced Discovery** | **Trepel McGrane Greenfield LLP** |
| | **LLc, Give Something Back, Inc., Jan Brown** | Maureen A. Harrington, Esq. |
| 7 | **& Associates, Kent Daniels & Associates, Inc.,** | *Email: mharrington@tmcglaw.com* |
| | **L.A. Best Photocopies, Inc., Western** | Christopher D. Sullivan, Esq. |
| 8 | **Messenger Service, Inc.** | *Email: csullivan@tgsdlaw.com* |
| 9 | **Counsel for BP/CGCENTER I, LLC** | **Allen, Matkins, Leck, Gamble and Mallory** |
| 10 | | William W. Huckins |
| | | *Email: whuckins@allenmatkins.com* |
| 11 | | |
| 12 | **Counsel for Creditor Warner Investment, L.P.** | **McKenna Long and Aldridge LLP** |
| | | Gregg S. Kleiner, Esq. |
| 13 | | *Email: gkleiner@mckennalong.com* |
| 14 | **Counsel for Creditor Iron Mountain** | **Bartlett, Hackett and Feinberg** |
| | **Information Management Inc.** | Frank F. McGinn, Esq. |
| 15 | | *Email: ffm@bostonbusinesslaw.com* |
| 16 | **Counsel for Creditor Hines REIT 321** | **DLA Piper LLP** |
| | **North Clark Street, LLC** | Frank T. Pepler, Esq. |
| 17 | | *Email: frank.pepler@dlapiper.com* |
| 18 | **Counsel for Creditor Stephanie Langley** | **Outten and Golden LLP** |
| | | Rene S. Roupinian, Esq. |
| 19 | | *Email: rst@outtengolden.com* |
| 20 | **Counsel for Creditor Stephanie Langley** | **Law Offices of James D. Wood** |
| | | James D. Wood, Esq. |
| 21 | | *Email: jdw@jdwoodlaw.com* |
| 22 | **Counsel for Creditor Pension Benefit** | **Office of the Chief Counsel** |
| | **Guaranty Corp.** | John Holland Ginsberg, Esq. |
| 23 | | *Email: ginsberg.john@pbgc.gov* |
| 24 | **Counsel for Interested Party Connecticut** | **Schnader Harrison Segal and Lewis** |
| 25 | | |
| 26 | | |

14

| | |
|---|---|
| **General Life Insurance Company** | Melissa Lor, Esq.<br>*Email: MLor@Schnader.com* |
| **Counsel for Howrey Claims LLC** | **McGrane LLP**<br>William McGrane, Esq.<br>*Email:* william.mcgrane@mcgranellp.com |
| | **Klein, DeNatale, Goldner, Cooper,**<br>**Rosenlieb & Kimball, LLP**<br>Christian D. Jinkerson, Esq.<br>jjinkerson@kleinlaw.com |
| **Counsel for Interested Party Connecticut**<br>**General Life Insurance Co.** | Melissa Lor<br>*Email*: mlor@schnader.com |
| **Counsel for Creditor Knickerbocker**<br>**Properties, Inc. XXXIII** | **Seyfarth Shaw LLP**<br>Scott Olson, Esq.<br>*Email*: solson@seyfarth.com |
| **Counsel for Creditor Texas Comptroller**<br>**of Public Accounts** | **Bankruptcy & Collections Division**<br>Kimberly Walsh, Esq.<br>*Email:* bk-kwalsh@oag.state.tx.us |
| **Counsel for Creditor 200 S. Main Street**<br>**Investors, LLC** | **Ballard Spahr Andrews and Ingersoll**<br>Rebecca J. Winthrop, Esq.<br>*Email:* WinthropR@ballardspahr.com<br>Penny M. Costa, Esq.<br>*Email*: costap@ballardspahr.com |
| **Counsel for Creditor Citibank, N.A.** | **Peitzman Weg LLP**<br>Larry Peitzman, Esq.<br>*Email:* lpeitzman@peitzmanweg.com |
| **Counsel for Amy J. Fink** | **Jones Day**<br>Robert A. Trodella<br>*Email*: rtrodella@jonesday.com |
| **Counsel for Harris County** | **Linebarger Goggan Blair & Sampson**<br>**LLP**<br>John P. Dillman<br>*Email*: houston_bankruptcy@lgbs.com |
| **Counsel for Informal Group of Certain**<br>**Former Howrey Attorneys** | **Dumas & Clark LLP**<br>Cecily A. Dumas<br>*Email*: Cecily.dumas@dumasclark.com<br>Robert E. Clark |

