**DIAMOND MCCARTHY LLP**
Andrew B. Ryan, Esq. *(pro hac vice)*
James D. Sheppard, Esq. *(pro hac vice)*
1201 Elm Street, Suite 3400
Dallas, TX 75270
Telephone: 214-389-5300
Facsimile: 214-389-5399
aryan@diamondmccarthy.com
jsheppard@diamondmccarthy.com

*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669
e.nyberg@kornfieldlaw.com
c.kuhner@kornfieldlaw.com

*Local Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 11-31376 DM |
| | Chapter 11 |
| HOWREY LLP, | Hon. Dennis Montali |
| Debtor. | CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AGREEMENT WITH HOKE LLC, DAVID H. ANDERSON, AND DAVID H. ANDERSON LLC |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE:

Allan B. Diamond, the chapter 11 trustee ("Trustee") for Howrey LLP ("Howrey" or "Debtor"), hereby submits this motion ("Motion") pursuant to Federal Rule of Bankruptcy Procedure 9019(a) for entry of an order approving an unfinished business settlement between the Debtor and Hoke LLC ("HLLC"), David Anderson ("Anderson" or "HLLC Former Howrey Partner") and David H. Anderson LLC ("DHALLC" and collectively with the Trustee, HLLC, and Anderson, the "Parties"). This settlement (if approved) will resolve any and all claims between the Trustee, HLLC, Anderson, and DHALLC without the need for litigation, provides a cash payment to the estate, and is well within the Trustee's business judgment. In support of this Motion, the Trustee represents as follows:

## JURISDICTION

1.     The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and (b). This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2).

## BACKGROUND

*Howrey Bankruptcy and Claims Investigation*.

2.     On April 11, 2011, certain creditors of Howrey filed a chapter 7 involuntary petition against the Debtor. On June 6, 2011, the Court entered an order converting the above captioned case to a case under chapter 11 of the Bankruptcy Code.

3.     On September 22, 2011, the Court entered an order granting a motion to appoint a chapter 11 trustee. On October 7, 2011, the U.S. Trustee for the Northern District of California appointed the Trustee as chapter 11 trustee for the estate of Howrey. On October 12, 2011, the Court entered an order approving the appointment of the Trustee.

2

4.      Since his appointment, the Trustee and his counsel have analyzed potential claims to recover valuable assets of Howrey's estate.  The Trustee has identified claims against certain former Howrey partners and their successor law firms relating to "unfinished business" of Howrey and also known as *Jewel v. Boxer* claims.  In Adversary Complaints filed in this Court, the Trustee has alleged that Howrey's former partners attempted to shield themselves and their successor law firms from unfinished business claims by executing a so-called Jewel Waiver on the eve of Howrey's dissolution.  In alleging that the Jewel Waiver provided no benefit to Howrey (or its creditors), the Trustee is seeking to avoid the Jewel Waiver as a fraudulent transfer under applicable bankruptcy and state laws and to require the successor law firms to return the profits received from Howrey's unfinished business.

5.      On July 18, 2012, this Court entered an Order authorizing the Trustee to issue a Rule 2004 subpoena to certain successor law firms (including HLLC) that included a document request seeking, among other things, discovery related to the transfer of Howrey clients and client matters to the successor law firms and the compensation paid to the former Howrey partners.  *See* Case No. 11-31376, Docket No. 754.  In seeking the Rule 2004 subpoenas, the Trustee explained to this Court that "[b]y obtaining the information [regarding the former Howrey matters], the Trustee hopes to be able to initiate discussions with the Firms for the purpose of reaching resolution with respect to any potential claims regarding the Firms' receipt of fees from Howrey's former clients, and/or to initiate any appropriate legal proceedings.  *See id.* Docket No. 753.

6.      Before filing adversary complaints to avoid the Jewel Waiver and recover the unfinished business profits, the Trustee and certain successor law firms have engaged in negotiations to achieve a pre-suit resolution that would avoid the time and expense of litigation.

3

7. After discovery and analysis of these claims discussed below, the Trustee, HLLC, Anderson, and DHALLC have reached a compromise outlined in the Settlement Agreement (the "HLLC Settlement Agreement"), a copy of which is attached as **Exhibit A**. As discussed below and in his Declaration attached as **Exhibit B**, the Trustee has determined in the exercise of his reasonable business judgment that the proposed HLLC Settlement Agreement is fair and reasonable within the standards discussed above, and that it is in the best interests of the Howrey estate. *See* Diamond Decl. ¶¶ 15.

***Negotiations With HLLC and the Proposed Settlement***

8. On August 2, 2012, the Trustee served HLLC with a Rule 2004 subpoena for information regarding unfinished business claims (the "Unfinished Business Subpoena"), relating to legal matters that originated at Howrey and were transferred to HLLC in connection with the departure of a former Howrey partner (the "Unfinished Business Claims").

9. On or about May 31, 2013, the Trustee and HLLC entered into a Stipulation to Toll Claims that was filed in the Bankruptcy Case (DE # 1239) (the "Stipulation"). On or about March 10, 2014, the Trustee notified HLLC that it would terminate the Tolling Period in the Stipulation.

10. On or about March 17, 2014, HLLC provided certain information to the Trustee that included calculations of revenue collected on different hourly client matters transferred from Howrey to HLLC ("Former Howrey Matters") by former Howrey partner David H. Anderson (the "HLLC Former Howrey Partner").

11. Between March 17, 2014 and April 4, 2014, the Trustee and HLLC engaged in arms-length negotiations regarding the settlement of the Unfinished Business Claims that Howrey may have against HLLC. During this time, the Trustee also examined potential claims

4

against Anderson arising from excess distributions made at a time when Howrey was insolvent (the "Excess Distribution Claims"). *See id.* at ¶ 7.

12.     On April 4, 2014, the Parties reached the compromise that is the subject of this Motion. For the reasons discussed below, the Trustee submits that the proposed settlement is well within the range of reasonableness and in the best interests of the estate. By this Motion, the Trustee, therefore, requests that the Court approve the HLLC Settlement Agreement and grant the other requested relief so the estate and its creditors may obtain the benefits of this compromise.

