**DIAMOND MCCARTHY LLP**
Andrew B. Ryan, Esq. *(pro hac vice)*
1201 Elm Street, Suite 3400
Dallas, TX 75270
Telephone: 214-389-5300
Facsimile: 214-389-5399
*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669
*Local Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

**WHITEFORD TAYLOR PRESTON LLP**
Bradford F. Englander (Ca. Bar No. 122108)
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
Telephone: 703-280-9081
Facsimile: 703-280-3370
*Attorneys for the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 11-31376 DM |
| HOWREY LLP, | Chapter 11 |
| Debtor. | JOINT MOTION TO APPROVE A SETTLEMENT WITH THE FORMER HOWREY PARTNERS REPRESENTED BY KTBS |

Allan B. Diamond, chapter 11 trustee ("Trustee") of Howrey LLP ("Howrey"), and the

Official Committee of Unsecured Creditors (the "Creditors' Committee") hereby file this Motion

#502581v1

to Approve a Settlement with the former Howrey Partners represented by the law firm of Klee Tuchin Bogdanoff & Stern LLP ("KTBS"). This joint motion shall hereinafter be referred to as the "KTBS Howrey Partners Settlement Motion" and in support of this Joint Motion, the Trustee and Creditors' Committee respectfully state as follows:

## INTRODUCTION

For over a year, the Trustee and Creditors' Committee have been engaged in ongoing settlement discussions with the KTBS law firm, which represents a substantial group of former Level II equity partners at Howrey (the "KTBS Howrey Partners"). The negotiations have been vigorously and painstakingly fought. All potential claims and defenses have been thoroughly vetted, exchanged in legal memoranda having "brief-quality" work product, and argued face-to-face, in volumes of correspondence and during innumerable telephone conferences spanning almost two years under the auspices of Federal Rule of Evidence 408 and its state court analogues. Indeed, collectively the parties have incurred substantial expenditures of attorneys' fees and costs to reach this settlement. Moreover, the negotiations had to be mediated: The Honorable Arthur J. Gonzalez (Ret.) spent two days with the parties in December of 2013. Although a settlement was not reached at the mediation, the parties made substantial progress, which was the basis for an agreement in principle shortly thereafter. Finally, the Trustee, the Creditors' Committee and the KTBS Howrey Partners reached a settlement on all terms this spring that will not only bring in excess of $4.2 million in cash to the Estate, but will also lay the groundwork for potential additional settlements with the many remaining former Howrey Partners during the months ahead. Thus, for the reasons set out for more fully below, the Trustee and the Creditors' Committee jointly request that the Court grant the KTBS Howrey Partners Settlement Motion.

# FACTUAL BACKGROUND

## A.    Background of the Estate's Clawback Claims

On April 11, 2011 (the "Petition Date"), certain creditors of Howrey filed an involuntary petition for relief under chapter 7 of the United States Bankruptcy Code initiating Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"). On June 6, 2011, the Bankruptcy Court entered an order converting the Bankruptcy Case to a voluntary case under chapter 11 of the Bankruptcy Code.

On December 10, 2012, the law firm of Klee, Tuchin, Bogdanoff & Stern LLP ("KTBS") law firm filed and served a verified statement that it represented the KTBS Howrey Partners, a group of former Level II equity partners at Howrey, in connection with the Bankruptcy Case and "for the purpose of protecting and advancing certain common interests" held by the KTBS Howrey Partners. *See* Docket #913. Ultimately, KTBS came to represent sixty-one (61) partners in the group of KTBS Howrey Partners.

After the Trustee was appointed, he and his counsel identified claims against various former Howrey partners to recoup compensation each had received while Howrey was insolvent and/or unprofitable under various causes of action (the "Clawback Claims"). The Clawback Claims consist primarily of two types of claims – breach of contract claims (the "Contract Claims") and fraudulent transfer claims under the Bankruptcy Code (the "Fraudulent Transfer Claims").[1]

---

[1]    Although the Contract Claims and the Fraudulent Transfer Claims constitute the most valuable Clawback Claims, the Clawback Claims also include – and thus the definitions of "Clawback Claims" and "Trustee Released Claims" both include, unless otherwise expressly excluded – any and all claims and causes of action, whether under state or federal law, that were or could have been asserted by the Trustee or the Creditors' Committee arising out of, relating to, or deriving from Howrey's failure or its bankruptcy.

3

The Contract Claims arise from Section 9.2 of Howrey's Partnership Agreement. Section 9.2, titled "Draws," provides:

> During the calendar year, each Level II Partner shall receive advances against his/her share of Partnership profits in amounts and on a schedule determined by the Executive Committee ("Draws"). Such Draws are not salaries or any other form of guaranteed compensation, and are at all times subject to reconciliation with a partner's actual share of Partnership profits during the time such partner is a partner of the Firm. In the event a partner ceases to be a partner for any reason, and such partner's draws within a calendar year exceed his/her share of actual cash basis Partnership profits for the period of time he/she was a partner in such year, such excess draws will be a debt owed to the Firm and personally guaranteed by such partner. Notwithstanding any other provisions of this Agreement, each Level II Partner hereby acknowledges and agrees that such debt must be satisfied within one hundred and eighty (180) days of his/her departure from the Firm and that, unless otherwise paid by such date, such debt may be satisfied by the Firm deducting such amount from the partner's capital account.

The Fraudulent Transfer Claims arise from Sections 544, 548, and 550 of the Bankruptcy Code (and the laws of numerous states and the District of Columbia, incorporated thereby), and generally require the Trustee to prove that: (a) Howrey was insolvent at the time of the alleged fraudulent transfer; and (b) Howrey did not receive reasonably equivalent value for the transfer; or (c) the transfers were made with the intent to hinder, delay, or defraud creditors.

