1  DIAMOND McCARTHY LLP
   Andrew B. Ryan, Esq. *(pro hac vice)*
2  1201 Elm Street, Suite 3400
   Dallas, TX 75270
3  Telephone: (214) 389-5300
   Facsimile: (214) 389-5399
4  aryan@diamondmccarthy.com

5  *Counsel for Allan B. Diamond*
   *Chapter 11 Trustee for Howrey LLP*
6
7  KORNFIELD, NYBERG, BENDES & KUHNER P.C.
   Eric A. Nyberg, Esq. (Bar No. 131105)
   Chris D. Kuhner, Esq. (Bar No. 173291)
8  1970 Broadway, Suite 225
   Oakland, CA 94612
9  Telephone:  (510) 763-1000
   Facsimile:   (510) 273-8669
10
   *Local Counsel for Allan B. Diamond,*
11 *Chapter 11 Trustee for Howrey LLP*

12                    UNITED STATES BANKRUPTCY COURT
13                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
                         SAN FRANCISCO DIVISION
14

15 IN RE                              | CASE NO. 11-31376 DM

16 HOWREY LLP,                        | CHAPTER 11

17                                    | **CHAPTER 11 TRUSTEE'S REPLY IN
                                      | SUPPORT OF JOINT MOTION TO
18             DEBTOR.                | APPROVE A SETTLEMENT WITH THE
                                      | FORMER HOWREY PARTNERS
19                                    | REPRESENTED BY KTBS**

20                                    | DATE:   JUNE 24, 2014
21                                    | TIME:   9:30 A.M.
                                      | CTRM:  U.S. BANKRUPTCY COURT
22                                    |            230 PINE STREET
                                      |            SAN FRANCISCO, CA
23
24                                    | JUDGE:  DENNIS J. MONTALI

25

26

27

28

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................... 1

II.  ARGUMENTS AND AUTHORITIES ................................................................................ 2

   A.  It is Proper for this Court to Treat the KTBS Howrey Partners Settlement
       as a Good Faith Sale Under Section 363 ................................................................ 2

       1.   The KTBS Howrey Partners Settlement is a Sale ......................................... 2

       2.   The KTBS Howrey Partners Settlement Was Made in Good Faith ............. 4

   B.  The McGrane Creditors' Objection Improperly Seeks to Relitigate
       Matters This Court Has Already Determined .................................................... 6

   C.  Final Responses to the McGrane Creditors' Miscellaneous Arguments ........................ 9

III. CONCLUSION ..................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Agnostini v. Felton,*
  521 U.S. 203 (1997) ................................................................................................. 8

*Disimone v. Browner,*
  121 F.3d 1262 (9th Cir. 1997) ................................................................................ 8

*Hawkins v. Risley,*
  984 F.2d 321 (9th Cir. 1993) .................................................................................. 7

*In re Eads,*
  135 B.R. 380 (Bankr. E.D. Cal. 1991) .................................................................. 6

*In re Ewell,*
  958 F.2d 276 (9th Cir. 1992) .................................................................................. 4

*In re Lahijani,*
  325 B.R. 282 (9th Cir. B.A.P. 2005) ................................................................. 3, 5

*In re McPhillips Motors, Inc.,*
  Case No. 6:09-BK-37488-RN, 2010 WL 3157062 (Bankr. C.D. Cal. Feb. 9, 2010) ...................... 6

*In re Mickey Thompson Entm't Grp,*
  292 B.R. 415 (9th Cir. B.A.P. 2003) ................................................................. 2, 3

*In re O'Reilly & Collins,*
  Case No. C 13-3177 PJH, 2014 WL 460767 (N.D. Cal. Feb. 3, 2014) .............................. 5, 8, 9

*In re S. Coast Oil. Corp.,*
  Case No. 12-56043, 2014 WL 1273979 (9th Cir. Mar. 31, 2014) .................................... 6

*In re Suchy,*
  786 F.2d 900 (9th Cir. 1985) .................................................................................. 4

*Martin v. Kane (In re A&C Properties),*
  784 F.2d 1377 (9th Cir. 1986), *cert. denied sub nom. Martin v. Robinson,*
  479 U.S. 854 (1986) .............................................................................................. 9

*Oyeniran v. Holder,*
  672 F.3d 800 (9th Cir. 2012) .................................................................................. 7

*Resorts International v. Lowenschuss (In re Lowenschuss),*
  67 F.3d 1394 (9th Cir. 1995) ............................................................................ 9, 10

*Taylor v. Sturgell,*
  553 U.S. 880 (2008) .............................................................................................. 7

*Thomas v. Bible*,
    983 F.2d 152 (9th Cir. 1993) ............................................................................ 8

**Statutes**

11 U.S.C. § 105 ................................................................................................... 10

11 U.S.C. § 362 ................................................................................................... 10

11 U.S.C. § 363 ..................................................................................................... 2

11 U.S.C. § 524 ................................................................................................... 10

11 U.S.C. § 541 ................................................................................................... 10

CAL. CODE CIV. PROC. 877(b) ............................................................................ 10

FED. R. BANKR. P. 9019 ........................................................................................ 2

FED. R. BANKR. P. 9021 ........................................................................................ 5

**Other Authorities**

Peter J. Davis, *Settlements as Sales Under the Bankruptcy Code*,
    78 U. CHI. L. REV. 999 (Summer 2011) ............................................................ 3

# I.    INTRODUCTION

Yet again, the Trustee and the Creditors' Committee – the two joint Movants on the Motion – find themselves opposed by the Committee's former counsel, Mr. McGrane, who affiliated himself with a claims trader and former clients of his old firm (collectively, the "McGrane Creditors") to play the role of the spoiler in Howrey's bankruptcy case.  The McGrane Creditors possess fewer than $40,000 in unsecured claims, allegedly 0.04% of the gross value of the unsecured claims in the Estate.[1]   And the McGrane Creditors do not contest that the Movants' settlement with the KTBS Howrey Partners is in the Estate's best interests – nor could they, as the settlement, if approved, will immediately bring $4.2 million into the Estate and set the stage for millions more in recoveries from similarly situated partners.

