Signed and Filed: June 27, 2014

_____

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

**DIAMOND MCCARTHY LLP**
Andrew B. Ryan, Esq. *(pro hac vice)*
1201 Elm Street, Suite 3400
Dallas, TX 75270
Telephone: 214-389-5300
Facsimile: 214-389-5399
aryan@diamondmccarthy.com
*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669
*Local Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HOWREY LLP,<br><br>Debtor. | Case No. 11-31376 DM<br><br>Chapter 11<br><br>**ORDER GRANTING JOINT MOTION TO APPROVE A SETTLEMENT WITH THE FORMER HOWREY PARTNERS REPRESENTED BY KTBS AND DENYING ORAL MOTION FOR STAY** |

On June 24, 2014, the *Joint Motion to Approve a Settlement with the Former Howrey Partners Represented by KTBS* ("Joint Motion") filed by Allan B. Diamond, chapter 11 trustee ("Trustee") of the estate of Howrey LLP ("Howrey" or "Estate") and the Official Committee of Unsecured Creditors (the "Creditors' Committee") came before the Court. Appearances are as set forth in the record. The Joint Motion seeks approval of the Settlement Agreements and Mutual General Releases attached to the Joint Motion (the "Settlements") between the Trustee

151241.2

and the Creditors' Committee, on one hand, and sixty former partners of Howrey, on the other. This order governs each of the sixty separate Settlements entered into between the parties.

The only objectors to the Joint Motion were Advanced Discovery, LLC, Howrey Claims, LLC, Kent Daniels and Associates, Inc., and L.A. Best Photocopies, Inc., all of whom were represented by William McGrane of McGrane LLP (collectively, the "<u>Advanced Creditors</u>") at the hearing. Other than the Advanced Creditors, no other party objected to the Joint Motion either before or at the June 24, 2014 hearing.

At the June 24, 2014 hearing, after the Court indicated it would grant the Joint Motion, the Advanced Creditors, through their counsel, indicated their intent to appeal the ruling and made an oral motion for stay of the Court's ruling pending the appeal pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure.

Having considered the Joint Motion, all briefing and evidence related to the Joint Motion, the objections of the Advanced Creditors, the arguments of counsel, the oral motion for stay and the record in this Case and, after due deliberation:

**THE COURT HEREBY FINDS AND DETERMINES:[1]**

A. The Court has jurisdiction over the Joint Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding in which the Court can enter a final order pursuant to 28 U.S.C. § 157(b)(2). Venue of this bankruptcy case and the Joint Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. Due and adequate notice of the Joint Motion, the hearing on the Joint Motion, and the Settlements, has been provided to all parties in interest, and no other or further notice is

---

[1] The findings and conclusions set forth herein and on the record at the hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent there is a conflict between the Court's oral ruling at the hearing and this written order, this written order shall control.

necessary. A reasonable opportunity to object or be heard with respect to the Joint Motion and the relief set forth below has been afforded to all interested persons and entities.

C. The proposed Settlements accomplish a sound business purpose, are fair, reasonable, and equitable, and satisfy the requirements of Bankruptcy Rule 9019(a) and the factors outlined in *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 1986), as set forth on the record and at the hearing.

D. The Trustee Released Claims (as that term is defined in Section 3(a) of the Settlements),[2] together with any claims against the Settling Partners[3] that are either wholly or partially based on harm to Howrey or wholly or partially based on a transfer of Howrey's assets, or that are wholly or partially based on, duplicative of or derivative of any claim of the Estate (collectively, the "Duplicative Claims") are property of the Estate, such that they can be sold and any party other than the Trustee (or, to the extent it has been given standing by the Bankruptcy Court, the Creditors' Committee) proceeding with a lawsuit on such claims would be in violation of the automatic stay. *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1250 (9th Cir. 2010). Without limiting the generality of the previous sentence, the Duplicative Claims include the complaints and proposed complaints submitted to this Court by Howrey Claims, LLC. *Id*; *Shaoxing Cnty. Huayue Imp. & Exp. v. Bhaumik*, 191 Cal. App. 4th 1189, 1197, 120 Cal. Rptr. 3d 303, 309 (2011).

E. The Settlements each constitute a sale by the Trustee and the Committee and a purchase by the respective Settling Partner (as that term is defined in the relevant Settlement) of the Trustee Released Claims and Duplicative Claims against such Settling Partner and, therefore,

---

[2] As set forth in the Settlements, the Trustee Released Claims are "any right or interest of the Trustee Releasing Parties [in] claims, obligations, demands, actions, causes of action, and liabilities of whatever kind and nature or character and description …, whether in law or equity, whether sounding in tort, contract or other applicable law, whether known or unknown, whether matured or unmatured, whether liquidated or unliquidated, whether fixed or contingent, whether held directly or derivatively, and whether anticipated or unanticipated, that have been or could be asserted against the Trustee Released Parties."

