**DIAMOND MCCARTHY LLP**
Stephen T. Loden (*pro hac vice*)
Jason M. Rudd (*pro hac vice*)
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: 713-333-5100
Facsimile: 713-333-5199
*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 11-31376 DM |
| | Chapter 11 |
| HOWREY LLP, | Hon. Dennis Montali |
| | **CHAPTER 11 TRUSTEE'S** |
| | **OBJECTION TO MCGRANE LLP** |
| | **FINAL FEE APPLICATION** |
| Debtor. | |
| | Hearing Date: July 29, 2014 |
| | Time: 9:30 a.m. |
| | Place: Courtroom 22 |
| | 235 Pine Street, 19th Floor |
| | San Francisco, CA 94104 |
| | Judge: Honorable Dennis Montali |

  Allan B. Diamond, chapter 11 trustee for Howrey LLP (the "Trustee"), as and for his

objection (the "Objection") to the Motion of McGrane LLP ("McGrane LLP") for Fourth and

Final Allowance of Attorney's Fees and Reimbursement of Expenses as Counsel for the Official

Committee of Unsecured Creditors (the "Application"), respectfully represents as follows:

**PRELIMINARY STATEMENT**

  1.  McGrane LLP justified its retention as co-counsel to the Committee in two ways:

First, McGrane LLP agreed that its primary task would be to advise the Committee on certain

matters for which existing Committee counsel faced informal conflicts. Second, McGrane LLP

agreed to only take the lead on matters when requested to do so; and to not duplicate efforts of

508456-1       1

other Committee counsel. Based upon those representations, the Trustee did not formally object to the retention, although the Trustee did voice serious concerns that McGrane LLP's retention would add to the administrative expenses of this case without providing any corresponding benefits.

2. The Application demonstrates that the Trustee's concerns were well-founded. For example, McGrane LLP seeks compensation for over $46,000 in fees billed to stubbornly pursue a theory it admits "has nothing to do with this case." McGrane LLP further seeks to be paid over $13,000 to duplicate the work of lead counsel to the Committee, and another $20,200 for general administrative matters such as preparing fee applications. Although the retention was justified on the premise that existing Committee counsel was conflicted from handling several matters, the Application does not contain a single time entry for work on any such matter.

3. Moreover, McGrane LLP's senior partner, William McGrane ("McGrane") now admits that he provided false and misleading disclosures to the Trustee, the Creditors' Committee, and this Court in support of his firm's engagement as Committee counsel. McGrane was also reprimanded by this Court for violating the automatic stay. As discussed below, McGrane's failure to make full and accurate disclosures in connection with his retention application, coupled with his attempts to undermine the professionals who were appointed by the United States Trustee and approved by this Court – presumably for his own benefit – warrants disallowance of the entire Application and disgorgement of the $63,925.64 McGrane LLP has already been paid.

4. For all of these reasons, and as discussed in more detail below, the Trustee objects to the Application, and seeks entry of an order disallowing the Application in its entirety and requiring McGrane LLP to disgorge all amounts previously paid.

2

# BACKGROUND

5.     On April 11, 2011 (the "Commencement Date"), McGrane, acting as counsel to Give Something Back Inc., Jan Brown & Associates, and Matura Farrington Staffing Services, Inc., commenced a chapter 7 involuntary case against Howrey LLP. Thereafter, McGrane filed notices that Western Messenger Service, Inc. [Dkt. No. 8], L.A. Best Photocopies, Inc. [Dkt No. 8], Kent Daniels and Associates, Inc. [Dkt. No. 9], and Advanced Discovery LLC [Dkt. No. 10] were joining in the involuntary chapter 7 petition. Accordingly, as of April 2011, McGrane represented no less than seven Howrey LLP petitioning creditors.

6.     On December 19, 2011, the Official Committee of Unsecured Creditors (the "Committee"), by and through its lead counsel Whiteford, Taylor & Preston, LLP ("Whiteford"), filed an application [Dkt. No. 483] seeking this Court's authorization to retain McGrane as co-counsel to the Committee (the "Retention Application"). As part of that Retention Application, McGrane signed a sworn declaration (the "12/19/2011 Declaration") wherein he stated, under oath, that McGrane LLP had terminated its representation of all Howrey individual creditors, including the seven petitioning creditors:

> To the best of my knowledge, neither I nor any other attorneys or employees of [McGrane LLP] has any business connections with the Debtors, their creditors, their equity security holders, or which any parties in interest, their respective attorneys or accountants, or with the Office of the United States Trustee or any persons employed in the office of the United States Trustee, except as follows: (i) I am counsel to Development Specialists, Inc. in various unrelated matters; (ii) I was *previously* counsel (through my former law firm) to various petitioning creditors in this bankruptcy case and (iii) I was *previously* counsel to a Member of the Committee through my present law firm [emphasis added].

[Dkt. 483-1, p. 2, ¶ 6].

7.     On December 28, 2011, the Trustee filed a statement in response to the Retention Application [Dkt. No. 489] (the "Trustee's Response"), wherein the Trustee questioned whether

Case: 11-31376   Doc# 1867   Filed: 07/08/14   Entered: 07/08/14 14:49:26   Page 3 of 26

1  the Committee required additional counsel, and expressed concerns about whether McGrane

2  would duplicate Whiteford's efforts in representing the Committee.  Notably, because McGrane

3  confirmed in the 12/19/2011 Declaration that he had terminated his relationships with each of the

4  petitioning creditors, the Trustee's Response raised no concerns about whether McGrane LLP

5  was qualified to be Committee counsel pursuant to 11 U.S.C. § 1103(b).

6          8.      In reply to the Trustee's stated concerns, the Committee stated in its December

7  29, 2011, reply in support of the Retention Application [Dkt. No. 495] (the "Reply"), that:

8

9          The engagement of McGrane LLP also is appropriate in order to address
           connections that Whiteford Taylor has with respect to certain parties in this
10         case.   As disclosed by Whiteford Taylor in its engagement application,
           Whiteford Taylor has connections with the Debtor's professionals, Wiley
11         Rein and Protiviti.  While these connections do not rise to the level of formal
           conflicts, having McGrane take the lead on behalf of the Committee with
12         respect to ongoing fee disputes in connection with Protiviti and Wiley Rein
           would be prudent.
13

14         .  .  .  both McGrane LLP and Whiteford Taylor have agreed to avoid
           unnecessary duplication of services, with the much larger Whiteford, Taylor
15         & Preston, LLP firm to take the lead in most matters, and with the McGrane
           LLP firm to take the lead in matters only as, when and if it is specifically
16         asked to do so by the Committee or Whiteford Taylor.  As both McGrane
           LLP and Whiteford Taylor must apply for their attorney's fees and costs
17         under 11 United States Code section 330, any violation of these undertakings
           by way of any sort of improper billing practices by either firm can, of course,
18         and should be objected to by any interested party in any case.

