UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

*11-31376 DM*

| | |
|---|---|
| In re: | Case No: C 13-02700 SBA |
| HOWREY LLP, | **ORDER ON BANKRUPTCY APPEAL** |
| Debtor. | |

This case arises out of Howrey LLP's ("Howrey") dissolution and the movement of Howrey's partners to new law firms. Allan B. Diamond, the Chapter 11 bankruptcy trustee for Howrey ("the Trustee"), has filed multiple adversary proceedings against numerous law firms to recover profits from unfinished business that Howrey's partners brought with them to their new law firms under the theory that the profits were fraudulent transfers ("Unfinished Business Claims"). The Trustee has also sued numerous former partners of Howrey seeking to recover improper distributions from Howrey under various theories, including the theory that the distributions were fraudulent transfers ("Clawback Claims").

Appellant Haynes and Boone, LLC ("H&B"), one of the law firms sued by the Trustee, appeals an order issued by the bankruptcy court finding that the automatic stay under 11 U.S.C. § 362[1] applies to a state court declaratory relief action proposed by H&B. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby AFFIRMS the bankruptcy court's order, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

---

[1] Unless otherwise specified, all further statutory references are to the Bankruptcy Code.

# I.   BACKGROUND[2]

Howrey was an international law firm with offices in, among other places, Washington D.C., California, and Europe. Howrey dissolved effective March 15, 2011. On April 11, 2011, an involuntary Chapter 7 bankruptcy was commenced when certain creditors of Howrey filed a petition with the bankruptcy court. On June 11, 2011, the bankruptcy court converted Howrey's bankruptcy into a Chapter 11 bankruptcy case. On October 12, 2011, the bankruptcy court entered an order approving the appointment of the Trustee.

In response to the Trustee threatening to file an adversary proceeding against it, H&B filed a Motion for Order Confirming That The Automatic Stay Is Inapplicable, Or In The Alternative, Granting Relief From The Automatic Stay ("motion for relief from stay"). H&B's motion sought confirmation from the bankruptcy court that the filing of a "completely defensive" declaratory relief action against the Trustee in the District of Columbia, which would seek a determination that former Howrey partners had no duty to account to Howrey for unfinished business on hourly rate matters brought to their new firms,[3] would not violate the automatic stay. Alternatively, in the event the bankruptcy court determined that the automatic stay applies, H&B sought an order from the bankruptcy court lifting the automatic stay for cause under § 362(d).

Shortly after H&B filed its motion for relief from the automatic stay, the Trustee commenced an adversary proceeding against H&B, alleging, among other things, that

---

[2] The parties are familiar with the background of this case. As such, the Court will only recite the procedural history and facts relevant to the resolution of the appeal pending before the Court.

[3] According to H&B, because there was no duty to account, the waiver of such a duty (i.e., the "Jewel Waiver") by Howrey and its former partners was not a fraudulent transfer as nothing of value was transferred.

Case: 11-31376   Doc# 1923   Filed: 08/08/14   Entered: 08/11/14 10:35:29   Page 2 of 8

1  Howrey's waiver[4] of the duty of departing partners to account for unfinished hourly

2  business was a fraudulent transfer under § 548, and that H&B is liable under § 550.  The

3  Trustee asserts that H&B is liable for profits earned on Howrey's unfinished business

4  because H&B is the entity that received the fraudulent transfers.  More specifically, the

5  Trustee seeks to recover profits earned on two hourly matters brought to H&B from former

6  Howrey partner Richard Ripley.  According to the Trustee, the profits H&B earned on these

7  matters must be remitted to Howrey for the benefit of its creditors.

