**DIAMOND MCCARTHY LLP**
Christopher R. Murray, Esq. *(pro hac vice)*
Michael Fishel, Esq. (*pro hac vice*)
909 Fannin, Suite 1500
Houston, TX 77010
Telephone:  713-333-5100
Facsimile:  713-333-5199
cmurray@diamondmccarthy.com
mfishel@diamondmccarthy.com

*Counsel for Allan B. Diamond*
*Chapter 11 Trustee for Howrey LLP*

**KORNFIELD, NYBERG, BENDES & KUHNER P.C.**
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone:  510-763-1000
Facsimile:   510-273-8669

*Local Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 11-31376 DM |
| | ) | Chapter 11 |
| | ) | Hon. Dennis Montali |
| HOWREY LLP, | ) | |
| | ) | |
| Debtor. | ) | **DECLARATION OF NO OBJECTION** |
| | ) | **TO CHAPTER 11 TRUSTEE'S FIRST** |
| | ) | **OMNIBUS MOTION FOR** |
| | ) | **AUTHORITY UNDER** |
| | ) | **BANKRUPTCY RULE 9019 TO** |
| | ) | **ENTER INTO MULTIPLE** |
| | ) | **SETTLEMENTS WITH FORMER** |
| | ) | **HOWREY PARTNERS** |

I, Michael Fishel, declare as follows:

1          1.      I am an attorney at law admitted *pro hac vice* to practice before this court and I

2     am a partner with the law firm of Diamond McCarthy LLP, attorneys of record for Allan B.

3     Diamond, Chapter 11 Trustee.

4          2.      I know the following of my own personal knowledge and could and would testify

5     competently thereto if called upon to do so.

6          3.      On June 4, 2015, the Trustee filed a Notice and Opportunity for Hearing

7     ("<u>Notice</u>") and served the Notice on all creditors and interested parties.  A copy of the Notice,

8     including proof of service, is attached hereto as Exhibit "A."

9          4.      Attached hereto as Exhibit "B" is a copy of the First Omnibus Motion for

10    Authority Under Bankruptcy Rule 9019 to Enter Into Multiple Settlements with Former Howrey

11    Partners ("<u>Settlement Motion</u>").

12         5.      More than twenty-one (21) days have elapsed since service of the Settlement

13    Motion and no response has been received by our office to the requested relief.

14         I declare under penalty of perjury that the foregoing is true and correct and that this

15    declaration was executed this 26th day of June 2015 at Houston, Texas.

16

17                                     */s/ Michael Fishel*

18

19

20

21

22

23

24

25

26

Case: 11-31376   Doc# 2303   Filed: 06/26/15   Entered: 06/26/15 07:11:08   Page 2 of
119

# EXHIBIT A

**DIAMOND McCARTHY LLP**
Christopher R. Murray *(pro hac vice)*
Michael Fishel, Esq. *(pro hac vice)*
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: 713-333-5100
Facsimile: 713-333-5199
cmurray@diamondmccarthy.com
mfishel@diamondmccarthy.com
*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669
*Local Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 11-31376 DM |
| | Chapter 11 |
| HOWREY LLP, | Hon. Dennis Montali |
| Debtor. | **NOTICE AND OPPORTUNITY FOR HEARING** |
| | . |

    **NOTICE IS HEREBY GIVEN** that on June 4, 2015, Allan B. Diamond, in his capacity

as chapter 11 trustee for the estate of Howrey LLP (the "<u>Trustee</u>") and the Official Committee of

Unsecured Creditors ("<u>Committee</u>") filed his *First Omnibus Motion for Authority Under*

*Bankruptcy Rule 9019 to Enter Into Multiple Settlements with Former Howrey Partners* (the

"<u>Settlement Motion</u>") (Docket No. 2277).

NOTICE IS FURTHER GIVEN that Bankruptcy Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed and any objection to the relief requested in the Settlement Motion, or request for hearing, must be filed and served upon counsel for the Trustee within 21 days of the date of service of this Notice.

NOTICE IS FURTHER GIVEN that any objection or request for hearing must be accompanied by any declarations or memoranda of law that the party wishes to present in support of its position.

Dated: June 3, 2015

**DIAMOND McCARTHY LLP**


     */s/ Michael Fishel*
Christopher R. Murray *(pro hac vice)*
Michael Fishel, Esq. (pro hac vice)
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: 713-333-5100
Facsimile: 713-333-5199
cmurray@diamondmccarthy.com
mfishel@diamondmccarthy.com
*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**KORNFIELD, NYBERG, BENDES &KUHNER, P.C.**
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669
*Local Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

329134-1

3

## NOTICE OF SERVICE

__X__ (CM/ECF) The document was electronically served on the parties to this action via the mandatory United States Bankruptcy Court of California CM/ECF system upon filing of above described document:

### SEE ATTACHED SERVICE LIST

__X__ (ELECTRONIC MAIL SERVICE) By electronic mail (e-mail) the above listed document(s) without error to the email address(es) set forth below on this date:

### SEE ATTACHED SERVICE LIST

__X__ (UNITED STATES MAIL) By depositing a copy of the above-referenced documents for mailing in the United States Mail, first class postage prepaid, at Houston, Texas, to the parties listed, at their last known mailing addresses, on this date:

### SEE ATTACHED SERVICE LIST

_____ (OVERNIGHT COURIER) By depositing a true and correct copy of the above referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

_____ (COURIER SERVICE) By providing true and correct copies of the above referenced documents via courier delivery, to the following on or about _____:


_____ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those people listed on the attached service list, on the date above written.


*/s/ Michael Fishel* _____
Michael Fishel

Case: 11-31376   Doc# 2308   Filed: 06/06/15   Entered: 06/06/15 02:23:08   Page 7 of 119

| | |
|---|---|
| **VIA CM/ECF:** | |
| **United States Trustee** | Minnie Loo, Esq.<br>Donna S. Tamanaha, Esq.<br>Office of the U.S. Trustee<br>235 Pine Street. 7th Floor<br>San Francisco, CA 94104-3484<br>*Email:* *Minnie.Loo@usdoj.gov*<br>*Email:* *Donna.S.Tamanaha@usdoj.gov*<br>*Email:* *USTPRegion17.SF.ECF@usdoj.gov*<br>*Email:* *ltroxas@hotmail.com* |
| **Chapter 11 Trustee** | Allan B. Diamond<br>**Diamond McCarthy, LLP**<br>Two Houston Center<br>909 Fannin Street, Suite 1500<br>Houston, Texas 77010<br>*Email:* *adiamond@diamondmccarthy.com* |
| **Counsel for the Chapter 11 Trustee** | **Diamond McCarthy, LLP**<br>Howard D. Ressler, Esq.<br>*Email:* *hressler@diamondmccarthy.com*<br>Stephen T. Loden, Esq.<br>*Email:* *sloden@diamondmccarthy.com*<br>Jason M. Rudd, Esq.<br>*Email:* *jrudd@diamondmccarthy.com*<br>Christopher R. Murray, Esq.<br>*Email:* *cmurray@diamondmccarthy.com* |
| | **Kornfield Nyberg Bender & Kuhner P.C.**<br>Eric Nyberg<br>*Email:* *e.nyberg@kornfieldlaw.com*<br>Chris D. Kuhner<br>*Email:* *c.kuhner@kornfieldlaw.com* |
| **Debtor's Counsel** | **Murray & Murray**<br>Robert A. Franklin<br>Craig M. Prim<br>Jenny Lynn Fountain<br>*Email:* *rfranklin@murraylaw.com*<br>*Email:* *cprim@murraylaw.com*<br>*Email:* *jfountain@murraylaw.com* |
| | **Joel D. Adler**<br>*Email:* *jadler@adlerlaw.net* |
| **Duane Morris LLP** | Geoffrey A. Heaton, Esq.<br>*Email:* *gheaton@duanemorris.com*<br>Aron M. Oiner, Esq.<br>*Email:* *roiner@duanemorris.com* |

329134-1

5

| | |
|---|---|
| **Law Offices of Latham & Watkins** | Kimberly A. Posin, Esq. |
| | ***Email:*** *kim.posin@lw.com* |
| | ***Email:*** *colleen.greenwood@lw.com* |
| | |
| **Official Committee of Unsecured Creditors** | **Whiteford, Taylor & Preston LLP** |
| | Bradford F. Englander, Esq. |
| | ***Email:*** *benglander@wtplaw.com* |
| | John F. Carlton, Esq. |
| | ***Email:*** *jcarlton@wtplaw.com* |
| | Justin P. Fasano, Esq. |
| | ***Email:*** *jfasano@wtplaw.com* |
| | |
| **Counsel for The Irvine Company, LLC** | **Allen Matkins, et al.** |
| | ***Email:*** *mgreger@allenmatkins.com* |
| | ***Email:*** *krodriguez@allenmatkins.com* |
| | |
| **Counsel for Creditor Citibank, N.A.** | **Paul, Weiss, Rifkind, Wharton & Garrison** |
| | Kelley A. Cornish, Esq. |
| | ***Email:*** *kcornish@paulweiss.com* |
| | |
| | **McNutt Law Group, LLP** |
| | Scott H. McNutt, Esq. |
| | *Email:* *smcnutt@ml-sf.com* |
| | |
| **Counsel for Creditor Protiviti, Inc.** | **Pachulski, Stang, Ziehl & Jones** |
| | John D. Fiero, Esq. |
| | ***Email:*** *jfiero@pszjlaw.com* |
| | ***Email:*** *ksuk@pszjlaw.com* |
| | ***Email:*** *ocarpio@pszjlaw.com* |
| | |
| **Counsel for Creditor Oracle America, Inc.** | **Buchalter Nemer** |
| | Shawn M. Christianson, Esq. |
| | ***Email:*** *schristianson@buchalter.com* |
| | |
| **Counsel for Creditor U.S. Bank, N.A.,** | **Perkins Coie LLP** |
| **as Trustee** | David J. Gold, Esq. |
| | ***Email:*** *dgold@perkinscoie.com* |
| | Gabriel Liao, Esq. |
| | ***Email:*** *gliao@perkinscoie.com* |
| | |
| **Counsel for Attorneys' Liability Assurance** | **Perkins Coie LLP** |
| **Society, Inc.,** *A Risk Retention Group* | Alan D. Smith, Esq. |
| | ***Email:*** *adsmith@perkinscoie.com* |
| | |
| **Counsel for BP/CGCENTER I, LLC** | **Allen, Matkins, Leck, Gamble and Mallory** |
| | William W. Huckins |
| | ***Email:*** *whuckins@allenmatkins.com* |
| | |
| **Counsel for Creditor Warner Investment, L.P.** | **McKenna Long and Aldridge LLP** |
| | Gregg S. Kleiner, Esq. |

Case: 11-31376   Doc# 2308   Filed: 06/06/15   Entered: 06/06/15 02:23:00   Page 9 of
119

| | |
|---|---|
| | *Email:* *gkleiner@mckennalong.com* |
| | Michael A. Isaacs, Esq. |
| | *Email:* *misaacs@mckennalong.com* |
| | *Email:* *aworthing@mckennalong.com* |
| **Counsel for Creditor Iron Mountain Information Management Inc.** | **Bartlett, Hackett and Feinberg** Frank F. McGinn, Esq. *Email:* *ffm@bostonbusinesslaw.com* |
| **Counsel for Creditor Hines REIT 321 North Clark Street, LLC** | **DLA Piper LLP** Frank T. Pepler, Esq. *Email:* *frank.pepler@dlapiper.com* |
| **Counsel for Creditor Stephanie Langley** | **Outten and Golden LLP** Rene S. Roupinian, Esq. *Email:* *rst@outtengolden.com* *Email:* *jxh@outtengolden.com* |
| | **Law Offices of James D. Wood** James D. Wood, Esq. *Email:* *jdw@jdwoodlaw.com* |
| **Counsel for Creditor Pension Benefit Guaranty Corp.** | **Office of the Chief Counsel** John Holland Ginsberg, Esq. *Email:* *ginsberg.john@pbgc.gov* |
| **Counsel for Interested Party Connecticut General Life Insurance Company** | **Schnader Harrison Segal and Lewis** Melissa Lor, Esq. *Email:* *MLor@Schnader.com* |
| **Counsel for Creditor Knickerbocker Properties, Inc. XXXIII** | **Seyfarth Shaw LLP** Scott Olson, Esq. *Email:* *solson@seyfarth.com* |
| **Counsel for Creditor Texas Comptroller of Public Accounts** | **Bankruptcy & Collections Division** Kimberly Walsh, Esq. *Email:* *bk-kwalsh@oag.state.tx.us* |
| **Counsel for Creditor 200 S. Main Street Investors, LLC** | **Ballard Spahr Andrews and Ingersoll** Rebecca J. Winthrop, Esq. *Email:* *WinthropR@ballardspahr.com* Penny M. Costa, Esq. *Email:* *costap@ballardspahr.com* |
| **Counsel for Creditor Citibank, N.A.** | **Peitzman Weg LLP** Larry Peitzman, Esq. *Email:* *lpeitzman@peitzmanweg.com* |
| **Counsel for Jones Day And Jones Day Former Partners** | **Jones Day** Robert A. Trodella *Email:* *rtrodella@jonesday.com* |

Case: 11-31376   Doc# 223   Filed: 06/24/15   Entered: 06/24/15 07:21:08   Page 10 of 119

| | | |
|---|---|---|
| 1 | | Brian D. McDonald |
| | | Email: *bdmcdonald@jonesday.com* |
| 2 | | |
| | **Counsel for Harris County** | **Linebarger Goggan Blair & Sampson LLP** |
| 3 | | John P. Dillman |
| | | **Email**: *houston_bankruptcy@lgbs.com* |
| 4 | | |
| 5 | **Counsel for Informal Group of Certain** | **Dumas & Clark LLP** |
| | **Former Howrey Attorneys and Defendant** | Robert E. Clark |
| | **Unum Life Insurance Company of America** | **Email**: *robert.clark@dumasclark.com* |
| 6 | | |
| 7 | **Counsel for SAP America, Inc.** | **Cooper White & Cooper LLP** |
| | | Peter C. Califano |
| 8 | | **Email**: *pcalifano@cwclaw.com* |
| 9 | **Counsel for SAP America, Inc.** | **Brown & Connery LLP** |
| | | Donald K. Ludman, Esq. |
| 10 | | **Email:** *dludman@browneconnery.com* |
| 11 | **Counsel for McKenna Long and Aldridge** | Michael A. Isaacs, Esq. |
| | | **Email**: *misaacs@mckennalong.com* |
| 12 | | *aworthing@mckennalong.com* |
| 13 | **Counsel for Jeffrey M. Judd** | **Judd Law Group** |
| | | Jeffrey M. Judd, Esq. |
| 14 | | **Email**: *jeff@juddlawgroup.com* |
| 15 | | *melanie@juddlawgroup.com* |
| 16 | **Counsel for Cooper US, Inc.** | **Cooper Industries, Inc.** |
| | | Paula Beck Whitten, Esq. |
| 17 | | **Email:** *paula.whitten@cooperindustries.com* |
| 18 | | |
| | **Counsel for Neal Gerber & Eisenberg LLP** | **Hanson Bridgett LLP** |
| 19 | | Nancy J. Newman |
| | | Email: *nnewman@hansonbridgett.com* |
| 20 | | |
| | **Counsel for Defendant Kelly Services, Inc.** | Ruth Elin Auerbach, Esq. |
| 21 | | **Email:** *attorneyruth@sbcglobaln.net* |
| 22 | **Counsel for Creditor Rami Dalal** | Teresa A. Blasberg, Esq. |
| | | **Email:** *tablasberg@earthlink.net* |
| 23 | | |
| 24 | **Counsel for Defendant Sheppard Mullin** | |
| | **Richter & Hampton LLP** | Richard W. Brunette, Esq. |
| | | **Email:** *rbrunette@sheppardmullin.com* |
| 25 | | **Email:** *rryland@sheppardmullin.com* |
| 26 | | |
| | **Counsel for Defendant Barbara G. Werther** | Louis J. Cisz, III, Esq. |

329134-1

8

| | |
|---|---|
| | **Email:** *lcisz@nixonpeabody.com* |
| **Counsel for Defendant Davidson Law Group, Ralls & Niece LLP, Ropes & Gray LLP, Ben Davidson, Geert Goeteyn, John W. Ralls, Stephen Mavroghenis, Informal Group of Certain Former Howrey Attorneys, and Teresa Corbin** | Robert E. Clark, Esq. **Email:** *robert.clark@dumasclark.com* |
| **Counsel for Defendant Recommind, Inc.** | Patrick M. Costello, Esq. **Email:** *pcostello@vectislawgroup.com* **Email:** *clee@vectislawgroup.com* |
| **Counsel for Defendant Hogan Lovells US LLP Reed Smith LLP** | Diana D. DiGennaro, Esq. **Email:** *diana.digennaro@aporter.com* **Email:** *jhoskins@howardrice.com* Jonathan Hughes, Esq. **Email:** *jonathan.hughes@aporter.com* **Email:** *joanne.caruso@aporter.com* Pamela Phillips, Esq. **Email:** *pamela.phillips@aporter.com* **Email:** *sfcalendar@aporter.com* |
| **Counsel for Defendant James R Batchelder, And Interested Party Certain Former Partners Partners of Day Casebeer Madrid & Batchelder LLP** | G. Larry Engel, Esq. **Email:** *lengel@mofo.com* Vincent J. Novak **Email:** *vnovak@mofo.com* **Email:** *jkline@mofo.com* |
| **Counsel for Defendant Baker Hughes Incorporated** | Gregg M. Ficks, Esq. **Email:** *gficks@coblentzlaw.com* |
| **Counsel for Defendant Medco Health Solutions, Inc.** | Michael B. Ijams, Esq. **Email:** *mijams@curtislegalgroup.com* **Email:** *achristensen@curtislegalgroup.com* |
| **Counsel for Defendant Legal Placements, Inc. And Lexolution, LLC** | Bruce H. Jackson, Esq. **Email:** *bruce.jackson@bakermckenzie.com* **Email:** *christine.vonseeburg@bakermckenzie.com* |
| **Counsel for Defendant Ceridian Benefit Services, Inc.** | Ori Katz, Esq **Email:** *okatz@sheppardmullins.com* |
| **Counsel for Defendant Kilpatrick Townsend & Stockton LLP** | Louise E. Ma, Esq. **Email:** *lma@kilpatricktownsend.com* **Email:** *sbaker-lehne@kilpatricktownsend.com* |
| **Counsel for Interested Party Ad Hoc Committee Of Certain Former Howrey Partners** | John H. MacConaghy, Esq. **Email:** *macclaw@macbarlaw.com* **Email:** *smansour@macbarlaw.com* |

