**DIAMOND MCCARTHY LLP**
Christopher D. Sullivan, Esq. (CA 148083)
Sheryl P. Giugliano, Esq. (*pro hac vice*)
150 California Street, Suite 2200
San Francisco, CA 94111
Phone: (415) 692-5200
Fax: (415) 263-9200
*csullivan@diamondmccarthy.com*
*sgiugliano@diamondmccarthy.com*

*Counsel to Allan B. Diamond,*
*Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO, DIVISION

| | |
|---|---|
| **In re** | **Case No. 11-31376 (DM)** |
| **HOWREY LLP,** | **Chapter 7** |
| **Debtor.** | **CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY AND RETAIN C.R. MARTIN AUCTIONEERS, INC., D/B/A HARVEY CLARS ESTATE AUCTION GALLERY AS AUCTIONEER** |

TO:  THE HONORABLE DENNIS MONTALI,
       UNITED STATES BANKRUPTCY JUDGE

Allan B. Diamond, chapter 7 trustee (the "Trustee") for the estate (the "Estate") of Howrey LLP ("Howrey" or the "Debtor"), files this application (the "Application") seeking entry of an order pursuant to sections 327(a) and 328 of title 11, United States Code (the "Bankruptcy Code"), and Rules 2014 and 6005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), substantially in the form annexed hereto as **Exhibit A**, authorizing the Trustee to (i) employ and retain C.R. Martin Auctioneers, Inc. d/b/a Harvey Clars Estate Auction Gallery ("Clars") to sell the Debtor's remaining art work (the "Remaining Artwork") in accordance with the "Dealer Consignment Agreement" annexed hereto as **Exhibit B**, and (ii)

approve the payment of Clars' commissions and expenses pursuant to Bankruptcy Code §507(a) and 503(b) as an administrative expense without the need for a fee application or further order of the Court. In support of the Application, the Trustee respectfully represents, as follows:

## SUMMARY OF MOTION

1. On March 9, 2013, this Court entered the *Order Granting Chapter 11 Trustee's Motion to Sell Artwork Free and Clear of Liens, Claims, and Interests; and for Authority to Pay Auctioneers* (ECF Doc. No. 1048) (the "Initial Art Sale Order") authorizing Allan B. Diamond, then in his capacity as chapter 11 trustee, to sell the Debtor's artwork free and clear of the interests of liens of Citibank, N.A., and to pay commissions and expenses incurred in connection with any such auction as provided in a certain consignment agreement, without further order of the Court. Thereafter, an auction (the "Initial Auction") was held for the sale of the Debtor's art collection consisting primarily of paintings, photographs, lithographs, sculptures, and antique furniture.

2. Approximately 27 items did not sell at the Initial Auction (the Remaining Artwork), and were subsequently transferred to Atthowe Fine Art Services ("Atthowe") for storage and preservation. The Trustee currently causes the Estate to pay approximately $282.00 per month to Atthowe for storage of the Remaining Artwork.

3. The Trustee was referred to Clars by another auctioneer who wanted to charge the Estate significant additional fees to appraise the Remaining Artwork and estimated a six to twelve month period to sell the Remaining Artwork. In contrast, Clars was able to review the inventory of Remaining Artwork and provide estimated values for each item, and coordinates monthly auctions for collections of art of a similar size and value to those included in the Remaining Artwork.

2

4.      Clars estimates, without guaranteeing, that the Remaining Artwork will sell at auction for anywhere between approximately $17,000 and $27,000, less fees and expenses which will vary depending on whether the items are ultimately sold individually or by lot.

5.      Clars has agreed, subject to this Court's approval, to retrieve the Remaining Artwork from Atthowe for no additional charge.  The Trustee is in the process of coordinating a mutually convenient pick-up date between Clars and Atthowe, which may be before the Court has ruled on this Motion.  Clars has been advised that any future private auction sale is subject to the prior entry of an order approving this Motion, and Clars has agreed to store the Remaining Artwork until such time at no additional charge.

6.      The Trustee believes that, at this juncture in the Debtor's case, it is in the best interests of the Estate to sell the Remaining Artwork in an auction sale run by Clars, on the terms and conditions set forth in the Dealer Consignment Agreement, and to cause the Estate to pay, without further order of the court, any commissions and expenses from the proceeds of such sale.

7.      For these reasons, the Trustee files this Application, and concurrent to the filing of this Application, the Trustee files the *Chapter 7 Trustee's Motion for Authority to (I) Sell the Debtor's Remaining Artwork Free and Clear of All Liens, Claims, Encumbrances and Interests, If Any, and (II) Pay Auctioneer and Related Fees,* together with a Declaration by Allan B. Diamond in support of the that motion.

## **BACKGROUND**

### *The Debtor and the Bankruptcy Case*

8.      The Debtor was a law firm and a limited liability partnership organized under the laws of the District of Columbia, founded in 1956.  Howrey operated through offices in Washington, D.C.; Chicago, Illinois; Houston, Texas; Irvine, San Francisco, Los Angeles, and

3

Silicon Valley, California; Falls Church, Virginia; New York, New York; Salt Lake City, Utah; as well as international offices in Amsterdam, Brussels, Dusseldorf and Munich, and had affiliates with offices in London, Madrid, Paris and Taiwan. At its peak, more than 750 attorneys practiced at Howrey and its affiliated offices, and Howrey had more than 900 additional employees.

9.     In March 2011, Howrey's partners voted to dissolve the partnership effective March 15, 2011. Howrey adopted a Plan of Dissolution to govern the wind-down of operations and appointed a Dissolution Committee to oversee the wind-down of the firm's affairs.

10.     On April 11, 2011, certain creditors filed an involuntary chapter 7 petition against Howrey.

11.     On June 6, 2011, the Debtor filed the *Ex Parte Consent to Entry of Order for Relief and Motion to Convert Debtor's Case to Chapter 11* (ECF Doc. No. 58) and the Court entered its *Order for Relief and Converting Case to One Under Chapter 11* (ECF Doc. No. 59).

12.     On November 16, 2015, after notice and a hearing, the Court entered the *Order Converting Case to Chapter 7 Pursuant to 11 U.S.C. §1112(b)* (ECF Doc. No. 2448) (the "Conversion Order"). The Conversion Order approved the conversion of this case from one under chapter 11 of the Bankruptcy Code to a case under chapter 7, effective as of 12:01 a.m. Pacific Time, December 1, 2015 (the "Conversion Date").

13.     On December 1, 2015, the Office of the U.S. Trustee for Region 17 appointed Allan B. Diamond as the chapter 7 trustee for the Estate, and on December 8, 2015, the Clerk served the *Notice to Creditors and Other Parties in Interest* (ECF Doc. No. 2458).

