**Entered on Docket**
**October 13, 2026**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

DIAMOND MCCARTHY LLP
Stephen T. Loden, Esq. (*Pro Hac Vice*)
2200 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Phone: (713) 333-5100
Fax: (713) 333-5199
*sloden@diamondmccarthy.com*

*Counsel for Allan B. Diamond, Chapter 7 Truste*

**Signed and Filed: October 13, 2026**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HOWREY LLP,<br><br>Debtor. | Case No.: 11-31376 DM<br><br>Chapter 7<br><br>**ORDER APPROVING CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO SELL CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF** |

Upon consideration of the *Chapter 7 Trustee's Motion for Authority to Sell Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interest, and Encumbrances pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief*, filed on September 10 (the "Motion")[1] by Allan B. Diamond, chapter 7 trustee ("Trustee") for the estate ("Estate") of the Howrey LLP ("Debtor"), requesting the entry of an order authorizing the sale of certain assets of the Debtor's Estate to Cranehill Capital LLC ("Cranehill") free and clear of liens, claims, interests and encumbrances pursuant to 11 U.S.C. §§ 105 and 363 and Federal Rule of Bankruptcy Procedure 6004; and the Court having jurisdiction to consider the Motion and requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

notice need be provided, and that further notice has been waived; and the Court having read and considered the Motion; and any objections to the Motion having been resolved, withdrawn, or otherwise overruled by the Court; and the Court having determined that the Bidding Procedures are fair, reasonable and appropriate, reflect the Trustee's exercise of prudent business judgment consistent with the Trustee's fiduciary duties, and are designed to maximize the value to be obtained by the Estate for the Remnant Assets; and the Court having determined that the legal and factual bases set forth in the Motion and at any hearing thereon establish just and sufficient cause for the relief granted herein; it is hereby:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief sought in the Motion is GRANTED.

2. The Purchase Agreement and all of its terms and conditions are approved in their entirety.

3. The Bidding Procedures are approved in their entirety.

4. The Purchase Agreement and the Bidding Procedures are fair and reasonable.

5. Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized to sell the Remnant Assets to Cranehill for the Overbid Purchase Price of $61,100.

6. Pursuant to 11 U.S.C. § 363(f), and except with respect to the Tax Lien on the East Texas Property as such terms are defined in the Motion, the sale of the Remnant Assets to Cranehill ("Sale") shall be free and clear of any and all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, interests and encumbrances have on the Estate's right to the Remnant Assets, as appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto.



Case: 11-31376 Doc# 2951 Filed: 10/13/26 Entered: 10/13/26 12:34:05 Page 2 of 3

7. The Trustee and the Trustee's professionals are authorized to take such actions as are necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase Agreement.

8. Cranehill is granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m).

9. The transfer of the Remnant Assets to Cranehill pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of all right, title and interest of the Trustee and the Debtor's Estate in the Remnant Assets, and shall vest Cranehill with all of the Trustee's and the Debtor's Estate's right, title and interest in the Remnant Assets and proceeds thereof.

10. The fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

11. This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

### END OF ORDER ###