15

**Email:** *Robert.clark@dumasclark.com*

**Counsel for SAP America, Inc.**                    **Cooper White & Cooper LLP**
                                                     Peter C. Califano
                                                     **Email**: *pcalifano@cwclaw.com*

**Counsel for SAP America, Inc.**                    **Brown & Connery LLP**
                                                     Donald K. Ludman. Esq.
                                                     **Email:** *dludman@brownconnery.com*

**Counsel for McKenna Long and Aldridge**            Michael A. Isaacs, Esq.
                                                     **Email**: *misaacs@mckennalong.com*
                                                     *aworthing@mckennalong.com*

**Counsel for Jeffrey M. Judd**                      **Judd Law Group**
                                                     Jeffrey M. Judd, Esq.
                                                     **Email**: *jeff@juddlawgroup.com*
                                                     *melanie@juddlawgroup.com*

**Counsel for McGrane LLP**                          William Joseph Walraven, Esq.
                                                     **Email:** *anna.song@mcgranellp.com*

**Counsel for Cooper US, Inc.**                      **Cooper Industries, Inc.**
                                                     Paula Beck Whitten, Esq.
                                                     **Email:***paula.whitten@cooperindustries.com*

**Counsel for Neal Gerber & Eisenberg LLP**          **Hanson Bridgett LLP**
                                                     Nancy J. Newman
                                                     **Email:** *nnewman@hansonbridgett.com*

**_VIA EMAIL:_**

**Counsel for Creditor Citibank, N.A.**              **Paul, Weiss, Rifkind, Wharton &**
                                                     **Garrison**
                                                     Kelley A. Cornish, Esq.
                                                     **Email:** *kcornish@paulweiss.com*
                                                     Diane Meyers, Esq.
                                                     **Email:***dmeyers@paulweiss.com*
                                                     Jacob J. Adlerstein, Esq.
                                                     **Email**: *jadlerstein@paulweiss.com*
                                                     *ayoung@paulweiss.*com

                                                     **Ballard Spahr LLP**
                                                     Matthew Moncur, Esq.
                                                     **Email**: *moncurm@ballardspahr.com*

16

EMC Corporation
c/o Receivable Management Services
Steven Sass, Esq.
*Email*: steven.sass@rmsna.com
Ronald Rowland, Esq.
*Email*: Ronald.rowland@rmsna.com

**Olin Corporation**
S. Christian Mullgardt
*Email*: *scmullgardt@olin.com*

**Counsel for Kirkland & Ellis LLP**          **Thomas O. Kuhns, Esq.**
                                               *Email*:  *Thomas.kuhns@Steptoe.com*

**Counsel for Shaun  Goodman**                **Thomas O. Kuhns, Esq.**
                                               *Email*:  *thomas.kuhns@Steptoe.com*
                                               **Shaun Hibey, Esq.**
                                               *Email*: *shaun.Hibey@Steptoe.com*

17

_VIA U.S. MAIL:_

Richard Burdge, Esq.
The Burdge Law Firm PC
500 S Grand Ave Ste 1500
Los Angeles, CA 90071

Jeffrey C. Wisler, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19899
_Attorneys for Interested Party Connecticut General Life Insurance Company_

IKON Office Solutions
Recovery & Bankruptcy Group
3920 Arkwright Road, Suite 400
Macon, GA 31210

EMC Corporation
c/o RMS Bankruptcy Recovery Services
Attn: President or General/Managing Agent
P.O. Box 5126
Timonium, MD 21094-5126

Salter & Company LLC
4600 East-West Highway, Suite 300
Bethesda, MD 20814

County of Loudoun Virginia
Belkys Escobar
1 Harrison St., S.E. 5th Fl.
Leesburg, VA 20175-3102

Matura Farrington Staffing Services, Inc.
700 So. Flower Street, Suite 2505
Los Angeles, CA 90017