## TERMS OF PROPOSED SETTLEMENT AGREEMENT

13.     Following extensive arm's-length negotiations, the Trustee and HLLC have reached a proposed resolution of the Trustee's Unfinished Business Claims against HLLC  The material terms of the HLLC Settlement Agreement are as follows:

    a.    **Payment**: Within three business days of the Effective Date, HLLC shall pay the sum of $59,579.10 to the Trustee (the "Payment") via check or wire transfer. *See* HLLC Settlement Agreement ¶¶ 1-2.

    b.    **Release by Trustee**: Upon the Effective Date of the HLLC Settlement Agreement and receipt by Trustee of the Payment, the Trustee will agree to (i) release any and all claims against HLLC; and (ii) release any and all claims against the HLLC Former Howrey Partner and DHALLC. *See* HLLC Settlement Agreement ¶ 4.

    c.    **Release by HLLC and Anderson**: Upon the Effective Date of the HLLC Settlement Agreement, HLLC, DHALLC and Anderson will agree to release claims against Howrey and/or the Trustee (and their related parties) that HLLC and/or Anderson has ever had, now has, or shall have against Howrey and/or the Trustee. *See* HLLC Settlement Agreement ¶ 5.

## BASIS FOR RELIEF AND APPLICABLE AUTHORITY

14.     By this Motion, the Trustee respectfully seeks the entry of an order pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a) approving the HLLC

5

Settlement Agreement. As discussed in further detail below, the HLLC Settlement Agreement provides a fair and equitable resolution of the Parties' disputes and is in the best interests of the Howrey estate.

15. Bankruptcy Rule 9019(a) provides, in part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). The Rule empowers bankruptcy courts to approve compromises and settlements that are "fair and equitable" and "in the best interest of the estate." *Martin v. Kane* (*In re A & C Properties*), 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854 (1986). "The bankruptcy court has 'great latitude' in approving compromise agreements." *Woodson v. Fireman's Insurance, Co.* (*In re Woodson*), 839 F.2d 610, 620 (9th Cir. 1988).

16. To evaluate a compromise, a bankruptcy court considers "(a) [t]he probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *In re A & C Properties*, 784 F.3d at 1381.

17. In addition to the four prong test set forth in *A & C Properties*, it is also well established that "the law favors compromise and not litigation for its own sake." *See Port O'Call Investment Co. v. Blair (In re Blair)*, 538 F.2d 849, 851 (9th Cir. 1976).

18. Although the Trustee, as the proponent of the settlement, bears the burden of persuasion (*see id.*), "a court generally gives deference to a trustee's business judgment in deciding whether to settle a matter," *In re Mickey Thompson, Entertainment Group, Inc.*, 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003).

Case: 11-31376   Doc# 1719   Filed: 05/05/14   Entered: 05/05/14 15:17:43   Page 6 of 31

*19.* As discussed below and in his Declaration, the Trustee has determined in the exercise of his reasonable business judgment that the proposed HLLC Settlement Agreement is fair and reasonable within the standards discussed above, and that it is in the best interests of the Howrey estate. *See* Diamond Decl. ¶¶ 15.

20. Here, there is no question that the HLLC Settlement Agreement and Payment are in the best interests of the estate. First, the Payment is approximately 9% of the gross revenue collected by HLLC on the former Howrey matters and, thus, well within the range of reasonableness based on the range of settlements obtained in prior law firm bankruptcies. *See* Diamond Decl. ¶ 11.

21. Second, the HLLC Settlement Agreement was achieved without the cost, delay, and uncertainty of litigation that would likely include, among other things, a motion to dismiss, a motion for summary judgment, a trial in this Court, and potential appeals. For example, HLLC raised certain factual defenses (unique to its firm) or legal defenses about whether the firm had unfinished business liability because either Anderson (a Level I partner) left Howrey prior to it dissolution or that his partnership status negated any duty to account. Although the Trustee believes that these issues will be resolved in the Trustee's favor, the HLLC Settlement Agreement obviates the risk that the Trustee faces in litigating these issues, among other defenses raised by HLLC. *See* Diamond Decl. ¶ 12.

22. Had the Trustee filed a lawsuit against HLLC to recover the unfinished business profits, the Trustee would initially need to prevail against any motion to dismiss filed by HLLC. At the time of the HLLC Settlement Agreement, this Court had already ordered the Trustee to amend his lawsuits against the successor law firms whom had also indicated that they would file a second round of motions to dismiss. Given that additional dismissal motions will be filed,

7

there was still some litigation risk to pursue claims against HLLC. Beyond these motions, HLLC also raised additional dispositive motions that it might file in response to the Trustee's claims. But still, the Trustee has good reason to believe that any dismissal motion filed by HLLC would be denied.

23. The proposed HLLC Settlement Agreement eliminates the time, expense, and uncertainty of litigating the claims and defenses in a motion to dismiss, other dispositive motions, as well as the risk of a negative result after trial. To date, the Trustee has incurred relatively low litigation costs in evaluating and pursuing these claims against HLLC, however, that figure will undoubtedly increase dramatically as other successor law firms pursue motions to dismiss. *See* Diamond Decl. ¶ 13.

24. Given the time, expense, the relatively small amount in dispute, and uncertainty associated with litigation to recover from HLLC, the Trustee believes that the Payment is within the range of reasonableness and will provide a substantial monetary benefit to the estate. *See id.* at ¶ 14.

25. The HLLC Settlement Agreement will also resolve the Excess Distribution Claims against Anderson that were unlikely to result in much, if any, benefit to the estate given the nature and amount of distributions at issue. *Id.* at ¶ 15.

26. In summary, because the proposed settlements satisfy all of the *A & C Properties* factors, the Trustee has concluded in his business judgment that the HLLC Settlement Agreement is fair, equitable, and in the best interest of the estate, and should be approved by the Court. *See* Diamond Decl. ¶ 16.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court grant the Motion and enter and order approving the Debtor's compromise with the Parties as described above.