The Trustee sought to recover all Draws, return of capital, or other distributions of profits to the KTBS Howrey Partners between the Second Quarter of 2010 through Howrey's dissolution and bankruptcy. In general, the Trustee's insolvency theories were that Howrey was balance sheet insolvent and unable to pay its debts as they came due during at least 2011 and as far back as mid-to-late 2010, and that Howrey had been inadequately capitalized since at least

4

April 2010.  A summary of the facts underlying these insolvency theories can be found in the unfinished business lawsuits the Trustee has filed against various law firm defendants.

By contrast, the KTBS Howrey Partners had various theories for why Howrey was solvent at all times from the Second Quarter of 2010 through its dissolution and bankruptcy, including for example: (a) Howrey purported to have turned a profit of $125 million in 2010; (b) Citibank's continued willingness to restructure Howrey's secured debt evidenced that the firm was able to pay its debts and was adequately capitalized; and (c) Howrey's contingent fee assets – particularly what are known as the Milk Cases – had tremendous value on the Firm's balance sheet.

Additionally, the Trustee sought to treat all Draws, return of capital, and other distributions of partners as distributions of Howrey's property that were not for reasonably equivalent value as a matter of law because the distributions were on account of each partner's equity interest and payments on account of equity are not for value.  The Trustee also analyzed other theories for the return of all or substantially all of the monies paid to the KTBS Howrey Partners, but ultimately determined those theories were problematic.

The KTBS Howrey Partners responded to the reasonably equivalent value argument in multiple ways, including the well-known *Annod* calculation argument:  that a partner's value to his firm should be judged by whether the partner generated more value through billing and collections than he took out through draws.  *See, e.g.*, *Annod Corp. v. Hamilton & Samuels*, 100 Cal. App. 4th 1286, 1294, 13 Cal. Rptr. 2d 924 (2002).

**B.      The Trustee's Negotiations with the KTBS Howrey Partners**

Shortly after KTBS appeared on behalf of the KTBS Howrey Partners, the Trustee and his counsel began negotiations with counsel for the KTBS Howrey Partners, David Stern and

Case: 11-31376    Doc# 1721    Filed: 05/05/14    Entered: 05/05/14 19:18:28    Page 5 of 28

Matthew Heyn.  The first meeting with Messrs. Stern and Heyn was in February, 2013 at KTBS's office in Los Angeles.  Under the auspices of FED. R. EVID. 408, the parties exchanged information and preliminary analyses at this meeting and agreed that the parties would exchange written arguments and settlement proposals.

During the spring of 2013 – from approximately March until May – the parties exchanged detailed written arguments and settlement proposals related to the Clawback Claims.  Both the Trustee's materials and the materials provided by the KTBS Howrey Partners each exceeded fifteen single-spaced pages in length with hundreds of pages of exhibits.

In May of 2013, the Trustee and his counsel had another in-person meeting at the KTBS office in Los Angeles.  At that time, the parties agreed to continue to exchange settlement proposals and, if the prospect of a settlement appeared possible, to mediate the case if necessary.  From the summer of 2013 through the late fall, the Trustee and his counsel continued to engage in settlement discussions with the KTBS Howrey Partners.  In October, 2013, the Trustee agreed with KTBS to proceed to mediation with a current or former federal bankruptcy judge.  The parties ultimately selected the Honorable Arthur J. Gonzalez (Ret.), former U.S. Bankruptcy Judge for the Southern District of New York, and set the mediation for two days in December 2013 (the "Mediation").[2]  In preparation for the Mediation, the parties prepared additional written submissions and settlement proposals with Judge Gonzalez.

The Mediation took place on December 10th and 11th, 2013, in New York.  On behalf of the Estate, the Trustee attended the Mediation along with his litigation and tax counsel and the

---

[2]  In addition to the KTBS Howrey Partners, former Howrey partners currently practicing law at Jones Day participated in the Mediation.

Case: 11-31376   Doc# 1721   Filed: 05/05/14   Entered: 05/05/14 19:18:28   Page 6 of 28

Estate's financial advisor. A representative of the Creditors' Committee and its counsel, Brad Englander, attended the Mediation on behalf of the Creditors' Committee.

The Mediation was productive, with Judge Gonzalez providing valuable assistance to the parties in analyzing each other's legal arguments. The Mediation, however, did not result in an immediate settlement, but it set the stage for one. The Trustee and his counsel agreed to continue a dialogue with the KTBS Howrey Partners in the hopes of ultimately reaching common ground and settlement.

In January 2014, the Trustee reached a broad agreement in principle with the KTBS Howrey Partners, and then began documenting various e-mail term sheets and settlement agreements. Throughout this entire process, the Trustee consulted with the Creditors' Committee and its counsel, Mr. Englander, and received their support after their own thorough analysis of the issues and proposals. Mr. Englander, in his capacity as counsel to the Creditors' Committee, also independently participated in the settlement negotiations with respect to claims against certain KTBS Howrey Partners against whom derivative authority was given to the Creditors' Committee by this Court in 2012 due to a perceived conflict the Trustee had with respect to those few Howrey partners. Thus, the Creditors' Committee and their counsel fully participated in the negotiation, documentation, and execution of the parties' settlement in dual capacities.

Case: 11-31376    Doc# 1721    Filed: 05/05/14    Entered: 05/05/14 19:18:28    Page 7 of 28

**C.     The Terms of the KTBS Howrey Partners Settlement[3]**

The KTBS Howrey Partners Settlement resolves the Clawback Claims – as well as the Trustee Released Claims – by a payment from the KTBS Howrey Partners equal to 16% of the amounts received by such partners during the relevant period of asserted insolvency of Howrey, minus a credit for attorneys' fees paid by the KTBS Howrey Partners to KTBS.  The net amount recovered by the Estate in the KTBS Howrey Partners Settlement is $4,214,254.