Instead, the McGrane Creditors contest only whether the settlement is in ***their*** best interests – their theory, of course, depending upon the successful prosecution of their Alter Ego Case, which would require ***all*** of the following: (1) the reversal of this Court's ruling that their claims are Estate property; (2) the reinstatement of the dismissed Alter Ego Case; (3) the class certification of what no doubt are individualized claims where commonality and typicality are extremely unlikely to be found; (4) the McGrane Creditors being able to substantiate their allegations; ***and*** (5) its ultimate success on the merits – that each of sixty or more partners should be treated as Howrey's alter ego for each and every trade debt, no matter how minor, that the debtor incurred as it collapsed.

It is far-fetched, speculative theories like this one that demonstrate the importance of treating the KTBS Howrey Partners Settlement as a sale: the Settling Partners are offering in excess of $4.2 million in cash now for the Estate's immediate use, but only if finality can be obtained for both parties.  The settlement has all of the hallmarks of a sale (valuable claims asserted by only one side,

---

[1]     According to Howrey Claims, the estate has "in excess of $100,000,000" in unsecured creditors.  *See Exhibit in Support of Motion of Howrey Claims, LLC to Modify the Automatic Stay to Permit the Filing of a Class Action in District Court Against Non-Debtors*, Docket # 1059 at ¶ 76.  If this is true (the Trustee is still analyzing the proofs of claim), then the McGrane Creditors comprise a vanishingly small portion of all creditors ($40,000 ÷ $100,000,000 = 0.04%).

the ability for overbid) and of good faith (arms'-length negotiations by parties represented by independent counsel and mediated by a retired former federal bankruptcy judge). And the good faith finding provides closure for the Movants and the KTBS Howrey Partners by resolving the claim without any lengthy appeal by the Estate's spoilers, the McGrane Creditors.

## II.    ARGUMENTS AND AUTHORITIES

### A. It is Proper for this Court to Treat the KTBS Howrey Partners Settlement as a Good Faith Sale Under Section 363.

The KTBS Howrey Partners Settlement "is expressly contingent upon" this Court "determining that the Settling Partner is entitled to the protections afforded by section 363(m) of the Bankruptcy Code to an entity that acquires assets from a bankruptcy estate in good faith." *See* Agreement at ¶ 1(b)(iv). To obtain Section 363(m) protection, the Movants must show: (1) the KTBS Howrey Partners Settlement is, in effect, "the equivalent of a sale of the intangible property represented by the [Clawback Claims], which . . . simultaneously implicates the 'sale' provisions under section 363 . . . and the 'compromise' procedure of Rule 9019(a)," *see In re Mickey Thompson Entm't Grp.*, 292 B.R. 415, 421 (9th Cir. B.A.P. 2003); and (2) the sale of the Clawback Claims to the KTBS Howrey Partners was "in good faith." *See* 11 U.S.C. § 363(m). The McGrane Creditors challenge the Movants' ability to satisfy either element. The Trustee answers each of their arguments below.

### 1.    The KTBS Howrey Partners Settlement Is a Sale.

The McGrane Creditors contend the settlement is not a sale for two reasons: (1) the KTBS Howrey Partners Settlement contains mutual releases; and (2) there is no provision in the agreement for competing bids. *See* Docket # 1794 at p. 7. The first argument was rejected in *Mickey Thompson*:

> In addition, this settlement is in essence a sale of potential claims to the Settling Parties. While the Agreement **purports** to act as a **mutual release** of claims, no party has identified **any claims** which the Settling Parties could assert against the estate or Trustee. The record does not contain **any evidence** that a release of claims by the Settling Parties **has**

*value*.  Thus, **the settlement is in reality a purchase** by the Settling Parties of a chose in action of the estate…

292 B.R. at 421 (emphasis supplied).  The issue is not whether the KTBS Howrey Partners Settlement contains mutual releases; the issue is whether the settling partners have any claims of value to assert against the Estate.  And the record is uncontested that, even if the KTBS Howrey Partners did have claims against the Estate (and less than one-third filed proofs of claim), the claims "which are being released under the Settlement Agreements [do not] have material value."  *See* Stern Decl. (Docket #1782) at ¶ 10; *accord* Supp. Diamond Decl. (Docket #1784) at ¶¶ 6-10 (describing the factual basis for the conclusion that neither the Trustee nor his counsel "have identified claims which the KTBS Howrey Partners could assert against the Estate or the Trustee that would have any value.").

Second, the KTBS Howrey Partners Settlement is not required to contain a provision for multiple competing bids.  The McGrane Creditors' only support for this argument is a law review comment urging the adoption of the Ninth Circuit Bankruptcy Appellate Panel's test for applying Section 363 to settlement agreements.  *See* Docket #1794 at p. 7 (citing Peter J. Davis, *Settlements as Sales Under the Bankruptcy Code*, 78 U. CHI. L. REV. 999, 1022-27 (Summer 2011)); Davis, 78 U. CHI. L. REV. at 1012 ("Instead, this Comment adopts the intermediate position of . . . the Ninth Circuit Bankruptcy Appellate Panel (that settlements can sometimes be sales) . . .").  And the Ninth Circuit B.A.P.'s cases do not require settlement agreements to contain a provision for multiple competing bids in order to be characterized as a sale.  *See, e.g.*, *Mickey Thompson*, 292 B.R. at 418 & 421 (noting it is sufficient for the agreement to be subject to bankruptcy court approval); *see also In re Lahijani*, 325 B.R. 282, 288-89 (9th Cir. B.A.P. 2005) ("The requirement of a notice and hearing operates to provide both a means of objecting and a method for attracting interest by potential purchasers.").  Here, the KTBS Howrey Partners' Settlement comports with Ninth Circuit case law because it is subject to court approval, *see* Settlement Agreement at ¶ 1(b), and was properly noticed.  *See* Dockets # 1721 & # 1786.  Yet no bidders have surfaced at any amount, much less an amount in

excess of the $4.2 million the Estate will recover through the settlement and sale to the KTBS Howrey Partners.  *See* Suppl. Diamond Decl. at ¶ 15.