[3] A list of Settling Partners is attached hereto as Exhibit A.

constitutes a sale of those claims under Section 363 of the Bankruptcy Code. *DiCostanzo v. Zimmerman (In re DiCostanzo)*, 399 Fed. App'x 307, 308 (9th Cir. 2010); *Goodwin v. Mickey Thompson Ent. Grp., Inc. (In re Mickey Thompson Ent. Grp., Inc.)*, 292 B.R. 415, 421 (B.A.P. 9th Cir. 2003). *Accord In re Moore*, 608 F.3d 253, 265 (5th Cir. 2010); *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996). The Settlements were negotiated and proposed in good faith, from arms-length bargaining positions, and without collusion. Each Settling Partner is entitled to the protections afforded by Bankruptcy Code section 363(m) to an entity that acquires assets from a bankruptcy estate in good faith.

F. The Settlements were negotiated and entered into in good faith pursuant to sections 877 and 877.6 of the California Code of Civil Procedure.

G. If this order were stayed pending appeal, as was orally requested by the Advanced Creditors at the hearing, there is a material risk that the Estate would lose the benefit of the Settlements, which includes the $4,214,254 that the Settling Partners will pay under the Settlements if this order is not stayed.

**THEREFORE, THE COURT HEREBY ORDERS:**

1. The Advanced Creditors' Objections to the Joint Motion are **OVERRULED**.

2. The Joint Motion is **GRANTED**, with the sole exception of the injunctive relief requested in Paragraph 1(c) of the Settlements, which is **DENIED**.

3. The Settlements are **APPROVED** under Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and Bankruptcy Code sections 363 and 105.

4. Each Settling Partner is hereby granted the protections of sections 877 and 877.6 of the California Code of Civil Procedure and of section 363(m) of the Bankruptcy Code.

5. Section 362 of the Bankruptcy Code applies to the Trustee Released Claims and the Duplicative Claims and the Court expressly **RESERVES** jurisdiction pursuant to 28 U.S.C. § 1334(e) to enforce this stay provision and over any disputes, actions, contested, matters, or other proceedings brought with respect to the Settlements and this Order.

6. The Settlements are binding upon the Estate, the Trustee, and the Creditors' Committee, including any successors to any of the foregoing, any trustee appointed if this case becomes a case under chapter 7, and any representative of the estate appointed under Section 1123 of the Bankruptcy Code.

7. The Trustee and the Creditors' Committee are hereby authorized to execute and consummate the Settlements and to take all actions reasonably required to implement their terms, consistent with this Order. To the extent there is a conflict between this Order and the Settlements, this Order shall control.

8. For the reasons set forth on the record at the hearing, the oral motion of the Advanced Creditors to stay this Order pending appeal is **DENIED**. If it were to grant a stay of this Order pending appeal, the Court would require the Advanced Creditors to post a bond of no less than $4,214,254.

**IT IS SO ORDERED.**

***END OF ORDER***

APPROVED AS TO FORM:

  /s/ William McGrane
Counsel to the Advanced Creditors

  /s/ Matthew Heyn
Counsel to the Settling Partners

  /s/ Bradford Englander
Counsel to the Unsecured Creditors' Committee

  /s/ Andrew B. Ryan
Counsel to Allan B. Diamond,
Chapter 11 Trustee for Howrey LLP

# EXHIBIT A

1. Alan Grimaldi
2. Bert Reiser
3. Brian Wallach
4. Carmine Zarlenga
5. Christopher MacAvoy
6. Curtis Porterfield
7. Daniel Shvodian
8. Darren Bernhard
9. David Dekker
10. David Stewart
11. Dimitri Nionakis
12. Duane Mathiowetz
13. Edward Han
14. Eric Schlichter
15. Ezra Levine
16. Floyd Nation
17. Glenn Rhodes
18. Gregory Ballard
19. James Kress
20. James Valentine
21. Jerrold Ganzfried
22. Jill Berkeley
23. John Heisse
24. John Keville
25. John Norris
26. John O'Neill
27. John Taladay
28. Jonathan Retsky
29. Joseph Lechtenberger
30. Joseph Ostoyich
31. Joseph Walker
32. Kevin Burke
33. Korula Cherian
34. Marc Schildkraut
35. Mary Craig Calkins
36. Mary Moltenbrey
37. Matthew Moore
38. Matthew Wolf
39. Melinda Patterson
40. Michael Cowie
41. Michael Jahnke
42. Patricia Kammerer
43. Paul Cuomo
44. Peter Chassman
45. Peter Moll
46. Richard Beckler
47. Richard Ripley
48. Richard Stanley
49. Robert Gooding
50. Robert Shulman
51. Robert Thum
52. Robert Wales
53. Roger Klein
54. Roxann Henry
55. Scott Flick
56. Stephen Cagle
57. Stephen Weissman
58. Theresa Gillis
59. Thomas Miller
60. Walter Berger
61. William Henry