19  Based in part on those representations, the Trustee understood that McGrane LLP's engagement

20  (and thus this estate's obligation to fund that engagement) would extend only to: (1) issues where

21  Whiteford had informal or formal conflicts, and (2) issues where McGrane LLP was asked to

22  take the lead, and that McGrane LLP and Whiteford would "avoid unnecessary duplication of

23  services." *Id.*  With that understanding, the Trustee did not oppose entry of this Court's January

24  6, 2012, order authorizing the Committee to retain McGrane LLP, *nunc pro tunc* to December

25  15, 2011.

26

4

9.    On September 26, 2012, McGrane withdrew as counsel to the Committee. Approximately one month later McGrane, acting as counsel to a Georgia entity that had been formed only two days earlier, filed a November 1, 2012, adversary proceeding entitled *Howrey Claims LLC v. Paul Alexander, et al.,* adversary proceeding no. 12-03155 (the "<u>Adversary Proceeding</u>").  The Bankruptcy Court later determined that McGrane violated the automatic stay by commencing the Adversary Proceeding.  *See* Order Granting Trustee's Motion to Enforce Automatic Stay [Dkt. No. 994].  That decision is currently on appeal to the United States District Court for the Northern District of California.

10.    In a November 9, 2012, filing entitled Supplemental Declaration of William McGrane [Dkt. No. 857] (the "<u>11/9/2012 Declaration</u>"), McGrane offers an explanation for his withdrawal as Committee counsel and his filing of the Adversary Proceeding.  As part of that 11/9/2012 Declaration, McGrane again confirmed that his representation of all petitioning creditors ended before he was hired as co-counsel to the Committee:

> At no time while I was employed as co-counsel to the Committee, i.e. between December 15, 2011 and September 26, 2012, did I ever represent any person or entity for any purpose whatsoever or have any other relationship whose existence and involvement in the referenced bankruptcy case was required to be disclosed in the [12/9/2011 Declaration] other than as disclosed therein.

11/9/2012 Declaration, p. 4, ¶ 14.

11.    On May 8, 2014, McGrane filed motion papers seeking removal of the Trustee and disqualification of Diamond McCarthy LLP as the Trustee's counsel (collectively, the "<u>Removal Papers</u>") [Dkt. Nos. 1727, 1729].  McGrane filed the Removal Papers on behalf of the same petitioning creditors he previously swore under oath that he no longer represented: Advanced Discovery, LLC, Give Something Back, Inc., Kent Daniels and Associates, Inc., L.A.

Case: 11-31376    Doc# 1867    Filed: 07/08/14    Entered: 07/08/14 14:49:26    Page 5 of 26

Best Photocopies, Inc., Matura Farrington Staffing Services, Inc., and Western Messenger, Inc. *Id.*

12.     On May 9, 2014, McGrane acknowledged *for the first time* – and only as part of a failed self-serving attempt to force the removal of the Trustee – that his prior declarations were "likely not complete" and that Advanced Discovery, LLC, Kent Daniels and Associates, Inc., and L.A. Best Photocopies, Inc. engaged McGrane as their counsel in 2011 and *never discharged him*. *See* Second Supplemental Declaration of William McGrane, Dkt. No. 1740 (the "<u>5/9/2014 Declaration</u>"), p. 1, ¶¶ 3-4.  Two days later, on May 11, 2014, McGrane filed a fourth declaration in which he states that he was:

> necessarily and continuously representing [Advanced Discovery, LLC, Kent Daniels and Associates, Inc. and L.A. Best Photocopies, Inc.] at the time I served as co-counsel to the Committee (as well as presently) . . .

*See* Third Supplemental Declaration of William McGrane [Dkt. No. 1745] (the "<u>5/11/2014 Declaration</u>"), p. 1, ¶ 3.

13.     On May 30, 2014, McGrane filed the Application, wherein he seeks final allowance of the $63,925.64 that he has already been paid by this estate, and an additional payment of $15,631.41 on a final basis.  Notably, the Application is completely devoid of any discussion as to why McGrane should be entitled to any estate compensation in light of the declaration he gave in support of his retention – a declaration which McGrane now admits was "likely not complete", and was in fact patently inaccurate.  Indeed, one or more of Mr. McGrane's declarations to this Court under oath and penalty of perjury were inescapably false.

## OBJECTION

14.     For the reasons discussed below, the Trustee objects to allowance of the Application.  Firstly, the majority of the work for which McGrane seeks payment was to research

Case: 11-31376    Doc# 1867    Filed: 07/08/14    Entered: 07/08/14 14:49:26    Page 6 of 26

issues that McGrane admits have nothing to do with this case. Secondly, the Application reveals that McGrane spent over 40% of his time duplicating Whiteford's work or attending to administrative matters. McGrane's failure to demonstrate that he provided any benefits to this estate, coupled with his disregard of the limitations on his engagement as set forth in the Committee's Reply, justify disallowance of the Application.

15. Moreover, McGrane now admits that the information he provided to support his retention was false and incomplete. Regardless of whether McGrane's inaccurate disclosures resulted in actual harm to this estate, this Court has discretion to disallow the Application in its entirety, and to require McGrane to disgorge all amounts that he has been previously paid. Moreover, this Court has discretion to require McGrane to reimburse the estate for amounts spent to enforce the automatic stay to prevent interference with one of this estate's most significant assets. In light of McGrane's conduct and admitted false statements to the Court, the Trustee submits that entry of an order requiring McGrane to disgorge all previously paid fees and reimburse the estate for moving to enforce the automatic stay would be a reasonable exercise of this Court's discretion.