8       Following a hearing, the bankruptcy court denied H&B's motion for relief from stay.

9  In denying the motion, the bankruptcy court concluded that the Trustee's Unfinished

10  Business Claim against H&B is property of the bankruptcy estate "protected" by the

11  automatic stay under § 362(a)(3).  The bankruptcy court determined that H&B's

12  prosecution of its proposed declaratory relief action "would essentially be a defense more

13  properly asserted and adjudicated in the Trustee's adversary proceeding against [H&B],"

14  and that "prosecution elsewhere would be the exercise of control over property of the

15  estate."  In reaching its conclusion, the bankruptcy court reasoned that "splitting the

16  Trustee's causes of action so that they are asserted [in the bankruptcy case] but defended

17  elsewhere interferes with and amounts to control of those causes of action."  According to

18  the bankruptcy court, H&B's attempt to assert a potentially case-dispositive defense to the

19  Trustee's Unfinished Business Claim in another forum would be "an affirmative step to

20  thwart the Trustee's claims," amounting to "impermissible control" over property of the

21

22

23

---

24      [4] Just before dissolution, Howrey's partners amended their partnership agreement to
adopt a so-called "Jewel Waiver," which provides that, in the event of dissolution, "neither

25  the Partners nor the Partnership shall have any claim or entitlement to clients, cases or
matters ongoing at the time of dissolution other than the entitlement for collections of

26  amounts due for work performed by the Partners and other Partnership personnel on behalf
of the Partnership prior to the earlier of their respective departure dates from the

27  Partnership or the date of dissolution of the Partnership."  The Jewel Waiver is the transfer
that the Trustee contends was a fraudulent transfer that he can avoid in seeking to establish

28  H&B's liability under § 550.

1    bankruptcy estate.[5]  Finally, after analyzing the relevant factors, the bankruptcy court

2    concluded that H&B had failed to demonstrate that "cause" exists for relief from the

3    automatic stay under § 362(d).

4          H&B timely appealed the bankruptcy court's order denying its motion for relief

5    from stay.  The Court now considers H&B's appeal.

6    **II.     JURISDICTION AND STANDARD OF REVIEW**

7          This Court has jurisdiction over the instant appeal under 28 U.S.C. § 158(a)(1).

8    Section 158(a) provides, in relevant part:  "The district courts of the United States shall

9    have jurisdiction to hear appeals . . . from final judgments, orders, and decrees."  28 U.S.C.

10   § 158(a); see In re Tucson Estates, Inc., 912 F.2d 1162, 1166 (9th Cir. 1990) ("An order

11   denying relief from a bankruptcy stay is appealable.").

12         The court reviews the bankruptcy court's legal conclusions de novo and findings of

13   fact for clear error.  In re Southern Cal. Plastics, Inc., 165 F.3d 1243, 1245 (9th Cir. 1999).

14   The applicability of the automatic stay and exceptions thereto are questions of law that the

15   Court considers de novo.  Lockyer v. Mirant Corp., 398 F.3d 1098, 1107 (9th Cir. 2005)

16   (citations omitted).  Similarly, whether property is property of the estate is a question of

17   law reviewed de novo.  In re Hernandez, 483 B.R. 713, 719 (9th Cir. BAP 2012).  De novo

18   review means that review is independent, with no deference given to the bankruptcy court's

19   conclusions.  See In re Onecast Media, Inc., 439 F.3d 558, 561 (9th Cir. 2006).

20   **III.    DISCUSSION**

21         H&B frames the issue on appeal as follows:  "Did the Bankruptcy Court err in

22   concluding that the filing of a completely defensive declaratory judgment action by [H&B]

23

24

25

---

26   [5] The bankruptcy court noted that this "problem could be exacerbated by the fact that
     [the] Trustee may be suing other law firms who acquired [Howrey's] former partners who
27   practice in jurisdictions other than the District of Columbia, and those law firms may
     indeed seek to invoke the laws of the other jurisdictions where other rules apply.  This is [a]
28   . . . 'slippery slope' that the Trustee is entitled to avoid by denial of the Motion."