329134-1

9

| | |
|---|---|
| | **Email:** kmuller@macbarlaw.com |
| **Counsel for Defendant Hunton & Williams LLP** | Matthew A. Mannering, Esq. <br> **Email:** mmannering@hunton.com <br> **Email:** lgodfrey@hunton.com |
| **Counsel for Defendant Bunsow De Mory Smith & Allison LLP** | Randy Michelson, Esq. <br> **Email:** <br> randy.michelson@michelsonlawgroup.com |
| **Counsel for Defendant Venable LLP** | Jennifer L. Nassiri, Esq. <br> **Email:** jnassiri@venable.com |
| **Counsel for Defendant TSG Reporting, Inc. & Stockton LLP** | Howard S. Nevins, Esq. <br> **Email:** hnevins@hsmlaw.com <br> **Email:** lsamosa@hsmlaw.com |
| **Counsel for Defendant Intelligent Management Solutions, I** | Valerie Banter Peo, Esq. <br> **Email:** vpeo@schnader.com <br> **Email:** mpadilla@schnader.com |
| **Counsel for Defendant Cornerstone Research, Inc.** | Steven G. Polard, Esq. <br> **Email:** stevenpolard@dwt.com <br> **Email:** melissawells@dwt.com |
| **Counsel for Defendants Joseph Albanese & Associates, Inc., Stemcell Technologies, Inc., and Leigh Kirmsse** | Scott A. Schiff, Esq. <br> **Email:** sas@soukup-schiff.com |
| **Counsel for Defendant SJ Berwin LLP, and Defendant Michael Knospe,** | Charles M. Tatelbaum, Esq. <br> **Email:** ctatelbaum@hinshawlaw.com <br> **Email:** csmith@hinshawlaw.com |
| **Counsel for Defendant Haynes and Boone, LLP** | Alan R. Wechsler, Esq. <br> **Email:** alan.wechsler@haynesboone.com <br> Christopher Maciel, Esq. <br> *Email:* chris.maciel@haynesboone.com |
| **Counsel for Defendant Kasowitz Benson Torres & Friedman LLP** | Margaret Ziemianek, Esq. <br> **Email:** mziemianek@kasowitz.com <br> **Email:** courtnotices@kasowitz.com |
| **Counsel for SJ Berwin LLP** | Bradley M. Zamczyk, Esq. <br> *Email:* bzamczyk@hinshawlaw.com <br> *Email:* crossi@hinshawlaw.com |
| **Counsel for Watt Companies** | Dustin P. Branch, Esq. <br> *Email:* dustin.branch@kattenlaw.com |

| | |
|---|---|
| **Counsel for Pillsbury Winthrop Shaw Pittman LLP** | George Allen Brandt, Esq. <br> *Email:* *allen.brandt@pillsburylaw.com* <br> Ana N. Damonte, Esq. <br> *Email:* *ana.damonte@lehighhanson.com* |
| **Counsel for Creditor Verizon Communications** | Dennis D. Davis, Esq. <br> *Email:* *jrose@gsdllaw.com* |
| **Counsel for Davis & Hosfield Consulting** | Michael Delaney, Esq. <br> *Email:* *mdelaney@bakerlaw.com* <br> Clinton J. McCord, Esq. <br> *Email:* *cmccord@edwardswildman.com* |
| **Counsel for Seyfarth Shaw LLP** | Marianne M. Dickson, Esq. <br> *Email:* *mdickson@seyfarth.com* <br> M. Ryan Pinkston, Esq. <br> *Email:* *rpinkston@seyfarth.com* |
| **Counsel for Perkins Coie LLP** | Judith B. Gitterman, Esq. <br> *Email:* *jgitterman@perkinscoie.com* <br> Jeffrey S. Goodfried, Esq. <br> *Email:* *jgoodfried@perkinscoie.com* |
| **Counsel for Vestigant, LLC** | Walter W. Gouldsbury, III, Esq. <br> *Email:* *wwg@jmbm.com* |
| **Counsel for Andrew Reidy** | Miriam E. Hiser, Esq. <br> *Email:* *mhiser@hiserlaw.com* |
| **Counsel for Salter & Company PLLC** | Ivo Keller, Esq. <br> *Email:* *ikeller@buchalter.com* |
| **Counsel for Stemcell Technologies, Inc.** | Richard A. Lapping, Esq. <br> *Email:* *Richard@lappinglegal.com* |
| **Counsel for Katherine M. Basile** | Monika P. Lee, Esq. <br> *Email:* *monikalee@leelawllp.com* |
| **Counsel for Thomson Reuters, Inc.** | Issa K. Moe, Esq. <br> *Email:* *issa.moe@lawmoss.com* |
| **Counsel for IKON Office Solutions, Inc.** | Christopher O. Rivas, Esq. <br> *Email:* *crivas@reedsmith.com* |
| **Counsel for Shearman & Sterling LLP** | Steven E. Sherman, Esq. <br> *Email:* *sesherman@shearman.com* |
| **Counsel for Baker Hughes Inc.** | Ross Spence, Esq. <br> *Email:* *rossspence@snowfogel.com* |

329134-1

11

*VIA EMAIL:*

**Counsel for Creditor Citibank, N.A.**            **Paul, Weiss, Rifkind, Wharton & Garrison**
                                                   Kelley A. Cornish, Esq.
                                                   *Email:* *kcornish@paulweiss.com*
                                                   Diane Meyers, Esq.
                                                   *Email:dmeyers@paulweiss.com*
                                                   Jacob J. Adlerstein, Esq.
                                                   *Email: jadlerstein@paulweiss.com*
                                                   *ayoung@paulweiss.com*

**Ballard Spahr LLP**                              Matthew Moncur, Esq.
                                                   *Email: moncurm@ballardspahr.com*

**EMC Corporation**                                c/o Receivable Management Services
                                                   Steven Sass, Esq.
                                                   *Email: steven.sass@rmsna.com*
                                                   Ronald Rowland, Esq.
                                                   *Email: Ronald.rowland@rmsna.com*

**Olin Corporation**                               S. Christian Mullgardt
                                                   *Email: scmullgardt@olin.com*

*VIA U.S. MAIL:*

Jeffrey C. Wisler, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19899

County of Loudoun Virginia
Belkys Escobar
1 Harrison St., S.E. 5th Fl.
Leesburg, VA 20175-3102

Guy Davis
Protiviti Inc.
1051 East Cary Street, Suite 602
Richmond, VA 23219

George E. Shoup, III
Development Specialists, inc.
6375 Riverside Drive, Suite 200
Dublin, OH 43017-5373

Kyle Everett
Development Specialists, Inc.
235 Pine Street, Suite 1150
San Francisco, CA 94104

# EXHIBIT B

**DIAMOND McCARTHY LLP**
Christopher R. Murray *(pro hac vice)*
Michael Fishel, Esq. *(pro hac vice)*
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: 713-333-5100
Facsimile: 713-333-5199
cmurray@diamondmccarthy.com
mfishel@diamondmccarthy.com
*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669
*Local Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

|  |  |
|---|---|
| In re | Case No. 11-31376 DM |
|  | Chapter 11 |
| HOWREY LLP, | Hon. Dennis Montali |
|  |  |
| Debtor. | **FIRST OMNIBUS MOTION FOR AUTHORITY UNDER BANKRUPTCY RULE 9019 TO ENTER INTO MULTIPLE SETTLEMENTS WITH FORMER HOWREY PARTNERS** |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE:

Allan B. Diamond, the chapter 11 trustee ("Trustee") of the estate of Howrey LLP

("Howrey" or "Debtor") seeks authority under Federal Rule of Bankruptcy Procedure 9019 for

authority to settle claims pursuant to agreements with certain former Howrey partners.

# RELIEF SOUGHT

1.     The Trustee's declaration in support of this motion appears at **Exhibit A**.  The Trustee's declaration is incorporated by reference as if set forth fully in the text of this motion.

2.     The Trustee seek this Court's approval of the following settlements:

       a.   Katherine Basile, agreement at **Exhibit B**;

       b.   Joachim Feldges, agreement at **Exhibit C**;

       c.   Leigh Kirmsse, agreement at **Exhibit D**;

       d.   Peter Tracey, agreement at **Exhibit E**;

       e.   Ben Davidson and the Davidson Law Group, agreement at **Exhibit F**;

       f.   Ethan Litwin, agreement at **Exhibit G**;

       g.   Barbara Werther, agreement at **Exhibit H**;

       h.   Jessica Breitbeil, agreement at **Exhibit I**;

       i.   Frank Cote, agreement at **Exhibit J**;

       j.   Brent Allen, agreement at **Exhibit K**;

       k.   Gary Fischman, agreement at **Exhibit L**;

       l.   Jeffrey Lenser, agreement at **Exhibit M;**

       m.   Todd McLawhorn, agreement at **Exhibit N;** and

       n.   Kenneth Donnelly, agreement as **Exhibit O.**

3.     Each of these agreements was negotiated separately.  The settlements are offered together in this omnibus motion for administrative efficiency, but each settlement is offered on its own merits, and none is contingent on Court approval of any of the other settlements.

4.     If approved, the settlements would collectively release claims against the Howrey estate of $420,807, of which $34,725 constitute alleged priority wage claims; release all other

2

claims against the Howrey estate held by the releasing parties but not included in filed proofs of claim; and cash payments to the Howrey estate of $139,862.

**JURISDICTION**

5.      The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and (b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2).  The parties to each settlement consent to this Court's jurisdiction.  *See* Ex. B ¶ 13; Ex. C ¶ 12; Ex. D ¶ 12; Ex. E ¶ 13; Ex. F ¶ 14; Ex. G ¶ 13; Ex. H ¶ 15; Ex. I ¶ 13; Ex. J ¶ 13; Ex. K ¶ 13; Ex. L. ¶ 13; Ex. M ¶ 13; Ex. N ¶ 13; and O ¶ 13.

**BACKGROUND**

***Howrey Bankruptcy***

6.      Prior to entering bankruptcy, Howrey was a major international law firm.

7.      On April 11, 2011, certain creditors of Howrey filed a chapter 7 involuntary petition against the Debtor.  On June 6, 2011, the Court entered an order converting the above captioned case to a case under chapter 11 of the Bankruptcy Code.

8.      On September 22, 2011, the Court entered an order granting a motion to appoint a chapter 11 trustee.  On October 7, 2011, the U.S. Trustee for the Northern District of California appointed the Trustee as chapter 11 trustee for the estate of Howrey.  On October 12, 2011, the Court entered an order approving the appointment of the Trustee.

***The Trustee's Claims Against the Settling Parties***

9.      The Trustee's claims against the settling parties fall into three categories:

a.      <u>Clawback Claims</u>.  Howrey made distributions to partners during the time period that the Trustee alleges that Howrey was insolvent.  These distributions included both bonuses paid to certain partners and payments in return of capital contributions.  The Trustee asserts that these distributions are avoidable as fraudulent transfers under both the Bankruptcy

3

Code (section 548) and under District of Columbia law (through Bankruptcy Code section 544) and that the amounts distributed are recoverable under Bankruptcy Code section 550. Former partners have raised several defenses to these clawback claims. In the case of regular draws and bonuses, some former partners argue that payments were not equity distributions but were instead salary paid for legal services provided. Some former partners allege a contractual entitlement to some of the payments. With respect to payments in return of capital contributions, some payments were made directly to financial institutions to repay loans the partners took to fund their capital contributions. Some partners allege that repayment of those loans relieved Howrey of potential guarantor liability on those loans. If successful, any of these arguments by former partners might establish reasonably equivalent value for the transfers and prevent the Trustee's recovery. The Trustee asserts clawback claims against all of the settling parties.

                b.    <u>Unfinished Business Claims</u>. The Trustee asserts a right to an accounting for profits on unfinished business received by former partners for their work on client matters that were open at the time those partners left Howrey. These claims arise under *Jewel v. Boxer*, 156 Cal. App. 3d 171 (1984) and its progeny. The only settlement that includes a release of unfinished business claims is the Davidson settlement.

                c.    <u>Tax Reimbursement Claims</u>. The Trustee, as required by federal law and regulations issued by the US Department of the Treasury pursuant to the Internal Revenue Code, paid the U.S. income tax obligations of certain former Howrey partners who reside abroad. The Trustee is seeking full reimbursement of those payments. The only settlement in this motion that involves tax reimbursement claims is the Feldges settlement.

4

***Negotiations with the Settling Attorneys***

10.     The Trustee's counsel negotiated at arms-length well over a year with the settling parties.  While some of the settling parties are represented by counsel, others negotiated the settlements on their own behalf directly with Trustee's counsel.

***Background and Terms of Each Settlement***

11.     Basile.  Katherine Basile was a Howrey partner.  During the period the Trustee alleges that Howrey was insolvent, she received certain distributions that the Trustee alleges are subject to avoidance and recovery as fraudulent transfers.  Basile disputes the Trustee's claims.  The Trustee initiated litigation on these claims in *Diamond v. Basile*, No. 14-3081-DM (Bankr. N.D. Cal.), which is pending in this Court.  The Trustee's counsel negotiated with Basile directly over a five-month period regarding these claims.  Under the proposed settlement, Basile would pay the estate $3,000 and would release any potential claims she may have against the estate, and the Trustee would dismiss with prejudice his adversary proceeding against her.

12.     Feldges.  Joachim Feldges was a Howrey partner and resides abroad.  The Trustee paid $3,313 to the IRS on account of Feldges U.S. income tax liability, as required by federal law.  The Trustee also asserts clawback claims for distributions paid to Feldges during the time period that the Trustee alleges Howrey was insolvent.  The Trustee's counsel negotiated directly with Feldges for approximately three months.  Under the proposed settlement, Feldges would pay the estate $40,000 and release any potential claims he may have against the estate.

13.     Kirmsse.  Leigh Kirmsse was a Howrey partner who filed proof of claim #1059 against the estate for $70,281, of which $11,725 is an alleged priority wage claim.  The Trustee asserts clawback claims for distributions that Kirmsse received during a period when the Trustee alleges that Howrey was insolvent.  The Trustee's counsel negotiated with counsel to Kirmsse, who informed the Trustee of a medical condition that prevents Kirmsse from gainful

Case: 11-31376   Doc# 2203   Filed: 06/26/15   Entered: 06/26/15 17:20:48   Page 52 of 119

employment, which would prevent the Trustee from collecting on any judgment. Under the proposed settlement, Kirmsse would release claim #1059 and any other claims against the estate.

14. <u>Tracey</u>. Peter Tracey was a Howrey partner. The Trustee asserts clawback claims against him. The Trustee's counsel negotiated directly with Tracey at arm's length. Under the proposed settlement, Tracey would pay the estate $2,000 and release any other claims against the Howrey estate.

15. <u>Davidson</u>. Ben Davidson was a former Howrey partner and is now affiliated with the Davidson Law Group. Davidson filed proof of claim #659 against the estate for $93,000, of which $11,725 is an alleged priority wage claim. The Trustee asserts both clawback claims for distributions in return of capital and unfinished business claims for client matters that Davidson took with him to his new firm upon dissociating from Howrey. The Trustee initiated litigation on these claims in *Diamond v. Davidson Law Group*, No. 14-3039-DM (Bankr. N.D. Cal.), which is pending in this Court. The Trustee's counsel negotiated for several months directly with Davidson, who disclosed aspects related to his and his law firm's financial condition that reflect negatively on the Trustee's ability to collect on any significant judgment amount. Under the proposed settlement, Davidson would release his proof of claim, he and his law firm would release any other claims against the estate, Davidson would pay $5,000, and the Trustee would dismiss the adversary case against Davidson and the Davidson Law Group.

16. <u>Litwin</u>. Ethan Litwin was a Howrey partner. The Trustee asserts clawback claims against him. The Trustee's counsel negotiated directly with Litwin at arm's length. Under the proposed settlement, Litwin would pay the estate $2,100 and release any claims against the Howrey estate.

17. <u>Werther</u>. Barbara Werther was a Howrey partner. The Trustee asserts clawback claims and claims related to a goodwill purchase agreement she entered into with Howrey. The

Case: 11-31376    Doc# 2203    Filed: 06/26/15    Entered: 06/26/15 17:20:48    Page 62 of 119

Trustee's counsel negotiated with Werther's counsel at arm's length over a period of months. While the parties were unable to agree to a global resolution of all claims between them, they did reach a proposed settlement related to the clawback claims, under which Werther would pay the estate $69,700, and the estate would preserve all claims on the goodwill purchase agreement.

18.  Breitbeil.  Jessica Breitbeil was a Howrey partner.  The Trustee asserts clawback claims based on payments made to her in return of capital.  The Trustee's counsel negotiated with Breitbeil's counsel at arm's length.  Under the proposed settlement, Breitbeil would pay the estate $3,500 and release any claims against the Howrey estate.

19.  Cote.  Frank Cote was a Howrey partner.  The Trustee asserts clawback claims against him.  The Trustee's counsel negotiated directly with Cote at arm's length.  Under the proposed settlement, Cote would pay the estate $1,469 and release any claims against the Howrey estate.

20.  Allen.  Brent Allen was a Howrey partner.  The Trustee asserts clawback claims against him.  The Trustee's counsel negotiated directly with Allen at arm's length.  Under the proposed settlement, Allen would pay the estate $1,500 and release any claims against the Howrey estate.

21.  Fischman.  Gary Fischman was a Howrey partner who filed proof of claim #579-1 against the estate for $198,896.73, of which $11,725 is an alleged priority wage claim.  The Trustee asserts clawback claims against him.  The Trustee's counsel negotiated directly with Fischman at arm's length.  Under the proposed settlement, Fischman would pay the estate $1,688 and release claim #579-1 and any other claims against the estate.

22.  Lenser.  Jeffrey Lenser was a Howrey partner who filed proof of claim #718-1 against the estate for $58,628.61.  The Trustee asserts clawback claims against him based on payments in return of capital and other distributions received.  The Trustee's counsel negotiated

7

directly with Lenser at arm's length.  Under the proposed settlement, Lenser would pay the estate $7,000 and release claim #718-1 and any other claims against the estate.

23.  <u>McLawhorn</u>.  Todd McLawhorn was a Howrey partner.  The Trustee asserts clawback claims against him based on payments in return of capital.  The Trustee's counsel negotiated directly with McLawhorn at arm's length.   Under the proposed settlement, McLawhorn would pay $1,305 and release any claims against the Howrey estate.c

24.  <u>Donnelly</u>.  Kenneth Donnelly was a Howrey partner.  The Trustee asserts clawback claims against him based on payments in return of capital.  The Trustee's counsel negotiated directly with Donnelly at arm's length.  Under the proposed settlement, Donnelly would pay $1,600 and release any claims against the Howrey estate.

25.  For the reasons discussed below, the Trustee submit that each of the proposed settlements falls within the range of reasonableness, is in the best interests of the estate, and is a fair and equitable transactions to all parties and for the benefit of creditors.

<b><u>BASIS FOR RELIEF AND APPLICABLE AUTHORITY</u></b>

26.  The Trustee seeks authority to enter into this settlement under Federal Rule of Bankruptcy Procedure 9019(a).  Each of the proposed settlements falls squarely within the reasonable business judgment of the Trustee and satisfies the requirements of Rule 9019.

**Compromise under Bankruptcy Rule 9019(a)**

27.  Bankruptcy Rule 9019(a) authorizes the Court "[o]n motion by the trustee and after notice and a hearing, [to] approve a compromise or settlement."

28.  "The bankruptcy court has 'great latitude' in approving compromise agreements." *Woodson v. Fireman's Insurance, Co.* (*In re Woodson*), 839 F.2d 610, 620 (9th Cir. 1988). "[T]he law favors compromise and not litigation for its own sake."  *See Port O'Call Investment Co. v. Blair (In re Blair)*, 538 F.2d 849, 851 (9th Cir. 1976).  Rule 9019 empowers bankruptcy

courts to approve compromises and settlements that are "fair and equitable" and "in the best interest of the estate." *Martin v. Kane* (*In re A & C Properties*), 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854 (1986).

29.    The Ninth Circuit has identified four factors to consider in evaluating the reasonableness of a proposed settlement under Rule 9019:  "(a) [t]he probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *In re A & C Properties*, 784 F.3d at 1381.

30.    The Trustee and the Committee have the burden of persuasion, but "a court generally gives deference to a trustee's business judgment in deciding whether to settle a matter," *In re Mickey Thompson, Entertainment Group, Inc.*, 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003).

31.    Here, as discussed below and in the Trustee's declaration, the Trustee has determined in the exercise of his business judgment that the proposed Settlement is fair and reasonable within the standards discussed above; that it is in the best interests of the estate.

32.    The Trustee's "fair and equitable" determination is based on his analysis of the four factors outlined in *A&C Properties*.

33.    Factor 1: <u>Litigation Risk</u>.  The Trustee believes he has strong claims against the settling defendants.  However, these claims are not without risk.  On the clawback claims, the Trustee may fail to establish insolvency during the relevant time periods.  The Trustee may also fail to establish that the distributions were, in fact, equity distributions, and were not compensation for which reasonably equivalent value was provided.  On the unfinished business claims, there is risk that the appellate courts will determine that the *Jewel* doctrine does not apply

in the context of the Trustee's claims here. That precise conclusion was reached this week in a published decision by US District Court Judge James Donato in the consolidated appeals of certain law firm defendants in *Hogan Lovells US LLP v. Howrey LLP*, Case No. 14-cv-04889-JD (N.D. Cal.). This issue likely will not be resolved for some time in the future depending upon rulings from the US Court of Appeals for the Ninth Circuit and, potentially, the Court of Appeals for the District of Columbia, and is therefore an uncertain outcome.

34. Factor 2: <u>Collections Risk</u>. In the Trustee's experience, litigation against private individuals invariably involves some degree of collections risk for a judgment of any substantial amount. In addition, some individual defendants – here, Kirmsse and Davidson – have extenuating circumstances that add additional collections risk, which factor into the Trustee's determination of what settlement amount is reasonable in his business judgment. Finally, in the case of defendants who reside abroad – here, Feldges – collections risk includes potential hurdles in enforcing the judgment of a US court in a foreign jurisdiction.