Case: 11-31376   Doc# 2679   Filed: 02/28/17   Entered: 02/28/17 13:26:43   Page 4 of 31

***The Initial Auction and the Remaining Art Work***

14.     On February 6, 2013, the Trustee, then in his capacity as chapter 11 trustee, filed the *Chapter 11 Trustee's Motion to Sell Artwork Pursuant to Auctions Free and Clear of Liens, Claims and Interests; and for Authority to Pay Auctioneers* (ECF Doc. No. 1012), together with a Brief in Support (ECF Doc. No. 1013), and the Declaration in Support (ECF Doc. No. 1014).

15.     On March 9, 2013, the Court entered the Initial Art Sale Order finding that the sale of the Debtor's art collection by auctioneers Bonhams & Butterfields Auctioneers Corp. and Adam A. Wechsler & Son, Inc. was in the best interests of the Estate.

16.     Approximately 27 items (the Remaining Artwork) consisting mainly of paintings and photographs did not sell at the auctions authorized by the Initial Art Sale Order, and those items have been stored with Atthowe for a monthly fee.

17.     Atthowe's inventory of the Remaining Artwork is annexed hereto as **Exhibit C**.

18.     After consulting with Atthowe, an auctioneer who wanted to charge significant appraisal fees and estimated six to twelve months to accomplish a sale, and another individual referred by Atthowe who would only appraise the Remaining Artwork and work with the Trustee to "place" the items for sale, the Trustee has determined that it is in the best interests of the Estate to retain and employ Clars for the sale of the Remaining Artwork at an auction which will include additional collections and hopefully attract interested buyers.

***Clars and the Dealer Consignment Agreement***

19.     The Trustee has determined that selling the Remaining Artwork at auction through Clars is in the best interests of the Estate.  The Trustee and his professionals understand that Clars is experienced working with art collections of a similar size and value as the Remaining Artwork.

Case: 11-31376   Doc# 2679   Filed: 02/28/17   Entered: 02/28/17 13:26:43   Page 5 of 31

20. Clars is willing to retrieve the Remaining Artwork from Atthowe's storage facility, and has agreed to waive the pick-up fee. In addition, the Trustee and his professionals are coordinating with Atthowe and Clars for the retrieval of the Remaining Artwork and transportation to Clars' storage facility. Clars has agreed to store the Remaining Artwork at no additional charge, pending entry of an Order approving this Motion. At that time, Clars will include the Remaining Artwork in the first available auction. Clars understands that a future auction sale remains subject to this Court's approval.

21. Clars was not retained for any prepetition services.

22. If any piece of Remaining Artwork fails to sell at auction, the Trustee reserves the right to seek to abandon the asset pursuant to a separate motion under Bankruptcy Code §554.

## JURISDICTION

23. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

24. The Trustee respectfully requests that the Court approve the employment and retention of Clars as the auctioneer of the Remaining Artwork on substantially similar terms as those set forth in the Dealer Consignment Agreement.

25. The Trustee further requests that the Court approve, as administrative expenses without the need for a fee application or further order of the Court, the payment of Clars' fees and expenses as set forth in the Dealer Consignment Agreement.

6

*Qualifications*

26.    "Harvey Clars Estate Auction Gallery" is a business name used by C.R. Martin Auctioneers, Inc., a California corporation, which owns and operates the business.  C.R. Martin Auctioneers, Inc. d/b/a Harvey Clars Estate Auction Gallery is licensed and regulated by the California Secretary of State, and is located at 5644 Telegraph Avenue, Oakland, California.

27.    Clars has hosted Bay Area auctions of fine art, decorative objects, and jewelry for more than forty years, and has built a strong reputation for knowledge and experience in handling quality estate property.  Clars is considered by many to be the West Coast premier auction house.  Clars works with buyers and sellers throughout the world.  Clars conducts monthly three-day estate auctions of 2,000 lots at its North Oakland location.  The auctions and previews are attended by 3,000 – 5,000 people, and the online auction catalog is distributed to more than 100,000 dealers and collectors worldwide.

*Services to be Provided*

28.    The services to be provided by Clars pursuant to the Dealer Consignment Agreement include, but are not limited to the following:[1] (i) packing and transport of the Remaining Artwork from its current location at Atthowe to Clars' facility; (ii) grouping the Remaining Artwork into lots to the extent it is appropriate to do so and will reduce commissions and fees; (iii) setting the date or dates of the auctions; (iv) marketing and promotion of the sale; and (v) conducting the sale and handling all shipping arrangements and expenses.

---

[1] This list is only a summary of the services set forth in the Dealer Consignment Agreement (Exhibit B), and should not be construed to modify or amend the Dealer Consignment Agreement.  The actual terms of the Dealer Consignment Agreement governs the scope of the services to be provided by Clars.

Case: 11-31376    Doc# 2679    Filed: 02/28/17    Entered: 02/28/17 13:26:43    Page 7 of 31

*Compensation*

29.     Subject to this Court's approval, Clars will be entitled to retain from the proceeds of sale as its compensation an amount equal to twelve percent (12%) of the final bid price of each item sold at auction (the "Seller's Commission"). The Seller's Commission covers all normal expenses of sale such as general advertising and sales expense. All commissions, fees and expenses will be paid out of the sale proceeds.

30.     Initially Clars proposed a compensation scheme which worked on a sliding scale where compensation increased from six percent (6%) to thirty-nine percent (39%) as the prices of the individual auction items decreased from $20,000 to $100. Clars agreed to modify that compensation scheme for a flat percentage fee which the Trustee believes is advantageous to the Estate and its creditors because the Remaining Artwork items are unlikely to sell at the higher end of Clars' initially proposed scale. As a result, the Estate would have been agreeing to pay a higher percentage for numerous items.

31.     In addition, Clars agreed to waive customary insurance fees equal to 1.5% of the final bid price of each item sold, or the appraised (or reserved) value of any unsold items that are returned to the consignor.

32.     Clars will charge the purchasers of the Remaining Artwork a fee (the "Buyer's Premium"). The Buyer's Premium is not considered to be part of the final bid price for purposes of calculating the Seller's Commission.

33.     The Trustee understands that the Court does not normally permit auctioneers to charge a buyer's premium. *See,* Practice and Procedures in Judge Montali's Court §III.H. The Trustee respectfully requests that for the reasons set forth below, the Court authorize Clars to charge the Buyer's Premium in any auction of the Remaining Artwork.

Case: 11-31376     Doc# 2679     Filed: 02/28/17     Entered: 02/28/17 13:26:43     Page 8 of 31

34.     "The trustee, with the court's approval, may employ . . . auctioneers . . . to represent or assist the trustee in carrying out the trustee's duties" under the Bankruptcy Code.  11 U.S.C. §327(a).

35.     Bankruptcy Code §328 provides, in pertinent part, that "[t]he trustee, . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including . . . on a fixed or percentage fee basis . . . ."  11 U.S.C. §328(a).