Guy Davis
Protiviti Inc.
1051 East Cary Street, Suite 602
Richmond, VA 23219

George E. Shoup, III
Development Specialists, inc.
6375 Riverside Drive, Suite 200
Dublin, OH 43017-5373

1   Kyle Everett
2   Development Specialists, Inc.
    235 Pine Street, Suite 1150
3   San Francisco, CA 94104

4   James W. Martin
    DHR International
5   5425 Wisconsin Ave., 4th Floor
    Chevy Chase, MD 20815

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
                        19
26

# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Allan B. Diamond, in his capacity as the Chapter 11 Trustee (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey"), James Hibey ("Hibey" or "SJ Former Howrey Partner"), and Steptoe & Johnson LLP ("Steptoe", together with the Trustee and Hibey, the "Parties"), as of the date signed below.

## RECITALS

A. On April 11, 2011, certain creditors of Howrey filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code initializing Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court");

B. On June 6, 2011, the Bankruptcy Court entered an Order for Relief and Converting the Bankruptcy Case to one under Chapter 11;

C. On October 12, 2011, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Bankruptcy Court approved the Trustee as the Chapter 11 Trustee in the Bankruptcy Case;

D. On or about February 12, 2013, the Trustee contacted Steptoe to coordinate production of information regarding alleged unfinished business claims without a Rule 2004 Subpoena (the "Unfinished Business Request") and requested information about legal matters that originated at Howrey and were later worked on at Steptoe as a result of the departure of Hibey from Howrey to Steptoe (the "Unfinished Business Claims").

E. On May 2, 2013, Steptoe responded to the Unfinished Business Request with certain information and invoices for alleged unfinished business on at least seven (7) different hourly client matters worked on at both Howrey and Steptoe. Later, Steptoe supplemented its response to the Unfinished Business Request by providing additional information regarding the alleged unfinished business worked on at both Howrey and Steptoe.

F. The Trustee and Steptoe entered into a Tolling Agreement dated May 31, 2013 to extend the Trustee's Filing Deadline until Monday, December 2, 2013. On or about November 28, 2013, the Parties executed the First Amendment to the Tolling Agreement to extend the filing deadline until Friday, February 28, 2014. On or about February 26, 2014, the Parties executed the Second Amendment to the Tolling Agreement to extend the filing deadline until Friday, June 6, 2014.

G. Hibey had also entered into the Stipulation to Toll Claims as an Adding Partner with the Trustee and agreed to be bound by the terms of the Stipulation to Toll Claims filed as Docket No. 1068 in the Bankruptcy Case.

H. From May 2, 2013, and continuing through April 10, 2014, the Trustee discussed, analyzed, and reviewed confidential memoranda prepared by his counsel to fully consider the

factual circumstances and legal issues relating to the Unfinished Business Claims against Steptoe.

I.     At the same time, the Trustee also considered and analyzed the excess distribution claims for draws distributions made to Hibey at a time when Howrey was insolvent and/or in violation of the Howrey Partnership Agreement (the "Excess Distribution Claims"). The Trustee believes that there are valid claims against the SJ Former Howrey Partner for money paid to the SJ Former Howrey Partners as draws and distributions for 2010 and/or 2011 (the "Transfers") on the grounds that the SJ Former Howrey Partner did not have an unrestricted right to the Transfers.

J.     Between May 2, 2013, and April 10, 2014, the Trustee and Steptoe (on behalf of the firm and Hibey) engaged in arms-length negotiations regarding the settlement of all of the claims that Howrey may have against Steptoe and Hibey. On April 10, 2014, the Trustee reached a "bundled" settlement with Steptoe and Hibey.

K.     Pursuant to this Agreement, the SJ Former Howrey Partner shall return to the Estate (as successor to Howrey) a portion of the Transfers. The Trustee (acting in its role as representative of Howrey) represents that he intends to use the settlement payment from the SJ Former Howery Partner under this Agreement as a return of capital to the Estate.