Dated:   May 5, 2014

_/s/ James Sheppard_
Andrew B. Ryan, Esq. *(pro hac vice)*
James D. Sheppard, Esq. *(pro hac vice)*
DIAMOND McCARTHY LLP
1201 Elm Street, Suite 3400
Dallas, TX 75270
Telephone: 214-389-5300
Facsimile: 214-389-5399
aryan@diamondmccarthy.com
jsheppard@diamondmccarthy.com

Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone:  510-763-1000
Facsimile:  510-273-8669

*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

## NOTICE OF SERVICE

__X__ (CM/ECF) The document was electronically served on the parties to this action via the mandatory United States Bankruptcy Court of California CM/ECF system upon filing of above described document:

### SEE ATTACHED SERVICE LIST

__X__ (ELECTRONIC MAIL SERVICE) By electronic mail (e-mail) the above listed document(s) without error to the email address(es) set forth below on this date:

### SEE ATTACHED SERVICE LIST

__X__ (UNITED STATES MAIL) By depositing a copy of the above-referenced documents for mailing in the United States Mail, first class postage prepaid, at Houston, Texas, to the parties listed, at their last known mailing addresses, on this date:

### SEE ATTACHED SERVICE LIST

_____ (OVERNIGHT COURIER) By depositing a true and correct copy of the above referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

_____ (COURIER SERVICE) By providing true and correct copies of the above referenced documents [with copies of the supporting detailed invoices/attorney time records for the Final Fee Application] via courier delivery, to the following on or about _____:

_____(FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those people listed on the attached service list, on the date above written.

*/s/ Andrew B. Ryan*
Andrew B. Ryan

10

*VIA CM/ECF:*

**United States Trustee**

Minnie Loo, Esq.
Donna S. Tamanaha, Esq.
Office of the U.S. Trustee
235 Pine Street. 7th Floor
San Francisco, CA 94104-3484
*Email: Minnie.Loo@usdoj.gov*
*Email: Donna.S.Tamanaha@usdoj.gov*

**Chapter 11 Trustee**

Allan B. Diamond
**Diamond McCarthy, LLP**
Two Houston Center
909 Fannin Street, Suite 1500
Houston, Texas 77010
*Email: adiamond@diamondmccarthy.com*

**Counsel for the Chapter 11 Trustee**

**Diamond McCarthy, LLP**
Howard D. Ressler, Esq.
*Email: hressler@diamondmccarthy.com*
Stephen T. Loden, Esq.
*Email: sloden@diamondmccarthy.com*
Jason M. Rudd, Esq.
*Email: jrudd@diamondmccarthy.com*

**Kornfield Nyberg Bender & Kuhner P.C.**
Eric Nyberg
*Email: e.nyberg@kornfieldlaw.com*
Chris D. Kuhner
*Email: c.kuhner@kornfieldlaw.com*

**Debtor's Counsel**

**Wiley Rein LLP**
H. Jason Gold
Valerie P. Morison
Dylan G. Trache
*Email: jgold@wileyrein.com*
*Email: vmorrison@wileyrein.com*
*Email: dtrache@wileyrein.com*

**Murray & Murray**
Robert A. Franklin
Craig M. Prim
Jenny Lynn Fountain
*Email: rfranklin@murraylaw.com*
*Email: cprim@murraylaw.com*
*Email: jfountain@murraylaw.com*

**Duane Morris LLP**

Geoffrey A. Heaton, Esq.
*Email: gheaton@duanemorris.com*
Aron M. Oiner, Esq.
*Email: roiner@duanemorris.com*

Case: 11-31376   Doc# 1719   Filed: 05/05/14   Entered: 05/05/14 15:17:43   Page 11 of 31

| | |
|---|---|
| **Law Offices of Latham & Watkins** | Kimberly A. Posin, Esq.<br>*Email: kim.posin@lw.com* |
| **Murray & Murray** | Craig M. Prim, Esq.<br>*Email: cprim@murraylaw.com*<br>Robert A. Franklin, Esq.<br>*Email: rfranklin@murraylaw.com*<br>Jenny L. Fountain, Esq.<br>*Email: jlfountain@murraylaw.com* |
| **Official Committee of Unsecured Creditors** | **Whiteford, Taylor & Preston LLP**<br>Bradford F. Englander, Esq.<br>*Email: benglander@wtplaw.com*<br>John F. Carlton, Esq.<br>*Email: jcarlton@wtplaw.com*<br>Justin P. Fasano, Esq.<br>*Email: jfasano@wtplaw.com* |
| **Counsel for The Irvine Company, LLC** | **Allen Matkins, et al.**<br>*Email: mgreger@allenmatkins.com* |
| **Counsel for Creditor Citibank, N.A.** | **Paul, Weiss, Rifkind, Wharton & Garrison**<br>Kelley A. Cornish, Esq.<br>*Email: kcornish@paulweiss.com* |
| | **McNutt Law Group, LLP**<br>Scott H. McNutt, Esq.<br>*Email: smcnutt@ml-sf.com* |
| **Counsel for Creditor Protiviti, Inc.** | **Pachulski, Stang, Ziehl & Jones**<br>John D. Fiero, Esq.<br>*Email: jfiero@pszjlaw.com* |
| **Counsel for Creditor Oracle America, Inc.** | **Buchalter Nemer**<br>Shawn M. Christianson, Esq.<br>*Email: schristianson@buchalter.com* |
| **Counsel for Creditor U.S. Bank, N.A.,**<br>**as Trustee** | **Perkins Coie LLP**<br>David J. Gold, Esq.<br>*Email: dgold@perkinscoie.com*<br>Gabriel Liao, Esq.<br>*Email: gliao@perkinscoie.com* |
| **Counsel for Attorneys' Liability Assurance**<br>**Society, Inc.,** *A Risk Retention Group* | **Perkins Coie LLP**<br>Alan D. Smith, Esq.<br>*Email: adsmith@perkinscoie.com* |
| **Counsel for Creditors Advanced Discovery**<br>**LLc, Give Something Back, Inc., Jan Brown**<br>**& Associates, Kent Daniels & Associates, Inc.,** | **Trepel McGrane Greenfield LLP**<br>Maureen A. Harrington, Esq.<br>*Email: mharrington@tmcglaw.com* |