The Trustee offered the KTBS Howrey Partners his settlement terms on the condition that the KTBS Howrey Partners representing at least 70% of the amount sought by the Estate would participate in the settlement.  Ultimately, the Trustee obtained settlements from 60 of 61 of the KTBS Howrey Partners, recipients of 99.1% of the transfers sought by the Estate from the KTBS Howrey Partners.

Further, the KTBS Howrey Partner Settlement provides a structural mechanism and approach for the Estate potentially to begin resolving claims against the remaining Level II Former Equity Howrey Partners.  After the detailed, thorough, and mediated process with the KTBS Howrey Partners, the Trustee is prepared to offer the remaining Level II Former Equity Howrey Partners, for a limited period of time, a settlement equal to 16% of the gross amounts they received during the relevant asserted insolvency period.  Based on prior participation in similarly structured global settlements obtained in the Coudert and Dewey & LeBoeuf bankruptcies, the Trustee hopes to quickly resolve the vast majority of the Clawback Claims against these remaining Level II Former Equity Howrey Partners.

---

[3]     This Motion, by necessity, describes the KTBS Howrey Partners Settlement, but does so in a manner which is designed to be brief.  In the event of any inconsistency between the terms of the KTBS Howrey Partners Settlement and its description herein, the KTBS Howrey Partners Settlement (attached) controls.  Also, the Motion submits but one copy of the KTBS Howrey Partners Settlement, to which signature pages and exhibits are appended, but does not include the agreement for each of the Settling Partners because the agreements are identical or substantially identical save for immaterial changes that may be unique to very few partners.

Case: 11-31376     Doc# 1721     Filed: 05/05/14     Entered: 05/05/14 19:18:28     Page 8 of 28

Finally, the KTBS Howrey Partners insisted that the Trustee seek a settlement approval order that permanently bars the prosecution of claims that are duplicative of or derive from the Clawback Claims as well as of the Trustee Released Claims. Settlement at ¶¶ 1(b)(v), 3(a) & 7(a). It is the Trustee's understanding that this request arises from litigation pursued by Howrey Claims, LLC (although it would apply equally to anyone else who desired to pursue claims that are duplicative of or derive from the Clawback Claims or the Trustee Released Claims). As discussed briefly below, this relief is appropriate under the governing law. While the KTBS Howrey Partners Settlement requires the KTBS Howrey Partners to litigate this issue including, if necessary, through any appeal, in seeking such a permanent injunction, it does not excuse their payment under this Settlement Agreement if such an order is not obtained.

## ARGUMENT & AUTHORITIES

**A.    The *A&C Properties* Factors Overwhelmingly Support the KTBS Howrey Partners Settlement**

The Trustee's ultimate decision to enter into the KTBS Howrey Partners Settlement is guided by the factors set out in *Martin v. Kane* (*In re A&C Properties*), 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854 (1986). The factors considered are "(a) [t]he probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Id.* (internal citations omitted).

**Factor #1: Probability of Success in the Litigation.** Although the Trustee is confident that the Estate would prevail in litigating the Clawback Claims, full-blown litigation with dozens

9

of partners would be costly to the Estate, with no ultimate guarantee of success in recovering an amount in excess of what is received from the KTBS Howrey Partners Settlement. During the multi-year settlement negotiation process, the KTBS Howrey Partners raised factual and legal arguments that would require intense litigation not only on global issues such as Howrey's insolvency, but also issues particularized to each partner, such as reasonably equivalent value. Although this litigation might be resolved favorably to the Estate, it would take a significant amount of time and resources to litigate against five dozen partners; thus, an immediate settlement at the amounts discussed herein is, in the Trustee's business judgment, far more beneficial to the Estate than protracted litigation having various downside risks.

**Factor #2: The Difficulties to be Encountered in Collection.** Here, the collection issue is whether the Estate could collect on a judgment on the Clawback Claims against the KTBS Howrey Partners. As with any litigation against individuals, some partners may have sufficient assets to pay the judgment; others may not have assets that are subject to judgment enforcement under state and federal law or otherwise sufficient to pay the full amount of the Clawback Claims. Based on settlement conversations that the Trustee or his counsel have had with individual KTBS Howrey Partners, the Trustee has learned that although the KTBS Howrey Partners are Howrey's most highly compensated equity partners, for the 2009-2011 period the partners received far less in compensation than they had expected. Moreover, many of the KTBS Howrey Partners had borrowed money from lenders such as Citibank to finance their capital contributions, and have lost the value of that capital contribution in Howrey's bankruptcy. Those KTBS Howrey Partners who have moved from Howrey to new law firms likely had to make additional capital contributions to their new law firms, either further increasing their debt load or depleting their cash reserves. Thus, the Trustee believes that the KTBS Howrey Partners

Case: 11-31376   Doc# 1721   Filed: 05/05/14   Entered: 05/05/14 19:18:28   Page 10
of 28

Settlement satisfies the second *A&C Properties* factor because there may be substantial difficulties encountered in collecting on any judgment for the Clawback Claims against the KTBS Howrey Partners.

**Factor #3: The Complexity of the Litigation Involved and its Expense, Inconvenience and Delay.** This factor overwhelmingly supports the settlement. Litigating the Clawback Claims against the KTBS Howrey Partners would be expensive, lengthy, and inconvenient for the Estate. Protracted litigation against five dozen partners, each of whom is a skilled and experienced trial advocate who would be represented by highly qualified bankruptcy counsel at KTBS, would be difficult and time-consuming, with no guarantee of success. Litigation would also require the Estate to spend substantial sums on attorneys' fees, financial advisors (to address the issues unique to each partner), and expert witnesses on insolvency (if not other areas). Thus, the third factor of the *A&C Properties* test, in the Trustee's business judgment, supports the KTBS Howrey Partners Settlement.