### 2.    The KTBS Howrey Partners Settlement Was Made in Good Faith.

The McGrane Creditors also argue that even if the KTBS Howrey Partners Settlement is a sale, it was not made in good faith.  *See* Docket # 1794 at pp. 3-4, 6-7, & n. 6.  The McGrane Creditors argue the settlement was not made in good faith because:  (1) there has not yet been a final determination that the Alter Ego Claims are property of the Howrey Estate, *see* Docket #1743 at ¶ 3 and Docket #1794 at pp. 1-4; (2) a finding that a sale of causes of action to defendants is entitled to Section 363(m) protection would be "unprecedented," *see* Docket #1794 at p. 6 & n. 6; and (3) the settlement was the product of collusion.  *See id*. at p. 8.  None of these arguments have merit.

First, the McGrane Creditors' two primary arguments – that no final opinion by an Article III court has held that the Alter Ego Claims are property of the Howrey Estate and that no reported decision has provided Section 363(m) protections when a trustee sells his causes of action to the target defendants – are not a sufficient basis for challenging the good faith of the KTBS Howrey Partners Settlement.  In the Ninth Circuit, "lack of good faith is shown by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *In re Suchy*, 786 F.2d 900, 902 (9th Cir. 1985); *accord In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992).  Neither of the McGrane Creditors' argument demonstrates fraud or collusion, yet alone is supported by an iota of any evidence of fraud or collusion.   Obviously, the Movants and the KTBS Former Howrey Partners do not control when courts rule or whether prior precedent exists.  Nor does either prove an attempt to take grossly unfair advantage of other bidders – after all, there are not now (nor have there ever been) other bidders for the Estate's causes of action against the KTBS Former Howrey Partners.  *See* Suppl. Diamond Decl. at ¶ 15.  Thus, even if these arguments were correct, neither would be an impediment to the Movants' requested Section 363(m) finding.  To conclude

otherwise would allow the McGrane Creditors' appeal from this Court's prior ruling rejecting the theory that their putative alter ego claims somehow were not property of this Estate to hold this Estate hostage in entering into any transactions, sales and settlements of Estate assets that allow for complete resolution and peace to the buyers or settling parties.

Second, this Court's order making a final determination that the Alter Ego Case *is* property of the Howrey Estate was and is "effective when entered." FED. R. BANKR. P. 9021. Of course, to the extent the McGrane Creditors contend such a judgment must be made by an Article III court, the *O'Reilly & Collins* decision has already – in the McGrane Creditors' own words – proven "the trustees will win." *See infra* at § II.C. & n.2.

Third, the Movants' requested Section 363(m) finding is not unprecedented. In *Lahijani*, the buyer "declined the court's offer to take testimony directed to the question of § 363(m) 'good faith' and represented the transaction would proceed without the benefit of a finding of 'good faith.'" *Lahijani*, 325 B.R. at 287. There, the court did not find that a good faith finding could not be made when a trustee sold causes of action to a defendant – only that some "circumstances" that are "example[s] of constrained competition" may "warrant[] more scrutiny." *Id*. Here, the Movants have introduced – consistent with Ninth Circuit law and this Court's rules of practice – sufficient evidence to demonstrate the parties' good faith. *See* Diamond Decl. at ¶¶ 13-23; Suppl. Diamond Decl. at ¶ 18; Stern Decl. at ¶¶ 3-6. And there is no constrained competition that warrants more scrutiny – the causes of action have been part of the Estate for over three years, the Trustee has been pursuing them for 2½ years, and no competing bidder has ever emerged. *See* Suppl. Diamond Decl. at ¶ 15. Thus, consistent with *Lahijani*, the Movants are entitled to the requested Section 363(m) finding of good faith.

Fourth, there is absolutely no evidence of collusion between the Movants and the KTBS Howrey Partners. In the sale context, a collusion charge typically requires evidence of "a species of

bid rigging." *In re Eads*, 135 B.R. 380, 386 (Bankr. E.D. Cal. 1991). The McGrane Creditors have adduced absolutely no evidence whatsoever of collusion or bid rigging; indeed, the only evidence regarding the bargaining proves the opposite: that the bargaining was definitively at arms' length (with the Trustee, Creditors' Committee, and the KTBS Howrey Partners each represented by independent counsel), it was tough (it took nearly 18 months), it was fair (it was mediated by the Hon. Arthur J. Gonzalez (Ret.)), and did not operate to the exclusion of any other competing bidders (because there never have been any). *See* Diamond Decl. at ¶¶ 13-23; Suppl. Diamond Decl. at ¶ 18; Stern Decl. at ¶¶ 3-6 & 13. In these circumstances, Ninth Circuit case law permits the Section 363(m) finding requested by the Movants and the KTBS Howrey Partners. *See, e.g.*, *In re S. Coast Oil. Corp.*, Case No. 12-56043, 2014 WL 1273979, at *1 (9th Cir. Mar. 31, 2014) ("Here, the bankruptcy court's good-faith finding was supported by evidence submitted by the trustee and Elysium averring to the arms-length nature of the negotiations, disclaiming any collusive attempts to shut out competing bids, and explaining the reasonableness of the purchase price. Furthermore, the bankruptcy court reasonably rejected Palladino's allegations of collusion and bad faith as not credible."); *In re McPhillips Motors, Inc.*, Case No. 6:09-BK-37488-RN, 2010 WL 3157062, at *2 (Bankr. C.D. Cal. Feb. 9, 2010) ("The good faith of the Buyer is supported by the facts that the Buyer's purchase price is fair and reasonable, the Purchased Assets were adequately marketed, and no other buyers expressed any interest as set forth in the Motion in overbidding the offer submitted by the Buyer."). Indeed, the McGrane Creditors only advance one argument – that the parties contracted for Section 363(m) protection – but if that were sufficient evidence of collusion, no court could ever make a Section 363(m) determination.