*McGrane should not be compensated for time spent on projects that provided no estate benefit.*

16. According to the Application, McGrane spent 58.87% of his time performing "preliminary investigations into potential claims the Debtor may have under Chapter 5 or Section 723 of the Bankruptcy Code, and drafting a memorandum concerning a partnership liability complaint" for which $46,325.00 in compensation is sought. *See* Application, p. 7. According to the theory McGrane was investigating, Howrey was not properly registered as a limited liability partnership in California, and thus all of Howrey's California partners should be treated as general partners. After spending over 70 hours "investigating" that theory, McGrane finally

7

admitted that "[s]ection 723 has nothing to do with this case." *See* 11/9/2012 Declaration, ¶ 9, p. 2.

17.    When the Trustee first learned that McGrane was eager to argue that Howrey was a California general partnership, he asked his counsel to investigate McGrane's theory to determine whether Howrey's California partners could indeed be held liable as general partners. Diamond McCarthy LLP, the Trustee's counsel, researched those claims and ultimately concluded that McGrane's theory was unsupportable. The Trustee informed McGrane and the Committee of that conclusion in May 2012, yet McGrane continued to devote time to the issue and, in the process, racked up another $27,760.00 in fees for which he now seeks estate compensation.[1]   In other words, of the $46,325 McGrane charged to investigate this theory, 60% of those fees were billed *after* the Trustee had told McGrane that the theory was unsupportable.

18.    McGrane is entitled to compensation for his work on section 723 issues only if the Court determines that those services "were beneficial at the time at which the service was rendered towards the completion of a case . . . " and "were performed within a reasonable amount of time . . . ." 11 U.S.C. § 330(a)(3); *see also In re Strand*, 375 F.3d 854, 860 (9th Cir. 2004) (stating a five-part test for determining whether fees should be awarded under section 330). As discussed above, McGrane was aware as early as May 2012 that his general partnership theories were unsupportable. The Trustee and his counsel spent approximately 16 hours to debunk those theories. The fact that it took McGrane 4.5 times as long as the Trustee to recognize that "section 723 has nothing to do with this case" does not justify his entitlement to

---

[1]    Although McGrane seeks compensation for an "investigation" into possible section 723 claims that he now asserts began in March 2012, McGrane previously swore under oath that he did not start to look at section 723 claims until October 2012. *See* 11/9/2012 Declaration, p. ¶8 ("In late October 2012, and in the course of my research, *I first determined* to analyze whether partners in limited liability partnerships could be subject to 11 U.S.C. § 723 [emphasis added].") If McGrane did not commence his section 723 research until October 2012 – after he had withdrawn from the Committee representation – then his present request to be paid for that work should be summarily denied.

Case: 11-31376    Doc# 1867    Filed: 07/08/14    Entered: 07/08/14 14:49:26    Page 8 of 26

compensation for that extra work. *Unsecured Creditors' Committee v. Puget Sound Plywood, Inc.*, 924 F.2d 955 (9th Cir. 1991).

19.    The Ninth Circuit's analysis in *Puget Sound* is illustrative of why McGrane's request for compensation on section 723 issues should be disallowed. In *Puget Sound,* counsel for the unsecured creditors committee pursued objections to a secured creditor's claim even after the debtor had "actively questioned the need for such a challenge and refused to participate on its own behalf." *Puget Sound,* 924 F.2d at 958-59. Even after being so informed, counsel for the creditors committee continued to bill time to pursue that challenge, which ultimately resulted in an award to the estate that was substantially less than the recovery committee counsel sought. *Id.* Nevertheless, committee counsel sought full compensation for its work on the challenge, arguing that the ultimate result was irrelevant because the bankruptcy court had authorized the committee to bring the challenge. *Id.* at 958. The bankruptcy court and the Ninth Circuit disagreed, holding that the court's order "did not give [committee counsel] free reign to run up a tab without considering the maximum possible recovery. . . . the court's intervention order did not relieve [committee counsel] of his obligation to exercise billing judgment." As such, the Ninth Circuit affirmed the bankruptcy court's substantial reduction of committee counsel's fees. *Id.* at 961.

20.    Similarly here, McGrane stubbornly continued to pursue section 723 and general partnership theories long after the Trustee and the Trustee's counsel informed him that such efforts would not result in any benefit to this estate. McGrane ultimately agreed with the Trustee and abandoned those theories, but only after billing almost $30,000 more in fees. From that perspective, the present facts are actually *more* egregious than those justifying reduction of counsel's fees in *Puget Sound*: at least in that case committee counsel's efforts resulted in some

Case: 11-31376    Doc# 1867    Filed: 07/08/14    Entered: 07/08/14 14:49:26    Page 9 of 26

recovery to the estate. Here, however, McGrane's dogged pursuit of theories he now admits are irrelevant brought absolutely no benefits whatsoever to this estate.

21.     As was the case with committee counsel in *Puget Sound*, this Court's order approving McGrane's retention did not give him free reign to run up legal bills without exercising billing judgment. *Puget Sound*, 924 F.2d at 958. McGrane's request to be compensated for investigating section 723 issues should be disallowed in its entirety.[2]

*McGrane should not be compensated for services that were inconsistent with representations he made to the Trustee and this Court to support his engagement*

22.     In response to the Trustee's concerns about McGrane's engagement, McGrane agreed that he would only take the lead on projects for which Whiteford was conflicted, or for which the Committee asked McGrane to take the lead. *See* Reply, pps. 2 – 3. Specifically, McGrane's engagement was justified because Whiteford has connections with Howrey's former chapter 11 professionals such that McGrane, rather than Whiteford, should handle issues with respect to those professionals' final fee applications. *Id.* Moreover, McGrane's engagement was justified because "McGrane LLP and Whiteford Taylor have agreed to avoid unnecessary duplication of services, with the much larger Whiteford, Taylor & Preston, LLP firm to take the lead in most matters, and with the McGrane LLP firm to take the lead in matters only as, when and if it is specifically asked to do so by the Committee or Whiteford Taylor." *Id.*

23.     In reality, McGrane billed absolutely no time to addressing the fee applications of Howrey's former professional with which Whiteford had connections; but he did spend 32.35 hours on his own fee applications, charging the estate $6,170.00 in fees. McGrane also spent 4.2 hours on his employment application, for a total of $3,360 in fees, and 17.45 hours on "general case

---

[2]     The Trustee also objects to McGrane's request to be paid $200.00 for .25 hours billed on January 18, 2012 for work that has no apparent relationship to this chapter 11 case. *See* Application, Exhibit C ("E-mails to M. Farrington re Dewey & Lebouef [sic] and potential case.")

administration" for a total of $10,670.00 in fees.  In total, McGrane reports spending 54 hours and billing fees of $20,200.00 either getting retained, filing fee applications, or addressing other general case administration matters.  Stated differently, fully one-quarter of the time for which McGrane seeks compensation was focused on administrative matters that provided absolutely no benefits to this estate.  That is precisely the type of "inefficiencies and additional administrative costs [that] may result from two law firms representing the Committee" that the Trustee worried would happen with McGrane's retention.  *See* Trustee's Response, p. 1, *see also Puget Sound,* 924 F.2d at 961 (affirming bankruptcy court's reduction of committee counsel's request to be compensated for taking 25 hours to prepare a fee application).