- 4 -

1    in a nonbankruptcy court would constitute an exercise of control over property of the

2    debtor's estate within the meaning of 11 U.S.C. § 362(a)(3)?"[6]

3    **A.    Automatic Stay**

4         When a bankruptcy petition is filed, an estate is automatically created that comprises

5    essentially all of the property owned by the debtor. See 11 U.S.C. § 541(a); In re

6    FitzSimmons, 725 F.2d 1208, 1210 (9th Cir. 1984). "This estate comprises the property

7    that will ultimately be available to satisfy the costs of bankruptcy administration and pay

8    off the claims of creditors, subject to the right of the debtor to declare some of the estate

9    exempt under 11 U.S.C. § 522(b)." In re FitzSimmons, 725 F.2d at 1210. Section 541 of

10    the Bankruptcy Code defines property of the bankruptcy estate as "all legal or equitable

11    interests of the debtor in property as of the commencement of the case." 11 U.S.C. §

12    541(a). The scope of this provision is broad and includes causes of action. United States v.

13    Whiting Pools, Inc., 462 U.S. 198, 205 n. 9 (1983); Sierra Switchboard Co. v.

14    Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986).

15         In conjunction with the creation of the bankruptcy estate, a stay is automatically

16    imposed against, among other things, "any act to obtain possession of property of the estate

17    or of property from the estate or to exercise control over property of the estate." See 11

18    U.S.C. § 362(a)(3). The automatic stay is designed to " 'protect debtors from all collection

19    efforts while they attempt to regain their financial footing.' " In re Nat'l Envtl. Waste

20    Corp., 129 F.3d 1052, 1054 (9th Cir. 1997). In addition, "the automatic stay allows the

21    bankruptcy court to centralize all disputes concerning property of the debtor's estate in the

22    bankruptcy court so that reorganization can proceed efficiently, unimpeded by

23    uncoordinated proceedings in other arenas." In re Ionosphere Clubs, Inc., 922 F.2d 984,

24    988 (2d Cir. 1990). The automatic stay prevents "piecemeal dismemberment" of the

25    bankruptcy estate. In re Palmdale Hills Property, LLC, 423 B.R. 655, 663 (9th Cir. BAP

26

27        [6] H&B asserts that while it disagrees with the bankruptcy court's determination that relief from the automatic stay under § 362(d) is not warranted, it does not challenge this

28    determination on appeal. As such, the Court will not address this issue.

1  2009).  Actions taken in violation of the automatic stay are void.  In re Nat'l Envtl. Waste,

2  129 F.3d at 1054; see also In re Shamblin, 890 F.2d 123, 125 (9th Cir. 1989) ("Judicial

3  proceedings in violation of [the] automatic stay are void."); In re Stringer, 847 F.2d 549,

4  551 (9th Cir. 1988) ("Any proceedings in violation of the automatic stay in bankruptcy are

5  void.").

6          Aside from the limited exceptions set forth in § 362(b), "[t]he stay of section 362 is

7  extremely broad in scope and . . . should apply to almost any type of formal or informal

8  action against the debtor or property of the estate."  In re Miller, 397 F.3d 726, 730-731

9  (9th Cir. 2005).  While the automatic stay is broad in scope, "section 362(d) 'gives the

10  bankruptcy court wide latitude in crafting relief from the automatic stay."  In re Nat'l Envtl.

11  Waste, 129 F.3d at 1054.  Specifically, the bankruptcy court may, "grant relief from the

12  stay . . . such as by terminating, annulling, modifying, or conditioning such stay."  11

13  U.S.C. § 362(d).  A decision to lift the automatic stay under § 362 is within the discretion

14  of the bankruptcy court.  In re Kissinger, 72 F.3d 107, 108 (9th Cir. 1995).

15      **B.    Analysis**

16          H&B contends that the bankruptcy court erred in concluding that the prosecution of

17  its proposed declaratory relief action would violate the automatic stay.  H&B argues that

18  the bankruptcy court's determination "was error" for two independent reasons:  "(1) the

19  filing of a completely defensive declaratory action by a noncreditor in a nonbankruptcy

20  forum is not an exercise of control over property of the estate within the meaning of section

21  362(a)(3), and (2) a noncreditor's action that merely has an effect on the bankruptcy estate

22  does not exercise control over property of the estate."  According to H&B, "although [the

23  Trustee's] causes of action are assets of the estate and the subject matter of [its proposed

24  declaratory relief action] could be relevant to one of [the Trustee's] causes of action, the

25  [declaratory relief action] does not satisfy the terms of section 362(a)(3)."