35. Factor 3: <u>Litigation Cost</u>. Litigation of these cases would be costly and time consuming. On the clawback claims, litigation will require expert testimony on insolvency, which adds a layer of cost to an already complex area of law. The contract and *Jewel* claims will also require extensive and costly discovery, including of former partners and documents related to client engagements and relationships. Litigation in this area is also highly contentious, given that the defendants are generally private individual attorneys with personal and emotional investments in the outcome. This factor weighs very heavily in favor of compromise.

36. Factor 4: <u>Creditor Interest</u>. The Trustee seeks to avoid the costs and delays of litigation. Closing these settlements would provide an immediate and significant financial benefit to the estate, not only in terms of saved professional fees, but also from the cash payments and claims releases under the individual agreements.

Case: 11-31376   Doc# 2303   Filed: 06/06/15   Entered: 06/06/15 02:20:08   Page 26 of 119

37. In light of the *A&C Properties* factors and the substantial deference afforded to the Trustee's business judgment, the Court should approve each of the proposed settlements.

### RESERVATION OF RIGHTS

38. The Trustee reserves all rights to prosecute all available claims against, including objections to all claims against the estate of, any settling party whose settlement is not approved. Nothing in this motion or in the individual settlements waives any claims, objections or defenses as between the Debtor's estate and any party other than the parties to each settlement.

### CONCLUSION

For these reasons, the Trustee and Committee respectfully request that the Court grant the Motion.

Dated:  June 4, 2015

**DIAMOND McCARTHY LLP**


      */s/ Michael Fishel*
Christopher R. Murray *(pro hac vice)*
Michael Fishel, Esq. (pro hac vice)
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: 713-333-5100
Facsimile: 713-333-5199
cmurray@diamondmccarthy.com
mfishel@diamondmccarthy.com

*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

**KORNFIELD, NYBERG, BENDES**
**&KUHNER, P.C.**
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669
*Local Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

11

## **NOTICE OF SERVICE**

  X   (CM/ECF) The document was electronically served on the parties to this action via the mandatory United States Bankruptcy Court of California CM/ECF system upon filing of above described document:

### **SEE ATTACHED SERVICE LIST**

  X   (ELECTRONIC MAIL SERVICE) By electronic mail (e-mail) the above listed document(s) without error to the email address(es) set forth below on this date:

### **SEE ATTACHED SERVICE LIST**

  X   (UNITED STATES MAIL) By depositing a copy of the above-referenced documents for mailing in the United States Mail, first class postage prepaid, at Houston, Texas, to the parties listed, at their last known mailing addresses, on this date:

### **SEE ATTACHED SERVICE LIST**

_____ (OVERNIGHT COURIER) By depositing a true and correct copy of the above referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

_____ (COURIER SERVICE) By providing true and correct copies of the above referenced documents [with copies of the supporting detailed invoices/attorney time records for the Final Fee Application] via courier delivery, to the following on or about _____:

_____(FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those people listed on the attached service list, on the date above written.

*/s/ Michael Fishel* _____
Michael Fishel

_**VIA CM/ECF:**_

| | |
|---|---|
| **United States Trustee** | Minnie Loo, Esq. |
| | Donna S. Tamanaha, Esq. |
| | Office of the U.S. Trustee |
| | 235 Pine Street. 7th Floor |
| | San Francisco, CA 94104-3484 |

_**United States Trustee**_

Minnie Loo, Esq.
Donna S. Tamanaha, Esq.
Office of the U.S. Trustee
235 Pine Street. 7th Floor
San Francisco, CA 94104-3484
_**Email:**_ _Minnie.Loo@usdoj.gov_
_**Email:**_ _Donna.S.Tamanaha@usdoj.gov_
_**Email:**_ _USTPRegion17.SF.ECF@usdoj.gov_
_**Email:**_ _ltroxas@hotmail.com_

**Chapter 11 Trustee**

Allan B. Diamond
**Diamond McCarthy, LLP**
Two Houston Center
909 Fannin Street, Suite 1500
Houston, Texas 77010
_**Email**: adiamond@diamondmccarthy.com_

**Counsel for the Chapter 11 Trustee**

**Diamond McCarthy, LLP**
Howard D. Ressler, Esq.
_**Email:**_ _hressler@diamondmccarthy.com_
Stephen T. Loden, Esq.
_**Email:**_ _sloden@diamondmccarthy.com_
Jason M. Rudd, Esq.
_**Email:**_ _jrudd@diamondmccarthy.com_
Christopher R. Murray, Esq.
_**Email:**_ _cmurray@diamondmccarthy.com_

**Kornfield Nyberg Bender & Kuhner P.C.**
Eric Nyberg
_**Email:**_ _e.nyberg@kornfieldlaw.com_
Chris D. Kuhner
_**Email:**_ _c.kuhner@kornfieldlaw.com_

**Debtor's Counsel**

**Murray & Murray**
Robert A. Franklin
Craig M. Prim
Jenny Lynn Fountain
_**Email**: rfranklin@murraylaw.com_
_**Email**: cprim@murraylaw.com_
_**Email**: jfountain@murraylaw.com_

**Joel D. Adler**
_**Email:**_ _jadler@adlerlaw.net_

**Duane Morris LLP**

Geoffrey A. Heaton, Esq.
_**Email:**_ _gheaton@duanemorris.com_
Aron M. Oiner, Esq.

| | |
|---|---|
| | **Email:** _roliner@duanemorris.com_ |
| **Law Offices of Latham & Watkins** | Kimberly A. Posin, Esq. |
| | **Email:** _kim.posin@lw.com_ |
| | **Email:** _colleen.greenwood@lw.com_ |
| **Official Committee of Unsecured Creditors** | **Whiteford, Taylor & Preston LLP** |
| | Bradford F. Englander, Esq. |
| | **Email:** _benglander@wtplaw.com_ |
| | John F. Carlton, Esq. |
| | **Email:** _jcarlton@wtplaw.com_ |
| | Justin P. Fasano, Esq. |
| | **Email:** _jfasano@wtplaw.com_ |
| **Counsel for The Irvine Company, LLC** | **Allen Matkins, et al.** |
| | **Email:** _mgreger@allenmatkins.com_ |
| | **Email:** _krodriguez@allenmatkins.com_ |
| **Counsel for Creditor Citibank, N.A.** | **Paul, Weiss, Rifkind, Wharton & Garrison** |
| | Kelley A. Cornish, Esq. |
| | **Email:** _kcornish@paulweiss.com_ |
| | **McNutt Law Group, LLP** |
| | Scott H. McNutt, Esq. |
| | _Email:_ _smcnutt@ml-sf.com_ |
| **Counsel for Creditor Protiviti, Inc.** | **Pachulski, Stang, Ziehl & Jones** |
| | John D. Fiero, Esq. |
| | **Email:** _jfiero@pszjlaw.com_ |
| | **Email:** _ksuk@pszjlaw.com_ |
| | **Email:** _ocarpio@pszjlaw.com_ |
| **Counsel for Creditor Oracle America, Inc.** | **Buchalter Nemer** |
| | Shawn M. Christianson, Esq. |
| | **Email:** _schristianson@buchalter.com_ |
| **Counsel for Creditor U.S. Bank, N.A.,** **as Trustee** | **Perkins Coie LLP** |
| | David J. Gold, Esq. |
| | **Email:** _dgold@perkinscoie.com_ |
| | Gabriel Liao, Esq. |
| | **Email:** _gliao@perkinscoie.com_ |
| **Counsel for Attorneys' Liability Assurance Society, Inc.,** _A Risk Retention Group_ | **Perkins Coie LLP** |
| | Alan D. Smith, Esq. |
| | **Email:** _adsmith@perkinscoie.com_ |

| | |
|---|---|
| **Counsel for BP/CGCENTER I, LLC** | **Allen, Matkins, Leck, Gamble and Mallory**<br>William W. Huckins<br>***Email:*** *whuckins@allenmatkins.com* |
| **Counsel for Creditor Warner Investment, L.P.** | **McKenna Long and Aldridge LLP**<br>Gregg S. Kleiner, Esq.<br>***Email:*** *gkleiner@mckennalong.com*<br>Michael A. Isaacs, Esq.<br>***Email:*** *misaacs@mckennalong.com*<br>***Email:*** *aworthing@mckennalong.com* |
| **Counsel for Creditor Iron Mountain Information Management Inc.** | **Bartlett, Hackett and Feinberg**<br>Frank F. McGinn, Esq.<br>***Email:*** *ffm@bostonbusinesslaw.com* |
| **Counsel for Creditor Hines REIT 321 North Clark Street, LLC** | **DLA Piper LLP**<br>Frank T. Pepler, Esq.<br>***Email:*** *frank.pepler@dlapiper.com* |
| **Counsel for Creditor Stephanie Langley** | **Outten and Golden LLP**<br>Rene S. Roupinian, Esq.<br>***Email:*** *rst@outtengolden.com*<br>***Email:*** *jxh@outtengolden.com*<br><br>**Law Offices of James D. Wood**<br>James D. Wood, Esq.<br>***Email:*** *jdw@jdwoodlaw.com* |
| **Counsel for Creditor Pension Benefit Guaranty Corp.** | **Office of the Chief Counsel**<br>John Holland Ginsberg, Esq.<br>***Email:*** *ginsberg.john@pbgc.gov* |
| **Counsel for Interested Party Connecticut General Life Insurance Company** | **Schnader Harrison Segal and Lewis**<br>Melissa Lor, Esq.<br>***Email:*** *MLor@Schnader.com* |
| **Counsel for Creditor Knickerbocker Properties, Inc. XXXIII** | **Seyfarth Shaw LLP**<br>Scott Olson, Esq.<br>***Email:*** *solson@seyfarth.com* |
| **Counsel for Creditor Texas Comptroller of Public Accounts** | **Bankruptcy & Collections Division**<br>Kimberly Walsh, Esq.<br>***Email:*** *bk-kwalsh@oag.state.tx.us* |
| **Counsel for Creditor 200 S. Main Street Investors, LLC** | **Ballard Spahr Andrews and Ingersoll**<br>Rebecca J. Winthrop, Esq.<br>***Email:*** *WinthropR@ballardspahr.com*<br>Penny M. Costa, Esq.<br>***Email:*** *costap@ballardspahr.com* |

| | |
|---|---|
| **Counsel for Creditor Citibank, N.A.** | **Peitzman Weg LLP**<br>Larry Peitzman, Esq.<br>***Email:*** *lpeitzman@peitzmanweg.com* |
| **Counsel for Jones Day**<br>**And Jones Day Former Partners** | **Jones Day**<br>Robert A. Trodella<br>***Email****: rtrodella@jonesday.com*<br>Brian D. McDonald<br>*Email: bdmcdonald@jonesday.com* |
| **Counsel for Harris County** | **Linebarger Goggan Blair & Sampson LLP**<br>John P. Dillman<br>***Email:*** *houston_bankruptcy@lgbs.com* |
| **Counsel for Informal Group of Certain**<br>**Former Howrey Attorneys and Defendant**<br>**Unum Life Insurance Company of America** | **Dumas & Clark LLP**<br>Robert E. Clark<br>***Email:*** *robert.clark@dumasclark.com* |
| **Counsel for SAP America, Inc.** | **Cooper White & Cooper LLP**<br>Peter C. Califano<br>***Email:*** *pcalifano@cwclaw.com* |
| **Counsel for SAP America, Inc.** | **Brown & Connery LLP**<br>Donald K. Ludman, Esq.<br>***Email:*** *dludman@brownconnery.com* |
| **Counsel for McKenna Long and Aldridge** | Michael A. Isaacs, Esq.<br>***Email****: misaacs@mckennalong.com*<br>*aworthing@mckennalong.com* |
| **Counsel for Jeffrey M. Judd** | **Judd Law Group**<br>Jeffrey M. Judd, Esq.<br>***Email****: jeff@juddlawgroup.com*<br>*melanie@juddlawgroup.com* |
| **Counsel for Cooper US, Inc.** | **Cooper Industries, Inc.**<br>Paula Beck Whitten, Esq.<br>***Email:*** *paula.whitten@cooperindustries.com* |
| **Counsel for Neal Gerber & Eisenberg LLP** | **Hanson Bridgett LLP**<br>Nancy J. Newman<br>*Email: nnewman@hansonbridgett.com* |
| **Counsel for Defendant Kelly Services, Inc.** | Ruth Elin Auerbach, Esq.<br>***Email:*** *attorneyruth@sbcglobaln.net* |
| **Counsel for Creditor Rami Dalal** | Teresa A. Blasberg, Esq. |

| | |
|---|---|
| | **Email:** *tablasberg@earthlink.net* |
| **Counsel for Defendant Sheppard Mullin** | |
| **Richter & Hampton LLP** | Richard W. Brunette, Esq. |
| | **Email:** *rbrunette@sheppardmullin.com* |
| | **Email:** *rryland@sheppardmullin.com* |
| **Counsel for Defendant Barbara G. Werther** | Louis J. Cisz, III, Esq. |
| | **Email:** *lcisz@nixonpeabody.com* |
| **Counsel for Defendant Davidson Law Group,** | Robert E. Clark, Esq. |
| **Ralls & Niece LLP, Ropes & Gray LLP,** | **Email:** *robert.clark@dumasclark.com* |
| **Ben Davidson, Geert Goeteyn, John W. Ralls,** | |
| **Stephen Mavroghenis, Informal Group of Certain** | |
| **Former Howrey Attorneys, and Teresa Corbin** | |
| **Counsel for Defendant Recommind, Inc.** | Patrick M. Costello, Esq. |
| | **Email:** *pcostello@vectislawgroup.com* |
| | **Email:** *clee@vectislawgroup.com* |
| **Counsel for Defendant Hogan Lovells US LLP** | Diana D. DiGennaro, Esq. |
| **Reed Smith LLP** | **Email:** *diana.digennaro@aporter.com* |
| | **Email:** *jhoskins@howardrice.com* |
| | Jonathan Hughes, Esq. |
| | **Email:** *jonathan.hughes@aporter.com* |
| | **Email:** *joanne.caruso@aporter.com* |
| | Pamela Phillips, Esq. |
| | **Email:** *pamela.phillips@aporter.com* |
| | **Email:** *sfcalendar@aporter.com* |
| **Counsel for Defendant James R Batchelder,** | G. Larry Engel, Esq. |
| **And Interested Party Certain Former Partners** | **Email:** *lengel@mofo.com* |
| **Partners of Day Casebeer Madrid & Batchelder LLP** | Vincent J. Novak |
| | **Email:** *vnovak@mofo.com* |
| | **Email:** *jkline@mofo.com* |
| **Counsel for Defendant Baker Hughes Incorporated** | Gregg M. Ficks, Esq. |
| | **Email:** *gficks@coblentzlaw.com* |
| **Counsel for Defendant Medco Health Solutions, Inc.** | Michael B. Ijams, Esq. |
| | **Email:** *mijams@curtislegalgroup.com* |
| | **Email:** *achristensen@curtislegalgroup.com* |
| **Counsel for Defendant Legal Placements, Inc.** | Bruce H. Jackson, Esq. |
| **And Lexolution, LLC** | **Email:** *bruce.jackson@bakermckenzie.com* |
| | **Email:** |
| | *christine.vonseeburg@bakermckenzie.com* |

| | | |
|---|---|---|
| 1 | **Counsel for Defendant Ceridian Benefit Services, Inc.** | Ori Katz, Esq<br>*Email:* okatz@sheppardmullins.com |
| 2 | | |
| 3 | **Counsel for Defendant Kilpatrick Townsend & Stockton LLP** | Louise E. Ma, Esq.<br>*Email:* lma@kilpatricktownsend.com<br>*Email:* sbaker-lehne@kilpatricktownsend.com |
| 4 | | |
| 5 | **Counsel for Interested Party Ad Hoc Committee Of Certain Former Howrey Partners** | John H. MacConaghy, Esq.<br>*Email:* macclaw@macbarlaw.com<br>*Email:* smansour@macbarlaw.com |
| 6 | | *Email:* kmuller@macbarlaw.com |
| 7 | | |
| 8 | **Counsel for Defendant Hunton & Williams LLP** | Matthew A. Mannering, Esq.<br>*Email:* mmannering@hunton.com |
| 9 | | *Email:* lgodfrey@hunton.com |
| 10 | **Counsel for Defendant Bunsow De Mory Smith & Allison LLP** | Randy Michelson, Esq.<br>*Email:* |
| 11 | | randy.michelson@michelsonlawgroup.com |
| 12 | **Counsel for Defendant Venable LLP** | Jennifer L. Nassiri, Esq.<br>*Email:* jnassiri@venable.com |
| 13 | | |
| 14 | **Counsel for Defendant TSG Reporting, Inc. & Stockton LLP** | Howard S. Nevins, Esq.<br>*Email:* hnevins@hsmlaw.com<br>*Email:* lsamosa@hsmlaw.com |
| 15 | | |
| 16 | **Counsel for Defendant Intelligent Management Solutions, I** | Valerie Banter Peo, Esq.<br>*Email:* vpeo@schnader.com<br>*Email:* mpadilla@schnader.com |
| 17 | | |
| 18 | **Counsel for Defendant Cornerstone Research, Inc.** | Steven G. Polard, Esq.<br>*Email:* stevenpolard@dwt.com |
| 19 | | *Email:* melissawells@dwt.com |
| 20 | **Counsel for Defendants Joseph Albanese & Associates, Inc., Stemcell Technologies, Inc., and Leigh Kirmsse** | Scott A. Schiff, Esq.<br>*Email:* sas@soukup-schiff.com |
| 21 | | |
| 22 | **Counsel for Defendant SJ Berwin LLP, and Defendant Michael Knospe,** | Charles M. Tatelbaum, Esq.<br>*Email:* ctatelbaum@hinshawlaw.com |
| 23 | | *Email:* csmith@hinshawlaw.com |
| 24 | **Counsel for Defendant Haynes and Boone, LLP** | Alan R. Wechsler, Esq.<br>*Email:* alan.wechsler@haynesboone.com |
| 25 | | Christopher Maciel, Esq.<br>*Email:* chris.maciel@haynesboone.com |
| 26 | | |

| | |
|---|---|
| **Counsel for Defendant Kasowitz Benson Torres & Friedman LLP** | Margaret Ziemianek, Esq. *Email:* mziemianek@kasowitz.com *Email:* courtnotices@kasowitz.com |
| **Counsel for SJ Berwin LLP** | Bradley M. Zamczyk, Esq. *Email:* bzamczyk@hinshawlaw.com *Email:* crossi@hinshawlaw.com |
| **Counsel for Watt Companies** | Dustin P. Branch, Esq. *Email:* dustin.branch@kattenlaw.com |
| **Counsel for Pillsbury Winthrop Shaw Pittman LLP** | George Allen Brandt, Esq. *Email:* allen.brandt@pillsburylaw.com Ana N. Damonte, Esq. *Email:* ana.damonte@lehighhanson.com |
| **Counsel for Creditor Verizon Communications** | Dennis D. Davis, Esq. *Email:* jrose@gsdllaw.com |
| **Counsel for Davis & Hosfield Consulting** | Michael Delaney, Esq. *Email:* mdelaney@bakerlaw.com Clinton J. McCord, Esq. *Email:* cmccord@edwardswildman.com |
| **Counsel for Seyfarth Shaw LLP** | Marianne M. Dickson, Esq. *Email:* mdickson@seyfarth.com M. Ryan Pinkston, Esq. *Email:* rpinkston@seyfarth.com |
| **Counsel for Perkins Coie LLP** | Judith B. Gitterman, Esq. *Email:* jgitterman@perkinscoie.com Jeffrey S. Goodfried, Esq. *Email:* jgoodfried@perkinscoie.com |
| **Counsel for Vestigant, LLC** | Walter W. Gouldsbury, III, Esq. *Email:* wwg@jmbm.com |
| **Counsel for Andrew Reidy** | Miriam E. Hiser, Esq. *Email:* mhiser@hiserlaw.com |
| **Counsel for Salter & Company PLLC** | Ivo Keller, Esq. *Email:* ikeller@buchalter.com |
| **Counsel for Stemcell Technologies, Inc.** | Richard A. Lapping, Esq. *Email:* Richard@lappinglegal.com |
| **Counsel for Katherine M. Basile** | Monika P. Lee, Esq. *Email:* monikalee@leelawllp.com |

| | |
|---|---|
| **Counsel for Thomson Reuters, Inc.** | Issa K. Moe, Esq.<br>*Email:* *issa.moe@lawmoss.com* |
| **Counsel for IKON Office Solutions, Inc.** | Christopher O. Rivas, Esq.<br>*Email:* *crivas@reedsmith.com* |
| **Counsel for Shearman & Sterling LLP** | Steven E. Sherman, Esq.<br>*Email:* *sesherman@shearman.com* |
| **Counsel for Baker Hughes Inc.** | Ross Spence, Esq.<br>*Email:* *rossspence@snowfogel.com* |