36.     Bankruptcy Rule 6004(f) provides, in pertinent part, that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction."  Courts, including this one in this case and others, have permitted a chapter 11 debtor or trustee to employ and retain auctioneers to dispose of a debtor's art collection under similar circumstances.  *See, e.g.,* Initial Sale Order; *In re Heller Ehrman LLP,* Chapter 11 Case No. 08-32514 (Bankr. N.D. Cal. Dec. 28, 2009) (ECF Doc. No. 768); *In re Dewey & Lebouef LLP,* Chapter 11 Case No. 12-12321 (MG) (Bankr. S.D.N.Y. May 28, 2012) (ECF Doc. No. 608).

37.     Bankruptcy Rule 6005 provides that the Court may enter an order fixing the amount or rate of an auctioneer's compensation.

38.     Here, the Trustee has the task of disposing of the Remaining Artwork and winding down the Estate.  The Trustee does not have the resources to independently arrange for the disposition of the Remaining Artwork, and the Estate has incurred monthly storage costs without a single inquiry as to the Remaining Artwork's value or availability for sale.

39.     Clars is a highly qualified auctioneer, well-known in the industry in its geographic area, and has experience specific to the disposition of artwork in law firm bankruptcies.  Without

9

authorization to hire Clars, the Trustee will be unable to efficiently sell the Remaining Artwork, and will continue to incur unnecessary monthly storage fees until the Remaining Artwork is ultimately abandoned.

40. The Trustee believes that the alternatives to retaining and employer Clars to auction and sell the Remaining Artwork – an expensive appraiser and possible sale of many months, or abandonment of the Remaining Artwork – are potential outcomes which are far less favorable to the Estate and its creditors.

41. With respect to the Buyer's Premium, it permits Clars to charge a discounted Seller's Commission and provide other essential services for free or at reduced rates to the Estate. For example, Clars has waived any charge for the following services: (i) retrieval and transport of the Remaining Artwork; (ii) print catalog photo illustration; (iii) online imaging and upload fees; (iv) unsold property (reserve or buy-in); and (v) storage.

42. Last, although the Court did not agree to permit a buyer's premium in every auction, this Court permitted auctioneers retained in the Initial Auction to charge a buyer's premium, and other courts have permitted such premiums as well. *See, e.g., In re Heller Eherman LLP,* Chapter 1 Case No. 08-32514 (Bankr. N.D. Cal. Dec. 28, 2009) (ECF Doc. No. 764); *In re Dewey & Leboeuf LLP,* Chapter 11 Case No. 12-12321 (MG) (Bankr. S.D.N.Y May 28, 2012) (ECF Doc. No. 608).

***Adverse Interests; Disinterestedness***

43. Bankruptcy Code §327(a) provides, in relevant part, that a trustee "with the court's approval, may employ . . . auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist" the trustee in fulfilling his or her duties under the Bankruptcy Code. 11 U.S.C. §327(a).

Case: 11-31376    Doc# 2679    Filed: 02/28/17    Entered: 02/28/17 13:26:43    Page 10
of 31

44.    Bankruptcy Code §101(14) defines "disinterested person" as one that:

(A) is not a creditor, an equity security holder, or an insider;

(B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 .S.C. §101(14).

45.    Clars may have performed services in the past and may perform services in the future, in matters unrelated to this Debtor's bankruptcy case, for persons that are parties in interest in the Debtor's bankruptcy case.  To the best of the Trustee's knowledge, information and belief, and except as may be set forth in the Declaration of Redge Martin, dated February 28, 2017 (the "Redge Declaration") in support of this Application, neither Clars nor any professional employee of Clars has any connection with, or any interest adverse to the Debtor, its creditors or any other party in interest, the U.S. Trustee or any person employed by the Office of the U.S. Trustee, or their respective attorneys and accountants in this chapter 11 case.

46.    Based upon the Martin Declaration, the Trustee respectfully submits that Clars is a "disinterested person" as that term is defined in Bankruptcy Code §101(14).  The Trustee has been informed by Clars that if any relevant facts or relationship are discovered, Clars will supplement its disclosure to the Court.

## CONCLUSION

47.    As demonstrated above, Clars is well qualified to provide auctioneer services, holds no interest adverse to the Estate and is disinterested.   Moreover, in the Trustee's

11

experience, the terms offered by Clars are more attractive to the Estate than other auctioneers might offer for the types of services to be provided. The Trustee respectfully submits that the sale of the Remaining Artwork is necessary and appropriate in connection with the Trustee's efforts to administer the remaining assets in the Estate, and will reduce monthly storage costs. Furthermore, the Trustee respectfully submits that Clars is an appropriate party to assist in the private auction sale of the Remaining Artwork in light of the size and approximate value of the collection, the fact that Clars is willing to retrieve the Remaining Artwork and include it in the next available auction.

48.     The Trustee also respectfully submits that approval of Clars' fees and expenses as set forth in the Dealer Consignment Agreement, and as outline above, as administrative expenses without the need for a fee application or further order of the Court, is reasonable and appropriate under the circumstances.

## NOTICE

49.     As detailed in the Notice of Service, this Application was served in compliance with the Court's Order Limiting Notice, paragraph 3(a) (ECF Doc. No. 240) applicable in this case, which satisfies the service and notice requirements of Bankruptcy Rule 2002(a)(2).

12

1    WHEREFORE the Trustee respectfully requests that the Court enter an order: (i)

2    authorizing the Trustee to employ and retain Clars to sell the Remaining Artwork in accordance

3    with the "Dealer Consignment Agreement"; (ii) approving the payment of Clars' commissions

4    and expenses pursuant to Bankruptcy Code §507(a) and 503(b) as an administrative expense

5    without the need for a fee application or further order of the court; and (iii) granting such other

6    and further relief as the Court deems appropriate.

7

8    Dated: February 28, 2017

_/s/ Sheryl P. Giugliano_____
9    Christopher D. Sullivan, Esq. (CA 148083)
Sheryl P. Giugliano, Esq. (pro hac vice)
10   DIAMOND MCCARTHY LLP
150 California Street, Suite 2200
11   San Francisco, CA 94111
Phone: (415) 692-5200
12   Fax: (415) 263-9200
csullivan@diamondmccarthy.com
13   sgiugliano@diamondmccarthy.com

14
*Counsel to Allan B. Diamond,*
15   *Chapter 7 Trustee*

16

17

18

19

20

21

22

23

24

25

26

13

## NOTICE OF SERVICE IN COMPLIANCE WITH
## ORDER LIMITING NOTICE (DOC. NO. 240)

  X   (CM/ECF) The document was electronically served on the parties to this action via the mandatory United States Bankruptcy Court of California CM/ECF system upon filing of above described document on this date:

### SEE ATTACHED SERVICE LIST

  X  (ELECTRONIC MAIL SERVICE) By electronic mail (e-mail) the above listed document(s) without error to the email address(es) set forth below on this date:

### SEE ATTACHED SERVICE LIST

  X   (UNITED STATES MAIL) By causing a copy of the above-referenced documents to be deposited for mailing in the United States Mail, first class postage prepaid, to the parties listed at their last known mailing addresses, on this date:

### SEE ATTACHED SERVICE LIST

_____ (OVERNIGHT COURIER) By depositing a true and correct copy of the above referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

_____ (COURIER SERVICE) By providing true and correct copies of the above referenced documents via courier delivery, to the following on or about _____:

_____ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those people listed on the attached service list, on the date above written.