L.     Thus, in compromise of disputed matters and to avoid the expense of litigation and without admitting the validity of any claims that might be asserted by the Trustee, Steptoe and Hibey have accepted the Trustee's joint settlement offer to resolve the Unfinished Business Claims the Trustee has against Steptoe and/or Hibey, and the Excess Distributions Claims the Trustee has against the Hibey. Accordingly, the Trustee, Steptoe, and Hibey hereby enter into this Agreement.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby acknowledge and agree as follows:

1.     The Parties have agreed that Steptoe and Hibey shall pay the Trustee the total sum of $324,000, in a one-time payment (the "Payment"), to resolve the Unfinished Business Claims that the Trustee and/or Howrey has or may have against Steptoe and Hibey, and the Excess Distribution Claims that the Trustee and/or Howrey has or may have against Hibey.

2.     Within three (3) business days after the Effective Date of this Agreement, as defined in Paragraph 16 below, Steptoe shall transfer the Payment to the Trustee either by bank check or wire transfer, in the manner described below:

    a.   By bank check:

            Payable to: "Allan B. Diamond, Chapter 11 Trustee of Howrey LLP"
            Diamond McCarthy LLP
            Attention – Jason M. Rudd

Case: 11-31376    Doc# 1713    Filed: 05/05/14    Entered: 05/05/14 14:46:50    Page 22 of 34

Two Houston Center
909 Fannin Street, Suite 1500
Houston, Texas 77010; or

    b.  By wire transfer:

        Allan B. Diamond, Chapter 11 Trustee of Howrey LLP
        Account No. 9250393741
        Citibank, N.A.
        ABA No. 254070116

3.    Upon execution of this Agreement, the Trustee will seek the approval of the Bankruptcy Court of this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Steptoe and Hibey agree to reasonably cooperate, if required, in the request for approval of this Agreement from the Bankruptcy Court. This Agreement is expressly contingent upon the approval of the Bankruptcy Court.

4.    Upon the Effective Date of this Agreement and receipt of the Payment, the Trustee on behalf of Howrey and its estate, for consideration as enumerated above, and with the exception of the terms of Paragraph 7 of this Agreement, hereby releases, acquits, satisfies, and forever discharges Steptoe, and its respective successors, predecessors, assigns, representatives, insurers, guarantors, as well as its past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners (with the exception of any other former Howrey partner who may join Steptoe after the execution of this Agreement), parents, affiliates, affiliated companies, joint venture partners, insurers, subcontractors, attorneys, and agents, of and on account of all manner of action and actions, cause and causes of action, suits, debtors, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, or shall have against Steptoe.

5.    Upon the Effective Date of this Agreement and receipt of the Payment, the Trustee on behalf of Howrey and its estate, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Hibey, and his wife, his respective heirs, assigns, representatives, insurers, and guarantors, of and on account of all manner of action and actions, cause and causes of action, suits, debtors, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, or shall have against Hibey. Upon the Effective Date of this Agreement and after transfer of the Payment to the Trustee, Hibey and Steptoe, in their own name and on behalf of their agents, administrators, successors, heirs, and assigns, for consideration as enumerated above, hereby release, acquit, satisfy, and forever discharge Howrey and the Trustee, his successors, predecessors, successors, assigns, representatives, insurers, guarantors, as well as their past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, and agents, of and on account of all manner of action and actions,

Case: 11-31376   Doc# 1713   Filed: 05/05/14   Entered: 05/05/14 14:46:50   Page 23 of 34

cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Hibey and Steptoe have ever had, now have, or shall have against Howrey or the Trustee.