Case: 11-31376   Doc# 1719   Filed: 05/05/14   Entered: 05/05/14 15:17:43   Page 12 of 31

| | |
|---|---|
| **L.A. Best Photocopies, Inc., Western Messenger Service, Inc.** | Christopher D. Sullivan, Esq.<br>*Email: csullivan@tgsdlaw.com* |
| **Counsel for BP/CGCENTER I, LLC** | **Allen, Matkins, Leck, Gamble and Mallory**<br>William W. Huckins<br>*Email: whuckins@allenmatkins.com* |
| **Counsel for Creditor Warner Investment, L.P.** | **McKenna Long and Aldridge LLP**<br>Gregg S. Kleiner, Esq.<br>*Email: gkleiner@mckennalong.com* |
| **Counsel for Creditor Dewey & LeBoeuf LLP** | **Dewey and LeBoeuf**<br>Paul S. Jasper, Esq.<br>*Email: pjasper@dl.com* |
| **Counsel for Creditor Iron Mountain Information Management Inc.** | **Bartlett, Hackett and Feinberg**<br>Frank F. McGinn, Esq.<br>*Email: ffm@bostonbusinesslaw.com* |
| **Counsel for Creditor Hines REIT 321 North Clark Street, LLC** | **DLA Piper LLP**<br>Frank T. Pepler, Esq.<br>*Email: frank.pepler@dlapiper.com* |
| **Counsel for Creditor Stephanie Langley** | **Outten and Golden LLP**<br>Rene S. Roupinian, Esq.<br>*Email: rst@outtengolden.com* |
| **Counsel for Creditor Stephanie Langley** | **Law Offices of James D. Wood**<br>James D. Wood, Esq.<br>*Email: jdw@jdwoodlaw.com* |
| **Counsel for Creditor Pension Benefit Guaranty Corp.** | **Office of the Chief Counsel**<br>John Holland Ginsberg, Esq.<br>*Email: ginsberg.john@pbgc.gov* |
| **Counsel for Interested Party Connecticut General Life Insurance Company** | **Schnader Harrison Segal and Lewis**<br>Melissa Lor, Esq.<br>*Email: MLor@Schnader.com* |
| **Counsel for Howrey Claims LLC** | **McGrane LLP**<br>William McGrane, Esq.<br>*Email: william.mcgrane@mcgranellp.com* |
| | **Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP**<br>Christian D. Jinkerson, Esq.<br>ijinkerson@kleinlaw.com |
| **Counsel for Interested Party Connecticut General Life Insurance Co.** | Melissa Lor<br>*Email: mlor@schnader.com* |

13

| | | |
|---|---|---|
| 1 | **Counsel for Creditor Knickerbocker Properties, Inc. XXXIII** | **Seyfarth Shaw LLP** |
| 2 | | Scott Olson, Esq. |
| | | ***Email:*** *solson@seyfarth.com* |
| 3 | **Counsel for Creditor Banc of America Leasing & Capital, LLC** | **Law Offices of Serlin and Whiteford** |
| 4 | | Mark A. Serlin, Esq. |
| | | ***Email:*** *mserlin@globelaw.com* |
| 5 | **Counsel for Creditor Texas Comptroller of Public Accounts** | **Bankruptcy & Collections Division** |
| 6 | | Kimberly Walsh, Esq. |
| | | ***Email:*** *bk-kwalsh@oag.state.tx.us* |
| 7 | **Counsel for Creditor 200 S. Main Street Investors, LLC** | **Ballard Spahr Andrews and Ingersoll** |
| 8 | | Rebecca J. Winthrop, Esq. |
| | | ***Email:*** *WinthropR@ballardspahr.com* |
| | | Penny M. Costa, Esq. |
| | | ***Email:*** *costap@ballardspahr.com* |
| 9 | **Counsel for Creditor Citibank, N.A.** | **Peitzman Weg LLP** |
| 10 | | Larry Peitzman, Esq. |
| | | ***Email:*** *lpeitzman@peitzmanweg.com* |
| 11 | **Counsel for Amy J. Fink** | **Jones Day** |
| 12 | | Robert A. Trodella |
| | | ***Email:*** *rtrodella@jonesday.com* |
| 13 | **Counsel for Harris County** | **Linebarger Goggan Blair & Sampson LLP** |
| 14 | | John P. Dillman |
| | | ***Email:*** *houston_bankruptcy@lgbs.com* |
| 15 | **Counsel for Informal Group of Certain Former Howrey Attorneys** | **Dumas & Clark LLP** |
| 16 | | Cecily A. Dumas |
| | | ***Email:*** *Cecily.dumas@dumasclark.com* |
| | | Robert E. Clark |
| 17 | | ***Email:*** *Robert.clark@dumasclark.com* |
| 18 | **Counsel for SAP America, Inc.** | **Cooper White & Cooper LLP** |
| | | Peter C. Califano |
| | | ***Email:*** *pcalifano@cwclaw.com* |
| 19 | **Counsel for SAP America, Inc.** | **Brown & Connery LLP** |
| 20 | | Donald K. Ludman, Esq. |
| | | ***Email:*** *dludman@brownconnery.com* |
| 21 | **Counsel for McKenna Long and Aldridge** | Michael A. Isaacs, Esq. |
| 22 | | ***Email:*** *misaacs@mckennalong.com* |
| | | *aworthing@mckennalong.com* |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |

Case: 11-31376   Doc# 1719   Filed: 05/05/14   Entered: 05/05/14 15:17:43   Page 14 of 31

| | | |
|---|---|---|
| 1 | **Counsel for Jeffrey M. Judd** | **Judd Law Group** |
| | | Jeffrey M. Judd, Esq. |
| 2 | | ***Email***: *jeff@juddlawgroup.com* |
| | | *melanie@juddlawgroup.com* |
| 3 | | |
| | **Counsel for McGrane LLP** | William Joseph Walraven, Esq. |
| 4 | | ***Email:*** *anna.song@mcgranellp.com* |
| | | |
| 5 | **Counsel for Cooper US, Inc.** | **Cooper Industries, Inc.** |
| | | Paula Beck Whitten, Esq. |
| 6 | | ***Email:*** *paula.whitten@cooperindustries.com* |
| | | |
| 7 | **Counsel for Neal Gerber & Eisenberg LLP** | **Hanson Bridgett LLP** |
| | | Nancy J. Newman |
| 8 | | *Email:* *nnewman@hansonbridgett.com* |