**Factor #4: The Paramount Interest of the Creditors.** Finally, the KTBS Howrey Partners Settlement is in the best interests of all creditors. As an initial matter, the Trustee has kept the Creditors' Committee involved at every step of the negotiations with the KTBS Howrey Partners, and the Creditors' Committee itself has derivative authority to prosecute some of the Clawback Claims against certain KTBS Howrey Partners. The Creditors' Committee participated in the Mediation and in multiple discussions with KTBS. The Creditors' Committee has voted to approve the settlement and has signed off of each of the individual settlement agreements with the KTBS Howrey Partners. Accordingly, the Creditors' Committee files this Motion jointly with the Trustee.

11

Further, the amount of the KTBS Howrey Partners Settlement is significant.  It is twice the amount recovered in the settlement with Baker & Hostetler LLP's former Howrey partners, and is substantially equal to or more than other settlements of Clawback Claims that the Estate previously has attained.  The KTBS Howrey Partners Settlement also provides a platform for future recoveries by establishing an amount (approved by the Creditors' Committee) and mechanism for additional Level II partner settlements.  And the magnitude of the KTBS Howrey Partner Settlement alone – in excess of $4.2 million – brings the Estate closer to being able to offer a confirmable chapter 11 Plan of Liquidation.

In sum, the KTBS Howrey Partners Settlement permits the Estate to collect a substantial amount of money while minimizing costs to the Estate.  Accordingly, the KTBS Howrey Partners Settlement meets the fourth and final *A&C Properties* factor.  For the reasons set forth above, and because the Trustee and the Creditors' Committee believe that the KTBS Howrey Partners Settlement is in the best interests of the Estate and its creditors, the movants request the Court approve the KTBS Howrey Partners Settlement.

**B.     The KTBS Howrey Partners Settlement's Injunction Against Derivative and Duplicative Claims is Enforceable.**

The KTBS Howrey Partners Settlement seeks an order that includes "a provision that permanently enjoins any person or entity from asserting a Trustee Released Claim or a Duplicative Claim against the Settling Partner."  Settlement at ¶ 1(c).  As defined by the KTBS Howrey Partners Settlement, a Duplicative Claim is one that is "based on harm to Howrey or transfer of Howrey's assets" or is otherwise "based on, duplicative of or derivative of any claim of the Estate."  *Id.* at ¶ 1(b)(v).  More broadly, a Trustee Released Claim is a claim that the Trustee, the Creditors' Committee, or the Estate could have asserted against the Settling Partner.

Case: 11-31376   Doc# 1721   Filed: 05/05/14   Entered: 05/05/14 19:18:28   Page 12
of 28

*Id.* at ¶ 3(a). Enjoining a person or entity from pursuing a Trustee Released Claim or a Duplicative Claim is permitted for one simple reason.

The enjoined claims are – and, in one particular case, have already been found to be – property of the Estate that may be only pursued by the Trustee. *See, e.g.*, *In re O'Reilly & Collins*, Case No. C 13-31177 PJH, 2014 WL 460767, at *9-10 (N.D. Cal. Feb. 3, 2014). Thus, if the Trustee releases claims that he and he alone owns, third parties should not permitted to pursue those claims against the Settling Partners because doing so would violate basic principles bankruptcy law, as well as general principles of fairness and equity. *See In re Emoral, Inc.*, 740 F.3d 875, 879 (3d Cir. 2014) (holding that creditors whose claims against the debtor are owned by the trustee are bound by the outcome of the trustee's action). Although the KTBS Howrey Partners Settlement is probably self-executing in barring any creditor or other party from pursuing the settling KTBS Former Howrey Partners on claims which are duplicative of or derive from the Clawback Claims or Trustee Released Claims (*id.* at 879-81), it is also appropriate for this Court to permanently enjoin the prosecution of such claims in order to prevent creative pleading. *Marshall v. Picard*, 740 F.3d 81, 89 (2d Cir. 2014) (noting propriety of bankruptcy court "inquir[ing] into the factual origins of the injury and, more importantly, into the nature of the legal claims asserted"). Thus, for these reasons, the Trustee and the Creditors' Committee request that this Court approve the KTBS Howrey Partners Settlement and enter a Settlement Approval Order that permanently enjoins a third party from pursuing the Clawback Claims, the Trustee Released Claims, and claims which are duplicative of or derive from the Clawback Claims and/or the Trustee Released Claims.

## **CONCLUSION**

Case: 11-31376    Doc# 1721    Filed: 05/05/14    Entered: 05/05/14 19:18:28    Page 13 of 28

1    For the foregoing reasons, the Trustee and the Creditors' Committee request that this

2  Court approve the KTBS Howrey Partners Settlement.

3  Dated:  May 5, 2014

4                                         _/s/ Andrew B. Ryan_____
                                          Andrew B. Ryan, Esq. *(pro hac vice)*
5                                         DIAMOND McCARTHY LLP
                                          1201 Elm Street, Suite 3400
6                                         Dallas, TX 75270
                                          Telephone: 214-389-5300
7                                         Facsimile: 214-389-5399
                                          aryan@diamondmccarthy.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Case: 11-31376   Doc# 1721   Filed: 05/05/14   Entered: 05/05/14 19:18:28   Page 14 of 28

15

Eric A. Nyberg, Esq. (Bar No. 131105)
KORNFIELD, NYBERG, BENDES
& KUHNER, P.C.
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669
*Local Counsel for Allan B. Diamond, Trustee*


 */s/    Bradford Englander*
**WHITEFORD TAYLOR PRESTON LLP**
Bradford F. Englander (Ca. Bar No. 122108)
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
Telephone: 703-280-9081
Facsimile:  703-280-3370
*Attorneys for the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

__X__ (CM/ECF) The document was electronically served on the parties to this action via the mandatory United States Bankruptcy Court of California CM/ECF system upon filing of above described document.:

### SEE ATTACHED SERVICE LIST

__X__ (ELECTRONIC MAIL SERVICE) By electronic mail (e-mail) the above listed document(s) without error to the email address(es) set forth below on this date.