**B. The McGrane Creditors' Objection Improperly Seeks to Relitigate Matters this Court Has Already Determined.**

Although it constitutes the bulk of the McGrane Creditors' objection, the Movants see no reason to relitigate this Court's order that the Alter Ego Case is Estate property. The Court previously

decided that the Alter Ego Case is Estate property and, although Howrey Claims has appealed the decision, it did not seek (and no court issued) a stay of the decision. The decision is final and the McGrane Creditors' current contentions to the contrary are barred by collateral estoppel and law of the case.

Collateral estoppel applies to final decisions of a federal court, even if they are pending appeal. *Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993). Collateral estoppel applies where, as here, "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits . . . ." *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012). Each of the elements of collateral estoppel applies: (1) The McGrane Creditors' Objection raises the identical issue that the Court previously decided. The identical issue is whether the Alter Ego Case, which is based on alleged transfers from the Howrey to its partners in the year before Howrey filed for bankruptcy, is property of the estate. (2) The issue was actually litigated – twice. The first time it was litigated in the context of the Trustee's motion to enforce the automatic stay (Docket #862); the second time it was litigated was Howrey Claims' motion for relief from stay (Docket #986). In both instances Howrey Claims argued, as it does here, that alter ego claims are not property of the estate. (3) There was a full and fair opportunity to litigate. Howrey Claims was not denied any opportunity to present its case for why the Alter Ego Case asserted a claim that did not depend critically on addressing alleged harm to the estate. Each of the McGrane Creditors is bound by the Court's prior determinations because "a nonparty may be bound by a judgment because she was adequately represented by someone with the same interests who was party to the suit." *Taylor v. Sturgell*, 553 U.S. 880, 893-95 (2008) (internal quotation marks omitted). (4) The issue was decided on the merits. After reviewing the papers and extensive argument, the Court decided that the Alter Ego Case was property of the estate. That decision has not been disturbed on appeal.

The law of the case doctrine also applies to prevent the McGrane Creditors from re-litigating the property of the estate issue.  Under the law of the case doctrine a "court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).  Although application of the doctrine is discretionary, "a court should not reopen issues decided in earlier stages of the same litigation." *Agnostini v. Felton*, 521 U.S. 203, 236 (1997).  "The doctrine is grounded in the need for litigation to come to an end." *Disimone v. Browner*, 121 F.3d 1262, 1266 (9th Cir. 1997).  For the law of the case doctrine to apply, "the issue in question must have been decided either expressly or by necessary implication in [the] previous disposition." *Thomas*, 983 F.2d at 154 (internal quotation marks omitted).  Here, the Court decided that the Alter Ego Action merely repackages the Trustee's fraudulent transfer allegations and is prohibited by the automatic stay.  A necessary implication of that decision is that the Alter Ego Action interferes with property of the estate.  The law of the case doctrine applies.

The McGrane Creditors place great weight on the fact that this is not an Article III court, and the Court's decisions are subject to an appeal before Judge Armstrong.  Even if it were relevant that the prior decision was not issued by an Article III court, the District Court for the Northern District of California has had occasion to address the Court's decision in *In re O'Reilly & Collins*, Case No. C 13-3177 PJH, 2014 WL 460767 (N.D. Cal. Feb. 3, 2014), which the Howrey Claims has said turns on "precisely the same point of law."  Howrey Claims has admitted that "the trustees [Mr. Milgrom and Mr. Diamond] will win" if the district court sides against the alter ego plaintiff in *O'Reilly & Collins*.[2]

---

[2]     *In re Howrey LLP*, Cause No. 4:13-cv-00449-SBA, Docket #51 at p. 1 ("The case at bar (*Howrey*) and the matter of *Danko v Milgrom* (*In re O'Reilly & Collins*), case No. C-13-03177 PJH (*Danko*) turn on **precisely the same point of law**.") (emphasis supplied); *id.* at pp. 1-2 ("In both cases Judge Montali sided with the trustee, whose interest is in aggrandizing all power to himself, at the costs of the basic common law rights of creditors to assert their rights against persons who are not parties to the bankruptcy. Whoever is assigned to *Howrey* or *Danko* must deal with this question; if that judge agrees with the *Pinewood Enterprises* analysis, the case will be decided in favor of the creditors and against the trustees; if that judge rejects the analysis, the **trustees will win**.") (emphasis supplied); *id*. at p. 2 (describing *Howrey* and *Danko* as involving "exactly the same legal issue"); *id*. at p. 6 (any "differences in the facts [between *Howrey* and *Danko*]

And, unsurprisingly, the district court ruled against the alter ego plaintiff in *O'Reilly & Collins*, concluding "that the automatic stay applies to Danko's judgment holding O'Reilly jointly and severally liable with debtor based on allegations of fraudulent transfers, follows *Ahcom*, *Shaoxing* and *Stodd*." *Id*. at *7. Thus, contrary to the McGrane Creditors' argument that the KTBS Howrey Partners Settlement is an attempt to evade review by an Article III court, *see* Docket #1794 at pp. 7-8), an Article III court has reviewed "precisely the same point of law" urged by the McGrane Creditors and concluded that the Alter Ego Case is Estate property. For this reason, and many others, there is no need to relitigate whether the Alter Ego Case is Estate property – it is, and the Movants are free to settle and sell those claims to the KTBS Howrey Partners.

**C. Final Responses to the McGrane Creditors' Miscellaneous Arguments**

Lastly, the McGrane Creditors make three miscellaneous arguments that require little response. <u>First</u>, the McGrane Creditors argue – by citing articles written by their counsel – that there are legal theories that would have permitted the Estate to recover 100% of the amount paid to the KTBS Howrey Partners. *See* Docket #1794 at p. 2, n.6 & Exs. 2-3.[3] But other than citing to unproven and disputed theories on how best to pursue partners of a bankrupt law firm, the McGrane Creditors do not contend that the KTBS Howrey Partners Settlement falls below the range of reasonableness or fails to satisfy the *A&C Properties* factors. Thus, this argument is not a valid reason to deny the Motion.