24.    Other than conducting the "preliminary investigation into potential claims the Debtor may have under Chapter 5 of Section 723" discussed above, the only other substantive, non-administrative, task McGrane billed for relates to the Hispanic Farmers litigation.  McGrane reports that he billed 17.5 hours totaling $13,300.00 for:

> negotiating with the Trustee and Citibank regarding the terms of motions to reject client agreements related to the Hispanic Farmers Litigation [and] the review and reply to objections and questions regarding the motions to reject client agreements related to the Hispanic Farmers litigation.

*See* Application, p. 9.  Of the 12 time entries McGrane billed to Hispanic Farmers issues, only one entry states that McGrane communicated with Citibank's counsel  – an email on December 22, 2011, which McGrane billed 1.2 hours to compose.  *See* Application, Ex. E.  The rest of McGrane's time entries for Hispanic Farmers reflect that he was communicating with Whiteford attorneys, meeting with Whiteford attorneys, preparing hearing materials for Whiteford attorneys, or attending hearings with Whiteford attorneys.

25.    For example, on December 20, 2011, McGrane billed 1.2 hours for "e-mail correspondence with B. Englander re: [Hispanic farmers matter]."  *See* Application, Ex. I.  On February 8, 2012, McGrane billed 1.0 hours to "review file and correspondence from B.

Englander" and another 1.2 hours to "meet with B. Englander". *Id.* A day later, on February 9, McGrane billed 2.0 hours to "Prepare for hearing on rejection of contracts, meet with B. Englander re: same", and another 1.0 hours to "attend hearing and meet with B. Englander and A. Diamond." *Id.* The next day, McGrane billed another hour to "review form of order and related case materials from B. Englander, discuss with B. Englander. (1.0)" *Id.*

26.     McGrane's time entries for the Hispanic Farmers litigation demonstrate that his involvement in those issues created precisely the sort of "inefficiencies and additional administrative costs [that] may result from two law firms representing the Committee" that the Trustee feared would happen. McGrane assured the Trustee and this Court that he and Whiteford had "agreed to avoid unnecessary duplication of services, with the much larger Whiteford, Taylor & Preston, LLP firm to take the lead in most matters, and with the McGrane LLP firm to take the lead in matters only as, when and if it is specifically asked to do so by the Committee or Whiteford Taylor." *See* Reply, p. 2.

27.     The exact opposite turned out to be true: other than needlessly spending time investigating claims that McGrane acknowledges have "nothing to do with this case", McGrane either duplicated the work Whiteford was doing on Hispanic Farmers, or billed the estate for administrative matters. None of those services benefitted this estate, and as discussed above a good portion of those services were directly contrary to McGrane's prior representations to this Court and the Trustee about the scope of his engagement. For those reasons, the Court should disallow McGrane's application to be paid for his work on "General Case Administration", "Employment Application", "Hispanic Farmers", and "Fee Applications", totaling $33,640.00.

*McGrane's violation of the automatic stay justifies*
*disallowance of the Application in its entirety*

28.     Following his resignation as co-counsel for the Committee, McGrane pursued a strategy to reinsert himself into this case which culminated in his filing of the Adversary

12

Proceeding. After extensive briefing and a lengthy hearing, the Court concluded that McGrane violated the automatic stay by filing the Adversary Proceeding, and threatened to hold McGrane and his newly-formed client in contempt of court should they continue their efforts to exert control over litigation claims that are property of the Howrey chapter 11 estate. In moving to enforce the automatic stay to prevent McGrane's ill-conceived strategy from derailing this entire chapter 11 case, the estate incurred attorney's fees and expenses in the amount of at least $189,704.50, and those fees continue to increase as McGrane pursues an appeal of this Court's order. *See* Diamond McCarthy LLP Monthly Fee Statements reflecting fees billed to Matter 38 for November 2012 totaling $76,309.50 [Dkt. No. 958], December 2012 totaling $51,182.50 [Dkt. No. 998], and January 2013 totaling $62,212.50 [Dkt. No. 1030].

29. When an estate professional violates his or her ethical duties or knowingly violates the automatic stay, this Court has discretion to disallow that professional's fees in part or in whole. *See, e.g., In re Song*, No. 02-17320-ER, 2008 WL 6058782 at *11, (9th. Cir. B.A.P., 2008) (recognizing that a bankruptcy court has discretion to deny fees in whole or in part if it is determined that counsel violated ethical duties); *In re Catholic Bishop of Northern Alaska*, No. F08-00110-DMD, 2009 WL 2902917, at *9 (Bankr. D. Alaska, April 16, 2009) (disallowing portion of counsel's fee application as sanctions for automatic stay violation).

30. In *In re Catholic Bishop*, the debtor became concerned that special counsel for the creditors' committee had violated the automatic stay, and thus brought a motion for order to show cause as to why sanctions should not issue against committee special counsel. 2009 WL 290917, at *2-5. Although the debtor did not request monetary sanctions for the stay violation, the bankruptcy court disallowed special counsel's fees as a form of monetary sanction:

> [Debtor] has incurred fees and costs in bringing this motion. Further, [debtor] is responsible for the payment of all administrative expenses

13

incurred in this case, including the fees of Manley & Stewart as special litigation counsel to the [committee]. [Debtor] should not have to pay for the cost of enforcing the stay. [Debtor] has not requested monetary sanctions, but a disallowance of a portion of Manley & Stewart's fees would essentially serve the same purpose, as it would reduce [the Debtor's] overall administrative expenses.

*In re Catholic Bishop,* 2009 WL 2902917, at * 9.