26          Here, because H&B does not dispute that the Trustee's Unfinished Business Claim

27  against it is the property of the bankruptcy estate, the issue is whether H&B's proposed

28  declaratory relief action constitutes an "act . . . to exercise control over property of the

- 6 -

1  estate" within the meaning of § 362(a)(3).  The Court concurs with the bankruptcy court's

2  determination that the declaratory relief action proposed by H&B would violate the

3  automatic stay under § 362(a)(3).  H&B's proposed action would challenge the right of the

4  Trustee to recover the profits earned by H&B from Howrey's unfinished business that was

5  brought to the firm by a former Howrey partner.  H&B seeks to file an action in another

6  forum requesting a declaratory judgment regarding the merits of the Trustee's Unfinished

7  Business Claim.  The issues H&B seeks to raise in its proposed declaratory relief action can

8  be raised defensively in response to the Trustee's adversary proceeding.  By proposing to

9  file an action in another forum that would, if successful, amount to a case-dispositive

10  defense to the Trustee's Unfinished Business Claim, H&B is attempting to exercise control

11  over property of the bankruptcy estate.  See Securities Investor Protection Corp. v. Bernard

12  L. Madoff Inv., 460 B.R. 106, 114-115 (Bkrtcy. S.D.N.Y. 2011) (finding that by bringing

13  an action for a declaration of non-liability for any alleged preferential or fraudulent

14  transfers in a foreign court, the subsequent transferee, which was one of the subjects of an

15  avoidance complaint filed by Securities Investor Protection Act (SIPA) trustee, violated the

16  automatic stay by usurping causes of action belonging to the estate), aff'd 474 B.R. 76

17  (S.D.N.Y. 2012).  H&B's proposed action is "precisely" the type of activity that the

18  automatic stay was intended to prevent.  See id. at 114 (noting that if the foreign action

19  were allowed to continue, "the Trustee will be required to expend duplicative time and

20  resources to essentially re-litigate the merits of [his] Avoidance Action in the [foreign

21  action].); see also In re Lickman, 297 B.R. 162, 170-171 (Bankr. M.D. Fla.2003) (finding

22  that debtor making telephone calls, writing letters, filing disciplinary complaints with The

23  Florida Bar, and seeking legal relief in Pennsylvania state and federal courts in order to

24  convince the trustee to release estate property violative of the stay because "[t]he stay

25  applies to attempts to obtain control over tangible and intangible property.  It also protects

26  causes of action that are vested in the trustee.") (internal citation and quotations omitted).

27        H&B, for its part, has not cited any authority demonstrating that the bankruptcy

28  court erred by concluding that H&B's proposed declaratory relief action is subject to the

1    automatic stay under § 362(a)(3).  The Court has reviewed the authority cited by H&B and

2    is not persuaded that reversal of the bankruptcy court's order is warranted.  This Court, like

3    the bankruptcy court, is persuaded by the reasoning of the bankruptcy court's decision in

4    Securities Investor Protection, 460 B.R. at 114-115.  Accordingly, the Court concludes that

5    the bankruptcy court did not err in denying H&B's motion for relief from stay.[7]

6    **IV.    CONCLUSION**

7            For the reasons stated above, IT IS HEREBY ORDERED THAT:

8            1.      The Court AFFIRMS the bankruptcy court's order denying H&B's motion

9    for relief from stay.

10           2.      This Order terminates the instant action.  The Clerk shall close the file and

11   terminate all pending matters.

12           IT IS SO ORDERED

13   Dated:  8/8/2014

                                          SAUNDRA BROWN ARMSTRONG
14                                        United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26   ─────────────────────
        [7] The Court will not address the Trustee's contention that § 362(a)(1) provides an
27   additional basis to affirm the bankruptcy court's order.  The bankruptcy court did not
     address the merits of this argument and the Court declines to do so in the first instance on
28   appeal.

                                          - 8 -