*VIA EMAIL:*

| | |
|---|---|
| **Counsel for Creditor Citibank, N.A.** | **Paul, Weiss, Rifkind, Wharton & Garrison**<br>Kelley A. Cornish, Esq.<br>**Email:** *kcornish@paulweiss.com*<br>Diane Meyers, Esq.<br>**Email:** *dmeyers@paulweiss.com*<br>Jacob J. Adlerstein, Esq.<br>**Email:** *jadlerstein@paulweiss.com*<br>            *ayoung@paulweiss*.com |
| **Ballard Spahr LLP** | Matthew Moncur, Esq.<br>**Email:** *moncurm@ballardspahr.com* |
| **EMC Corporation** | c/o Receivable Management Services<br>Steven Sass, Esq.<br>**Email:** steven.sass@rmsna.com<br>Ronald Rowland, Esq.<br>**Email:** Ronald.rowland@rmsna.com |
| **Olin Corporation** | S. Christian Mullgardt<br>**Email:** *scmullgardt@olin.com* |

*VIA U.S. MAIL:*

Jeffrey C. Wisler, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19899

County of Loudoun Virginia
Belkys Escobar
1 Harrison St., S.E. 5th Fl.
Leesburg, VA 20175-3102

1  Guy Davis
   Protiviti Inc.
2  1051 East Cary Street, Suite 602
   Richmond, VA 23219
3
   George E. Shoup, III
4  Development Specialists, inc.
   6375 Riverside Drive, Suite 200
5  Dublin, OH 43017-5373

6  Kyle Everett
   Development Specialists, Inc.
7  235 Pine Street, Suite 1150
   San Francisco, CA 94104
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT A

**DIAMOND McCARTHY LLP**
Christopher R. Murray *(pro hac vice)*
Michael Fishel, Esq. *(pro hac vice)*
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: 713-333-5100
Facsimile: 713-333-5199
cmurray@diamondmccarthy.com
mfishel@diamondmccarthy.com
*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669
*Local Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HOWREY LLP,<br><br>Debtor. | Case No. 11-31376 DM<br>Chapter 11<br>Hon. Dennis Montali<br><br>**DECLARATION OF ALLAN B. DIAMOND IN SUPPORT OF THE FIRST OMNIBUS MOTION FOR AUTHORITY UNDER BANKRUPTCY RULE 9019 TO ENTER INTO MULTIPLE SETTLEMENTS WITH FORMER HOWREY PARTNERS** |

Allan B. Diamond makes this declaration under 28 U.S.C. § 1746, and states:

1.      I am the chapter 11 trustee ("Trustee") in the above captioned bankruptcy case of Howrey LLP ("Howrey" or "Debtor").  The Court approved my appointment on October 12, 2011.  I make this declaration in support of the *First Omnibus Motion for Authority under Bankruptcy Rule 9019 to Enter Into Multiple Settlements With Former Howrey Partners* ("Motion").

2.      This declaration is based on my personal knowledge or the best of my knowledge derived from discussions with professionals employed by me as Trustee.

**Summary**

3.      Through the Motion, I seek Court authority to enter into settlements with the following, and a true and correct copy of the proposed settlement agreement for each appears as an exhibit to the Motion as indicated:

      a.   Katherine Basile, agreement at **Exhibit B**;

      b.   Joachim Fledges, agreement at **Exhibit C**;

      c.   Leigh Kirmsse, agreement at **Exhibit D**;

      d.   Peter Tracey, agreement at **Exhibit E**;

      e.   Ben Davidson and the Davidson Law Group, agreement at **Exhibit F**;

      f.   Ethan Litwin, agreement at **Exhibit G**;

      g.   Barbara Werther, agreement at **Exhibit H**;

      h.   Jessica Breitbeil, agreement at **Exhibit I**;

      i.   Frank Cote, agreement at **Exhibit J**;

      j.   Brent Allen, agreement at **Exhibit K**;

k.  Gary Fischman, agreement at **Exhibit L**;

l.  Jeffrey Lenser, agreement at **Exhibit M;**

m.  Todd McLawhorn, agreement at **Exhibit N**; and

n.  Kenneth Donnelly, agreement at **Exhibit O.**

4.      My counsel negotiated each of these agreements separately.  The settlements are offered together in this omnibus motion for administrative efficiency, but each settlement is offered on its own merits, and none is contingent on Court approval of any of the other settlements.

5.      If approved, the settlements would collectively release claims against the Howrey estate of $420,807, of which $34,725 constitute alleged priority wage claims; release all other claims against the Howrey estate held by the releasing parties but not included in filed proofs of claim; and cash payments to the Howrey estate of $139,862.

**Howrey Bankruptcy**

6.      Prior to entering bankruptcy, Howrey was a major international law firm.

7.      On April 11, 2011, certain creditors of Howrey filed a chapter 7 involuntary petition against the Debtor.  On June 6, 2011, the Court entered an order converting the above captioned case to a case under chapter 11 of the Bankruptcy Code.

8.      On September 22, 2011, the Court entered an order granting a motion to appoint a chapter 11 trustee.  On October 7, 2011, the U.S. Trustee for the Northern District of California appointed the me as chapter 11 trustee for the estate of Howrey.

**The Estate's Claims Against The Settling Parties**

9.      The estate's claims against the settling parties fall into three categories:

10. <u>Clawback Claims</u>. Howrey made distributions to partners while Howrey was insolvent. These distributions included both bonuses paid to certain partners and payments in return of capital contributions. These distributions are avoidable as fraudulent transfers under both the Bankruptcy Code (section 548) and under District of Columbia law (through Bankruptcy Code section 544) and the amounts distributed are recoverable under Bankruptcy Code section 550. Former partners have raised several defenses to these clawback claims. In the case of regular draws and bonuses, some former partners argue that payments were not equity distributions but were instead salary paid for legal services provided. Some former partners allege a contractual entitlement to some of the payments. With respect to payments in return of capital contributions, some payments were made directly to financial institutions to repay loans the partners took to fund their capital contributions. Some partners allege that repayment of those loans relieved Howrey of potential guarantor liability on those loans. If successful, any of these arguments by former partners might establish reasonably equivalent value for the transfers and prevent recovery by the estate. The estate has clawback claims against each of the settling parties.

11. <u>Unfinished Business Claims</u>. The estate has a right to an accounting for profits on unfinished business received by former partners for their work on client matters that were open at the time those partners left Howrey. These claims arise under *Jewel v. Boxer*, 156 Cal. App. 3d 171 (1984) and its progeny. The only proposed settlement that includes a release of unfinished business claims is the Davidson settlement.

12. <u>Tax Reimbursement Claims</u>. As required by federal law and regulations issued by the US Department of the Treasury pursuant to the Internal Revenue Code, the estate paid the US income tax obligations of certain former Howrey partners who reside abroad. I am seeking

full reimbursement of those payments. The only settlement in this Motion that involves tax reimbursement claims is the Feldges settlement.

***Negotiations with the Settling Attorneys***

13. My counsel negotiated at arms-length well over a year with the settling parties. While some of the settling parties are represented by counsel, others negotiated the settlements on their own behalf directly with my counsel.

***Background and Terms of Each Settlement***

14. <u>Basile</u>. Katherine Basile was a Howrey partner. While Howrey was insolvent, she received certain distributions that the Trustee alleges are subject to avoidance and recovery as fraudulent transfers. Basile disputes the Trustee's claims. I initiated litigation on these claims in *Diamond v. Basile*, Adv. No. 14-3081-DM (Bankr. N.D. Cal.), which is pending in this Court. My counsel negotiated with Basile directly over a five-month period regarding these claims. Under the proposed settlement, Basile would pay the estate $3,000 and would release any potential claims she may have against the estate, and the estate would dismiss with prejudice the adversary proceeding against her.

15. <u>Feldges</u>. Joachim Feldges was a Howrey partner and resides abroad. The estate paid $3,313 to the IRS on account of Feldges US income tax liability, as required by federal law. The estate has clawback claims for distributions paid to Feldges while Howrey was insolvent. My counsel negotiated directly with Feldges for approximately three months. Under the proposed settlement, Feldges would pay the estate $40,000 and release any potential claims he may have against the estate.

16. <u>Kirmsse</u>. Leigh Kirmsse was a Howrey partner who filed proof of claim #1059 against the estate for $70,281, of which $11,725 is an alleged priority wage claim. The estate

Case: 11-31376   Doc# 2303-1   Filed: 06/04/15   Entered: 06/04/15 17:12:08   Page 43 of 119

has clawback claims for distributions that Kirmsse received while Howrey was insolvent. My counsel negotiated with counsel for Kirmsse, who informed us of a medical condition that prevents Kirmsse from gainful employment and, therefore, increases collections risk. Under the proposed settlement, Kirmsse would release claim #1059 and any other claims against the estate.

17. <u>Tracey</u>. Peter Tracey was a Howrey partner. The estate has clawback claims against him. My counsel negotiated directly with Tracey at arm's length. Under the proposed settlement, Tracey would pay the estate $2,000 and release any other claims against the estate.

18. <u>Davidson</u>. Ben Davidson was a former Howrey partner and is now affiliated with the Davidson Law Group. Davidson filed proof of claim #659 against the estate for $93,000, of which $11,725 is an alleged priority wage claim. The estate has both clawback claims for distributions in return of capital and unfinished business claims for client matters that Davidson took with him to his new firm upon dissociating from Howrey. I initiated litigation of these claims in *Diamond v. Davidson Law Group*, Adv. No. 13-3039-DM (Bankr. N.D. Cal.), which is pending in this Court. My counsel negotiated for several months directly with Davidson, who disclosed aspects related to his and his law firm's financial condition that reflect negatively on the estate's ability to collect on any significant judgment amount. Under the proposed settlement, Davidson would release his proof of claim, he and his law firm would release any other claims against the estate, Davidson would pay $5,000, and the estate would dismiss with prejudice the adversary proceeding against Davidson and the Davidson Law Group.

19. <u>Litwin</u>. Ethan Litwin was a Howrey partner. The estate has clawback claims against him. My counsel negotiated directly with Litwin at arm's length. Under the proposed settlement, Litwin would pay the estate $2,100 and release any claims against the estate.

20. _Werther_. Barbara Werther was a Howrey partner. The estate has clawback claims and claims related to a goodwill purchase agreement she entered into with Howrey. My counsel negotiated with Werther's counsel at arm's length over a period of months. While they were unable to agree to a global resolution of all claims, they did reach a proposed settlement related to the clawback claims only, under which Werther would pay the estate $69,700, and the estate would preserve the right to pursue claims on the goodwill purchase agreement.

21. _Breitbeil_. Jessica Breitbeil was a Howrey partner. The estate has clawback claims against her based on payments made to her in return of capital. My counsel negotiated with Breitbeil's counsel at arm's length. Under the proposed settlement, Breitbeil would pay the estate $3,500 and release any claims against the estate.

22. _Cote_. Frank Cote was a Howrey partner. The estate has a clawbacks claim against him. My counsel counsel negotiated directly with Cote at arm's length. Under the proposed settlement, Cote would pay the estate $1,469 and release any claims against the Howrey estate.

23. _Allen_. Brent Allen was a Howrey partner. The estate has clawback claims against him. My counsel negotiated directly with Allen at arm's length. Under the proposed settlement, Allen would pay the estate $1,500 and release any claims against the Howrey estate.

24. _Fischman_. Gary Fischman was a Howrey partner who filed proof of claim #579-1 against the estate for $198,896.73, of which $11,725 is an alleged priority wage claim. The estate has clawback claims against him. My counsel negotiated directly with Fischman at arm's length. Under the proposed settlement, Fischman would pay the estate $1,688 and release claim #579-1 and any other claims against the estate.

Case: 11-31376   Doc# 2303-1   Filed: 06/04/15   Entered: 06/04/15 17:12:08   Page 45 of 119

25.  Lenser.  Jeffrey Lenser was a Howrey partner who filed proof of claim #718-1 against the estate for $58,628.61.  The estate has clawback claims against him based on payments in return of capital and other distributions received.  My counsel negotiated directly with Lenser at arm's length.  Under the proposed settlement, Lenser would pay the estate $7,000 and release claim #718-1 and any other claims against the estate.

26.  McLawhorn.  Todd McLawhorn was a Howrey partner.  The estate has clawback claims against him based on payments in return of capital.  My counsel negotiated directly with McLawhorn at arm's length.  Under the proposed settlement, McLawhorn would pay $1,305 and release any claims he has against the estate.

27.  Donnelly.  Kenneth Donnelly was a Howrey partner.  The estate has clawback claims against him based on payments in return of capital.  My counsel negotiated directly with Donnelly at arm's length.  Under the proposed settlement, Donnelly would pay $1,600 and release any claims he has against the estate.

28.  For the reasons discussed below, the Trustee submits that each of the proposed settlements is well within the range of reasonableness, is in the best interests of the estate and is a fair and equitable transactions to all parties and for the benefit of creditors.

***Determination that Each Settlement is Fair and Equitable***

29.  In the exercise of my business judgment, I analyzed each of the proposed settlements under the four factors outlined in *Martin v. Kane* (*In re A & C Properties*), 784 F.2d 1377, 1381 (9th Cir. 1986).  The following is my consideration of each factor.

30.  Factor 1: Litigation Risk.  I believe the estate has strong claims against the settling defendants.  However, these claims are not without risk.  On the clawback claims, I may fail to establish insolvency during the relevant time periods.  I may also fail to establish that the

Case: 11-31376   Doc# 2373-1   Filed: 06/04/15   Entered: 06/04/15 17:12:48   Page 46 of 119

distributions were, in fact, equity distributions, and were not compensation for which reasonably equivalent value was provided. On the unfinished business claims, there is risk that the appellate courts will determine that the *Jewel* doctrine does not apply in the context of the Trustee's claims here. That precise conclusion was reached this week in a published decision by US District Court Judge James Donato in the consolidated appeals of certain law firm defendants in *Hogan Lovells US LLP v. Howrey LLP*, Case No. 14-cv-04889-JD (N.D. Cal.). This issue likely will not be resolved for some time in the future depending upon rulings from the US Court of Appeals for the Ninth Circuit and, potentially, the Court of Appeals for the District of Columbia, and is therefore an uncertain outcome.

31. Factor 2: <u>Collections Risk</u>. In my experience, litigation against private individuals invariably involves some degree of collections risk for a judgment of any substantial amount. In addition, some individual defendants – here, Kirmsse and Davidson – have extenuating circumstances that add additional collections risk, which factor into my determination of what settlement amount is reasonable in my business judgment. Finally, in the case of defendants who reside abroad – here, Feldges – collections risk includes potential hurdles in enforcing the judgment of a US court in a foreign jurisdiction.

32. Factor 3: <u>Litigation Cost</u>. Litigation of these cases would be costly and time consuming. On the clawback claims, litigation will require expert testimony on insolvency, which adds a layer of cost to an already complex area of law. The contract and *Jewel* claims will also require extensive and costly discovery, including of former partners and documents related to client engagements and relationships. Litigation in this area is also highly contentious, given that the defendants are generally private individual attorneys with personal and emotional investments in the outcome. I weigh this factor heavily in favor of compromise.

9

33.  Factor 4:  <u>Creditor Interest</u>.  I seek to avoid the costs and delays of litigation. Closing these settlements would provide an immediate and significant financial benefit to the estate, not only in terms of saved professional fees, but also from the cash payments and claims releases under the individual agreements.

34.  In light of the *A&C Properties* factors, I have concluded in my business judgment that each of the proposed settlements is fair, reasonable and in the best interest of the estate and should be approved by the Court.

35.  In my business judgment, the Settlement is undoubtedly in the best interest of the Debtor's estate.

Dated: June 4, 2015

By: _____
Allan B. Diamond, Chapter 11 Trustee of the
Bankruptcy Estate of Howrey LLP

10

# EXHIBIT B

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Allan B. Diamond, in his capacity as the Chapter 11 Trustee (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey") and Katherine Basile ("Basile," together with the Trustee, the "Parties"), as of the date signed below.

## RECITALS

A.    WHEREAS, on April 11, 2011, certain creditors of Howrey filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code initializing Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court");

B.    WHEREAS, on June 6, 2011, the Bankruptcy Court entered an Order for Relief and Converting the Bankruptcy Case to one under Chapter 11;

C.    WHEREAS, on October 12, 2011, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Bankruptcy Court approved the Trustee as the Chapter 11 Trustee in the Bankruptcy Case;

D.    WHEREAS, on June 30, 2014, the Trustee commenced an adversary proceeding against Basile (Adv. No. 14-03081) by filing a complaint alleging that Howrey made transfers to Basile at a time when Howrey was insolvent ("Excess Distribution Claim").

E.    WHEREAS, between December 2014 and April 2015, the Trustee and Basile engaged in arms-length negotiations regarding the settlement of the Excess Distribution Claim. On April 9, 2015, Basile accepted the Trustee's final settlement offer to resolve all claims and defenses and potential claims and defenses arising out of or related in any way to the Adversary Proceeding and the Claims pursuant to the terms set forth herein, including the Excess Distribution Claim, that the Trustee or Howrey may have against Basile.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby acknowledge and agree as follows:

1.    The Parties have agreed that Basile shall pay the Trustee the sum of $3,000, in a one-time payment (the "Payment"), to resolve all potential claims that the Trustee and/or Howrey has or may have against Basile.

2.    Basile has agreed to provide the Payment according to this Agreement in exchange for the releases provided to Basile in this Agreement. Accordingly, within fourteen (14) days after the Effective Date of this Agreement, as defined in Paragraph 17 below, Basile shall transfer the Payment to the Trustee by check as follows:

> Payable to: "Allan B. Diamond, Chapter 11 Trustee of Howrey LLP"
> Diamond McCarthy LLP

Attention – Cathy Burrow
Two Houston Center
909 Fannin Street, Suite 1500
Houston, Texas 77010

3. Within ten (10) business days of receipt of the Payment, the Trustee shall prepare the necessary documents and file them with the Bankruptcy Court to dismiss the Adversary Proceeding with prejudice.

4. Upon execution of this Agreement, the Trustee will seek the approval of the Bankruptcy Court of this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Basile agrees to reasonably cooperate, as needed, in the request for approval of this Agreement from the Bankruptcy Court. This Agreement is expressly contingent upon the approval of the Bankruptcy Court.

5. Upon the Effective Date of this Agreement and receipt of the Payment, the Trustee on its own behalf and on behalf of Howrey, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Basile of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, or shall have against Basile, including any Excess Distribution Claims.

6. Upon the Effective Date of this Agreement and after transfer of the Payment to the Trustee, Basile, in her own name and on behalf of her agents, administrators, successors, and assigns, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Howrey and the Trustee, their successors, predecessors, assigns, representatives, insurers, guarantors, as well as their past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, and agents, of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Basile has ever had, now has, or shall have against Howrey or the Trustee.

7. In connection with the releases set forth in paragraphs 5 and 6 above, the Parties waive all rights they may have under section 1542 of the California Civil Code, which provides that:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

Case 11-13166 Doc# 2231 Filed 06/04/15 Entered 06/04/15 07:12:08 Page 51 of 119

By executing this Agreement, the Parties expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

8. Each of the Parties stipulates, agrees and warrants the following: (a) that the terms of this Agreement are reasonable; (b) they will not challenge or contest in any way the capacity or authority of any Party hereto to make the agreements, covenants, waivers, stipulations, and representations set forth herein; (c) the consideration for this Agreement is mutual and adequate.

9. The Parties acknowledge that the Trustee is acting solely in his capacity as the Chapter 11 Trustee of Howrey in this matter and has no personal liability whatsoever with respect to this Agreement or the transactions described herein.

10. This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof and supersedes all previous written or oral agreements, stipulations, understandings, promises or negotiations relating to such subject matter. No Party to this Agreement has made or is relying on (and each Party disclaims the existence or materiality of any representations, warranties, or promises not expressly set forth in this Agreement. This Agreement can be modified only by writing executed by each of the Parties hereto.