       /s/ Sheryl P. Giugliano
       Sheryl P. Giugliano

14

*VIA CM/ECF:*

**United States Trustee**

Minnie Loo, Esq.
Donna S. Tamanaha, Esq.
Office of the U.S. Trustee
235 Pine Street. 7th Floor
San Francisco, CA 94104-3484
*Email:* *Minnie.Loo@usdoj.gov*
*Email:* *Donna.S.Tamanaha@usdoj.gov*
*Email:* *USTPRegion17.SF.ECF@usdoj.gov*
*Email:* *ltroxas@hotmail.com*

**Chapter 7 Trustee**

Allan B. Diamond
**Diamond McCarthy, LLP**
Two Houston Center
909 Fannin Street, Suite 1500
Houston, Texas 77010
*Email:* *adiamond@diamondmccarthy.com*

**Counsel for the Chapter 7 Trustee**

**Diamond McCarthy, LLP**
Christopher D. Sullivan, Esq.
*Email:* *csullivan@diamondmccarthy.com*
Christopher R. Murray, Esq.
*Email:* *cmurray@diamondmccarthy.com*
Sheryl P. Giugliano, Esq.
*Email:* *sgiugliano@diamondmccarthy.com*

**Debtor's Counsel**

**Murray & Murray**
Robert A. Franklin
Craig M. Prim
Jenny Lynn Fountain
*Email:* *rfranklin@murraylaw.com*
*Email:* *cprim@murraylaw.com*
*Email:* *jfountain@murraylaw.com*

**Joel D. Adler**
*Email:* *jadler@adlerlaw.net*

**Duane Morris LLP**

Geoffrey A. Heaton, Esq.
*Email:* *gheaton@duanemorris.com*
Aron M. Oiner, Esq.
*Email:* *roliner@duanemorris.com*

**Law Offices of Latham & Watkins**

Kimberly A. Posin, Esq.
*Email:* *kim.posin@lw.com*
*Email:* *colleen.greenwood@lw.com*

**Counsel for The Irvine Company, LLC**

**Allen Matkins, et al.**

Case: 11-31376   Doc# 2679   Filed: 02/28/17   Entered: 02/28/17 13:26:43   Page 15
of 31

|   |   |   |
|---|---|---|
| | | **Email:** mgreger@allenmatkins.com |
| | | **Email:** krodriguez@allenmatkins.com |
| | **Counsel for Creditor Citibank, N.A.** | **Paul, Weiss, Rifkind, Wharton & Garrison** |
| | | Kelley A. Cornish, Esq. |
| | | **Email:** kcornish@paulweiss.com |
| | | **McNutt Law Group, LLP** |
| | | Scott H. McNutt, Esq. |
| | | *Email:* smcnutt@ml-sf.com |
| | **Counsel for Creditor Protiviti, Inc.** | **Pachulski, Stang, Ziehl & Jones** |
| | | John D. Fiero, Esq. |
| | | **Email:** jfiero@pszjlaw.com |
| | | **Email:** ksuk@pszjlaw.com |
| | | **Email:** ocarpio@pszjlaw.com |
| | **Counsel for Creditor Oracle America, Inc.** | **Buchalter Nemer** |
| | | Shawn M. Christianson, Esq. |
| | | **Email:** schristianson@buchalter.com |
| | **Counsel for Creditor U.S. Bank, N.A.,** | **Perkins Coie LLP** |
| | **as Trustee** | David J. Gold, Esq. |
| | | **Email:** dgold@perkinscoie.com |
| | | Gabriel Liao, Esq. |
| | | **Email:** gliao@perkinscoie.com |
| | **Counsel for Attorneys' Liability Assurance** | **Perkins Coie LLP** |
| | **Society, Inc.,** *A Risk Retention Group* | Alan D. Smith, Esq. |
| | | **Email:** adsmith@perkinscoie.com |
| | **Counsel for BP/CGCENTER I, LLC** | **Allen, Matkins, Leck, Gamble and Mallory** |
| | | William W. Huckins |
| | | **Email:** whuckins@allenmatkins.com |
| | **Counsel for Creditor Warner Investment, L.P.** | **McKenna Long and Aldridge LLP** |
| | | Gregg S. Kleiner, Esq. |
| | | **Email:** gkleiner@mckennalong.com |
| | | Michael A. Isaacs, Esq. |
| | | **Email:** misaacs@mckennalong.com |
| | | **Email:** aworthing@mckennalong.com |
| | **Counsel for Creditor Iron Mountain** | **Bartlett, Hackett and Feinberg** |
| | **Information Management Inc.** | Frank F. McGinn, Esq. |
| | | **Email:** ffm@bostonbusinesslaw.com |

16

| | |
|---|---|
| **Counsel for Creditor Hines REIT 321 North Clark Street, LLC** | **DLA Piper LLP** <br> Frank T. Pepler, Esq. <br> ***Email:*** *frank.pepler@dlapiper.com* |
| **Counsel for Creditor Stephanie Langley** | **Outten and Golden LLP** <br> Rene S. Roupinian, Esq. <br> ***Email:*** *rst@outtengolden.com* <br> ***Email:*** *jxh@outtengolden.com* |
| | **Law Offices of James D. Wood** <br> James D. Wood, Esq. <br> ***Email:*** *jdw@jdwoodlaw.com* |
| **Counsel for Creditor Pension Benefit Guaranty Corp.** | **Office of the Chief Counsel** <br> John Holland Ginsberg, Esq. <br> ***Email:*** *ginsberg.john@pbgc.gov* |
| **Counsel for Interested Party Connecticut General Life Insurance Company** | **Schnader Harrison Segal and Lewis** <br> Melissa Lor, Esq. <br> ***Email:*** *MLor@Schnader.com* |
| **Counsel for Creditor Knickerbocker Properties, Inc. XXXIII** | **Seyfarth Shaw LLP** <br> Scott Olson, Esq. <br> ***Email:*** *solson@seyfarth.com* |
| **Counsel for Creditor Texas Comptroller of Public Accounts** | **Bankruptcy & Collections Division** <br> Kimberly Walsh, Esq. <br> ***Email:*** *bk-kwalsh@oag.state.tx.us* |
| **Counsel for Creditor 200 S. Main Street Investors, LLC** | **Ballard Spahr Andrews and Ingersoll** <br> Rebecca J. Winthrop, Esq. <br> ***Email:*** *WinthropR@ballardspahr.com* <br> Penny M. Costa, Esq. <br> ***Email:*** *costap@ballardspahr.com* |
| **Counsel for Creditor Citibank, N.A.** | **Peitzman Weg LLP** <br> Larry Peitzman, Esq. <br> ***Email:*** *lpeitzman@peitzmanweg.com* |
| **Counsel for Jones Day And Jones Day Former Partners** | **Jones Day** <br> Robert A. Trodella <br> ***Email:*** *rtrodella@jonesday.com* <br> Brian D. McDonald <br> ***Email:*** *bdmcdonald@jonesday.com* |
| **Counsel for Harris County** | **Linebarger Goggan Blair & Sampson LLP** <br> John P. Dillman <br> ***Email:*** *houston_bankruptcy@lgbs.com* |