6. NOTHING CONTAINED IN THIS AGREEMENT, NOR THE NEGOTIATION, EXECUTION OR DELIVERY HEREOF BY ANY PARTY, SHALL BE DEEMED TO CONSTITUTE A WAIVER OR RELEASE OF ANY CLAIMS, RIGHTS OR ACTIONS THAT HOWREY, THE TRUSTEE, THE CREDITORS COMMITTEE, OR ANY OF ITS ASSIGNS, SHALL HAVE AGAINST: (A) ANY FORMER HOWREY PARTNER, OTHER THAN HIBEY; AND (B) ANY FORMER HOWREY PARTNER WHO MAY IN THE FUTURE BE EMPLOYED AT OR A PARTNER OF STEPTOE AFTER THE EFFECTIVE DATE OF THIS AGREEMENT. EACH OF THE TRUSTEE, HOWREY, AND STEPTOE HEREBY EXPRESSLY AGREE THAT HOWREY, THE TRUSTEE, THE CREDITORS COMMITTEE, OR ANY OF THEIR ASSIGNS, RESERVE AND RETAIN ALL RIGHTS AND CLAIMS THAT THEY MAY HAVE IN AND TO ALL CLAIMS, CAUSES OF ACTION AND RIGHTS, WHETHER PURSUANT TO THE BANKRUPTCY CODE, FEDERAL, STATE STATUTORY LAW OR COMMON LAW, OR OTHERWISE, AGAINST: (A) ANY FORMER HOWREY PARTNER, OTHER THAN HIBEY; AND (B) ANY FORMER HOWREY PARTNER WHO MAY IN THE FUTURE BE EMPLOYED AT OR A PARTNER OF STEPTOE AFTER THE EFFECTIVE DATE OF THIS AGREEMENT.

7. In connection with the limited releases set forth in paragraphs 4, 5 and 6 above, the Parties waive all rights they may have under section 1542 of the California Civil Code, which provides that:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

By executing this Agreement, the Parties expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

8. The signatory for Steptoe hereby represents that he or she has full power and authority to settle, limit or otherwise control the matters and claims which are the subject of this Agreement and has authority to execute this Agreement on behalf of Steptoe.

9. If applicable, the signatory for Hibey hereby represents that he or she has full power and authority to settle, limit or otherwise control the matters and claims which are the subject of this Agreement and has authority to execute this Agreement on his behalf.

10. The Trustee represents and warrants that he has the full power and authority to negotiate a final settlement of the matters and claims covered by this Agreement, subject to Bankruptcy Court approval described herein.

Case: 11-31376    Doc# 1713    Filed: 05/05/14    Entered: 05/05/14 14:46:50    Page 24 of 34

11.     The Parties acknowledge that the Trustee is acting solely in his capacity as the Chapter 11 Trustee of Howrey in this matter and has no personal liability whatsoever with respect to this Agreement or the transactions described herein.

12.     This Agreement shall be binding on any and all replacements, successors, or assigns of the Trustee, including without limitation a chapter 7 trustee if the Bankruptcy Case is converted to one under chapter 7. Except as otherwise specifically provided for herein, nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any party of interest that is not a party to this Agreement.

13.     This Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of California and the United States Bankruptcy Code and Federal Rules of Bankruptcy Procedure, as applicable. Each Party hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement which involves Howrey or the Trustee and agree that any such action, suit or proceeding shall be brought on in the Bankruptcy Court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to venue of any such action, suit or proceeding brought in such a court related solely to the Agreement and involving Howrey or the Trustee. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement as it relates to the Bankruptcy Case.

14.     Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith shall constitute or be construed as or be deemed to be evidence of an admission on the part of any party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

15.     This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed, electronic and emailed signatures shall be deemed originals.

16.     This Agreement shall be effective (the "Effective Date") fourteen (14) days after Steptoe and Hibey receive written notice from Howrey that the Bankruptcy Court has entered an order approving this Agreement under Bankruptcy Rule 9019.

AGREED:

Dated: May __5__, 2014

Howrey LLP, Debtor

By: _____
Allan B. Diamond, Chapter 11 Trustee

Page 5 of 6

Dated: May 1, 2014

Steptoe & Johnson LLP

By: _____

Dated: May 2, 2014

James Hibey

By: _____

Case: 11-31376   Doc# 1713   Filed: 05/05/14   Entered: 05/05/14 14:46:50   Page 26 of 34

# EXHIBIT B

**DIAMOND MCCARTHY LLP**
Andrew B. Ryan, Esq. *(pro hac vice)*
1201 Elm Street, Suite 3400
Dallas, TX 75270
Telephone: 214-389-5300
Facsimile: 214-389-5399
aryan@diamondmccarthy.com

*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669
*Local Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>HOWREY LLP,<br><br>        Debtor. | Case No. 11-31376 DM<br><br>Chapter 11<br><br>**DECLARATION OF ALLAN B. DIAMOND IN SUPPORT OF CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF ORDER APPROVING A BUNDLED SETTLEMENT WITH STEPTOE & JOHNSON LLP AND JAMES HIBEY** |

Allan B. Diamond makes this declaration under 28 U.S.C. § 1746, and states:

     1.     I am the chapter 11 trustee ("Trustee") in the above captioned bankruptcy case of

Howrey LLP ("Howrey" or "Debtor"). The Court approved my appointment on October 12,

2011. I make this declaration in support of my *Motion for Entry of Order Approving A Bundled Settlement with Steptoe & Johnson LLP and James Hibey* ("<u>Motion</u>").