**9**

*VIA EMAIL:*

**10**  **Counsel for Creditor Citibank, N.A.**   **Paul, Weiss, Rifkind, Wharton & Garrison**
Kelley A. Cornish, Esq.
**11**   ***Email:*** *kcornish@paulweiss.com*
Diane Meyers, Esq.
**12**   ***Email:*** *dmeyers@paulweiss.com*
Jacob J. Adlerstein, Esq.
**13**   ***Email***: *jadlerstein@paulweiss.com*
*ayoung@paulweiss.com*
**14**
**Ballard Spahr LLP**
**15**   Matthew Moncur, Esq.
***Email:*** *moncurm@ballardspahr.com*
**16**
**EMC Corporation**
**17**   c/o Receivable Management Services
Steven Sass, Esq.
**18**   ***Email***: *steven.sass@rmsna.com*
Ronald Rowland, Esq.
**19**   ***Email***: *Ronald.rowland@rmsna.com*

**20**   **Olin Corporation**
S. Christian Mullgardt
**21**   ***Email***: *scmullgardt@olin.com*

**22**  **Counsel for Ober Kaler LLP**   **John Anthony Wof, Esq.**
***Email***: *jawolf@ober.com*
**23**   *mhwhitman@ober.com*

**24**

**25**

**26**

*VIA U.S. MAIL:*

Richard Burdge, Esq.
The Burdge Law Firm PC
500 S Grand Ave Ste 1500
Los Angeles, CA 90071

Jeffrey C. Wisler, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19899
*Attorneys for Interested Party Connecticut General Life Insurance Company*

IKON Office Solutions
Recovery & Bankruptcy Group
3920 Arkwright Road, Suite 400
Macon, GA 31210

EMC Corporation
c/o RMS Bankruptcy Recovery Services
Attn: President or General/Managing Agent
P.O. Box 5126
Timonium, MD 21094-5126

Salter & Company LLC
4600 East-West Highway, Suite 300
Bethesda, MD 20814

County of Loudoun Virginia
Belkys Escobar
1 Harrison St., S.E. 5th Fl.
Leesburg, VA 20175-3102

Matura Farrington Staffing Services, Inc.
700 So. Flower Street, Suite 2505
Los Angeles, CA 90017

Guy Davis
Protiviti Inc.
1051 East Cary Street, Suite 602
Richmond, VA 23219

George E. Shoup, III
Development Specialists, inc.
6375 Riverside Drive, Suite 200
Dublin, OH 43017-5373

1  Kyle Everett
   Development Specialists, Inc.
2  235 Pine Street, Suite 1150
   San Francisco, CA 94104

3
   James W. Martin
4  DHR International
   5425 Wisconsin Ave., 4th Floor
5  Chevy Chase, MD 20815

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

17

# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Allan B. Diamond, in his capacity as the Chapter 11 Trustee (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey") on the one hand, and Hoke Attorneys at Law LLC ("HLLC"), David H. Anderson ("Anderson"), and David H. Anderson, LLC ("DHALLC") on the other (collectively, the "Parties"), as of the date signed below.

## RECITALS

A. On April 11, 2011, certain creditors of Howrey filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code initializing Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court");

B. On June 6, 2011, the Bankruptcy Court entered an Order for Relief and Converting the Bankruptcy Case to one under Chapter 11;

C. On October 12, 2011, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Bankruptcy Court approved the Trustee as the Chapter 11 Trustee in the Bankruptcy Case;

D. On or about August 2, 2012, the Trustee served HLLC with a Rule 2004 subpoena (the "Unfinished Business Subpoena") for information regarding claims arising from legal matters that allegedly originated at Howrey and were later transferred to HLLC in connection with the departure of the HLLC Former Howrey Partner (as defined below) from Howrey to HLLC.

E. On or about May 31, 2013, the Trustee and HLLC entered into a Stipulation to Toll Claims that was filed in the Bankruptcy Case (DE # 1239) (the "Stipulation"). On or about March 10, 2014, the Trustee notified HLLC that it would terminate the Tolling Period in the Stipulation.

F. On or about March 17, 2014, HLLC provided certain information to the Trustee that included calculations of revenue collected on different hourly client matters transferred from Howrey to HLLC ("Former Howrey Matters") by former Howrey partner David H. Anderson (the "HLLC Former Howrey Partner").

G. After receiving this information about the Former Howrey Matters, the Trustee identified certain claims to the profits collected by HLLC on the Former Howrey Matters arising out of the HLLC Former Howrey Partner's duty to account to Howrey (the "Unfinished Business Claims").

H. HLLC and Anderson deny they have any duty to account to Howrey for profits collected by HLLC on Former Howrey Matters.

I.      For a period of months leading up to March 2014, the Trustee has discussed and analyzed the factual circumstances and legal issues relating to the Former Howrey Matters and the Unfinished Business Claims against HLLC.

J.      Between March 17, 2014 and April 3, 2014, in the interest of avoiding litigation, the Trustee and HLLC engaged in arms-length negotiations regarding the settlement of the Unfinished Business Claims that Howrey may have against HLLC.  On April 3, 2013, the Trustee accepted HLLC's settlement offer to resolve the Unfinished Business Claims.  Later, on April 4, 2013, the Trustee also agreed to include Anderson and DHALLC as parties to the Agreement.

K.      This Agreement does not limit, in any way, the rights of Anderson to pursue the Proof of Claim # 628 that he filed in the Bankruptcy Case (the "Anderson POC"), nor does this Agreement limit, in any way, the Trustee's ability or right to object to the Anderson POC.