### SEE ATTACHED SERVICE LIST

__X__ (UNITED STATES MAIL) By depositing a copy of the above-referenced documents for mailing in the United States Mail, first class postage prepaid, at Houston, Texas, to the parties listed on the Service List attached hereto, at their last known mailing addresses, on November 14, 2012.

### SEE ATTACHED SERVICE LIST

_____ (OVERNIGHT COURIER) By depositing a true and correct copy of the above referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

_____ (COURIER SERVICE) By providing true and correct copies of the above referenced documents [with copies of the supporting detailed invoices/attorney time records for the Final Fee Application] via courier delivery, to the following on or about _____:

_____(FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those people listed on the attached service list, on the date above written.

*/s/ Andrew B. Ryan*
Andrew B. Ryan

Case: 11-31376   Doc# 1721   Filed: 05/05/14   Entered: 05/05/14 19:18:28   Page 17 of 28

**<u>NOTICE OF SERVICE</u>**

__X__ (CM/ECF) The document was electronically served on the parties to this action via the mandatory United States Bankruptcy Court of California CM/ECF system upon filing of above described document:

**SEE ATTACHED SERVICE LIST**

__X__ (ELECTRONIC MAIL SERVICE) By electronic mail (e-mail) the above listed document(s) without error to the email address(es) set forth below on this date:

**SEE ATTACHED SERVICE LIST**

__X__ (UNITED STATES MAIL) By depositing a copy of the above-referenced documents for mailing in the United States Mail, first class postage prepaid, at Houston, Texas, to the parties listed, at their last known mailing addresses, on this date:

**SEE ATTACHED SERVICE LIST**

_____ (OVERNIGHT COURIER) By depositing a true and correct copy of the above referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

_____ (COURIER SERVICE) By providing true and correct copies of the above referenced documents [with copies of the supporting detailed invoices/attorney time records for the Final Fee Application] via courier delivery, to the following on or about _____:

_____ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those people listed on the attached service list, on the date above written.

*/s/ Andrew B. Ryan* _____
Andrew B. Ryan

18

*VIA CM/ECF:*

**United States Trustee**

Minnie Loo, Esq.
Donna S. Tamanaha, Esq.
Office of the U.S. Trustee
235 Pine Street. 7th Floor
San Francisco, CA 94104-3484
*Email:* *Minnie.Loo@usdoj.gov*
*Email:* *Donna.S.Tamanaha@usdoj.gov*
*Email:* *USTPRegion17.SF.ECF@usdoj.gov*
*Email:* *ltroxas@hotmail.com*

**Chapter 11 Trustee**

Allan B. Diamond
**Diamond McCarthy, LLP**
Two Houston Center
909 Fannin Street, Suite 1500
Houston, Texas 77010
*Email:* *adiamond@diamondmccarthy.com*

**Counsel for the Chapter 11 Trustee**

**Diamond McCarthy, LLP**
Howard D. Ressler, Esq.
*Email:* *hressler@diamondmccarthy.com*
Stephen T. Loden, Esq.
*Email:* *sloden@diamondmccarthy.com*
Jason M. Rudd, Esq.
*Email:* *jrudd@diamondmccarthy.com*
Andrew B. Ryan, Esq.
*Email:* *aryan@diamondmccarthy.com*

**Kornfield Nyberg Bender & Kuhner P.C.**
Eric Nyberg
*Email:* *e.nyberg@kornfieldlaw.com*
Chris D. Kuhner
*Email:* *c.kuhner@kornfieldlaw.com*

**Debtor's Counsel**

**Wiley Rein LLP**
H. Jason Gold
Valerie P. Morison
Dylan G. Trache
*Email:* *jgold@wileyrein.com*
*Email:* *vmorrison@wileyrein.com*
*Email:* *dtrache@wileyrein.com*

**Murray & Murray**
Robert A. Franklin
Craig M. Prim
Jenny Lynn Fountain
*Email:* *rfranklin@murraylaw.com*
*Email:* *cprim@murraylaw.com*

19

| | |
|---|---|
| 1 | *Email*: jfountain@murraylaw.com |
| 2 | **Joel D. Adler** |
| | *Email:* jadler@adlerlaw.net |
| 3 | |
| | **Duane Morris LLP** |
| 4 | Geoffrey A. Heaton, Esq. |
| | *Email:* gheaton@duanemorris.com |
| 5 | Aron M. Oiner, Esq. |
| | *Email:* roliner@duanemorris.com |
| 6 | |
| | **Law Offices of Latham & Watkins** |
| 7 | Kimberly A. Posin, Esq. |
| | *Email:* kim.posin@lw.com |
| | *Email:* colleen.greenwood@lw.com |
| 8 | |
| | **Murray & Murray** |
| 9 | Craig M. Prim, Esq. |
| | *Email:* cprim@murraylaw.com |
| 10 | Robert A. Franklin, Esq. |
| | *Email:* rfranklin@murraylaw.com |
| 11 | Jenny L. Fountain, Esq. |
| | *Email:*  jlfountain@murraylaw.com |
| 12 | **Official Committee of Unsecured Creditors** |
| | **Whiteford, Taylor & Preston LLP** |
| 13 | Bradford F. Englander, Esq. |
| | *Email:* benglander@wtplaw.com |
| 14 | John F. Carlton, Esq. |
| | *Email:*  jcarlton@wtplaw.com |
| 15 | Justin P. Fasano, Esq. |
| | *Email:* jfasano@wtplaw.com |
| 16 | **Counsel for The Irvine Company, LLC** |
| | **Allen Matkins, et al.** |
| 17 | *Email:* mgreger@allenmatkins.com |
| | *Email:*  krodriguez@allenmatkins.com |
| 18 | **Counsel for Creditor Citibank, N.A.** |
| | **Paul, Weiss, Rifkind, Wharton & Garrison** |
| 19 | Kelley A. Cornish, Esq. |
| | *Email:* kcornish@paulweiss.com |
| 20 | |
| | **McNutt Law Group, LLP** |
| 21 | Scott H. McNutt, Esq. |
| | *Email:* smcnutt@ml-sf.com |
| 22 | |
| | **Counsel for Creditor Protiviti, Inc.** |
| 23 | **Pachulski, Stang, Ziehl & Jones** |
| | John D. Fiero, Esq. |
| 24 | *Email:* jfiero@pszjlaw.com |
| | *Email:* ksuk@pszjlaw.com |
| 25 | *Email:* ocarpio@pszjlaw.com |
| 26 | |