<u>Second</u>, the McGrane Creditors argue that channeling injunctions are prohibited in the Ninth Circuit. *See* Docket #1743 at ¶ 4. The McGrane Creditors cite *Resorts International v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394 (9th Cir. 1995), which is inapplicable here. The principle

---

are irrelevant"); *id*. at p. 6 ("Judge Montali's reasoning, from the quotation above, was the same in *Howrey* as in *Danko*.").

[3]     The Trustee and his counsel have evaluated the theories presented by Mr. McGrane's articles and find them either to be without merit or no more useful than the Estate's Clawback Claims in recovering monies from former Howrey partners.

espoused in *Lowenschuss* and the related line of cases relates solely to discharges of non-debtor entities; these cases hold that Section 105 cannot be used to expand the discharge injunction of Section 524 to non-debtors. *See id.* at 1401-02. The injunction in the KTBS Howrey Partners Settlement does not discharge any non-debtor entities. Rather, it enforces the provisions of Section 541: Without the injunction, the Alter Ego Case clouds the title to assets of the Estate, which makes it more difficult for the Trustee to liquidate assets on behalf of creditors. *See* Suppl. Diamond Decl. at ¶¶ 22-28. Accordingly, the injunction in the KTBS Howrey Partners Settlement is an appropriate use of Section 105 because it permits "carry[ing] out the provisions of [the Bankruptcy Code]" – *i.e.*, prohibiting parties (like the McGrane Creditors) from pursing the Estate's causes of action in violation of Section 362.

Third, the McGrane Creditors argue that the good-faith settlement protections provided by the California Code of Civil procedure do not apply to the settlement. *See* Docket #1743 at ¶ 1. Their argument, however, presumes these provisions are to protect the KTBS Howrey Partners from the McGrane Creditors. They are not. Instead, these good-faith settlement provisions apply to any co-obligors or joint tortfeasors to the KTBS Howrey Partners, so that if the Trustee were to sue some defendant and the KTBS Howrey Partners were jointly liable with that defendant, no contribution or indemnity could be sought from the KTBS Howrey Partners. *See* CAL. CODE CIV. PROC. § 877(b) ("Where a release . . . is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights, it shall have the following effect . . . it shall discharge the party to whom it is given from all liability for any contribution to any other parties.").

1

### III.    CONCLUSION

2

For the foregoing reasons, the Movants request that this Court overrule the McGrane

3

Creditors' Objection to the KTBS Howrey Partners Settlement and enter the Settlement Approval

4

Order contemplated by the parties' settlement agreement.

5

6

Dated:    June 17, 2014                          _____/s/ Andrew B. Ryan_____

7                                                Andrew B. Ryan, Esq. *(pro hac vice)*
                                                 James D. Sheppard, Esq. (*pro hac vice*)

8                                                DIAMOND McCARTHY LLP
                                                 1201 Elm Street, Suite 3400

9                                                Dallas, TX 75270
                                                 Telephone: (214) 389-5300

10                                               Facsimile: (214) 389-5399

11                                               Eric A. Nyberg, Esq. (Bar No. 131105)
                                                 KORNFIELD, NYBERG, BENDES

12                                               & KUHNER, P.C.
                                                 1970 Broadway, Suite 225

13                                               Oakland, CA 94612
                                                 Telephone: 510-763-1000

14                                               Facsimile: 510-273-8669

15                                               *Counsel for Allan B. Diamond, Chapter 11*
                                                 *Trustee for Howrey LLP*

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

__X__ (CM/ECF) The document was electronically served on the parties to this action via the mandatory United States Bankruptcy Court of California CM/ECF system upon filing of above described document.:

### **SEE ATTACHED SERVICE LIST**

__X__ (ELECTRONIC MAIL SERVICE) By electronic mail (e-mail) the above listed document(s) without error to the email address(es) set forth below on this date.

### **SEE ATTACHED SERVICE LIST**

_____ (UNITED STATES MAIL) By depositing a copy of the above-referenced documents for mailing in the United States Mail, first class postage prepaid, at Houston, Texas, to the parties listed on the Service List attached hereto, at their last known mailing addresses

_____ (OVERNIGHT COURIER) By depositing a true and correct copy of the above referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

_____ (COURIER SERVICE) By providing true and correct copies of the above referenced documents [with copies of the supporting detailed invoices/attorney time records for the Final Fee Application] via courier delivery, to the following on or about _____:

_____(FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those people listed on the attached service list, on the date above written.

_/s/ Andrew B. Ryan_____
Andrew B. Ryan

*VIA CM/ECF:*

**United States Trustee**                          Minnie Loo, Esq.
                                                    Donna S. Tamanaha, Esq.
                                                    Office of the U.S. Trustee
                                                    235 Pine Street. 7th Floor
                                                    San Francisco, CA 94104-3484
                                                    *Email:* *Minnie.Loo@usdoj.gov*
                                                    *Email:* *Donna.S.Tamanaha@usdoj.gov*
                                                    *Email:* *USTPRegion17.SF.ECF@usdoj.gov*
                                                    *Email:* *ltroxas@hotmail.com*

**Chapter 11 Trustee**                              Allan B. Diamond
                                                    **Diamond McCarthy, LLP**
                                                    Two Houston Center
                                                    909 Fannin Street, Suite 1500
                                                    Houston, Texas 77010
                                                    *Email*: *adiamond@diamondmccarthy.com*

**Counsel for the Chapter 11 Trustee**             **Diamond McCarthy, LLP**
                                                    Howard D. Ressler, Esq.
                                                    *Email:* *hressler@diamondmccarthy.com*
                                                    Stephen T. Loden, Esq.
                                                    *Email:* *sloden@diamondmccarthy.com*
                                                    Jason M. Rudd, Esq.
                                                    *Email:* *jrudd@diamondmccarthy.com*
                                                    Andrew B. Ryan, Esq.
                                                    *Email:* *aryan@diamondmccarthy.com*