31.     Similarly here, McGrane violated the automatic stay by commencing the Adversary Proceeding, and this estate should not be required to pay for the costs of enforcing the stay by bringing the Stay Motion. As set forth in Diamond McCarthy's monthly fee statements, from November 2012 through January 2013 the estate incurred almost $190,000.00 in attorneys fees in responding to McGrane's stay violation. [Dkt. Nos. 958, 998, 1030]. Requiring the estate to pay McGrane LLP an additional $80,000.00 for work that provided no benefits would further compound the injury this estate has suffered as a result of McGrane's unrelenting efforts to interfere with this case. Disallowing the Application would serve the same purpose as imposing monetary sanctions on McGrane for violation of the stay – it would ensure that this estate is not unnecessarily burdened by administrative expenses of professionals who have interfered with the orderly administration of this estate.

*McGrane's admitted false and incomplete disclosures justify disallowance of the Application and disgorgement of all <u>previously paid amounts</u>*

32.     Even if it were not so crystal clear that McGrane LLP had provided no benefit to this estate within the scope of its retention that was not duplicative of the work of the Committee's lead counsel, the Court should nevertheless disallow the Application in light of McGrane's admission that he provided false and incomplete disclosures to support the Retention Application.

14

33.    Bankruptcy Rule 2014 requires estate professionals to disclose "all of the [applicant's] connections with the debtor, creditors, [or] any other party in interest . . . ."  *See In re Condor Systems, Inc.*, 302 B.R. 55, 69 (Bankr. N.D.Cal. 2003) *citing* FED. R. BANKR. P. 2014(a).  Rule 2014(a)'s disclosure requirements are strictly applied to ensure that the Court has the necessary information to comply with its responsibilities in approving the retention.  *In re Condor Systems, Inc.*, 302 B.R. at 69; *see also In re Park-Helena Corp.,* 63 F.3d 877, 881-82 (9th Cir. 1995).  As the Ninth Circuit noted in *Park Helena*:

> The disclosure rules impose upon attorneys an independent responsibility. Thus, failure to comply with the disclosure rules is a sanctionable violation, even if proper disclosure would have shown that the attorney had not actually violated any Bankruptcy Code provision or any Bankruptcy Rule.

*In re Park-Helena Corp.,* 63 F.3d at 880.  The disclosure rules are to be applied literally, even if the results are "sometimes harsh."  *Id.* at 881.  Negligence or inadvertent mistake is no excuse for a failure to make full and accurate disclosures.  *Id*. at 882.

34.    Here, McGrane admits that the disclosures he provided in support of the Retention Application were "likely not complete."  *See* 5/9/2014 Declaration, p. 1, ¶¶ 3-4.  But even that statement by McGrane is at best disingenuous.  Inasmuch as McGrane further admits that, despite his sworn disclosures to the contrary, he did in fact continue to represent several Howrey LLP creditors during the entirety of his tenure as co-counsel to the Committee, McGrane's disclosure is not just "not complete", it is false.  *See* 5/11/2014 Declaration, p. 1, ¶ 3.  McGrane's admission that his Rule 2014 statements were incomplete and false gives the Court discretion to deny his fees altogether.  *See In re Park-Helena Corp.*, 63 F.3d at 882 ("Even a negligent of inadvertent failure to disclosure fully relevant information may result in a denial of all requested fees.").

Case: 11-31376    Doc# 1867    Filed: 07/08/14    Entered: 07/08/14 14:49:26    Page 15 of 26

## <u>CONCLUSION</u>

35.     As discussed, McGrane LLP spent the majority of its time as co-counsel for the Committee in the pursuit of legal theories that have nothing to do with this chapter 11 case, and which brought no value to this estate. Moreover, McGrane now admits that he made inaccurate and false disclosures to support his firm's retention application, and he was found to have violated the automatic stay by attempting to take control of one of this estate's principal assets.

36.     For the reasons stated, the Trustee submits that it would be well within this Court's discretion to disallow the Application in its entirety and, in addition, to require McGrane LLP to disgorge all amounts that he has previously been paid. The Trustee seeks entry of an order providing that and such other relief as to which the estate shows itself to be entitled.

Dated: July 8, 2014

_/s/ Stephen T. Loden, Esq._

Stephen T. Loden (*pro hac vice*)
Jason M. Rudd (*pro hac vice*)
DIAMOND MCCARTHY LLP
909 Fannin, 15th Floor
Houston, TX 77010
Telephone:  713-333-5100
Facsimile:  713-333-5199

*Counsel for Allan B. Diamond, Chapter 11 Trustee*
*for Howrey LLP*

16

**CERTIFICATE OF SERVICE**

___X___  (CM/ECF) The document was electronically served on the parties to this action via the mandatory United States Bankruptcy Court of California CM/ECF system upon filing of above described document on this date:

**SEE ATTACHED SERVICE LIST**

___X___ (ELECTRONIC MAIL SERVICE) By electronic mail (e-mail) the above listed document(s) without error to the email address(es) set forth below on this date:

**SEE ATTACHED SERVICE LIST**

___X___  (UNITED STATES MAIL) By depositing a copy of the above-referenced documents for mailing in the United States Mail, first class postage prepaid, at Houston, Texas, to the parties listed at their last known mailing addresses, on this date:

**SEE ATTACHED SERVICE LIST**

_____  (OVERNIGHT COURIER) By depositing a true and correct copy of the above referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

_____  (COURIER SERVICE) By providing true and correct copies of the above referenced documents via courier delivery, to the following on or about _____:

_____(FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those people listed on the attached service list, on the date above written.

*/s/ Stephen T. Loden*_____
Stephen T. Loden

17

*VIA CM/ECF:*

**United States Trustee**

Minnie Loo, Esq.
Donna S. Tamanaha, Esq.
Office of the U.S. Trustee
235 Pine Street. 7th Floor
San Francisco, CA 94104-3484
*Email: Minnie.Loo@usdoj.gov*
*Email: Donna.S.Tamanaha@usdoj.gov*
*Email: USTPRegion17.SF.ECF@usdoj.gov*
*Email: ltroxas@hotmail.com*

**Chapter 11 Trustee**

Allan B. Diamond
**Diamond McCarthy, LLP**
Two Houston Center
909 Fannin Street, Suite 1500
Houston, Texas 77010
*Email: adiamond@diamondmccarthy.com*

**Counsel for the Chapter 11 Trustee**

**Diamond McCarthy, LLP**
Howard D. Ressler, Esq.
*Email: hressler@diamondmccarthy.com*
Stephen T. Loden, Esq.
*Email: sloden@diamondmccarthy.com*
Jason M. Rudd, Esq.
*Email: jrudd@diamondmccarthy.com*
Andrew B. Ryan, Esq.
*Email: aryan@diamondmccarthy.com*