11. This Agreement shall be binding on any and all replacements, successors, or assigns of the Trustee, including without limitation a chapter 7 trustee if the Bankruptcy Case is converted to one under chapter 7.

12. Except as otherwise specifically provided for herein, nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any party of interest that is not a party to this Agreement.

13. Each Party hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement which involves Howrey or the Trustee and agrees that any such action, suit or proceeding shall be brought in the Bankruptcy Court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the venue of any such action, suit or proceeding brought in such a court related solely to the Agreement and involving Howrey or the Trustee. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement as it relates to the Bankruptcy Case.

14. Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith shall constitute or be construed as or be deemed to be evidence of an admission on the part of any party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

Case 11-13376 Doc# 2731 Filed 06/24/15 Entered 06/24/15 07:12:08 Page 52 of 119

15.    This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed, electronic and emailed signatures shall be deemed originals.

16.    This Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of California (without taking into account conflicts-of-laws principles) and the Bankruptcy Code and Bankruptcy Rules, as applicable.

17.    This Agreement shall be effective (the "Effective Date") seven (7) days after Basile receives written notice that the Bankruptcy Court has entered an order approving this Agreement under Bankruptcy Rule 9019.


AGREED:

Dated: 5|15, 2015                           Howrey LLP, Debtor

                                            By: _____
                                               Allen B. Diamond, Chapter 11 Trustee


Dated: 5/11, 2015                           Katherine Basile

                                            _____


Page 4 of 4

# EXHIBIT C

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Allan B. Diamond, in his capacity as the Chapter 11 Trustee (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey") and Joachim Feldges ("Feldges", together with the Trustee, the "Parties"), as of the date signed below.

## RECITALS

A.     WHEREAS, on April 11, 2011, certain creditors of Howrey filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code initializing Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court");

B.     WHEREAS, on June 6, 2011, the Bankruptcy Court entered an Order for Relief and Converting the Bankruptcy Case to one under Chapter 11;

C.     WHEREAS, on October 12, 2011, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Bankruptcy Court approved the Trustee as the Chapter 11 Trustee in the Bankruptcy Case;

D.     WHEREAS, the Trustee has analyzed the excess distribution claims for transfers made to Feldges by Howrey at a time when Howrey was insolvent (collectively, the "Excess Distribution Claims").

E.     WHEREAS, in April 2014, the Trustee paid your 2013 U.S. tax obligation in the amount of $3,313 for Howrey income and now seeks full repayment of that amount (the "Tax Claim").

F.     WHEREAS, between September 30, 2014 and November 11, 2014, the Trustee and Feldges engaged in arms-length negotiations regarding the settlement of Excess Distribution Claims.  On November 12, 2014, Feldges accepted the Trustee's final settlement offer to resolve all potential claims, including the Excess Distribution Claim and Tax Claim, that the Trustee may have against Feldges in consideration of the facts and circumstances of this matter in order to avoid the costs and uncertainty of litigation.

G.     NOW, THEREFORE, in consideration of the promises and the covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby mutually acknowledged, the Parties agree as follows:

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby acknowledge and agree as follows:

1.     The Parties have agreed that Feldges shall pay the Trustee the sum of $40,000, in a one-time payment (the "Payment"), to resolve the Excess Distribution Claims and Tax Claim that the Trustee and/or Howrey has or may have against Feldges.

2.     Feldges has agreed to provide the Payment according to this Agreement in exchange for the releases provided to Feldges in this Agreement.  Accordingly, within five (5) days after the Effective Date of this Agreement, as defined in Paragraph 16 below, Feldges shall transfer the Payment to the Trustee either by check or wire transfer, in the manner described below:

a.  By check:

> Payable to: "Allan B. Diamond, Chapter 11 Trustee of Howrey LLP"
> Diamond McCarthy LLP
> Attention – Jason M. Rudd
> Two Houston Center
> 909 Fannin Street, Suite 1500
> Houston, Texas 77010; or

b.  By wire transfer:

> Allan B. Diamond, Chapter 11 Trustee of Howrey LLP
> Account No. 9250393741
> Citibank, N.A.
> ABA No. 254070116

3.     Upon execution of this Agreement, the Trustee will seek the approval of the Bankruptcy Court of this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Feldges agrees to reasonably cooperate, if required, in the request for approval of this Agreement from the Bankruptcy Court. This Agreement is expressly contingent upon the approval of the Bankruptcy Court.

4.     Upon the Effective Date of this Agreement and receipt of the Payment, the Trustee on behalf of Howrey, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Feldges of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, or shall have against Feldges, including any Excess Distribution Claims and Tax Claim.

5.     Upon the Effective Date of this Agreement and after transfer of the Payment to the Trustee, Feldges, in his own name and on behalf of his agents, administrators, successors, and assigns, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Howrey and the Trustee, their successors, predecessors, assigns, representatives, insurers, guarantors, as well as their past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, and agents, of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, and

Case 11-13736   Doc# 2731   Filed 06/24/15   Entered 06/24/15 07:12:08   Page 56 of 119

demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Feldges has ever had, now has, or shall have against Howrey or the Trustee.

6.     In connection with the releases set forth in paragraphs 5 and 6 above, the Parties waive all rights they may have under section 1542 of the California Civil Code, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

By executing this Agreement, the Parties expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

7.     Each of the Parties stipulates, agrees and warrants the following: (a) that the terms of this Agreement are reasonable; (b) they will not challenge or contest in any way the capacity or authority of any Party hereto to make the agreements, covenants, waivers, stipulations, and representations set forth herein; (c) the consideration for this Agreement is mutual and adequate.

8.     The Parties acknowledge that the Trustee is acting solely in his capacity as the Chapter 11 Trustee of Howrey in this matter and has no personal liability whatsoever with respect to this Agreement or the transactions described herein.

9.     This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof and supersedes all previous written or oral agreements, stipulations, understandings, promises or negotiations relating to such subject matter. No Party to this Agreement has made or is relying on (and each Party disclaims the existence or materiality of) any representations, warranties, or promises not expressly set forth in this Agreement. This Agreement can be modified only by a writing executed by each of the Parties hereto.

10.     This agreement shall be binding on any and all replacements, successors, or assigns of the Trustee, including without limitation a chapter 7 trustee if the Bankruptcy Case is converted to one under chapter 7.

11.     Except as otherwise specifically provided for herein, nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any party of interest that is not a party to this Agreement.

12.     Each Party hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement which involves Howrey or the Trustee and agree that any such action, suit or proceeding shall be brought on in the Bankruptcy Court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to venue of any such action, suit or proceeding brought in such a court related solely to the Agreement and involving Howrey or the Trustee. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement as it relates to the Bankruptcy Case.

Case 11-31376   Doc# 2731   Filed 06/26/15   Entered 06/26/15 07:21:48   Page 57 of 119

13.     Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith shall constitute or be construed as or be deemed to be evidence of an admission on the part of any party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

14.     This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed, electronic and emailed signatures shall be deemed originals.

15.     This Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of California (without taking into account conflicts-of-laws principles) and the Bankruptcy Code and Bankruptcy Rules, as applicable.

16.     This Agreement shall be effective (the "Effective Date") ten (10) days after Feldges receives written notice that the Bankruptcy Court has entered an order approving this Agreement under Bankruptcy Rule 9019.

AGREED:

Dated: ~~November~~ 15, 2015
MAY                    ABD

Howrey LLP, Debtor

By: _____
Allan B. Diamond, Chapter 11 Trustee

Dated: November 19, 2014

Joachim Feldges

_____

# EXHIBIT D

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Allan B. Diamond, in his capacity as the Chapter 11 Trustee (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey") and Leigh Kirmsse ("Kirmsse", together with the Trustee, the "Parties"), as of the date signed below.

## RECITALS

A.     WHEREAS, on April 11, 2011, certain creditors of Howrey filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code initializing Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court");

B.     WHEREAS, on June 6, 2011, the Bankruptcy Court entered an Order for Relief and Converting the Bankruptcy Case to one under Chapter 11;

C.     WHEREAS, on October 12, 2011, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Bankruptcy Court approved the Trustee as the Chapter 11 Trustee in the Bankruptcy Case;

D.     WHEREAS, on September 4, 2012, Kirmsse filed a proof of claim ("POC #1059") in the amount of $70,281.

E.     WHEREAS, on June 4, 2013, the Trustee commenced an adversary proceeding against, among others, Kirmsse (Adv. No. 13-03163) by filing a complaint alleging that Howrey made $67,500 in transfers to Kirmsse at a time when Howrey was insolvent ("Excess Distribution Claim").

F.     WHEREAS, on March 18, 2015, Kirmsse signed a sworn declaration informing the Trustee of a medical condition that prevented her from gainful employment.  Due to her illness and inability to work, she does not have resources to pay any settlement of the Excess Distribution Claim by the Trustee.

G.     WHEREAS, between October 2014 and March, 2015, the Trustee and Kirmsse engaged in arms-length negotiations regarding the settlement of the Excess Distribution Claims. At the beginning of April 2015, Kirmsse accepted the Trustee's final settlement offer to resolve all claims and defenses and potential claims and defenses arising out of or related in any way to the Adversary Proceeding and the Claims pursuant to the terms set forth herein, including the Excess Distribution, that the Trustee or Howrey may have against Kirmsse in consideration of the facts and circumstances of this matter in order to avoid the costs and uncertainty of litigation.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby acknowledge and agree as follows:

1.      Within five (5) business days of the Effective Date (as defined below) of this Agreement, Kirmsse shall withdraw POC #1059.

2.      Within ten (10) business days of the withdrawal of POC #1059, the Trustee shall prepare the necessary documents and file them with the Bankruptcy Court to dismiss the Adversary Proceeding, with respect to Kirmsse, with prejudice.

3.      Upon execution of this Agreement, the Trustee will seek the approval of the Bankruptcy Court of this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Kirmsse agrees to reasonably cooperate, if required, in the request for approval of this Agreement from the Bankruptcy Court. This Agreement is expressly contingent upon the approval of the Bankruptcy Court.

4.      Upon the Effective Date of this Agreement and withdrawal of the POC #1059, the Trustee on its own behalf and on behalf of Howrey, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Kirmsse of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, or shall have against Kirmsse, including any Excess Distribution Claims.

5.      Upon the Effective Date of this Agreement, Kirmsse, in her own name and on behalf of her agents, administrators, successors, and assigns, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Howrey and the Trustee, their successors, predecessors, assigns, representatives, insurers, guarantors, as well as their past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, and agents, of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Kirmsse has ever had, now has, or shall have against Howrey or the Trustee.

6.      In connection with the releases set forth in paragraphs 5 and 6 above, the Parties waive all rights they may have under section 1542 of the California Civil Code, which provides that:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

By executing this Agreement, the Parties expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

7. Each of the Parties stipulates, agrees and warrants the following: (a) that the terms of this Agreement are reasonable; (b) they will not challenge or contest in any way the capacity or authority of any Party hereto to make the agreements, covenants, waivers, stipulations, and representations set forth herein; (c) the consideration for this Agreement is mutual and adequate.

8. The Parties acknowledge that the Trustee is acting solely in his capacity as the Chapter 11 Trustee of Howrey in this matter and has no personal liability whatsoever with respect to this Agreement or the transactions described herein.

9. This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof and supersedes all previous written or oral agreements, stipulations, understandings, promises or negotiations relating to such subject matter. No Party to this Agreement has made or is relying on (and each Party disclaims the existence or materiality of any representations, warranties, or promises not expressly set forth in this Agreement. This Agreement can be modified only by writing executed by each of the Parties hereto.

10. This Agreement shall be binding on any and all replacements, successors, or assigns of the Trustee, including without limitation a chapter 7 trustee if the Bankruptcy Case is converted to one under chapter 7.

11. Except as otherwise specifically provided for herein, nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any party of interest that is not a party to this Agreement.

12. Each Party hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement which involves Howrey or the Trustee and agrees that any such action, suit or proceeding shall be brought in the Bankruptcy Court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the venue of any such action, suit or proceeding brought in such a court related solely to the Agreement and involving Howrey or the Trustee. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement as it relates to the Bankruptcy Case.

13. Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith shall constitute or be construed as or be deemed to be evidence of an admission on the part of any party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

14.     This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed, electronic and emailed signatures shall be deemed originals.

15.     This Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of California (without taking into account conflicts-of-laws principles) and the Bankruptcy Code and Bankruptcy Rules, as applicable.

16.     Each Party agrees to bear his, her or its own attorneys' fees and other costs and expenses incurred in connection with this Agreement and any litigation or matters between the Parties, including without limitation the Excess Distribution Claim and POC #1059.

17.     The "Effective Date" shall occur when the Trustee has notified Kirmsse via email to her counsel that an order of the Bankruptcy Court approving this Agreement has become effective within the meaning of Bankruptcy Rule 9021, the time for direct appeal to the United States District Court or Bankruptcy Appellate Panel pursuant to Bankruptcy Rule 8002 has passed, and either (i) there has been no appeal or (ii) if there has been an appeal, the Bankruptcy Court order is not subject to any stay, including without limitation, as the result of a stay issued pursuant to Bankruptcy Rule 8005.

AGREED:

Dated: April 15, 2015

Howrey LLP, Debtor

By: _____
Allan B. Diamond, Chapter 11 Trustee

Dated: April 30, 2015

Leigh Kirmsse
_____

# EXHIBIT E

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Allan B. Diamond, in his capacity as the Chapter 11 Trustee (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey") and Peter L. Tracey ("Tracey"), together with the Trustee, the "Parties"), as of the date signed below.

## RECITALS

A. WHEREAS, on April 11, 2011, certain creditors of Howrey filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code initializing Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court");

B. WHEREAS, on June 6, 2011, the Bankruptcy Court entered an Order for Relief and Converting the Bankruptcy Case to one under Chapter 11;

C. WHEREAS, on October 12, 2011, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Bankruptcy Court approved the Trustee as the Chapter 11 Trustee in the Bankruptcy Case;

D. WHEREAS, the Trustee has analyzed the excess distribution claims for transfers (including return of capital) made to Tracey by Howrey at a time when Howrey was alleged by the Trustee to be insolvent (collectively, the "Excess Distribution Claims");

E. WHEREAS, between October 2014 and January, 2015, the Trustee and Tracey engaged in arms-length negotiations regarding the settlement of Excess Distribution Claims. At the beginning of January 2015, Tracey accepted the Trustee's final settlement offer to resolve all potential claims, including the Excess Distribution Claim, that the Trustee or Howrey may have against Tracey in consideration of the facts and circumstances of this matter in order to avoid the costs and uncertainty of litigation.

F. NOW, THEREFORE, in consideration of the promises and the covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby mutually acknowledged, the Parties agree as follows.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby acknowledge and agree as follows:

1. The Parties have agreed that Tracey shall pay the Trustee the sum of $2,000, in a one-time payment (the "Payment"), to resolve all potential claims including the Excess Distribution Claims that the Trustee and/or Howrey has or may have against Tracey.

2. Tracey has agreed to provide the Payment according to this Agreement in exchange for the releases provided to Tracey in this Agreement. Accordingly, within fourteen

(14) days after the Effective Date of this Agreement, as defined in Paragraph 17 below, Tracey shall transfer the Payment to the Trustee by check or wire transfer to:

    a.  By check:

> Payable to: "Allan B. Diamond, Chapter 11 Trustee of Howrey LLP"
> Diamond McCarthy LLP
> Attention – Cathy Burrow
> Two Houston Center
> 909 Fannin Street, Suite 1500
> Houston, Texas 77010; or

    b.  By wire transfer:

> Allan B. Diamond, Chapter 11 Trustee of Howrey LLP
> Account No. 9250393741
> Citibank, N.A.
> ABA No. 254070116

3.    The Trustee represents that it will cause Howrey to treat the Payment as a return of and contribution to the capital of Howrey, and to the extent necessary will use best efforts to allocate net tax losses to Tracey in an aggregate amount equal to the Payment.

4.    Upon execution of this Agreement, the Trustee will seek the approval of the Bankruptcy Court of this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Tracey agrees to reasonably cooperate, if required, in the request for approval of this Agreement from the Bankruptcy Court. This Agreement is expressly contingent upon the approval of the Bankruptcy Court.

5.    Upon the Effective Date of this Agreement and receipt of the Payment, the Trustee on its own behalf and on behalf of Howrey, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Tracey of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, or shall have against Tracey, including any Excess Distribution Claims.

6.    Upon the Effective Date of this Agreement and after transfer of the Payment to the Trustee, Tracey, in his own name and on behalf of his agents, administrators, successors, and assigns, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Howrey and the Trustee, their successors, predecessors, assigns, representatives, insurers, guarantors, as well as their past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, and agents, of and on account of all

Case 11-13376 Doc# 2731 Filed 06/24/15 Entered 06/24/15 07:12:08 Page 67 of 119

manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Tracey has ever had, now has, or shall have against Howrey or the Trustee.

     7.    In connection with the releases set forth in paragraphs 5 and 6 above, the Parties waive all rights they may have under section 1542 of the California Civil Code, which provides that:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

By executing this Agreement, the Parties expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

     8.    Each of the Parties stipulates, agrees and warrants the following: (a) that the terms of this Agreement are reasonable; (b) they will not challenge or contest in any way the capacity or authority of any Party hereto to make the agreements, covenants, waivers, stipulations, and representations set forth herein; (c) the consideration for this Agreement is mutual and adequate.

     9.    The Parties acknowledge that the Trustee is acting solely in his capacity as the Chapter 11 Trustee of Howrey in this matter and has no personal liability whatsoever with respect to this Agreement or the transactions described herein.

     10.    This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof and supersedes all previous written or oral agreements, stipulations, understandings, promises or negotiations relating to such subject matter. No Party to this Agreement has made or is relying on (and each Party disclaims the existence or materiality of any representations, warranties, or promises not expressly set forth in this Agreement. This Agreement can be modified only by writing executed by each of the Parties hereto.

     11.    This Agreement shall be binding on any and all replacements, successors, or assigns of the Trustee, including without limitation a chapter 7 trustee if the Bankruptcy Case is converted to one under chapter 7.

     12.    Except as otherwise specifically provided for herein, nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any party of interest that is not a party to this Agreement.

     13.    Each Party hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement which involves Howrey or the Trustee and agrees that any such action, suit or proceeding shall be brought in the Bankruptcy Court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the venue of any such action, suit or proceeding brought in such a court

Case 11-13376   Doc# 2731   Filed 06/04/15   Entered 06/04/15 07:12:08   Page 68 of 119

related solely to the Agreement and involving Howrey or the Trustee. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement as it relates to the Bankruptcy Case.

14.     Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith shall constitute or be construed as or be deemed to be evidence of an admission on the part of any party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

15.     This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed, electronic and emailed signatures shall be deemed originals.

16.     This Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of California (without taking into account conflicts-of-laws principles) and the Bankruptcy Code and Bankruptcy Rules, as applicable.

17.     This Agreement shall be effective (the "Effective Date") seven (7) days after Tracey receives written notice that the Bankruptcy Court has entered an order approving this Agreement under Bankruptcy Rule 9019.


AGREED:

Dated: May 15, 2015

Dated: May 13, 2015

Howrey LLP, Debtor

By: _____
Allan B. Diamond, Chapter 11 Trustee

Peter L. Tracey
_____

Case 11-13376   Doc# 2231   Filed 06/24/15   Entered 06/24/15 07:21:08   Page 69 of 119

# EXHIBIT F

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Allan B. Diamond, in his capacity as the Chapter 11 Trustee (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey"), Ben Davidson ("Davidson"), and Davidson Law Group ("DLG," together with the Trustee, the "Parties"), as of the date signed below.

## RECITALS

A.    WHEREAS, on April 11, 2011, certain creditors of Howrey filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code initializing Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court");

B.    WHEREAS, on June 6, 2011, the Bankruptcy Court entered an Order for Relief and Converting the Bankruptcy Case to one under Chapter 11;

C.    WHEREAS, on October 12, 2011, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Bankruptcy Court approved the Trustee as the Chapter 11 Trustee in the Bankruptcy Case;

D.    WHEREAS, on October 10, 2011, Davidson filed a proof of claim ("POC #659") in the amount of $93,000.

E.    WHEREAS, on March 11, 2013, the Trustee commenced an adversary proceeding against Davidson and DLG (Adv. No. 13-03039) by filing a complaint alleging that Howrey made $5,000 in transfers to Davidson (including return of capital) at a time when Howrey was insolvent ("Excess Distribution Claims"). In addition the Trustee alleged that the DLG was liable to the Trustee for any profits that DLG earned by taking Howrey unfinished business to DLG upon Howrey's dissolution ("Unfinished Business Claims").