17

| | | |
|---|---|---|
| 1 | **Counsel for Informal Group of Certain** | **Dumas & Clark LLP** |
| | **Former Howrey Attorneys and Defendant** | Robert E. Clark |
| 2 | **Unum Life Insurance Company of America** | *Email: robert.clark@dumasclark.com* |
| 3 | **Counsel for SAP America, Inc.** | **Cooper White & Cooper LLP** |
| | | Peter C. Califano |
| 4 | | *Email: pcalifano@cwclaw.com* |
| 5 | **Counsel for SAP America, Inc.** | **Brown & Connery LLP** |
| | | Donald K. Ludman, Esq. |
| 6 | | *Email: dludman@brownconnery.com* |
| 7 | **Counsel for McKenna Long and Aldridge** | Michael A. Isaacs, Esq. |
| | | *Email: misaacs@mckennalong.com* |
| 8 | | *aworthing@mckennalong.com* |
| 9 | **Counsel for Jeffrey M. Judd** | **Judd Law Group** |
| 10 | | Jeffrey M. Judd, Esq. |
| | | *Email: jeff@juddlawgroup.com* |
| 11 | | *melanie@juddlawgroup.com* |
| 12 | **Counsel for Cooper US, Inc.** | **Cooper Industries, Inc.** |
| | | Paula Beck Whitten, Esq. |
| 13 | | *Email: paula.whitten@cooperindustries.com* |
| 14 | | |
| 15 | **Counsel for Neal Gerber & Eisenberg LLP** | **Hanson Bridgett LLP** |
| | | Nancy J. Newman |
| 16 | | *Email: nnewman@hansonbridgett.com* |
| 17 | **Counsel for Defendant Kelly Services, Inc.** | Ruth Elin Auerbach, Esq. |
| | | *Email: attorneyruth@sbcglobaln.net* |
| 18 | **Counsel for Creditor Rami Dalal** | Teresa A. Blasberg, Esq. |
| 19 | | *Email: tablasberg@earthlink.net* |
| 20 | **Counsel for Defendant Sheppard Mullin** | |
| | **Richter & Hampton LLP** | Richard W. Brunette, Esq. |
| 21 | | *Email: rbrunette@sheppardmullin.com* |
| | | *Email: rryland@sheppardmullin.com* |
| 22 | | |
| 23 | **Counsel for Defendant Barbara G. Werther** | Louis J. Cisz, III, Esq. |
| | | *Email: lcisz@nixonpeabody.com* |
| 24 | **Counsel for Defendant Davidson Law Group,** | Robert E. Clark, Esq. |
| 25 | | |
| 26 | | |

18

| | | |
|---|---|---|
| 1 | **Ralls & Niece LLP, Ropes & Gray LLP,** | *Email:* *robert.clark@dumasclark.com* |
| 2 | **Ben Davidson, Geert Goeteyn, John W. Ralls,** | |
| | **Stephen Mavroghenis, Informal Group of Certain** | |
| 3 | **Former Howrey Attorneys, and Teresa Corbin** | |

**Counsel for Defendant Recommind, Inc.**

Patrick M. Costello, Esq.
*Email:* *pcostello@vectislawgroup.com*
*Email:* *clee@vectislawgroup.com*

**Counsel for Defendant Hogan Lovells US LLP**
**Reed Smith LLP**

Diana D. DiGennaro, Esq.
*Email:* *diana.digennaro@aporter.com*
*Email:* *jhoskins@howardrice.com*
Jonathan Hughes, Esq.
*Email:* *jonathan.hughes@aporter.com*
*Email:* *joanne.caruso@aporter.com*
Pamela Phillips, Esq.
*Email:* *pamela.phillips@aporter.com*
*Email:* *sfcalendar@aporter.com*

**Counsel for Defendant James R Batchelder,**
**And Interested Party Certain Former Partners**
**Partners of Day Casebeer Madrid & Batchelder LLP**

G. Larry Engel, Esq.
*Email:* *lengel@mofo.com*
Vincent J. Novak
*Email:* *vnovak@mofo.com*
*Email:* *jkline@mofo.com*

**Counsel for Defendant Baker Hughes Incorporated**

Gregg M. Ficks, Esq.
*Email:* *gficks@coblentzlaw.com*

**Counsel for Defendant Medco Health Solutions, Inc.**

Michael B. Ijams, Esq.
*Email:* *mijams@curtislegalgroup.com*
*Email:* *achristensen@curtislegalgroup.com*

**Counsel for Defendant Legal Placements, Inc.**
**And Lexolution, LLC**

Bruce H. Jackson, Esq.
*Email:* *bruce.jackson@bakermckenzie.com*
*Email:* *christine.vonseeburg@bakermckenzie.com*

**Counsel for Defendant Ceridian Benefit**
**Services, Inc.**

Ori Katz, Esq
*Email:* *okatz@sheppardmullins.com*

**Counsel for Defendant Kilpatrick Townsend**
**& Stockton LLP**

Louise E. Ma, Esq.
*Email:* *lma@kilpatricktownsend.com*
*Email:* *sbaker-lehne@kilpatricktownsend.com*

**Counsel for Interested Party Ad Hoc Committee**
**Of Certain Former Howrey Partners**

John H. MacConaghy, Esq.
*Email:* *macclaw@macbarlaw.com*
*Email:* *smansour@macbarlaw.com*
*Email:* *kmuller@macbarlaw.com*