2.     Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein or have confirmed such facts through consultations with professionals employed in this case or the Howrey estate.

3.     Following my appointment in this case on October 12, 2011, I engaged in extensive investigation and analysis of claims that could be asserted on behalf of Howrey's estate against former Howrey partners and the successor law firms that hired former Howrey partners. As part of those efforts, I engaged in discovery (under Rule 2004 or otherwise) with a number of successor law firms, including Steptoe & Johnson LLP ("<u>Steptoe</u>"), to obtain documents or other relevant information regarding the unfinished business of Howrey that might have been completed at the successor law firms.

4.     After Howrey's dissolution, Steptoe hired James Hibey ("<u>Hibey</u>") who was a former Level II partner in Howrey's Washington, D.C. office.   After an extensive review of discovery and months of arm's length negotiations, I have now reached a bundled settlement agreement with Steptoe and Hibey (the "<u>Bundled Settlement</u>").

5.     Through my counsel, I initiated informal discovery from Steptoe to obtain relevant information and data related to legal matters that originated at Howrey and were later transferred to Steptoe.   This data revealed that Hibey transferred unfinished business from Howrey to Steptoe that generated over $1.3 million in gross revenue (the "<u>Steptoe Revenue</u>") on seven hourly matters relating to former Howrey clients (the "<u>Former Howrey Matters</u>").

6.     Based upon my and my counsel's review and analysis of the data discussed above (supplemented by a thorough review of Howrey's documents and information), I believed that

Case: 11-31376    Doc# 1713    Filed: 05/05/14    Entered: 05/05/14 14:46:50    Page 29 of 34

the Howrey estate likely had meritorious claims against Steptoe for recovery of the profits collected on the Former Howrey Matters, both on fraudulent conveyance grounds and the unfinished business doctrine (the "Unfinished Business Claims"). Among other things, I believed Howrey's former partners improperly attempted to shield themselves and their successor firms (including Steptoe) from unfinished business claims by executing a so-called Jewel Waiver on the eve of Howrey's dissolution. I also believed that Howrey's partners approved this eleventh-hour Jewel Waiver knowing that similar waivers had been avoided as fraudulent transfers in prior law firm bankruptcies.

7. My counsel and my financial advisors also reviewed records of distributions, bonuses, and/or return of capital paid to Hibey (the "Hibey Payments"). According to this data, Howrey made distributions of approximately $578,000 to Hibey between the second quarter of 2010 and March 15, 2011 – the time period during which Howrey was insolvent, unable to pay its debts as they came due, or was inadequately capitalized (the "Distribution Claims").

8. After reviewing the discovery, my counsel made a settlement demand to Steptoe and Hibey on May 8, 2013, that sought to resolve the Unfinished Business Claims and Distribution Claims. After making this demand, Steptoe and Hibey raised several factual and legal defenses to the Unfinished Business Claims and the Distribution Claims. In discussing all of Steptoe's alleged defenses with my counsel, I had good reason to believe that most, if not all, of these arguments would not be ultimately meritorious.

9. In early 2014 and continuing through the end of March, 2014, I personally engaged in various face to face meetings in Los Angeles as well as had telephone conferences with members of Steptoe in a continuing effort to negotiate an amicable resolution to the Unfinished Business and Distribution Claims. In late March, 2014, an agreement in principle

3

was reached by me and senior representatives of Steptoe and Hibey to resolve all of the parties' disputes. That agreement was memorialized and executed by the parties in April/early May, 2014.

10.   This proposed agreement eliminates the time and expense of litigating the claims and defenses in a motion to dismiss as well as the risk of a negative result either in a dismissal order or after trial.