L.      Accordingly, the Trustee, HLLC, Anderson, and DHALLC hereby enter into this Agreement.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby acknowledge and agree as follows:

1.      The Parties have agreed that HLLC shall pay the Trustee the sum of $59,579.10, in a one-time payment (the "Payment"), to resolve the Unfinished Business Claims arising from the Former Howrey Matters that the Trustee and/or Howrey has or may have against HLLC.

2.      Within three (3) business days after the Effective Date of this Agreement, as defined in Paragraph 15 below, HLLC shall transfer the Payment to the Trustee either by check or wire transfer, in the manner described below:

   a.   By check:

> Payable to: "Allan B. Diamond, Chapter 11 Trustee of Howrey LLP"
> Diamond McCarthy LLP
> Attention – Jason M. Rudd
> Two Houston Center
> 909 Fannin Street, Suite 1500
> Houston, Texas 77010; or

   b.   By wire transfer:

> Allan B. Diamond, Chapter 11 Trustee of Howrey LLP
> Account No. 9250393741
> Citibank, N.A.
> ABA No. 254070116

Case: 11-31376    Doc# 1719    Filed: 05/05/14    Entered: 05/05/14 15:17:43    Page 20 of 31

3.      Upon execution of this Agreement, the Trustee will seek the approval of the Bankruptcy Court of this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). HLLC, Anderson, and DHALLC agree to reasonably cooperate, if required, in the request for approval of this Agreement from the Bankruptcy Court. This Agreement is expressly contingent upon the approval of the Bankruptcy Court.

4.      Upon the Effective Date of this Agreement and receipt of the Payment, the Trustee on behalf of Howrey, for consideration as enumerated above, and subject to the terms of Paragraphs 5 and 6 of this Agreement, hereby releases, acquits, satisfies, and forever discharges HLLC, Anderson, and DHALLC, and their respective successors, predecessors, assigns, representatives, insurers, guarantors, as well as its past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, insurers, and agents, of and on account of all manner of action and actions, cause and causes of action, claims, suits, debtors, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, shall have against HLLC, Anderson, or DHALLC; provided, however, the scope of this release does not include any claims or rights the Trustee might seek to assert in the future against HLLC as a result of any former Howrey partner not listed in Recital F who may in the future become employed at or become a partner of HLLC after the Effective Date of this Agreement and which former Howrey partner is the subject of unfinished business claims that are pending, asserted, or subject to a tolling agreement as of the Effective Date of this Agreement. For further avoidance of doubt, the scope of this release does not include a release by the Trustee of any claims or objections that might arise in connection with (or be related to) to the Anderson POC filed in the Bankruptcy Case.

5.      Upon the Effective Date of this Agreement and after transfer of the Payment to the Trustee, HLLC, Anderson, and DHA LLC, in their own name and on behalf of their agents, administrators, successors, and assigns, for consideration as enumerated above, hereby release, acquit, satisfy, and forever discharge Howrey and the Trustee, his successors, predecessors, assigns, representatives, insurers, guarantors, as well as its past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, insurers, and agents, of and on account of all manner of action and actions, cause and causes of action, claims, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that HLLC,  Anderson, and/or DHALLC has ever had, now have, or shall have against Howrey or the Trustee; provided, however, the scope of this release does not include any claim, rights, or defenses HLLC might seek to assert in the future against the Trustee as a result of any former Howrey partner not listed in Recital F who may in the future become employed at or become a partner of HLLC after the Effective Date of this Agreement and which former Howrey partner is the subject of unfinished business claims that are pending, asserted, or subject to a tolling agreement as of the Effective Date of this Agreement. For further avoidance of doubt, the scope of the Agreement does not include a release by Anderson to any claims or rights that

Case: 11-31376     Doc# 1719     Filed: 05/05/14     Entered: 05/05/14 15:17:43     Page 21 of 31

might arise in connection with (or be related to) to the Anderson POC filed in the Bankruptcy Case.

6.     NOTHING CONTAINED IN THIS AGREEMENT, NOR THE NEGOTIATION, EXECUTION OR DELIVERY HEREOF BY ANY PARTY, SHALL BE DEEMED TO CONSTITUTE A WAIVER OR RELEASE OF ANY CLAIMS, RIGHTS OR ACTIONS THAT HOWREY, THE TRUSTEE, THE CREDITORS COMMITTEE, OR ANY OF THEIR ASSIGNS, SHALL HAVE AGAINST: (A) THE HLLC FORMER HOWREY PARTNER LISTED ABOVE IN RECITAL F, BUT SOLELYFOR PURPOSES OF OBJECTING OR SEEKING TO DISALLOW THE ANDERSON POC; (B) ANY FORMER HOWREY PARTNER NOT LISTED ABOVE IN RECITAL F WHO MAY IN THE FUTURE BE EMPLOYED AT OR A PARTNER OF HLLC AFTER THE EFFECTIVE DATE OF THIS AGREEMENT WHERE CLAIMS OF UNFINISHED BUSINESS AGAINST SUCH FORMER HOWREY PARTNER ARE PENDING, ASSERTED, OR SUBJECT TO A TOLLING AGREEMENT AS OF THE EFFECTIVE DATE OF THIS AGREEMENT; OR (C) HLLC FOR CLAIMS ARISING FROM LEGAL MATTERS THAT ALLEGEDLY ORIGINATED AT HOWREY AND WERE LATER TRANSFERRED TO HLLC IN CONNECTION WITH ANY FORMER HOWREY PARTNER NOT LISTED ABOVE IN RECITAL F WHO MAY IN THE FUTURE BE EMPLOYED AT OR A PARTNER OF HLLC AFTER THE EFFECTIVE DATE OF THIS AGREEMENT WHERE CLAIMS OF UNFINISHED BUSINESS AGAINST SUCH FORMER HOWREY PARTNER ARE PENDING, ASSERTED, OR SUBJECT TO A TOLLING AGREEMENT AS OF THE EFFECTIVE DATE OF THIS AGREEMENT. EACH OF THE TRUSTEE, HOWREY, HLLC, AND ANDERSON HEREBY EXPRESSLY AGREE THAT HOWREY, THE TRUSTEE, THE CREDITORS COMMITTEE, OR ANY OF THEIR ASSIGNS, RESERVE AND RETAIN ALL RIGHTS, CLAIMS AND CAUSES OF ACTION, OTHER THAN AS SET FORTH IN PARAGRAPH 4 RELATING TO THE FORMER HOWREY MATTERS, THAT THEY MAY HAVE, WHETHER PURSUANT TO THE BANKRUPTCY CODE, FEDERAL, STATE STATUTORY LAW OR COMMON LAW, OR OTHERWISE, AGAINST: (A) ANY FORMER HOWREY PARTNER, OTHER THAN ANDERSON; (B) ANY FORMER HOWREY PARTNER WHO MAY IN THE FUTURE BE EMPLOYED AT OR A PARTNER OF HLLC AFTER THE EFFECTIVE DATE OF THIS AGREEMENT WHERE CLAIMS OF UNFINISHED BUSINESS AGAINST SUCH FORMER HOWREY PARTNER ARE PENDING, ASSERTED, OR SUBJECT TO A TOLLING AGREEMENT AS OF THE EFFECTIVE DATE OF THIS AGREEMENT; AND (C) HLLC WITH RESPECT TO UNFINISHED BUSINESS CLAIMS THAT MAY ARISE IN THE FUTURE SOLELY AS A RESULT OF HLLC'S EMPLOYMENT OR ACCEPTANCE OF A FORMER HOWREY PARTNER (OTHER THAN THE HLLC FORMER HOWREY PARTNER IDENTIFIED IN RECITAL F) AS A PARTNER OF HLLC AFTER THE EFFECTIVE DATE OF THIS AGREEMENT WHERE SUCH UNFINISHED BUSINESS CLAIMS ARE PENDING, ASSERTED, OR SUBJECT TO A TOLLING AGREEMENT AS OF THE EFFECTIVE DATE OF THIS AGREEMENT.