Case: 11-31376   Doc# 1721   Filed: 05/05/14   Entered: 05/05/14 19:18:28   Page 20 of 28

| | |
|---|---|
| **Counsel for Creditor Oracle America, Inc.** | **Buchalter Nemer**<br>Shawn M. Christianson, Esq.<br>***Email:*** *schristianson@buchalter.com* |
| **Counsel for Creditor U.S. Bank, N.A.,**<br>**as Trustee** | **Perkins Coie LLP**<br>David J. Gold, Esq.<br>***Email:*** *dgold@perkinscoie.com*<br>Gabriel Liao, Esq.<br>***Email:*** *gliao@perkinscoie.com* |
| **Counsel for Attorneys' Liability Assurance**<br>**Society, Inc.,** *A Risk Retention Group* | **Perkins Coie LLP**<br>Alan D. Smith, Esq.<br>***Email:*** *adsmith@perkinscoie.com* |
| **Counsel for Creditors Advanced Discovery**<br>**LLc, Give Something Back, Inc., Jan Brown**<br>**& Associates, Kent Daniels & Associates, Inc.,**<br>**L.A. Best Photocopies, Inc., Western**<br>**Messenger Service, Inc.** | **Trepel McGrane Greenfield LLP**<br>Maureen A. Harrington, Esq.<br>***Email:*** *mharrington@tmcglaw.com*<br>Christopher D. Sullivan, Esq.<br>***Email:*** *csullivan@tgsdlaw.com*<br>A. Morgan Jones, Esq.<br>***Email:*** *amorganjones@msn.com*<br>***Email:*** *truckeepam@yahoo.com* |
| **Counsel for BP/CGCENTER I, LLC** | **Allen, Matkins, Leck, Gamble and Mallory**<br>William W. Huckins<br>***Email:*** *whuckins@allenmatkins.com* |
| **Counsel for Creditor Warner Investment, L.P.** | **McKenna Long and Aldridge LLP**<br>Gregg S. Kleiner, Esq.<br>***Email:*** *gkleiner@mckennalong.com*<br>Michael A. Isaacs, Esq.<br>***Email:*** *misaacs@mckennalong.com*<br>***Email:*** *aworthing@mckennalong.com* |
| **Counsel for Creditor Dewey & LeBoeuf LLP** | **Dewey and LeBoeuf**<br>Paul S. Jasper, Esq.<br>***Email:*** *pjasper@dl.com* |
| **Counsel for Creditor Iron Mountain**<br>**Information Management Inc.** | **Bartlett, Hackett and Feinberg**<br>Frank F. McGinn, Esq.<br>***Email:*** *ffm@bostonbusinesslaw.com* |
| **Counsel for Creditor Hines REIT 321**<br>**North Clark Street, LLC** | **DLA Piper LLP**<br>Frank T. Pepler, Esq.<br>***Email:*** *frank.pepler@dlapiper.com* |
| **Counsel for Creditor Stephanie Langley** | **Outten and Golden LLP**<br>Rene S. Roupinian, Esq.<br>***Email:*** *rst@outtengolden.com* |

Case: 11-31376   Doc# 1721   Filed: 05/05/14   Entered: 05/05/14 19:18:28   Page 21 of 28

| | | |
|---|---|---|
| 1 | | *Email:* *jxh@outtengolden.com* |
| 2 | **Counsel for Creditor Stephanie Langley** | **Law Offices of James D. Wood** |
| 3 | | James D. Wood, Esq.<br>*Email:* *jdw@jdwoodlaw.com* |
| 4 | **Counsel for Creditor Pension Benefit** | **Office of the Chief Counsel** |
| 5 | **Guaranty Corp.** | John Holland Ginsberg, Esq.<br>*Email:* *ginsberg.john@pbgc.gov* |
| 6 | **Counsel for Interested Party Connecticut** | **Schnader Harrison Segal and Lewis** |
| 7 | **General Life Insurance Company** | Melissa Lor, Esq.<br>*Email:* *MLor@Schnader.com* |
| 8 | **Counsel for Howrey Claims LLC** | **McGrane LLP** |
| 9 | | William McGrane, Esq.<br>*Email:* *william.mcgrane@mcgranellp.com* |
| 10 | | **Klein, DeNatale, Goldner, Cooper,** |
| 11 | | **Rosenlieb & Kimball, LLP**<br>Christian D. Jinkerson, Esq. |
| 12 | | jjinkerson@kleinlaw.com |
| 13 | **Counsel for Interested Party Connecticut** | Melissa Lor |
| 14 | **General Life Insurance Co.** | *Email*: mlor@schnader.com |
| 15 | **Counsel for Creditor Knickerbocker Properties, Inc. XXXIII** | **Seyfarth Shaw LLP**<br>Scott Olson, Esq.<br>*Email:* *solson@seyfarth.com* |
| 16 | | |
| 17 | **Counsel for Creditor Texas Comptroller of Public Accounts** | **Bankruptcy & Collections Division**<br>Kimberly Walsh, Esq. |
| 18 | | *Email:* *bk-kwalsh@oag.state.tx.us* |
| 19 | **Counsel for Creditor 200 S. Main Street Investors, LLC** | **Ballard Spahr Andrews and Ingersoll**<br>Rebecca J. Winthrop, Esq. |
| 20 | | *Email:* *WinthropR@ballardspahr.com*<br>Penny M. Costa, Esq. |
| 21 | | *Email*: costap@ballardspahr.com |
| 22 | **Counsel for Creditor Citibank, N.A.** | **Peitzman Weg LLP** |
| 23 | | Larry Peitzman, Esq.<br>*Email:* *lpeitzman@peitzmanweg.com* |
| 24 | **Counsel for Amy J. Fink** | **Jones Day** |
| 25 | | Robert A. Trodella<br>*Email*: rtrodella@jonesday.com |
| 26 | | |