                                                    **Kornfield Nyberg Bender & Kuhner P.C.**
                                                    Eric Nyberg
                                                    *Email:* *e.nyberg@kornfieldlaw.com*
                                                    Chris D. Kuhner
                                                    *Email:* *c.kuhner@kornfieldlaw.com*

**Debtor's Counsel**                                **Wiley Rein LLP**
                                                    H. Jason Gold
                                                    Valerie P. Morison
                                                    Dylan G. Trache
                                                    *Email*: *jgold@wileyrein.com*
                                                    *Email*: *vmorrison@wileyrein.com*
                                                    *Email*: *dtrache@wileyrein.com*

                                                    **Murray & Murray**
                                                    Robert A. Franklin
                                                    Craig M. Prim
                                                    Jenny Lynn Fountain
                                                    *Email*: *rfranklin@murraylaw.com*
                                                    *Email*: *cprim@murraylaw.com*
                                                    *Email*: *jfountain@murraylaw.com*

| | |
|---|---|
| | **Joel D. Adler** |
| | *Email:* jadler@adlerlaw.net |
| **Duane Morris LLP** | Geoffrey A. Heaton, Esq. |
| | *Email:* gheaton@duanemorris.com |
| | Aron M. Oiner, Esq. |
| | *Email:* roliner@duanemorris.com |
| **Law Offices of Latham & Watkins** | Kimberly A. Posin, Esq. |
| | *Email:* kim.posin@lw.com |
| | *Email:* colleen.greenwood@lw.com |
| **Murray & Murray** | Craig M. Prim, Esq. |
| | *Email:* cprim@murraylaw.com |
| | Robert A. Franklin, Esq. |
| | *Email:* rfranklin@murraylaw.com |
| | Jenny L. Fountain, Esq. |
| | *Email:* jlfountain@murraylaw.com |
| **Official Committee of Unsecured Creditors** | **Whiteford, Taylor & Preston LLP** |
| | Bradford F. Englander, Esq. |
| | *Email:* benglander@wtplaw.com |
| | John F. Carlton, Esq. |
| | *Email:* jcarlton@wtplaw.com |
| | Justin P. Fasano, Esq. |
| | *Email:* jfasano@wtplaw.com |
| **Counsel for The Irvine Company, LLC** | **Allen Matkins, et al.** |
| | *Email:* mgreger@allenmatkins.com |
| | *Email:* krodriguez@allenmatkins.com |
| **Counsel for Creditor Citibank, N.A.** | **Paul, Weiss, Rifkind, Wharton & Garrison** |
| | Kelley A. Cornish, Esq. |
| | *Email:* kcornish@paulweiss.com |
| | **McNutt Law Group, LLP** |
| | Scott H. McNutt, Esq. |
| | *Email:* smcnutt@ml-sf.com |
| **Counsel for Creditor Protiviti, Inc.** | **Pachulski, Stang, Ziehl & Jones** |
| | John D. Fiero, Esq. |
| | *Email:* jfiero@pszjlaw.com |
| | *Email:* ksuk@pszjlaw.com |
| | *Email:* ocarpio@pszjlaw.com |
| **Counsel for Creditor Oracle America, Inc.** | **Buchalter Nemer** |
| | Shawn M. Christianson, Esq. |
| | *Email:* schristianson@buchalter.com |

| | | |
|---|---|---|
| 1 | **Counsel for Creditor U.S. Bank, N.A.,** | **Perkins Coie LLP** |
| 2 | **as Trustee** | David J. Gold, Esq.<br>*Email: dgold@perkinscoie.com* |
| 3 | | Gabriel Liao, Esq.<br>*Email: gliao@perkinscoie.com* |
| 4 | **Counsel for Attorneys' Liability Assurance** | **Perkins Coie LLP** |
| 5 | **Society, Inc.,** *A Risk Retention Group* | Alan D. Smith, Esq.<br>*Email: adsmith@perkinscoie.com* |
| 6 | **Counsel for Creditors Advanced Discovery** | **McGrane LLP** |
| 7 | **LLc, Give Something Back, Inc., Jan Brown** | William McGrane, Esq.<br>*Email:* william.mcgrane@mcgranellp.com |
| 8 | **& Associates, Kent Daniels & Associates, Inc.,**<br>**L.A. Best Photocopies, Inc., Western** | **Berliner Cohen**<br>*Email*: frank.ubhaus@berliner.com |
| 9 | **Messenger Service, Inc.** | |
| 10 | **Counsel for BP/CGCENTER I, LLC** | **Allen, Matkins, Leck, Gamble and Mallory**<br>William W. Huckins |
| 11 | | *Email:* whuckins@allenmatkins.com |
| 12 | **Counsel for Creditor Warner Investment, L.P.** | **McKenna Long and Aldridge LLP**<br>Gregg S. Kleiner, Esq. |
| 13 | | *Email:* gkleiner@mckennalong.com<br>Michael A. Isaacs, Esq. |
| 14 | | *Email:* misaacs@mckennalong.com<br>*Email:* aworthing@mckennalong.com |
| 15 | | |
| 16 | **Counsel for Creditor Dewey & LeBoeuf LLP** | **Dewey and LeBoeuf**<br>Paul S. Jasper, Esq. |
| 17 | | *Email:* pjasper@dl.com |
| 18 | **Counsel for Creditor Iron Mountain**<br>**Information Management Inc.** | **Bartlett, Hackett and Feinberg**<br>Frank F. McGinn, Esq. |
| 19 | | *Email:* ffm@bostonbusinesslaw.com |
| 20 | **Counsel for Creditor Hines REIT 321**<br>**North Clark Street, LLC** | **DLA Piper LLP**<br>Frank T. Pepler, Esq. |
| 21 | | *Email:* frank.pepler@dlapiper.com |
| 22 | **Counsel for Creditor Stephanie Langley** | **Outten and Golden LLP**<br>Rene S. Roupinian, Esq. |
| 23 | | *Email:* rst@outtengolden.com<br>*Email:* jxh@outtengolden.com |
| 24 | | |
| 25 | **Counsel for Creditor Stephanie Langley** | **Law Offices of James D. Wood**<br>James D. Wood, Esq. |
| 26 | | *Email*: jdw@jdwoodlaw.com |
| 27 | **Counsel for Creditor Pension Benefit**<br>**Guaranty Corp.** | **Office of the Chief Counsel**<br>John Holland Ginsberg, Esq. |
| 28 | | *Email:* ginsberg.john@pbgc.gov |