**Kornfield Nyberg Bender & Kuhner P.C.**
Eric Nyberg
*Email: e.nyberg@kornfieldlaw.com*
Chris D. Kuhner
*Email: c.kuhner@kornfieldlaw.com*

**Debtor's Counsel**

**Wiley Rein LLP**
H. Jason Gold
Valerie P. Morison
Dylan G. Trache
*Email: jgold@wileyrein.com*
*Email: vmorrison@wileyrein.com*
*Email: dtrache@wileyrein.com*

**Murray & Murray**
Robert A. Franklin
Craig M. Prim
Jenny Lynn Fountain
*Email: rfranklin@murraylaw.com*
*Email: cprim@murraylaw.com*
*Email: jfountain@murraylaw.com*

Case: 11-31376   Doc# 1867   Filed: 07/08/14   Entered: 07/08/14 14:49:26   Page 18
of 26

| | |
|---|---|
| 1 | **Joel D. Adler**<br>*Email:* *jadler@adlerlaw.net* |
| 2 | **Duane Morris LLP** |
| 3 | Geoffrey A. Heaton, Esq.<br>*Email:* *gheaton@duanemorris.com*<br>Aron M. Oiner, Esq. |
| 4 | *Email:* *roliner@duanemorris.com* |
| 5 | **Law Offices of Latham & Watkins** |
| 6 | Kimberly A. Posin, Esq.<br>*Email:* *kim.posin@lw.com*<br>*Email:* *colleen.greenwood@lw.com* |
| 7 | **Murray & Murray** |
| 8 | Craig M. Prim, Esq.<br>*Email:* *cprim@murraylaw.com*<br>Robert A. Franklin, Esq. |
| 9 | *Email:* *rfranklin@murraylaw.com*<br>Jenny L. Fountain, Esq. |
| 10 | *Email:* *jlfountain@murraylaw.com* |
| 11 | |
| 12 | **Official Committee of Unsecured Creditors** |
| 13 | **Whiteford, Taylor & Preston LLP**<br>Bradford F. Englander, Esq.<br>*Email:* *benglander@wtplaw.com* |
| 14 | John F. Carlton, Esq.<br>*Email:* *jcarlton@wtplaw.com*<br>Justin P. Fasano, Esq. |
| 15 | *Email:* *jfasano@wtplaw.com* |
| 16 | **Counsel for The Irvine Company, LLC** |
| 17 | **Allen Matkins, et al.**<br>*Email:* *mgreger@allenmatkins.com*<br>*Email:* *krodriguez@allenmatkins.com* |
| 18 | **Counsel for Creditor Citibank, N.A.** |
| 19 | **Paul, Weiss, Rifkind, Wharton & Garrison**<br>Kelley A. Cornish, Esq.<br>*Email:* *kcornish@paulweiss.com* |
| 20 | **McNutt Law Group, LLP** |
| 21 | Scott H. McNutt, Esq.<br>*Email:* *smcnutt@ml-sf.com* |
| 22 | **Counsel for Creditor Protiviti, Inc.** |
| 23 | **Pachulski, Stang, Ziehl & Jones**<br>John D. Fiero, Esq.<br>*Email:* *jfiero@pszjlaw.com* |
| 24 | *Email:* *ksuk@pszjlaw.com*<br>*Email:* *ocarpio@pszjlaw.com* |
| 25 | |
| 26 | **Counsel for Creditor Oracle America, Inc.** |
| | **Buchalter Nemer**<br>Shawn M. Christianson, Esq.<br>*Email:* *schristianson@buchalter.com* |

19

| | |
|---|---|
| **Counsel for Creditor U.S. Bank, N.A.,** **as Trustee** | **Perkins Coie LLP** David J. Gold, Esq. ***Email:*** *dgold@perkinscoie.com* Gabriel Liao, Esq. ***Email:*** *gliao@perkinscoie.com* |
| **Counsel for Attorneys' Liability Assurance** **Society, Inc.,** ***A Risk Retention Group*** | **Perkins Coie LLP** Alan D. Smith, Esq. ***Email:*** *adsmith@perkinscoie.com* |
| **Counsel for Creditors Advanced Discovery** **LLc, Give Something Back, Inc., Jan Brown** **& Associates, Kent Daniels & Associates, Inc.,** **L.A. Best Photocopies, Inc., Western** **Messenger Service, Inc.** | **McGrane LLP** William McGrane, Esq. ***Email:*** *william.mcgrane@mcgranellp.com* **Berliner Cohen** *Email:* *frank.ubhaus@berliner.com* |
| **Counsel for BP/CGCENTER I, LLC** | **Allen, Matkins, Leck, Gamble and Mallory** William W. Huckins ***Email:*** *whuckins@allenmatkins.com* |
| **Counsel for Creditor Warner Investment, L.P.** | **McKenna Long and Aldridge LLP** Gregg S. Kleiner, Esq. ***Email:*** *gkleiner@mckennalong.com* Michael A. Isaacs, Esq. ***Email:*** *misaacs@mckennalong.com* ***Email:*** *aworthing@mckennalong.com* |
| **Counsel for Creditor Dewey & LeBoeuf LLP** | **Dewey and LeBoeuf** Paul S. Jasper, Esq. ***Email:*** *pjasper@dl.com* |
| **Counsel for Creditor Iron Mountain** **Information Management Inc.** | **Bartlett, Hackett and Feinberg** Frank F. McGinn, Esq. ***Email:*** *ffm@bostonbusinesslaw.com* |
| **Counsel for Creditor Hines REIT 321** **North Clark Street, LLC** | **DLA Piper LLP** Frank T. Pepler, Esq. ***Email:*** *frank.pepler@dlapiper.com* |
| **Counsel for Creditor Stephanie Langley** | **Outten and Golden LLP** Rene S. Roupinian, Esq. ***Email:*** *rst@outtengolden.com* ***Email:*** *jxh@outtengolden.com* |
| **Counsel for Creditor Stephanie Langley** | **Law Offices of James D. Wood** James D. Wood, Esq. ***Email:*** *jdw@jdwoodlaw.com* |