F.    WHEREAS, between December 2014 and April 10, 2015, the Trustee and Davidson engaged in arms-length negotiations regarding the settlement of the Excess Distribution and Unfinished Business Claims. At the beginning of April 2015, Davidson accepted the Trustee's final settlement offer to resolve all claims and defenses and potential claims and defenses arising out of or related in any way to the Adversary Proceeding and the Claims pursuant to the terms set forth herein, including the Excess Distribution and Unfinished Business Claims, that the Trustee or Howrey may have against Davidson and DLG in consideration of the facts and circumstances of this matter in order to avoid the costs and uncertainty of litigation.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby acknowledge and agree as follows:

1.     The Parties have agreed that Davidson shall pay the Trustee the sum of $5,000, in a one-time payment (the "Payment"), to resolve all potential claims that the Trustee and/or Howrey has or may have against Davidson and DLG.

2.     Davidson has agreed to provide the Payment according to this Agreement in exchange for the releases provided to Davidson and DLG in this Agreement.  Accordingly, within thirty (30) days after the Effective Date of this Agreement, as defined in Paragraph 17 below, Davidson shall cause a transfer of the Payment to the Trustee by check as follows:

> Payable to: "Allan B. Diamond, Chapter 11 Trustee of Howrey LLP"
> Diamond McCarthy LLP
> Attention – Cathy Burrow
> Two Houston Center
> 909 Fannin Street, Suite 1500
> Houston, Texas 77010

3.     Within five (5) business days of the Effective Date (as defined below) of this Agreement, Davidson shall withdraw POC #659.

4.     Within ten (10) business days of receipt of the Payment, the Trustee shall prepare the necessary documents and file them with the Bankruptcy Court to dismiss the Adversary Proceeding with prejudice.

5.     Upon execution of this Agreement, the Trustee will seek the approval of the Bankruptcy Court of this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Davidson and DLG agree to reasonably cooperate, as needed, in the request for approval of this Agreement from the Bankruptcy Court. This Agreement is expressly contingent upon the approval of the Bankruptcy Court.

6.     Upon the Effective Date of this Agreement and receipt of the Payment, the Trustee on its own behalf and on behalf of Howrey, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Davidson and DLG of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, or shall have against Davidson or DLG, including any Excess Distribution and Unfinished Business Claims.

7.     Upon the Effective Date of this Agreement and after transfer of the Payment to the Trustee, Davidson, in his own name and on behalf of his agents, administrators, successors, and assigns, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Howrey and the Trustee, their successors, predecessors, assigns, representatives, insurers, guarantors, as well as their past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, and agents, of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums

Case 11-13366   Doc# 2231   Filed 06/04/15   Entered 06/04/15 07:12:08   Page 72 of 119

of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Davidson has ever had, now has, or shall have against Howrey or the Trustee.

8.     In connection with the releases set forth in paragraphs 5 and 6 above, the Parties waive all rights they may have under section 1542 of the California Civil Code, which provides that:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

By executing this Agreement, the Parties expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

9.     Each of the Parties stipulates, agrees and warrants the following: (a) that the terms of this Agreement are reasonable; (b) they will not challenge or contest in any way the capacity or authority of any Party hereto to make the agreements, covenants, waivers, stipulations, and representations set forth herein; (c) the consideration for this Agreement is mutual and adequate.

10.     The Parties acknowledge that the Trustee is acting solely in his capacity as the Chapter 11 Trustee of Howrey in this matter and has no personal liability whatsoever with respect to this Agreement or the transactions described herein.

11.     This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof and supersedes all previous written or oral agreements, stipulations, understandings, promises or negotiations relating to such subject matter. No Party to this Agreement has made or is relying on (and each Party disclaims the existence or materiality of any representations, warranties, or promises not expressly set forth in this Agreement. This Agreement can be modified only by writing executed by each of the Parties hereto.

12.     This Agreement shall be binding on any and all replacements, successors, or assigns of the Trustee, including without limitation a chapter 7 trustee if the Bankruptcy Case is converted to one under chapter 7.

13.     Except as otherwise specifically provided for herein, nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any party of interest that is not a party to this Agreement.

14.     Each Party hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement which involves Howrey or the Trustee and agrees that any such action, suit or proceeding shall be brought in the Bankruptcy Court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the venue of any such action, suit or proceeding brought in such a court related solely to the Agreement and involving Howrey or the Trustee. The Bankruptcy Court

Case 11-13376   Doc# 2231   Filed 06/24/15   Entered 06/24/15 07:12:08   Page 73 of 119

shall retain exclusive jurisdiction to enforce the terms of this Agreement as it relates to the Bankruptcy Case.

15. Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith shall constitute or be construed as or be deemed to be evidence of an admission on the part of any party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

16. This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed, electronic and emailed signatures shall be deemed originals.

17. This Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of California (without taking into account conflicts-of-laws principles) and the Bankruptcy Code and Bankruptcy Rules, as applicable.

18. This Agreement shall be effective (the "Effective Date") seven (7) days after Davidson receives written notice that the Bankruptcy Court has entered an order approving this Agreement under Bankruptcy Rule 9019.


AGREED:

Dated: May 19, 2015

Howrey LLP, Debtor

By: _____
Allan B. Diamond, Chapter 11 Trustee


Dated: May 14, 2015

Ben Davidson

_____


Dated: May 14, 2015

Davidson Law Group, a Law Corporation

_____
President


Page 4 of 4

# EXHIBIT G

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Allan B. Diamond, in his capacity as the Chapter 11 Trustee (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey") and Ethan Litwin ("Litwin", together with the Trustee, the "Parties"), as of the date signed below.

## RECITALS

A. WHEREAS, on April 11, 2011, certain creditors of Howrey filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code initializing Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court");

B. WHEREAS, on June 6, 2011, the Bankruptcy Court entered an Order for Relief and Converting the Bankruptcy Case to one under Chapter 11;

C. WHEREAS, on October 12, 2011, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Bankruptcy Court approved the Trustee as the Chapter 11 Trustee in the Bankruptcy Case;

D. WHEREAS, the Trustee has analyzed the excess distribution claims for transfers (including return of capital) made to Litwin by Howrey at a time when Howrey was alleged by the Trustee to be insolvent (collectively, the "Excess Distribution Claims").

E. WHEREAS, between October 2014 and January, 2015, the Trustee and Litwin engaged in arms-length negotiations regarding the settlement of Excess Distribution Claims. At the beginning of January 2015, Litwin accepted the Trustee's final settlement offer to resolve all potential claims, including the Excess Distribution Claim, that the Trustee or Howrey may have against Litwin in consideration of the facts and circumstances of this matter in order to avoid the costs and uncertainty of litigation.

F. NOW, THEREFORE, in consideration of the promises and the covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby mutually acknowledged, the Parties agree as follows:

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby acknowledge and agree as follows:

1. The Parties have agreed that Litwin shall pay the Trustee the sum of $2,100, in a one-time payment (the "Payment"), to resolve all potential claims including the Excess Distribution Claims that the Trustee and/or Howrey has or may have against Litwin.

2. Litwin has agreed to provide the Payment according to this Agreement in exchange for the releases provided to Litwin in this Agreement. Accordingly, within fourteen

(14) days after the Effective Date of this Agreement, as defined in Paragraph 17 below, Litwin shall transfer the Payment to the Trustee by check or wire transfer to:

    a.  By check:

> Payable to: "Allan B. Diamond, Chapter 11 Trustee of Howrey LLP"
> Diamond McCarthy LLP
> Attention – Cathy Burrow
> Two Houston Center
> 909 Fannin Street, Suite 1500
> Houston, Texas 77010; or

    b.  By wire transfer:

> Allan B. Diamond, Chapter 11 Trustee of Howrey LLP
> Account No. 9250393741
> Citibank, N.A.
> ABA No. 254070116

3.    The Trustee represents that it will cause Howrey to treat the Payment as a return of and contribution to the capital of Howrey, and to the extent necessary will use best efforts to allocate net tax losses to Litwin in an aggregate amount equal to the Payment.

4.    Upon execution of this Agreement, the Trustee will seek the approval of the Bankruptcy Court of this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Litwin agrees to reasonably cooperate, if required, in the request for approval of this Agreement from the Bankruptcy Court. This Agreement is expressly contingent upon the approval of the Bankruptcy Court.

5.    Upon the Effective Date of this Agreement and receipt of the Payment, the Trustee on its own behalf and on behalf of Howrey, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Litwin of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, or shall have against Litwin, including any Excess Distribution Claims.

6.    Upon the Effective Date of this Agreement and after transfer of the Payment to the Trustee, Litwin, in her own name and on behalf of her agents, administrators, successors, and assigns, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Howrey and the Trustee, their successors, predecessors, assigns, representatives, insurers, guarantors, as well as their past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, and agents, of and on account of all

Page 2 of 4

manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Litwin has ever had, now has, or shall have against Howrey or the Trustee.

7. In connection with the releases set forth in paragraphs 5 and 6 above, the Parties waive all rights they may have under section 1542 of the California Civil Code, which provides that:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

By executing this Agreement, the Parties expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

8. Each of the Parties stipulates, agrees and warrants the following: (a) that the terms of this Agreement are reasonable; (b) they will not challenge or contest in any way the capacity or authority of any Party hereto to make the agreements, covenants, waivers, stipulations, and representations set forth herein; (c) the consideration for this Agreement is mutual and adequate.

9. The Parties acknowledge that the Trustee is acting solely in his capacity as the Chapter 11 Trustee of Howrey in this matter and has no personal liability whatsoever with respect to this Agreement or the transactions described herein.

10. This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof and supersedes all previous written or oral agreements, stipulations, understandings, promises or negotiations relating to such subject matter. No Party to this Agreement has made or is relying on (and each Party disclaims the existence or materiality of any representations, warranties, or promises not expressly set forth in this Agreement. This Agreement can be modified only by writing executed by each of the Parties hereto.

11. This Agreement shall be binding on any and all replacements, successors, or assigns of the Trustee, including without limitation a chapter 7 trustee if the Bankruptcy Case is converted to one under chapter 7.

12. Except as otherwise specifically provided for herein, nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any party of interest that is not a party to this Agreement.

13. Each Party hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement which involves Howrey or the Trustee and agrees that any such action, suit or proceeding shall be brought in the Bankruptcy Court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the venue of any such action, suit or proceeding brought in such a court

Case 11-13366 Doc# 2731 Filed 06/24/15 Entered 06/24/15 07:21:48 Page 78 of 119

related solely to the Agreement and involving Howrey or the Trustee. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement as it relates to the Bankruptcy Case.

14.     Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith shall constitute or be construed as or be deemed to be evidence of an admission on the part of any party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

15.     This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed, electronic and emailed signatures shall be deemed originals.

16.     This Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of California (without taking into account conflicts-of-laws principles) and the Bankruptcy Code and Bankruptcy Rules, as applicable.

17.     This Agreement shall be effective (the "Effective Date") seven (7) days after Litwin receives written notice that the Bankruptcy Court has entered a final order approving this Agreement under Bankruptcy Rule 9019.


AGREED:

Dated: ~~May~~ 1, 2015
        June

Dated: May 29, 2015

Howrey LLP, Debtor

By: _____
Allan B. Diamond, Chapter 11 Trustee


Ethan Litwin
_____


Page 4 of 4

# EXHIBIT H

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Allan B. Diamond, in his capacity as the Chapter 11 Trustee (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey") and Barbara G. Werther ("Werther", together with the Trustee, the "Parties"), as of the date signed below.

## RECITALS

A.     WHEREAS, on March 9, 2011, the remaining partners of Howrey voted to dissolve the partnership;

B.     WHEREAS, on April 11, 2011, certain creditors of Howrey filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code initializing Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court");

C.     WHEREAS, on June 6, 2011, the Bankruptcy Court entered an Order for Relief and Converting the Bankruptcy Case to one under Chapter 11;

D.     WHEREAS, on October 12, 2011, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Bankruptcy Court approved the Trustee as the Chapter 11 Trustee in the Bankruptcy Case;

E.     WHEREAS, the Trustee asserts claims (a) to recover distributions (including the return of capital) made to Werther by Howrey at a time when Howrey was alleged by the Trustee to be insolvent ("Excess Distribution Claims"); and (b) arising from or relating to a Goodwill Purchase Agreement entered into between Howrey and Werther in 2008 ("GPA Claims");

F.     WHEREAS, between December 2014 and May 19, 2015, the Trustee and Werther engaged in arms-length negotiations regarding the settlement of Excess Distribution Claims and the GPA Claims;

G.     WHEREAS, the Parties have reached an agreement to resolve the Excess Distribution Claims, but have not reached an agreement with respect to the GPA Claims;

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby acknowledge and agree as follows:

1.     Werther shall pay the Trustee the sum of $69,700 to resolve the Excess Distribution Claims in two payments (the "Payments") as set forth below:

      a.     $20,000 on or before December 31, 2015; and

      b.     $49,700 on or before September 1, 2016.

2.     Payment to the Trustee under this agreement shall be made by

4811-1848-7844.3

a. By check
Payable to: "Allan B. Diamond, Chapter 11 Trustee of Howrey LLP"
Diamond McCarthy LLP
Attention – Cathy Burrow
Two Houston Center
909 Fannin Street, Suite 1500
Houston, Texas 77010

or

b. By wire:
Allan B. Diamond, Chapter 11 Trustee of Howrey LLP
Account No. 9250393741
Citibank, N.A.
ABA No. 254070116

or as otherwise agreed by the Parties.

3.     The Trustee represents that he will cause Howrey to treat the Payments as a return of and contribution to the capital of Howrey, and to the extent necessary will use best efforts to allocate net tax losses to Werther in an aggregate amount equal to the Payments.

4.     Upon execution of this Agreement, the Trustee will seek the approval of the Bankruptcy Court of this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Werther agrees to reasonably cooperate, if required, in the request for approval of this Agreement from the Bankruptcy Court, but does not otherwise consent to the jurisdiction of the Bankruptcy Court except as provided herein. This Agreement is expressly contingent upon the approval of the Bankruptcy Court.

5.     The "Effective Date of this Agreement shall occur seven (7) days after the Bankruptcy Court has entered an order approving this Agreement under Bankruptcy Rule 9019.

6.     Except as expressly set forth herein, upon the Effective Date, Werther, in her own name on her own behalf and on behalf of her agents, administrators, successors, and assigns, releases for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Howrey and the Trustee, their successors, predecessors, assigns, representatives, insurers, guarantors, as well as their past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, and agents, of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Werther has ever had, now has, or shall have against Howrey or the Trustee.

7.     Upon the later of the Effective Date or the receipt by the Trustee of both Payments, the Trustee on its own behalf and on behalf of Howrey, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Werther of and on

4811-1848-7844.3

account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, or shall have against Werther; **provided, however**, that the Trustee expressly preserves all rights to pursue the GPA Claims, it being the intention of the Parties that nothing in this Agreement has any effect on either the Trustee's rights to pursue the GPA Claims or on Werther's rights to defend against such claims.

8.    In connection with the releases set forth above, the Parties waive all rights they may have under section 1542 of the California Civil Code, which provides that:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

By executing this Agreement, the Parties expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

9.    In the event that the Trustee does not receive any of the Payments by the deadlines provided herein, and such failure to pay is not cured within seven (7) days of receipt of notice of such failure, the Trustee shall be entitled to interest on any unpaid amount at the higher of 16% per year or the maximum rate permitted by law, and to reasonable costs incurred in pursuing collections of such past due amounts. Payments shall be applied first to any interest or costs incurred under this paragraph and then to any other amounts owed under this Agreement.

10.    Each of the Parties stipulates, agrees and warrants the following: (a) that the terms of this Agreement are reasonable; (b) they will not challenge or contest in any way the capacity or authority of any Party hereto to make the agreements, covenants, waivers, stipulations, and representations set forth herein; (c) the consideration for this Agreement is mutual and adequate.

11.    The Parties acknowledge that the Trustee is acting solely in his capacity as the Chapter 11 Trustee of Howrey in this matter and has no personal liability whatsoever with respect to this Agreement or the transactions described herein.

12.    Except as set forth herein, this Agreement contains the entire agreement between the Parties with respect to the subject matter hereof and supersedes all previous written or oral agreements, stipulations, understandings, promises or negotiations relating to such subject matter. No Party to this Agreement has made or is relying on (and each Party disclaims the existence or materiality of any representations, warranties, or promises not expressly set forth in this Agreement. This Agreement can be modified only by writing executed by each of the Parties hereto.

13.    This Agreement shall be binding on any and all replacements, successors, or assigns of the Trustee, including without limitation a chapter 7 trustee if the Bankruptcy Case is converted to one under chapter 7.

Page 3 of 4

Case 11-13376 Doc# 2231 Filed 06/04/15 Entered 06/04/15 07:12:08 Page 84 of 119

14.     Except as otherwise specifically provided for herein, nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any party of interest that is not a party to this Agreement.

15.     Except as set forth herein with respect to the GPA Claims, each Party hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement which involves Howrey or the Trustee and agrees that any such action, suit or proceeding shall be brought in the Bankruptcy Court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the venue of any such action, suit or proceeding brought in such a court related solely to the Agreement and involving Howrey or the Trustee. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement as it relates to the Bankruptcy Case. For the avoidance of doubt, Werther does not consent to the jurisdiction of the Bankruptcy Court for any action or suit involving the GPA Claims.

16.     Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith shall constitute or be construed as or be deemed to be evidence of an admission on the part of any party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

17.     This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed, electronic and emailed signatures shall be deemed originals.

18.     This Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of California (without taking into account conflicts-of-laws principles) and the Bankruptcy Code and Bankruptcy Rules, as applicable. For the avoidance of doubt, this paragraph shall have no effect on any action or suit involving the GPA Claims.


AGREED:

Dated: June 3, 2015

Dated: June 2, 2015

Howrey LLP, Debtor

By: _____
Allan B. Diamond, Chapter 11 Trustee


Barbara G. Werther

_____

Page 4 of 4

Case 11-13376   Doc # 2231   Filed 06/04/15   Entered 06/04/15 07:12:08   Page 84 of 119

# EXHIBIT I

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Allan B. Diamond, in his capacity as the Chapter 11 Trustee (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey") and Jessica Wannemacher Breitbeil ("Breitbeil", together with the Trustee, the "Parties"), as of the date signed below.

## RECITALS

A.     WHEREAS, on April 11, 2011, certain creditors of Howrey filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code initializing Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court");

B.     WHEREAS, on June 6, 2011, the Bankruptcy Court entered an Order for Relief and Converting the Bankruptcy Case to one under Chapter 11;

C.     WHEREAS, on October 12, 2011, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Bankruptcy Court approved the Trustee as the Chapter 11 Trustee in the Bankruptcy Case;

D.     WHEREAS, the Trustee has analyzed the excess distribution claims for transfers (including return of capital) made to Breitbeil by Howrey at a time when Howrey was alleged by the Trustee to be insolvent (collectively, the "Excess Distribution Claims").

E.     WHEREAS, between December 2014 and March 10, 2015, the Trustee and Breitbeil engaged in arms-length negotiations regarding the settlement of Excess Distribution Claims.  At the beginning of March 2015, Breitbeil, through her counsel, accepted the Trustee's final settlement offer to resolve all potential claims, including the Excess Distribution Claim, that the Trustee or Howrey may have against Breitbeil in consideration of the facts and circumstances of this matter in order to avoid the costs and uncertainty of litigation.

F.     NOW, THEREFORE, in consideration of the promises and the covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby mutually acknowledged, the Parties agree as follows.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby acknowledge and agree as follows:

1.     The Parties have agreed that Breitbeil shall pay the Trustee the sum of $3,500, in a one-time payment (the "Payment"), to resolve all potential claims including the Excess Distribution Claims that the Trustee and/or Howrey has or may have against Breitbeil.