19

| | |
|---|---|
| **Counsel for Defendant Hunton & Williams LLP** | Matthew A. Mannering, Esq.<br>**Email:** *mmannering@hunton.com*<br>**Email:** *lgodfrey@hunton.com* |
| **Counsel for Defendant Bunsow De Mory Smith & Allison LLP** | Randy Michelson, Esq.<br>**Email:** *randy.michelson@michelsonlawgroup.com* |
| **Counsel for Defendant Venable LLP** | Jennifer L. Nassiri, Esq.<br>**Email:** *jnassiri@venable.com* |
| **Counsel for Defendant TSG Reporting, Inc. & Stockton LLP** | Howard S. Nevins, Esq.<br>**Email:** *hnevins@hsmlaw.com*<br>**Email:** *lsamosa@hsmlaw.com* |
| **Counsel for Defendant Intelligent Management Solutions, I** | Valerie Banter Peo, Esq.<br>**Email:** *vpeo@schnader.com*<br>**Email:** *mpadilla@schnader.com* |
| **Counsel for Defendant Cornerstone Research, Inc.** | Steven G. Polard, Esq.<br>**Email:** *stevenpolard@dwt.com*<br>**Email:** *melissawells@dwt.com* |
| **Counsel for Defendants Joseph Albanese & Associates, Inc., Stemcell Technologies, Inc., and Leigh Kirmsse** | Scott A. Schiff, Esq.<br>**Email:** *sas@soukup-schiff.com* |
| **Counsel for Defendant SJ Berwin LLP, and Defendant Michael Knospe,** | Charles M. Tatelbaum, Esq.<br>**Email:** *ctatelbaum@hinshawlaw.com*<br>**Email:** *csmith@hinshawlaw.com* |
| **Counsel for Defendant Haynes and Boone, LLP** | Alan R. Wechsler, Esq.<br>**Email:** *alan.wechsler@haynesboone.com*<br>Christopher Maciel, Esq.<br>Email: *chris.maciel@haynesboone.com* |
| **Counsel for Defendant Kasowitz Benson Torres & Friedman LLP** | Margaret Ziemianek, Esq.<br>**Email:** *mziemianek@kasowitz.com*<br>**Email:** *courtnotices@kasowitz.com* |
| **Counsel for SJ Berwin LLP** | Bradley M. Zamczyk, Esq.<br>Email: *bzamczyk@hinshawlaw.com*<br>Email: *crossi@hinshawlaw.com* |
| **Counsel for Watt Companies** | Dustin P. Branch, Esq.<br>Email: *dustin.branch@kattenlaw.com* |

20

| | |
|---|---|
| **Counsel for Pillsbury Winthrop Shaw Pittman LLP** | George Allen Brandt, Esq.<br>*Email: allen.brandt@pillsburylaw.com*<br>Ana N. Damonte, Esq.<br>*Email: ana.damonte@lehighhanson.com* |
| **Counsel for Creditor Verizon Communications** | Dennis D. Davis, Esq.<br>*Email: jrose@gsdllaw.com* |
| **Counsel for Davis & Hosfield Consulting** | Michael Delaney, Esq.<br>*Email: mdelaney@bakerlaw.com*<br>Clinton J. McCord, Esq.<br>*Email: cmccord@edwardswildman.com* |
| **Counsel for Seyfarth Shaw LLP** | Marianne M. Dickson, Esq.<br>*Email: mdickson@seyfarth.com*<br>M. Ryan Pinkston, Esq.<br>*Email: rpinkston@seyfarth.com* |
| **Counsel for Perkins Coie LLP** | Judith B. Gitterman, Esq.<br>*Email: jgitterman@perkinscoie.com*<br>Jeffrey S. Goodfried, Esq.<br>*Email: jgoodfried@perkinscoie.com* |
| **Counsel for Vestigant, LLC** | Walter W. Gouldsbury, III, Esq.<br>*Email: wwg@jmbm.com* |
| **Counsel for Andrew Reidy** | Miriam E. Hiser, Esq.<br>*Email: mhiser@hiserlaw.com* |
| **Counsel for Salter & Company PLLC** | Ivo Keller, Esq.<br>*Email: ikeller@buchalter.com* |
| **Counsel for Stemcell Technologies, Inc.** | Richard A. Lapping, Esq.<br>*Email: Richard@lappinglegal.com* |
| **Counsel for Katherine M. Basile** | Monika P. Lee, Esq.<br>*Email: monikalee@leelawllp.com* |
| **Counsel for Thomson Reuters, Inc.** | Issa K. Moe, Esq.<br>*Email: issa.moe@lawmoss.com* |
| **Counsel for IKON Office Solutions, Inc.** | Christopher O. Rivas, Esq.<br>*Email: crivas@reedsmith.com* |
| **Counsel for Shearman & Sterling LLP** | Steven E. Sherman, Esq.<br>*Email: sesherman@shearman.com* |
| **Counsel for Baker Hughes Inc.** | Ross Spence, Esq. |

21

|   | | |
|---|---|---|
| 1 | | *Email:* *rossspence@snowfogel.com* |
| 2 | **Counsel for William McGrane and** | Howard Garfield, Esq. |
| | **McGrane LLP** | *Email:* *howard.garfield@mcgranellp.com* |
| 3 | | Jonathan Bass, Esq. |
| | | *Email:* *jbass@coblentzlaw.com* |
| 4 | | |

<u>***VIA EMAIL:***</u>

| | | |
|---|---|---|
| **U.S. Trustee's Office** | **Maggie McGeee** |
| | Maggie.mcgee@usdoj.gov |
| **Counsel for Creditor Citibank, N.A.** | **Paul, Weiss, Rifkind, Wharton & Garrison** |
| | Kelley A. Cornish, Esq. |
| | ***Email:*** *kcornish@paulweiss.com* |
| | Diane Meyers, Esq. |
| | ***Email:****dmeyers@paulweiss.com* |
| | Jacob J. Adlerstein, Esq. |
| | ***Email:*** *jadlerstein@paulweiss.com* |
| **Ballard Spahr LLP** | Matthew Moncur, Esq. |
| | ***Email***: *moncurm@ballardspahr.com* |
| **EMC Corporation** | c/o Receivable Management Services |
| | Steven Sass, Esq. |
| | ***Email***: *steven.sass@rmsna.com* |
| | Ronald Rowland, Esq. |
| | ***Email***: *Ronald.rowland@rmsna.com* |

<u>***VIA U.S. MAIL:***</u>

Jeffrey C. Wisler, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19899

County of Loudoun Virginia
Belkys Escobar
1 Harrison St., S.E. 5th Fl.
Leesburg, VA 20175-3102

Guy Davis
Protiviti Inc.
1051 East Cary Street, Suite 602
Richmond, VA 23219

George E. Shoup, III
Development Specialists, inc.