11.   The Bundled Settlement among the parties generally provides the Howrey estate with the following benefits:

a.   Within three business days of the Effective Date, Steptoe and/or Hibey shall pay $324,000 to the estate (the "Payment") via bank check or wire transfer. *See* Bundled Settlement ¶¶ 1-2.

b.   The Howrey estate will receive the Payment without the time, expense, and uncertainty of litigation that would likely include, among other things, a motion to dismiss, a motion for summary judgment, and a trial in this Court.

c.   Upon the Effective Date of the Bundled Settlement, Steptoe and Hibey will agree to release claims against Howrey and the Trustee (and their related parties) that they have ever had, now have, or shall have against Howrey and/or the Trustee. *See* Bundled Settlement ¶ 5.

12.   I believe that the compromise detailed in the Bundled Settlement that resolves all claims for $324,000 is in the best interest of the Howrey estate and its creditors. All of these benefits were obtained without litigation, and instead through good faith and arms-length negotiations with Steptoe and Hibey over the course of many months.

13.   Steptoe and Hibey are free to determine how to allocate the Payment in the Bundled Settlement among themselves. Based upon our course of dealing with Steptoe and Hibey, I allocate the $324,000 from the Bundled Settlement as follows: (a) $232,000 is

4

attributable to the Unfinished Business Claims; and (b) $92,000 is attributable to the Distribution Claims. In my professional judgment, both ranges are appropriate.

14. My ultimate decision to approve the Bundled Settlement is guided by the factors set out in *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854 (1986). The factors considered are "(a) [t]he probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Id.* (internal citations omitted).

15. Here, the factors weigh in favor of the Bundled Settlement.

16. <u>First</u>, this agreement results in the resolution of the Unfinished Business Claims and Distribution Claims without commencing any litigation. The portion of the Bundled Settlement attributable to the Unfinished Business Claims includes approximately 18% of the Steptoe Revenue, which is well within the range of reasonableness based on the range of settlements obtained in prior law firm bankruptcies, including before this Court.

17. Had litigation commenced over the Unfinished Business Claims, I believe there would have been minor risk that that the litigation would have been unsuccessful. However, given (i) the amount of unfinished business revenue at issue compared to the attendant costs of litigation; and (ii) the range of potential offsets or credits to which Steptoe might be entitled as part of the estate's damages calculations, even successful litigation would be unlikely to net the estate a materially higher recovery from the Unfinished Business Claims than provided for in the Bundled Settlement.

Case: 11-31376   Doc# 1713   Filed: 05/05/14   Entered: 05/05/14 14:46:50   Page 32 of 34

18.     Similarly, I believe that an approximate 16% recovery on the Hibey Payments is equal to or greater than a net recovery the estate might obtain in litigation and is a reasonable recovery to the estate, compared to the costs of litigation. Moreover, the settlement of the Hibey Payments results in collecting approximately 66% of the amounts Howrey distributed to Hibey in the first quarter of 2011.

19.     Accordingly, I believe the first *A & C Properties* element supports approval of the proposed settlement.

20.     Second, the Bundled Settlement satisfies the next prong of *A & C Properties* despite the strong likelihood of my ultimate success in collecting on the estate's claims. To date, the estate has incurred relatively low litigation costs in evaluating and pursuing these claims. Yet, the Bundled Settlement provides for an immediate payment and avoids the delays of litigation and collection efforts. Thus, this factor supports the proposed compromise.

21.     Third, the costs and delays that accompany litigation of the Unfinished Business Claims and the Distribution Claims could result in the estate netting a smaller recovery than provided in the proposed settlement which satisfies the third element of *A&C Properties*. For that reason, among others, I believe the most effective manner to resolve all claims against a successor firm and their partners is to reach a compromise like the one here—in a bundled manner by a single payment that resolves all claims with the firm and the subject partners.

22.     For these reasons, I have concluded in my business judgment that the Bundled Settlement is fair, equitable and in the best interest of the estate.

Dated: May 5, 2014

By: _____
Allan B. Diamond, Chapter 11 Trustee of the
Bankruptcy Estate of Howrey LLP