7.     In connection with the limited releases set forth in paragraphs 4, 5, and 6 above, the Parties waive all rights they may have under section 1542 of the California Civil Code, which provides that:

Case: 11-31376     Doc# 1719     Filed: 05/05/14     Entered: 05/05/14 15:17:43     Page 22 of 31

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

By executing this Agreement, the Parties expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

8. The signatories for HLLC and DHALLC hereby represent that he or she has full power and authority to settle, limit or otherwise control the matters and claims which are the subject of this Agreement and has authority to execute this Agreement on behalf of HLLC and DHALLC.

9. The Trustee represents and warrants that he has the full power and authority to negotiate a final settlement of the matters and claims covered by this Agreement, subject to Bankruptcy Court approval described herein.

10. The Parties acknowledge that the Trustee is acting solely in his capacity as the Chapter 11 Trustee of Howrey in this matter and has no personal liability whatsoever with respect to this Agreement or the transactions described herein.

11. This agreement shall be binding on any and all replacements, successors, or assigns of the Trustee, including without limitation a chapter 7 trustee if the Bankruptcy Case is converted to one under chapter 7. **Except as otherwise specifically provided for herein, nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any party of interest that is not a party to this Agreement.**

12. This Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of California and the United States Bankruptcy Code and Federal Rules of Bankruptcy Procedure, as applicable. Each Party hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement which involves Howrey or the Trustee and agree that any such action, suit or proceeding shall be brought on in the Bankruptcy Court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to venue of any such action, suit or proceeding brought in such a court related solely to the Agreement and involving Howrey or the Trustee. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement as it relates to the Bankruptcy Case.

13. Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith shall constitute or be construed as or be deemed to be evidence of an admission on the part of any party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

Case: 11-31376    Doc# 1719    Filed: 05/05/14    Entered: 05/05/14 15:17:43    Page 23 of 31

14.     This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed, electronic and emailed signatures shall be deemed originals.

15.     This Agreement shall be effective (the "Effective Date") fourteen (14) days after HLLC receives written notice from Howrey that the Bankruptcy Court has entered an order approving this Agreement under Bankruptcy Rule 9019.

AGREED:

Dated: April 11, 2014

Howrey LLP, Debtor

By: _____
Allan B. Diamond, Chapter 11 Trustee

Dated: April 11, 2014

Hoke Attorneys at Law LLC

By: _____
Stephen Hoke

Dated: April 11, 2014

David H. Anderson

By: _____

Dated: April 11, 2014

David H. Anderson, LLC

By: _____
David H. Anderson

Case: 11-31376     Doc# 1719     Filed: 05/05/14     Entered: 05/05/14 15:17:43     Page 24 of 31

# EXHIBIT B

**DIAMOND MCCARTHY LLP**
Andrew B. Ryan, Esq. *(pro hac vice)*
James D. Sheppard, Esq. *(pro hac vice)*
1201 Elm Street, Suite 3400
Dallas, TX 75209
Telephone: 214-389-5300
Facsimile: 214-389-5399
aryan@diamondmccarthy.com
jsheppard@diamondmccarthy.com

*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669
*Local Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>HOWREY LLP,<br><br>        Debtor. | Case No. 11-31376 DM<br><br>Chapter 11<br><br>**DECLARATION OF ALLAN B. DIAMOND IN SUPPORT OF CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT WITH HOKE ATTORNEYS AT LAW LLC, DAVID H. ANDERSON LLC, AND DAVID H. ANDERSON** |

Allan B. Diamond makes this declaration under 28 U.S.C. § 1746, and states:

501109 v.1

1

1.      I am the chapter 11 trustee ("Trustee") for Howrey LLP ("Howrey" or "Debtor"). The Court approved my appointment on October 12, 2011. I make this declaration in support of my *Motion for Entry of Order Approving Settlement Agreement With Hoke Attorneys at Law LLC, David Anderson, and David H. Anderson LLC* ("Motion").

2.      Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein or have confirmed such facts through consultations with professionals employed in this case or the Howrey estate.

3.      Following my appointment in this case on October 12, 2011, I engaged in extensive investigation and analysis of claims that could be asserted on behalf of Howrey's estate against former Howrey partners and the successor law firms that hired the former Howrey partners. As part of those efforts, I engaged in Rule 2004 discovery with a number of successor law firms, including Hoke Attorneys at Law LLC ("HLLC"), to obtain documents or other relevant information regarding the unfinished business of Howrey that might have been completed at the successor law firms.