22

| | |
|---|---|
| **Counsel for Harris County** | **Linebarger Goggan Blair & Sampson LLP**<br>John P. Dillman<br>*Email*: *houston_bankruptcy@lgbs.com* |
| **Counsel for Informal Group of Certain Former Howrey Attorneys and Defendant Unum Life Insurance Company of America** | **Dumas & Clark LLP**<br>Cecily A. Dumas<br>*Email*: *Cecily.dumas@dumasclark.com*<br>Robert E. Clark<br>*Email:* *Robert.clark@dumasclark.com* |
| **Counsel for SAP America, Inc.** | **Cooper White & Cooper LLP**<br>Peter C. Califano<br>*Email*: *pcalifano@cwclaw.com* |
| **Counsel for SAP America, Inc.** | **Brown & Connery LLP**<br>Donald K. Ludman, Esq.<br>*Email:* *dludman@brownconnery.com* |
| **Counsel for McKenna Long and Aldridge** | Michael A. Isaacs, Esq.<br>*Email*: *misaacs@mckennalong.com*<br>*aworthing@mckennalong.com* |
| **Counsel for Jeffrey M. Judd** | **Judd Law Group**<br>Jeffrey M. Judd, Esq.<br>*Email*: *jeff@juddlawgroup.com*<br>*melanie@juddlawgroup.com* |
| **Counsel for McGrane LLP** | William Joseph Walraven, Esq.<br>*Email:* *anna.song@mcgranellp.com* |
| **Counsel for Cooper US, Inc.** | **Cooper Industries, Inc.**<br>Paula Beck Whitten, Esq.<br>*Email:* *paula.whitten@cooperindustries.com* |
| **Counsel for Neal Gerber & Eisenberg LLP** | **Hanson Bridgett LLP**<br>Nancy J. Newman<br>*Email:* *nnewman@hansonbridgett.com* |
| **Counsel for Defendant Kelly Services, Inc.** | Ruth Elin Auerbach, Esq.<br>*Email:* *attorneyruth@sbcglobaln.net* |
| **Counsel for Creditor Rami Dalal** | Teresa A. Blasberg, Esq.<br>*Email:* *tablasberg@earthlink.net* |

23

**Counsel for Defendant Sheppard Mullin**
**Richter & Hampton LLP**
Richard W. Brunette, Esq.
*Email: rbrunette@sheppardmullin.com*
*Email: rryland@sheppardmullin.com*

**Counsel for Defendant Barbara G. Werther**
Louis J. Cisz, III, Esq.
*Email: lcisz@nixonpeabody.com*

**Counsel for Defendant Davidson Law Group,**
**Ralls & Niece LLP, Ropes & Gray LLP,**
**Ben Davidson, Geert Goeteyn, John W. Ralls,**
**Stephen Mavroghenis, Informal Group of Certain**
**Former Howrey Attorneys, and Teresa Corbin**
Robert E. Clark, Esq.
*Email: robert.clark@dumasclark.com*

**Counsel for Defendant Recommind, Inc.**
Patrick M. Costello, Esq.
*Email: pcostello@vectislawgroup.com*
*Email: clee@vectislawgroup.com*

**Counsel for Defendant Hogan Lovells US LLP**
Diana D. DiGennaro, Esq.
*Email: diana.digennaro@aporter.com*
*Email: jhoskins@howardrice.com*
Jonathan Hughes, Esq.
*Email: jonathan.hughes@aporter.com*
*Email: joanne.caruso@aporter.com*
Pamela Phillips, Esq.
*Email: pamela.phillips@aporter.com*
*Email: sfcalendar@aporter.com*

**Counsel for Defendant James R Batchelder,**
**And Interested Party Certain Former Partners**
**Partners of Day Casebeer Madrid & Batchelder LLP**
G. Larry Engel, Esq.
*Email: lengel@mofo.com*
Vincent J. Novak
*Email: vnovak@mofo.com*
*Email: jkline@mofo.com*

**Counsel for Defendant Baker Hughes Incorporated**
Gregg M. Ficks, Esq.
*Email: gficks@coblentzlaw.com*

**Counsel for Interested Party Informal Group of**
**Former Level II Howrey Partners**
Matthew Heyn, Esq.
*Email: mheyn@ktbslaw.com*

**Counsel for Defendant Medco Health Solutions, Inc.**
Michael B. Ijams, Esq.
*Email: mijams@curtislegalgroup.com*
*Email: achristensen@curtislegalgroup.com*