| | |
|---|---|
| **Counsel for Interested Party Connecticut General Life Insurance Company** | **Schnader Harrison Segal and Lewis**<br>Melissa Lor, Esq.<br>***Email:*** *MLor@Schnader.com* |
| **Counsel for Howrey Claims LLC** | **McGrane LLP**<br>William McGrane, Esq.<br>***Email:*** *william.mcgrane@mcgranellp.com* |
| | **Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP**<br>Christian D. Jinkerson, Esq.<br>*ijinkerson@kleinlaw.com* |
| **Counsel for Interested Party Connecticut General Life Insurance Co.** | Melissa Lor<br>***Email***: *mlor@schnader.com* |
| **Counsel for Creditor Knickerbocker Properties, Inc. XXXIII** | **Seyfarth Shaw LLP**<br>Scott Olson, Esq.<br>***Email:*** *solson@seyfarth.com* |
| **Counsel for Creditor Texas Comptroller of Public Accounts** | **Bankruptcy & Collections Division**<br>Kimberly Walsh, Esq.<br>***Email:*** *bk-kwalsh@oag.state.tx.us* |
| **Counsel for Creditor 200 S. Main Street Investors, LLC** | **Ballard Spahr Andrews and Ingersoll**<br>Rebecca J. Winthrop, Esq.<br>***Email:*** *WinthropR@ballardspahr.com*<br>Penny M. Costa, Esq.<br>***Email:*** *costap@ballardspahr.com* |
| **Counsel for Creditor Citibank, N.A.** | **Peitzman Weg LLP**<br>Larry Peitzman, Esq.<br>***Email:*** *lpeitzman@peitzmanweg.com* |
| **Counsel for Amy J. Fink** | **Jones Day**<br>Robert A. Trodella<br>***Email***: *rtrodella@jonesday.com* |
| **Counsel for Harris County** | **Linebarger Goggan Blair & Sampson LLP**<br>John P. Dillman<br>***Email***: *houston_bankruptcy@lgbs.com* |
| **Counsel for Informal Group of Certain Former Howrey Attorneys and Defendant Unum Life Insurance Company of America** | **Dumas & Clark LLP**<br>Cecily A. Dumas<br>***Email:*** *Cecily.dumas@dumasclark.com*<br>Robert E. Clark<br>***Email:*** *Robert.clark@dumasclark.com* |
| **Counsel for SAP America, Inc.** | **Cooper White & Cooper LLP**<br>Peter C. Califano<br>***Email***: *pcalifano@cwclaw.com* |

| | |
|---|---|
| **Counsel for SAP America, Inc.** | **Brown & Connery LLP** |
| | Donald K. Ludman, Esq. |
| | *Email:* *dludman@brownconnery.com* |
| **Counsel for McKenna Long and Aldridge** | Michael A. Isaacs, Esq. |
| | *Email*: *misaacs@mckennalong.com* |
| | *aworthing@mckennalong.com* |
| **Counsel for Jeffrey M. Judd** | **Judd Law Group** |
| | Jeffrey M. Judd, Esq. |
| | *Email*: *jeff@juddlawgroup.com* |
| | *melanie@juddlawgroup.com* |
| **Counsel for McGrane LLP** | Howard Garfield, Esq. |
| | *Email:* *howard.garfield@mbtlaw.com* |
| **Counsel for Cooper US, Inc.** | **Cooper Industries, Inc.** |
| | Paula Beck Whitten, Esq. |
| | *Email:* *paula.whitten@cooperindustries.com* |
| **Counsel for Neal Gerber & Eisenberg LLP** | **Hanson Bridgett LLP** |
| | Nancy J. Newman |
| | *Email:* *nnewman@hansonbridgett.com* |
| **Counsel for Defendant Kelly Services, Inc.** | Ruth Elin Auerbach, Esq. |
| | *Email:* *attorneyruth@sbcglobaln.net* |
| **Counsel for Creditor Rami Dalal** | Teresa A. Blasberg, Esq. |
| | *Email:* *tablasberg@earthlink.net* |
| **Counsel for Defendant Sheppard Mullin Richter & Hampton LLP** | Richard W. Brunette, Esq. |
| | *Email:* *rbrunette@sheppardmullin.com* |
| | *Email:* *rryland@sheppardmullin.com* |
| **Counsel for Defendant Barbara G. Werther** | Louis J. Cisz, III, Esq. |
| | *Email:* *lcisz@nixonpeabody.com* |
| **Counsel for Defendant Davidson Law Group, Ralls & Niece LLP, Ropes & Gray LLP, Ben Davidson, Geert Goeteyn, John W. Ralls, Stephen Mavroghenis, Informal Group of Certain Former Howrey Attorneys, and Teresa Corbin** | Robert E. Clark, Esq. |
| | *Email:* *robert.clark@dumasclark.com* |
| **Counsel for Defendant Recommind, Inc.** | Patrick M. Costello, Esq. |
| | *Email:* *pcostello@vectislawgroup.com* |
| | *Email:* *clee@vectislawgroup.com* |