20

| | | |
|---|---|---|
| 1 | **Counsel for Creditor Pension Benefit Guaranty Corp.** | **Office of the Chief Counsel**<br>John Holland Ginsberg, Esq.<br>***Email:*** *ginsberg.john@pbgc.gov* |
| 2 | | |
| 3 | **Counsel for Interested Party Connecticut General Life Insurance Company** | **Schnader Harrison Segal and Lewis**<br>Melissa Lor, Esq.<br>***Email:*** *MLor@Schnader.com* |
| 4 | | |
| 5 | **Counsel for Howrey Claims LLC** | **McGrane LLP**<br>William McGrane, Esq.<br>***Email:*** william.mcgrane@mcgranellp.com |
| 6 | | |
| 7 | | **Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP**<br>Christian D. Jinkerson, Esq.<br>ijinkerson@kleinlaw.com |
| 8 | | |
| 9 | | |
| 10 | **Counsel for Interested Party Connecticut General Life Insurance Co.** | Melissa Lor<br>***Email***: mlor@schnader.com |
| 11 | **Counsel for Creditor Knickerbocker Properties, Inc. XXXIII** | **Seyfarth Shaw LLP**<br>Scott Olson, Esq.<br>***Email:*** *solson@seyfarth.com* |
| 12 | | |
| 13 | **Counsel for Creditor Texas Comptroller of Public Accounts** | **Bankruptcy & Collections Division**<br>Kimberly Walsh, Esq.<br>***Email:*** *bk-kwalsh@oag.state.tx.us* |
| 14 | | |
| 15 | **Counsel for Creditor 200 S. Main Street Investors, LLC** | **Ballard Spahr Andrews and Ingersoll**<br>Rebecca J. Winthrop, Esq.<br>***Email:*** *WinthropR@ballardspahr.com*<br>Penny M. Costa, Esq.<br>***Email***: *costap@ballardspahr.com* |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | **Counsel for Creditor Citibank, N.A.** | **Peitzman Weg LLP**<br>Larry Peitzman, Esq.<br>***Email:*** *lpeitzman@peitzmanweg.com* |
| 20 | | |
| 21 | **Counsel for Amy J. Fink** | **Jones Day**<br>Robert A. Trodella<br>***Email***: *rtrodella@jonesday.com* |
| 22 | | |
| 23 | **Counsel for Harris County** | **Linebarger Goggan Blair & Sampson LLP**<br>John P. Dillman<br>***Email***: *houston_bankruptcy@lgbs.com* |
| 24 | | |
| 25 | **Counsel for Informal Group of Certain Former Howrey Attorneys and Defendant Unum Life Insurance Company of America** | **Dumas & Clark LLP**<br>Cecily A. Dumas<br>***Email:*** *Cecily.dumas@dumasclark.com*<br>Robert E. Clark<br>***Email:*** *Robert.clark@dumasclark.com* |
| 26 | | |

21

| | |
|---|---|
| **Counsel for SAP America, Inc.** | **Cooper White & Cooper LLP**<br>Peter C. Califano<br>*Email*: pcalifano@cwclaw.com |
| **Counsel for SAP America, Inc.** | **Brown & Connery LLP**<br>Donald K. Ludman, Esq.<br>*Email*: dludman@brownconnery.com |
| **Counsel for McKenna Long and Aldridge** | Michael A. Isaacs, Esq.<br>*Email*: misaacs@mckennalong.com<br>aworthing@mckennalong.com |
| **Counsel for Jeffrey M. Judd** | **Judd Law Group**<br>Jeffrey M. Judd, Esq.<br>*Email*: jeff@juddlawgroup.com<br>melanie@juddlawgroup.com |
| **Counsel for McGrane LLP** | Howard Garfield, Esq.<br>*Email*: howard.garfield@mbtlaw.com |
| **Counsel for Cooper US, Inc.** | **Cooper Industries, Inc.**<br>Paula Beck Whitten, Esq.<br>*Email*: paula.whitten@cooperindustries.com |
| **Counsel for Neal Gerber & Eisenberg LLP** | **Hanson Bridgett LLP**<br>Nancy J. Newman<br>*Email*: nnewman@hansonbridgett.com |
| **Counsel for Defendant Kelly Services, Inc.** | Ruth Elin Auerbach, Esq.<br>*Email*: attorneyruth@sbcglobaln.net |
| **Counsel for Creditor Rami Dalal** | Teresa A. Blasberg, Esq.<br>*Email*: tablasberg@earthlink.net |
| **Counsel for Defendant Sheppard Mullin Richter & Hampton LLP** | Richard W. Brunette, Esq.<br>*Email*: rbrunette@sheppardmullin.com<br>*Email*: rryland@sheppardmullin.com |
| **Counsel for Defendant Barbara G. Werther** | Louis J. Cisz, III, Esq.<br>*Email*: lcisz@nixonpeabody.com |
| **Counsel for Defendant Davidson Law Group, Ralls & Niece LLP, Ropes & Gray LLP, Ben Davidson, Geert Goeteyn, John W. Ralls, Stephen Mavroghenis, Informal Group of Certain Former Howrey Attorneys, and Teresa Corbin** | Robert E. Clark, Esq.<br>*Email*: robert.clark@dumasclark.com |

22

| | | |
|---|---|---|
| 1 | **Counsel for Defendant Recommind, Inc.** | Patrick M. Costello, Esq. |
| | | *Email:* pcostello@vectislawgroup.com |
| 2 | | *Email:* clee@vectislawgroup.com |
| 3 | **Counsel for Defendant Hogan Lovells US LLP** | Diana D. DiGennaro, Esq. |
| | | *Email:* diana.digennaro@aporter.com |
| 4 | | *Email:* jhoskins@howardrice.com |
| | | Jonathan Hughes, Esq. |
| 5 | | *Email:* jonathan.hughes@aporter.com |
| | | *Email:* joanne.caruso@aporter.com |
| 6 | | Pamela Phillips, Esq. |
| | | *Email:* pamela.phillips@aporter.com |
| 7 | | *Email:* sfcalendar@aporter.com |

**Counsel for Defendant James R Batchelder,**
**And Interested Party Certain Former Partners**
**Partners of Day Casebeer Madrid & Batchelder LLP**

G. Larry Engel, Esq.
*Email:* lengel@mofo.com
Vincent J. Novak
*Email:* vnovak@mofo.com
*Email:* jkline@mofo.com

**Counsel for Defendant Baker Hughes Incorporated**
Gregg M. Ficks, Esq.
*Email:* gficks@coblentzlaw.com

**Counsel for Interested Party Informal Group of**
**Former Level II Howrey Partners**
Matthew Heyn, Esq.
*Email:* mheyn@ktbslaw.com