2.     Breitbeil has agreed to provide the Payment according to this Agreement in exchange for the releases provided to Breitbeil in this Agreement.  Accordingly, within fourteen

(14) days after the Effective Date of this Agreement, as defined in Paragraph 17 below, Breitbeil shall transfer the Payment to the Trustee by check or wire transfer to:

    a.  By check:

> Payable to: "Allan B. Diamond, Chapter 11 Trustee of Howrey LLP"
> Diamond McCarthy LLP
> Attention – Cathy Burrow
> Two Houston Center
> 909 Fannin Street, Suite 1500
> Houston, Texas 77010; or

    b.  By wire transfer:

> Allan B. Diamond, Chapter 11 Trustee of Howrey LLP
> Account No. 9250393741
> Citibank, N.A.
> ABA No. 254070116

3.    The Trustee represents that it will cause Howrey to treat the Payment as a return of and contribution to the capital of Howrey, and to the extent necessary will use best efforts to allocate net tax losses to Breitbeil in an aggregate amount equal to the Payment.

4.    Upon execution of this Agreement, the Trustee will seek the approval of the Bankruptcy Court of this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"). Breitbeil agrees to reasonably cooperate, if required, in the request for approval of this Agreement from the Bankruptcy Court. This Agreement is expressly contingent upon the approval of the Bankruptcy Court.

5.    Upon the Effective Date of this Agreement and receipt of the Payment, the Trustee on its own behalf and on behalf of Howrey, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Breitbeil of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, or shall have against Breitbeil, including any Excess Distribution Claims.

6.    Upon the Effective Date of this Agreement and after transfer of the Payment to the Trustee, Breitbeil, in her own name and on behalf of her agents, administrators, successors, and assigns, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Howrey and the Trustee, their successors, predecessors, assigns, representatives, insurers, guarantors, as well as their past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, and agents, of and on

account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Breitbeil has ever had, now has, or shall have against Howrey or the Trustee.

7.    In connection with the releases set forth in paragraphs 5 and 6 above, the Parties waive all rights they may have under section 1542 of the California Civil Code, which provides that:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

By executing this Agreement, the Parties expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

8.    Each of the Parties stipulates, agrees and warrants the following: (a) that the terms of this Agreement are reasonable; (b) they will not challenge or contest in any way the capacity or authority of any Party hereto to make the agreements, covenants, waivers, stipulations, and representations set forth herein; (c) the consideration for this Agreement is mutual and adequate.

9.    The Parties acknowledge that the Trustee is acting solely in his capacity as the Chapter 11 Trustee of Howrey in this matter and has no personal liability whatsoever with respect to this Agreement or the transactions described herein.

10.    This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof and supersedes all previous written or oral agreements, stipulations, understandings, promises or negotiations relating to such subject matter. No Party to this Agreement has made or is relying on (and each Party disclaims the existence or materiality of any representations, warranties, or promises not expressly set forth in this Agreement. This Agreement can be modified only by writing executed by each of the Parties hereto.

11.    This Agreement shall be binding on any and all replacements, successors, or assigns of the Trustee, including without limitation a chapter 7 trustee if the Bankruptcy Case is converted to one under chapter 7.

12.    Except as otherwise specifically provided for herein, nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any party of interest that is not a party to this Agreement.

13.    Each Party hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement which involves Howrey or the Trustee and agrees that any such action, suit or proceeding shall be brought in the Bankruptcy Court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the venue of any such action, suit or proceeding brought in such a court

Case 11-31376   Doc# 2731   Filed 06/04/15   Entered 06/04/15 07:12:08   Page 88 of 119

related solely to the Agreement and involving Howrey or the Trustee. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement as it relates to the Bankruptcy Case.

14.     Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith shall constitute or be construed as or be deemed to be evidence of an admission on the part of any party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

15.     This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed, electronic and emailed signatures shall be deemed originals.

16.     This Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of California (without taking into account conflicts-of-laws principles) and the Bankruptcy Code and Bankruptcy Rules, as applicable.

17.     This Agreement shall be effective (the "Effective Date") seven (7) days after Breitbeil receives written notice that the Bankruptcy Court has entered an order approving this Agreement under Bankruptcy Rule 9019.


AGREED:

Dated: May 19, 2015

Dated: May 19, 2015

Howrey LLP, Debtor

By: _____
Allan B. Diamond, Chapter 11 Trustee

Jessica Wannemacher Breitbeil

_____

Case 11-31376   Doc# 2731   Filed 06/24/15   Entered 06/24/15 07:12:08   Page 89 of 119

# EXHIBIT J

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Allan B. Diamond, in his capacity as the Chapter 11 Trustee (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey") and Frank Cote ("Cote", together with the Trustee, the "Parties"), as of the date signed below.

## RECITALS

A.    WHEREAS, on April 11, 2011, certain creditors of Howrey filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code initializing Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court");

B.    WHEREAS, on June 6, 2011, the Bankruptcy Court entered an Order for Relief and Converting the Bankruptcy Case to one under Chapter 11;

C.    WHEREAS, on October 12, 2011, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Bankruptcy Court approved the Trustee as the Chapter 11 Trustee in the Bankruptcy Case;

D.    WHEREAS, the Trustee has analyzed the excess distribution claims for transfers (including return of capital) made to Cote by Howrey at a time when Howrey was alleged by the Trustee to be insolvent (collectively, the "Excess Distribution Claims");

E.    WHEREAS, in May 2015, the Trustee and Cote engaged in arms-length negotiations regarding the settlement of Excess Distribution Claims.  At the end of May 2015, Cote accepted the Trustee's final settlement offer to resolve all potential claims, including the Excess Distribution Claim, that the Trustee or Howrey may have against Cote in consideration of the facts and circumstances of this matter in order to avoid the costs and uncertainty of litigation.

F.    NOW, THEREFORE, in consideration of the promises and the covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby mutually acknowledged, the Parties agree as follows:

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby acknowledge and agree as follows:

1.    The Parties have agreed that Cote shall pay the Trustee the sum of $1,469, in a one-time payment (the "Payment"), to resolve all potential claims including the Excess Distribution Claims that the Trustee and/or Howrey has or may have against Cote.

2.    Cote has agreed to provide the Payment according to this Agreement in exchange for the releases provided to Cote in this Agreement.  Accordingly, within fourteen (14) days after the Effective Date of this Agreement, as defined in Paragraph 16 below, Cote shall transfer the Payment to the Trustee by check or wire transfer to:

a. By check:

>Payable to: "Allan B. Diamond, Chapter 11 Trustee of Howrey LLP"
>Diamond McCarthy LLP
>Attention – Cathy Burrow
>Two Houston Center
>909 Fannin Street, Suite 1500
>Houston, Texas 77010; or

b. By wire transfer:

>Allan B. Diamond, Chapter 11 Trustee of Howrey LLP
>Account No. 9250393741
>Citibank, N.A.
>ABA No. 254070116

3.　Upon execution of this Agreement, the Trustee will seek the approval of the Bankruptcy Court of this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Cote agrees to reasonably cooperate, if required, in the request for approval of this Agreement from the Bankruptcy Court. This Agreement is expressly contingent upon the approval of the Bankruptcy Court.

4.　Upon the Effective Date of this Agreement and receipt of the Payment, the Trustee on its own behalf and on behalf of Howrey, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Cote of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, or shall have against Cote, including any Excess Distribution Claims.

5.　Upon the Effective Date of this Agreement and after transfer of the Payment to the Trustee, Cote, in his own name and on behalf of his agents, administrators, successors, and assigns, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Howrey and the Trustee, their successors, predecessors, assigns, representatives, insurers, guarantors, as well as their past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, and agents, of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Cote has ever had, now has, or shall have against Howrey or the Trustee.

Case 11-13376　Doc# 2231　Filed 06/24/15　Entered 06/24/15 07:12:08　Page 925 of 129

6.     In connection with the releases set forth in paragraphs 4 and 5 above, the Parties waive all rights they may have under section 1542 of the California Civil Code, which provides that:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

By executing this Agreement, the Parties expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

7.     Each of the Parties stipulates, agrees and warrants the following: (a) that the terms of this Agreement are reasonable; (b) they will not challenge or contest in any way the capacity or authority of any Party hereto to make the agreements, covenants, waivers, stipulations, and representations set forth herein; (c) the consideration for this Agreement is mutual and adequate.

8.     The Parties acknowledge that the Trustee is acting solely in his capacity as the Chapter 11 Trustee of Howrey in this matter and has no personal liability whatsoever with respect to this Agreement or the transactions described herein.

9.     This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof and supersedes all previous written or oral agreements, stipulations, understandings, promises or negotiations relating to such subject matter. No Party to this Agreement has made or is relying on (and each Party disclaims the existence or materiality of any representations, warranties, or promises not expressly set forth in this Agreement. This Agreement can be modified only by writing executed by each of the Parties hereto.

10.     This Agreement shall be binding on any and all replacements, successors, or assigns of the Trustee, including without limitation a chapter 7 trustee if the Bankruptcy Case is converted to one under chapter 7.

11.     Except as otherwise specifically provided for herein, nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any party of interest that is not a party to this Agreement.

12.     Each Party hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement which involves Howrey or the Trustee and agrees that any such action, suit or proceeding shall be brought in the Bankruptcy Court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the venue of any such action, suit or proceeding brought in such a court related solely to the Agreement and involving Howrey or the Trustee. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement as it relates to the Bankruptcy Case.

13.     Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith shall constitute or be construed as or be deemed to be

Case 11-13366   Doc# 2231   Filed 06/24/15   Entered 06/24/15 07:21:48   Page 95 of 119

evidence of an admission on the part of any party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

14. This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed, electronic and emailed signatures shall be deemed originals.

15. This Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of California (without taking into account conflicts-of-laws principles) and the Bankruptcy Code and Bankruptcy Rules, as applicable.

16. This Agreement shall be effective (the "Effective Date") seven (7) days after Cote receives written notice that the Bankruptcy Court has entered an order approving this Agreement under Bankruptcy Rule 9019.


AGREED:

Dated: ~~May~~ June 1, 2015

Howrey LLP, Debtor

By: _____
Allan B. Diamond, Chapter 11 Trustee


Dated: May 26, 2015

Frank Cote

_____

# EXHIBIT K

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Allan B. Diamond, in his capacity as the Chapter 11 Trustee (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey") and Brent Allen ("Allen", together with the Trustee, the "Parties"), as of the date signed below.

## RECITALS

A.     WHEREAS, on April 11, 2011, certain creditors of Howrey filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code initializing Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court");

B.     WHEREAS, on June 6, 2011, the Bankruptcy Court entered an Order for Relief and Converting the Bankruptcy Case to one under Chapter 11;

C.     WHEREAS, on October 12, 2011, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Bankruptcy Court approved the Trustee as the Chapter 11 Trustee in the Bankruptcy Case;

D.     WHEREAS, the Trustee has analyzed the excess distribution claims for transfers (including return of capital) made to Allen by Howrey at a time when Howrey was alleged by the Trustee to be insolvent (collectively, the "Excess Distribution Claims").

E.     WHEREAS, in May 2015, the Trustee and Allen engaged in arms-length negotiations regarding the settlement of Excess Distribution Claims. On May 21 2015, Allen accepted the Trustee's final settlement offer to resolve all potential claims, including the Excess Distribution Claim, that the Trustee or Howrey may have against Allen in consideration of the facts and circumstances of this matter in order to avoid the costs and uncertainty of litigation.

F.     NOW, THEREFORE, in consideration of the promises and the covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby mutually acknowledged, the Parties agree as follows.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby acknowledge and agree as follows:

1.     The Parties have agreed that Allen shall pay the Trustee the sum of $1,500, in a one-time payment (the "Payment"), to resolve all potential claims including the Excess Distribution Claims that the Trustee and/or Howrey has or may have against Allen.

2.     Allen has agreed to provide the Payment according to this Agreement in exchange for the releases provided to Allen in this Agreement. Accordingly, within fourteen (14) days after the Effective Date of this Agreement, as defined in Paragraph 17 below, Allen shall transfer the Payment to the Trustee by check or wire transfer to:

a. By check:

> Payable to: "Allan B. Diamond, Chapter 11 Trustee of Howrey LLP"
> Diamond McCarthy LLP
> Attention – Cathy Burrow
> Two Houston Center
> 909 Fannin Street, Suite 1500
> Houston, Texas 77010; or

b. By wire transfer:

> Allan B. Diamond, Chapter 11 Trustee of Howrey LLP
> Account No. 9250393741
> Citibank, N.A.
> ABA No. 254070116

3.      The Trustee represents that it will cause Howrey to treat the Payment as a return of and contribution to the capital of Howrey, and to the extent necessary will use best efforts to allocate net tax losses to Allen in an aggregate amount equal to the Payment.

4.      Upon execution of this Agreement, the Trustee will seek the approval of the Bankruptcy Court of this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Allen agrees to reasonably cooperate, if required, in the request for approval of this Agreement from the Bankruptcy Court. This Agreement is expressly contingent upon the approval of the Bankruptcy Court.

5.      Upon the Effective Date of this Agreement and receipt of the Payment, the Trustee on its own behalf and on behalf of Howrey, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Allen of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, or shall have against Allen, including any Excess Distribution Claims.

6.      Upon the Effective Date of this Agreement and after transfer of the Payment to the Trustee, Allen, in his own name and on behalf of his agents, administrators, successors, and assigns, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Howrey and the Trustee, their successors, predecessors, assigns, representatives, insurers, guarantors, as well as their past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, and agents, of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands

Case 11-13366   Doc# 2231   Filed 06/04/15   Entered 06/04/15 07:21:08   Page 96 of 129

whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Allen has ever had, now has, or shall have against Howrey or the Trustee.

7. In connection with the releases set forth in paragraphs 5 and 6 above, the Parties waive all rights they may have under section 1542 of the California Civil Code, which provides that:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

By executing this Agreement, the Parties expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

8. Each of the Parties stipulates, agrees and warrants the following: (a) that the terms of this Agreement are reasonable; (b) they will not challenge or contest in any way the capacity or authority of any Party hereto to make the agreements, covenants, waivers, stipulations, and representations set forth herein; (c) the consideration for this Agreement is mutual and adequate.

9. The Parties acknowledge that the Trustee is acting solely in his capacity as the Chapter 11 Trustee of Howrey in this matter and has no personal liability whatsoever with respect to this Agreement or the transactions described herein.

10. This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof and supersedes all previous written or oral agreements, stipulations, understandings, promises or negotiations relating to such subject matter. No Party to this Agreement has made or is relying on (and each Party disclaims the existence or materiality of any representations, warranties, or promises not expressly set forth in this Agreement. This Agreement can be modified only by writing executed by each of the Parties hereto.

11. This Agreement shall be binding on any and all replacements, successors, or assigns of the Trustee, including without limitation a chapter 7 trustee if the Bankruptcy Case is converted to one under chapter 7.

12. Except as otherwise specifically provided for herein, nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any party of interest that is not a party to this Agreement.

13. Each Party hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement which involves Howrey or the Trustee and agrees that any such action, suit or proceeding shall be brought in the Bankruptcy Court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the venue of any such action, suit or proceeding brought in such a court related solely to the Agreement and involving Howrey or the Trustee. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement as it relates to the Bankruptcy Case.

Case 11-13736 Doc# 2231 Filed 06/24/15 Entered 06/24/15 07:12:08 Page 96 of 119

14.     Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith shall constitute or be construed as or be deemed to be evidence of an admission on the part of any party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

15.     This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed, electronic and emailed signatures shall be deemed originals.

16.     This Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of California (without taking into account conflicts-of-laws principles) and the Bankruptcy Code and Bankruptcy Rules, as applicable.

17.     This Agreement shall be effective (the "Effective Date") seven (7) days after Allen receives written notice that the Bankruptcy Court has entered an order approving this Agreement under Bankruptcy Rule 9019.


AGREED:

Dated: ~~May~~ June 3, 2015

Dated: ~~May~~ June 2, 2015

Howrey LLP, Debtor

By: _____
     Allan B. Diamond, Chapter 11 Trustee

Brent Allen
_____

Case 11-13385 Doc# 231 Filed 06/24/15 Entered 06/24/15 07:21:08 Page 99 of 119

# EXHIBIT L

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Allan B. Diamond, in his capacity as the Chapter 11 Trustee (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey") and Gary Fischman ("Fischman", together with the Trustee, the "Parties"), as of the date signed below.

## RECITALS

A.     WHEREAS, on April 11, 2011, certain creditors of Howrey filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code initializing Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court");

B.     WHEREAS, on June 6, 2011, the Bankruptcy Court entered an Order for Relief and Converting the Bankruptcy Case to one under Chapter 11;

C.     WHEREAS, on October 12, 2011, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Bankruptcy Court approved the Trustee as the Chapter 11 Trustee in the Bankruptcy Case;

D.     WHEREAS, on October 10, 2011, Fischman filed a proof of claim ("POC #579-1") in the amount of $198,896.73.

E.     WHEREAS, the Trustee has analyzed the excess distribution claims for transfers made to Fischman by Howrey at a time when Howrey was alleged by the Trustee to be insolvent (collectively, the "Excess Distribution Claims").

F.     WHEREAS, in May 2015, the Trustee and Fischman engaged in arms-length negotiations regarding the settlement of Excess Distribution Claims. At the end of May 2015, Fischman accepted the Trustee's final settlement offer to resolve all potential claims, including the Excess Distribution Claim, that the Trustee or Howrey may have against Fischman in consideration of the facts and circumstances of this matter in order to avoid the costs and uncertainty of litigation.

G.     NOW, THEREFORE, in consideration of the promises and the covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby mutually acknowledged, the Parties agree as follows.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby acknowledge and agree as follows:

1.     The Parties have agreed that Fischman shall pay the Trustee the sum of $1,688, in a one-time payment (the "Payment"), to resolve all potential claims including the Excess Distribution Claims that the Trustee and/or Howrey has or may have against Fischman.

2. Fischman has agreed to provide the Payment according to this Agreement in exchange for the releases provided to Fischman in this Agreement. Accordingly, within five (5) days after the Effective Date of this Agreement, as defined in Paragraph 17 below, Fischman shall transfer the Payment to the Trustee by check or wire transfer to:

a. By check:

> Payable to: "Allan B. Diamond, Chapter 11 Trustee of Howrey LLP"
> Diamond McCarthy LLP
> Attention – Cathy Burrow
> Two Houston Center
> 909 Fannin Street, Suite 1500
> Houston, Texas 77010; or

b. By wire transfer:

> Allan B. Diamond, Chapter 11 Trustee of Howrey LLP
> Account No. 9250393741
> Citibank, N.A.
> ABA No. 254070116

3. Within five (5) business days of the Effective Date (as defined below) of this Agreement, Fischman shall withdraw POC #579-1 and any other proof of claims that Fischman may have filed in the Bankruptcy case.

4. Upon execution of this Agreement, the Trustee will seek the approval of the Bankruptcy Court of this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Fischman agrees to reasonably cooperate, if required, in the request for approval of this Agreement from the Bankruptcy Court. This Agreement is expressly contingent upon the approval of the Bankruptcy Court.

5. Upon the Effective Date of this Agreement and receipt of the Payment, the Trustee on its own behalf and on behalf of Howrey, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Fischman of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, or shall have against Fischman, including any Excess Distribution Claims.

6. Upon the Effective Date of this Agreement and after transfer of the Payment to the Trustee, Fischman, in his own name and on behalf of his agents, administrators, successors, and assigns, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Howrey and the Trustee, their successors, predecessors, assigns, representatives, insurers, guarantors, as well as their past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates,

Case: 11-31376   Doc# 2303-1   Filed: 06/04/15   Entered: 06/04/15 17:21:08   Page 165 of 182

affiliated companies, joint venture partners, subcontractors, attorneys, and agents, of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Fischman has ever had, now has, or shall have against Howrey or the Trustee.

7.       In connection with the releases set forth in paragraphs 5 and 6 above, the Parties waive all rights they may have under section 1542 of the California Civil Code, which provides that:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

By executing this Agreement, the Parties expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

8.       Each of the Parties stipulates, agrees and warrants the following: (a) that the terms of this Agreement are reasonable; (b) they will not challenge or contest in any way the capacity or authority of any Party hereto to make the agreements, covenants, waivers, stipulations, and representations set forth herein; (c) the consideration for this Agreement is mutual and adequate.

9.       The Parties acknowledge that the Trustee is acting solely in his capacity as the Chapter 11 Trustee of Howrey in this matter and has no personal liability whatsoever with respect to this Agreement or the transactions described herein.