22

6375 Riverside Drive, Suite 200
Dublin, OH 43017-5373

Kyle Everett
Development Specialists, Inc.
235 Pine Street, Suite 1150
San Francisco, CA 94104

# EXHIBIT A

**DIAMOND MCCARTHY LLP**
Christopher D. Sullivan, Esq. (CA 148083)
Sheryl P. Giugliano, Esq. (*pro hac vice*)
150 California Street, Suite 2200
San Francisco, CA 94111
Phone: (415) 692-5200
Fax: (415) 263-9200
*csullivan@diamondmccarthy.com*
*sgiugliano@diamondmccarthy.com*

*Counsel to Allan B. Diamond,*
*Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO, DIVISION

| | |
|---|---|
| **In re** | **Case No. 11-31376 (DM)** |
| **HOWREY LLP,** | **Chapter 7** |
| **Debtor.** | **ORDER GRANTING CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY AND RETAIN C.R. MARTIN AUCTIONEERS, INC., D/B/A HARVEY CLARS ESTATE AUCTION GALLERY AS AUCTIONEER** |

The Court has considered the *Chapter 7 Trustee's Application to Employ and Retain C.R. Martin Auctioneers, Inc., d/b/a Harvey Clars Estate Auction Gallery as Auctioneer* (ECF Doc. No. ___) (the "Application")[1] and the Declaration of Redge Martin dated February __, 2017 filed in support of the Application.  It appears that Clars does not hold or represent an interest adverse to the Estate, Clars is a "disinterested person" under applicable sections of the Bankruptcy Code, and that employment and retention of Clars is in the best interests of the Estate.  Based upon the record before the Court, and after due deliberation and sufficient cause shown:

**IT IS HEREBY ORDERED THAT**:

1    1.    The Application is granted in its entirety;

2    2.    The Chapter 7 Trustee is authorized to retain and employ Clars as the auctioneer

for the Remaining Artwork pursuant to Bankruptcy Code §§ 327(a) and 328.

3    3.    The Chapter 7 Trustee is authorized to pay Clars' commissions and expenses as set forth

in the Application and pursuant to the Dealers' Consignment Agreement annexed to the Application as

Exhibit B, as an expense of administration pursuant to Bankruptcy Code §§ 507(a) and 503(b) and

without further order of this Court.

***END OF ORDER***

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Application.

2

# EXHIBIT B

# HARVEY CLARS ESTATE AUCTION GALLERY

5644 Telegraph Avenue, Oakland, CA 94609
Phone: (510) 428-0100 o Fax: (510) 658-9917

## CONSIGNMENT AGREEMENT

This document is intended to be a legally binding contract between HARVEY CLARS ESTATE AUCTION GALLERY ("CLARS") and customer /consignor ("you") and contains all of the terms, conditions and provisions of the agreement between the parties. A complete inventory of the personal property which you have consigned to Clars for sale at auction is set forth on the separate written schedule attached to this agreement. You have requested that Clars sell your personal property at public auction and Clars has agreed to do so upon the following terms, provisions and conditions:

**1. COMPENSATION:** For Clars' services in selling your personal property at auction Clars will be entitled to retain from the proceeds as its compensation an amount based upon the final bid price of each item sold and calculated as follows:

    (a)   Twelve percent (12%) of all individual auction items
           No insurance fee

This commission includes all normal expenses of sale except for transportation and packing charges as set forth in paragraph 5 below. In addition, a premium of nineteen percent of the purchase price up to $70,000 and ten percent of any amount over $70,000 (plus an additional three percent for internet buyers) of each individual auction lot shall be added to the purchase price and paid by the buyer as a part of the purchase price. This sum shall also be collected and retained by Clars as additional compensation to Clars. You are responsible for any artist royalties that may arise. Clars will be entitled to full lost compensation for any item(s) consigned by you and then returned to you prior to the auction.

**2. PAYMENT TO CONSIGNOR:** Payment to consignor for items sold will be made within thirty (30) working days, after items are sold. In the event that buyer fails to remit payment for the consigned property, Clars shall attempt to collect the sums due, at Clars' discretion. If Clars is unsuccessful in collecting the full amount due, Clars reserves the right to rescind the sale and re-offer the consigned property at a subsequent sale.

**3. SERVICES RENDERED:** Clars shall undertake to sell your personal property at public auction to the highest competitive bidder Clars reserves the right, in its absolute discretion, to determine the method and manner of lotting your personal property, to accept or reject any bid, to remove any or all of your personal property from any particular sale and schedule it for some subsequent sale, to determine whether and in what manner to advertise your personal property or the sale at which it shall be sold and any such sale shall be without reserve or limits. Clars will bear the cost of any advertising of your personal property. The CONDITIONS OF SALE printed in Clars auction catalogues constitute Clars' agreement with the buyer at auction. You authorize Clars to accept the return, and rescind the sale, of any property at any time if Clars, in its judgment, determines that selling of the property may subject Clars and/or you to any liability, including any liability arising from claims relating to any attribution or identification of authorship, period, culture, source of origin, physical condition, size, quality, rarity, importance, authenticity (including counterfeit), or other information included in any description of the property. The estimates will be lowered on items that must be reoffered in a subsequent sale.

**4. SALE:** At present Clars anticipates that your personal property will be sold at a sale(s) presently scheduled for _____ MARCH  2017 _____. This is an estimate only and may be reset at the sole discretion of Clars. Clars is authorized to sell any property post-auction, that does not sell at that auction, so long as the sale price is approximately the same as the highest price sought to be obtained by Clars at auction.

**5. PACKING AND TRANSPORTATION:** Clars will undertake the packing and transportation of the personal property at your expense. The charge for these services is $ __0__ . Clars' charges for packing and transportation will be deducted from the proceeds of the sale.

**6. LEGAL STATUS AND OWNERSHIP:** Unless you otherwise indicate, by signing this agreement you are hereby representing that you are the owner of the personal property described on the attached schedule and have the right and authority to authorize us to sell the same. If you are acting as agent for some other party who does not sign this agreement, please indicate you are an agent and the name of the owner when signing this agreement. By signing as an agent, you are representing to Clars that you have the authority and power to authorize Clars to sell the same for the principal and that your principal shall be, along with you, jointly and severally liable for your obligations and liabilities hereunder. In either case, you agree to defend, indemnify and hold Clars harmless from any and all costs, expenses, liabilities and damages, including reasonable attorney's fees, that Clars may suffer or incur as a result of any claims made that you did not have authority to sign this agreement and/or authorize Clars to sell the personal property.

**7. SECURITY INTERESTS:** You hereby grant Clars a security interest in the personal property to secure payment of any sums, which may become due to Clars under the terms of this agreement. Clars shall have all of the rights of a secured party under the laws of the State of California.

**8. OWNERSHIP OF SELLER: HARVEY CLARS ESTATE AUCTION GALLERY** is a business name used by C.R. MARTIN AUCTIONEERS, INC., a California corporation, which owns and operates the business. C. R. MARTIN AUCTIONEERS, INC. dba HARVEY CLARS ESTATE AUCTION GALLERY is licensed and regulated by the California Secretary of State. There is a bond on file with the Secretary of State.

**9. LIMITATION OF DAMAGES:** Your payment of the insurance fee makes Clars responsible for loss by theft, fire or other means (subject to the usual form of exclusions including but not limited to earthquake, flood, and acts of war). In the event that your personal property is damaged or destroyed, your sole remedy with respect to such damage or loss shall be either the repair or replacement of the damaged or lost property or, at Clars' choice, payment to you of the fair market value of the damaged or lost property at the time of damage or loss.