4.      On or about March 17, 2014, HLLC provided certain information to the Trustee that included calculations of revenue collected on different hourly client matters transferred from Howrey to HLLC ("Former Howrey Matters") by former Howrey partner David Anderson (the "HLLC Former Howrey Partner").

5.      Based upon my and my counsel's review and analysis of the HLLC data produced, I believed that the Howrey estate likely had meritorious claims against HLLC for recovery of the profits earned on the Former Howrey Matters, both on fraudulent conveyance grounds and the unfinished business doctrine ("Unfinished Business Claims"). Among other things, I believed Howrey's former partners improperly attempted to shield themselves and their

Case: 11-31376   Doc# 1719   Filed: 05/05/14   Entered: 05/05/14 15:17:43   Page 27 of 31

successor firms (including HLLC) from unfinished business claims by executing a so-called Jewel Waiver on the eve of Howrey's dissolution. I also believed that Howrey's partners approved this eleventh-hour Jewel Waiver knowing that similar waivers had been avoided as fraudulent transfers in prior law firm bankruptcies.

6. I also believed that the Howrey estate had meritorious claims against HLLC because the HLLC Former Howrey Partner dissociated from Howrey prior to its dissolution and caused the transfer of and/or transferred pending matters from Howrey to HLLC that included hourly cases that were matters arising prior to their dissociation from Howrey (the "Pre-Dissolution Matters"). Thus, the Pre-Dissolution Matters are matters arising prior to Anderson's dissociation from Howrey and are, therefore, subject to the duty to account contained in D.C. Code §§ 33-104.04 and 33-106.03(b)(3).

7. Between March 17, 2014 and April 4, 2014, HLLC and my counsel engaged in arm's length negotiations regarding the settlement of unfinished business claims that the Trustee and/or Howrey has or may have against HLLC. During this time, my counsel also examined potential claims against Anderson arising from excess distributions made at a time when Howrey was insolvent (the "Excess Distribution Claims").

8. On April 4, 2014, I authorized my counsel to accept settlement with HLLC which resulted in a compromise embodied in the HLLC Settlement Agreement that generally provides the Howrey estate with the following benefits:

     a. Within three business days of the Effective Date, HLLC shall pay the sum of $59,579.10 to the estate (the "Payment") via bank check or wire transfer. *See* HLLC Settlement Agreement ¶¶ 1-2.

     b. Upon the Effective Date of the HLLC Settlement Agreement, the Trustee will agree to release claims against HLLC (and related parties) that the

Case: 11-31376    Doc# 1719    Filed: 05/05/14    Entered: 05/05/14 15:17:43    Page 28 of 31

Trustee has ever had, now has, or shall have against HLLC.  *See* HLLC Settlement Agreement ¶ 4.

    c.    Upon the Effective Date of the HLLC Settlement Agreement, the Trustee will agree to release claims against Anderson and David H. Anderson LLC ("DHALCC") that the Trustee has ever had, now has, or shall have against Anderson or DHALLC.  *See* HLLC Settlement Agreement ¶ 4.

    d.    Upon the Effective Date of the HLLC Settlement Agreement, HLLC, DHALLC, and Anderson will agree to release claims against Howrey and the Trustee (and their related parties) that HLLC, DHALLC and Anderson has ever had, now has, or shall have against Howrey and/or the Trustee.  *See* HLLC Settlement Agreement ¶ 5.

9.    I believe that the compromise detailed in the HLLC Settlement Agreement is in the best interest of the Howrey estate and its creditors.  All of these benefits were obtained without litigation, but instead through good faith and arm's length negotiations with HLLC, Anderson, and their counsel.

10.    My ultimate decision to approve the HLLC Settlement Agreement is guided by the factors set out in *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854 (1986).  The factors considered are "(a) [t]he probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises."  *Id.* (internal citations omitted).  Here, the factors weigh in favor of the HLLC Settlement Agreement.

11.    <u>First</u>, the HLLC Settlement Agreement results in a compromise of the unfinished business claims and Payment to the estate without commencing any litigation.  The Payment is approximately 9% of the gross revenue collected by HLLC on the former Howrey matters and,

Case: 11-31376    Doc# 1719    Filed: 05/05/14    Entered: 05/05/14 15:17:43    Page 29 of 31

thus, well within the range of reasonableness based on the range of settlements obtained in prior law firm bankruptcies.

12.    Second, HLLC raised certain factual defenses (unique to its firm) or legal defenses about whether the firm had unfinished business liability because either Anderson (a Level I partner) left Howrey prior to it dissolution or that his partnership status negated any duty to account.  Although the Trustee believes that these issues will be resolved in the Trustee's favor, the HLLC Settlement Agreement obviates the risk that the Trustee faces in litigating these issues.

13.    To date, the estate's litigation costs with regard to its evaluation of claims against HLLC or Anderson have been relatively low, however, that figure will undoubtedly increase in the future because successor law firm defendants are planning to file additional motions to dismiss in the near future.

14.    Had litigation commenced over the unfinished business claims, I believe there would have been little risk that the litigation would have been unsuccessful.  However, given (i) the amount of unfinished business revenue at issue compared to the attendant costs (and risks) of litigation; and (ii) the range of potential offsets or credits to which HLLC might be entitled as part of the estate's damages calculations, even a successful litigation would be unlikely to net the estate a materially higher recovery than provided for in the proposed settlement.

15.    The HLLC Settlement Agreement will also resolve the Excess Distribution Claims against Anderson that were unlikely to result in much, if any, benefit to the estate given the nature and amount of distributions at issue.

16.    For these reasons, I have concluded in my business judgment that the HLLC Settlement Agreement is fair, equitable and in the best interest of the estate and its creditors.

501109 v.1

5

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge and belief.

Dated: April 29, 2014

By: _____

       Allan B. Diamond, Chapter 11 Trustee of the Bankruptcy Estate of Howrey LLP

501109 v.1

6