**Counsel for Defendant Legal Placements, Inc.**
**And Lexolution, LLC**
Bruce H. Jackson, Esq.
*Email: bruce.jackson@bakermckenzie.com*
*Email: christine.vonseeburg@bakermckenzie.com*

| | |
|---|---|
| **Counsel for Defendant Ceridian Benefit Services, Inc.** | Ori Katz, Esq<br>***Email:*** *okatz@sheppardmullins.com* |
| **Counsel for Defendant Kilpatrick Townsend & Stockton LLP** | Louise E. Ma, Esq.<br>***Email:*** *lma@kilpatricktownsend.com*<br>***Email:*** *sbaker-lehne@kilpatricktownsend.com* |
| **Counsel for Interested Party Ad Hoc Committee Of Certain Former Howrey Partners** | John H. MacConaghy, Esq.<br>***Email:*** *macclaw@macbarlaw.com*<br>***Email:*** *smansour@macbarlaw.com*<br>***Email:*** *kmuller@macbarlaw.com* |
| **Counsel for Defendant Hunton & Williams LLP** | Matthew A. Mannering, Esq.<br>***Email:*** *mmannering@hunton.com*<br>***Email:*** *lgodfrey@hunton.com* |
| **Counsel for Defendant Bunsow De Mory Smith & Allison LLP** | Randy Michelson, Esq.<br>***Email:***<br>*randy.michelson@michelsonlawgroup.com* |
| **Counsel for Defendant Venable LLP** | Jennifer L. Nassiri, Esq.<br>***Email:*** *jnassiri@venable.com* |
| **Counsel for Defendant TSG Reporting, Inc. & Stockton LLP** | Howard S. Nevins, Esq.<br>***Email:*** *hnevins@hsmlaw.com*<br>***Email:*** *lsamosa@hsmlaw.com* |
| **Counsel for Defendant Intelligent Management Solutions, I** | Valerie Banter Peo, Esq.<br>***Email:*** *vpeo@schnader.com*<br>***Email:*** *mpadilla@schnader.com* |
| **Counsel for Defendant Cornerstone Research, Inc.** | Steven G. Polard, Esq.<br>***Email:*** *stevenpolard@dwt.com*<br>***Email:*** *melissawells@dwt.com* |
| **Counsel for Defendants Joseph Albanese & Associates, Inc., Stemcell Technologies, Inc., and Leigh Kirmsse** | Scott A. Schiff, Esq.<br>***Email:*** *sas@soukup-schiff.com* |
| **Counsel for Defendant SJ Berwin LLP, and Defendant Michael Knospe,** | Charles M. Tatelbaum, Esq.<br>***Email:*** *ctatelbaum@hinshawlaw.com*<br>***Email:*** *csmith@hinshawlaw.com* |
| **Counsel for Defendant Haynes and Boone, LLP** | Alan R. Wechsler, Esq.<br>***Email:*** *alan.wechsler@haynesboone.com* |

Case: 11-31376   Doc# 1721   Filed: 05/05/14   Entered: 05/05/14 19:18:28   Page 25
of 28

| | |
|---|---|
| **Counsel for Defendant Kasowitz Benson Torres & Friedman LLP** | Margaret Ziemianek, Esq.<br>***Email:*** *mziemianek@kasowitz.com*<br>***Email:*** *courtnotices@kasowitz.com* |
| **Counsel for SJ Berwin LLP** | Charles M. Tatelbaum, Esq.<br>*Email: ctatelbaum@hinshawlaw.com*<br>*Email: csmith@hinshawlaw.com* |

***VIA EMAIL:***

| | |
|---|---|
| **Counsel for Creditor Citibank, N.A.** | **Paul, Weiss, Rifkind, Wharton & Garrison**<br>Kelley A. Cornish, Esq.<br>***Email:*** *kcornish@paulweiss.com*<br>Diane Meyers, Esq.<br>***Email:****dmeyers@paulweiss.com*<br>Jacob J. Adlerstein, Esq.<br>***Email****: jadlerstein@paulweiss.com*<br>    *ayoung@paulweiss*.com |
| | **Ballard Spahr LLP**<br>Matthew Moncur, Esq.<br>***Email****: moncurm@ballardspahr.com* |
| | **EMC Corporation**<br>c/o Receivable Management Services<br>Steven Sass, Esq.<br>***Email****: steven.sass@rmsna.com*<br>Ronald Rowland, Esq.<br>***Email****: Ronald.rowland@rmsna.com* |
| | **Olin Corporation**<br>S. Christian Mullgardt<br>***Email****: scmullgardt@olin.com* |
| **Counsel for Shearman & Sterling LLP** | **Henry Weisburg, Esq.**<br>*Email: hweisburg@shearman.com* |
| **Counsel for Trevor Soames, Stephen Mavroghenis and Geert Goeteyn** | **Dumas & Clark LLP**<br>*Cecily A. Dumas, Esq.*<br>*Email: Cecily.dumas@dumasclark.com*<br>*Robert E. Clark, Esq.*<br>*Email: Robert.clark@dumasclark.com* |

Case: 11-31376   Doc# 1721   Filed: 05/05/14   Entered: 05/05/14 19:18:28   Page 26 of 28

Richard Burdge, Esq.
The Burdge Law Firm PC
500 S Grand Ave Ste 1500
Los Angeles, CA 90071

Jeffrey C. Wisler, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19899
*Attorneys for Interested Party Connecticut General Life Insurance Company*

IKON Office Solutions
Recovery & Bankruptcy Group
3920 Arkwright Road, Suite 400
Macon, GA 31210

EMC Corporation
c/o RMS Bankruptcy Recovery Services
Attn: President or General/Managing Agent
P.O. Box 5126
Timonium, MD 21094-5126

Salter & Company LLC
4600 East-West Highway, Suite 300
Bethesda, MD 20814

County of Loudoun Virginia
Belkys Escobar
1 Harrison St., S.E. 5th Fl.
Leesburg, VA 20175-3102

Matura Farrington Staffing Services, Inc.
700 So. Flower Street, Suite 2505
Los Angeles, CA 90017

Guy Davis
Protiviti Inc.
1051 East Cary Street, Suite 602
Richmond, VA 23219

George E. Shoup, III
Development Specialists, inc.
6375 Riverside Drive, Suite 200
Dublin, OH 43017-5373

Case: 11-31376   Doc# 1721   Filed: 05/05/14   Entered: 05/05/14 19:18:28   Page 27
of 28

Kyle Everett
Development Specialists, Inc.
235 Pine Street, Suite 1150
San Francisco, CA 94104

James W. Martin
DHR International
5425 Wisconsin Ave., 4th Floor
Chevy Chase, MD 20815

28