| | | |
|---|---|---|
| **Counsel for Defendant Hogan Lovells US LLP** | Diana D. DiGennaro, Esq. | |
| | *Email:* diana.digennaro@aporter.com | |
| | *Email:* jhoskins@howardrice.com | |
| | Jonathan Hughes, Esq. | |
| | *Email:* jonathan.hughes@aporter.com | |
| | *Email:* joanne.caruso@aporter.com | |
| | Pamela Phillips, Esq. | |
| | *Email:* pamela.phillips@aporter.com | |
| | *Email:* sfcalendar@aporter.com | |
| | | |
| **Counsel for Defendant James R Batchelder,** | G. Larry Engel, Esq. | |
| **And Interested Party Certain Former Partners** | *Email:* lengel@mofo.com | |
| **Partners of Day Casebeer Madrid & Batchelder LLP** | Vincent J. Novak | |
| | *Email:* vnovak@mofo.com | |
| | *Email:* jkline@mofo.com | |
| | | |
| **Counsel for Defendant Baker Hughes Incorporated** | Gregg M. Ficks, Esq. | |
| | *Email:* gficks@coblentzlaw.com | |
| | | |
| **Counsel for Interested Party Informal Group of** | Matthew Heyn, Esq. | |
| **Former Level II Howrey Partners** | *Email:* mheyn@ktbslaw.com | |
| | | |
| **Counsel for Defendant Medco Health Solutions, Inc.** | Michael B. Ijams, Esq. | |
| | *Email:* mijams@curtislegalgroup.com | |
| | *Email:* achristensen@curtislegalgroup.com | |
| | | |
| **Counsel for Defendant Legal Placements, Inc.** | Bruce H. Jackson, Esq. | |
| **And Lexolution, LLC** | *Email:* bruce.jackson@bakermckenzie.com | |
| | *Email:* christine.vonseeburg@bakermckenzie.com | |
| | | |
| **Counsel for Defendant Ceridian Benefit** | Ori Katz, Esq | |
| **Services, Inc.** | *Email:* okatz@sheppardmullins.com | |
| | | |
| **Counsel for Defendant Kilpatrick Townsend** | Louise E. Ma, Esq. | |
| **& Stockton LLP** | *Email:* lma@kilpatricktownsend.com | |
| | *Email:* sbaker-lehne@kilpatricktownsend.com | |
| | | |
| **Counsel for Interested Party Ad Hoc Committee** | John H. MacConaghy, Esq. | |
| **Of Certain Former Howrey Partners** | *Email:* macclaw@macbarlaw.com | |
| | *Email:* smansour@macbarlaw.com | |
| | *Email:* kmuller@macbarlaw.com | |
| | | |
| **Counsel for Defendant Hunton & Williams LLP** | Matthew A. Mannering, Esq. | |
| | *Email:* mmannering@hunton.com | |
| | *Email:* lgodfrey@hunton.com | |
| | | |
| **Counsel for Defendant Bunsow De Mory** | Randy Michelson, Esq. | |
| **Smith & Allison LLP** | *Email:* | |
| | randy.michelson@michelsonlawgroup.com | |

| | | |
|---|---|---|
| 1 | | |
| 2 | **Counsel for Defendant Venable LLP** | Jennifer L. Nassiri, Esq.<br>*Email:* jnassiri@venable.com |
| 3 | **Counsel for Defendant TSG Reporting, Inc.** | Howard S. Nevins, Esq. |
| 4 | **& Stockton LLP** | *Email:* hnevins@hsmlaw.com<br>*Email:* lsamosa@hsmlaw.com |
| 5 | **Counsel for Defendant Intelligent Management** | Valerie Banter Peo, Esq. |
| 6 | **Solutions, I** | *Email:* vpeo@schnader.com<br>*Email:* mpadilla@schnader.com |
| 7 | **Counsel for Defendant Cornerstone Research, Inc.** | Steven G. Polard, Esq. |
| 8 | | *Email:* stevenpolard@dwt.com<br>*Email:* melissawells@dwt.com |
| 9 | **Counsel for Defendants Joseph Albanese &** | Scott A. Schiff, Esq. |
| 10 | **Associates, Inc., Stemcell Technologies, Inc.,** | *Email:* sas@soukup-schiff.com |
| 11 | **and Leigh Kirmsse** | |
| 12 | **Counsel for Defendant SJ Berwin LLP, and** | Charles M. Tatelbaum, Esq. |
| | **Defendant Michael Knospe,** | *Email:* ctatelbaum@hinshawlaw.com<br>*Email:* csmith@hinshawlaw.com |
| 13 | | |
| 14 | **Counsel for Defendant Haynes and Boone, LLP** | Alan R. Wechsler, Esq.<br>*Email:* alan.wechsler@haynesboone.com |
| 15 | **Counsel for Defendant Kasowitz Benson** | Margaret Ziemianek, Esq. |
| 16 | **Torres & Friedman LLP** | *Email:* mziemianek@kasowitz.com<br>*Email:* courtnotices@kasowitz.com |
| 17 | | |
| 18 | **Counsel for SJ Berwin LLP** | Charles M. Tatelbaum, Esq. |
| 19 | | *Email:* ctatelbaum@hinshawlaw.com<br>*Email:* csmith@hinshawlaw.com |
| 20 | ***VIA EMAIL:*** | |
| 21 | **Counsel for Creditor Citibank, N.A.** | **Paul, Weiss, Rifkind, Wharton & Garrison** |
| 22 | | Kelley A. Cornish, Esq.<br>*Email:* kcornish@paulweiss.com |
| 23 | | Diane Meyers, Esq.<br>*Email:*dmeyers@paulweiss.com |
| 24 | | Jacob J. Adlerstein, Esq.<br>*Email:* jadlerstein@paulweiss.com |
| 25 | | ayoung@paulweiss.com |
| 26 | | **Ballard Spahr LLP** |
| 27 | | Matthew Moncur, Esq.<br>*Email:* moncurm@ballardspahr.com |
| 28 | | |

1

**EMC Corporation**
c/o Receivable Management Services
Steven Sass, Esq.
*Email*: steven.sass@rmsna.com
Ronald Rowland, Esq.
*Email*: Ronald.rowland@rmsna.com

**Olin Corporation**
S. Christian Mullgardt
*Email*: scmullgardt@olin.com

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28