**Counsel for Defendant Medco Health Solutions, Inc.**
Michael B. Ijams, Esq.
*Email:* mijams@curtislegalgroup.com
*Email:* achristensen@curtislegalgroup.com

**Counsel for Defendant Legal Placements, Inc.**
**And Lexolution, LLC**
Bruce H. Jackson, Esq.
*Email:* bruce.jackson@bakermckenzie.com
*Email:*
christine.vonseeburg@bakermckenzie.com

**Counsel for Defendant Ceridian Benefit**
**Services, Inc.**
Ori Katz, Esq
*Email:* okatz@sheppardmullins.com

**Counsel for Defendant Kilpatrick Townsend**
**& Stockton LLP**
Louise E. Ma, Esq.
*Email:* lma@kilpatricktownsend.com
*Email:* sbaker-lehne@kilpatricktownsend.com

**Counsel for Interested Party Ad Hoc Committee**
**Of Certain Former Howrey Partners**
John H. MacConaghy, Esq.
*Email:* macclaw@macbarlaw.com
*Email:* smansour@macbarlaw.com
*Email:* kmuller@macbarlaw.com

23

| | | |
|---|---|---|
| 1 | **Counsel for Defendant Hunton & Williams LLP** | Matthew A. Mannering, Esq. |
| 2 | | ***Email:*** *mmannering@hunton.com* <br> ***Email:*** *lgodfrey@hunton.com* |
| 3 | **Counsel for Defendant Bunsow De Mory** <br> **Smith & Allison LLP** | Randy Michelson, Esq. <br> ***Email:*** |
| 4 | | *randy.michelson@michelsonlawgroup.com* |
| 5 | **Counsel for Defendant Venable LLP** | Jennifer L. Nassiri, Esq. <br> ***Email:*** *jnassiri@venable.com* |
| 6 | | |
| 7 | **Counsel for Defendant TSG Reporting, Inc.** <br> **& Stockton LLP** | Howard S. Nevins, Esq. <br> ***Email:*** *hnevins@hsmlaw.com* <br> ***Email:*** *lsamosa@hsmlaw.com* |
| 8 | | |
| 9 | **Counsel for Defendant Intelligent Management** <br> **Solutions, I** | Valerie Banter Peo, Esq. <br> ***Email:*** *vpeo@schnader.com* <br> ***Email:*** *mpadilla@schnader.com* |
| 10 | | |
| 11 | **Counsel for Defendant Cornerstone Research, Inc.** | Steven G. Polard, Esq. <br> ***Email:*** *stevenpolard@dwt.com* |
| 12 | | ***Email:*** *melissawells@dwt.com* |
| 13 | **Counsel for Defendants Joseph Albanese &** <br> **Associates, Inc., Stemcell Technologies, Inc.,** | Scott A. Schiff, Esq. <br> ***Email:*** *sas@soukup-schiff.com* |
| 14 | **and Leigh Kirmsse** | |
| 15 | **Counsel for Defendant SJ Berwin LLP, and** <br> **Defendant Michael Knospe,** | Charles M. Tatelbaum, Esq. <br> ***Email:*** *ctatelbaum@hinshawlaw.com* |
| 16 | | ***Email:*** *csmith@hinshawlaw.com* |
| 17 | **Counsel for Defendant Haynes and Boone, LLP** | Alan R. Wechsler, Esq. <br> ***Email:*** *alan.wechsler@haynesboone.com* |
| 18 | | |
| 19 | **Counsel for Defendant Kasowitz Benson** <br> **Torres & Friedman LLP** | Margaret Ziemianek, Esq. <br> ***Email:*** *mziemianek@kasowitz.com* <br> ***Email:*** *courtnotices@kasowitz.com* |
| 20 | | |
| 21 | **Counsel for SJ Berwin LLP** | Charles M. Tatelbaum, Esq. |
| 22 | | *Email:  ctatelbaum@hinshawlaw.com* <br> *Email: csmith@hinshawlaw.com* |
| 23 | ***VIA EMAIL:*** | |
| 24 | **Counsel for Creditor Citibank, N.A.** | **Paul, Weiss, Rifkind, Wharton & Garrison** |
| 25 | | Kelley A. Cornish, Esq. <br> ***Email:*** *kcornish@paulweiss.com* <br> Diane Meyers, Esq. |
| 26 | | ***Email:****dmeyers@paulweiss.com* <br> Jacob J. Adlerstein, Esq. |

*Email*: jadlerstein@paulweiss.com
ayoung@paulweiss.com

**Ballard Spahr LLP**
Matthew Moncur, Esq.
*Email*: moncurm@ballardspahr.com

**EMC Corporation**
c/o Receivable Management Services
Steven Sass, Esq.
*Email*: steven.sass@rmsna.com
Ronald Rowland, Esq.
*Email*: Ronald.rowland@rmsna.com

**Olin Corporation**
S. Christian Mullgardt
*Email*: scmullgardt@olin.com

***VIA U.S. MAIL:***

Richard Burdge, Esq.
The Burdge Law Firm PC
500 S Grand Ave Ste 1500
Los Angeles, CA 90071

Jeffrey C. Wisler, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19899

IKON Office Solutions
Recovery & Bankruptcy Group
3920 Arkwright Road, Suite 400
Macon, GA 31210

EMC Corporation
c/o RMS Bankruptcy Recovery Services
Attn: President or General/Managing Agent
P.O. Box 5126
Timonium, MD 21094-5126

Salter & Company LLC
4600 East-West Highway, Suite 300
Bethesda, MD 20814

County of Loudoun Virginia
Belkys Escobar
1 Harrison St., S.E. 5th Fl.
Leesburg, VA 20175-3102

25

Matura Farrington Staffing Services, Inc.
700 So. Flower Street, Suite 2505
Los Angeles, CA 90017

Guy Davis
Protiviti Inc.
1051 East Cary Street, Suite 602
Richmond, VA 23219

George E. Shoup, III
Development Specialists, inc.
6375 Riverside Drive, Suite 200
Dublin, OH 43017-5373

Kyle Everett
Development Specialists, Inc.
235 Pine Street, Suite 1150
San Francisco, CA 94104

James W. Martin
DHR International
5425 Wisconsin Ave., 4th Floor
Chevy Chase, MD 20815