10.      This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof and supersedes all previous written or oral agreements, stipulations, understandings, promises or negotiations relating to such subject matter. No Party to this Agreement has made or is relying on (and each Party disclaims the existence or materiality of any representations, warranties, or promises not expressly set forth in this Agreement. This Agreement can be modified only by writing executed by each of the Parties hereto.

11.      This Agreement shall be binding on any and all replacements, successors, or assigns of the Trustee, including without limitation a chapter 7 trustee if the Bankruptcy Case is converted to one under chapter 7.

12.      Except as otherwise specifically provided for herein, nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any party of interest that is not a party to this Agreement.

13.      Each Party hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement which involves Howrey or the Trustee and agrees that any such action, suit or proceeding shall be brought in the Bankruptcy Court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may

Case: 11-31376   Doc# 2303-1 Filed: 06/04/15 Entered: 06/04/15 17:12:08 Page 106 of 119

now or hereafter have to the venue of any such action, suit or proceeding brought in such a court related solely to the Agreement and involving Howrey or the Trustee. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement as it relates to the Bankruptcy Case.

14.    Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith shall constitute or be construed as or be deemed to be evidence of an admission on the part of any party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

15.    This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed, electronic and emailed signatures shall be deemed originals.

16.    This Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of California (without taking into account conflicts-of-laws principles) and the Bankruptcy Code and Bankruptcy Rules, as applicable.

17.    This Agreement shall be effective (the "Effective Date") seven (7) days after Fischman receives written notice that the Bankruptcy Court has entered an order approving this Agreement under Bankruptcy Rule 9019.

AGREED:

Dated: June 1, 2015

Dated: 5/31, 2015

Howrey LLP, Debtor

By _____
Allan B. Diamond, Chapter 11 Trustee

Gary Fischman

Page 4 of 4

# EXHIBIT M

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Allan B. Diamond, in his capacity as the Chapter 11 Trustee (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey") and Jeffrey Lenser ("Lenser", together with the Trustee, the "Parties"), as of the date signed below.

## RECITALS

A.    WHEREAS, on April 11, 2011, certain creditors of Howrey filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code initializing Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court");

B.    WHEREAS, on June 6, 2011, the Bankruptcy Court entered an Order for Relief and Converting the Bankruptcy Case to one under Chapter 11;

C.    WHEREAS, on October 12, 2011, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Bankruptcy Court approved the Trustee as the Chapter 11 Trustee in the Bankruptcy Case;

D.    WHEREAS, on October 7, 2011, Lenser filed a proof of claim ("POC #718-1") in the amount of $58,628.61.

E.    WHEREAS, on June 4, 2013, the Trustee commenced an adversary proceeding against Lenser (Adv. No. 13-03163, the "Adversary Proceeding") by filing a complaint alleging that Howrey made $95,842 in transfers to Lenser (including return of capital) at a time when Howrey was insolvent ("Excess Distribution Claims").

F.    WHEREAS, Lenser denies that the Trustee has any viable claims.

G.    WHEREAS, effective June 4, 2013, the Trustee and Lenser entered into a Tolling Agreement that tolls the Trustee's claims against Lenser.

H.    WHEREAS, on July 30, 2013, the Trustee and Lenser filed a joint stipulation dismissing the Trustee's claims against Lenser without prejudice (the "Joint Stipulation").

I.    WHEREAS, in May 2015, the Trustee and Lenser engaged in arms-length negotiations regarding settlement of the Excess Distribution Claims. At the end of May 2015, Lenser accepted the Trustee's final settlement offer to resolve all potential claims, including the Excess Distribution Claims, that the Trustee or Howrey had, has or may have against Lenser in consideration of the facts and circumstances of this matter in order to avoid the costs and uncertainty of litigation.

J.    NOW, THEREFORE, in consideration of the promises and the covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby mutually acknowledged, the Parties agree as follows.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby acknowledge and agree as follows:

1.    The Parties have agreed that Lenser shall pay the Trustee the sum of $7,000, in a one-time payment (the "Payment"), to resolve all potential claims including the Excess Distribution Claims that the Trustee and/or Howrey has or may have against Lenser.

2.    Lenser has agreed to provide the Payment according to this Agreement in exchange for the releases provided to Lenser in this Agreement. Accordingly, within ten (10) days after the Effective Date of this Agreement, as defined in Paragraph 18 below, Lenser shall transfer the Payment to the Trustee by check:

> Payable to: "Allan B. Diamond, Chapter 11 Trustee of Howrey LLP"
> Diamond McCarthy LLP
> Attention – Cathy Burrow
> Two Houston Center
> 909 Fannin Street, Suite 1500
> Houston, Texas 77010.

3.    Within ten (10) business days of the Effective Date (as defined below) of this Agreement, Lenser shall withdraw POC #718-1 and any other proof of claims that Lenser may have filed in the Bankruptcy case.

4.    Within ten (10) business days of receipt of the Payment, the Trustee shall file a dismissal of the Adversary Proceeding against Lenser with prejudice. Lenser agrees to reasonably cooperate, if required, with Trustee in obtaining the dismissal.

5.    Upon execution of this Agreement, the Trustee will seek the approval of the Bankruptcy Court of this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Lenser agrees to reasonably cooperate, if required, in the request for approval of this Agreement from the Bankruptcy Court. This Agreement is expressly contingent upon the approval of the Bankruptcy Court.

6.    Upon the Effective Date of this Agreement and receipt of the Payment, the Trustee on its own behalf and on behalf of Howrey, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Lenser of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, or shall have against Lenser, including any Excess Distribution Claims.

7.    Upon the Effective Date of this Agreement and after transfer of the Payment to the Trustee, Lenser, in his own name and on behalf of his agents, administrators, successors, and

Case: 11-31376   Doc# 2303-1   Filed: 06/04/15   Entered: 06/04/15 17:12:08   Page 107 of 119

assigns, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Howrey and the Trustee, their successors, predecessors, assigns, representatives, insurers, guarantors, as well as their past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, and agents, of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Lenser has ever had, now has, or shall have against Howrey or the Trustee.

8. In connection with the releases set forth in paragraphs 6 and 7 above, the Parties waive all rights they may have under section 1542 of the California Civil Code, which provides that:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

By executing this Agreement, the Parties expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

9. Each of the Parties stipulates, agrees and warrants the following: (a) that the terms of this Agreement are reasonable; (b) they will not challenge or contest in any way the capacity or authority of any Party hereto to make the agreements, covenants, waivers, stipulations, releases, and representations set forth herein; (c) the consideration for this Agreement is mutual and adequate.

10. The Parties acknowledge that the Trustee is acting solely in his capacity as the Chapter 11 Trustee of Howrey in this matter and has no personal liability whatsoever with respect to this Agreement or the transactions described herein.

11. This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof and supersedes all previous written or oral agreements, stipulations, understandings, promises or negotiations relating to such subject matter. No Party to this Agreement has made or is relying on (and each Party disclaims the existence or materiality of) any representations, warranties, or promises not expressly set forth in this Agreement. This Agreement can be modified only by writing executed by each of the Parties hereto.

12. This Agreement shall be binding on any and all replacements, successors, or assigns of the Trustee, including without limitation a chapter 7 trustee if the Bankruptcy Case is converted to one under chapter 7.

13. Except as otherwise specifically provided for herein, nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any party of interest that is not a party to this Agreement.

14. Each Party hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement which involves Howrey or the Trustee and agrees that any such action, suit or proceeding shall be brought in the Bankruptcy Court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the venue of any such action, suit or proceeding brought in such a court related solely to the Agreement and involving Howrey or the Trustee. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement as it relates to the Bankruptcy Case.

15. Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith shall constitute or be construed as or be deemed to be evidence of an admission on the part of any party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

16. This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed, electronic and emailed signatures shall be deemed originals.

17. This Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of California (without taking into account conflicts-of-laws principles) and the Bankruptcy Code and Bankruptcy Rules, as applicable.

18. This Agreement shall be effective (the "Effective Date") seven (7) days after Lenser receives written notice that the Bankruptcy Court has entered an order approving this Agreement under Bankruptcy Rule 9019.

AGREED:

Dated: June **3** , 2015

Dated: June **1** , 2015

Howrey LLP, Debtor

By: _____
Allan B. Diamond, Chapter 11 Trustee

Jeffrey M. Lenser

# EXHIBIT N

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Allan B. Diamond, in his capacity as the Chapter 11 Trustee (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey"), and Todd McLawhorn ("McLawhorn" together with the Trustee, the "Parties"), as of the date signed below.

## RECITALS

A.     WHEREAS, on April 11, 2011, certain creditors of Howrey filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code initializing Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court");

B.     WHEREAS, on June 6, 2011, the Bankruptcy Court entered an Order for Relief and Converting the Bankruptcy Case to one under Chapter 11;

C.     WHEREAS, on October 12, 2011, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Bankruptcy Court approved the Trustee as the Chapter 11 Trustee in the Bankruptcy Case;

D.     WHEREAS, on June 4, 2013, the Trustee commenced an adversary proceeding against McLawhorn (Adv. No. 13-03163, the "Adversary Proceeding") by filing a complaint alleging that Howrey made transfers to McLawhorn (including return of capital) at a time when Howrey was insolvent ("Excess Distribution Claims").

E.     WHEREAS, in May 2015, the Trustee and McLawhorn engaged in arms-length negotiations regarding the settlement of the Excess Distribution Claims.  At the beginning of June 2015, McLawhorn accepted the Trustee's final settlement offer to resolve all claims and defenses and potential claims and defenses arising out of or related in any way to the Adversary Proceeding and the Claims pursuant to the terms set forth herein, including the Excess Distribution, that the Trustee or Howrey may have against McLawhorn in consideration of the facts and circumstances of this matter in order to avoid the costs and uncertainty of litigation.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby acknowledge and agree as follows:

1.     The Parties have agreed that McLawhorn shall pay the Trustee the sum of $1,305, in a one-time payment (the "Payment"), to resolve all potential claims that the Trustee and/or Howrey has or may have against McLawhorn.

2.     McLawhorn has agreed to provide the Payment according to this Agreement in exchange for the releases provided to McLawhorn in this Agreement.  Accordingly, within fourteen (14) days after the Effective Date of this Agreement, as defined in Paragraph 17 below, McLawhorn shall cause a transfer of the Payment to the Trustee by check as follows:

Payable to: "Allan B. Diamond, Chapter 11 Trustee of Howrey LLP"
Diamond McCarthy LLP
Attention – Cathy Burrow
Two Houston Center
909 Fannin Street, Suite 1500
Houston, Texas 77010

3.    Within ten (10) business days of receipt of the Payment, the Trustee shall prepare the necessary documents and file them with the Bankruptcy Court to dismiss the Adversary Proceeding with prejudice.

4.    Upon execution of this Agreement, the Trustee will seek the approval of the Bankruptcy Court of this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). McLawhorn agrees to reasonably cooperate, as needed, in the request for approval of this Agreement from the Bankruptcy Court. This Agreement is expressly contingent upon the approval of the Bankruptcy Court.

5.    Upon the Effective Date of this Agreement and receipt of the Payment, the Trustee on its own behalf and on behalf of Howrey, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges McLawhorn of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, or shall have against McLawhorn, including any Excess Distribution Claims.

6.    Upon the Effective Date of this Agreement and after transfer of the Payment to the Trustee, McLawhorn, in his own name and on behalf of his agents, administrators, successors, and assigns, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Howrey and the Trustee, their successors, predecessors, assigns, representatives, insurers, guarantors, as well as their past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, and agents, of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that McLawhorn has ever had, now has, or shall have against Howrey or the Trustee.

7.    In connection with the releases set forth in paragraphs 5 and 6 above, the Parties waive all rights they may have under section 1542 of the California Civil Code, which provides that:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time**

**of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

By executing this Agreement, the Parties expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

8. Each of the Parties stipulates, agrees and warrants the following: (a) that the terms of this Agreement are reasonable; (b) they will not challenge or contest in any way the capacity or authority of any Party hereto to make the agreements, covenants, waivers, stipulations, and representations set forth herein; (c) the consideration for this Agreement is mutual and adequate.

9. The Parties acknowledge that the Trustee is acting solely in his capacity as the Chapter 11 Trustee of Howrey in this matter and has no personal liability whatsoever with respect to this Agreement or the transactions described herein.

10. This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof and supersedes all previous written or oral agreements, stipulations, understandings, promises or negotiations relating to such subject matter. No Party to this Agreement has made or is relying on (and each Party disclaims the existence or materiality of) any representations, warranties, or promises not expressly set forth in this Agreement. This Agreement can be modified only by writing executed by each of the Parties hereto.

11. This Agreement shall be binding on any and all replacements, successors, or assigns of the Trustee, including without limitation a chapter 7 trustee if the Bankruptcy Case is converted to one under chapter 7.

12. Except as otherwise specifically provided for herein, nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any party of interest that is not a party to this Agreement.

13. Each Party hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement which involves Howrey or the Trustee and agrees that any such action, suit or proceeding shall be brought in the Bankruptcy Court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the venue of any such action, suit or proceeding brought in such a court related solely to the Agreement and involving Howrey or the Trustee. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement as it relates to the Bankruptcy Case.

14. Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith shall constitute or be construed as or be deemed to be evidence of an admission on the part of any party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

Case: 11-31376   Doc# 2303-1   Filed: 06/04/15   Entered: 06/04/15 17:12:04   Page 113 of 119

15.     This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed, electronic and emailed signatures shall be deemed originals.

16.     This Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of California (without taking into account conflicts-of-laws principles) and the Bankruptcy Code and Bankruptcy Rules, as applicable.

17.     This Agreement shall be effective (the "Effective Date") seven (7) days after McLawhorn receives written notice that the Bankruptcy Court has entered an order approving this Agreement under Bankruptcy Rule 9019.

AGREED:

Dated: June 3 , 2015

Howrey LLP, Debtor

By: _____
Alan B. Diamond, Chapter 11 Trustee

Dated: June 3 , 2015

Todd McLawhorn

_____

# EXHIBIT O

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Allan B. Diamond, in his capacity as the Chapter 11 Trustee (the "Trustee") for Howrey, Simon, Arnold and White LLP a/k/a Howrey LLP ("Howrey"), and Kenneth Donnelly ("Donnelly" together with the Trustee, the "Parties"), as of the date signed below.

## RECITALS

A.      WHEREAS, on April 11, 2011, certain creditors of Howrey filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code initializing Case No. 11-31376-DM (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court");

B.      WHEREAS, on June 6, 2011, the Bankruptcy Court entered an Order for Relief and Converting the Bankruptcy Case to one under Chapter 11;

C.      WHEREAS, on October 12, 2011, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Bankruptcy Court approved the Trustee as the Chapter 11 Trustee in the Bankruptcy Case;

D.      WHEREAS, on June 4, 2013, the Trustee commenced an adversary proceeding against Donnelly (Adv. No. 13-03163, the "Adversary Proceeding") by filing a complaint alleging that Howrey made transfers to Donnelly (including return of capital) at a time when Howrey was insolvent ("Excess Distribution Claims").

E.      WHEREAS, in May 2015, the Trustee and Donnelly engaged in arms-length negotiations regarding the settlement of the Excess Distribution Claims. At the beginning of June 2015, Donnelly accepted the Trustee's final settlement offer to resolve all claims and defenses and potential claims and defenses arising out of or related in any way to the Adversary Proceeding and the Claims pursuant to the terms set forth herein, including the Excess Distribution, that the Trustee or Howrey may have against Donnelly in consideration of the facts and circumstances of this matter in order to avoid the costs and uncertainty of litigation.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby acknowledge and agree as follows:

1.      The Parties have agreed that Donnelly shall pay the Trustee the sum of $1,600, in a one-time payment (the "Payment"), to resolve all potential claims that the Trustee and/or Howrey has or may have against Donnelly.

2.      Donnelly has agreed to provide the Payment according to this Agreement in exchange for the releases provided to Donnelly in this Agreement. Accordingly, within fourteen (14) days after the Effective Date of this Agreement, as defined in Paragraph 17 below, Donnelly shall cause a transfer of the Payment to the Trustee by check as follows:

Payable to: "Allan B. Diamond, Chapter 11 Trustee of Howrey LLP"
Diamond McCarthy LLP
Attention – Cathy Burrow
Two Houston Center
909 Fannin Street, Suite 1500
Houston, Texas 77010

3.     Within ten (10) business days of receipt of the Payment, the Trustee shall prepare the necessary documents and file them with the Bankruptcy Court to dismiss the Adversary Proceeding with prejudice.

4.     Upon execution of this Agreement, the Trustee will seek the approval of the Bankruptcy Court of this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Donnelly agrees to reasonably cooperate, as needed, in the request for approval of this Agreement from the Bankruptcy Court. This Agreement is expressly contingent upon the approval of the Bankruptcy Court.

5.     Upon the Effective Date of this Agreement and receipt of the Payment, the Trustee on its own behalf and on behalf of Howrey, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Donnelly of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Howrey or the Trustee has ever had, now has, or shall have against Donnelly, including any Excess Distribution Claims.

6.     Upon the Effective Date of this Agreement and after transfer of the Payment to the Trustee, Donnelly, in his own name and on behalf of his agents, administrators, successors, and assigns, for consideration as enumerated above, hereby releases, acquits, satisfies, and forever discharges Howrey and the Trustee, their successors, predecessors, assigns, representatives, insurers, guarantors, as well as their past and present directors, officers, members, managers, employees, subsidiaries, partners and spouses of partners, parents, affiliates, affiliated companies, joint venture partners, subcontractors, attorneys, and agents, of and on account of all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions of claims, claims and demands whatsoever latent or patent, in law or in equity, known or unknown, mature or unmature, that Donnelly has ever had, now has, or shall have against Howrey or the Trustee.

7.     In connection with the releases set forth in paragraphs 5 and 6 above, the Parties waive all rights they may have under section 1542 of the California Civil Code, which provides that:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time**

Case: 11-31376   Doc# 2303-1   Filed: 06/04/15   Entered: 06/04/15 17:12:08   Page 117 of 119

**of executing the release, which if known to him or her must have
materially affected his or her settlement with the debtor.**

By executing this Agreement, the Parties expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

8.     Each of the Parties stipulates, agrees and warrants the following: (a) that the terms of this Agreement are reasonable; (b) they will not challenge or contest in any way the capacity or authority of any Party hereto to make the agreements, covenants, waivers, stipulations, and representations set forth herein; (c) the consideration for this Agreement is mutual and adequate.

9.     The Parties acknowledge that the Trustee is acting solely in his capacity as the Chapter 11 Trustee of Howrey in this matter and has no personal liability whatsoever with respect to this Agreement or the transactions described herein.

10.     This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof and supersedes all previous written or oral agreements, stipulations, understandings, promises or negotiations relating to such subject matter. No Party to this Agreement has made or is relying on (and each Party disclaims the existence or materiality of any representations, warranties, or promises not expressly set forth in this Agreement. This Agreement can be modified only by writing executed by each of the Parties hereto.

11.     This Agreement shall be binding on any and all replacements, successors, or assigns of the Trustee, including without limitation a chapter 7 trustee if the Bankruptcy Case is converted to one under chapter 7.

12.     Except as otherwise specifically provided for herein, nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any party of interest that is not a party to this Agreement.

13.     Each Party hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement which involves Howrey or the Trustee and agrees that any such action, suit or proceeding shall be brought in the Bankruptcy Court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the venue of any such action, suit or proceeding brought in such a court related solely to the Agreement and involving Howrey or the Trustee. The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement as it relates to the Bankruptcy Case.

14.     Neither this Agreement, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith shall constitute or be construed as or be deemed to be evidence of an admission on the part of any party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

Case: 11-31376   Doc# 2303-1   Filed: 06/04/15   Entered: 06/04/15 17:12:08   Page 118 of 119

15.    This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed, electronic and emailed signatures shall be deemed originals.

16.    This Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of California (without taking into account conflicts-of-laws principles) and the Bankruptcy Code and Bankruptcy Rules, as applicable.

17.    This Agreement shall be effective (the "Effective Date") seven (7) days after Donnelly receives written notice that the Bankruptcy Court has entered an order approving this Agreement under Bankruptcy Rule 9019.

AGREED:

Dated: June 4, 2015

Howrey LLP, Debtor

By: _____
    Allan B. Diamond, Chapter 11 Trustee

Dated: June 3, 2015

Kenneth Donnelly

_____