**10. ENTIRE CONTRACT:** This document together with any schedule or schedules attached to it contains the entire agreement between us relating to our mutual rights and obligations. Any oral representations or modifications concerning our agreement or this document shall be of no force or effect except as may subsequently be reduced to writing.

**11. GOVERNING LAW:** The validity of this agreement and of any of its terms or provisions, as well as the rights and obligations of the parties under this agreement shall be interpreted pursuant to and in accordance with the laws of the State of California.

**12. ARBITRATION OF DISPUTES:** The parties agree that any dispute or claim in law or equity, including but not limited to, any cross-claim asserted by any party to this agreement, that arises out of the subject of this agreement in which the sum in the dispute exceeds $5,000 shall be decided by neutral, binding arbitration in accordance with the rules of the American Arbitration Association pertaining to arbitration of commercial disputes. The arbitration fees and costs shall be equally divided among the parties, but the prevailing party shall be entitled to recover its actual attorney's fees. Judgment upon the award of the arbitrator may be entered in any court having jurisdiction.

DATE: X _____     X _____
                                         Customer (Consignor)
DATE: 2/7/17 _____ _____
                                         Harvey Clars Estate Auction Gallery

# EXHIBIT C

# STORAGE INVENTORY

**Account Name:**  Howrey LLP                 **Account #:** S2261          **Date:**  12/19/2016

| Acc # | Inv # | Artist | Title | Medium | C/NC | Pack Status | Packed Size | Piece Size | Location | I/O |
|-------|-------|--------|-------|--------|------|-------------|-------------|------------|----------|-----|
| 2261 | 4 | Puder, Ulf | Eine soziale Floesserstudio II | Watercolor and acrylic on paper | C | | | 19 1/2 x 27 1/2 | AT3, 309, R-2B | [I] |
| 2261 | 5 | Puder, Ulf | Die Brennglasschmelze Dur Die Fuhrrinnenerneurung | Watercolor and acrylic on paper | NC | | | 19 1/2 x 27 1/2 | AT3, 313, E | [I] |
| 2261 | 6 | Wiley, William T | Now Who's Got the BluePrints | Etching in colors | C | | | 53 1/2 x 41 | AT3, 309, R-2G | [I] |
| 2261 | 7 | Zinn, Tamar | In the Trees | Oil pastel on paper | NC | | | 15 x 27 | AT3, 313, E | [I] |
| 2261 | 8 | Held, Al | The Space Between the Two | Aquatint in colors | C | | | 32 1/2 x 44 3/4 | AT3, 309, R-2E | [I] |
| 2261 | 9 | Held, Al | Magenta | Etching in colors | C | | | 35 1/2 x 44 3/4 | AT3, 307, R-2C | [I] |
| 2261 | 10 | Held, Al | Indigo | Etching in colors | C | | | 35 1/2 x 44 3/4 | AT3, 307, R-2C | [I] |
| 2261 | 11 | La Noue, Terrence | August Series I | Color pressed paper pulp, monoprint & collage with nad coloring | C | | | 62 1/2 x 63 3/4 | AT3, 307, R-2C | [I] |
| 2261 | 17 | Linden. Peter | Yosemite Clouds # 1 | Photograph in color | NC | Framed | | | AT3, 313, D | [I] |
| 2261 | 18 | Linden. Peter | Page Mills Hills | Photograph in color | NC | Framed | | | AT3, 313, D | [I] |
| 2261 | 19 | Linden. Peter | Untitled | Photograph in color | NC | Framed | | | AT3, 313, D | [I] |
| 2261 | 20 | Linden. Peter | Carp | Photograph in color | NC | Framed | | | AT3, 313, D | [I] |
| 2261 | 21 | Linden. Peter | San Gregorio at Sunset | Photograph in color | NC | Framed | | | AT3, 313, D | [I] |
| 2261 | 22 | Linden. Peter | Big Sur Coast # 1 | Photograph in color | NC | Framed | | | AT3, 313, D | [I] |
| 2261 | 23 | Linden. Peter | Pinnacles Lone Tree | Photograph in color | NC | Framed | | | AT3, 313, D | [I] |
| 2261 | 24 | Linden. Peter | Pinnacle Tree Next to Rock Wall | Photograph in color | NC | Framed | | | AT3, 313, D | [I] |

Case: 11-31376    Doc# 2679    Filed: 02/28/17    Entered: 02/28/17 13:26:43    Page 30 of 31

# STORAGE INVENTORY

**Account Name:** Howrey LLP          **Account #:** S2261          **Date:** 12/19/2016

| Acc # | Inv # | Artist | Title | Medium | C/NC | Pack Status | Packed Size | Piece Size | Location | I/O |
|-------|-------|--------|-------|--------|------|-------------|-------------|------------|----------|-----|
| 2261 | 25 | Linden. Peter | Pinnacle Small Tree Next to Rock Wall | Photograph in color | NC | Framed | | | AT3, 313, D | [I] |
| 2261 | 26 | Linden. Peter | Pinnacle Tree Against Dark Canyon Background | Photograph in color | NC | Framed | | | AT3, 313, E | [I] |
| 2261 | 27 | Linden. Peter | Point Reyes Beach Grasses | Photograph in color | NC | Framed | | | AT3, 313, E | [I] |
| 2261 | 28 | Linden. Peter | Windy Hill Diptych - Left Panel | Photograph in color | NC | Framed | | | AT3, 313, E | [I] |
| 2261 | 29 | Linden. Peter | Windy Hill Diptych - Right Panel | Photograph in color | NC | Framed | | | AT3, 313, E | [I] |
| 2261 | 30 | Linden. Peter | Filoli Camperdown Elm | Photograph in color | NC | Framed | | | AT3, 313, E | [I] |
| 2261 | 31 | Linden. Peter | Windy Hill Panorama | Photograph in color | C | Framed | | | AT3 , 307, R-2D | [I] |
| 2261 | 32 | Mangelsen, Thomas | Among the Aspens | Color photograph | C | Framed | | 22 x 68 | AT3, 307, R-2C | [I] |
| 2261 | 33 | Mangelsen, Thomas | Fire & Ice, Wager Bay, Manitoba | Color photograph | C | Framed | | 26 x 49 | AT3, 307, R-2C | [I] |
| 2261 | 34 | Linden, Peter | Unknown | Photograph | C | Framed | | 25 x 97 | AT3, 307, R-2G | [I] |
| 2261 | 38 | Bengston, Billy Al | Puerto Del Cielo | acrylic and silkscreen on paper | C | | | 13 1/2 x 29 3/4 | AT3 , 309, FL | [I] |

**Total # of items:** 27

Case: 11-31376   Doc# 2679   Filed: 02/28/17   Entered: 02/28/17 13:26:43   Page 31 of 31